XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General
JENNIFER E. ROSENBERG
Deputy Attorney General
State Bar No. 275496
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6617
  Fax:  (916) 731-2124
  E-mail:  Jennifer.Rosenberg@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Acting Director of the Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MATTHEW JONES, et al.,** | 3:19-cv-01226-L-BLM |
| Plaintiffs, | |
| v. | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| **XAVIER BECERRA, in his official capacity as Attorney General of the State of California, et al.,** | |
| Defendants. | Judge: Hon. M. James Lorenz and Magistrate Judge Barbara Lynn Major |
| | Action Filed: July 1, 2019 |
| | First Amended Complaint Filed: July 30, 2019 |
| | First Amended Complaint and Summons Served: August 1, 2019 |

Defendant Xavier Becerra, in his official capacity as Attorney General of the State of California, and Defendant Brent E. Orick, in his official capacity as Acting Director of the Department of Justice Bureau of Firearms[1] (collectively, "Defendants") submit their answer in response to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (ECF No. 3).[2] Defendants answer, in paragraphs that correspond to the First Amended Complaint's paragraphs, as follows:[3]

The allegations contained at lines 1-6 of page 2 of the First Amended Complaint characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants admit that, in their official capacities as state officials, they are responsible under California law for administering and enforcing certain state laws and regulations governing the purchase, sale, transfer, possession, use of, and access to firearms. Except as specifically admitted, Defendants deny the allegations in these lines.

The allegations contained at lines 7-21 of page 2 of the First Amended Complaint characterize Plaintiffs' claims and demands for relief, and constitute conclusions of law; accordingly, they are not averments of fact to which Defendants are required to respond. Defendants deny that Plaintiffs are entitled to such relief. To the extent these lines may be deemed allegations of fact, they are denied.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Director Brent E. Orick is automatically substituted as a defendant in this matter in place of his predecessor, Martin Horan.

[2] Although Plaintiffs' original complaint was filed on July 1, 2019 (*see* ECF No. 1), Plaintiffs never served that complaint or any summons on Defendants. Instead, Plaintiffs filed a First Amended Complaint on July 30, 2019, and served Defendants with the summons in this action for the first time, along with the First Amended Complaint, on August 1, 2019.

[3] The following responses to each paragraph include responses to any footnotes that may be contained in the relevant paragraph.

## JURISDICTION AND VENUE[4]

1. Defendants admit that this Court has jurisdiction. Defendants deny the remaining allegations of Paragraph 1.

2. Defendants admit that Plaintiffs seek declaratory and injunctive relief, as well as attorneys' fees. Defendants further admit that each statute referenced in Paragraph 8 speaks for itself. Except as specifically admitted, Defendants deny the allegations of Paragraph 2.

3. Defendants admit that venue is proper in this Court. Except as specifically admitted, Defendants deny the allegations of Paragraph 3.

## PARTIES

**A.   Plaintiffs – Individuals and Entities**

4. Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 4, and basing their denial on this ground, deny each and every allegation thereof.

5. Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 5, and basing their denial on this ground, deny each and every allegation thereof.

6. Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 6, and basing their denial on this ground, deny each and every allegation thereof.

7. Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 7, and basing their denial on this ground, deny each and every allegation thereof.

8. Defendants lack information or belief sufficient to answer the allegations

---

[4] For the convenience of the Court and the parties, Defendants utilize certain headings as set forth in the First Amended Complaint. In doing so, Defendants neither admit nor deny any allegations that may be suggested by the First Amended Complaint's headings.

contained in Paragraph 8, and basing their denial on this ground, deny each and every allegation thereof.

9.   Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 9, and basing their denial on this ground, deny each and every allegation thereof.

**B.   Institutional Plaintiffs**

10.   To the extent that the allegations contained in the seventh sentence of Paragraph 10, beginning on page 8, line 14, are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 10, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

11.   To the extent that the allegations contained in the seventh sentence of Paragraph 11, beginning on page 9, line 17, are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 11, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

12.   To the extent that the allegations contained in the seventh sentence of Paragraph 12, beginning on page 10, line 18, are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 12, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

13.   To the extent that the allegations contained in the eighth sentence of Paragraph 13, beginning on page 11, line 21, are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent the allegations in

these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 13, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

14. Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 14, and basing their denial on this ground, deny each and every allegation thereof.

15. Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 15, and basing their denial on this ground, deny each and every allegation thereof.

16. Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 16, and basing their denial on this ground, deny each and every allegation thereof.

