John W. Dillon (Bar No. 296788)
Gatzke Dillon & Ballance LLP
2762 Gateway Road
Carlsbad, California 92009
Telephone: (760) 431-9501
Facsimile: (760) 431-9512
E-mail: jdillon@gdandb.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JONES, et al.<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California, et al.,<br><br>Defendants. | Case No.: 3:19-cv-01226-L-AHG<br><br>Hon. M. James Lorenz and Magistrate Judge Allison H. Goddard<br><br>**JOINT MOTION OF ALL PARTIES SEEKING EXCUSAL FROM THE EARLY NEUTRAL EVALUATION CONFERENCE, OR, IN THE ALTERNATIVE, EXCUSAL FROM THE IN-PERSON PARTY ATTENDANCE REQUIREMENT**<br><br>Action Filed: July 1, 2019<br><br>First Amended Complaint Filed: July 30, 2019<br><br>First Amended Complaint and Summons Served: August 1, 2019 |

Plaintiffs Matthew Jones, Thomas Furrh, Kyle Yamamoto, PWGG, L.P. (d.b.a. Poway Weapons and Gear and PWG Range), North County Shooting Center, Inc., Beebe Family Arms and Munitions LLC (d.b.a. BFAM and Beebe Family Arms and Munitions), Firearms Policy Coalition, Inc., Firearms Policy Foundation, the Calguns Foundation, and Second Amendment Foundation, and Defendants Xavier Becerra (in his official capacity as Attorney General of the State of California) and Brent E. Orick (in his official capacity as Acting Director of the Department of Justice Bureau of Firearms), through their respective counsel of record, and pursuant to Civil Local Rules 7.1 and 7.2, hereby jointly move the Court to excuse them from the Early Neutral Evaluation (ENE) conference, or, in the alternative, to excuse the parties from the in-person party attendance requirement set forth in paragraphs 2-3 of Magistrate Judge Barbara Lynn Major's August 22, 2019 Notice and Order for Early Neutral Evaluation Conference and Case Management Conference (Dkt. 6 ["ENE Order"].). Good cause exists for excusal from the ENE conference generally, as well as from the in-person party appearance requirement.

This Joint Motion is supported by (1) the Declaration of Jennifer E. Rosenberg in Support of Joint Motion of All Parties Seeking Excusal From the Early Neutral Evaluation Conference, or, in the Alternative, Excusal From the In-Person Party Attendance Requirement, and (2) the Declaration of John W. Dillon in Support of Joint Motion of All Parties Seeking Excusal From the Early Neutral Evaluation Conference, or, in the Alternative, Excusal From the In-Person Party Attendance

2

*JOINT MOTION OF ALL PARTIES SEEKING EXCUSAL FROM THE EARLY NEUTRAL EVALUATION CONFERENCE, OR, IN THE ALTERNATIVE, EXCUSAL FROM THE IN-PERSON PARTY ATTENDANCE REQUIREMENT* (3:19-CV-01226-L-AHG)

Requirement, both of which are filed and served herewith.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint on July 1, 2019. ECF No. 1. Plaintiffs did not serve the initial complaint or a summons thereon. *See* ECF No. 5 at 1, n.2. Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief (FAC) on July 30, 2019, and served the FAC and summons on August 1, 2019. ECF No. 3; ECF No. 5 at 1, n.2. Defendants filed and served their Answer to the FAC on August 22, 2019. ECF No. 5.

Plaintiffs' and Defendants' respective counsel met and conferred by conference call on August 29, 2019, pursuant to Federal Rules of Civil Procedure Rule 26(f) and paragraph 6(a) of the ENE Order requiring the parties to meet and confer by no later than September 9, 2019.

## II.     GOOD CAUSE EXISTS TO EXCUSE THE PARTIES FROM THE ENE CONFERENCE AND RELATED REQUIREMENTS

During the August 29 meet-and-confer telephonic conference, counsel for Plaintiffs and Defendants discussed the possibility of settlement. They agreed that, due to the nature of the complaint, there is no potential for settlement of Plaintiffs' claims.

Plaintiffs believe that the challenged statutory provisions violate their constitutional rights set forth in the Second Amendment to the U.S. Constitution. Plaintiffs allege no claims for monetary damages; they seek injunctive and declaratory

3

*JOINT MOTION OF ALL PARTIES SEEKING EXCUSAL FROM THE EARLY NEUTRAL EVALUATION CONFERENCE, OR, IN THE ALTERNATIVE, EXCUSAL FROM THE IN-PERSON PARTY ATTENDANCE REQUIREMENT* (3:19-CV-01226-L-AHG)

relief. Plaintiffs will not dismiss the lawsuit unless Defendants cease enforcement of the challenged provisions.

