1  John W. Dillon (Bar No. 296788)
   Gatzke Dillon & Ballance LLP
2  2762 Gateway Road
3  Carlsbad, California 92009
   Telephone: (760) 431-9501
4  Facsimile: (760) 431-9512
5  E-mail:  jdillon@gdandb.com

6  Attorney for Plaintiffs

7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| MATTHEW JONES, et al., | Case No.: 3:19-cv-01226-L-AHG |
| Plaintiffs, | Hon. M. James Lorenz and Magistrate Judge Allison H. Goddard |
| v. | |
| XAVIER BECERRA, in his official capacity as Attorney General of the State of California, et al., | **DECLARATION OF JOHN W. DILLON IN SUPPORT OF JOINT MOTION OF ALL PARTIES SEEKING EXCUSAL FROM THE EARLY NEUTRAL EVALUATION CONFERENCE, OR, IN THE ALTERNATIVE, EXCUSAL FROM THE IN-PERSON PARTY ATTENDANCE REQUIREMENT** |
| Defendants. | |
| | Action Filed: July 1, 2019 |
| | First Amended Complaint Filed: July 30, 2019 |
| | First Amended Complaint and Summons Served:  August 1, 2019 |

---

*DECLARATION OF JOHN W. DILLON IN SUPPORT OF JOINT MOTION OF ALL PARTIES SEEKING EXCUSAL FROM THE EARLY NEUTRAL EVALUATION CONFERENCE, OR, IN THE ALTERNATIVE, EXCUSAL FROM THE IN-PERSON PARTY ATTENDANCE REQUIREMENT (3:19-cv-01226-L-AHG)*

I, John W. Dillon, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am authorized to appear before the above-entitled Court. I am counsel for Plaintiffs, Matthew Jones, Thomas Furrh, Kyle Yamamoto, PWGG, L.P. (d.b.a. Poway Weapons and Gear and PWG Range), North County Shooting Center, Inc., Beebe Family Arms and Munitions LLC (d.b.a. BFAM and Beebe Family Arms and Munitions), Firearms Policy Coalition, Inc., Firearms Policy Foundation, the Calguns Foundation, and Second Amendment Foundation in this case.

2. I am fully informed of the facts of the First Amendment Complaint and legal issues in this case. I am also authorized to negotiate settlement offers on behalf of Plaintiffs, who have ultimate settlement authority in this matter.

3. Plaintiffs consist of several individuals, three federal firearm licensed dealers/ranges (FFLs), and four institutional organizations. The individual Plaintiffs live and work throughout San Diego and Hacienda Heights, California, and each has their own specific work obligations and schedules. The FFL Plaintiffs own and operate their respective businesses throughout San Diego County. Closing their business, or finding a sufficient replacement in their absence, would be overly burdensome. In addition, the institutional Plaintiffs' principle places of business are in Sacramento, California and Bellevue, Washington. Due to the number of the Plaintiffs involved in this case, as well as their respective locations and

responsibilities, it would be overly burdensome to require all Plaintiffs to attend the Early Neutral Evaluation Conference ("ENE conference") set for September 30, 2019 by the Court's August 22, 2019 Order ("ENE Order") (ECF No. 6.)

4.  By the Joint Motion concurrently filed by the Parties, I respectfully request that the Court excuse the Plaintiffs from the ENE conference and related requirements, or, in the alternative, that the Court excuse Plaintiffs from the in-person party attendance requirement set forth in paragraphs 2-3 of the ENE Order.

5.  Good cause exists to excuse the parties from the ENE conference and related requirements. Plaintiffs' and Defendants' respective counsel met and conferred by conference call on August 29, 2019, pursuant to Federal Rules of Civil Procedure Rule 26(f) and paragraph 6(a) of the ENE Order requiring the parties to meet and confer by no later than September 9, 2019. During the telephone call, counsel for Plaintiffs and Defendants discussed the possibility of settlement. They agreed that, due to the nature of the complaint, there is no possibility for settlement of Plaintiffs' claims.

6.  Plaintiffs allege California Penal Code section 27510, as well as Defendants' policies, practices, and customs related thereto, violate their constitutional rights set forth in the Second Amendment to the U.S. Constitution. Plaintiffs seek injunctive and declaratory relief. Defendants' position is that the challenged provisions are constitutional and duly enacted. The Attorney General

*3*

DECLARATION OF JOHN W. DILLON IN SUPPORT OF JOINT MOTION OF ALL PARTIES SEEKING EXCUSAL FROM THE EARLY NEUTRAL EVALUATION CONFERENCE, OR, IN THE ALTERNATIVE, EXCUSAL FROM THE IN-PERSON PARTY ATTENDANCE REQUIREMENT (3:19-cv-01226-L-AHG)

cannot excuse Plaintiffs from compliance with or application of the challenged provisions, or otherwise refuse to enforce the challenged provisions. Cal. Const., art. III, § 3.5. Plaintiffs will not dismiss the lawsuit unless Defendants halt enforcement of the challenged provisions. Accordingly, there is no ground on which the Parties can reach a settlement.

7. In-person appearance by Plaintiffs will incur expense and inconvenience, and will not alter the potential for settlement in light of the nature of the claims and relief sought.

8. Should the Court decline to excuse the Parties from the ENE conference and related requirements entirely, I plan to be personally present at the ENE conference. Regardless of the Court's decision on the Joint Motion, I plan to be personally present for the Rule 16 conference currently set for September 30, 2019.

9. Plaintiffs also do not oppose Defendants sending a single party with full settlement authority to represent Defendants for purposes of the ENE conference.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, of my own knowledge, and that this declaration is executed on September 17, 2019 in Carlsbad, California.

John W. Dillon
Attorney for Plaintiffs

4

*DECLARATION OF JOHN W. DILLON IN SUPPORT OF JOINT MOTION OF ALL PARTIES SEEKING EXCUSAL FROM THE EARLY NEUTRAL EVALUATION CONFERENCE, OR, IN THE ALTERNATIVE, EXCUSAL FROM THE IN-PERSON PARTY ATTENDANCE REQUIREMENT (3:19-CV-01226-L-AHG)*