John W. Dillon (Bar No. 296788)
Gatzke Dillon & Ballance LLP
2762 Gateway Road
Carlsbad, California 92009
Telephone: (760) 431-9501
Facsimile: (760) 431-9512
E-mail:  jdillon@gdandb.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JONES, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California, et al.,<br><br>　　　　　　　Defendants. | Case No.: 3:19-cv-01226-L-AHG<br><br>Hon. M. James Lorenz and Magistrate Judge Allison H. Goddard<br><br>**PARTIES' JOINT MOTION TO EXCEED PAGE LIMIT OF BRIEFS REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Complaint Filed: July 1, 2019<br>Amended Complaint Filed: July 30, 2019<br>First Amended Complaint and Summons Served:  August 1, 2019 |

# JOINT MOTION

Plaintiffs Matthew Jones, et al., and Defendants Xavier Becerra (in his official capacity as Attorney General of the State of California) and Brent E. Orick (in his official capacity as Acting Director of the Department of Justice Bureau of Firearms), through their respective attorneys of record, hereby move the Court to allow (1) Plaintiffs to exceed the page limit of 25 pages pursuant to CivLR Rules 7.1(h) and 7.2, by no more than seven (7) additional pages, for Plaintiffs' memorandum of points and authorities in support of Plaintiffs' motion for preliminary injunction, and (2) Defendants to exceed the page limit by the same amount (seven pages) for Defendants' memorandum of points and authorities in opposition to Plaintiffs' preliminary injunction motion.

This Joint Motion is supported by the Declaration of John W. Dillon in Support of Parties' Joint Motion to Exceed Page Limit of Briefs Regarding Plaintiffs' Motion to Preliminary Injunction which is filed and served herewith.

WHEREAS, Plaintiffs filed their original preliminary injunction motion on October 4, 2019. Dkt. No. 12. That motion challenged the constitutionality of California Penal Code section 27510 as a violation of the Second Amendment. On October 9, 2019, the parties' counsel participated in a Case Management Conference (CMC) with Magistrate Judge Goddard pursuant to Magistrate Judge Goddard's Order. Dkt. No. 8. At the CMC, Plaintiffs' counsel discussed the possibility that

1

PARTIES' JOINT MOTION TO EXCEED PAGE LIMIT OF BRIEFS REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; SUPPORTING DECLARATION OF JOHN W. DILLON (3:19-CV-01226-L-AHG)

Senate Bill 61 (SB 61) would be signed by California Governor Newsom and that SB 61 would make changes to Penal Code section 27510.

On October 11, 2019, Governor Newsom signed SB 61 into law. Due to SB 61's amendments to Penal Code section 27510, and based on the recommendation of Magistrate Judge Goddard, Plaintiffs will file and serve a Second Amendment Complaint and file a new motion for preliminary injunction. Plaintiffs' original motion for preliminary injunction was withdrawn on October 18, 2019. Dkt. No. 16.

On November 5, 2019, the parties filed a stipulation to allow Plaintiffs to file their Second Amended Complaint. Dkt. No. 17. This Court is currently considering parties' joint motion and stipulation to allow Plaintiffs to file their Second Amended Complaint. Plaintiffs intend to immediately file their SAC if this Court grants parties' motion. Plaintiffs intend to refile their motion for preliminary injunction on or shortly after November 8, 2019.

The parties have good cause for their joint request to exceed the page limit in their briefing of the motion. To properly account for the change in law, Plaintiffs intend to address the general timing of the amendment, the law's effect on ordinary, law-abiding Young Adults' (adults ages 18-to-20 years old) ability to purchase and acquire firearms in California, and the legislative history for the change in the law. This new information will require Plaintiffs to engage in additional discussion beyond what was already submitted to the Court. Specifically, Plaintiffs already filed a

2

PARTIES' JOINT MOTION TO EXCEED PAGE LIMIT OF BRIEFS REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; SUPPORTING DECLARATION OF JOHN W. DILLON (3:19-CV-01226-L-AHG)

preliminary injunction motion (before the change in law) that was at the 25-page limit, after extensive revision to meet the page limit.  With the change in the law, Plaintiffs will need up to seven (7) additional pages to properly analyze the change in the law and how it further supports Plaintiffs' contention that Penal Code section 27510 is a ban on the purchase, transfer, acquisition, and possession of commonly owned firearms for ordinary, lawful adults ages 18-to-20 years old in violation of the Second Amendment. See Declaration of John W. Dillon in support of parties' motion filed concurrently herewith.

3

PARTIES' JOINT MOTION TO EXCEED PAGE LIMIT OF BRIEFS REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; SUPPORTING DECLARATION OF JOHN W. DILLON (3:19-CV-01226-L-AHG)

With this request, the parties, through their counsel, also request the same extension of the page limits for Defendants' memorandum of points and authorities in opposition to Plaintiffs' preliminary injunction motion. It is the parties' view that Plaintiffs and Defendants should be afforded the same extension of page limits, as the extended discussion in Plaintiffs' motion for preliminary injunction will require additional response from Defendants in their opposition. Thus, the parties agree that Defendants should be granted an additional seven pages for their memorandum of points and authorities in opposition to Plaintiffs' motion for preliminary injunction.

November 7, 2019

Respectfully submitted,

Gatzke, Dillon & Ballance LLP

By: _____
John Dillon

November 7, 2019

XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General


By:_____
JENNIFER E. ROSENBERG
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Brent E. Orick, in his official capacity as Acting Director of the Department of Justice Bureau of Firearms*

4