John W. Dillon (Bar No. 296788)
Gatzke Dillon & Ballance LLP
2762 Gateway Road
Carlsbad, California 92009
Telephone: (760) 431-9501
Facsimile: (760) 431-9512
E-mail: jdillon@gdandb.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JONES; THOMAS FURRH; KYLE YAMAMOTO; PWGG, L.P. (d.b.a. POWAY WEAPONS AND GEAR and PWG RANGE); NORTH COUNTY SHOOTING CENTER, INC.; BEEBE FAMILY ARMS AND MUNITIONS LLC (d.b.a. BFAM and BEEBE FAMILY ARMS AND MUNITIONS); FIREARMS POLICY COALITION, INC.; FIREARMS POLICY FOUNDATION; CALIFORNIA GUN RIGHTS FOUNDATION (formerly, THE CALGUNS FOUNDATION); and SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California, et al.,<br><br>Defendants. | Case No.: 3:19-cv-01226-L-AHG<br><br>Hon. M. James Lorenz and Magistrate Judge Allison H. Goddard<br><br>**DECLARATION OF DARIN PRINCE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Complaint Filed: July 1, 2019<br>Second Amended Complaint Filed: November 8, 2019<br><br>Date: Monday, December 16, 2019<br>Time: 10:30 a.m.<br>Courtroom: Dept. 5B (5th Floor)<br><br>No oral argument should be heard unless ordered by the Court |

*DECLARATION OF DARIN PRINCE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION*

I, Darin Prince, declare as follows:

1. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify to such facts.

2. I am the co-owner and co-operator of North County Shooting Center, Inc. (NCSC), a federally-licensed firearms dealer and gun range located at 1440 Descanso Avenue, in San Marcos, California 92069.

3. NCSC is both an S-Corp and a federal-and state-licensed firearms retailer and range owned by Stanley Tuma and me. As a full-service shooting range and gun store, NCSC sells firearms, ammunition, and other related accessories. As part of its range activities, NCSC provides firearms for rental use within its indoor shooting range. NCSC also provides various firearms training courses that take place on NCSC's premises.

4. Due to California's age-based gun ban, NCSC has been directly and adversely harmed by halting all otherwise lawful sales and deliveries of firearms to young adults under the age of 21.

5. Further, NCSC has been forced to prohibit, and has prohibited, young adults ages 18 to 20 from attending various firearms classes hosted by NCSC. As a direct result, NCSC has sustained financial injury, harm, and losses from the sale and rentals of otherwise lawful goods and services. NCSC also faces substantial criminal penalties for the violation of the new law.

2
*DECLARATION OF DARIN PRINCE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION*

6. A major part of NCSC's business activities include renting firearms to customers who use those firearms at the NCSC range. Due to California's age-based gun ban prohibiting licensed dealers from selling, supplying, delivering, or giving *possession or control* of a firearm to any person under 21 years of age, NCSC has been forced to deny numerous otherwise qualified young adults from *purchasing, renting, or even handling* a firearm of any kind from NCSC's store and range, or risk substantial criminal penalties.

7. In addition, NCSC has had to deny numerous adult customers, ages 18 to 20, from attending or taking part in NCSC's firearms classes. Most NCSC classes require students to handle firearms in some manner. Because NCSC is prevented from allowing even possession or control of any firearm to young adults ages 18 to 20, NCSC has had to deny all adults in that age range from attending our firearms classes who would otherwise be permitted – even when accompanied by a person over 21 years of age.

8. California's age-based gun ban also prevents NCSC from offering hunter education classes to adults ages 18 to 20 who wish to comply with Penal Code section 27510's exemption. The exemption allows individuals 18 and over to acquire long guns (*e.g.,* shotguns, rifles) if they possess a valid, unexpired hunting license issued by the Department of Fish and Wildlife; however, to obtain a hunter's license, other California laws require the prospective license holder to take hunter education class. Consistent with California law, the hunter's education class requires that students

handle and demonstrate the safe handling of a firearm. Because California's age-based gun ban prevents NCSC from selling, supplying, delivering, or giving *possession or control* of a firearm to anyone under 21 years of age, NCSC cannot lawfully provide the necessary instruction because of the law's prohibition on possessing and controlling firearms – elements essential to the hunter education class.

9.  Thus, California's age-based gun ban prohibits NCSC from selling and renting firearms to otherwise qualified, Young Adults. It also requires NCSC to prevent anyone *over 21* from renting an NCSC firearm if that person is accompanied by another person *under 21* – due to the exposure to criminal prosecution for supplying a firearm to someone under the age of 21.

10. NCSC brings this case on behalf of itself, and as a representative of a class of similar entities consisting of licensed California retailers too numerous to individually name or include as parties to this action. They are licensed firearms retailers and shooting ranges in California that are injured because they are now prohibited from selling, supplying, delivering, or giving possession or control of a firearm to any person under 21 years of age, who would otherwise be permitted to lawfully purchase, rent, possess, control, and acquire firearms.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on September 23, 2019.



Darin Prince

4

*Declaration Of Darin Prince In Support Of Plaintiffs' Motion For Preliminary Injunction*