1  XAVIER BECERRA
   Attorney General of California
2  STEPAN A. HAYTAYAN
   Supervising Deputy Attorney General
3  JENNIFER E. ROSENBERG
   Deputy Attorney General
4  State Bar No. 275496
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
     Telephone:  (213) 269-6617
6    Fax:  (916) 731-2124
     E-mail:  Jennifer.Rosenberg@doj.ca.gov
7  *Attorneys for Defendants Xavier Becerra, in
   his official capacity as Attorney General of
8  the State of California, and Brent E. Orick,
   in his official capacity as Acting Director of
9  the Department of Justice Bureau of
   Firearms*

10                IN THE UNITED STATES DISTRICT COURT

11            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13

14

| | |
|---|---|
| 15 **MATTHEW JONES, et al.,** | 3:19-cv-01226-L-AHG |
| 16                            Plaintiffs, | |
| 17              **v.** | **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| 18 **XAVIER BECERRA, in his official capacity as Attorney General of the State of California, et al.,** | |
| 19 | |
| 20                            Defendants. | Judge:       Hon. M. James Lorenz and Magistrate Judge Barbara Lynn Major |
| 21 | Action Filed:       July 1, 2019 |
| 22 | |
| 23 | First Amended Complaint Filed:       July 30, 2019 |
| 24 | |
| 25 | First Amended Complaint and Summons Served:       August 1, 2019 |
| 26 | |
| 27 | Second Amended Complaint Filed and Served:       November 8, 2019 |
| 28 | |

1      Defendant Xavier Becerra, in his official capacity as Attorney General of the

2  State of California, and Defendant Brent E. Orick, in his official capacity as Acting

3  Director of the Department of Justice Bureau of Firearms (collectively,

4  "Defendants") submit their answer in response to Plaintiffs' Second Amended

5  Complaint for Declaratory and Injunctive Relief (ECF No. 20).  Defendants answer,

6  in paragraphs that correspond to the Second Amended Complaint's paragraphs, as

7  follows:[1]

8      The allegations contained at lines 2-8 of page 2 of the Second Amended

9  Complaint characterize Plaintiffs' claims and are not averments of fact to which

10  Defendants are required to respond.  To the extent a response is required,

11  Defendants admit that, in their official capacities as state officials, they are

12  responsible under California law for administering and enforcing certain state laws

13  and regulations governing the purchase, sale, transfer, possession, use of, and

14  access to firearms.  Except as specifically admitted, Defendants deny the allegations

15  in these lines.

16      The allegations contained at lines 9-23 of page 2 of the Second Amended

17  Complaint characterize Plaintiffs' claims and demands for relief, and constitute

18  conclusions of law; accordingly, they are not averments of fact to which Defendants

19  are required to respond.  Defendants deny that Plaintiffs are entitled to such relief.

20  To the extent these lines may be deemed allegations of fact, they are denied.

21                  **JURISDICTION AND VENUE[2]**

22    1.    Defendants admit that this Court has jurisdiction.  Defendants deny the

23  remaining allegations of Paragraph 1.

24

25        [1] The following responses to each paragraph include responses to any
footnotes that may be contained in the relevant paragraph.

26        [2] For the convenience of the Court and the parties, Defendants utilize certain
headings as set forth in the Second Amended Complaint.  In doing so, Defendants

27  neither admit nor deny any allegations that may be suggested by the Second
Amended Complaint's headings.

28

2.     Defendants admit that Plaintiffs seek declaratory and injunctive relief, as well as attorneys' fees.  Defendants further admit that each statute referenced in Paragraph 2 speaks for itself.  Except as specifically admitted, Defendants deny the allegations of Paragraph 2.

3.     Defendants admit that venue is proper in this Court.  Except as specifically admitted, Defendants deny the allegations of Paragraph 3.

## PARTIES

### A.    Plaintiffs – Individuals and Entities

4.     Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 4, and basing their denial on this ground, deny each and every allegation thereof.

5.     Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 5, and basing their denial on this ground, deny each and every allegation thereof.

