# Exhibit 7

Exhibit 7

0164

**Earliest Known Nineteenth Century Restrictions on the Purchase and Transfer of Firearms by Minors**

| State | Year[1] | Statutory Text | Source[2] |
|-------|------|----------------|--------|
| Alabama | 1856 | "That any one who shall sell or give or lend, to any male minor, a . . . air gun or pistol, shall, on conviction be fined not less than three hundred, nor more than one thousand dollars." | An Act to Amend the Criminal Law, No. 26, § 1, 1856 Ala. Acts 17. |
| Delaware | 1881 | "That if any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, or shall knowingly sell a deadly weapon to a minor other than an ordinary pocket knife, such person shall, upon conviction thereof, be fined . . . ." | An Act providing for the punishment of persons carrying concealed deadly weapons, ch. 548, § 1, 16 Del. Laws 716 (1881). |
| District of Columbia | 1892 | "That it shall not be lawful for any person or persons within the District of Columbia, to have concealed about their person any deadly or dangerous weapons, such as daggers, air-guns, pistols . . . . That any person or persons who shall, within the District of Columbia, sell, barter, hire, lend or give to any minor under the age of twenty-one years any such weapon as hereinbefore described shall be deemed guilty of a misdemeanor . . . ." | An Act to punish the carrying or selling of deadly or dangerous weapons within the District of Columbia, and for other purposes, ch. 159, §5, 27 Stat. 116-17 (1892). |

---

[1] Year of enactment.

[2] Where the relevant law was published in a larger compendium source, the source date often postdates the year of enactment.

Exhibit 7

0165

| State | Year[1] | Statutory Text | Source[2] |
|---|---|---|---|
| Georgia | 1876 | "[I]t shall not be lawful for any person or persons knowingly to sell, give, lend or furnish any minor or minors any pistol, dirk, bowie knife or sword cane. . . *Provided*, that nothing herein contained shall be construed as forbidding the furnishing of such weapons under circumstances justifying their use in defending life, limb or property." | An Act to punish any person or persons who shall sell, give, lend or furnish any minor or minors with deadly weapons herein mentioned and for other purposes, No. CXXVIIII (O. No. 63.), § 1, 1876 Ga. Acts And Resolutions 112. |
| Illinois | 1881 | "Whoever, not being the father, guardian or employer of the minor herein named, by himself or agent, shall sell, give, loan, hire or barter, or shall offer to sell, give, loan, hire or barter to any minor within this state, any pistol, revolver, derringer, bowie knife, dirk or other deadly weapon of like character, capable of being secreted upon the person, shall be guilty of a misdemeanor . . . ." | An Act to regulate the traffic in deadly weapons and to prevent the sale of them to minors, § 2, 1881 Ill. Laws 73. |
| Indiana | 1875 | "[I]t shall be unlawful for any person to sell, barter, or give to any other person under the age of twenty-one years any pistol . . . or other deadly weapon that can be worn, or carried, concealed upon or about the person, or to sell, barter, or give to any person, under the age of twenty-one years, any cartridges manufactured and designed for use in a pistol." | An Act to prohibit the sale, gift, or bartering of deadly weapons or ammunition therfor, to minors, ch. XL, § 1, 1875 Ind. Laws 59. |
| Iowa | 1884 | "That it shall be unlawful for any person to knowingly sell, present or give any pistol, revolver or toy pistol to any minor." | An Act to Prohibit the Selling or Giving of Fire Arms to Minors, ch. 78, § 1, 1884 Iowa Acts And Resolutions 86 |

Exhibit 7

0166

| State | Year[1] | Statutory Text | Source[2] |
|---|---|---|---|
| Kansas | 1883 | "Any person who shall sell, trade, give, loan or otherwise furnish any pistol, revolver or toy pistol, by which cartridges or caps may be exploded, . . . or other dangerous weapons to any minor . . . shall be deemed guilty of a misdemeanor . . . . Any minor who shall have in his possession any pistol, revolver or toy pistol, by which cartridges may be exploded, . . . or other dangerous weapon, shall be deemed guilty of a misdemeanor . . . ." | An Act to prevent selling, trading or giving of deadly weapons or toy pistols to minors, and to provide punishment therefor, ch. CV, §§ 1-2, 1883 Kan. Sess. Laws 159. |
| Kentucky | 1873 | "If any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, or shall sell a deadly weapon to a minor other than an ordinary pocket knife, such person shall, upon indictment and conviction, be fined . . . ." | Edward I. Bullock & William Johnson, Eds., The General Statutes Of The Commonwealth Of Kentucky, Ky. Gen. Stat. ch. 29, art. 29, § 1, at 359 (1873). |
| Louisiana | 1890 | "[I]t shall be unlawful, for any person to sell, or lease or give through himself or any other person, any pistol, dirk, bowie-knife or any other dangerous weapon, which may be carried concealed to any person under the age of twenty-one years." | An Act Making it a misdemeanor for any person to sell, give or lease, to any minor, any pistol, bowie-knife, dirk or any weapon, intended to be carried or used as a concealed weapon, No. 46, § 1, 1890 La. Acts 39, 39. |
| Maryland | 1882 | "[I]t shall be unlawful for any person, be he or she licensed dealer or not, to sell, barter or give away any firearm whatsoever or other deadly weapons, except shot guns, fowling pieces and rifles, to any person who is a minor under the age of twenty-one years." | An Act to prohibit the sale of "Deadly Weapons to Minors," ch. 424, § 2, 1882 Md. Laws 656. |

Exhibit 7

0167

| State | Year[1] | Statutory Text | Source[2] |
|---|---|---|---|
| Mississippi | 1878 | "[A]ny person not being threatened with, or having good and sufficient reason to apprehend an attack, or traveling (not being a tramp) or setting out on a journey, or peace officers, or deputies in discharge of their duties, who carries concealed, in whole or in part, any bowie knife, pistol, . . . or other deadly weapon of like kind or description, shall be deemed guilty of a misdemeanor . . . . [I]t shall not be lawful for any person to sell to any minor . . . knowing him to be a minor . . . any weapon of the kind or description in the first section of this Act described, or any pistol cartridge . . . ." | An Act to prevent the carrying of concealed weapons, and for other purposes, ch. 66, §§ 1-2, 1878 Miss. Laws 175. |
| Missouri | 1879 | "If any person shall carry concealed, upon or about his person, any deadly or dangerous weapon, . . . having upon or about his person any kind of firearms, bowie-knife, dirk, dagger, slung-shot, or other deadly weapon . . . or shall, directly or indirectly, sell or deliver, loan or barter to any minor any such weapon, without the consent of the parent or guardian of such minor . . . ." | Carrying deadly weapons, etc., Mo. Rev. Stat. § 1274 (1879). |

Exhibit 7

0168

| State | Year[1] | Statutory Text | Source[2] |
|-------|---------|----------------|-----------|
| Nevada | 1885 | "Every person under the age of twenty-one (21) years who shall wear or carry any dirk, pistol, sword in case, slung shot, or other dangerous and deadly weapon concealed upon his person shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, be fined not less than twenty nor more than two hundred ($200) dollars, or by imprisonment in the County Jail not less than thirty days nor more than six months, or by both such fine and imprisonment." | An Act to amend an Act entitled "An Act to prohibit the carrying of concealed weapons by minors, ch. 51, § 1, 1885 Nev. Stat. 51; *see* An Act to Prohibit the Carrying of Concealed Weapons by Minors, ch. 104, § 1, 1881 Nev. Stat. 143-44 (statute that was amended in 1885 to increase the age from eighteen to twenty-one). |
| North Carolina | 1893 | "[I]t shall be unlawful for any person, corporation or firm knowingly to sell or offer for sale, give or in any way dispose of to a minor any pistol or pistol cartridge, brass knucks, bowie-knife, dirk, loaded cane, or sling-shot." | An act to prevent the sale of deadly weapons to minors, ch. 514, § 1, 1893 N.C. Pub. L. & Res. 468. |
| Tennessee | 1856 | "[I]t shall be unlawful for any person to sell, loan, or give, to any minor a pistol . . . *Provided*, that this act shall not be construed so as to prevent the sale, loan, or gift, to any minor of a gun for hunting." | An Act to amend the Criminal Laws of this State, ch. 81, § 2, 1856 Tenn. Acts 92. |
| Texas | 1897 | "[I]f any person in this State shall knowingly sell, give or barter, or cause to be sold, given or bartered to any minor, any pistol . . . without the written consent of the parent or guardian of such minor, or of some one standing in lieu thereof, he shall be punished by fine . . . ." | An Act to prevent the barter, sale and gift of any pistol, dirk, dagger, slung shot, sword-cane, spear, or knuckles made of any metal or hard substance to any minor without the written consent of the parent or guardian of such minor, or of some one standing in lieu thereof, and providing a penalty for the violation, ch. 155, § 1, 1897 Tex. Gen. Laws 221-22. |

Exhibit 7

0169

| State | Year[1] | Statutory Text | Source[2] |
|---|---|---|---|
| West Virginia | 1882 | "If a person carry about his person any revolver or other pistol . . . or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor . . . and if any person shall sell or furnish any such weapon as is hereinbefore mentioned to a person whom he knows, or has reason, from his appearance or otherwise, to believe to be under the age of twenty-one years, he shall be punished as hereinbefore provided; but nothing herein contained shall be so construed as to prevent any person from keeping or carrying about his dwelling house or premises any such revolver or other pistol, or from carrying same from the place of purchase to his dwelling house, or from his dwelling house to any place where repairing is done, to have it repaired, and back again." | An Act amending and re-enacting section seven of chapter one hundred and forty-eight of the code of West Virginia, and adding sections thereto for the punishment of unlawful combinations and conspiracies to injury persons or property, ch. 135, § 1, 1882 W. Va. Acts 421-22. |
| Wisconsin | 1883 | "It shall be unlawful for any minor, within this state, to go armed with any pistol or revolver, and it shall be the duty of all sheriffs, constables, or other public police officers, to take from any minor any pistol or revolver, found in his possession. . . . It shall be unlawful for any dealer in pistols or revolvers, or any other person, to sell, loan, or give any pistol or revolver to any minor in this state." | An Act to prohibit the use and sale of pistols and revolvers, ch. 329, §§ 1-2, 1883 Wis. Laws 290. |

Exhibit 7

0170

| State | Year[1] | Statutory Text | Source[2] |
|---|---|---|---|
| Wyoming | 1890 | "It shall be unlawful for any person to sell, barter or give to any other person under the age of twenty-one years any pistol . . . or other deadly weapon that can be worn or carried concealed upon or about the person, or to sell, barter or give to any person under the age of sixteen years any cartridges manufactured and designed for use in a pistol; and any person who shall violate any of the provisions of this section shall be fined in any sum not more than fifty dollars." | Wyo. Rev. Stat. § 5052 (1899). |

Exhibit 7

0171



Content downloaded/printed from          *HeinOnline*

Thu Nov  7 14:23:30 2019

Citations:

Bluebook 20th ed.
1855 3 .

ALWD 6th ed.
1855 3 .

Chicago 7th ed.
, "," Alabama - General Assembly, 5th Biennial Session : 3-368

OSCOLA 4th ed.
, '' 1855 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0172

manner of apportioning the road hands in the county of St. Clair," be, and the same is hereby repealed. <span style="float:right">Repealed.</span>

Sec. 2. *Be it further enacted,* That from and after the passage of this act, the Judge of Probate and Sheriff of St. Clair county, for services required of them in Article 1. Part 1. Title 13, Chapter 14, Code of Alabama, shall each receive annually fifty dollars, instead of ninety dollars as authorized by Section 1186, Code of Alabama.

Approved, Feb. 2, 1856.

---

[No. 26.]        AN ACT

To amend the criminal law.

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened,* That any one who shall sell or give or lend, to any male minor, a bowie knife, or knife or instrument of the like kind or description, by whatever name called, or air gun or pistol, shall, on conviction be fined not less than three hundred, nor more than one thousand dollars. <span style="float:right">Penalty.</span>

Approved, Feb. 2, 1856.

---

[No. 27.]        AN ACT

To declare Luxapalila Creek in Fayette county a public highway.

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened,* That from and after the passage of this act, Luxapalila Creek in Fayette county, from the State line up to Wood's Mill on said stream, be, and the same is hereby, declared a public highway.

Approved, February 15, 1856.

Exhibit 7

0173



Content downloaded/printed from          *HeinOnline*

Thu Nov  7 14:47:57 2019

Citations:

Bluebook 20th ed.
1881 289 .

ALWD 6th ed.
1881 289 .

Chicago 7th ed.
, "," Delaware - General Assembly, Regular Session : 289-[iv]

OSCOLA 4th ed.
, '' 1881 289

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0174

OF CRIMES AND PUNISHMENTS.

*Penalty.*    be found the court shall impose a fine on the person so found guilty of the breaking and entering, not exceeding three hundred dollars, or shall imprison him for a term not exceeding three years, or both, at the discretion of the court.

*Passed at Dover, February* 24, 1881.

---

## CHAPTER 548.

### OF OFFENSES AGAINST PUBLIC JUSTICE.

*Title.*    AN ACT providing for the punishment of persons carrying concealed deadly weapons.

*Be it enacted by the Senate and House of Representatives of the State of Delaware, in General Assembly met:*

*Unlawful to carry concealed deadly weapons.*

*Punishment.*

SECTION 1. That if any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, or shall knowingly sell a deadly weapon to a minor other than an ordinary pocket knife, such person shall, upon conviction thereof, be fined not less than twenty-five nor more than one hundred dollars or imprisoned in the county jail for not less than ten nor more than thirty days, or both at the discretion of the court: *Provided,* that the provisions of this section shall not apply to the carrying of the usual weapons by policemen and other peace officers.

*Discharging fire-arms in any public road, a misdemeanor.*

*Penalty.*

SECTION 2. That if any person shall, except in lawful self-defence discharge any fire-arm in any public road in this State, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by fine not exceeding fifty dollars or by imprisonment not exceeding one month, or both at the discretion of the court.

*Unlawful to point a gun or pistol at another.*

SECTION 3. That it shall be unlawful for any person, either in jest or otherwise, intentionally to point a gun, pistol or other fire-arms at or towards any other person at any time or place. Any person violating any provision of this section shall, upon conviction thereof, pay a fine of not less than ten dollars nor more than one hundred dollars and the cost of prosecution, and should

Exhibit 7

0175

OF CRIMES AND PUNISHMENTS.

·death result to any person by the discharge of such gun, pistol or other fire-arm while so pointed, the person pointing the same *Penalty.* shall be guilty of manslaughter when such killing shall not .amount to murder, and shall be punished accordingly.

*Passed at Dover, April 8, 1881.*

## CHAPTER 519.

### GENERAL PROVISIONS CONCERNING CRIMES AND PUNISHMENTS.

AN ACT to amend Chapter 133 of the Revised Code, (General Provisions *Title.* Concerning Crimes, &c.)

*Be it enacted by the Senate and House of Representatives of the State of Delaware, in General Assembly met:*

SECTION 1. That Section 10 of Chapter 133 of the Revised *Section 10, Chap. 133,* ·Code, be amended by adding thereto as follows: If no order *R. Code, amended.* has been made by the court at the term when the sentence was made, or at a succeeding term, the resident judge of the county, .shall have power to make such order upon petition and proof of inability; and the said order when made and filed with the ·Clerk of the Peace, shall be sufficient authority for the discharge of the prisoner. It shall be the duty of the Clerk of the Peace ·to furnish the sheriff at once with a certified copy of said order

*Passed at Dover, January 26, 1881.*

Exhibit 7

0176



Content downloaded/printed from                    *HeinOnline*

Thu Nov  7 15:07:40 2019

Citations:

Bluebook 20th ed.
To punish the carrying or selling of deadly or dangerous weapons within the District
of Columbia, and for other purposes., Chapter 159, 52 Congress, Public Law 52-159. 27
Stat. 116 (1892).

ALWD 6th ed.
To punish the carrying or selling of deadly or dangerous weapons within the District
of Columbia, and for other purposes., Chapter 159, 52 Congress, Public Law 52-159. 27
Stat. 116 (1892).

APA 6th ed.
To punish the carrying or selling of deadly or dangerous weapons within the District
of Columbia, and for other purposes., Chapter 159, 52 Congress, Public Law 52-159. 27
Stat. 116 (1892).

Chicago 7th ed.
, "Chapter 159, 52 Congress, Session 1, An Act: To punish the carrying or selling of
deadly or dangerous weapons within the District of Columbia, and for other
purposes.," U.S. Statutes at Large 27, no. Main Section (1892): 116-118

McGill Guide 9th ed.
To punish the carrying or selling of deadly or dangerous weapons within the District
of Columbia, and for other purposes., Chapter 159, 52 Congress, Public Law 52-159. 27
Stat. 116 (1892).

MLA 8th ed.
To punish the carrying or selling of deadly or dangerous weapons within the District
of Columbia, and for other purposes., Chapter 159, 52 Congress, Public Law 52-159. 27
Stat. 116 (1892). HeinOnline.

OSCOLA 4th ed.
To punish the carrying or selling of deadly or dangerous weapons within the District
of Columbia, and for other purposes., Chapter 159, 52 Congress, Public Law 52-159. 27
Stat. 116 (1892).

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0177

submitting plan and estimate for its improvement; and the Chief of Engineers shall submit to the Secretary of War the reports of the local and division engineers, with his views thereon and his opinion of the public necessity or convenience to be subserved by the proposed improvement; **Reports to be sent to House of Representatives and printed.** and all such reports of preliminary examinations with such recommendations as he may see proper to make, shall be transmitted by the Secretary of War to the House of Representatives, and are hereby ordered to be printed when so made.

**Appropriation for examinations, etc.** Sec. 8. For preliminary examinations, contingencies, expenses connected with inspection of bridges, the service of notice required in such cases, the examination of bridge sites and reports thereon, and for incidental repairs for which there is no special appropriation for rivers and harbors, one hundred and twenty-five thousand dollars: **Provisos. No survey, etc., unless provided for.** *Provided,* That no preliminary examination, survey, project, or estimate for new works other than those designated in this act shall be made: *And provided further,* That after the regular or formal report on any examination, survey, project, or work under way or proposed is **No supplemental reports, etc., to be made.** submitted, no supplemental or additional report or estimate, for the same fiscal year, shall be made unless ordered by a resolution of Congress. The Government shall not be deemed to have entered upon any project for the improvement of any water way or harbor mentioned in **No project authorized until appropriation made.** this act until funds for the commencement of the proposed work shall have been actually appropriated by law.

Approved, July 13, 1892.

---

July 13, 1892.

**CHAP. 159.**—An Act to punish the carrying or selling of deadly or dangerous weapons within the District of Columbia, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United* **District of Columbia.** *States of America in Congress assembled,* That it shall not be lawful for any person or persons within the District of Columbia, to have concealed **Carrying concealed weapons forbidden.** about their person any deadly or dangerous weapons, such as daggers, air-guns, pistols, bowie-knives, dirk knives or dirks, blackjacks, razors, razor blades, sword canes, slung shot, brass or other metal knuckles.

**Openly carrying weapons with unlawful intent forbidden.** Sec. 2. That it shall not be lawful for any person or persons within the District of Columbia to carry openly any such weapons as hereinbefore described with intent to unlawfully use the same, and any person or persons violating either of these sections shall be deemed guilty of **Punishment, first offense.** a misdemeanor, and upon conviction thereof shall, for the first offense, forfeit and pay a fine or penalty of not less than fifty dollars nor more than five hundred dollars, of which one half shall be paid to any one giving information leading to such conviction, or be imprisoned in the jail of the District of Columbia not exceeding six months, or both such **Provisos. Exceptions.** fine and imprisonment, in the discretion of the court: *Provided,* That the officers, non-commissioned officers, and privates of the United States Army, Navy, or Marine Corps, or of any regularly organized Militia Company, police officers, officers guarding prisoners, officials of the United States or the District of Columbia engaged in the execution of the laws for the protection of persons or property, when any of such persons are on duty, shall not be liable for carrying necessary arms for use in performance of their duty: *Provided, further,* that nothing **Lawful use of weapons.** contained in the first or second sections of this act shall be so construed as to prevent any person from keeping or carrying about his place of business, dwelling house, or premises any such dangerous or deadly weapons, or from carrying the same from place of purchase to his dwelling house or place of business or from his dwelling house or place of business to any place where repairing is done, to have the same repaired, and back again: *Provided further,* That nothing contained in the first or second sections of this act shall be so construed as to apply **Permits.** to any person who shall have been granted a written permit to carry such weapon or weapons by any judge of the police court of the District

Exhibit 7

0178

of Columbia, and authority is hereby given to any such judge to grant such permit for a period of not more than one month at any one time, upon satisfactory proof to him of the necessity for the granting thereof; and further, upon the filing with such judge of a bond, with sureties to be approved by said judge, by the applicant for such permit, conditioned to the United States in such penal sum as said judge shall require for the keeping of the peace, save in the case of necessary self-defense by such applicant during the continuance of said permit, which bond shall be put in suit by the United States for its benefit upon any breach of such condition.

SEC. 3. That for the second violation of the provisions of either of the preceding sections the person or persons offending shall be proceeded against by indictment in the supreme court of the District of Columbia, and upon conviction thereof shall be imprisoned in the penitentiary for not more than three years. *Punishment, second offense.*

SEC. 4. That all such weapons as hereinbefore described which may be taken from any person offending against any of the provisions of this act shall, upon conviction of such person, be disposed of as may be ordered by the judge trying the case, and the record shall show any and all such orders relating thereto as a part of the judgment in the case. *Disposition of weapons taken from offenders.*

SEC. 5. That any person or persons who shall, within the District of Columbia, sell, barter, hire, lend or give to any minor under the age of twenty-one years any such weapon as hereinbefore described shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, pay a fine or penalty of not less than twenty dollars nor more than one hundred dollars, or be imprisoned in the jail of the District of Columbia not more than three months. No person shall engage in or conduct the business of selling, bartering, hiring, lending, or giving any weapon or weapons of the kind hereinbefore named without having previously obtained from the Commissioners of the District of Columbia a special license authorizing the conduct of such business by such person, and the said Commissioners are hereby authorized to grant such license, without fee therefor, upon the filing with them by the applicant therefor of a bond with sureties to be by them approved, conditioned in such penal sum as they shall fix to the United States for the compliance by said applicant with all the provisions of this section; and upon any breach or breaches of said condition said bond shall be put in suit by said United States for its benefit, and said Commissioners may revoke said license. Any person engaging in said business without having previously obtained said special license shall be guilty of a misdemeanor, and upon conviction thereof shall be sentenced to pay a fine of not less than one hundred dollars nor more than five hundred dollars, of which one half shall be paid to the informer, if any, whose information shall lead to the conviction of the person paying said fine. All persons whose business it is to sell barter, hire, lend or give any such weapon or weapons shall be and they hereby, are, required to keep a written register of the name and residence of every purchaser, barterer, hirer, borrower, or donee of any such weapon or weapons, which register shall be subject to the inspection of the major and superintendent of Metropolitan Police of the District of Columbia, and further to make a weekly report, under oath to said major, and superintendent of all such sales, barterings, hirings, lendings or gifts. And one half of every fine imposed under this section shall be paid to the informer, if any, whose information shall have led to the conviction of the person paying said fine. Any police officer failing to arrest any person guilty in his sight or presence and knowledge of any violation of any section of this act shall be fined not less than fifty nor more than five hundred dollars *Punishment for sale of weapons to minors.* *Special license for dealers in weapons.* *Penalty for dealing without license.* *Register of sales, etc.* *Half of fine to informer.* *Penalty for failure to arrest by officers.*

SEC 6. That all acts or parts of acts inconsistent with the provisions of this act be, and the same hereby are, repealed. *Repeal.*

Approved, July 13, 1892.

Exhibit 7

0179



Content downloaded/printed from          *HeinOnline*

Thu Nov  7 14:39:41 2019

Citations:

Bluebook 20th ed.
1876 112 .

ALWD 6th ed.
1876 112 .

Chicago 7th ed.
, "," Georgia - Regular Session : 112-113

OSCOLA 4th ed.
, '' 1876 112

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
      *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0180

## No. CXXVII.—(O. No. 230.)

Section 1. Punishment for cruelty to animals.

*An Act to alter and amend an Act entitled an Act for the prevention of cruelty to animals, approved March 1, 1875.*

Punishment for cruelty to animals    SECTION I.    *Be it enacted, etc.,* That from and after the passage of this Act, that the Act entitled an Act for the prevention of cruelty to animals be altered and amended by striking out the words, in the last line of said Act, "be fined in a sum not to exceed fifty dollars," and insert in lieu thereof the words "be punished as prescribed in section 4310 of the Code of 1873."

Sec. II.   Repeals conflicting laws.

Approved February 23, 1876.

## No. CXXVIII.—(O. No. 63.)

Section 1. Furnishing deadly weapons to minors prohibited.

*An Act to punish any person or persons who shall sell, give, lend or furnish any minor or minors with deadly weapons herein mentioned, and for other purposes.*

Furnishing deadly weapons to minors prohibited    SECTION I.    *Be it enacted, etc.,* That from and after the passage of this Act it shall not be lawful for any person or persons knowingly to sell, give, lend or furnish any minor or minors any pistol, dirk, bowie knife or sword cane.   Any person found guilty of a

Penalty for violation    violation of this Act shall be guilty of a misdemeanor, and punished as prescribed in section 4310 of the Code of 1873 : *Provided,*

Proviso    that nothing herein contained shall be construed as forbidding the furnishing of such weapons under circumstances justifying their use in defending life, limb or property.

Sec. II.   Repeals conflicting laws.

Approved February 17, 1876.

## No. CXXIX.—(O. No. 184.)

Section.
1.  Penalty for escapes.

Section.
2.  *Particeps criminis.*

*An Act to provide a penalty for escapes from the "chain gang," and for other purposes.*

Penalty for escapes    SECTION I.    *Be it enacted, etc.,* That from and after the passage of this Act, if any person or persons shall be convicted of any offense below the grade of felony, and such person or persons shall escape from the "chain gang," or from any other place of

Exhibit 7

0181



Content downloaded/printed from          *HeinOnline*

Thu Nov  7 14:49:35 2019

Citations:

Bluebook 20th ed.
1881 1 .

ALWD 6th ed.
1881 1 .

Chicago 7th ed.
, "," Illinois - 32nd General Assembly, 1st Session : 1-158

OSCOLA 4th ed.
, '' 1881 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0182

# CRIMINAL CODE.

### DEADLY WEAPONS.

#### REGULATES TRAFFIC AND PREVENTS SALE TO MINORS.

§ 1. Forbids possession or sale of slung-shots or knuckles—penalty.

§ 2. Forbids sale, loan or gift to minors, of fire-arms or other deadly weapons—penalty.

§ 3. Provides for registry of sales by dealers in deadly weapons—Form of register—penalty for failure to keep ame.

§ 4. Penalty for carrying deadly weapons or display of same.

§ 5. Fines and penalties—how recovered — Increased penalty for second offense.

§ 6. Exempts sheriffs, coroners, constables, policemen or peace officers from provisions of this act.

§ 7. Repealing clause for acts in conflict.

In force July 1, 1881.

An Act to regulate the traffic in deadly weapons, and to prevent the sale of them to minors.

Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That whoever shall have in his possession, or sell, give or loan, hire or barter, or whoever shall offer to sell, give, loan, hire or barter, to any person within this state, any slung-shot or metallic knuckles, or other deadly weapon of like character, or any person in whose possession such weapons shall be found, shall be guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than ten dollars ($10) nor more than two hundred dollars ($200).