17. To the extent that the allegations contained in the second sentence of Paragraph 17, beginning on page 13, line 26, are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 17, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

18. To the extent that the allegations contained in the second sentence of Paragraph 18, beginning on page 14, line 7, are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 18, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

19. To the extent that the allegations contained in the second sentence of Paragraph 19, beginning on page 14, line 17, are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent the allegations in

these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 19, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

20. To the extent that the allegations contained in Paragraph 20 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent the allegations contained in Paragraph 20 may be deemed allegations of fact, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

21. Defendants admit that Plaintiffs seek declaratory and injunctive relief. Except as specifically admitted, the allegations contained in Paragraph 21 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, they are denied.

**C. Defendants**

22. To the extent that the allegations contained in Paragraph 22 are conclusions of law, no answer is required. Defendants admit that Defendant Xavier Becerra is the Attorney General of California and the chief law officer of the State, and that he is sued in his official capacity. Defendants admit that article V, section 13 of the California Constitution speaks for itself. Except as specifically admitted, Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations in Paragraph 23. Defendants admit that Brent E. Orick is the Acting Director of the Bureau of Firearms and that he is sued in his official capacity.

24. Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 24, and basing their denial on this ground, deny each and every allegation thereof.

25. The allegations contained in Paragraph 25 constitute conclusions of law

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## FACTUAL ALLEGATIONS

26. Defendants admit that the Second Amendment to the U.S. Constitution speaks for itself. Except as specifically admitted, Defendants deny the allegations in Paragraph 26.

27. Defendants admit that the Second Amendment to the U.S. Constitution speaks for itself. Defendants admit that the judicial opinion quoted in Paragraph 27 speaks for itself. Except as specifically admitted, Defendants deny the allegations in Paragraph 27.

28. The allegations contained in Paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegations contained in Paragraph 29 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. Defendants admit that the statutes cited in Paragraph 30 speak for themselves. Except as specifically admitted, the allegations contained in Paragraph 30 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Defendants admit that the judicial opinions quoted in Paragraph 31 speak for themselves. Except as specifically admitted, the allegations contained in Paragraph 31 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

32. Defendants admit that the statute cited in Paragraph 32 speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 32 constitute

conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. Defendants admit that the statute cited in Paragraph 33 speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 33 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Defendants admit that the judicial opinion quoted in Paragraph 34 and footnote 1 speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 34 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

35. Defendants admit that Penal Code section 27510 speaks for itself and that amendments to it took effect January 1, 2019. Except as specifically admitted, Defendants deny the allegations in Paragraph 35.

36. The allegations in Paragraph 36 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

### The California Age-Based Gun Ban

37. Defendants admit that SB 1100 was signed by former Governor Edmund G. Brown Jr. on September 28, 2018. Defendants admit that SB 1100 and Penal Code section 27510 speak for themselves. Defendants admit that SB 1100 took effect on January 1, 2019. Except as specifically admitted, Defendants deny the allegations in Paragraph 37.

38. The allegations contained in Paragraph 38 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Defendants admit that SB 1100 and Penal Code section 27510 speak for

7

themselves.  Except as specifically admitted, Defendants deny the allegations in Paragraph 39.

40.   Defendants admit that the judicial opinion quoted in Paragraph 40 speaks for itself.  Except as specifically admitted, the allegations contained in Paragraph 40 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

41.   Defendants admit that Penal Code section 27590 and the so-called California Age-Based Gun Ban speak for themselves.  Except as specifically admitted, the allegations contained in Paragraph 41 are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

**Infringement of Plaintiffs' and similarly situated adults'**
**Second Amendment rights**

42.   Defendants admit that 18 U.S.C. § 922(b)(1) speaks for itself.  Except as specifically admitted, the allegations contained in Paragraph 42 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

43.   Defendants admit that Penal Code sections 29800 and 29805 speak for themselves.  Except as specifically admitted, the allegations contained in Paragraph 43 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44.   Defendants admit that Penal Code sections 26500, 27510, and 26800-26850 speak for themselves.  Defendants admit that 27 C.F.R. 478.124(a) speaks for itself.  Except as specifically admitted, the allegations contained in Paragraph 44 are conclusions of law or characterize Plaintiffs' claims, and thus are

not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

**IMPACT ON PLAINTIFFS**

45. The allegations contained in Paragraph 45 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 45, and basing their denial on this ground, deny each and every allegation thereof.

46. The allegations contained in Paragraph 46 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 46, and basing their denial on this ground, deny each and every allegation thereof.

47. The allegations contained in Paragraph 47 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 47, and basing their denial on this ground, deny each and every allegation thereof.

48. The allegations contained in Paragraph 48 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 48, and basing their denial on this ground, deny each and every allegation thereof.

49. The allegations contained in Paragraph 49 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 49, and basing their denial on this ground, deny each and every allegation thereof.

50. The allegations contained in Paragraph 50 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 50, and basing their denial on this ground, deny each and every allegation thereof.

51. The allegations contained in Paragraph 51 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 51, and basing their denial on this ground, deny each and every allegation thereof.