It is Defendants' position that the challenged provisions are constitutional and duly enacted. Given the Attorney General's sworn duty to uphold the laws of the State, the Attorney General cannot excuse Plaintiffs from compliance with or application of the challenged provisions, or otherwise refuse to enforce the challenged provisions. Cal. Const., art. III, § 3.5.

All parties agree that in light of the Parties' positions on the constitutionality of the challenged provisions, neither further discussion nor mediation will allow them to settle this case. For these reasons, there is no ground on which the Parties can reach settlement, and the Parties respectfully request to be relieved from the requirement to participate in the ENE conference and its related requirements, including submission of confidential ENE statements as set forth in paragraph 4 of the ENE Order.

### III. GOOD CAUSE EXISTS TO EXCUSE ALL PARTIES FROM THE IN-PERSON PARTY ATTENDANCE REQUIREMENT SHOULD THE COURT REQUIRE THE PARTIES TO PROCEED WITH THE ENE CONFERENCE

According to paragraphs 2-3 of the ENE Order, all parties must appear at the ENE conference with full settlement authority. However, as shown in the preceding section, the nature of the claims and the relief sought preclude any meaningful settlement opportunities the Parties could discuss or agree to during an ENE conference. Appearance in person will not alter the potential for settlement in the matter, as contemplated by the ENE Order. Dkt. 6 at 2, n.1. Accordingly, appearance

4

*JOINT MOTION OF ALL PARTIES SEEKING EXCUSAL FROM THE EARLY NEUTRAL EVALUATION CONFERENCE, OR, IN THE ALTERNATIVE, EXCUSAL FROM THE IN-PERSON PARTY ATTENDANCE REQUIREMENT* (3:19-cv-01226-L-AHG)

by each individual party in person will require the eleven Parties to this action to incur expense and inconvenience without serving the purposes underlying the ENE conference.  For these reasons, if the Court is unwilling to excuse the Parties from the ENE conference, counsel for the Parties jointly request that their respective clients be excused from the in-person party attendance requirement at the ENE conference.

As permitted by lines 9 through 12 on page 2 of the ENE Order, government entities are excused from appearing at the ENE conference so long as the government attorney with primary responsibility for handling the case will attend and is authorized to negotiate settlement offers that the attorney is willing to recommend to the government official defendants having ultimate settlement authority.  As shown in the supporting Declaration of Jennifer E. Rosenberg, government counsel from the California Attorney General's Office with primary responsibility for representation of Defendants Xavier Becerra and Brent E. Orick will be personally present at the ENE Conference and is authorized to recommend settlement offers to Defendants (both of whom have their principal offices in Sacramento, California, approximately 500 miles from this Court).

Plaintiffs consist of several individuals, three federal firearm licensed dealers/ranges (FFLs), and four institutional organizations.  The individual Plaintiffs live and work throughout San Diego and Hacienda Heights, California, and each has their own specific work obligations and schedules. The FFL Plaintiffs own and operate their respective businesses throughout San Diego County. Closing their

5

business, or finding a sufficient replacement in their absence, would be overly burdensome. In addition, the institutional Plaintiffs' principle places of business are in Sacramento, California and Bellevue, Washington. Due to the number of the Plaintiffs involved in this case, as well as their respective locations and responsibilities, it would be overly burdensome to require all Plaintiffs to attend the ENE conference set for September 30, 2019 by Magistrate Judge Major's August 22, 2019 ENE Order.

If the parties are not excused from the ENE conference entirely, Defendants do not oppose Plaintiffs sending a single party with full settlement authority to represent Plaintiffs for purposes of the ENE Conference.

WHEREFORE:

The parties hereby jointly request that the Court issue an order excusing Plaintiffs and Defendants from the requirement of participating in the ENE Conference or submitting ENE statements, as directed by the ENE Order, and taking the ENE conference off the Court's calendar. In the alternative, the parties hereby stipulate to and jointly request that the Court issue an order excusing all parties from the in-person attendance requirement at the ENE conference, allowing a single representative party to attend on behalf of Plaintiffs, and allowing public entity Defendants Xavier Becerra and Brent E. Orick to appear solely through their defense counsel rather than through personal appearance.

6

*JOINT MOTION OF ALL PARTIES SEEKING EXCUSAL FROM THE EARLY NEUTRAL EVALUATION CONFERENCE, OR, IN THE ALTERNATIVE, EXCUSAL FROM THE IN-PERSON PARTY ATTENDANCE REQUIREMENT* (3:19-CV-01226-L-AHG)

A proposed order will be lodged with the Court concurrently with submission of this Joint Motion.

September 17, 2019

Respectfully submitted,

Gatzke, Dillon & Ballance LLP

By: _____
John Dillon
*Attorney for Plaintiffs*

September 17, 2019

XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General

By: _____
JENNIFER E. ROSENBERG
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Acting Director of the Department of Justice Bureau of Firearms*