6.     Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 6, and basing their denial on this ground, deny each and every allegation thereof.

7.     Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 7, and basing their denial on this ground, deny each and every allegation thereof.

8.     Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 8, and basing their denial on this ground, deny each and every allegation thereof.

9.     Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 9, and basing their denial on this ground, deny each and every allegation thereof.

Defendants' Answer to Second Amended Complaint for Declaratory and Injunctive Relief
(3:19-cv-01226-L-AHG)

## B.     Institutional Plaintiffs

10.     To the extent that the allegations contained in the seventh sentence of Paragraph 10, beginning on page 8, line 14, are Plaintiffs' characterization of their case and conclusions of law, no answer is required.  To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 10, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

11.     To the extent that the allegations contained in the seventh sentence of Paragraph 11, beginning on page 9, line 17, are Plaintiffs' characterization of their case and conclusions of law, no answer is required.  To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 11, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

12.     To the extent that the allegations contained in the seventh sentence of Paragraph 12, beginning on page 10, line 20, are Plaintiffs' characterization of their case and conclusions of law, no answer is required.  To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 12, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

13.     To the extent that the allegations contained in the eighth sentence of Paragraph 13, beginning on page 11, line 21, are Plaintiffs' characterization of their case and conclusions of law, no answer is required.  To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 13, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

14.     Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 14, and basing their denial on this ground, deny each and every allegation thereof.

3

1    15.    Defendants lack information or belief sufficient to answer the allegations

2    contained in Paragraph 15, and basing their denial on this ground, deny each and

3    every allegation thereof.

4    16.    Defendants lack information or belief sufficient to answer the allegations

5    contained in Paragraph 16, and basing their denial on this ground, deny each and

6    every allegation thereof.

7    17.    To the extent that the allegations contained in the second sentence of

8    Paragraph 17, beginning on page 13, line 26, are Plaintiffs' characterization of their

9    case and conclusions of law, no answer is required.  To the extent the allegations in

10   these lines may be deemed allegations of fact, and as to the remaining allegations

11   contained in Paragraph 17, Defendants lack information or belief sufficient to

12   answer, and basing their denial on this ground, deny the allegations thereof.

13   18.    To the extent that the allegations contained in the second sentence of

14   Paragraph 18, beginning on page 14, line 7, are Plaintiffs' characterization of their

15   case and conclusions of law, no answer is required.  To the extent the allegations in

16   these lines may be deemed allegations of fact, and as to the remaining allegations

17   contained in Paragraph 18, Defendants lack information or belief sufficient to

18   answer, and basing their denial on this ground, deny the allegations thereof.

19   19.    To the extent that the allegations contained in the second sentence of

20   Paragraph 19, beginning on page 14, line 17, are Plaintiffs' characterization of their

21   case and conclusions of law, no answer is required.  To the extent the allegations in

22   these lines may be deemed allegations of fact, and as to the remaining allegations

23   contained in Paragraph 19, Defendants lack information or belief sufficient to

24   answer, and basing their denial on this ground, deny the allegations thereof.

25   20.    To the extent that the allegations contained in Paragraph 20 are

26   Plaintiffs' characterization of their case and conclusions of law, no answer is

27   required.  To the extent the allegations contained in Paragraph 20 may be deemed

28

allegations of fact, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

21.   Defendants admit that Plaintiffs seek declaratory and injunctive relief. Except as specifically admitted, the allegations contained in Paragraph 21 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, they are denied.

**C.   Defendants**

22.   To the extent that the allegations contained in Paragraph 22 are conclusions of law, no answer is required.  Defendants admit that Defendant Xavier Becerra is the Attorney General of California and the chief law officer of the State, and that he is sued in his official capacity.  Defendants admit that article V, section 13 of the California Constitution speaks for itself.  Except as specifically admitted, Defendants deny the allegations of Paragraph 22.

23.   Defendants deny the allegations in Paragraph 23.  Defendants admit that Brent E. Orick is the Acting Director of the Bureau of Firearms and that he is sued in his official capacity.