§ 2. Whoever, not being the father, guardian or employer of the minor herein named, by himself or agent, shall sell, give, loan, hire or barter, or shall offer to sell, give, loan, hire or barter to any minor within this state, any pistol, revolver, derringer, bowie knife, dirk or other deadly weapon of like character, capable of being see ed upon the person, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25) nor more than two hundred dollars ($200).

§ 3. All persons dealing in deadly weapons, hereinbefore mentioned, at retail within this state shall keep a register of all such weapons sold or given away by them. Such register shall contain the date of the sale or gift, the name and age of the person to whom the weapon is sold or given, the price of the said weapon, and the purpose for which it is purchased or obtained. The said register shall be in the following form:

| No. of weapon. | To whom sold or given. | Age of purchaser. | Kind and description of weapon. | For what purpose purchased or obtained. | Price of weapon. |
|---|---|---|---|---|---|
| | | | | | |

Said register shall be kept open for the inspection of the public, and all persons who may wish to examine the same may do so at all reasonable times during business hours. A failure to keep such register, or to allow an examination of the same, or to record

Exhibit 7

0183

therein any sale or gift of a deadly weapon, or the keeping of a false register, shall be a misdemeanor, and shall subject the offender to a fine of not less than twenty-five dollars ($25) nor more than two hundred dollars ($200).

§ 4. Whoever shall carry a concealed weapon upon or about his person or the character in this act specified, or razor as a weapon, or whoever, in a threatening or boisterous manner, shall display or flourish any deadly weapon, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25) nor more than two hundred dollars ($200).

§ 5. All fines and penalties specified in this act may be recovered by information, complaint or indictment, or other appropriate remedy, in any court of competent jurisdiction; and, when recovered, shall be paid into the county treasury of the county where the conviction is had, and become a part of the current revenue of the county; or the said fines and penalties may be recovered by *qui tam* action, one-half to be paid to the informer, and the other half to be paid into the county treasury, as aforesaid. For a second violation of any of the provisions of this act the offender shall be fined in double the amount herein specified, or may be committed to the county jail for any term not exceeding twenty days, in the discretion of the court.

§ 6. Section four (4) of this act shall not apply to sheriffs, coroners, constables, policemen or other peace officers, while engaged in the discharge of their official duties, or to any person summoned by any of such officers to assist in making arrest, or preserving the peace, while such person so summoned is engaged in assisting such officer.

§ 7. All acts and parts of acts in conflict with this act are hereby repealed.

APPROVED April 16, 1881.

———

PENALTY FOR ADULTERATION OF BUTTER AND CHEESE.

§ 1. Manufacture of imitations or adulteration of butter and cheese prohibited—Penalty.

§ 2. Repealing clause.
In force July 1, 1881.

AN ACT to prevent the adulteration of butter and cheese, or the sale or disposal of the same, or the manufacture or sale of any article as a substitute for butter or cheese, or any article to be used as butter and cheese.

SECTION 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That whoever manufactures out of any oleaginous substances, or any compound of the same other than that produced from unadulterated milk, or cream from the same,

Exhibit 7

0184



Content downloaded/printed from                    *HeinOnline*

Thu Nov  7 14:38:14 2019

Citations:

Bluebook 20th ed.
1875 59 .

ALWD 6th ed.
1875 59 .

Chicago 7th ed.
, "," Indiana - 49th Regular Session : 59-60

OSCOLA 4th ed.
, '' 1875 59

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0185

## CHAPTER XL.

AN ACT to prohibit the sale, gift, or bartering of deadly weapons or ammunition therefor, to minors.

[APPROVED FEBRUARY 27, 1875.]

SECTION 1. *Be it enacted by the General Assembly of the State of Indiana,* That it shall be unlawful for any person to sell, barter, or give to any other person, under the age of twenty-one years, any pistol, dirk, or bowie-knife, slung-shot, knucks, or other deadly weapon that can be worn, or carried, concealed upon or about the person, or to sell, barter, or give to any person, under the age of twenty-one years, any cartridges manufactured and designed for use in a pistol. *{Unlawful to sell, barter or give to minors deadly weapons or cartridges for pistol.}*

SEC. 2. *Be it further enacted,* That any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than five dollars, nor more than fifty dollars. *{Penalty.}*

## CHAPTER XLI.

AN ACT in relation to the settlement of claims against decedents' estates.

[APPROVED MARCH 11, 1875.]

SEC. 1. *Be it enacted by the General Assembly of the State of Indiana,* That whenever a claim shall exist in favor of an executor or administrator against the estate he represents, which accrued before the death of such decedent, the same shall be filed against said estate, with the affidavit of the claimant attached, to the effect that the same is justly due and wholly unpaid, and placed upon the dockets of the court having jurisdiction of the estate against which said claim is filed, thirty days before the commencement of the term of said court, during which said claim is to be presented for allowance. And the Judge of said court shall represent said estate, and shall examine into the nature of *{Claims against decedent's estate, filing examination, allowance, and payment of same.}* *{Judge shall represent estate.}*

Exhibit 7

0186



Content downloaded/printed from          *HeinOnline*

Thu Nov  7 14:58:01 2019

Citations:

Bluebook 20th ed.
1884 1 .

ALWD 6th ed.
1884 1 .

Chicago 7th ed.
, "," Iowa - 20th General Assembly, Regular Session : 1-248

OSCOLA 4th ed.
, '' 1884 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



# CHAPTER 78.

### RELATING TO SALE OF FIRE ARMS TO MINORS.

H. F. 104.     AN ACT to Prohibit the Selling or Giving of Fire Arms to Minors.

*Be it enacted by the General Assembly of the State of Iowa:*

Unlawful to sell or give to minors fire arms or toy pistols.     SECTION 1.   That it shall be unlawful for any person to knowingly sell, present or give any pistol, revolver or toy pistol to any minor.

Fine or imprisonment.     SEC. 2.   Any violation of this act shall be punishable by a fine of not less than twenty-five nor more than one hundred dollars or by imprisonment in the county jail of not less than ten nor more than thirty days.

Publication.     SEC. 3.   This act being deemed of immediate importance shall be in full force and take effect from and after its publication in the Iowa State Leader and Iowa State Register, newspapers published at Des Moines, Iowa.

Approved, March 29, 1884.

I hereby certify that the foregoing act was published in the *Iowa State Leader* April 2, and *Iowa State Register* April 3, 1884.

J. A. T. HULL, *Secretary of State.*

# CHAPTER 79.

### CITIES AND TOWNS.

S. F. 380.     AN ACT to Amend Chapter ninety-five (95) of Laws of Sixteenth General Assembly.

*Be it enacted by the General Assembly of the State of Iowa:*

Chap. 95, 16th G. A., amended.     SECTION 1.   That chapter ninety-five (95) of the laws of the sixteenth general assembly be amended by striking out the number "4,500" in the fifth line of section one of said chapter

Loans.     and inserting the number "3,500" in lieu thereof.

Publication.     SEC. 2.   This act being deemed of immediate importance the same shall take effect from and after its publication in the Iowa State Register and Iowa State Leader, newspapers published in Des Moines, Iowa.

Approved, March 29, 1884.

I hereby certify that the foregoing act was published in the *Iowa State Register* April 3, and in the *Iowa State Leader* April 2, 1884.

J. A. T. HULL, *Secretary of State.*

Exhibit 7

0188



Content downloaded/printed from          *HeinOnline*

Thu Nov  7 14:55:45 2019

Citations:

Bluebook 20th ed.
1883 1 .

ALWD 6th ed.
1883 1 .

Chicago 7th ed.
, "," Kansas - 20th Legislature, Regular Session : 1-268

OSCOLA 4th ed.
, '' 1883 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0189

within thirty days after the said misdemeanor is alleged to have been committed.

SEC. 3. This act shall take effect and be in force from and after its publication in the official state paper.

Approved March 5, 1883.

I hereby certify that the foregoing is a true and correct copy of the original enrolled bill now on file in my office, and that the same was published in the official state paper, March 6, 1883.                    JAMES SMITH, *Secretary of State.*

— -   .      ... -   ...—

## CHAPTER CV.

CRIMES AND PUNISHMENTS — RELATING TO MINORS AND DEADLY WEAPONS OR TOY PISTOLS.

[House Bill No. 99.]

AN ACT to prevent selling, trading or giving deadly weapons or toy pistols to minors, and to provide punishment therefor.

*Be it enacted by the Legislature of the State of Kansas:*

SECTION 1. Any person who shall sell, trade, give, loan or otherwise furnish any pistol, revolver or toy pistol, by which cartridges or caps may be exploded, or any dirk, bowie-knife, brass knuckles, slung shot, or other dangerous weapons to any minor, or to any person of notoriously unsound mind, shall be deemed guilty of a misdemeanor, and shall, upon conviction before any court of competent jurisdiction, be fined not less than five nor more than one hundred dollars.

SEC. 2. Any minor who shall have in his possession any pistol, revolver or toy pistol, by which cartridges may be exploded, or any dirk, bowie-knife, brass knuckles, slung shot or other dangerous weapon, shall be deemed guilty of a misdemeanor, and upon conviction before any court of competent jurisdiction shall be fined not less than one nor more than ten dollars.

SEC. 3. This act to take effect and be in force from and after its publication in the official state paper.

Approved March 5, 1883.

Exhibit 7

0190



Content downloaded/printed from          *HeinOnline*

Thu Nov  7 14:37:01 2019

Citations:

Bluebook 20th ed.
Edward I. Bullock, Editor; William Johnson, Editor. General Statutes of the
Commonwealth of Kentucky (1873).

ALWD 6th ed.
Edward I. Bullock, Editor; William Johnson, Editor. General Statutes of the
Commonwealth of Kentucky (1873).

APA 6th ed.
Bullock, E. (1873). General Statutes of the Commonwealth of Kentucky. Frankfort, KY,
Printed at the Kentucky Yeoman Office.

Chicago 7th ed.
Bullock Edward I., Editor; William Johnson, Editor. General Statutes of the
Commonwealth of Kentucky. Frankfort, KY, Printed at the Kentucky Yeoman Office.

McGill Guide 9th ed.
Edward I. Bullock, Editor; William Johnson, Editor, General Statutes of the
Commonwealth of Kentucky (Frankfort, KY: Printed at the Kentucky Yeoman Office.,
1873)

MLA 8th ed.
Bullock, Edward I., Editor, and Editor William Johnson. General Statutes of the
Commonwealth of Kentucky. Frankfort, KY, Printed at the Kentucky Yeoman Office.
HeinOnline.

OSCOLA 4th ed.
Bullock, Edward I., Editor; William Johnson, Editor. General Statutes of the
Commonwealth of Kentucky. Frankfort, KY, Printed at the Kentucky Yeoman Office.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0191

§ 7. If any person unlawfully, but not with felonious intention, take, carry away, deface, destroy, or injure any property, real or personal, or other thing of value not his own, or willfully and knowingly, without a felonious intention, break down, destroy, injure, or remove any monument erected to designate the boundaries of this State, or any county, city, or town thereof, or the boundaries of any tract or lot of land, or any tree marked, or post or stone planted for that purpose, he shall be fined not less than ten nor more than two thousand dollars. *Carrying away or injuring property unlawfully, but not with felonious intent.*

§ 8. If any person shall willfully and unlawfully cut down or destroy, by belting, topping, or otherwise, any fruit or shade tree of another, or quarry stone on the land, pull down or open the fence or gate, destroy or injure the vegetables, trees, or shrubbery of any other person, he shall be fined not less than five nor more than five hundred dollars. *Destroying or injuring fruit trees, quarrying stone, injuring gates, fences, vegetables, etc.*

§ 9. If any person willfully and unlawfully pull down or injure a church, court-house, school-house, or other public building, he shall be fined not less than five nor more than five thousand dollars. *Injuring church, court-house, etc.*

## ARTICLE XXIX.
### Deadly Weapons.

§ 1. If any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, or shall sell a deadly weapon to a minor other than an ordinary pocket knife, such person shall, upon indictment and conviction, be fined not less than twenty-five nor more than one hundred dollars, and imprisoned in the county jail for not less than ten nor more than thirty days, in the discretion of the court or jury trying the case. *Carrying concealed deadly weapons.*

§ 2. That it shall be the duty of all ministerial officers in this State to apprehend such violator within their knowledge of this act, and to take such persons before a magistrate of the county in which said offense was committed; and if said magistrate shall, upon hearing the evidence, believe such accused person guilty of the offense charged, he shall require such accused person to give such bail as will insure his or her appearance at the next term of the circuit court for said county, to answer any indictment found against him or her in said court for said offense. *Duty of ministerial officers.*

Exhibit 7

0192

§ 3. If any such officer shall knowingly and willfully fail
to refuse to discharge the duties imposed and required of
him under this act, he shall, upon indictment found by the
grand jury of his county, and on conviction, be fined in a
sum of not less than one hundred nor more than five hund-
red dollars.

*Officer failing or refusing to discharge his duty.*

§ 4. That if judgment shall be confessed under this article,
the penalty shall be the highest punishment imposed herein.

*If judgment confessed, shall be for highest amount.*

§ 5. Carrying concealed deadly weapons shall be lawful in
the following cases: 1st. When the person has reasonable
grounds to believe his person or the person of some of his
family, or his property is in immediate danger from violence
or crime; 2d. By sheriffs, constables, marshals, policemen,
and other ministerial officers, when necessary for their pro-
tection in the discharge of their official duties.

*Lawful in the following cases.*

## ARTICLE XXX.
### *Pardon Brokerage and Lobbying.*

§ 1. If any person other than an officer of this Common-
wealth, for fee or reward, or the promise thereof, shall en-
gage, or assist in procuring the passage of any bill or act,
or the rejection thereof, by the General Assembly, not being
a member thereof, or the granting or refusing of a pardon,
or remission or respite of any punishment or fine, by the
Governor, he shall be fined not less than twenty nor more
than five hundred dollars; but this section shall not apply
to an attorney at law, or other person who may orally, or
in writing, appear before any committee of the General As-
sembly, or either House thereof, in advocacy of the passage
of a bill or act, or the rejection thereof by the General As-
sembly or any such committee.

*Unlawful for certain persons for fee or reward to procure the passage or rejection of a bill.*

§ 2. If any officer of this State, or a member of the Gen-
eral Assembly, or officer thereof, shall, for fee, reward, or
promise thereof, engage or assist in the prosecution, or in
procuring the allowance or payment of any claim against
this State, or in procuring the passage or rejection of a bill
or act by the General Assembly, or in procuring a pardon
or remission of a fine, or the refusal of either by the Gov-
ernor, he shall be fined not less than twenty dollars, forfeit
his office and right to hold office. The proper courts of
Franklin county, or of the residence of the offender, shall
have jurisdiction under this and the next preceding section.

*Unlawful for officer or member of the General Assembly to procure the allowance of a claim or the passage or rejection of a bill.*

Exhibit 7

0193



Content downloaded/printed from                    *HeinOnline*

Thu Nov  7 14:59:08 2019

Citations:

Bluebook 20th ed.
1890 39 .

ALWD 6th ed.
1890 39 .

Chicago 7th ed.
, "," Louisiana - General Assembly, Regular Session : 39-39

OSCOLA 4th ed.
, '' 1890 39

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0194

filed by the defendant, or by his counsel, the party cast in the suit, shall be considered duly notified of the judgment by the fact of its being signed by the judge;

*Provided,* that in the country parishes no execution shall issue in cases where an appeal lies, until ten days after the adjournment of the court by which the judgment was rendered, within which delay a party may take a suspensive appeal on filing petition and appeal bond as now provided by law.

*Relative to appeals in the country parishes.*

S. P. HENRY,
Speaker of the House of Representatives.
JAMES JEFFRIES.
Lieut.-Governor and President of the Senate.
Approved July 1st, 1890.
FRANCIS T. NICHOLLS,
Governor of the State of Louisiana.
A true copy from the original:
L. F. MASON
Secretary of State.

---

No. 46.]      **AN ACT**

Making it a misdemeanor for any person to sell, give or lease, to any minor, any pistol, bowie-knife, dirk or any weapon, intended to be carried or used as a concealed weapon.

SECTION 1. *Be it enacted by the General Assembly of the State of Louisiana,* That, hereafter, it shall be unlawful, for any person to sell, or lease or give through himself or any other person, any pistol, dirk, bowie-knife or any other dangerous weapon, which may be carried concealed to any person under the age of twenty-one years.

*Making it a misdemeanor to sell to any minor any pistol, bowie-knife, dirk or other weapon.*

SECTION 2. *Be it further enacted, etc,* That any person violating the provisions of this act shall be deemed guilty of a misdemeanor and upon conviction thereof, shall pay a fine of not less than twenty-five dollars nor more than one hundred dollars, and in default of the payment of said fine, by imprisonment not exceeding twenty days.

*Penalty.*

SEC. 3. *Be it further enacted, etc.,* That all laws or parts of laws in conflict with this act be and the same are hereby repealed, and that this act take effect from and after its passage.

*Repealing clause.*

S. P. HENRY,
Speaker of the House of Representatives.
JAMES JEFFRIES,
Lieut.-Governor and President of the Senate.
Approved July 1, 1890.
FRANCIS T. NICHOLLS,
Governor of the State of Louisiana.
A true copy from the original:
L. F. MASON,
Secretary of State.

Exhibit 7



Content downloaded/printed from                    *HeinOnline*

Thu Nov  7 14:52:01 2019

Citations:

Bluebook 20th ed.
1882 656 .

ALWD 6th ed.
1882 656 .

Chicago 7th ed.
, "," Maryland - General Assembly, January Session : 656-657

OSCOLA 4th ed.
, '' 1882 656

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0196

## Chapter 424.

AN ACT to prohibit the sale of "Deadly Weapons to Minors."

SECTION 1. *Be it enacted by the General Assembly of Maryland,* That it shall be unlawful for any person or persons within the State of Maryland to manufacture or to sell, barter or give away the cartridge toy pistol to any one whomsoever.

Cartridge toy pistol.

SEC. 2. *Be it enacted,* That it shall be unlawful for any person, be he or she licensed dealer or not, to sell, barter or give away any firearm whatsoever or other deadly weapons, except shot gun, fowling pieces and rifles, to any person who is a minor under the age of twenty-one years. Any person or persons violating any of the provisions of this act shall, on conviction thereof, pay a fine of not less than fifty nor more than two hundred dollars, together with the cost of prosecution, and upon failure to pay said fine and cost, be committed to jail and confined therein until such fine and costs are paid, or for the period of sixty days, whichever shall first occur.

Prohibiting selling to minors.

SEC. 3. *And be it enacted,* That this act shall take effect from the date of its passage.

Effective.

Approved May 3, 1882.

––––––––•••––––––––

## Chapter 425.

AN ACT to authorize the Commissioners of Talbot county to open water courses through private property in said county to secure the proper drainage of the public roads therein.

SECTION 1. *Be it enacted by the General Assembly of Maryland,* That whenever any supervisor or contractor of the public roads in Talbot county shall find it necessary to open a water course through private property in said county, to secure the proper drainage of any public road therein, he shall forthwith so inform the County Commissioners of Talbot county, and if the owner or owners of said

Open water course.

Exhibit 7

property consent to the opening of such water
course, or if such owner or owners and the said
county commissioners shall agree upon the value
and price to be paid for the same, then such con-
sent and agreement shall be entered on the books
of the said county commissioners, and such water
course shall be opened; but if they cannot agree,
and the said county commissioners decide that the
opening of such water course is necessary to drain
said road, they shall authorize the said supervisor **Disagreement
—how settled.**
or contractor to summon a jury of twelve men to
value and condemn the said water course, deduct-
ing from their estimate the value, if any, that such
water course will be to the owner or owners of
said property, through which it shall pass, and as
soon as the money for such water course is ten-
dered to the owner or owners of said private pro-
perty, the said supervisor or contractor shall im-
mediately cause such water course to be opened.

SEC. 2. *And be it enacted,* That this act shall **Effective.**
take effect from the date of its passage.

Approved May 3, 1882.

---

### Chapter 127.

AN ACT to repeal and re-enact with amendments
section one of chapter three hundred and eighteen
of the acts of the General Assembly of eighteen
hundred and eighty, entitled " An act to fix the
compensation of the sheriff of Montgomery coun-
ty for keeping and boarding prisoners committed
to the jail of said county."

SECTION 1. *Be it enacted by the General Assem-
bly of Maryland,* That section one of chapter three
hundred and eighteen of the acts of the General
Assembly of eighteen hundred and eighty, entitled **Repealed and
re-enacted.**
" An act to fix the compensation of the sheriff of
Montgomery county for keeping and boarding pris-
oners committed to the jail of said county," be and
the same is hereby repealed and re-enacted so as to
read as follows:

42

Exhibit 7

0198



Content downloaded/printed from          *HeinOnline*

Thu Nov  7 14:41:07 2019

Citations:

Bluebook 20th ed.
1878 175 .

ALWD 6th ed.
1878 175 .

Chicago 7th ed.
, "," Mississippi - Regular Session : 175-176

OSCOLA 4th ed.
, '' 1878 175

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
      *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0199

## CHAPTER XLVI.

**AN ACT to prevent the carrying of concealed weapons, and for other purposes.**

SECTION 1. *Be it enacted by the Legislature of the State of Mississippi,* That any person, not being threatened with, or having good and sufficient reason to apprehend an attack, or traveling (not being a tramp) or setting out on a journey, or peace officers, or deputies in discharge of their duties, who carries concealed. in whole or in part, any bowie knife, pistol, brass knuckles, slung shot or other deadly weapon of like kind or description, shall be deemed guilty of a misdemeanor, and on conviction, shall be. punished for the first offence by a fine of not less than five dollars nor more than one hundred dollars, and in the event the fine and cost are not paid shall be required to work at hard labor under the direction of the board of supervisors or of the court, not exceeding two months, and for the second or any subsequent offence, shall, on conviction, be fined not less than fifty nor more than two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor not exceeding six months under the direction of the board of supervisors, or of the court. That in any proceeding under this section, it shall not be necessary for the State to allege or prove any of the exceptions herein contained, but the burden of proving such exception shall be on the accused.

*When concealed weapons may be carried.*

*Penalty for carrying weapons.*

*Burden of proof on accused.*

SEC. 2. *Be it further enacted,* That it shall not be lawful for any person to sell to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any weapon of the kind or description in the first section of this Act described, or any pistol cartridge, and on conviction shall be punished by a fine not exceeding two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor under the direction of the board of supervisors or of the court, not exceeding six months.

*Minors, or persons intoxicated.*

Exhibit 7

0200

SEC. 3. *Be it further enacted,* That any father, who shall knowingly suffer or permit **Minor under 16 years.** any minor son under the age of sixteen years to carry concealed, in whole or in part, any weapon of the kind or description in the first section of this Act described, shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than twenty dollars, nor more than two hundred dollars, and if the fine and costs are not paid, shall be condemned to hard labor under the direction of the board of supervisors or of the court.

SEC. 4. *Be it further enacted,* That any student of any university, college or school. who shall carry concealed, in whole or in part, **Students.** any weapon of the kind or description in the first section of this Act described, or any teacher, instructor, or professor who shall, knowingly, suffer or permit any such weapon to be carried by any student or pupil, shall be deemed guilty of a misdemeanor, and, on conviction, be fined not exceeding three hundred dollars, and if the fine and costs are not paid, condemned to hard labor under the direction of the board of supervisors or of the court.

SEC. 5. *Be it further enacted,* That each **Tax fee of justice.** justice of the peace before whom a conviction is had, shall, in addition to the costs now allowed by law, be entitled to a tax fee of two dollars and a half.

SEC. 6. *Be it further enacted,* That immediately after the passage of this Act, the Sec- **Act to be read in courts** retary of State shall transmit a copy to each circuit judge in the State, who shall cause the same to be read in open court on the day for the calling of the State docket of the court.

SEC. 7. *Be it further enacted,* That this Act take effect from and after its passage.

APPROVED, February 28, 1878.

Exhibit 7

0201



Content downloaded/printed from          *HeinOnline*

Thu Nov  7 14:45:42 2019

Citations:

Bluebook 20th ed.
John A.; et al. Hockaday, Compilers %26 Annotators. Revised Statutes of the State of Missouri 1879 (1879).

ALWD 6th ed.
John A.; et al. Hockaday, Compilers %26 Annotators. Revised Statutes of the State of Missouri 1879 (1879).

APA 6th ed.
Hockaday, J. (1879). Revised Statutes of the State of Missouri 1879. Jefferson City, Carter Regan, State printers and binders.

Chicago 7th ed.
Hockaday John A.; et al., Compilers %26 Annotators. Revised Statutes of the State of Missouri 1879. Jefferson City, Carter & Regan, State printers and binders.

McGill Guide 9th ed.
John A.; et al. Hockaday, Compilers %26 Annotators, Revised Statutes of the State of Missouri 1879 (Jefferson City: Carter & Regan, State printers and binders., 1879)

MLA 8th ed.
Hockaday, John A., and Compilers & Annotators et al. Revised Statutes of the State of Missouri 1879. Jefferson City, Carter & Regan, State printers and binders. HeinOnline.

OSCOLA 4th ed.
Hockaday, John A.; et al., Compilers & Annotators. Revised Statutes of the State of Missouri 1879. Jefferson City, Carter & Regan, State printers and binders.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

Sec. 1271. *Abandonment of children.*—If any father or mother of any child under the age of six years, or any other person to whom such child shall have been confided, shall expose such child in a street, field or other place, with intent wholly to abandon it, he or she shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months. (G. S. 781, § 39.)

Sec. 1272. *Mistreatment of apprentices.*—If any master or mistress of an apprentice or other person having the legal care and control of any infant, shall, without lawful excuse, refuse or neglect to provide for such apprentice or infant, necessary food, clothing or lodging, or shall unlawfully and purposely assault such apprentice or infant, whereby his life shall be endangered, or his health shall have been or shall be likely to be permanently injured, the person so offending shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding three years, or by imprisonment in the county jail not exceeding one year, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment. (New section.)

Sec. 1273. *Abandonment of wife or child.*—If any man shall, without good cause, abandon or desert his wife, or abandon his child or children under the age of twelve years born in lawful wedlock, and shall fail, neglect or refuse to maintain and provide for such wife, child or children, he shall, upon conviction, be punished by imprisonment in the county jail not more than one year, or by a fine of not less than fifty, nor more than one thousand dollars, or by both such fine and imprisonment. No other evidence shall be required to prove that such husband was married to such wife, or is the father of such child or children, than would be necessary to prove such fact or facts in a civil action. (Laws 1867, p. 112, amended—*m.*)

Sec. 1274. *Carrying deadly weapons, etc.*—If any person shall carry concealed, upon or about his person, any deadly or dangerous weapon, or shall go into any church or place where people have assembled for religious worship, or into any school room or place where people are assembled for educational, literary or social purposes, or to any election precinct, on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose, other than for militia drill or meetings called under the militia law of this state, having upon or about his person any kind of firearms, bowie-knife, dirk, dagger, slung-shot, or other deadly weapon, or shall, in the presence of one or more persons, exhibit any such weapon in a rude, angry or threatening manner, or shall have or carry any such weapon upon or about his person when intoxicated or under the influence of intoxicating drinks, or shall, directly or indirectly, sell or deliver, loan or barter to any minor, any such weapon, without the consent of the parent or guardian of such minor, he shall, upon conviction, be punished by a fine of not less than five nor more than one hundred dollars, or by imprisonment in the county jail not exceeding three months, or by both such fine and imprisonment. (Laws 1874, p. 43; laws 1875, p. 50, and laws 1877, p. 240, amended.)