52. The allegations contained in Paragraph 52 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 52, and basing their denial on this ground, deny each and every allegation thereof.

53. The allegations contained in Paragraph 53 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations

of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 53, and basing their denial on this ground, deny each and every allegation thereof.

54. The allegations contained in Paragraph 54 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 54, and basing their denial on this ground, deny each and every allegation thereof.

55. The allegations contained in Paragraph 55 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 55, and basing their denial on this ground, deny each and every allegation thereof.

56. The allegations contained in Paragraph 56 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 56, and basing their denial on this ground, deny each and every allegation thereof.

57. The allegations contained in Paragraph 57 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 57, and basing their denial on this ground, deny each and every allegation thereof.

58.   The allegations contained in Paragraph 58 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 58, and basing their denial on this ground, deny each and every allegation thereof.

59.   The allegations contained in Paragraph 59 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 59, and basing their denial on this ground, deny each and every allegation thereof.

60.   The allegations contained in Paragraph 60 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 60, and basing their denial on this ground, deny each and every allegation thereof.

61.   The allegations contained in Paragraph 61 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 61, and basing their denial on this ground, deny each and every allegation thereof.

62.   The allegations contained in Paragraph 62 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations

of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 62, and basing their denial on this ground, deny each and every allegation thereof.

63. The allegations contained in Paragraph 63 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 63, and basing their denial on this ground, deny each and every allegation thereof.

64. The allegations contained in Paragraph 64 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 64, and basing their denial on this ground, deny each and every allegation thereof.

65. The allegations contained in Paragraph 65 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 65, and basing their denial on this ground, deny each and every allegation thereof.

66. The allegations contained in Paragraph 66 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond. To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 66, and basing their denial on this ground, deny each and every allegation thereof.

67. Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 67, and basing their denial on this ground, deny each and every allegation thereof.

68. The allegations contained in Paragraph 68 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

## DECLARATORY JUDGMENT ALLEGATIONS

69. The allegations contained in Paragraph 69 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

## INJUNCTIVE RELIEF ALLEGATIONS

70. The allegations contained in Paragraph 70 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

71. The allegations contained in Paragraph 71 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

## FIRST CAUSE OF ACTION

**(Violation of U.S. Const. amends. II and XIV)**

72. Defendants incorporate their answers to Paragraphs 1 through 71 in answer to Paragraph 72.

73. Defendants admit that the Second Amendment to the U.S. Constitution speaks for itself. Except as specifically admitted, the allegations contained in

Paragraph 73 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74. Defendants admit that the Second Amendment to the U.S. Constitution speaks for itself. Defendants admit that the Fourteenth Amendment to the U.S. Constitution speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 74 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75. Defendants admit that Penal Code section 27510 speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 75 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

76. Defendants admit that Penal Code section 27510 speaks for itself. Except as specifically admitted, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 76, and basing their denial on this ground, deny each and every allegation thereof.

77. Defendants admit that Penal Code section 27510 speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 77 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

78. The allegations contained in Paragraph 78 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

Defendants deny each and every allegation not previously admitted or otherwise qualified.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief set forth in each of the four paragraphs of the prayer for relief immediately following Paragraph 78, or to any relief whatsoever. To the extent that the Prayer for Relief states any allegations, Defendants deny them.

## AFFIRMATIVE DEFENSES

In addition, without admitting any allegations contained in the First Amended Complaint, Defendants assert the following defenses based on information and belief:

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims in this action are barred in that they do not have standing to bring them.

## THIRD AFFIRMATIVE DEFENSE

The First Amended Complaint, and each cause of action therein, is improper because Plaintiffs have an adequate remedy at law.

## FOURTH AFFIRMATIVE DEFENSE

The First Amended Complaint, and each cause of action therein, is barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Defendants have undertaken any conduct with respect to the subjects and events underlying the First Amended Complaint, such conduct was, at all times material thereto, undertaken in good faith and in reasonable reliance on existing law.

## SIXTH AFFIRMATIVE DEFENSE

Defendants have not knowingly or intentionally waived any applicable affirmative defense. Defendants reserve the right to assert and rely upon additional affirmative defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend the Answer and/or affirmative defenses accordingly. Defendants further reserve the right to amend the Answer to delete affirmative defenses that they determine are not applicable after subsequent discovery.

WHEREFORE, Defendants pray that:

1. Plaintiffs take nothing by reason of the First Amended Complaint;
2. Judgment be entered in favor of Defendants;
3. Defendants be awarded costs incurred in defending this action; and
4. Defendants be awarded such further relief that the Court may deem just and proper.

Dated: August 22, 2019

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General

/s/ Jennifer E. Rosenberg
JENNIFER E. ROSENBERG
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Acting Director of the Department of Justice Bureau of Firearms*