24.   Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 24, and basing their denial on this ground, deny each and every allegation thereof.

25.   The allegations contained in Paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## FACTUAL ALLEGATIONS

26.   Defendants admit that the Second Amendment to the U.S. Constitution speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 26.

5

27.    Defendants admit that the Second Amendment to the U.S. Constitution speaks for itself.  Defendants admit that the judicial opinion quoted in Paragraph 27 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 27.

28.    The allegations contained in Paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29.    The allegations contained in Paragraph 29 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30.    Defendants admit that the statutes cited in Paragraph 30 speak for themselves.  Except as specifically admitted, the allegations contained in Paragraph 30 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31.    Defendants admit that the judicial opinions quoted in Paragraph 31 speak for themselves.  Except as specifically admitted, the allegations contained in Paragraph 31 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

32.    Defendants admit that the statute cited in Paragraph 32 speaks for itself.  Except as specifically admitted, the allegations contained in Paragraph 32 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33.    Defendants admit that the statute cited in Paragraph 33 speaks for itself.  Except as specifically admitted, the allegations contained in Paragraph 33 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Defendants admit that the judicial opinion quoted in Paragraph 34 and footnote 1 speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 34 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

35. Defendants admit that Penal Code section 27510 speaks for itself and that amendments to it took effect January 1, 2019. Except as specifically admitted, Defendants deny the allegations in Paragraph 35.

36. The allegations in Paragraph 36 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

**The California Age-Based Gun Ban**

37. Defendants admit that SB 1100 was signed by former Governor Edmund G. Brown Jr. on September 28, 2018. Defendants admit that SB 1100 and Penal Code section 27510 speak for themselves. Defendants admit that SB 1100 took effect on January 1, 2019. Except as specifically admitted, Defendants deny the allegations in Paragraph 37.

38. The allegations contained in Paragraph 38 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Defendants admit that SB 1100 and Penal Code section 27510 speak for themselves. Except as specifically admitted, Defendants deny the allegations in Paragraph 39.

40. Defendants admit that Governor Newsom signed SB 61 on October 11, 2019. Defendants admit that SB 61 speaks for itself. Except as specifically admitted, Defendants deny the allegations in Paragraph 40.

1    41.    Defendants admit that SB 61 and Penal Code section 27510 speak for

2  themselves.  Except as specifically admitted, Defendants deny the allegations in

3  Paragraph 41.

4    42.    Defendants admit that SB 61 speaks for itself.  Except as specifically

5  admitted, the allegations contained in Paragraph 42 characterize Plaintiffs' claims

6  and are not averments of fact to which Defendants are required to respond; to the

7  extent they may be deemed allegations of fact, they are denied.

8    43.    Defendants admit that SB 61 and Penal Code section 27510 speak for

9  themselves.  Except as specifically admitted, the allegations in Paragraph 43 are not

10  averments of fact to which Defendants are required to respond; to the extent they

11  may be deemed allegations of fact, they are denied.

12    44.    The allegations contained in Paragraph 44 characterize Plaintiffs' claims

13  and thus are not averments of fact to which Defendants are required to respond; to

14  the extent they may be deemed allegations of fact, they are denied.

15    45.    Defendants admit that Penal Code section 27510 speaks for itself.

16  Except as specifically admitted, the allegations contained in Paragraph 45

17  characterize Plaintiffs' claims and are not averments of fact to which Defendants

18  are required to respond; to the extent they may be deemed allegations of fact, they

19  are denied.

20    46.    Defendants admit that the judicial opinions quoted in Paragraph 46 and

21  footnote 2 speak for themselves.  Defendants admit that SB 61 and Penal Code

22  section 27510 speak for themselves.  Except as specifically admitted, the

23  allegations contained in Paragraph 46 and footnote 2 characterize Plaintiffs' claims

24  and are not averments of fact to which Defendants are required to respond; to the

25  extent they may be deemed allegations of fact, they are denied.