Sec. 1275. *Above section not to apply to certain officers.*—The next preceding section shall not apply to police officers, nor to any officer or person whose duty it is to execute process or warrants, or to suppress breaches of the peace, or make arrests, nor to persons moving or traveling peaceably through this state, and it shall a good defense to the charge of carrying such weapon, if the defendant shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defense of his person, home or property. (New section.)

Sec. 1276. *Fire arms not to be discharged near court house.*—Hereafter it shall be unlawful for any person in this state, except he be a sheriff or other officer in the discharge of official duty, to discharge or fire off any

---

(*m*) Wife held to be a competent witness to prove fact of abandonment. 43 Mo. 429. The fact that the defendant has brought suit for divorce is no defense. 52 Mo. 172.

Exhibit 7

0203



Content downloaded/printed from                    *HeinOnline*

Thu Jan  2 18:27:31 2020

Citations:

Bluebook 20th ed.
1881 9 .

ALWD 6th ed.
1881 9 .

Chicago 7th ed.
, "," Nevada - 10th Session : 9-2

OSCOLA 4th ed.
, '' 1881 9

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

Sec. 8. The Board of County Commissioners of said county are hereby authorized and empowered to grant to the said parties, named in Section One of this Act, their associates or assigns, such additional rights, privileges and grants as said parties, their associates and assigns, may desire or deem necessary for the full and complete enjoyment of the franchise and privileges created and granted by this Act. <span>Commissioners empowered to grant additional rights.</span>

Sec. 9. The Board of County Commissioners shall require of said railroad company the payment of a quarterly license for each and every car run on said railroad ; also regulate the charge for fare and freights thereon ; and do such other matters and things relating to said railroad as they may deem just and proper. <span>License required.</span>

---

Chap. CIII.—*An Act to Repeal an Act entitled "An Act to Authorize the Publication of the Laws Enacted in the Legislature of the State of Nevada," approved March 2, 1877.*

[Approved March 4, 1881.]

*The People of the State of Nevada, represented in Senate and Assembly, do enact as follows :*

Section 1. An Act entitled "An Act to Authorize the Publication of the Laws Enacted by the Legislature of the State of Nevada," approved the second day of March, A. D. one thousand eight hundred and seventy-seven, is hereby repealed. <span>Publication of Statutes, law repealed.</span>

---

Chap. CIV.—*An Act to Prohibit the Carrying of Concealed Weapons by Minors.*

[ Approved March 4, 1881.]

*The People of the State of Nevada, represented in Senate and Assembly, do enact as follows :*

Section 1.—Every person under the age of eighteen (18) years who shall wear or carry any dirk, pistol, sword in case, slung shot, or other dangerous and deadly weapon concealed upon his person shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, be fined not less than twenty nor more than two hundred ($200) dollars, or by <span>Minors prohibited from carrying concealed weapons, penalty, etc.</span>

Exhibit 7

0205

imprisonment in the County Jail not less than thirty days nor more than six months, or by both such fine and imprisonment.

SEC. 2.    All Acts and parts of Acts in conflict with the provisions of this Act are hereby repealed.

SEC. 3.    This Act shall take effect and be in force from and after its passage.

---

CHAP. CV.—*An Act Fixing the Salaries of the District Judges in the Several Judicial Districts and Matters Relating Thereto.*

[Approved March 4, 1881.]

*The People of the State of Nevada, represented in Senate and Assembly, do enact as follows:*

<div style="float:left">District Judges' salaries prescribed, to take effect in 1883.</div>

SECTION 1.    The annual salaries of the Judges of the several Judicial Districts shall be as follows:

Of the First District—Six thousand ($6,000) dollars.

Of the Second District—Four thousand ($4,000) dollars; of which sum the county of Ormsby shall pay twenty-eight hundred ($2,800) dollars and the county of Douglas shall pay twelve hundred ($1,200) dollars.

Of the Third District—Five thousand ($5,000) dollars; the county of Lyon shall pay twenty-five hundred ($2,500) dollars and the county of Esmeralda shall pay twenty-five hundred ($2,500) dollars.

Of the Fourth District—Forty-five hundred ($4,500) dollars; of which sum the county of Humboldt shall pay eighteen hundred ($1,800) dollars and the county of Elko shall pay twenty-seven hundred ($2,700) dollars.

Of the Fifth District—Five thousand ($5,000) dollars; of which sum the county of Lander shall pay twenty-two hundred and fifty ($2,250) dollars, the county of Nye shall pay nineteen hundred ($1,900) dollars, and the county of Churchill eight hundred and fifty ($850) dollars.

Of the Sixth District—Six thousand five hundred ($6,500) dollars; of which sum the county of Eureka shall pay thirty-five hundred ($3,500) dollars, the county of White Pine shall pay eighteen hundred ($1,800) dollars, and the county of Lincoln shall pay twelve hundred ($1,200) dollars.

Of the Seventh Judicial District—Thirty-six hundred ($3,600) dollars.

SEC. 2.    This Act shall take effect and be in force on the first Monday in January, eighteen hundred and eighty-three, and all Acts heretofore passed and in conflict with this Act are hereby repealed.

Exhibit 7

0206



Content downloaded/printed from *HeinOnline*

Thu Jan  2 10:56:52 2020

Citations:

Bluebook 20th ed.
1885 11 .

ALWD 6th ed.
1885 11 .

Chicago 7th ed.
, "," Nevada - 12th Session : 11-2

OSCOLA 4th ed.
, '' 1885 11

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0207

not, such person or persons, owner or owners, shall be subject to such damages as shall be equal to twice the value of the property broken into, eaten up or destroyed.

SEC. 3. All actions for damages arising under the provisions of this Act shall be tried and determined in the court having jurisdiction thereof, as in other cases made and provided. *Damages.*

SEC. 4. All Acts and parts of Acts, in conflict with the provisions of this Act, are hereby repealed.

SEC. 5. This Act shall take effect and be in force from and after thirty days after its approval.

---

CHAP. LI.—*An Act to amend an Act entitled "An Act to prohibit the carrying of concealed weapons by minors," approved March 4, 1881.*

[Approved March 2, 1885.]

*The People of the State of Nevada, represented in Senate and Assembly, do enact as follows:*

SECTION 1. Section one of said Act is hereby amended so as to read as follows:

Section one. Every person under the age of twenty-one (21) years who shall wear or carry any dirk, pistol, sword in case, slung shot, or other dangerous or deadly weapon concealed upon his person, shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, be fined not less than twenty nor more than two hundred ($200) dollars, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment. *Minors not to carry concealed weapons.* *Penalty.*

---

CHAP. LII.—*An Act for the relief of William C. Ross.*

[Approved March 2, 1885.]

*The People of the State of Nevada, represented in Senate and Assembly, do enact as follows:*

SECTION 1. The State Land Register is hereby authorized to enter into contract with William C. Ross, on land applied for by said William C. Ross, February twenty-eighth, eighteen hundred and eighty-one, and described as follows: Lots one, two and three, and the southwest quarter of the northeast quarter of section five, in township number eleven, north of range number twenty-six east. *State Land Register to contract.*

Exhibit 7

0208



Content downloaded/printed from                    *HeinOnline*

Thu Nov  7 15:09:18 2019

Citations:

Bluebook 20th ed.
1893 35 .

ALWD 6th ed.
1893 35 .

Chicago 7th ed.
, "," North Carolina - Public Laws and Resolutions, General Assembly : 35-500

OSCOLA 4th ed.
, '' 1893 35

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0209

## CHAPTER 512.

### An act to amend section thirteen, chapter three hundred and twenty, acts eighteen hundred and ninety-one.

*The General Assembly of North Carolina do enact:*

Chapter 320, laws 1891 (railroad commission act) amended. Telephone companies included.

SECTION 1. That chapter three hundred and twenty, section thirteen, laws eighteen hundred and ninety-one, be amended by adding after the word "telegraph" in line five, section thirteen, the words "and telephone."

To make rates for telephone lines.

SEC. 2. That section twenty-six be amended by inserting after the word "telegraph" in line seven the words "or telephone."

SEC. 3. That this act shall be in force from and after its ratification.
Ratified the 6th day of March, A. D. 1893.

## CHAPTER 513.

### An act to amend chapter five hundred and thirty, laws of one thousand eight hundred and ninety-one.

*The General Assembly of North Carolina do enact:*

Chapter 530, laws 1891, amended. Appropriation for colored orphan asylum at Oxford, N. C.

SECTION 1. That chapter five hundred and thirty of the laws of one thousand eight hundred and ninety-one be and the same is hereby amended by striking out all after the word "asylum" in line two section one of said chapter down to and including the word "orphanage" in line three of said section and inserting in lieu thereof the words "located at Oxford, North Carolina," and by striking out "one thousand dollars" and inserting the words "fifteen hundred dollars," the latter sum being the entire amount of the annual appropriation to said orphanage.

SEC. 2. That this act shall be in force from and after its ratification.
Ratified the 6th day of March, A. D. 1893.

## CHAPTER 514.

### An act to prevent the sale of deadly weapons to minors.

*The General Assembly of North Carolina do enact:*

Unlawful to knowingly sell, &c., to minor certain deadly weapons.

SECTION 1. That it shall be unlawful for any person, corporation or firm knowingly to sell or offer for sale, give or in any way dispose of to a minor any pistol or pistol cartridge, brass knucks, bowie-knife, dirk, loaded cane, or sling-shot.

Exhibit 7

0210

Sec. 2. That any person, corporation or firm violating this act shall <span style="float:right">Misdemeanor.</span> be guilty of a misdemeanor, and upon conviction for each and every offence shall be fined or imprisoned, one or both, in the discretion of the court.

Sec. 3. That this act shall be in force from and after its ratification.

Ratified the 6th day of March, A. D. 1893.

---

## CHAPTER 515.

### An act to amend chapter sixty, section three, of the laws of eighteen hundred and eighty-nine.

*The General Assembly of North Carolina do enact:*

SECTION 1. That section three, chapter sixty of the laws of one thousand eight hundred and eighty-nine be and the same is hereby repealed. <span style="float:right">Section 3. chapter 60, laws 1889, (reducing school age of Croatan Indians to ten years) repealed.</span>

Sec. 2. That persons of the Croatan race of either sex who are not under thirteen years of age may attend the normal school for the Croatans: *Provided,* that children not under eleven years of age may be admitted who can stand an approved examination in spelling, reading, writing, primary geography and the fundamental rules of arithmetic. <span style="float:right">School age for Croatan Indian children.</span>

Sec. 3. That this act shall be in force from and after its ratification.

Ratified the 6th day of March, A. D. 1893.

---

## CHAPTER 516.

### An act to provide for the working of convicts on the public roads of Wayne county.

*The General Assembly of North Carolina do enact:*

SECTION 1. It shall be the duty of the county commissioners of Wayne county immediately after the passage of this act to provide means and make all necessary arrangements and rules for the working on the public roads of said county of the convicts which shall hereafter be sentenced to work thereon under the provisions of this act; and to that end it shall be lawful for the said county commis- <span style="float:right">Commissioners of Wayne county to provide means, &c., for working convicts on roads.</span>

Exhibit 7

0211



Content downloaded/printed from          *HeinOnline*

Thu Nov  7 14:30:50 2019

Citations:

Bluebook 20th ed.
1855-1856 92 .

ALWD 6th ed.
1855-1856 92 .

Chicago 7th ed.
, "," Tennessee - 31st General Assembly, 1st Session : 92-93

OSCOLA 4th ed.
, '' 1855-1856 92

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

## CHAPTER 81.

AN ACT to amend the Criminal Laws of this State.

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That when any person shall be indicted in the Circuit Courts, or any other court having criminal jurisdiction, for malicious shooting, and the jury trying the cause, after having all the evidence, shall be of the opinion that the defendant is not guilty of the malice, they shall have the power to find the defendant guilty of an assault, or an assault and battery, and judgment shall be given accordingly.

SEC. 2. *Be it enacted,* That, hereafter, it shall be unlawful for any person to sell, loan, or give, to any minor a pistol, bowie-knife, dirk, or Arkansas tooth-pick, or hunter's knife ; and whoever shall so sell, loan, or give, to any minor any such weapon, on conviction thereof, upon indictment or presentment, shall be fined not less than twenty-five dollars, and be liable to imprisonment, at the discretion of the Court : *Provided,* that this act shall not be construed so as to prevent the sale, loan, or gift, to any minor of a gun for hunting.

SEC. 3. *Be it enacted,* That it shall be the duty of the Circuit Judges and the Judges of the Criminal Courts to give this act in charge to the Grand Juries : *Provided,* said minor be travelling on a journey, he shall be exempted.

SEC. 3. *Be it enacted,* That this act shall be in force from and after its passage.

NEILL S. BROWN,
*Speaker of the House of Representatives.*
EDWARD S. CHEATHAM,
*Speaker of the Senate.*

Passed February 26, 1856.

———

## CHAPTER 82.

AN ACT to amend the Internal Improvement acts of 1852 and 1854.

*Be it enacted by the General Assembly of the State of Tennessee,* That, hereafter, it shall not be necessary for the Engineer in Chief to swear to the subscription list, solvency, and condition of any Railroad Company applying for State aid, but the oath required of the Engineer shall be taken by the President and Treasurer of the Com-

Exhibit 7

0213



Content downloaded/printed from                    *HeinOnline*

Thu Nov  7 15:11:01 2019

Citations:

Bluebook 20th ed.
1897 221 .

ALWD 6th ed.
1897 221 .

Chicago 7th ed.
, "," Texas - 25th Legislature, Regular Session, General Laws : 221-222

OSCOLA 4th ed.
, '' 1897 221

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0214

yeas 86, nays 1; and passed the Senate by a two-thirds vote, yeas 21, nays 6.]

[NOTE.—The foregoing act was presented to the Governor of Texas for his approval, on Friday, the twenty-first day of May, A. D. 1897, but was not signed by him nor returned to the house in which it originated with his objections thereto within the time prescribed by the Constitution, and thereupon became a law without his signature.—JNO. H. CULLOM, Acting Secretary of State.]

H. B. No. 263.]     CHAPTER 154.

An Act to prohibit persons, firms or corporations engaged in running pool or billiard tables in a public place, or for profit, knowingly permitting minors in their places of business without the written consent of their parents or guardians, and to provide a penalty therefor.

SECTION 1. *Be it enacted by the Legislature of the State of Texas:* That any person, firm, or corporation engaged in running any pool or billiard table or tables, in a public place, or for profit, or agent of such person, firm, or corporation, who shall knowingly permit any minor, without the written consent of such minor's parent or guardian, in such place of business, shall be fined not exceeding two hundred dollars.

[NOTE.—The foregoing act was presented to the Governor of Texas for his approval, on Friday, the fourteenth day of May, A. D. 1897, but was not signed by him nor returned to the house in which it originated with his objections thereto within the time prescribed by the Constitution, and thereupon became a law without his signature.—J. W. MADDEN, Secretary of State.]

Takes effect 90 days after adjournment.

H. B. No. 264.]     CHAPTER 155.

An Act to prevent the barter, sale and gift of any pistol, dirk, dagger, slung shot, sword-cane, spear, or knuckles made of any metal or hard substance to any minor without the written consent of the parent or guardian of such minor, or of some one standing in lieu thereof, and providing a penalty for the violation.

SECTION 1. *Be it enacted by the Legislature of the State of Texas:* That if any person in this State shall knowingly sell, give or barter, or cause to be sold, given or bartered to any minor, any pistol, dirk, dagger, slung shot, sword-cane, spear, or knuckles made of any metal or hard substance, bowie knife or any other knife manufactured or sold for the purpose of offense or defense, without the written consent of the parent or guardian of such minor, or of some one standing in lieu thereof, he shall be punished by fine of not less than twenty-five dollars nor more than two hundred dollars, or by imprisonment in the county jail not less than ten nor more than thirty days, or by both such fine and imprisonment. And during the time of such imprisonment such offender may be put to

Exhibit 7

0215

work upon any public work in the county in which such offense is committed.

[NOTE.—The foregoing act was presented to the Governor of Texas for his approval, on Friday, the fourteenth day of May, A. D. 1897, but was not signed by him nor returned to the house in which it originated with his objections thereto within the time prescribed by the Constitution, and thereupon became a law without his signature.—J. W. MADDEN, Secretary of State.]

Takes effect 90 days after adjournment.

---

H. B. No. 391.]          CHAPTER 156.

An Act to relinquish the title and confirm the patents to certain lands herein named.

SECTION 1. *Be it enacted by the Legislature of the State of Texas:* That the land patents numbered three hundred and eighty-eight (388), five hundred and eighty-three (583) and five hundred and eighty-four (584), Vol. No. Four (4) (of the records of the general land office of the State of Texas), and issued to Thomas M. Joseph and Henry M. Truehart on the 20th day of December, A. D. 1859, and the 23rd day of August, A. D. 1860, covering certain lands in Galveston County, State of Texas, be, and the same are hereby confirmed, and that all right and title of the State of Texas to the lands therein named, be, and the same are hereby relinquished to the parties to whom the said patents were issued, and sale made in accordance with an act approved on the 20th day of February, A. D. 1858, and an act amendatory of the same, approved on the 1st day of February, A. D. 1860, as also by a special act of the legislature of the State of Texas, approved July 29th, A. D. 1870.

[NOTE.—The foregoing act was presented to the Governor of Texas for his approval, on Wednesday, the twelfth day of May, A. D. 1897, but was not signed by him nor returned to the house in which it originated with his objections thereto within the time prescribed by the Constitution, and thereupon became a law without his signature.—J. W. MADDEN, Secretary of State.]

Takes effect 90 days after adjournment.

---

S. S. B. No. 320.]          CHAPTER 157.

An Act to amend Title XXIII, Chapter 4, of the Revised Civil Statutes of the State of Texas, relating to county lines, by adding thereto Article 808a.

SECTION 1. *Be it enacted by the Legislature of the State of Texas:* That Chapter 4, Title XXIII, of the Revised Civil Statutes of the State of Texas, be amended by adding thereto an Article to be known as 808a, which shall read as follows:

Article 808a. Notwithstanding the preceding articles of this chapter, any county in this State may bring suit against any adjoining coun-

Exhibit 7

0216



Content downloaded/printed from          *HeinOnline*

Thu Nov  7 14:54:23 2019

Citations:

Bluebook 20th ed.
1882 3 .

ALWD 6th ed.
1882 3 .

Chicago 7th ed.
, "," West Virginia - 15th Legislature, Adjourned Session : 3-ii

OSCOLA 4th ed.
, '' 1882 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0217

of his duty as such, or by any means obstruct or impede, or attempt to obstruct or impede the administration of justice in any court, he shall be guilty of a misdemeanor, and unless otherwise provided by law he shall be fined not less than twenty-five nor more than two hundred dollars, and be imprisoned in the county jail not exceeding six months. <span>Punishment prescribed.</span>

[Approved March 29, 1882.]

[NOTE BY THE CLERK OF THE HOUSE OF DELEGATES.]

The foregoing act takes effect at the expiration of ninety days after its passage.

---

## CHAPTER CXXXV.

AN ACT amending and re-enacting section seven of chapter one hundred and forty-eight of the code of West Virginia, and adding additional sections thereto for the punishment of unlawful combinations and conspiracies to injure persons or property.

[Passed March 24, 1882.]

Be it enacted by the Legislature of West Virginia:

1. That section seven of chapter one hundred and forty-eight of the code of West Virginia be, and the same is hereby, amended and re-enacted so as to read as follows: <span>Code amended; section 7 of chapter 148 of.</span>

7. If a person carry about his person any revolver or other pistol, dirk, bowie knife, razor, slung shot, billy, metalic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor, and fined not less than twenty-five nor more than two hundred dollars, and may, at the discretion of the court, be confined in jail not less than one, nor more than twelve months; and if any person shall sell or furnish any such weapon as is hereinbefore mentioned to a person whom he knows, or has reason, from his appearance or otherwise, to believe to be under the age of twenty-one years, he shall be punished as hereinbefore provided; but nothing herein contained shall be so construed as to prevent any person from keeping or carrying about his dwelling house or premises any such revolver or other pistol, or from carrying the same from the place of purchase to his dwelling house, or from his dwelling house to any place where repairing is done, to have it repaired, and back again. And if upon the trial of an indictment for carrying any such pistol, dirk, razor or bowie knife, the <span>Deadly weapons; penalty for carrying.</span> <span>Selling certain weapons to minors; penalty.</span> <span>Acts of persons to which section do not apply.</span> <span>Upon trial of indictment for carrying deadly</span>

Digitized from Best Copy Available

Exhibit 7

0218

cealed weapons, when jury to find accused not guilty.

defendant shall prove to the satisfaction of the jury that he is a quiet and peaceable citizen, of good character and standing in the community in which he lives, and at the time he was found with such pistol, dirk, razor or bowie knife, as charged in the indictment, he had good cause to believe and did believe that he was in danger of death or great bodily harm at the hands of another person, and that he was, in good faith, carrying such weapon for self defense and for no other purpose, the jury shall find him not guilty. But nothing in this section contained shall be so construed as to prevent any officer charged with the execution of the laws of the state from carrying a revolver or other pistol, dirk or bowie knife.

Provisions of section not to apply to officers of the law.

2. That the said chapter be and the same is hereby amended by adding thereto the following additional sections, as parts thereof, to-wit:

Additional sections added.

9. If two or more persons under the name of "Red Men," "Regulators," "Vigilance Committee," or any other name or without a name, combine or conspire together for the purpose of inflicting any punishment, or bodily injury upon any other person, or persons, or for the purpose of destroying, injuring, or taking and carrying away any property, real or personal, not their own, every such person, whether he has done any act in pursuance of such combination or conspiracy or not, shall be guilty of a misdemeanor and fined not less than fifty, nor more than five hundred dollars, and may, at the discretion of the court, be confined in jail not less than one, nor more than twelve months.

Combinations or conspiracies to injure etc, persons and property, deemed a misdemeanor.

Penalty.

10. If any person, in pursuance of such combination or conspiracy as is mentioned in the next preceding section, shall inflict any punishment or bodily injury upon another person, or shall destroy, injure, or take and carry away, any property, real or personal, not his own, he shall be guilty of a felony, and confined in the penitentiary not less than two nor more than ten years. And if, on the trial of an indictment under this section it be proved that two or more persons, the defendant being one, were present, aiding and abetting in the commission of the offense charged therein, it shall be presumed that such offense was committed in pursuance of such combination or conspiracy, in the absence of satisfactory proof to the contrary. And all persons who shall be present, aiding and abetting, at the commission of any offense mentioned in this section shall be deemed conspirators within the meaning of this, and the next preceding section.

Injury, etc., inflicted by such combination, etc, upon any person or property, deemed a felony Punishment. When such combination or conspiracy to be presumed.

Aiders and abettors deemed conspirators.

11. No person called as a witness for the state on the trial of any person for an offense mentioned in either of the two next preceding sections, shall be excused from answering any question which may be asked him as such

No witness excused from answering, because such answers would,

Digitized from Best Copy Available

Exhibit 7

0219

witness, and which would be otherwise legal and proper, on the ground that the answer to such question would or might degrade him, or expose him to punishment; but no such witness, who shall fully and truly answer all such questions as may be asked him touching his connection with, or knowledge of such combination or conspiracy, or of the commission of the offense charged in the indictment, in pursuance of such combination or conspiracy; shall thereafter be prosecuted or punished for the same offense mentioned in the indictment upon which the accused is being tried. *[etc., degrade him or expose him to punishment. Such witness answering truly and fully exempted from prosecution, etc., for same offense, etc.]*

12. Persons offending against any of the provisions of the ninth and tenth sections of this chapter, may be indicted therefor, either jointly or separately. *[May be indicted jointly or separately.]*

13. If the death of any person shall result from the commission of any offense mentioned in the tenth section of this chapter, every person engaged in the commission of such offense shall be guilty of murder of the first degree, and punished as in other cases of murder of the first degree. *[If person die conspirators guilty of murder of first degree.]*

14. If any person by force, or other unlawful means, shall release or rescue, or attempt to release or rescue a person in prison or other custody, charged with, or convicted of an offense under the provisions of the ninth or tenth section of this chapter, he shall be guilty of felony and confined in the penitentiary as provided in said tenth section. *[To release or rescue, or attempt to release, etc., person charged, etc., with an offense under sections 9 and 10 a felony. Punishment.]*

15. If any person shall, by threats, menaces, or otherwise, intimidate, or attempt to intimidate, a witness for the state in any prosecution under the ninth, or any succeeding section of this chapter, for the purpose of preventing the attendance of such witness at the trial of such case, or shall in any way or manner prevent, or attempt to prevent, the attendance of any such witness at such trial, he shall be guilty of felony and confined in the penitentiary not less than one, nor more than ten years, or he may, at the discretion of the court, be confined in the jail of the county not less than three, nor more than twelve months, and fined not less than one hundred, nor more than five thousand dollars. *[Intimidating, witness, a felony. Punishment.]*

16. The governor is hereby authorized, whenever in his opinion it is proper to do so, to offer rewards, and employ special policemen and detectives, and to employ any and all means in his power, including the employment of any portion of the military forces of the state, to secure the apprehension of any and all persons belonging to any such unlawful combination, or who shall be charged with the commission of any offense mentioned in the tenth, or any succeeding section of this chapter. *[Governor to employ any and all means, etc., to secure arrest of persons belonging to such unlawful combinations, etc.]*

[Approved March 29, 1882.]

Digitized from Best Copy Available

Exhibit 7

0220

[NOTE BY THE CLERK OF THE HOUSE OF DELEGATES.]

The foregoing act takes effect from its passage, two-thirds of the members elected to each House, by a vote taken by yeas and nays, having so directed.

---

## CHAPTER CXXXVI.

AN ACT amending and re-enacting chapter one hundred and fifty-four of the code of West Virginia, concerning inquests on dead bodies.

[Passed March 24, 1882.]

Be it enacted by the Legislature of West Virginia:

1. That chapter one hundred and fifty-four of the code of West Virginia, be and the same is hereby amended and re-enacted so as to read as follows:

Code amended; chapter 154 of.

### CHAPTER CLIV.

*Of Inquest Upon Dead Bodies—Coroner; When and by Whom Appointed, &c.*

1. It shall be the duty of the county court of every county, from time to time, to appoint a coroner for such county, who shall hold his office during the pleasure of said court, and shall take the oath of office prescribed for other county officers. It shall be his duty, or if he be absent, or unable to act, or the office be vacant, the duty of any justice of the peace, upon being notified the dead body of a person, whose death is supposed to have been caused by violence or other unlawful act, and not by casualty, is within his county, to forthwith issue his warrant directed to a constable thereof who shall proceed to execute and make return of the same, commanding such constable to summon twelve suitable residents of the county to be in attendance on such coroner or justice, as jurors, at a place and on a day and hour to be designated in the warrant, to make inquisition, upon the view of the body of the person named therein, or of a person unknown, as the case may be, how such person came to his death; and may, by indorsement on such warrant, or by subpœna, command the officer to whom the same is delivered, to summon such witnesses as the coroner or justice may designate, or as the constable may be informed, or have reason to believe, have knowledge of the circumstances attending such death, to be in attendance upon the said inquest at such time as may be designated in such indorsement or subpœna. In case of the inability or failure of

Coroner; when and how appointed.

Term of office and oath.

Duty of coroner or justice upon being notified of death by violence, etc.

Warrant to issue; to whom directed and what to command.

Witnesses to be summoned.