26    47.    Defendants admit that Penal Code section 27590 and the so-called

27  California Age-Based Gun Ban speak for themselves.  Except as specifically

28

8

1  admitted, the allegations contained in Paragraph 47 are not averments of fact to

2  which Defendants are required to respond; to the extent they may be deemed

3  allegations of fact, they are denied.

## Infringement of Plaintiffs' and similarly situated adults'

## Second Amendment rights

6   48.   Defendants admit that 18 U.S.C. § 922(b)(1) speaks for itself.  Except as

7  specifically admitted, the allegations contained in Paragraph 48 are conclusions of

8  law or characterize Plaintiffs' claims, and thus are not averments of fact to which

9  Defendants are required to respond; to the extent they may be deemed allegations of

10  fact, they are denied.

11   49.   Defendants admit that Penal Code sections 29800 and 29805 speak for

12  themselves.  Except as specifically admitted, the allegations contained in

13  Paragraph 49 constitute conclusions of law to which no answer is required; to the

14  extent they may be deemed allegations of fact, they are denied.

15   50.   Defendants admit that Penal Code sections 26500, 27510, and

16  26800-26850 speak for themselves.  Defendants admit that 27 C.F.R. 478.124(a)

17  speaks for itself.  Except as specifically admitted, the allegations contained in

18  Paragraph 50 are conclusions of law or characterize Plaintiffs' claims, and thus are

19  not averments of fact to which Defendants are required to respond; to the extent

20  they may be deemed allegations of fact, they are denied.

## IMPACT ON PLAINTIFFS

22   51.   The allegations contained in Paragraph 51 are conclusions of law or

23  characterize Plaintiffs' claims, and thus are not averments of fact to which

24  Defendants are required to respond.  To the extent they may be deemed allegations

25  of fact, Defendants lack information or belief sufficient to answer the allegations

26  contained in Paragraph 51, and basing their denial on this ground, deny each and

27  every allegation thereof.

28

52.   The allegations contained in Paragraph 52 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 52, and basing their denial on this ground, deny each and every allegation thereof.

53.   The allegations contained in Paragraph 53 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 53, and basing their denial on this ground, deny each and every allegation thereof.

54.   The allegations contained in Paragraph 54 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 54, and basing their denial on this ground, deny each and every allegation thereof.

55.   The allegations contained in Paragraph 55 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 55, and basing their denial on this ground, deny each and every allegation thereof.

56.   The allegations contained in Paragraph 56 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations

10

of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 56, and basing their denial on this ground, deny each and every allegation thereof.

57.    The allegations contained in Paragraph 57 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 57, and basing their denial on this ground, deny each and every allegation thereof.

58.    The allegations contained in Paragraph 58 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 58, and basing their denial on this ground, deny each and every allegation thereof.

59.    The allegations contained in Paragraph 59 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 59, and basing their denial on this ground, deny each and every allegation thereof.

60.    The allegations contained in Paragraph 60 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 60, and basing their denial on this ground, deny each and every allegation thereof.

1    61.    The allegations contained in Paragraph 61 are conclusions of law or

2    characterize Plaintiffs' claims, and thus are not averments of fact to which

3    Defendants are required to respond.  To the extent they may be deemed allegations

4    of fact, Defendants lack information or belief sufficient to answer the allegations

5    contained in Paragraph 61, and basing their denial on this ground, deny each and

6    every allegation thereof.

7    62.    The allegations contained in Paragraph 62 are conclusions of law or

8    characterize Plaintiffs' claims, and thus are not averments of fact to which

9    Defendants are required to respond.  To the extent they may be deemed allegations

10   of fact, Defendants lack information or belief sufficient to answer the allegations

11   contained in Paragraph 62, and basing their denial on this ground, deny each and

12   every allegation thereof.

13   63.    The allegations contained in Paragraph 63 are conclusions of law or

14   characterize Plaintiffs' claims, and thus are not averments of fact to which

15   Defendants are required to respond.  To the extent they may be deemed allegations

16   of fact, Defendants lack information or belief sufficient to answer the allegations

17   contained in Paragraph 63, and basing their denial on this ground, deny each and

18   every allegation thereof.