Digitized from Best Copy Available

Exhibit 7

0221



Content downloaded/printed from          *HeinOnline*

Thu Nov  7 14:57:01 2019

Citations:

Bluebook 20th ed.
1883 vol. I 3 .

ALWD 6th ed.
1883 vol. I 3 .

Chicago 7th ed.
, "," Wisconsin - Biennial Session, Index 1879-1883 : 3-342

OSCOLA 4th ed.
, '' 1883 vol I 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0222

[No. 5, S.]                    [Published April 7, 1883.]
## CHAPTER 329.

AN ACT to prohibit the use and sale of pistols and revolvers.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

Relating to the sale of pistols.

SECTION 1. It shall be unlawful for any minor, within this state, to go armed with any pistol or revolver, and it shall be the duty of all sheriffs, constables, or other public police officers, to take from any minor, any pistol or revolver, found in his possession.

SECTION 2. It shall be unlawful for any dealer in pistols or revolvers, or any other person, to sell, loan, or give any pistol or revolver to any minor in this state.

SECTION 3. It shall be unlawful for any person in a state of intoxication, to go armed with any pistol or revolver. Any person violating the provisions of this act, shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding one hundred dollars ($100).

SECTION 4. This act shall take effect and be in force from and after its passage and publication.

Approved April 3, 1883.

---

[No. 38, S.]                    [Published April 13, 1883.]
## CHAPTER 330.

AN ACT to provide for the punishment of attempts to commit felonies or other crimes, and amendatory of section 4385, revised statutes.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

Relating to punishment for attempt to commit felonies and other crimes.

SECTION 1. Section 4385 of the revised statutes, is hereby amended so as to read as follows; Section 4385. Any person who shall assault another with intent to commit any burglary, robbery, rape or mayhem, or who shall advise or attempt to commit any arson, or any other felony, that shall fail in being committed, the punishment for which such assault, advice or attempt is not herein prescribed, shall be punished by imprisonment in the state prison not more than three years nor less than one year, or by fine, not exceeding one

Digitized from Best Copy Available

Exhibit 7

0223



Content downloaded/printed from                    *HeinOnline*

Thu Nov  7 15:00:46 2019

Citations:

Bluebook 20th ed.
J.A. Van Orsdel, Compiler and Editor; Chatterton, Fenimore, Compiler and Editor.
Revised Statutes of Wyoming in Force December 1, 1899 (1899).

ALWD 6th ed.
J.A. Van Orsdel, Compiler and Editor; Chatterton, Fenimore, Compiler and Editor.
Revised Statutes of Wyoming in Force December 1, 1899 (1899).

APA 6th ed.
Van Orsdel, J. (1899). Revised Statutes of Wyoming in Force December 1, 1899.
Laramie, Wyo, Chaplin, Spafford Mathison.

Chicago 7th ed.
Van Orsdel J.A., Compiler and Editor; Chatterton, Fenimore, Compiler and Editor.
Revised Statutes of Wyoming in Force December 1, 1899. Laramie, Wyo, Chaplin,
Spafford & Mathison.

McGill Guide 9th ed.
J.A. Van Orsdel, Compiler and Editor; Chatterton, Fenimore, Compiler and Editor,
Revised Statutes of Wyoming in Force December 1, 1899 (Laramie, Wyo: Chaplin,
Spafford & Mathison., 1899)

MLA 8th ed.
Van Orsdel, J.A., Compiler and Editor, and Fenimore Chatterton, Compiler and Editor.
Revised Statutes of Wyoming in Force December 1, 1899. Laramie, Wyo, Chaplin,
Spafford & Mathison. HeinOnline.

OSCOLA 4th ed.
Van Orsdel, J.A., Compiler and Editor; Chatterton, Fenimore, Compiler and Editor.
Revised Statutes of Wyoming in Force December 1, 1899. Laramie, Wyo, Chaplin,
Spafford & Mathison.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 7

0224

shall not apply to a person drawing or threatening to use such dangerous or deadly weapons in defense of his person or property, or in defense of those entitled to his protection by law.

<div align="right">[S. L. 1890, Ch. 73, Sec. 95;  R. S. Ind., Sec. 1984.]</div>

**CARRYING DANGEROUS WEAPONS.**

**Sec. 5051.** Every person, not being a traveler, who shall wear or carry any dirk, pistol, bowie knife, dagger, sword-in-cane, or any other dangerous or deadly weapon concealed, or who shall carry or wear any such weapon openly, with the intent, or avowed purpose, of injuring his fellow-man, shall be fined not more than one hundred dollars.

<div align="right">[S. L. 1890, Ch. 73, Sec. 96;  R. S. Ind., Sec. 1985.]</div>

**FURNISHING DEADLY WEAPONS TO MINOR.**

**Sec. 5052.** It shall be unlawful for any person to sell, barter or give to any other person under the age of twenty-one years any pistol, dirk or bowie knife, slung-shot, knucks or other deadly weapon that can be worn or carried concealed upon or about the person, or to sell, barter or give to any person under the age of sixteen years any cartridges manufactured and designed for use in a pistol; and any person who shall violate any of the provisions of this section shall be fined in any sum not more than fifty dollars.

<div align="right">[S. L. 1890, Ch. 73, Sec. 97;  R. S. Ind., Sec. 1986.]</div>

**DISTURBING MEETINGS.**

**Sec. 5053.** Whoever, by any loud or unnecessary talking, hallooing, or by any threatening, abusive, profane or obscene language, or violent actions, or by any other rude behavior, interrupts, molests or disturbs any collection of any inhabitants of this state convened for the purpose of worship, or any agricultural fair or exhibition, or any person present thereat, or going to or returning therefrom; or who, in like manner interrupts, molests or disturbs any meeting of inhabitants of this state, met together for any lawful purpose, shall be fined in any sum not more than fifty dollars.   Sextons of churches and officers of fairs or other meetings contemplated in this section are hereby authorized to arrest any person so disturbing such public meetings.

<div align="right">[S. L. 1890, Ch. 73, Sec. 98;  R. S. Ind., Sec. 1988.]</div>

## CHAPTER 4.

### CRIMES AGAINST PUBLIC MORALS.

Sec. 5054.  Bigamy.
Sec. 5055.  Incest.
Sec. 5056.  Adultery and fornication.
Sec. 5057.  Seduction.
Sec. 5058.  Enticing females.
Sec. 5059.  House of ill-fame.
Sec. 5060.  Public indecency.
Sec. 5061.  Selling obscene literature.
Sec. 5062.  Mailing obscene literature.

Sec. 5063.  Advertising private medicines.
Sec. 5064.  Procurer assignation.
Sec. 5065.  Pimp.
Sec. 5066.  Prostitute.
Sec. 5067.  Crime against nature.
Sec. 5068.  Sale of liquor to minors and habitual drunkards.
Sec. 5069.  Sale or gift of tobacco to minors prohibited.

**BIGAMY.**

**Sec. 5054.** Whoever, being married, marries again, the former husband or wife being alive, and the bond of matrimony being still undissolved, and no legal presumption of death having arisen, is guilty of bigamy, and shall be imprisoned in the penitentiary not more than five years.

<div align="right">[S. L. 1890, Ch. 73, Sec. 74;  R. S. Ind., Sec. 1989.]</div>

In re Murphy, 5 Wyo. 297.

<div align="right">1253</div>

Exhibit 7

0225

# Exhibit 8

Exhibit 8

0226

**Nineteenth Century Second Amendment State Analogues**

| State | Year[1] | Statutory Text | Source |
|-------|------|----------------|--------|
| Alabama | 1819 | "Every citizen has a right to bear arms in defence of himself and the state." | Ala. Const. art. I, § 23 (1819). |
| Georgia | 1868 | "A well-regulated militia being necessary to the security of a free people, the right of the people to keep and bear arms shall not be infringed; but the general assembly shall have power to prescribe by law the manner in which arms may be borne." | Ga. Const. art. I, § 663, Sec. 14 (1868). |
| Indiana | 1851 | "The people shall have a right to bear arms, for the defense of themselves and the State." | Ind. Const. art. I, § 32 (1851). |
| Kansas | 1859 | "The people have the right to bear arms for their defense and security; but standing armies, in time of peace, are dangerous to liberty, and shall not be tolerated, and the military shall be in strict subordination to the civil power." | Kan. Const. Bill of Rights, § 4 (1859). |
| Kentucky | 1850 | "That the rights of the citizens to bear arms in defence of themselves and the State shall not be questioned; but the general assembly may pass laws to prevent persons from carrying concealed arms." | Ky. Const. art. XIII, § 25 (1850). |

---

[1] Year of enactment.

Exhibit 8

0227

| State | Year[1] | Statutory Text | Source |
|---|---|---|---|
| Louisiana | 1879 | "A well regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be abridged. This shall not prevent the passage of laws to punish those who carry weapons concealed." | La. Const. art. 3 (1879). |
| Mississippi | 1868 | "All persons shall have a right to keep and bear arms for their defence." | Miss. Const. art. I, § 15 (1868). |
| Missouri | 1875 | "That the right of no citizen to keep and bear arms in defense of his home, person and property, or in aid of the civil power, when thereto legally summoned, shall be called in question; but nothing herein contained is intended to justify the practice of wearing concealed weapons." | Mo. Const. art. II, § 17 (1875). |
| North Carolina | 1875 | "A well-regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed; and as standing armies in time of peace, are dangerous to liberty, they ought not to be kept up, and the military should be kept under strict subordination to, and governed by, the civil power. Nothing herein contained shall justify the practice of carrying concealed weapons, or prevent the Legislature from enacting penal statutes against said practice." | N.C. Const. art. I, § 24 (1875). |
| Tennessee | 1834 | "That the free white men of this State have a right to keep and to bear arms for their common defence." | Tenn. Const. art. I, § 26 (1834). |

Exhibit 8

0228

| State | Year[1] | Statutory Text | Source |
|-------|---------|----------------|--------|
| Texas | 1876 | "Every citizen shall have the right to keep and bear arms in the lawful defense of himself or the State; but the Legislature shall have power by law to regulate the wearing of arms with a view to prevent crime." | Texas Const. art. I, § 23 (1876). |
| Wyoming | 1889 | "The right of citizens to bear arms in defense of themselves and of the state shall not be denied." | Wyo. Const. art. I, § 24 (1889). |

Exhibit 8

0229



Content downloaded/printed from　　　　　　　　*HeinOnline*

Fri Dec 13 15:41:30 2019

Citations:

Bluebook 20th ed.
Original text of the Constitution of 1819. [1] (1819)　Declaration of Rights

ALWD 6th ed.

Chicago 7th ed.
, "Declaration of Rights," Constitution of the State of Alabama. : [1]-[4]

McGill Guide 9th ed.
, "Declaration of Rights" [1].

MLA 8th ed.
"Declaration of Rights." Constitution of the State of Alabama., , , p. [1]-[4].
HeinOnline.

OSCOLA 4th ed.
, 'Declaration of Rights' [1]

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
　　Conditions of the license agreement available at
　　　*https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from　uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 8

0230

# CONSTITUTION OF THE STATE OF ALABAMA.

**Preamble.**
WE, the people of the Alabama Territory, having the right of admission into the general government, as a member of the union, consistent with the constitution and laws of the United States, by our representatives, assembled in convention at the town of Huntsville, on Monday, the fifth day of July, one thousand eight hundred and nineteen, in pursuance of an Act of congress, entitled " An Act to enable the people of the Alabama Territory to form a Constitution and State Government, and for the admission of such State into the Union, on an equal footing with the original States ;" in order to establish justice, ensure tranquillity, provide for the common defence, promote the general welfare, and secure to ourselves and our posterity the rights of life, liberty, and property, do ordain and establish the following constitution, or form of government ; and do mutually agree with each other to form ourselves into a free and independent state, by the name of " The State of Alabama." And we do hereby recognize, confirm, and establish the boundaries assigned to said state by the act of congress aforesaid, " to wit : beginning at the point where the thirty-first degree of north latitude intersects the Perdido river, thence, east, to the western boundary line of the state of Georgia ; thence, along said line, to the southern boundary line of the state of Tennessee ; thence, west, along said boundary line, to the Tennessee river ; thence, up the same, to the mouth of Bear creek ; thence, by a direct line, to the northwest corner of Washington county ; thence, due south, to the Gulf of Mexico; thence, eastwardly, including all islands within six leagues of the shore, to the Perdido river ; and thence, up the same, to the beginning"—subject to such alteration as is provided in the third section of said act of congress, and subject to such enlargement as may be made by law in consequence of any cession of territory by the United States, or either of them.

## ARTICLE I.

### *Declaration of Rights.*

That the general, great, and essential principles of liberty and free government may be recognized and established, we declare :

**All freemen are equal.**
SEC. 1. That all freemen, when they form a social compact, are equal in rights ; and that no man or set of men are entitled to exclusive, separate public emoluments or privileges, but in consideration of public services.

**Political power in the people.**
SEC. 2. All political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit : and, therefore, they have at all times an unalienable and indefeasible right to alter, reform, or abolish their form of government, in such manner as they may think expedient.

Exhibit 8

0231

SEC. 3. No person within this state shall, upon any pretence, *Rights of conscience* be deprived of the inestimable privilege of worshipping God in the manner most agreeable to his own conscience; nor be compelled to attend any place of worship ; nor shall any one ever be obliged to pay any tithes, taxes, or other rate, for the building or repairing any place of worship, or for the maintenance of any minister or ministry.

SEC. 4. No human authority ought, in any case whatever, to *not to be interfered with.* control or interfere with the rights of conscience.

SEC. 5. No person shall be hurt, molested, or restrained, in *No person molested.* his religious profession, sentiments, or persuasions, provided he does not disturb others in their religious worship.

SEC. 6. The civil rights, privileges, or capacities of any citi- *Civil rights not affected* zen, shall in no way be diminished, or enlarged, on account of *by religious belief.* his religious principles.

SEC. 7. There shall be no establishment of religion by law ; *No established religion or* no preference shall ever be given by law to any religious sect, *religious test.* society, denomination, or mode of worship : and no religious test shall ever be required as a qualification to any office or public trust under this state.

SEC. 8. Every citizen may freely speak, write, and publish *Freedom of speech, &c.* his sentiments on all subjects, being responsible for the abuse of that liberty.

SEC. 9. The people shall be secure in their persons, houses, *Searches.* papers, and possessions, from unreasonable seizures or searches ; and no warrant to search any place, or to seize any person or thing, shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation.

SEC. 10. In all criminal prosecutions, the accused has a right *Rights of accused in criminal cases.* to be heard by himself and counsel ; to demand the nature and cause of the accusation, and have a copy thereof : to be confronted by the witnesses against him : to have compulsory process for obtaining witnesses in his favour ; and, in all prosecutions, by indictment or information, a speedy public trial by an impartial jury of the county or district in which the offence shall have been committed : he shall not be compelled to give evidence against himself, nor shall he be deprived of his life, liberty, or property, but by due course of law.

SEC. 11. No person shall be accused, arrested, or detained, *No person accused, &c. except by law.* except in cases ascertained by law. and according to the forms which the same has prescribed; and no person shall be punished; but in virtue of a law, established and promulgated prior to the offence, and legally applied.

SEC. 12. No person shall, for any indictable offence, be pro- *Indictable offences, how proceeded against.* ceeded against criminally, by information ; except in cases arising in the land and naval forces, or the militia when in actual service. or, by leave of the court, for oppression or misdemeanor in office.

SEC. 13. No person shall, for the same offence be twice put *No person twice tried for same offence.* in jeopardy of life or limb : nor shall any person's property be taken or applied to public use, unless just compensation be made therefor.

Exhibit 8

0232

**Sec. 14.** All courts shall be open, and every person, for an injury done him, in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay.

**Sec. 15.** No power of suspending laws shall be exercised, except by the general assembly, or its authority.

**Sec. 16.** Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted.

**Sec. 17.** All persons shall, before conviction, be bailable by sufficient securities, except for capital offences, when the proof is evident, or the presumption great: and the privilege of the writ of "habeas corpus" shall not be suspended, unless when, in cases of rebellion, or invasion, the public safety may require it.

**Sec. 18.** The person of a debtor, where there is not strong presumption of fraud, shall not be detained in prison, after delivering up his estate for the benefit of his creditors, in such manner as shall be prescribed by law.

**Sec. 19.** No ex post facto law, nor law impairing the obligation of contracts, shall be made.

**Sec. 20.** No person shall be attainted of treason or felony by the general assembly. No attainder shall work corruption of blood, nor forfeiture of estate.

**Sec. 21.** The estates of suicides shall descend or vest as in cases of natural death; if any person shall be killed by casualty, there shall be no forfeiture by reason thereof.

**Sec. 22.** The citizens have a right, in a peaceable manner, to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances, or other proper purposes, by petition, address, or remonstrance.

**Sec. 23.** Every citizen has a right to bear arms in defence of himself and the state.

**Sec. 24.** No standing army shall be kept up without the consent of the general assembly; and, in that case, no appropriation of money for its support shall be for a longer term than one year; and the military shall, in all cases, and at all times, be in strict subordination to the civil power.

**Sec. 25.** No soldier shall, in time of peace, be quartered in any house, without the consent of the owner; nor in time of war, but in a manner to be prescribed by law.

**Sec. 26.** No title of nobility, or hereditary distinction, privilege, honour, or emolument, shall ever be granted or conferred in this state; nor shall any office be created, the appointment of which shall be for a longer term than during good behaviour.

**Sec. 27.** Emigration from this state shall not be prohibited, nor shall any citizen be exiled.

**Sec. 28.** The right of trial by jury shall remain inviolate.

**Sec. 29.** No person shall be debarred from prosecuting or defending any civil cause, for or against him or herself, before any tribunal in this state, by him or herself or counsel.

Exhibit 8

0233

Sec. 30. This enumeration of certain rights shall not be con- *Enumeration of rights.* strued to deny or disparage others retained by the people: and to guard against any encroachments on the rights herein retained, or any transgression of any of the high powers herein delegated, we declare, that every thing in this article is excepted out of the general powers of government, and shall for ever remain inviolate; and that all laws contrary thereto, or to the following provisions, shall be void.

### ARTICLE II.

#### Distribution of Powers.

Sec. 1. The powers of the government of the state of Alaba- *Three distinct departments.* ma shall be divided into three distinct departments; and each of them confided to a separate body of magistracy, to wit: those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.

Sec. 2. No person, or collection of persons, being of one of *Persons belonging to one not to interfere with the others.* those departments, shall exercise any power properly belonging to either of the others, except in the instances herein after expressly directed or permitted.

### ARTICLE III.

#### Legislative Department.

Sec. 1. The legislative power of this state shall be vested in *Two branches.* two distinct branches: the one to be styled the senate, the other the house of representatives, and both together " The General *Style of laws.* Assembly of the State of Alabama;" and the style of their laws shall be, " Be it enacted by the Senate and House of Representatives of the State of Alabama, in General Assembly convened."

Sec. 2. The members of the house of representatives shall be *Members, how chosen.* chosen by the qualified electors, and shall serve for the term of one year, from the day of the commencement of the general election, and no longer.

Sec. 3. The representatives shall be chosen every year, on *Election, when held.* the first Monday and the day following in August, until otherwise directed by law.

Sec. 4. No person shall be a representative unless he be a *Qualification of members.* white man, a citizen of the United States, and shall have been an inhabitant of this state two years next preceding his election, and the last year thereof a resident of the county, city, or town, for which he shall be chosen, and shall have attained the age of twenty-one years.

Sec. 5. Every white male person of the age of twenty-one *Of electors.* years, or upwards, who shall be a citizen of the United States, and shall have resided in this state one year next preceding an election, and the last three months within the county, city, or town, in which he offers to vote, shall be deemed a qualified elector; provided, that no soldier, seaman, or marine, in the regular army or navy of the United States, shall be entitled to

Exhibit 8

0234



Content downloaded/printed from                    *HeinOnline*

Fri Dec 13 15:40:19 2019

Citations:

Bluebook 20th ed.
Original text of the Constitution of 1868, with the amendments approved by Act of
Congress on 25 June 1868, and those ratified 1 May 1877, appended. The Section nos.
in bold are part of McElreath's numeration for his entire volume, and not part of the
original document. 318 (1868)   Declaration of Fundamental Principles

ALWD 6th ed.

Chicago 7th ed.
, "Declaration of Fundamental Principles," Constitution of the State of Georgia, As
Adopted by the State Convention at Atlanta, on the 11th Day of March, 1868, and
Ratified by the People at an Election held April 20th, 21st, 22nd, 23d, 1868. :
318-322

McGill Guide 9th ed.
, "Declaration of Fundamental Principles" 318.

MLA 8th ed.
"Declaration of Fundamental Principles." Constitution of the State of Georgia, As
Adopted by the State Convention at Atlanta, on the 11th Day of March, 1868, and
Ratified by the People at an Election held April 20th, 21st, 22nd, 23d, 1868., , , p.
318-322. HeinOnline.

OSCOLA 4th ed.
, 'Declaration of Fundamental Principles' 318

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 8

0235

## CONSTITUTION OF 1868.

### Preamble.

We, the people of Georgia, in order to form a permanent government, establish justice, insure domestic tranquility, and secure the blessings of liberty to ourselves and our posterity, acknowledging and invoking the guidance of Almighty God, the author of all good government, do ordain and establish this constitution for the State of Georgia:

### ARTICLE I.

#### *Declaration of Fundamental Principles.*

§ **650.** Section 1. Protection to person and property is the paramount duty of government, and shall be impartial and complete.

§ **651.** Sec. 2. All persons born or naturalized in the United States, and resident in this State, are hereby declared citizens of this State, and no laws shall be made or enforced which shall abridge the privileges or immunities of citizens of the United States, or of this State, or deny to any person within its jurisdiction the equal protection of its laws. And it shall be the duty of the General Assembly, by appropriate legislation, to protect every person in the due enjoyment of the rights, privileges, and immunities guaranteed in this section.

§ **652.** Sec. 3. No person shall be deprived of life, liberty, or property, except by due process of law.

§ **653.** Sec. 4. There shall be within the State of Georgia neither slavery nor involuntary servitude, save as a punishment for crime after legal conviction thereof.

§ **654.** Sec. 5. The right of the people to appeal to the courts, to petition government on all matters, and peaceably to assemble for the consideration of any matter, shall never be impaired.

Exhibit 8

0236

§ 655. Sec. 6. Perfect freedom of religious sentiment shall be, and the same is hereby secured, and no inhabitant of this State shall ever be molested in person or property, or prohibited from holding any public office or trust, on account of his religious opinions; but the liberty of conscience hereby secured shall not be so construed as to excuse acts of licentiousness or justify practices inconsistent with the peace or safety of the people.

§ 656. Sec. 7. Every person charged with an offense against the laws shall have the privilege and benefit of counsel, shall be furnished, on demand, with a copy of the accusation and a list of the witnesses on whose testimony the charge against him is founded, shall have compulsory process to obtain the attendance of his own witnesses, shall be confronted with the witnesses testifying against him, and shall have a public and speedy trial by an impartial jury.

§ 657. Sec. 8. No person shall be put in jeopardy of life or liberty more than once for the same offence, save on his or her own motion for a new trial after conviction, or in case of mistrial.

§ 658. Sec. 9. Freedom of speech and freedom of the press are inherent elements of political liberty. But while every citizen may freely speak, or write, or print on any subject, he shall be responsible for the abuse of the liberty.

§ 659. Sec. 10. The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, particularly describing the place or places to be searched, and the person or things to be seized.

§ 660. Sec. 11. The social status of the citizen shall never be the subject of legislation.

§ 661. Sec. 12. No person shall be molested for his opinions, or be subject to any civil or political incapacity, or acquire any civil or political advantage in consequence of such opinions.

Exhibit 8
0237

§ **662.** Sec. 13. The writ of habeas corpus shall not be suspended unless, in case of rebellion or invasion, the public safety may require it.

§ **663.** Sec. 14. A well-regulated militia being necessary to the security of a free people, the right of the people to keep and bear arms shall not be infringed; but the general assembly shall have power to prescribe by law the manner in which arms may be borne.

§ **664.** Sec. 15. The punishment of all frauds shall be provided by law.

§ **665.** Sec. 16. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted, nor shall any person be abused in being arrested, whilst under arrest, or in prison.

§ **666.** Sec. 17. The power of the courts to punish for contempt shall be limited by legislative acts.

§ **667.** Sec. 18. There shall be no imprisonment for debt.

§ **668.** Sec. 19. In all prosecutions or indictments for libel the truth may be given in evidence, and the jury shall have the right to determine the law and the facts.

§ **669.** Sec. 20. Private ways may be granted upon just compensation being paid by the applicant.

§ **670.** Sec. 21. All penalties shall be proportioned to the nature of the offense.

§ **671.** Sec. 22. Whipping, as a punishment for crime, is prohibited.

§ **672.** Sec. 23. No lottery shall be authorized, or sale of lottery-ticket allowed, in this State, and adequate penalties for such sale shall be provided by law.

§ **673.** Sec. 24. No conviction shall work corruption of blood, and no conviction of treason shall work a general forfeiture of estate longer than during the life of the person attained.

Exhibit 8

0238

§ **674.** Sec. 25. Treason against the State of Georgia shall consist only in levying war against the State, or the United States, or adhering to the enemies thereof, giving them aid and comfort; and no person shall be convicted of treason except on the testimony of two witnesses to the same overt act, or his own confession in open court.

§ **675.** Sec. 26. Laws shall have a general operation, and no general law, affecting private rights, shall be varied, in any particular case, by special legislation, except with the free consent, in writing, of all persons to be affected thereby; and no person under legal disability to contract is capable of such free consent.

§ **676.** Sec. 27. The power of taxation over the whole State shall be exercised by the general assembly only to raise revenue for the support of government, to pay the public debt, to provide a general school-fund, for common defence and for public improvement; and taxation on property shall be ad valorem only, and uniform on all species of property taxed.

§ **677.** Sec. 28. The general assembly may grant the power of taxation to county authorities and municipal corporations, to be exercised within their several territorial limits.

§ **678.** Sec. 29. No poll-tax shall be levied except for educational purposes and such tax shall not exceed one dollar annually on each poll.

§ **679.** Sec. 30. Mechanics and laborers shall have liens upon the property of their employers for labor performed or material furnished, and the legislature shall provide for the summary enforcement of the same.

§ **680.** Sec. 31. The legislative, executive, and judicial departments shall be distinct; and each department shall be confided to a separate body of magistracy. No person, or collection of persons, being of one department, shall exercise any power properly attached to either of the others, except in cases herein expressly provided.

§ **681.** Sec. 32. Legislative acts in violation of this constitu-
—21

Exhibit 8

0239

tion, or the Constitution of the United States, are void, and the judiciary shall so declare them.

§ 682. Sec. 33. The State of Georgia shall ever remain a member of the American Union; the people thereof are a part of the American nation; every citizen thereof owes paramount allegiance to the Constitution and Government of the United States, and no law or ordinance of this State, in contravention or subversion thereof, shall ever have any binding force.

## ARTICLE II.

### Franchise and Elections.

§ 683. Section 1. In all elections by the people the electors shall vote by ballot.