19   64.    The allegations contained in Paragraph 64 are conclusions of law or

20   characterize Plaintiffs' claims, and thus are not averments of fact to which

21   Defendants are required to respond.  To the extent they may be deemed allegations

22   of fact, Defendants lack information or belief sufficient to answer the allegations

23   contained in Paragraph 64, and basing their denial on this ground, deny each and

24   every allegation thereof.

25   65.    The allegations contained in Paragraph 65 are conclusions of law or

26   characterize Plaintiffs' claims, and thus are not averments of fact to which

27   Defendants are required to respond.  To the extent they may be deemed allegations

28

12

1    of fact, Defendants lack information or belief sufficient to answer the allegations

2    contained in Paragraph 65, and basing their denial on this ground, deny each and

3    every allegation thereof.

4        66.    The allegations contained in Paragraph 66 are conclusions of law or

5    characterize Plaintiffs' claims, and thus are not averments of fact to which

6    Defendants are required to respond.  To the extent they may be deemed allegations

7    of fact, Defendants lack information or belief sufficient to answer the allegations

8    contained in Paragraph 66, and basing their denial on this ground, deny each and

9    every allegation thereof.

10       67.    The allegations contained in Paragraph 67 are conclusions of law or

11   characterize Plaintiffs' claims, and thus are not averments of fact to which

12   Defendants are required to respond.  To the extent they may be deemed allegations

13   of fact, Defendants lack information or belief sufficient to answer the allegations

14   contained in Paragraph 67, and basing their denial on this ground, deny each and

15   every allegation thereof.

16       68.    The allegations contained in Paragraph 68 are conclusions of law or

17   characterize Plaintiffs' claims, and thus are not averments of fact to which

18   Defendants are required to respond.  To the extent they may be deemed allegations

19   of fact, Defendants lack information or belief sufficient to answer the allegations

20   contained in Paragraph 68, and basing their denial on this ground, deny each and

21   every allegation thereof.

22       69.    The allegations contained in Paragraph 69 are conclusions of law or

23   characterize Plaintiffs' claims, and thus are not averments of fact to which

24   Defendants are required to respond.  To the extent they may be deemed allegations

25   of fact, Defendants lack information or belief sufficient to answer the allegations

26   contained in Paragraph 69, and basing their denial on this ground, deny each and

27   every allegation thereof.

28

1

2

3

4

5

6

70.   The allegations contained in Paragraph 70 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 70, and basing their denial on this ground, deny each and every allegation thereof.

7

8

9

10

11

12

71.   The allegations contained in Paragraph 71 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 71, and basing their denial on this ground, deny each and every allegation thereof.

13

14

15

16

17

18

72.   The allegations contained in Paragraph 72 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 72, and basing their denial on this ground, deny each and every allegation thereof.

19

20

21

73.   Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 73, and basing their denial on this ground, deny each and every allegation thereof.

22

23

24

25

74.   The allegations contained in Paragraph 74 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

26

**DECLARATORY JUDGMENT ALLEGATIONS**

27

75.   The allegations contained in Paragraph 75 constitute conclusions of law

28

14

1  or characterize Plaintiffs' claims, and thus are not averments of fact to which

2  Defendants are required to respond; to the extent they may be deemed allegations of

3  fact, they are denied.

## INJUNCTIVE RELIEF ALLEGATIONS

5  76.   The allegations contained in Paragraph 76 constitute conclusions of law

6  or characterize Plaintiffs' claims, and thus are not averments of fact to which

7  Defendants are required to respond; to the extent they may be deemed allegations of

8  fact, they are denied.

9  77.   The allegations contained in Paragraph 77 constitute conclusions of law

10  or characterize Plaintiffs' claims, and thus are not averments of fact to which

11  Defendants are required to respond; to the extent they may be deemed allegations of

12  fact, they are denied.