§ 684. Sec. 2. Every male person born in the United States, and every male person who has been naturalized, or who has legally declared his intention to become a citizen of the United States, twenty-one years old or upward, who shall have resided in this State six months next preceding the election, and shall have resided thirty days in the county in which he offers to vote, and shall have paid all taxes which may have been required of him, and which he may have had an opportunity of paying, agreeably to law, for the year next preceding the election (except as hereinafter provided), shall be deemed an elector; and every male citizen of the United States, of the age aforesaid (except as hereinafter provided), who may be a resident of the State at the time of the adoption of this constitution shall be deemed an elector, and shall have all the rights of an elector, as aforesaid: Provided, That no soldier, sailor, or marine in the military or naval service of the United States shall acquire the rights of an elector by reason of being stationed on duty in this State; and no person shall vote who, if challenged, shall refuse to take the following oath:

"I do swear that I have not given or received, nor do I expect to give or receive, any money, treat, or other thing of value, by which my vote, or any vote, is affected, or expected to be affected at this election, nor have I given or promised any reward, or made any threat, by which to prevent any person from voting at this election."

Exhibit 8

0240



Content downloaded/printed from          *[HeinOnline](https://heinonline.org)*

Thu Jan  2 11:12:29 2020

Citations:

Bluebook 20th ed.
Original text of the Constitution of 1819. [1] (1819)   Declaration of Rights

ALWD 6th ed.

Chicago 7th ed.
, "Declaration of Rights," Constitution of the State of Alabama. : [1]-[4]

McGill Guide 9th ed.
, "Declaration of Rights" [1].

MLA 8th ed.
"Declaration of Rights." Constitution of the State of Alabama., , , p. [1]-[4].
HeinOnline.

OSCOLA 4th ed.
, 'Declaration of Rights' [1]

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
      *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 8

# CONSTITUTION OF THE STATE OF ALABAMA.

*Preamble.* WE, the people of the Alabama Territory, having the right of admission into the general government, as a member of the union, consistent with the constitution and laws of the United States, by our representatives, assembled in convention at the town of Huntsville, on Monday, the fifth day of July, one thousand eight hundred and nineteen, in pursuance of an Act of congress, entitled "An Act to enable the people of the Alabama Territory to form a Constitution and State Government, and for the admission of such State into the Union, on an equal footing with the original States ;" in order to establish justice, ensure tranquillity, provide for the common defence, promote the general welfare, and secure to ourselves and our posterity the rights of life, liberty, and property, do ordain and establish the following constitution, or form of government ; and do mutually agree with each other to form ourselves into a free and independent state, by the name of "The State of Alabama." And we do hereby recognize, confirm, and establish the boundaries assigned to said state by the act of congress aforesaid, "to wit : beginning at the point where the thirty-first degree of north latitude intersects the Perdido river, thence, east, to the western boundary line of the state of Georgia ; thence, along said line, to the southern boundary line of the state of Tennessee ; thence, west, along said boundary line, to the Tennessee river ; thence, up the same, to the mouth of Bear creek ; thence, by a direct line, to the northwest corner of Washington county ; thence, due south, to the Gulf of Mexico; thence, eastwardly, including all islands within six leagues of the shore, to the Perdido river ; and thence, up the same, to the beginning"—subject to such alteration as is provided in the third section of said act of congress, and subject to such enlargement as may be made by law in consequence of any cession of territory by the United States, or either of them.

## ARTICLE I.

### *Declaration of Rights.*

That the general, great, and essential principles of liberty and free government may be recognized and established, we declare :

*All freemen are equal.* SEC. 1. That all freemen, when they form a social compact, are equal in rights ; and that no man or set of men are entitled to exclusive, separate public emoluments or privileges, but in consideration of public services.

*Political power in the people.* SEC. 2. All political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit : and, therefore, they have at all times an unalienable and indefeasible right to alter, reform, or abolish their form of government, in such manner as they may think expedient.

Exhibit 8

0242

Sec. 3. No person within this state shall, upon any pretence, Rights of conscience be deprived of the inestimable privilege of worshipping God in the manner most agreeable to his own conscience; nor be compelled to attend any place of worship ; nor shall any one ever be obliged to pay any tithes, taxes, or other rate, for the building or repairing any place of worship, or for the maintenance of any minister or ministry.

Sec. 4. No human authority ought, in any case whatever, to not to be interfered with. control or interfere with the rights of conscience.

Sec. 5. No person shall be hurt, molested, or restrained, in No person molested. his religious profession, sentiments, or persuasions, provided he does not disturb others in their religious worship.

Sec. 6. The civil rights, privileges, or capacities of any citi- Civil rights not affected zen, shall in no way be diminished, or enlarged, on account of by religious his religious principles. belief.

Sec. 7. There shall be no establishment of religion by law ; No establish-ed religion or no preference shall ever be given by law to any religious sect, religious test. society, denomination, or mode of worship: and no religious test shall ever be required as a qualification to any office or public trust under this state.

Sec. 8. Every citizen may freely speak, write, and publish Freedom of speech, &c. his sentiments on all subjects, being responsible for the abuse of that liberty.

Sec. 9. The people shall be secure in their persons, houses, Searches. papers, and possessions, from unreasonable seizures or searches; and no warrant to search any place, or to seize any person or thing, shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation.

Sec. 10. In all criminal prosecutions, the accused has a right Rights of accused in criminal cases. to be heard by himself and counsel; to demand the nature and cause of the accusation, and have a copy thereof: to be confronted by the witnesses against him: to have compulsory process for obtaining witnesses in his favour; and, in all prosecutions, by indictment or information, a speedy public trial by an impartial jury of the county or district in which the offence shall have been committed: he shall not be compelled to give evidence against himself, nor shall he be deprived of his life, liberty, or property, but by due course of law.

Sec. 11. No person shall be accused, arrested, or detained, No person accused, &c. except in cases ascertained by law, and according to the forms except by which the same has prescribed; and no person shall be punish- law. ed; but in virtue of a law, established and promulgated prior to the offence, and legally applied.

Sec. 12. No person shall, for any indictable offence, be pro- Indictable offences, how proceeded ceeded against criminally, by information; except in cases against. arising in the land and naval forces, or the militia when in actual service, or, by leave of the court, for oppression or misdemeanor in office.

Sec. 13. No person shall, for the same offence be twice put No person twice tried in jeopardy of life or limb: nor shall any person's property be for same offence. taken or applied to public use, unless just compensation be made therefor.

Exhibit 8

0243

**Courts to be open, &c.**

SEC. 14. All courts shall be open, and every person, for an injury done him, in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay.

**Laws not suspended but by general assembly.**

SEC. 15. No power of suspending laws shall be exercised, except by the general assembly, or its authority.

**Of bail and fines.**

SEC. 16. Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted.

**Bailable offences.**

SEC. 17. All persons shall, before conviction, be bailable by sufficient securities, except for capital offences, when the proof is evident, or the presumption great: and the privilege of the writ of " habeas corpus" shall not be suspended, unless when, in cases of rebellion, or invasion, the public safety may require it.

**Debtors, when discharged.**

SEC. 18. The person of a debtor, where there is not strong presumption of fraud, shall not be detained in prison, after delivering up his estate for the benefit of his creditors, in such manner as shall be prescribed by law.

**No ex post facto laws.**

SEC. 19. No ex post facto law, nor law impairing the obligation of contracts, shall be made.

**No attaints.**

SEC. 20. No person shall be attainted of treason or felony by the general assembly. No attainder shall work corruption of blood, nor forfeiture of estate.

**No forfeiture from suicide.**

SEC. 21. The estates of suicides shall descend or vest as in cases of natural death; if any person shall be killed by casualty, there shall be no forfeiture by reason thereof.

**Assembly of citizens.**

SEC. 22. The citizens have a right, in a peaceable manner, to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances, or other proper purposes, by petition, address, or remonstrance.

**May bear arms.**

SEC. 23. Every citizen has a right to bear arms in defence of himself and the state.

**Standing army, &c.**

SEC. 24. No standing army shall be kept up without the consent of the general assembly; and, in that case, no appropriation of money for its support shall be for a longer term than one year; and the military shall, in all cases, and at all times, be in strict subordination to the civil power.

**Quartering troops.**

SEC. 25. No soldier shall, in time of peace, be quartered in any house, without the consent of the owner; nor in time of war, but in a manner to be prescribed by law.

**No titles of nobility.**

SEC. 26. No title of nobility, or hereditary distinction, privilege, honour, or emolument, shall ever be granted or conferred in this state; nor shall any office be created, the appointment of which shall be for a longer term than during good behaviour.

**Emigration.**

SEC. 27. Emigration from this state shall not be prohibited, nor shall any citizen be exiled.

**Trial by jury.**

SEC. 28. The right of trial by jury shall remain inviolate.

**Right of prosecuting, &c.**

SEC. 29. No person shall be debarred from prosecuting or defending any civil cause, for or against him or herself, before any tribunal in this state, by him or herself or counsel.

Exhibit 8

0244

SEC. 30. This enumeration of certain rights shall not be con-strued to deny or disparage others retained by the people : and to guard against any encroachments on the rights herein retained, or any transgression of any of the high powers herein delegated, we declare, that every thing in this article is excepted out of the general powers of government, and shall for ever remain inviolate ; and that all laws contrary thereto, or to the following provisions, shall be void.

*Enumeration of rights.*

### ARTICLE II.

### *Distribution of Powers.*

SEC. 1. The powers of the government of the state of Alabama shall be divided into three distinct departments ; and each of them confided to a separate body of magistracy, to wit: those which are legislative, to one ; those which are executive, to another ; and those which are judicial, to another.

*Three distinct departments.*

SEC. 2. No person, or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances herein after expressly directed or permitted.

*Persons belonging to one not to interfere with the others.*

### ARTICLE III.

### *Legislative Department.*

SEC. 1. The legislative power of this state shall be vested in two distinct branches : the one to be styled the senate, the other the house of representatives, and both together " The General Assembly of the State of Alabama ;" and the style of their laws shall be, " Be it enacted by the Senate and House of Representatives of the State of Alabama, in General Assembly convened."

*Two branches.*

*Style of laws.*

SEC. 2. The members of the house of representatives shall be chosen by the qualified electors, and shall serve for the term of one year, from the day of the commencement of the general election, and no longer.

*Members, how chosen.*

SEC. 3. The representatives shall be chosen every year, on the first Monday and the day following in August, until otherwise directed by law.

*Election, when held.*

SEC. 4. No person shall be a representative unless he be a white man, a citizen of the United States, and shall have been an inhabitant of this state two years next preceding his election, and the last year thereof a resident of the county, city, or town, for which he shall be chosen, and shall have attained the age of twenty-one years.

*Qualification of members.*

SEC. 5. Every white male person of the age of twenty-one years, or upwards, who shall be a citizen of the United States, and shall have resided in this state one year next preceding an election, and the last three months within the county, city, or town, in which he offers to vote, shall be deemed a qualified elector ; provided, that no soldier, seaman, or marine, in the regular army or navy of the United States, shall be entitled to

*Of electors.*

Exhibit 8

0245



Content downloaded/printed from          *HeinOnline*

Fri Dec 13 15:44:28 2019

Citations:

Bluebook 20th ed.
Original text of the Constitution of 1859/1861. The texts of the seven Resolutions
adopted at the Wyandotte Convention, ratified by the People and presented to
Congress, concerning matters of finance on statehood, are appended to the principal
text. [1] (1861)  Ordinance

ALWD 6th ed.

Chicago 7th ed.
, "," Constitution of the State of Kansas; Adopted at Wyandotte, July 29, '59. :
[1]-[2]

OSCOLA 4th ed.
, '' [1]

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 8

0246

# *CONSTITUTION

OF THE

## STATE OF KANSAS;

ADOPTED AT WYANDOT, JULY 29, '59.

### ORDINANCE.

WHEREAS, the Government of the United States is the proprietor of a large portion of the Lands included in the limits of the State of Kansas as defined by this Constitution; and whereas the State of Kansas will possess the right to tax said lands for purposes of government, and for other purposes; Now, therefore, be it ordained by the people of Kansas, that the right of the State of Kansas to tax such lands, is relinquished forever, and the State of Kansas will not interfere with the title of the United States to such lands, nor with any regulation of Congress in relation thereto, nor tax non-residents higher than residents; *Provided always,* That the following conditions be agreed to by Congress:

SECTION 1. Sections numbered sixteen and thirty-six in each township in the State, including Indian reservations and Trust lands, shall be granted to the State for the exclusive use of Common Schools; and when either of said sections, or any part thereof, has been disposed of, other lands of equal value, as nearly contiguous thereto as possible, shall be substituted therefor.

SEC. 2. .That seventy-two sections of land shall be granted to the State for the erection and maintenance of a State University.

SEC. 3. That thirty-six sections shall be granted to the State for the erection of public buildings.

SEC. 4. That seventy-two sections shall be granted to the State for the erection and maintenance of charitable and benevolent institutions.

SEC. 5. That all salt springs, not exceeding twelve in number, with six sections of land adjacent to each, together with all mines, with the lands necessary for their full use, shall be granted to the State for works of public improvement.

SEC. 6. That five per centum of the proceeds of the public lands in Kansas, disposed of after the admission of the State into the Union, shall be paid to the State for a fund, the income of which shall be used for the support of Common Schools.

SEC. 7. That the Five Hundred Thousand acres of land to which the State is entitled under the Act of Congress entitled "An Act to appropriate the proceeds of the sales of public lands and grant pre-emption rights," approved September 4th, 1841, shall be granted to the State for the support of Common Schools.

* In the edition of 1859 the paging at this point reverts to number one.

(574)

Exhibit 8

0247

SEC. 8. That the lands hereinbefore mentioned shall be selected in such manner as may be prescribed by law; such selections to be subject to the approval of the Commissioner of the General Land Office of the United States.

## PREAMBLE.

We, the people of Kansas, grateful to Almighty God for our civil and religious privileges, in order to insure the full enjoyment of our rights as American citizens, do ordain and establish this constitution of the State of Kansas, with the following boundaries, to-wit: Beginning at a point on the western boundary of the State of Missouri, where the thirty-seventh parallel of north latitude crosses the same; thence running west on said parallel to the twenty-fifth meridian of longitude west from Washington; thence north on said meridian to the fortieth parallel of north latitude: thence east on said parallel to the western boundary of the State of Missouri; thence south with the western boundary of said State to the place of beginning.

[*2]                              *BILL OF RIGHTS.

SECTION 1. All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness.

SEC. 2. All political power is inherent in the people, and all free governments are founded on their authority, and are instituted for their equal protection and benefit. No special privileges or immunities shall ever be granted by the Legislature, which may not be altered, revoked or repealed by the same body; and this power shall be exercised by no other tribunal or agency.

SEC. 3. The people have the right to assemble, in a peaceable manner, to consult for their common good, to instruct their representatives, and to petition the government, or any department thereof, for the redress of grievances.

SEC. 4. The people have the right to bear arms for their defence and security; but standing armies, in time of peace, are dangerous to liberty, and shall not be tolerated, and the military shall be in strict subordination to the civil power.

SEC. 5. The right of trial by jury shall be inviolate.

SEC. 6. There shall be no slavery in this State; and no involuntary servitude, except for the punishment of crime, whereof the party shall have been duly convicted.

SEC. 7. The right to worship God according to the dictates of conscience shall never be infringed; nor shall any person be compelled to attend or support any form of worship; nor shall any control of, or interference with the rights of conscience be permitted, nor any preference be given by law, to any religious establishment or mode of worship. No religious test or property qualification shall be required for any office of public trust, nor for any vote at any election, nor shall any person be incompetent to testify on account of religious belief.

SEC. 8. The right to the writ of habeas corpus shall not be suspended, unless the public safety requires it in case of invasion or rebellion.

SEC. 9. All persons shall be bailable by sufficient sureties except for capital offences, where proof is evident or the presumption great. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted.

Exhibit 8

0248



Content downloaded/printed from                    *HeinOnline*

Fri Dec 13 17:55:53 2019

Citations:

Bluebook 20th ed.
C. A.; et al. Wickliffe. Revised Statutes of Kentucky: Approved and Adopted by the
General Assembly, 1851 and 1852. In Force from July 1, 1852 (1852).

ALWD 6th ed.
C. A.; et al. Wickliffe. Revised Statutes of Kentucky: Approved & Adopted by the
General Assembly, 1851 & 1852. In Force from July 1, 1852 (1852).

APA 6th ed.
Wickliffe, C. (1852). Revised Statutes of Kentucky: Approved and Adopted by the
General Assembly, 1851 and 1852. In Force from July 1, 1852. Frankfort, KY, A.G.
Hodges.

Chicago 7th ed.
Wickliffe C. A.; et al. Revised Statutes of Kentucky: Approved and Adopted by the
General Assembly, 1851 and 1852. In Force from July 1, 1852. Frankfort, KY, A.G.
Hodges.

McGill Guide 9th ed.
C. A.; et al. Wickliffe, Revised Statutes of Kentucky: Approved and Adopted by the
General Assembly, 1851 and 1852. In Force from July 1, 1852 (Frankfort, KY: A.G.
Hodges., 1852)

MLA 8th ed.
Wickliffe, C. A., et al. Revised Statutes of Kentucky: Approved and Adopted by the
General Assembly, 1851 and 1852. In Force from July 1, 1852. Frankfort, KY, A.G.
Hodges. HeinOnline.

OSCOLA 4th ed.
Wickliffe, C. A.; et al. Revised Statutes of Kentucky: Approved and Adopted by the
General Assembly, 1851 and 1852. In Force from July 1, 1852. Frankfort, KY, A.G.
Hodges.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
     Conditions of the license agreement available at
          *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 8

0249

shall, at their next session, pass a law calling a convention, to consist of as many members as there shall be in the house of representatives, and no more; to be chosen on the first Monday in August thereafter, in the same manner and proportion, and at the same places, and possessed of the same qualifications of a qualified elector, by citizens entitled to vote for representatives; and to meet within three months after their election, for the purpose of re-adopting, amending, or changing this constitution; but if it shall appear by the vote of either year, as aforesaid, that a majority of all the citizens entitled to vote for representatives did not vote for calling a convention, a convention shall not then be called. And for the purpose of ascertaining whether a majority of the citizens, entitled to vote for representatives, did or did not vote for calling a convention, as above, the general assembly passing the law authorizing such vote shall provide for ascertaining the number of citizens entitled to vote for representatives within the state.

*Number of members of the convention.*

SECTION 2. The convention, when assembled, shall judge of the election of its members and decide contested elections, but the general assembly shall, in calling a convention, provide for taking testimony in such cases and for issuing a writ of election in case of a tie.

*Convention to judge of the election of its members.*

ARTICLE XIII.

## Bill of Rights.

That the general, great, and essential principles of liberty and free government may be recognized and established: WE DECLARE,

*Declaration of rights.*

SECTION 1. That all freemen, when they form a social compact, are equal, and that no man, or set of men, are entitled to exclusive, separate public emoluments or privileges from the community, but in consideration of public services.

*; Equality of men.*

SECTION 2. That absolute, arbitrary power over the lives, liberty, and property of freemen exists no where in a republic—not even in the largest majority.

*Absolute power over life, liberty, & property exists nowhere in a republic, &c.*

SECTION 3. The right of property is before and higher than any constitutional sanction; and the right of the owner of a slave to such slave, and its increase, is the same, and as inviolable as the right of the owner of any property whatever.

*The right of property.*

SECTION 4. That all power is inherent in the people, and all free governments are founded on their authority, and instituted for their peace, safety, happiness, security, and the protection of property. For the advancement of these ends, they have, at all times, an inalienable and indefeasible right to alter, reform, or abolish their government, in such manner as they may think proper.

*All power in the people.*

SECTION 5. That all men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences; that no man shall be com-

*Liberty of conscience.*

Exhibit 8

0250

pelled to attend, erect, or support any place of worship, or to maintain any ministry against his consent; that no human authority ought, in any case whatever, to control or interfere with the rights of conscience; and that no preference shall ever be given by law to any religious societies or modes of worship.

SECTION 6. That the civil rights, privileges, or capacities of any citizen shall in no wise be diminished or enlarged on account of his religion.

Religion.

SECTION 7. That all elections shall be free and equal.

Elections.

SECTION 8. That the ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this constitution.

Trial by jury.

SECTION 9. That printing presses shall be free to every person who undertakes to examine the proceedings of the general assembly, or any branch of government; and no law shall ever be made to restrain the right thereof. The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write, and print on any subject, being responsible for the abuse of that liberty.

Freedom of the press and speech.

SECTION 10. In prosecutions for the publication of papers investigating the official conduct of officers, or men in a public capacity, or where the matter published is proper for public information, the truth thereof may be given in evidence; and in all indictments for libels, the jury shall have a right to determine the law and the facts, under the direction of the court, as in other cases.

To give truth in evidence.

Jury to be judges of law and fact in libels.

SECTION 11. That the people shall be secure in their persons, houses, papers, and possessions, from unreasonable seizures and searches, and that no warrant to search any place or to seize any person or thing, shall issue, without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation.

People to be secure from unreasonable seizures and searches.

SECTION 12. That in all criminal prosecutions, the accused hath a right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process for obtaining witnesses in his favor; and in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; that he cannot be compelled to give evidence against himself; nor can he be deprived of his life, liberty, or property, unless by the judgment of his peers, or the law of the land.

Rights of persons prosecuted criminally.

SECTION 13. That no person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or in the militia when in actual service, in time of war or public danger, or by leave of the court, for oppression or misdemeanor in office.

Information.

SECTION 14. No person shall, for the same offense, be twice put in jeopardy of his life or limb; nor shall any

Twice in jeopardy, and property not to be taken.

Exhibit 8

0251

man's property be taken or applied to public use, without the consent of his representatives, and without just compensation being previously made to him.

**All courts to be open.**

SECTION 15. That all courts shall be open, and every person, for an injury done him in his lands, goods, person, or reputation, shall have remedy by the due course of law, and right and justice administered, without sale, denial, or delay.

**Suspending laws.**

SECTION 16. That no power of suspending laws shall be exercised, unless by the general assembly, or its authority.

**Excessive bail.**

SECTION 17. That excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted.

**Prisoners, when bailable.**

**Habeas corpus.**

SECTION 18. That all prisoners shall be bailable by sufficient securities, unless for capital offenses, when the proof is evident or presumption great; and the privilege of the writ of *habeas corpus* shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it.

**Imprisonment of debtors.**

SECTION 19. That the person of a debtor, where there is not strong presumption of fraud, shall not be continued in prison after delivering up his estate for the benefit of his creditors, in such manner as shall be prescribed by law.

**Ex post facto laws**

SECTION 20. That no *ex post facto* law, nor any law impairing contracts, shall be made.

**Attainder.**

SECTION 21. That no person shall be attainted of treason or felony by the general assembly.

SECTION 22. That no attainder shall work corruption of blood, nor, except during the life of the offender, forfeiture of estate to the commonwealth.

**Felos do so and forfeiture.**

SECTION 23. That the estates of such persons as shall destroy their own lives shall descend or vest as in case of natural death; and if any person shall be killed by casualty, there shall be no forfeiture by reason thereof.

**Right of petition.**

SECTION 24. That the citizens have a right, in a peaceable manner, to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances, or other proper purposes, by petition, address, or remonstrance.

**Right to bear arms**

SECTION 25. That the rights of the citizens to bear arms in defense of themselves and the state, shall not be questioned; but the general assembly may pass laws to prevent persons from carrying concealed arms.

**Standing armies.**

SECTION 26. That no standing army shall, in time of peace, be kept up, without the consent of the general assembly; and the military shall, in all cases and at all times, be in strict subordination to the civil power.

**Soldiers not to be quartered.**

SECTION 27. That no soldier shall, in time of peace, be quartered in any house, without the consent of the owner; nor in time of war, but in a manner to be prescribed by law.

Exhibit 8

0252

SECTION 28. That the general assembly shall not grant any title of nobility, or hereditary distinction, nor create any office, the appointment to which shall be for a longer time than for a term of years.

*Nobility, and limitation of office*

SECTION 29. That emigration from the state shall not be prohibited.

*Emigration.*

SECTION 30. To guard against transgressions of the high powers which we have delegated, WE DECLARE, that every thing in this article is excepted out of the general powers of government, and shall forever remain inviolate; and that all laws contrary thereto, or contrary to this constitution, shall be void.

*Exception out of the general powers.*

### SCHEDULE.

That no inconvenience may arise from the alterations and amendments made in the constitution of this commonwealth, and in order to carry the same into complete operation, it is hereby declared and ordained:

SECTION 1. That all the laws of this commonwealth, in force at the time of the adoption of this constitution, and not inconsistent therewith, and all rights, actions, prosecutions, claims, and contracts, as well of individuals as of bodies corporate, shall continue as if this constitution had not been adopted.

*Laws and rights continued.*

SECTION 2. The oaths of office herein directed to be taken may be administered by any judge or justice of the peace, until the general assembly shall otherwise direct.

*Oaths, by whom administered.*

SECTION 3. No office shall be superseded by the adoption of this constitution, but the laws of the state relative to the duties of the several officers, legislative, executive, judicial, and military, shall remain in full force, though the same be contrary to this constitution, and the several duties shall be performed by the respective officers of the state, according to the existing laws, until the organization of the government, as provided for under this constitution, and the entering into office of the officers to be elected or appointed under said government, and no longer.

*No office shall be superseded by the adoption of this constitution.*

SECTION 4. It shall be the duty of the general assembly which shall convene in the year 1850, to make an apportionment of the representation of this state, upon the principle set forth in this constitution; and until the first apportionment shall be made as herein directed, the apportionment of senators and representatives among the several districts and counties in this state, shall remain as at present fixed by law: *Provided*, that on the first Monday in August, 1850, all senators shall go out of office, and on that day an election for senators and representatives shall be held throughout the state, and those then elected shall hold their offices for one year, and no longer: *Provided further*, that at the elections to be held in the year 1850, that provision in this constitution which requires voters to vote in the precinct within which they reside, shall not apply.

*Duty of general assembly that convenes in 1850.*

Exhibit 8

0253



Content downloaded/printed from          *HeinOnline*

Fri Dec 13 15:48:34 2019

Citations:

Bluebook 20th ed.
Original text of the Constitution of 1879. The "Miscellaneous Ordinances" are
appended to the principal text. An index is provided. [1] (2015)   Bill of Rights

ALWD 6th ed.

Chicago 7th ed.
, "," Appendix. Constitution of Louisiana. Adopted July 23, 1879. : [1]-[2]

OSCOLA 4th ed.
, '' [1]

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 8

0254

# APPENDIX.

—◆◆—

## CONSTITUTION OF LOUISIANA.

ADOPTED JULY 23, 1879.

—◆◆—

### PREAMBLE.

We, the people of the State of Louisiana, in order to establish justice, insure domestic tranquility, promote the general welfare and secure the blessings of liberty to ourselves and our posterity, acknowledging and invoking guidance of Almighty God, the author of all good government, do ordain the and establish this constitution.

### BILL OF RIGHTS.

ART. 1. All government of right originates with the people, is founded on their will alone, and is instituted solely for the good of the whole, deriving its just powers from the consent of the governed. Its only legitimate end is to protect the citizen in the enjoyment of life, liberty and property. When it assumes other functions it is usurpation and oppression.

ART. 2. The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue except upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

ART. 3. A well regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be abridged. This shall not prevent the passage of laws to punish those who carry weapons concealed. D. sec. 915, 2309.

ART. 4. No law shall be passed respecting an establishment of religion or prohibiting the free exercise thereof, or abridging the freedom of speech or of the press, or the right of the people peaceably to assemble and petition the government for a redress of grievances.

ART. 5. There shall be neither slavery nor involuntary servitude in this State otherwise than for the punishment of crime, whereof the party shall have been duly convicted. Prosecutions shall be by indictment or information; *provided*, that no person shall be held to answer for a capital crime unless on a presentment or indictment by a grand jury, except in cases arising in the militia when in active service in time of war or public danger; nor shall any person be twice put in jeopardy of life or liberty for the same offence, except on his own application for a new trial, or where there is a mistrial, or a motion in arrest of judgment.is sustained. D. 977.