## FIRST CAUSE OF ACTION

### (Violation of U.S. Const. amends. II and XIV)

15  78.   Defendants incorporate their answers to Paragraphs 1 through 77 in

16  answer to Paragraph 78.

17  79.   Defendants admit that the Second Amendment to the U.S. Constitution

18  speaks for itself.  Except as specifically admitted, the allegations contained in

19  Paragraph 79 constitute conclusions of law to which no answer is required; to the

20  extent they may be deemed allegations of fact, they are denied.

21  80.   Defendants admit that the Second Amendment to the U.S. Constitution

22  speaks for itself.  Defendants admit that the Fourteenth Amendment to the U.S.

23  Constitution speaks for itself.  Except as specifically admitted, the allegations

24  contained in Paragraph 80 constitute conclusions of law to which no answer is

25  required; to the extent they may be deemed allegations of fact, they are denied.

26  81.   Defendants admit that Penal Code section 27510 speaks for itself.

27  Except as specifically admitted, the allegations contained in Paragraph 81 constitute

28

1
2
3

conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

4
5
6
7
8
9
10
11

82.    Defendants admit that Penal Code section 27510 speaks for itself. Except as specifically admitted, and but for the last sentence of Paragraph 82, the allegations contained in Paragraph 82 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 82, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 82, and basing their denial on this ground, deny each and every allegation thereof.

12
13
14
15

83.    Defendants admit that Penal Code section 27510 speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 83 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16
17
18
19

84.    The allegations contained in Paragraph 84 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

20
21

Defendants deny each and every allegation not previously admitted or otherwise qualified.

22

**PRAYER FOR RELIEF**

23
24
25
26

Defendants deny that Plaintiffs are entitled to the relief set forth in each of the four paragraphs of the prayer for relief immediately following Paragraph 84, or to any relief whatsoever.  To the extent that the Prayer for Relief states any allegations, Defendants deny them.

27
28

16

# AFFIRMATIVE DEFENSES

In addition, without admitting any allegations contained in the Second Amended Complaint, Defendants assert the following defenses based on information and belief:

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims in this action are barred in that they do not have standing to bring them.

## THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint, and each cause of action therein, is improper because Plaintiffs have an adequate remedy at law.

## FOURTH AFFIRMATIVE DEFENSE

The Second Amended Complaint, and each cause of action therein, is barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Defendants have undertaken any conduct with respect to the subjects and events underlying the Second Amended Complaint, such conduct was, at all times material thereto, undertaken in good faith and in reasonable reliance on existing law.

## SIXTH AFFIRMATIVE DEFENSE

Defendants have not knowingly or intentionally waived any applicable affirmative defense. Defendants reserve the right to assert and rely upon additional affirmative defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend the Answer and/or affirmative defenses accordingly. Defendants further reserve the

17

1    right to amend the Answer to delete affirmative defenses that they determine are not

2    applicable after subsequent discovery.

3

4        WHEREFORE, Defendants pray that:

5        1.    Plaintiffs take nothing by reason of the Second Amended Complaint;

6        2.    Judgment be entered in favor of Defendants;

7        3.    Defendants be awarded costs incurred in defending this action; and

8        4.    Defendants be awarded such further relief that the Court may deem just

9    and proper.

10

11

12   Dated: November 21, 2019                      Respectfully Submitted,

13                                                 XAVIER BECERRA
                                                   Attorney General of California
                                                   STEPAN A. HAYTAYAN
14                                                 Supervising Deputy Attorney General

15

16

17                                                 /s/ Jennifer E. Rosenberg
                                                   JENNIFER E. ROSENBERG
                                                   Deputy Attorney General
18                                                 *Attorneys for Defendants Xavier
                                                   Becerra, in his official capacity as
19                                                 Attorney General of the State of
                                                   California, and Brent E. Orick, in his
20                                                 official capacity as Acting Director of
                                                   the Department of Justice Bureau of
21                                                 Firearms*

22

23

24

25

26

27

28

                                          18