ART. 6. No person shall be compelled to give evidence against himself in a criminal case or in any proceeding that may subject him to criminal prosecution, except where otherwise provided in this constitution ; nor be deprived of life, liberty or property without due process of law.

ART. 7. In all criminal prosecutions the accused shall enjoy the right to a speedy public trial by an impartial jury, except that, in cases where the penalty is not necessarily imprisonment at hard labor or death the general assembly may provide for the trial thereof by a jury less than twelve in number; *provided*, that the accused in every instance shall be tried in the parish wherein the offence shall have been committed, except in cases of change of venue. Act 1880, p. 35, No. 35, sec. 4; D. sec. 1021, 1031.

(a)

Exhibit 8

ART. 8. In all criminal prosecutions the accused shall enjoy the right to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to defend himself and to have the assistance of counsel, and to have the right to challenge jurors peremptorily, the number of challenges to be fixed by statute. D. sec. 992.

ART. 9. Excessive bail shall not be required, nor excessive fines be imposed, nor cruel and unusual punishments inflicted. All persons shall be bailable by sufficient sureties, unless for capital offences, where the proof is evident or the presumption great, or unless after conviction for any crime or offence punishable with death or imprisonment at hard labor. D. sec. 1010, 1011.

ART. 10. The privilege of the writ of *habeas corpus* shall not be suspended, unless when, in case of rebellion or invasion, the public safety may require it. C. P., art. 791.

ART. 11. All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation, shall have adequate remedy by due process of law and justice, administered without denial or unreasonable delay.

ART. 12. The military shall be in subordination to the civil power.

ART. 13. This enumeration of rights shall not be construed to deny or impair other rights of the people not herein expressed.

## DISTRIBUTION OF POWERS.

ART. 14. The powers of the government of the State of Louisiana shall be divided into three distinct departments, and each of them be confided to a separate body of magistracy, to-wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.

ART. 15. No one of these departments, nor any person or collection of persons holding office in one of them, shall exercise power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted.

## LEGISLATIVE DEPARTMENT.

### APPORTIONMENT.

ART. 16. Representation in the house of representatives shall be equal and uniform, and shall be regulated and ascertained by the total population. Each parish shall have at least one representative. The first enumeration to be made by the State authorities under this constitution shall be made in the year eighteen hundred and ninety; and subsequent enumerations shall be made every tenth year thereafter, in such manner as shall be prescribed by law, for the purpose of ascertaining the total population and the number of qualified electors in each parish and election district. At its first regular session after each enumeration the general assembly shall apportion the representation among the several parishes and election districts on the basis of the total population as aforesaid. A representative number shall be fixed; and each parish and election district shall have as many representatives as the aggregate number of its population will entitle it to, and an additional representative for any fraction exceeding one-half the representative number. The number of representatives shall not be more than ninety-eight nor less than seventy.

ART. 17. The general assembly, in every year in which they shall apportion representation in the house of representatives, shall divide the State into senatorial districts. No parish shall be divided in the formation of a senatorial district—the parish of Orleans excepted. Whenever a new parish shall be created it shall be attached to the senatorial district, from which most of its territory was taken, or to another contiguous district, at the discretion of the general assembly, but shall not be attached to more than one district. The number of senators shall not be more than thirty-six nor less than twenty-four, and they shall be apportioned among the senatorial districts according to the total population contained in the several districts.

Exhibit 8

0256



Content downloaded/printed from          *HeinOnline*

Fri Dec 13 15:49:47 2019

Citations:

Bluebook 20th ed.
Original text of the Constitution of 1868/1869 as adopted at the election of 30 November/1 December 1869. [1] (2015)   Bill of Rights

ALWD 6th ed.

Chicago 7th ed.
, "Bill of Rights," Constitution of the State of Mississippi. : [1]-[2]

McGill Guide 9th ed.
, "Bill of Rights" [1].

MLA 8th ed.
"Bill of Rights." Constitution of the State of Mississippi., , , p. [1]-[2]. HeinOnline.

OSCOLA 4th ed.
, 'Bill of Rights' [1]

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 8

# CONSTITUTION OF THE STATE OF MISSISSIPPI.

.  ————

Adopted in Convention, Fifteenth Day of May, A. D. 1868, and Ratified by the People, First Day of December, A. D. 1869.

————

To the end that justice be established, public order maintained, and liberty perpetuated, we, the people of the state of Mississippi, grateful to Almighty God for the free exercise of the right to choose our own form of government, do ordain this constitution:

## ARTICLE I.

### BILL OF RIGHTS.

SECTION 1. All persons resident in this state, citizens of the United States, are hereby declared citizens of the state of Mississippi.

SEC. 2. No person shall be deprived of life, liberty, or property, except by due process of law.

SEC. 3. The privilege of the writ of *habeas corpus* shall not be suspended, unless when, in case of rebellion or invasion, the public safety may require it.

SEC. 4. The freedom of speech and of the press shall be held sacred, and in all indictments for libel, the jury shall determine the law and the facts, under the direction of the court.

SEC. 5. No person's life or liberty shall be twice placed in jeopardy for the same offence.

SEC. 6. The right of the people peaceably to assemble and petition the government on any subject, shall never be impaired.

SEC. 7. In all criminal prosecutions, the accused shall have a right to be heard by himself, or counsel, or both; to demand the nature and cause of the accusation; to be confronted by the witnesses against him; to have a compulsory process for obtaining witnesses in his favor; and in all prosecutions by indictment or information, a speedy and public trial, by an impartial jury of the county where the offence was committed; and he shall not be compelled to give evidence against himself.

SEC. 8. Cruel or unusual punishment shall not be inflicted, nor shall excessive fines be imposed; excessive bail shall not be required; and all persons shall, before conviction, be bailable by sufficient sureties, except for capital offences, when the proof is evident, or presumption great.

SEC. 9. No *ex post facto* law, or laws impairing the obligation of contracts, shall ever be passed.

SEC. 10. Private property shall not be taken for public use, except upon due compensation first being made to the owner or owners thereof, in a manner to be provided for by law.

SEC. 11. There shall be no imprisonment for debt.

SEC. 12. The right of trial by jury shall remain inviolate.

SEC. 13. No property qualification shall ever be required of any person to become a juror.

Exhibit 8

0258

SEC. 14.  The people shall be secure in their persons, houses and possessions, from un-reasonable seizure or search, and no warrant shall be issued without probable cause, sup-ported by oath or affirmation, specially designating the place to be searched, and the per-son or thing to be seized.

SEC. 15.  All persons shall have a right to keep and bear arms for their defense.

SEC. 16.  The rights of married women shall be protected by law in property owned previous to marriage; and also in all property acquired in good faith by purchase, gift, devise or bequest after marriage: *provided*, that nothing herein contained shall be so con-strued as to protect said property from being applied to the payment of their lawful debts.

SEC. 17.  No property qualification for eligibility to office shall ever be required.

SEC. 18.  No property or educational qualification shall ever be required, for any person to become an elector.

SEC. 19.  There shall be neither slavery nor involuntary servitude in this state, other-wise than in the punishment of crime, whereof the party shall have been duly convicted.

SEC. 20.  The right to withdraw from the federal union, on account of any real or sup-posed grievance, shall never be assumed by this state; nor shall any law be passed in dero-gation of the paramount allegiance of the citizens of this state, to the government of the United States.

SEC. 21.  No public money or moneys, shall be appropriated for any charitable or other public institution in this state, making any distinction among the citizens thereof; *pro-vided*, that nothing herein contained shall be so construed as to prevent the legislature from appropriating the school fund, in accordance with the article in this constitution relating to public schools.

SEC. 22.  No distinction shall ever be made by law, between citizens and alien friends, in reference to possession, enjoyment, or descent of property.

SEC. 23.  No religious test, as a qualification for office, shall ever be required, and no preference shall ever be given, by law, to any religious sect or mode of worship, but the free enjoyment of all religious sentiments, and the different modes of worship shall ever be held sacred; *provided*, the rights hereby secured shall not be construed to justify acts of licentiousness, injurious to morals, or dangerous to the peace and safety of the state.

SEC. 24.  The right of all citizens to travel upon all public conveyances, shall not be in-fringed upon, nor in any manner abridged in this state.

SEC. 25.  The military shall be in strict subordination to the civil power.

SEC. 26.  Treason against the state shall consist only in levying war against the same, or in adhering to its enemies, giving them aid and comfort.  No person shall be convicted of treason, unless on the testimony of two witnesses to the same overt act, or on confession in open court.

SEC. 27.  No person's life shall be periled by the practice of dueling; and any person who shall hereafter fight a duel, or assist in the same as second, or send, accept, or know-ingly carry a challenge therefor, or go out of the state to fight a duel, shall be disqualified from holding any office under this constitution, and shall forever be disfranchised in this state.

SEC. 28.  All courts shall be open, and every person, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

SEC. 29.  No person shall ever be elected, or appointed to any office in this state, for life, or during good behavior, but the term of all offices shall be for some specified period.

SEC. 30.  No person shall be debarred from prosecuting or defending any civil cause, for or against him or herself, before any tribunal in this state, by him or herself, or counsel, or both.

SEC. 31.  No person shall, for any indictable offence, be proceeded against criminally, by information, except in cases arising in the land or naval forces, or the militia, when in ac-tual service, or by leave of the court, for misdemeanor in office; *provided*, that the legisla-ture, in cases of petit larceny, assaults, assault and battery, affray, riot, unlawful assembly, drunkenness, vagrancy, and other misdemeanors of like character, may dispense with an inquest of a grand jury, and may authorize prosecutions before justices of the peace, or such other inferior court or courts, as may be established by the legislature; and the proceedings in such cases shall be regulated by law.

SEC. 32.  The enumeration of rights in this constitution shall not be construed to deny or impair others retained by, and inherent in the people.

## ARTICLE II.

### BOUNDARIES OF THE STATE.

The limits and boundaries of the state of Mississippi shall remain as now established by law.

**42**

Exhibit 8

0259



Content downloaded/printed from          *HeinOnline*

Thu Jan  2 17:39:32 2020

Citations:

Bluebook 20th ed.
Original text of the Constitution of 1875. [1] (1875)   Table of Contents

ALWD 6th ed.

Chicago 7th ed.
, "," Constitution of the State of Missouri, Adopted by a vote of the People, October
30, 1875. Went into Operation November 30, 1875. : [1]-[3]

OSCOLA 4th ed.
, '' [1]

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 8

0260

# CONSTITUTION

## OF THE

# STATE OF MISSOURI,

ADOPTED BY A VOTE OF THE PEOPLE, OCTOBER 30, 1875. WENT INTO
OPERATION NOVEMBER 30, 1875.

---

## CONTENTS.

### PREAMBLE.

Constitution established.

### ARTICLE I—BOUNDARIES.

SECTION
1. Boundaries of the state—jurisdiction.

### ARTICLE II—BILL OF RIGHTS.

SECTION
1. Origin of political power.
2. Right to regulate internal affairs, and to abolish existing form of government.
3. Missouri a free and independent state—right of local self government.
4. The object of constitutional government.
5. Religious liberty and freedom of conscience guaranteed.
6. Religious worship.
7. No aid or preference given to churches.
8. Religious corporations established under a general law, may hold certain real estate.
9. Elections to be free and open.
10. Courts shall be open to every person.
11. Security from searches and seizures.
12. Criminal prosecutions to be by indictment or information.
13. Treason defined—corruption of blood.
14. Freedom of speech allowed—truth of publication may be given in evidence.
15. *Ex post facto* laws, and laws making irrevocable grants of special privileges, forbidden.
16. No imprisonment for debt, except, when.
17. Right to keep and bear arms.
18. Officers must devote their time to the duties of their offices.
19. Collectors and receivers, not eligible to office, when.
20. Private property taken for private use—for public use.
21. Private property taken for public use—compensation.
22. Criminal prosecutions, right of accused.
23. No self crimination, nor twice in jeopardy.
24. Bail allowed, when.
25. Excessive bail and fines, and cruel punishments, forbidden.
26. Writ of *habeas corpus* shall not be suspended.
27. Military subject to civil power.
28. Trial by jury—grand jury to consist of twelve men.
29. Right of petition and remonstrance guaranteed.
30. Due process of law.
31. Slavery and involuntary servitude forbidden.
32. Reservation of rights.

### ARTICLE III—THE DISTRIBUTION OF POWERS.

SECTION
1. Powers divided into three departments.

### ARTICLE IV—LEGISLATIVE DEPARTMENT.

SECTION
1. Vested in general assembly.

#### REPRESENTATION AND APPORTIONMENT.

2. Time of electing representatives—ratio of apportionment.
3. Division of counties into representative districts.
4. Qualifications of representatives.
5. Thirty-four senators—senatorial districts.
6. Qualifications of senators—division of counties into senatorial districts.
7. Rule of apportionment for senators and representatives—to be revised and adjusted on the basis of the United States census.
8. Number of representatives, how distributed.
9. Districts may be altered.
10. First election of senators and representatives.
11. The present senatorial districts.
12. Senators and representatives cannot hold another office—certain officers not eligible.
13. Removal of residence vacates office.
14. Writs of election to fill vacancies.
15. Oath of office, refusal to take, penalty for violation of.
16. Pay of members and expenses of committees.
17. Organization—punishment of disorderly members and other persons.
18. Quorum—compelling attendance of absent members.
19. Doors to be open.
20. Time of meeting.
21. Adjournment for more than three days.
22. Adjournment for three days or less.

Exhibit 8

0261

# PREAMBLE.

We, the people of Missouri, with profound reverence for the Supreme Ruler of the Universe, and grateful for his goodness, do, for the better government of the State, establish this Constitution.

# ARTICLE I.

### BOUNDARIES.

SECTION 1. The boundaries of the State as heretofore established by law, are hereby ratified and confirmed. The State shall have concurrent jurisdiction on the river Mississippi, and every other river bordering on the State, so far as the said rivers shall form a common boundary to this State and any other State or States; and the river Mississippi and the navigable rivers and waters leading to the same, shall be common highways, and forever free to the citizens of this State and of the United States, without any tax, duty, impost or toll therefor, imposed by this State.

# ARTICLE II.

### BILL OF RIGHTS.

In order to assert our rights, acknowledge our duties, and proclaim the principles on which our government is founded, we declare:

SECTION 1. That all political power is vested in, and derived from the people; that all government of right originates from the people, is founded upon their will only, and is instituted solely for the good of the whole.

SEC. 2. That the people of this State have the inherent, sole and exclusive right to regulate the internal government and police thereof, and to alter and abolish their Constitution and form of government whenever they may deem it necessary to their safety and happiness: *Provided*, Such change be not repugnant to the Constitution of the United States.

SEC. 3. That Missouri is a free and independent State, subject only to the Constitution of the United States; and as the preservation of the States and the maintenance of their governments, are necessary to an indestructible Union, and were intended to co-exist with it, the Legislature is not authorized to adopt, nor will the people of this State ever assent to any amendment or change of the Constitution of the United States which may in any wise impair the right of local self-government belonging to the people of this State.

SEC. 4. That all constitutional government is intended to promote the general welfare of the people; that all persons have a natural right to life, liberty and the enjoyment of the gains of their own industry; that to give security to these things is the principal office of government, and that when government does not confer this security, it fails of its chief design.

SEC. 5. That all men have a natural and indefeasible right to worship Almighty God according to the dictates of their own conscience; that no person can, on account of his religious opinions, be rendered ineligible to any office of trust or profit under this State, nor be disqualified from testifying, or from serving as a juror; that no human authority can control or interfere with the rights of conscience; that no person ought, by any law, to be molested in his person or estate, on account of his religious persuasion or profession; but the liberty of conscience hereby secured, shall not be so construed as to excuse acts of licentiousness, nor to justify practices inconsistent with the good order, peace or safety of this State, or with the rights of others.

SEC. 6. That no person can be compelled to erect, support or attend any place or system of worship, or to maintain or support any priest, minister, preacher or teacher of any sect, church, creed or denomination of re-

Exhibit 8

0262

ligion; but if any person shall voluntarily make a contract for any such object, he shall be held to the performance of the same.

Sec. 7.   That no money shall ever be taken from the public treasury, directly or indirectly, in aid of any church, sect or denomination of religion, or in aid of any priest, preacher, minister or teacher thereof, as such; and that no preference shall be given to, nor any discrimination made against any church, sect or creed of religion, or any form of religious faith or worship.

Sec. 8.   That no religious corporation can be established in this State, except such as may be created under a general law for the purpose only of holding the title to such real estate as may be prescribed by law for church edifices, parsonages and cemeteries.

Sec. 9.   That all elections shall be free and open; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage.

Sec. 10.   The courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice should be administered without sale, denial or delay.

Sec. 11.   That the people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the person or thing to be seized, as nearly as may be; nor without probable cause, supported by oath or affirmation reduced to writing.

Sec. 12.   That no person shall, for felony, be proceeded against criminally otherwise than by indictment, except in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger; in all other cases, offenses shall be prosecuted criminally by indictment or information as concurrent remedies.

Sec. 13.   That treason against the State can consist only in levying war against it, or in adhering to its enemies, giving them aid and comfort; that no person can be convicted of treason, unless on the testimony of two witnesses to the same overt act, or on his confession in open court; that no person can be attainted of treason or felony by the General Assembly; that no conviction can work corruption of blood or forfeiture of estate; that the estates of such persons as may destroy their own lives shall descend or vest as in cases of natural death; and when any person shall be killed by casualty, there shall be no forfeiture by reason thereof.

Sec. 14.   That no law shall be passed impairing the freedom of speech; that every person shall be free to say, write or publish whatever he will on any subject, being responsible for all abuse of that liberty; and that in all suits and prosecutions for libel the truth thereof may be given in evidence, and the jury, under the direction of the court, shall determine the law and the fact.

Sec. 15.   That no *ex post facto* law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be passed by the General Assembly.

Sec. 16.   That imprisonment for debt shall not be allowed, except for the nonpayment of fines and penalties imposed for violation of law.

Sec. 17.   That the right of no citizen to keep and bear arms in defense of his home, person and property, or in aid of the civil power, when thereto legally summoned, shall be called in question; but nothing herein contained is intended to justify the practice of wearing concealed weapons.

Sec. 18.   That no person elected or appointed to any office or employment of trust or profit under the laws of this State, or any ordinance of any municipality in this State, shall hold such office without personally devoting his time to the performance of the duties to the same belonging.

Sec. 19.   That no person who is now, or may hereafter become a collector or receiver of public money, or assistant or deputy of such collector or receiver, shall be eligible to any office of trust or profit in the State of

Exhibit 8

0263



Content downloaded/printed from                    *HeinOnline*

Tue Dec 31 14:55:28 2019

Citations:

Bluebook 20th ed.
1876-1877 3 .

ALWD 6th ed.
1876-1877 3 .

Chicago 7th ed.
, "," North Carolina - Public and Private Laws : 3-50

OSCOLA 4th ed.
, '' 1876-1877 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 8

# CONSTITUTION

OF THE

# STATE OF NORTH CAROLINA,

AS AMENDED BY THE

## CONSTITUTIONAL CONVENTION OF 1875.

---

## PREAMBLE.

We, the people of the State of North Carolina, grateful **Preamble.** to Almighty God, the Sovereign Ruler of nations, for the preservation of the American Union, and the existence of our civil, political and religious liberties, and acknowledging our dependence upon Him for the continuance of those blessings to us and our posterity, do, for the more certain security thereof, and for the better government of this State, ordain and establish this Constitution :

## ARTICLE I.

### DECLARATION OF RIGHTS.

That the great, general and essential principles of liberty and free government may be recognized and established, and that the relations of this State to the Union and government of the United States, and those of the people of this State to the rest of the American people, may be defined and affirmed, we do declare :

SECTION 1. That we hold it to be self-evident that all men **The equality and** are created equal; that they are endowed by their Creator **rights of men.**

Exhibit 8

0265

with certain unalienable rights; that among these are life, liberty, the enjoyment of the fruits of their own labor, and the pursuit of happiness.

**Political power and government.** SEC. 2. That all political power is vested in, and derived from, the people; all government of right originates from the people, is founded upon their will only, and is instituted solely for the good of the whole.

**Internal government of the State.** SEC. 3. That the people of this State have the inherent, sole and exclusive right of regulating the internal government and police thereof, and of altering and abolishing their Constitution and form of government whenever it may be necessary to their safety and happiness; but every such right should be exercised in pursuance of law, and consistently with the Constitution of the United States.

**That there is no right to secede.** SEC. 4. That this State shall ever remain a member of the American Union; that the people thereof are part of the American nation; that there is no right on the part of the State to secede, and that all attempts, from whatever source or upon whatever pretext, to dissolve said Union, or to sever said nation, ought to be resisted with the whole power of the State.

**Of allegiance to the U. S. government.** SEC. 5. That every citizen of this State owes paramount allegiance to the Constitution and Government of the United States, and that no law or ordinance of the State in contravention or subversion thereof, can have any binding force.

**Public debt.** SEC. 6. The State shall never assume or pay, or authorize the collection of any debt or obligation, express or implied, incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave.

**Exclusive emoluments, &c.** SEC. 7. No man or set of men are entitled to exclusive or separate emoluments or privileges from the community but in consideration of public services.

**The Legislative, Executive and** SEC. 8. The legislative, executive and supreme judicial

Exhibit 8

0266

powers of the government ought to be forever separate and distinct from each other. <span style="float:right">Judicial powers distinct.</span>

SEC. 9. All power of suspending laws, or the execution of laws, by any authority, without the consent of the representatives of the people, is injurious to their rights, and ought not to be exercised. <span style="float:right">Of the power of suspending laws.</span>

SEC. 10. All elections ought to be free. <span style="float:right">Elections free.</span>

SEC. 11. In all criminal prosecutions, every man has the right to be informed of the accusation against him and to confront the accusers and witnesses with other testimony, and to have counsel for his defence, and not be compelled to give evidence against himself or to pay costs, jail fees, or necessary witness fees of the defense, unless found guilty. <span style="float:right">In criminal prosecutions.</span>

SEC. 12. No person shall be put to answer any criminal charge, except as hereinafter allowed, but by indictment, presentment or impeachment. <span style="float:right">Answers to criminal charges.</span>

SEC. 13. No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. The Legislature may, however, provide other means of trial for petty misdemeanors, with the right of appeal. <span style="float:right">Right of jury.</span>

SEC. 14. Excessive bail should not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted. <span style="float:right">Excessive bail.</span>

SEC. 15. General warrants, whereby any officer or messenger may be commanded to search suspected places, without evidence of the act committed, or to seize any person or persons not named, whose offence is not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted. <span style="float:right">General warrants.</span>

SEC. 16. There shall be no imprisonment for debt in this State, except in cases of fraud. <span style="float:right">Imprisonment for debt.</span>

SEC. 17. No person ought to be taken, imprisoned or disseized of his freehold, liberties or privileges, or outlawed or exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land. <span style="float:right">No person to be taken, &c., but by law of the land.</span>

Exhibit 8

0267

**Persons restrained of liberty.**

SEC. 18. Every person restrained of his liberty is entitled to a remedy to enquire into the lawfulness thereof, and to remove the same, if unlawful; and such remedy ought not to be denied or delayed.

**Controversies at law respecting property.**

SEC. 19. In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable.

**Freedom of the press.**

SEC. 20. The freedom of the press is one of the great bulwarks of liberty, and therefore ought never to be restrained, but every individual shall be held responsible for the abuse of the same.

**Habeas corpus.**

SEC. 21. The privileges of the writ of *habeas corpus* shall not be suspended.

**Property qualification.**

SEC. 22. As political rights and privileges are not dependent upon, or modified by property, therefore no property qualification ought to affect the right to vote or hold office.

**Representation and taxation.**

SEC. 23. The people of the State ought not to be taxed, or made subject to the payment of any impost or duty, without the consent of themselves, or their representatives in General Assembly, freely given.

**Militia and the right to bear arms.**

SEC. 24. A well regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed; and, as standing armies in time of peace, are dangerous to liberty, they ought not to be kept up, and the military should be kept under strict subordination to, and governed by, the civil power. Nothing herein contained shall justify the practice of carrying concealed weapons, or prevent the Legislature from enacting penal statutes against said practice.

**Right of the people to assemble together.**

SEC. 25. The people have a right to assemble together to consult for their common good, to instruct their representatives, and to apply to the Legislature for redress of grievances. But secret political societies are dangerous to the liberties of a free people, and should not be tolerated.

**Religious liberty.**

SEC. 26. All men have a natural and unalienable right to

Exhibit 8

0268



Content downloaded/printed from          *HeinOnline*

Fri Dec 13 16:57:45 2019

Citations:

Bluebook 20th ed.
Original text of the Constitution of 1834/1835. [1] (2015)   Constitution of the
State of Tennessee

ALWD 6th ed.

Chicago 7th ed.
, "," Constitution of the State of Tennessee : [1]-[18]

OSCOLA 4th ed.
, '' [1]

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
    *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 8

0269

# CONSTITUTION

## OF THE STATE OF TENNESSEE.

Whereas, the People of the territory of the United States, south of the river Ohio, having the right of admission into the General Government as a Member State thereof, consistent with the Constitution of the United States, and the act of cession of the State of North Carolina, recognizing the ordinance for the government of the territory of the United States north-west of the river Ohio, by their delegates and representatives in Convention assembled, did, on the sixth day of February, in the year of our Lord one thousand seven hundred and ninety-six, ordain and establish a Constitution or form of government, and mutually agreed with each other to form themselves into a free and independent State, by the name of "The State of Tennessee;" and whereas, the General Assembly of said State of Tennessee, (pursuant to the third section of the tenth article of the Constitution) by an act passed on the twenty-seventh day of November, in the year of our Lord one thousand eight hundred and thirty-three, entitled "An act to provide for the calling of a Convention," did authorize and provide for the election, by the people, of Delegates, and Representatives, to meet at Nashville, in Davidson county, on the third Monday in May, in the year of our Lord one thousand eight hundred and thirty-four, "for the purpose of revising and amending (or changing) the Constitution:"

We, therefore, the Delegates and Representatives of the People of the State of Tennessee, elected and in Convention assembled, in pursuance of the said Act of Assembly, have ordained and established the following amended Constitution and form of Government for this State, which we recommend to the people of Tennessee for their ratification; that is to say:

## ARTICLE I.

### DECLARATION OF RIGHTS.

SECTION 1. That all power is inherent in the people, and all free governments are founded on their authority and instituted for their peace, safety and happiness; for the advancement of those ends, they have, at all times, an unalienable and indefeasible right to alter, reform or abolish the government in such manner as they may think proper.

1

Digitized from Best Copy Available

Exhibit 8

0270

Sec. 2. That government being instituted for the common benefit, the doctrine of non-resistance against arbitrary power and oppression, is absurd, slavish, and destructive of the good and happiness of mankind.

Sec. 3. That all men have a natural and indefeasible right to worship Almighty God according to the dictates of their own conscience; that no man can of right be compelled to attend, erect or support any place of worship, or to maintain any Minister against his consent; that no human authority can, in any case whatever, control or interfere with the rights of conscience; and that no preference shall ever be given, by law, to any religious establishment or mode of worship.

Sec. 4. That no religious test shall ever be required as a qualification to any office or public trust under this State.

Sec. 5. That Elections shall be free and equal.

Sec. 6. That the right of trial by jury shall remain inviolate.

Sec. 7. That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offences are- not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted.

Sec 8. That no free man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers, or the law of the land.

Sec. 9. That in all criminal prosecutions, the accused hath a right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face; to have compulsory process for obtaining witnesses in his favor; and in prosecutions by indictment or presentment, a speedy public trial, by an impartial jury of the county or district in which the crime shall have been committed; and shall not be compelled to give evidence against himself.

Sec. 10. That no person shall, for the same offence, be twice put in jeopardy of life or limb.

Sec. 11. That laws made for the punishment of facts committed previous to the existence of such laws, and by them only declared criminal, are contrary to the principles of a free government; wherefore no *ex post facto* law shall be made.

Sec. 12. That no conviction shall work corruption of blood or forfeiture of estate. The estate of such persons as shall destroy their own lives, shall descend or vest as in case of natural death. If any person be killed by casualty, there shall be no forfeiture in consequence thereof.

Sec. 13. That no person arrested or confined in jail, shall be treated with unnecessary rigor.

Sec. 14. That no free man shall be put to answer any criminal charge but by presentment, indictment or impeachment.

Sec. 15. That all prisoners shall be bailable by sufficient sureties unless for capital offences when the proof is evident or the presumption

Digitized from Best Copy Available

Exhibit 8

0271

great. And the privilege of the writ of *habeas corpus* shall not be suspended, unless when in case of rebellion or invasion the public safety may require it.

SEC. 16. That excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

SEC. 17. That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the State in such manner and in such courts, as the Legislature may by law direct.

SEC. 18. That the person of a debtor, where there is not strong presumption of fraud, shall not be continued in prison after delivering up his estate for the benefit of his creditor or creditors, in such manner as shall be prescribed by law.

SEC. 19. That the printing presses shall be free to every person who undertakes to examine the proceedings of the Legislature, or of any branch or Officer of Government; and no law shall ever be made to restrain the right thereof. The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty. But in prosecutions for the publication of papers investigating the official conduct of officers or men in public capacity, the truth thereof may be given in evidence; and in all indictments for libels, the jury shall have a right to determine the law and the facts, under the direction of the Court, as in other criminal cases.

SEC. 20. That no retrospective law, or law impairing the obligation of contracts, shall be made.

SEC. 21. That no man's particular services shall be demanded, or property taken or applied to public use, without the consent of his representatives, or without just compensation being made therefor.

SEC. 22. That perpetuities and monopolies are contrary to the genius of a free State, and shall not be allowed.

SEC. 23. That the citizens have a right, in a peaceable manner, to assemble together, for their common good, to instruct their representatives, and to apply to those invested with the powers of government for redress of grievances or other proper purposes, by address or remonstrance.

SEC. 24. That the sure and certain defence of a free people, is a well regulated militia: and, as standing armies in time of peace are dangerous to freedom, they ought to be avoided, as far as the circumstances and safety of the community will admit; and that in all cases the military shall be kept in strict subordination to the civil authority.

SEC. 25. That no citizen of this State, except such as are employed in the army of the United States, or militia in actual service, shall be subjected to corporeal punishment under the martial law.

SEC. 26. That the free white men of this State have a right to keep and to bear arms for their common defence.

SEC. 27. That no soldier shall, in time of peace, be quartered in any house without the consent of the owner, nor in time of war, but in a manner prescribed by law.

Digitized from Best Copy Available

Exhibit 8

SEC. 28. That no citizen of this State shall be compelled to bear arms, provided he will pay an equivalent, to be ascertained by law.

SEC. 29. That an equal participation of the free navigation of the Mississippi, is one of the inherent rights of the citizens of this State: it cannot, therefore, be conceded to any prince, potentate, power, person or persons whatever.

SEC. 30. That no hereditary emoluments, privileges, or honors, shall ever be granted or conferred in this State.

SEC. 31. That the limits and boundaries of this State be ascertained, it is declared they are as hereafter mentioned, that is to say: Beginning on the extreme height of the Stone mountain, at the place where the line of Virginia intersects it, in latitude thirty-six degrees and thirty minutes north; running thence along the extreme height of the said mountain to the place where Watauga river breaks through it; thence a direct course to the top of the Yellow mountain, where Bright's road crosses the same; thence along the ridge of said mountain between the waters of Doe river and the waters of Rock creek, to the place where the road crosses the Iron mountain; from thence along the extreme height of said mountain, to the place where Nolichucky river runs through the same; thence to the top of the Bald mountain; thence along the extreme height of said mountain to the Painted Rock, on French Broad river; thence along the highest ridge of said mountain to the place where it is called the Great Iron or Smoky mountain; thence along the extreme height of said mountain to the place where it is called Unicoi or Unaka mountain, between the Indian towns of Cowee and Old Chota; thence along the main ridge of the said mountain to the southern boundary of this State, as described in the act of cession of North Carolina to the United States of America; and that all the territory, lands and waters, lying west of the said line, as before mentioned, and contained within the chartered limits of the State of North Carolina, are within the boundaries and limits of this State; over which the people have the right of exercising sovereignty and the right of soil, so far as is consistent with the constitution of the United States, recognizing the articles of confederation, the bill of rights, and constitution of North Carolina, the cession act of the said State, and the ordinance of Congress for the government of the territory northwest of the Ohio: *Provided*, nothing herein contained shall extend to affect the claim or claims of individuals, to any part of the soil which is recognized to them by the aforesaid cession act: *And provided, also*, that the limits and jurisdiction of this State shall extend to any other land and territory now acquired, or that may hereafter be acquired by compact or agreement with other States or otherwise, although such land and territory are not included within the boundaries herein before designated.

SEC. 32. The people residing south of French Broad and Holston, between the rivers Tennessee and Big Pigeon, are entitled to the right of pre-emption and occupancy in that tract.

## ARTICLE II.

SEC. 1. The powers of the Government shall be divided into three distinct departments; the Legislative, Executive and Judicial.

Digitized from Best Copy Available

Exhibit 8

0273



Content downloaded/printed from          *HeinOnline*

Fri Dec 13 17:09:11 2019

Citations:

Bluebook 20th ed.
Original text of the Constitution of 1875/1876. [3] (1876)   Bill of Rights

ALWD 6th ed.

Chicago 7th ed.
, "Bill of Rights," Constitution. : [3]-[6]

McGill Guide 9th ed.
, "Bill of Rights" [3].

MLA 8th ed.
"Bill of Rights." Constitution., , , p. [3]-[6]. HeinOnline.

OSCOLA 4th ed.
, 'Bill of Rights' [3]

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 8

0274

# CONSTITUTION.

## PREAMBLE.

Humbly invoking the blessing of Almighty God, the people of the State of Texas do ordain and establish this Constitution.

## ARTICLE I.

### Bill of Rights.

That the general, great and essential principles of liberty and free government may be recognized and established, we declare:

Section 1. Texas is a free and independent State, subject only to the Constitution of the United States; and the maintenance of our free institutions and the perpetuity of the Union depend upon the preservation of the right of local self-government unimpaired to all the States.

Sec. 2. All political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit. The faith of the people of Texas stands pledged to the preservation of a republican form of government, and, subject to this limitation only, they have at all times the inalienable right to alter, reform or abolish their government in such manner as they may think expedient.

Sec. 3. All free men when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.

Sec. 4. No religious test shall ever be required as a qualification to any office, or public trust, in this State; nor shall any one be excluded from holding office on account of his religious sentiments, provided he acknowledge the existence of a Supreme Being.

Sec. 5. No person shall be disqualified to give evidence in any of the courts of this State on account of his religious opinions, or for the want of any religious belief, but all oaths or affirmations shall be administered in the mode most bind-

( 781 )

Exhibit 8

0275

ing upon the conscience, and shall be taken subject to the pains and penalties of perjury.

Sec. 6. All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences. No man shall be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent. No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion, and no preference shall ever be given by law to any religious society or mode of worship. But it shall be the duty of the Legislature to pass such laws as may be necessary to protect equally every religious denomination in the peaceable enjoyment of its own mode of public worship.

Sec. 7. No money shall be appropriated or drawn from the treasury for the benefit of any sect, or religious society, theological or religious seminary; nor shall property belonging to the State be appropriated for any such purposes.

Sec. 8. Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. In prosecutions for the publication of papers investigating the conduct of officers or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence. And in all indictments for libels the jury shall have the right to determine the law and the facts, under the direction of the court, as in other cases.

Sec. 9. The people shall be secure in their persons, houses, papers and possessions from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause supported by oath or affirmation.

Sec. 10. In all criminal prosecutions, the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and have a copy thereof. He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself or counsel or both; shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor. And no person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary, in cases of impeachment, and in cases

( 782 )

Exhibit 8

0276

arising in the army or navy, or in the militia, when in actual service in time of war or public danger.

Sec. 11. All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found, upon examination of the evidence in such manner as may be prescribed by law.

Sec. 12. The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual.

Sec. 13. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law.

Sec. 14. No person, for the same offense, shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction.

Sec. 15. The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency.

Sec. 16. No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made.

Sec. 17. No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the state, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities shall be made; but all privileges and franchises granted by the Legislature or created under its authority shall be subject to the control thereof.

Sec. 18. No person shall ever be imprisoned for debt.

Sec. 19. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

Sec. 20. No person shall be outlawed; nor shall any person be transported out of the State for any offense committed within the same.

Sec. 21. No conviction shall work corruption of blood, or forfeiture of estate; and the estates of those who destroy their own lives shall descend or vest as in case of natural death.

Sec. 22. Treason against the State shall consist only in

( 783 )

Exhibit 8

0277

levying war against it, or adhering to its enemies, giving them aid and comfort; and no person shall be convicted of treason except on the testimony of two witnesses to the same overt act, or on confession in open court.

Sec. 23. Every citizen shall have the right to keep and bear arms in the lawful defense of himself or the State; but the Legislature shall have power by law to regulate the wearing of arms with a view to prevent crime.

Sec. 24. The military shall at all times be subordinate to the civil authority.

Sec. 25. No soldier shall in time of peace be quartered in the house of any citizen without the consent of the owner, nor in time of war but in a manner prescribed by law.

Sec. 26. Perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed; nor shall the law of primogeniture or entailments ever be in force in this State.

Sec. 27. The citizens shall have the right, in a peaceable manner, to assemble together for their common good, and apply to those invested with the power of government for redress of grievances or other purposes, by petition, address or remonstrance.

Sec. 28. No power of suspending laws in this State shall be exercised except by the Legislature.

Sec. 29. To guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void.

## ARTICLE II.

### The Powers of Government.

Section 1. The powers of the government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to-wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

( 784 )

Exhibit 8

0278



Content downloaded/printed from          *HeinOnline*

Fri Dec 13 17:48:53 2019

Citations:

Bluebook 20th ed.
Original text of the Constitution of 1889/1890. [1] (1890)   Declaration of Rights

ALWD 6th ed.

Chicago 7th ed.
, "Declaration of Rights," Constitution of the State of Wyoming : [1]-[4]

McGill Guide 9th ed.
, "Declaration of Rights" [1].

MLA 8th ed.
"Declaration of Rights." Constitution of the State of Wyoming, , , p. [1]-[4].
HeinOnline.

OSCOLA 4th ed.
, 'Declaration of Rights' [1]

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
    Conditions of the license agreement available at
      *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 8

0279

# CONSTITUTION

—— OF ——

# THE STATE OF WYOMING.

## PREAMBLE.

We, the people of the State of Wyoming, grateful to God for our civil, political and religious liberties, and desiring to secure them to ourselves and perpetuate them to our posterity, do ordain and establish this Constitution.

## ARTICLE No. I.

### DECLARATION OF RIGHTS.

SECTION 1. All power is inherent in the people, and all free governments are founded on their authority, and instituted for their peace, safety and happiness; for the advancement of these ends they have at all times an inalienable and indefeasible right to alter, reform or abolish the government in such manner as they may think proper. *Power inherent in the people.*

SEC. 2. In their inherent right to life, liberty and the pursuit of happiness, all members of the human race are equal. *The equality of all.*

SEC. 3. Since equality in the enjoyment of natural and civil rights is made sure only through political equality, the laws of this State affecting the political rights and privileges of its citizens shall be without distinction of race, color, sex, or any circumstance or condition whatsoever other than individual incompetency, or unworthiness duly ascertained by a court of competent jurisdiction. *Political rights without distinction of race, color or sex.*

Exhibit 8

0280

**Security against searches.** Sec. 4. The right of the people to be secure in their persons, houses papers and effects against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause, supported by affidavit, particularly describing the place to be searched or the person or thing to be seized.

**Imprisonment for debt.** Sec. 5. No person shall be imprisoned for debt except in cases of fraud.

**Definition of life, liberty,&c** Sec. 6. No person shall be deprived of life, liberty or property without due process of law.

**Arbitrary power exists nowhere in republics.** Sec. 7. Absolute, arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority.

**Courts open to every person.** Sec. 8. All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay. Suits may be brought against the State in such manner and in such courts as the legislature may by law direct.

**Trial by jury shall remain inviolate in criminal cases** Sec. 9. The right of trial by jury shall remain inviolate in criminal cases, but a jury in civil cases in all courts, or in criminal cases in courts not of record, may consist of less than twelve men, as may be prescribed by law. Hereafter a grand jury may consist of twelve men, any nine of whom concurring may find an indictment, but the legislature may change, regulate or abolish the grand jury system.

**Accused in criminal cases, right to defend.** Sec. 10. In all criminal prosecutions the accused shall have the right to defend in person and by counsel, to demand the nature and cause of the accusation, to have a copy thereof, to be confronted with the witnesses against him, to have compulsory process served for obtaining witnesses, and to a speedy trial by an impartial jury of the county or district in which the offense is alleged to have been committed.

**In criminal cases no person compelled to testify against himself—jeopardy** Sec. 11. No person shall be compelled to testify against himself in any criminal case, nor shall any person be twice put in jeopardy for the same offense. If the jury disagree, or if the judgment be arrested after a verdict, or if the judgment be reversed for error in law, the accused shall not be deemed to have been in jeopardy.

**Detaining witness in criminal case.** Sec. 12. No person shall be detained as a witness in any criminal prosecution longer than may be necessary to take his testimony or deposition, nor be confined in any room where criminals are imprisoned.

**Criminal proceedings.** Sec. 13. Until otherwise provided by law, no person shall, for a felony, be proceeded against criminally, otherwise than by indictment, except in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger.

**Bail.** Sec. 14. All persons shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great. Excessive bail shall not be required, nor excessive fines imposed, nor shall cruel or unusual punishment be inflicted.

**Penal code.** Sec. 15. The penal code shall be framed on the humane principles of·reformation and prevention.

Exhibit 8

0281

Sec. 16. No person arrested and confined in jail shall be treated with unnecessary rigor. The erection of safe and comfortable prisons, and inspection of prisons, and the humane treatment of prisoners shall be provided for. *Jails—treatment of prisoners.*

Sec. 17. The privilege of the writ of habeas corpus shall not be suspended unless, when in case of rebellion or invasion, the public safety may require it. *Habeas corpus.*

Sec. 18. The free exercise and enjoyment of religious profession and worship without discrimination or preference shall be forever guaranteed in this State, and no person shall be rendered incompetent to hold any office of trust or profit, or to serve as a witness or juror, because of his opinion on any matter of religious belief whatever; but the liberty of conscience hereby secured shall not be so construed as to excuse acts of licentiousness or justify practices inconsistent with the peace or safety of the State. *Religious liberty.*

Sec. 19. No money of the State shall ever be given or appropriated to any sectarian or religious society or institution. *No money given to religious society.*

Sec. 20. Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that right; and in all trials for libel, both civil and criminal, the truth, when published with good intent and for justifiable ends, shall be a sufficient defense, the jury having the right to determine the facts and the law, under direction of the court. *Freedom of speech.*

Sec. 21. The right of petition, and of the people peaceably to assemble to consult for the common good, and to make known their opinions, shall never be denied or abridged. *Right of petition.*

Sec. 22. The rights of labor shall have just protection through laws calculated to secure to the laborer proper rewards for his service and to promote the industrial welfare of the State. *Rights of labor to be protected.*

Sec. 23. The right of citizens to opportunities for education should have practical recognition. The Legislature shall suitably encourage means and agencies calculated to advance the sciences and liberal arts. *Education.*

Sec. 24. The right of citizens to bear arms in defense of themselves and of the State shall not be denied. *Self defense,*

Sec. 25. The military shall ever be in strict subordination to the civil power. No soldier in time of peace shall be quartered in any house without consent of the owner, nor in time of war except in the manner prescribed by law. *Military subordinate to civil power.*

Sec. 26. Treason against the State shall consist only in levying war against it, or in adhering to its enemies, or in giving them aid and comfort. No person shall be convicted of treason unless on the testimony of two witnesses to the same overt act, or on confession in open court; nor shall any person be attainted of treason by the Legislature. *Treason.*

Sec. 27. Elections shall be open, free and equal, and no power, civil or military, shall at any time interfere to prevent an untrammeled exercise of the right of suffrage. *Elections to be free and equal.*

Sec. 28. No tax shall be imposed without the consent of the people or their authorized representatives. All taxation shall be equal and uniform. *No tax without consent—uniformity.*

Sec. 29. No distinction shall ever be made by law between resident aliens and citizens as to the possession, taxation, enjoyment and descent of property. *Aliens.*

Exhibit 8

0282

Perpetuities
and monopo-
lies not al-
lowed.

SEC. 30.  Perpetuities and monopolies are contrary to the genius of a free state, and shall not be allowed.  Corporations being creatures of the State, endowed for the public good with a portion of its sovereign powers, must be subject to its control.

Water con-
trol in state.

SEC. 31.  Water being essential to industrial prosperity, of limited amount, and easy of diversion from its natural channels, its control must be in the State, which, in providing for its use, shall equally guard all the various interests involved.

When prop-
erty taken for
private use.

SEC. 32.  Private property shall not be taken for private use unless by consent of the owner, except for private ways of necessity, and for reservoirs, drains, flumes, or ditches on or across the lands of others for agricultural, mining, milling, domestic or sanitary purposes, nor in any case without due compensation.

Just com-
pensation.

SEC. 33.  Private property shall not be taken or damaged for public or private use without just compensation.

General laws
—operation.

SEC. 34.  All laws of a general nature shall have a uniform operation.

Ex post facto
law, &c.

SEC. 35.  No ex post facto law, nor any law impairing the obligation of contracts, shall ever be made.

Other rights
not enumera-
ted not im-
paired.

SEC. 36.  The enumeration in this Constitution of certain rights shall not be construed to deny, impair, or disparage others retained by the people.

State, part of
Union.

SEC. 37.  The State of Wyoming is an inseparable part of the Federal Union, and the Constitution of the United States is the supreme law of the land.

## ARTICLE No. II.

### DISTRIBUTION OF POWERS.

SECTION 1.  The powers of the government of this State are divided into three distinct departments: the legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted.

## ARTICLE No. III.

### LEGISLATIVE DEPARTMENT.

Name of leg-
islature.

SECTION. 1.  The legislative power shall be vested in a senate and house of representatives, which shall be designated "The Legislature of the State of Wyoming."

Senators,
their term of
office, qualifi-
cations.

SEC. 2.  Senators shall be elected for the term of four (4) years and representatives for the term of two (2) years.  The senators elected at the first election shall be divided by lot into two classes as nearly equal as may be.  The seats of senators of the first class shall be vacated at the expiration of the first two years, and of the second class at the expiration of four years.  No person shall be a senator who has not attained the age of twenty-five years, or a representative who has not attained the age of twenty-

Exhibit 8

0283

# Exhibit 9

Exhibit 9

0284



Content downloaded/printed from                    *HeinOnline*

Thu Jan  2 14:16:58 2020

Citations:

Bluebook 20th ed.
Thomas M. Cooley. Treatise on the Constitutional Limitations Which Rest upon the
Legislative Power of the States of the American Union (5).

ALWD 6th ed.
Thomas M. Cooley. Treatise on the Constitutional Limitations Which Rest upon the
Legislative Power of the States of the American Union (5).

APA 6th ed.
Cooley, T. (5). Treatise on the Constitutional Limitations Which Rest upon the
Legislative Power of the States of the American Union. Boston, Little, Brown, and Co.

Chicago 7th ed.
Cooley Thomas M. Treatise on the Constitutional Limitations Which Rest upon the
Legislative Power of the States of the American Union. Boston, Little, Brown, and Co.

McGill Guide 9th ed.
Thomas M. Cooley, Treatise on the Constitutional Limitations Which Rest upon the
Legislative Power of the States of the American Union (Boston: Little, Brown, and
Co., 5)

MLA 8th ed.
Cooley, Thomas M. Treatise on the Constitutional Limitations Which Rest upon the
Legislative Power of the States of the American Union. Boston, Little, Brown, and Co.
HeinOnline.

OSCOLA 4th ed.
Cooley, Thomas M. Treatise on the Constitutional Limitations Which Rest upon the
Legislative Power of the States of the American Union. Boston, Little, Brown, and Co.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.
Use QR Code reader to send PDF to your smartphone or tablet device



Exhibit 9

0285

A

# TREATISE

ON THE

# CONSTITUTIONAL LIMITATIONS

WHICH REST UPON

THE LEGISLATIVE POWER OF THE STATES
OF THE AMERICAN UNION.

BY

THOMAS M. COOLEY, LL.D.,

ONE OF THE JUSTICES OF THE SUPREME COURT OF MICHIGAN, AND JAY PROFESSOR
OF LAW IN THE UNIVERSITY OF MICHIGAN.

FIFTH EDITION,

WITH CONSIDERABLE ADDITIONS, GIVING THE RESULTS OF
THE RECENT CASES.

BOSTON:
LITTLE, BROWN, AND COMPANY.
1883

Exhibit 9
0286

Entered according to Act of Congress, in the year 1874, by
LITTLE, BROWN, AND COMPANY,
In the Office of the Librarian of Congress, at Washington.

Entered according to Act of Congress, in the year 1878, by
LITTLE, BROWN, AND COMPANY,
In the Office of the Librarian of Congress, at Washington.

Entered according to Act of Congress, in the year 1883, by
LITTLE, BROWN, AND COMPANY,
In the Office of the Librarian of Congress, at Washington.

UNIVERSITY PRESS:
JOHN WILSON AND SON, CAMBRIDGE.

Exhibit 9

0287

# TABLE OF CONTENTS.

## CHAPTER I.

### DEFINITIONS.

Definition of a state, nation, people, sovereignty, and sovereign state . . 1
What sovereignty consists in . . . . . . . . . . . . . . . 2
Apportionment of sovereignty in America . . . . . . . . . 2
Definition of constitution and constitutional government . . . . 2, 3
Of unconstitutional law . . . . . . . . . . . . . . . 4
The will of the people the final law . . . . . . . . . . . 5

## CHAPTER II.

### THE CONSTITUTION OF THE UNITED STATES.

What the United States government the successor of; Colonial con-
  federacies . . . . . . . . . . . . . . . . . . . . 6
The States never in a strict sense sovereign . . . . . . . . 7
The Continental Congress . . . . . . . . . . . . . . . 6, 7
Limitations upon its power; the Articles of Confederation, and the
  supersession thereof by the Constitution . . . . . . . . 8
Adoption of the Constitution by North Carolina, Rhode Island, and
  the New States . . . . . . . . . . . . . . . . . 8, 9
United States government one of enumerated powers . . . . . 10
General purpose of this government . . . . . . . . . . . 11
Powers conferred upon Congress . . . . . . . . . . . 11, 12
Powers under the new amendments . . . . . . . . . . 12–14
Executive and judicial power of the nation . . . . . . . . 15
Constitution, laws, and treaties of United States to be supreme; final
  decision of questions under, to rest with national judiciary . . 15
Removal of causes from State courts; decisions of State courts to be
  followed on points of State law . . . . . . . . . . 16–18
Protection to privileges and immunities of citizens . . . . . 12, 21
Extradition of fugitives from justice . . . . . . . . . . 22
Faith and credit secured to records, &c. . . . . . . . . 22, 23

Exhibit 9

0288

Restrictions upon the States . . . . . . . . . . . . 20
Guaranty of republican government . . . . . . . . . . . 24
Implied prohibitions on the States . . . . . . . . . . 25
Reservation of powers to States and people . . . . . . . . 26
Construction of national bills of rights . . . . . . . . . . 26
Statutes necessary to jurisdiction of national courts . . . . . . 26

## CHAPTER III.

### THE FORMATION AND AMENDMENT OF STATE CONSTITUTIONS.

State governments in existence when Constitution of United States
    adopted . . . . . . . . . . . . . . . . . . . . 29
Common law in force; what it consists in . . . . . . . . 29–34
English and Colonial legislation . . . . . . . . . . . . 34
Colonial charters and revolutionary constitutions . . . . . . 35, 36
Constitutions of new States . . . . . . . . . . . . . 36
Sovereignty of the people . . . . . . . . . . . . . 36–39
Who are the people, in a political sense . . . . . . . . . . 37
Proceedings in the formation and amendment of constitutions . . 39–48
Restraints imposed thereon by Constitution of United States . . . 42
What generally to be looked for in State constitutions . . . . 44–46
Rights are protected by, but do not come from them . . . . . . 47

## CHAPTER IV.

### CONSTRUCTION OF STATE CONSTITUTIONS.

Interpretation and construction . . . . . . . . . . . . 49
Who first to construe constitutions . . . . . . . . . . 50–55
Final decision generally with the courts . . . . . . . . . 55–57
The doctrine of *res adjudicata* and *stare decisis* . . . . . . 58–66
Construction to be uniform . . . . . . . . . . . . . 67
The intent to govern . . . . . . . . . . . . . . . 68
The whole instrument to be examined . . . . . . . . . . 70
Effect to be given to the whole . . . . . . . . . . . . 71
Words to be understood in their ordinary meaning . . . . . . 71
Common law to be kept in view . . . . . . . . . . . . 73
Words sometimes employed in different senses . . . . . . 74, 75
Operation of laws to be prospective . . . . . . . . . . . 76
Implied powers . . . . . . . . . . . . . . . . . 77, 78
Consideration of the mischief to be remedied . . . . . . . . 78
Proceedings of Constitutional Convention may be examined . . 79–81

Exhibit 9

0289

Force of contemporaneous and practical construction . . . . 81–85
Unjust provisions not invalid . . . . . . . . . . . . . 86
Duty in case of doubt on constitutional questions . . . . . . . 88
Directory and mandatory provisions . . . . . . . . . . 88–98
Constitutional provisions are imperative . . . . . . . . . 93–98
Self-executing provisions . . . . . . . . . . . . . 98–101
Danger of arbitrary rules of construction . . . . . . . . . 101

## CHAPTER V.

### THE POWERS WHICH THE LEGISLATIVE DEPARTMENT MAY EXERCISE.

Power of American legislatures compared to that of British Par-
    liament . . . . . . . . . . . . . . . . . 103–106
Grant of legislative power is grant of the complete power . . . 106
But not of executive or judicial power . . . . . . . . . 106–109
Definition of legislative and judicial authority . . . . . . 109–111
Declaratory statutes . . . . . . . . . . . . . . 111–114
Statute setting aside judgments, granting new trials, &c.. . . 115, 116
Recitals in statutes do not bind individuals . . . . . . . 116
Statutes conferring power on guardians, &c., to sell lands . . 117–125
Statutes which assume to dispose of disputed rights . . . . 125–129
Statutes validating irregular judicial proceedings . . . . . 128, 129
Legislative divorces . . . . . . . . . . . . . . . 130–135
Legislative encroachments upon executive power . . . . . 135–138
Legislative power not to be delegated . . . . . . . . . 139
Conditional legislation . . . . . . . . . . . . . . 144–147
Local option laws . . . . . . . . . . . . . . . 147, 148
Irrepealable laws not to be passed . . . . . . . . . . 149, 150
Territorial limitations upon State legislative authority . . . 151–153
Inter-State comity . . . . . . . . . . . . . . . 152
Other limitations by express provisions . . . . . . . . 153
Limitations springing from nature of free government . . . 154, 155

## CHAPTER VI.

### THE ENACTMENT OF LAWS.

Importance of forms in parliamentary law . . . . . . . 156, 157
The two houses of the legislature . . . . . . . . . . 157
Differences in powers of . . . . . . . . . . . . . 158
Meetings and adjournments . . . . . . . . . . . . 158
Contested elections, rules of proceeding, punishing disorderly be-
    havior . . . . . . . . . . . . . . . . . . 159

Exhibit 9

0290

Contempts . . . . . . . . . . . . . . . . 160, 161
Privileges of members . . . . . . . . . . . . . . 161
Legislative committees . . . . . . . . . . . . . . 162
Journal of proceedings . . . . . . . . . . . . . . 163
Corrupt contracts to influence legislation . . . . . . . . . 164
Counsel before legislature; lobby agents . . . . . . . . . 165
The introduction and passage of bills . . . . . . . . 166–169
Evasions of constitutional provisions . . . . . . . . . 167, n.
Three readings of bills . . . . . . . . . . . . . . 168
Yeas and nays . . . . . . . . . . . . . . . . 169
Vote required for the passage of a bill . . . . . . . . . 169
Title of statutes . . . . . . . . . . . . . . . 170–181
Amendatory statutes . . . . . . . . . . . . . 181–184
Signing of bills by presiding officers . . . . . . . . . 184
Approval of bills by the governor . . . . . . . . . 184–187
Other legislative powers of the governor . . . . . . . . 187
When acts to take effect . . . . . . . . . . . 188–191

## CHAPTER VII.

### THE CIRCUMSTANCES UNDER WHICH A LEGISLATIVE ACT MAY BE DECLARED UNCONSTITUTIONAL.

Authority to declare statutes unconstitutional a delicate one . 192–194
Early cases of such declaration . . . . . . . . . . . 194, n.
Will not be done by bare quorum of court . . . . . . . 195
Nor unless a decision upon the point is necessary . . . . . . 196
Nor on objection by a party not interested . . . . . . . 197
Nor solely because of unjust or oppressive provisions . . . 197–202
Nor because conflicting with fundamental principles . . . 202–204
Nor because opposed to spirit of the constitution . . . . 205, 206
Extent of legislative power . . . . . . . . . . . . 206
Difference between State and national governments . . . . 207
A statute in excess of legislative power void . . . . . . 208–211
Statutes invalid as encroaching on executive or judicial authority . 209
Or conflicting with the bill of rights . . . . . . . . . 210
Legislative forms are limitations of power . . . . . . . 211
Statutes unconstitutional in part . . . . . . . . . 211–216
Constitutional objection may be waived . . . . . . . 216, 217
Judicial doubts on constitutional questions . . . . . . 218–222
Inquiry into legislative motives not permitted . . . . . 222–224
Consequences if a statute is void . . . . . . . . . . 224

Exhibit 9

0291

# CHAPTER VIII.

### THE SEVERAL GRADES OF MUNICIPAL GOVERNMENT.

The American system one of decentralization . . . . . . 225–227
State constitutions framed in reference to it . . . . . . . . 228
Local government may be delegated to citizens of the municipality 228
Legislative control of municipalities . . . . . . . . . 230–232
Powers of public corporations . . . . . . . . . . . . 233
Strict construction of charters . . . . . . . . . . . . 234
Must act through corporate authorities . . . . . . . . 236–238
Contracts *ultra vires* void . . . . . . . . . . . . . . 235
Corporations by prescription and implication . . . . . . . 238–240
Municipal by-laws . . . . . . . . . . . . . . . . 240–249
Delegation of powers by municipality not admissible . . . . 249, 250
Irrepealable municipal legislation cannot be adopted . . . . 251, 252
Presumption of correct action . . . . . . . . . . . 254–258
Power to indemnify officers . . . . . . . . . . . . . 258–260
Powers to be construed with reference to purposes of their crea-
    tion . . . . . . . . . . . . . . . . . . . . 260–263
Authority confined to corporate limits . . . . . . . . . . 263
Municipal subscriptions to works of internal improvement . . . 263
Negotiable paper of corporations . . . . . . . . . . 269–274
Municipal military bounties . . . . . . . . . . . . 271–282
Legislative control of municipal taxation . . . . . . . . 282–289
Legislative control of corporate property . . . . . . . . 289–295
Towns and counties . . . . . . . . . . . . . . . 295–303
Not liable for neglect of official duty . . . . . . . . . . 302
Different rules govern chartered corporations . . . . . . . 303
In what respect the charter a contract . . . . . . . . . 304–310
Validity of corporate organizations not to be questioned collater-
    ally . . . . . . . . . . . . . . . . . . . . 311
The State sometimes estopped from questioning . . . . . . 311, *n.*

# CHAPTER IX.

### PROTECTION TO PERSON AND PROPERTY UNDER THE CONSTITUTION
### OF THE UNITED STATES.

Bill of Rights, importance of . . . . . . . . . . . . 313–315
Addition of, by amendments to national Constitution . . . . . 316
Bills of attainder . . . . . . . . . . . . . . . . 316–321

Exhibit 9

0292

*Ex post facto* laws . . . . . . . . . . . . . . 321–331
Laws impairing the obligation of contracts . . . . . . . 331–357
What charters are contracts . . . . . . . . . . . 337, 338
Contracting away powers of sovereignty . . . . . . . . 339–344
Grant of exclusive privileges . . . . . . . . . . . .   344
Changes in the general laws . . . . . . . . . . . .   345
Obligation of a contract, what it is . . . . . . . . . 346–348
Modification of remedies always admissible . . . . . . 349–357
Appraisal laws . . . . . . . . . . . . . . . .   353
Stay laws, when void . . . . . . . . . . . . . .   355
Laws taking away substantial rights . . . . . . . . 355, 356
Validating imperfect contracts . . . . . . . . . . .   357
State insolvent laws . . . . . . . . . . . . . .   357
The thirteenth and fourteenth amendments . . . . . . 358, 359

## CHAPTER X.

### THE CONSTITUTIONAL PROTECTIONS TO PERSONAL LIBERTY.

Villeinage in England . . . . . . . . . . . . . 360–363
In Scotland . . . . . . . . . . . . . . . . .   363
In America . . . . . . . . . . . . . . . . .   363
Impressment of seamen . . . . . . . . . . . . .   365
Unreasonable searches and seizures . . . . . . . . . 365–369
Every man's house his castle . . . . . . . . . . . 365, 374
Search warrants . . . . . . . . . . . . . . . 369–374
Inviolability of papers and correspondence . . . . . . 371–374
Quartering soldiers in private houses . . . . . . . . .   375
Criminal accusations, how made . . . . . . . . . . .   376
Bail to persons accused of crime . . . . . . . . . . 377–379
Prisoner standing mute . . . . . . . . . . . . .   379
Trial to be speedy . . . . . . . . . . . . . . .   379
To be public . . . . . . . . . . . . . . . . .   380
Not to be inquisitorial . . . . . . . . . . . . .   381
Prisoner's statement and confessions . . . . . . . . 381–388
Confronting prisoner with witnesses . . . . . . . . 388, 389
Prisoner to be present at trial . . . . . . . . . . .   390
Trial to be by jury . . . . . . . . . . . . . . .   390
Number of jurors . . . . . . . . . . . . . . .   391
Right of challenge . . . . . . . . . . . . . . .   392
Jury to be of the vicinage . . . . . . . . . . . .   392
Verdict to be unanimous and free . . . . . . . . . .   393
Instructions of the judge, how limited . . . . . . . . .   393
Power of jury to judge of law . . . . . . . . . . . 394–398

Exhibit 9

0293

Accused not to be twice put in jeopardy . . . . . . . . 399–402
Excessive fines and cruel and unusual punishments . . . . 402–404
Right to counsel . . . . . . . . . . . . . . . 405–412
Protection of professional confidence . . . . . . . . 408, 409
Duty of counsel . . . . . . . . . . . . . . . 409–412
Whether to address the jury on the law . . . . . . . . . 411
Punishment of misconduct in attorneys . . . . . . . . . 411
Writ of *habeas corpus* . . . . . . . . . . . . . . 413–427
Legal restraints upon personal liberty . . . . . . . . . 414–418
Necessity of *Habeas Corpus Act* . . . . . . . . . . . 418–421
What courts issue the writ . . . . . . . . . . . . 421–425
General purpose of writ, and practice upon . . . . . . . 425–427
Right to discussion and petition . . . . . . . . . . . 427
Right to bear arms . . . . . . . . . . . . . . . 428
Jealousy of standing armies . . . . . . . . . . . . 428, 429

## CHAPTER XI.

OF THE PROTECTION OF PROPERTY BY THE "LAW OF THE LAND."

Magna Charta, chap. 29 . . . . . . . . . . . . . . 430
Constitutional provisions insuring protection "by the law of the
  land ". . . . . . . . . . . . . . . . . . . 431, *n.*
Meaning of "due process of law" and "law of the land" . . 432–439
Vested rights not to be disturbed . . . . . . . . . . 439
What are vested rights . . . . . . . . . . . . . . 440–447
Interests in expectancy are not . . . . . . . . . . . 440
Legislative modification of estates . . . . . . . . . . 441
Control of rights springing from marriage . . . . . . . . 442
Legislative control of remedies . . . . . . . . . . . 443, 444
Vested rights of action are protected . . . . . . . . . 445
Confiscation of rights and property . . . . . . . . . . 446, 447
Statutes of limitation . . . . . . . . . . . . . . 448–451
Alteration in the rules of evidence . . . . . . . . . . 452–455
Retrospective laws . . . . . . . . . . . . . . . 455–473
Curing irregularities in legal proceedings . . . . . . . . 457–459
Validating imperfect contracts . . . . . . . . . . . 459–471
Pendency of suit does not prevent healing act . . . . . . . 470
What the healing statute must be confined to . . . . . . 471–473
Statutory privilege not a vested right . . . . . . . . . 473, 474
Consequential injuries from changes in the laws . . . . . . 475
Betterment laws . . . . . . . . . . . . . . . . 477–480
Sumptuary and other like laws . . . . . . . . . . . 476

Exhibit 9

0294

Unequal and partial legislation . . . . . . . . . . .   481–492
Local laws may vary in different localities . . . . . . .   482
Suspension of general laws . . . . . . . . . . . . .   484
Equality the aim of the law . . . . . . . . . . . .   486
Strict construction of special grants . . . . . . . . .   488–490
Privileges and immunities of citizens . . . . . . . . .   491, 492
Judicial proceedings void if jurisdiction wanting . . . . .   443
What constitutes jurisdiction . . . . . . . . . . . .   493
Consent cannot confer it . . . . . . . . . . . . .   493, 494
Jurisdiction in divorce cases . . . . . . . . . . . .   493–499
Necessity for process . . . . . . . . . . . . . .   498–502
Process by publication . . . . . . . . . . . . . .   499–502
Courts of general and special jurisdiction . . . . . . .   502, 503
Effect of irregularities in judicial proceedings . . . . .   504, 505
Judicial power not to be delegated . . . . . . . . . .   506
Must be exercised under accustomed rules . . . . . . .   506, 507
Judge not to sit in his own cause . . . . . . . . . .   507–511

## CHAPTER XII.

### LIBERTY OF SPEECH AND OF THE PRESS.

Protection of, by the Constitution of the United States . . . .   512
State constitutional provisions . . . . . . . . . . . .   512, n.
Not well protected nor defined at common law . . . . . . .   515
Censorship of the press; publication of proceedings in Parliament
  not formerly suffered . . . . . . . . . . . . . . .   515
Censorship of the press in America . . . . . . . . . .   516
Secret sessions of public bodies in United States . . . . . .   518
What liberty of the press consists in . . . . . . . . .   518–521
Common-law rules of liability for injurious publications . . .   521–525
Cases of privileged communications . . . . . . . .525–527, 563, n.
Libels on the government, whether punishable . . . . . .   528–531
Sedition law . . . . . . . . . . . . . . . . . .   529
Further cases of privilege; criticism of officers or candidates for
  office . . . . . . . . . . . . . . . . . . . .   532–544
Petitions and other publications in matters of public concern . .   534
Statements in course of judicial proceedings . . . . . . .   545–547
              by witnesses . . . . . . . . . . . .   545
              by complainant, &c. . . . . . . . . . .   546
              by counsel . . . . . . . . . . . . .   547–549
Privileges of legislators . . . . . . . . . . . . . .   550–552
Publication of privileged communications through the press . . .   552

Exhibit 9

0295

Accounts of judicial proceedings, how far protected  . . . . 552–556
Privilege of publishers of news . . . . . . . . . . . 556–566
Publication of legislative proceedings . . . . . . . . . 567, 568
The jury as judges of the law in libel cases . . . . . . . 569–573
Mr. Fox's Libel Act  . . . . . . . . . . . . . . . 569
" Good motives and justifiable ends," burden of showing is on de-
    fendant . . . . . . . . . . . . . . . . . . 573–575
What is not sufficient to show . . . . . . . . . . . 575, *n.*

## CHAPTER XIII.

### RELIGIOUS LIBERTY.

Care taken by State constitutions to protect . . . . . . . . 576
Distinguished from religious toleration  . . . . . . . . 570, 571
What it precludes  . . . . . . . . . . . . . . . 580–582
Does not preclude recognition of superintending Providence by
    public authorities . . . . . . . . . . . . . . . 582
Nor appointment of chaplains, fast-days, &c. . . . . . . . 583
Nor recognition of fact that the prevailing religion is Chris-
    tian . . . . . . . . . . . . . . . . . . . 583
The maxim that Christianity is part of the law of the land . . 584–588
Punishment of blasphemy . . . . . . . . . . . . . . 585
And of other profanity . . . . . . . . . . . . . . 589
Sunday laws, how justified . . . . . . . . . . . . . 589
Respect for religious scruples . . . . . . . . . . . . 589–591
Religious belief as affecting the competency or credibility of
    witnesses . . . . . . . . . . . . . . . . . . 591

## CHAPTER XIV.

### THE POWER OF TAXATION.

Unlimited nature of the power . . . . . . . . . . . 593–600
Exemption of national agencies from State taxation . . . . 597–600
Exemption of State agencies from national taxation . . . . . 598
Limitations on State taxation by national Constitution . . . . 600
Power of States to tax subjects of commerce  . . . . . . . 601
Discriminations in taxation between citizens of different States  . 602
Elements essential to valid taxation . . . . . . . . . . 603
Purposes must be public . . . . . . . . . . . . . . 604
Legislature to judge of purposes  . . . . . . . . . . 604–608
Unlawful exactions . . . . . . . . . . . . . . . . 608–612

Exhibit 9
0296

Necessity of apportionment . . . . . . . . . . . . 612
Taxation with reference to benefits in local improvements . . 616–628
Local assessments distinguished from general taxation . . . 618, 619
Apportionment of the burden in local assessments . . . . 620–636
Taxations must be uniform throughout the taxing districts . . 622–636
Road taxes in labor . . . . . . . . . . . . . . 635
Inequalities in taxation inevitable . . . . . . . . . . 636
Legislature must select subjects of taxation . . . . . . . 637
Exemptions admissible . . . . . . . . . . . . . 637–641
Constitutional provisions forbidding exemptions . . . . . 640
Legislative authority requisite for every tax . . . . . . . 641–644
Excessive taxation . . . . . . . . . . . . . . 644
The maxim *de minimis lex non curat* in tax proceedings . . . . 644
What errors and defects render tax sales void . . . . . . 645, 646
Remedies for collection of taxes . . . . . . . . . . . 645

## CHAPTER XV.

### THE EMINENT DOMAIN.

Ordinary domain of State distinguished from eminent domain . . 647
Definition of eminent domain . . . . . . . . . . . 648
Not to be bargained away ; general rights vested in the States . . 649
How far possessed by the general government . . . . . . 650
What property subject to the right . . . . . . . . . . 651
Legislative authority requisite to its exercise . . . . . . . 653
Strict compliance with conditions precedent necessary . . . 654–656
Statutes for exercise of, not to be extended by intendment . . . 656
Purpose must be public . . . . . . . . . . . . . 656
What is a public purpose . . . . . . . . . . . . . 657–665
Whether milldams are . . . . . . . . . . . . . 662–665
Question of, is one of law . . . . . . . . . . . . . 666
How property to be taken . . . . . . . . . . . . 666–668
Determining the necessity for . . . . . . . . . . . 668, 669
How much may be taken . . . . . . . . . . . . . 670, 671
What constitutes a taking . . . . . . . . . . . . . 671
Consequential injuries do not . . . . . . . . . . . 671–676
Appropriation of highway to plank road or railroad . . . . 676–691
Whether the fee in the land can be taken . . . . . . . 691–693
Compensation to be made . . . . . . . . . . . . . 693
Time of making . . . . . . . . . . . . . . . 694–697
Tribunal for assessing . . . . . . . . . . . . . . 697
Principle on which it is to be assessed . . . . . . . . . 698–705

Exhibit 9

0297

Allowance of incidental injuries and benefits . . . . . . . 703–705
What the assessment covers . . . . . . . . . . . . . .   705
Action where work improperly constructed . . . . . . . .   705

# CHAPTER XVI.

### THE POLICE POWER OF THE STATES.

Definition of police power . . . . . . . . . . . . . . .   706
Pervading nature of . . . . . . . . . . . . . . . . . 706–708
Power where vested . . . . . . . . . . . . . . . . . 708, 709
Exercise of, in respect to charter contracts . . . . . . . 710–718
License or prohibition of sales of intoxicating drinks . . . . 718–722
Payment of license fee to United States gives no right in oppo-
    sition to State law . . . . . . . . . . . . . . . . .   721
Quarantine regulations and health laws . . . . . . . . .   722
Inspection laws; harbor regulations . . . . . . . . . . .   723
Distinction between proper police regulation and an interference
    with commerce . . . . . . . . . . . . . . . . . .   724
State taxes upon commerce . . . . . . . . . . . . . . 724–726
Sunday police regulations . . . . . . . . . . . . . . .   726
Regulation of highways by the States . . . . . . . . . .   727
Control of navigable waters . . . . . . . . . . . . . . 728–733
What are navigable . . . . . . . . . . . . . . . . . .   728
Congressional regulations of . . . . . . . . . . . . . .   731
Monopolies of, not to be granted by States . . . . . . . .   730
Power in the States to improve and bridge . . . . . . . .   731
And to establish ferries and permit dams . . . . . . . . .   732
Regulation of speed of vessels . . . . . . . . . . . . .   733
Destruction of buildings to prevent spread of fire . . . . . 739, 740
Levees and drains . . . . . . . . . . . . . . . . . .   733
Regulation of civil rights and privileges . . . . . . . . . 734–739
Regulation of business charges . . . . . . . . . . . . . 734–739
Establishment of fire limits and wharf lines; abatement of nui-
    sances, &c. . . . . . . . . . . . . . . . . . . . 740, 741
Other State regulations of police . . . . . . . . . . . . 740–746
Power of States to make breach thereof a crime . . . . . .   745

# CHAPTER XVII.

### THE EXPRESSION OF THE POPULAR WILL.

People possessed of the sovereignty, but can only exercise it
    under legal forms . . . . . . . . . . . . . . . . .   647

*b*

Exhibit 9
0298

Elections the mode . . . . . . . . . . . . . . . 748–750
Qualifications for office . . . . . . . . . . . . 748, n, 749, n
Officers *de facto* and *de jure* . . . . . . . . . . . . 750, 751
Who to participate in elections; conditions of residence, presence
    at the polls, &c. . . . . . . . . . . . . . . 752–754
Residence, domicile, and habitation defined . . . . . . . 754–756
Registration of voters . . . . . . . . . . . . . . 756, 757
Other regulations . . . . . . . . . . . . . . . . 758
Preliminary action by authorities, notice, proclamation, &c. . . . 759
Mode of voting; the ballot . . . . . . . . . . . . 760
Importance of secrecy; secrecy a personal privilege . . . . 760–763
Ballot must be complete in itself . . . . . . . . . . 763, 764
Parol explanations by voter inadmissible . . . . . . . . . 765
Names on ballot should be full . . . . . . . . . . . . 765
Abbreviations, initials, &c. . . . . . . . . . . . . 766, 767
Erroneous additions do not affect . . . . . . . . . . . 767
Evidence of surrounding circumstances to explain ballot . . . 768, 769
Boxes for different votes; errors in depositing . . . . . . . 770
Plurality to elect . . . . . . . . . . . . . 747, n, 770, 771
Freedom of elections; bribery . . . . . . . . . . . . 771
Treating electors; service of process . . . . . . . . . . 772
Betting on elections, contracts to influence them, &c. . . . . . 772
Militia not to be called out on election days . . . . . . . . 773
Electors not to be deprived of votes . . . . . . . . . . 774
Liability of officers for refusing votes . . . . . . . . . . 775
Elector's oath when conclusive, . . . . . . . . . . . . 776
Conduct of election . . . . . . . . . . . . . . . . 777
Effect of irregularities . . . . . . . . . . . . . 771–779
Effect if candidate is ineligible . . . . . . . . . . . . 779
Admission of illegal votes . . . . . . . . . . . . . . 780
Fraud, intimidation, &c. . . . . . . . . . . . . . . 780–782
Canvass and return of votes; canvassers act ministerially . . 782–784
Contesting elections; final decision upon, rests with the courts . 785–791
Canvasser's certificate conclusive in collateral proceedings;
    courts may go behind . . . . . . . . . . . . . 787
What proofs admissible . . . . . . . . . . . . . . 788–790
Whether qualification of voter may be inquired into by courts . . 790

INDEX . . . . . . . . . . . . . . . . . . . . 793

Exhibit 9

0299

strument of oppression than a tyrannical monarch or any foreign power. So impatient did the English people become of the very army that liberated them from the tyranny of James II. that they demanded its reduction even before the liberation became complete; and to this day the British Parliament render a standing army practically impossible by only passing a mutiny act from session to session. The alternative to a standing army is "a well-regulated militia;" but this cannot exist unless the people are trained to bearing arms. The federal and State constitutions therefore provide that the right of the people to bear arms shall not be infringed; but how far it may be in the power of the legislature to regulate the right we shall not undertake to say.[1] Happily there neither has been, nor, we may hope, is likely to be, much occasion for an examination of that question by the courts.[2]

---

[1] See Wilson v. State, 33 Ark. 557.

[2] In Bliss v. Commonwealth, 2 Lit. 90, the statute "to prevent persons wearing concealed arms" was held unconstitutional, as infringing on the right of the people to bear arms in defence of themselves and of the State. But see Nunn v. State, 1 Kelly, 243; State v. Mitchell, 3 Blackf. 229; Aynette v. State, 2 Humph. 154; State v. Buzzard, 4 Ark. 18; Carroll v. State, 28 Ark. 99; s. c. 18 Am. Rep. 538; State v. Jumel, 13 La. Ann. 399; s. c. 1 Green, Cr. Rep. 481; Owen v. State, 31 Ala. 387; Cockrum v. State, 24 Tex. 394; Andrews v. State, 3 Heisk. 165; s. c. 8 Am. Rep. 8; State v. Wilburn, 7 Bax. 51; State v. Reid, 1 Ala. 612. A statute prohibiting the open wearing of arms upon the person was held unconstitutional in Stockdale v. State, 32 Ga. 225. And one forbidding carrying, either publicly or privately, a dirk, sword-cane, Spanish stiletto, belt or pocket pistol or revolver, was sustained, except as to the last-mentioned weapon; and as to that it was held that, if the weapon was suitable for the equipment of a soldier, the right of carrying it could not be taken away. As bearing also upon the right of self-defence, see Ely v. Thompson, 3 A. K. Marsh. 73, where it was held that the statute subjecting free persons of color to corporal punishment for "lifting their hands in opposition" to a white person was unconstitutional. And see, in general, Bishop on Stat. Crimes, c. 36, and cases cited.

Exhibit 9

0300

to take, use, or destroy the private property of individuals to pre-
vent the spreading of a fire, the ravages of a pestilence, the
advance of a hostile army, or any other great public
[* 595] calamity.[1] Here the individual is in no degree in * fault,
but his interest must yield to that "necessity" which
"knows no law." The establishment of limits within the denser
portions of cities and villages, within which buildings constructed
of inflammable materials shall not be erected or repaired, may
also, in some cases, be equivalent to a destruction of private
property ; but regulations for this purpose have been sustained
notwithstanding this result.[2] Wharf lines may also be established
for the general good, even. though they prevent the owners of
water-fronts from building out on soil which constitutes private
property.[3] And, whenever the legislature deem it necessary to
the protection of a harbor to forbid the removal of stones, gravel,
or sand from the beach, they may establish regulations to that
effect under penalties, and make them applicable to the owners
of the soil equally with other persons. Such regulations are only
"a just restraint of an injurious use of property, which the legis-
lature have authority " to impose.[4]

So a particular use of property may sometimes be forbidden,
where, by a change of circumstances, and without the fault of the
owner, that which was once lawful, proper, and unobjectionable
has now become a public nuisance, endangering the public health
or the public safety. Mill-dams are sometimes destroyed upon

---

[1] Saltpetre Case, 12 Coke, 13; Mayor,
&c. of New York v. Lord, 18 Wend. 126;
Russell v. Mayor, &c. of New York, 2
Denio, 461; Sorocco v. Geary, 3 Cal. 69;
Hale v. Lawrence, 21 N. J. 714; American
Print Works v. Lawrence, 21 N. J. 248;
Meeker v. Van Rensselaer, 15 Wend. 397;
McDonald v. Redwing, 13 Minn. 38; Phila-
delphia v. Scott, 81 Penn. St. 80 ; Dillon,
Mun. Corp. §§ 756–759. And see Jones
v. Richmond, 18 Grat. 517, for a case
where the municipal authorities purchased
and took possession of the liquor of a city
about to be occupied by a capturing mili-
tary force, and destroyed it to prevent the
disorders that might be anticipated from
free access to intoxicating drinks under
the circumstances. And as to appropria-
tion by military authorities, see Harmony

v. Mitchell, 1 Blatch. 549; s. c. in error,
13 How. 115.

[2] Respublica v. Duquet, 2 Yeates, 493;
Wadleigh v. Gilman, 12 Me. 403 ; s. c. 28
Am. Dec. 188; Brady v. Northwestern
Ins. Co., 11 Mich. 425; Monroe v. Hoff-
man, 29 La. An. 651 ; s. c. 29 Am. Rep.
345; King v. Davenport, 98 Ill. 305; s. c.
38 Am. Rep. 89.

[3] Commonwealth v. Alger, 7 Cush. 53.
See Hart v. Mayor, &c. of Albany, 9
Wend. 571; s. c. 24 Am. Dec. 165.

[4] Commonwealth v. Tewksbury,11 Met.
55. A statute which prohibited the hav-
ing in possession of game birds after a
certain time, though killed within the
lawful time, was sustained in Phelps v.
Racey, 60 N. Y. 10. That the State may
prohibit the sale of arms to minors, see
State v. Callicut, 1 Lea, 714.

Exhibit 9

0301