JEREMY T. ELMAN (SBN 223696)
jelman@whitecase.com
WHITE & CASE LLP
3000 EL CAMINO REAL
2 PALO ALTO SQUARE, SUITE 900
PALO ALTO, CA 94306
Telephone: (650) 213-0300
Facsimile: (213) 452-2329

Attorney for *Amicus Curiae*
BRADY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JONES; THOMAS FURRH; KYLE YAMAMOTO; PWGG, L.P. (d.b.a. POWAY WEAPONS AND GEAR and PWG RANGE); NORTH COUNTY SHOOTING CENTER, INC.; BEEBE FAMILY ARMS AND MUNITIONS LLC (d.b.a. BFAM and BEEBE FAMILY ARMS AND MUNITIONS); FIREARMS POLICY COALITION, INC.; FIREARMS POLICY FOUNDATION; THE CALIFORNIA GUN RIGHTS FOUNDATION; and SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California; BRENT E. ORICK, in his official capacity as Acting Director of the Department of Justice Bureau of Firearms; and DOES 1-20,<br><br>Defendants. | Case No. 3:19-cv-01226-L-AHG<br><br>Hon. M. James Lorenz and Magistrate Judge Allison H. Goddard<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO PARTICIPATE AS** *AMICUS CURIAE* |

## INTRODUCTION

Brady hereby moves this Court for leave to participate as *amicus curiae*, and to file a Brief in support of Defendant Attorney General Xavier Becerra's Opposition to Plaintiffs' Motion for a Preliminary Injunction. Brady is the nation's largest non-partisan, non-profit organization dedicated to reducing gun violence through education, research, and legal advocacy.

In addition to its expertise and involvement in gun legislation and policy, Brady – through its California chapter – supported SB 1100, the law that was passed by the state legislature and which ultimately became the law at issue in this case, Section 27510 of the California Penal Code. Section 27510 prohibits the sale, supply, delivery, or possession of a firearm by any person under 21 years of age (with the exception of several exceptions). The question of whether to enjoin Section 27510 is a matter of significant public interest and public safety. An *amicus curiae* brief is therefore appropriate, and Brady respectfully requests that the Court grant its motion for leave to submit a brief in support of Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction.

## FACTUAL BACKGROUND

As explained in its proposed *amicus curiae* brief (filed concurrently with this motion), Brady is a national, non-profit, and non-partisan organization devoted to reducing gun violence. As the nation's oldest gun violence prevention group, it has done so through education, political action, and legal advocacy.

Brady has filed *amicus* briefs in numerous other cases involving the constitutionality and interpretation of firearms laws, including *McDonald v. City of Chicago*, 561 U.S. 742 (2010), *District of Columbia v. Heller*, 554 U.S. 570 (2008), *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017), and *Peruta v. County of San Diego*, 824 F.3d 919 (9th Cir. 2016).

## ARGUMENT

An *amicus curiae* has a "classic role" in a "case of general public interest,"

by "supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) (citation omitted). District Courts have "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

In determining whether to accept an *amicus* brief, "the salient question is whether such brief is helpful to the Court." *California v. United States DOI*, 381 F. Supp. 3d 1153, 1164 (E.D. Cal. 2019). An *amicus* brief may be helpful even if it "amplifies a number of points raised in parties' papers." *Id.* "There is no rule that amici must be totally disinterested." *Hoptowit*, 682 F.2d at 1260. The input of an *amicus* is especially helpful where cases concern "legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *See NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citation omitted).

As the nation's oldest gun violence prevention organization, Brady brings the "unique information or perspective" that is essential and "helpful" to the Court's disposition of this case. *See California*, 381 F. Supp. 3d at 1164; *NGV Gaming*, 355 F. Supp. 2d at 1067. In particular, Brady's *amicus* submission will provide scientific support for the public policy underlying Section 27510 – thereby demonstrating that Plaintiffs' success on the merits is unlikely. It will further assess the degree to which Section 27510 is a reasonable regulation of the Second Amendment, consistent with applicable Supreme Court jurisprudence – thereby demonstrating that a preliminary injunction is not in the public interest. Brady has submitted such information in *amicus* briefs to multiple federal courts; one such brief was cited by the Supreme Court in *United States v. Hayes*, 555 U.S. 415, 427 (2009) (acknowledging Brady's research on firearms and domestic violence as evincing a "potentially deadly combination nationwide").

Moreover, the Court should grant leave for Brady to submit an *amicus* brief in light of the fact that this is a case of significant public interest that concerns "legal issues" with "potential ramifications beyond the parties directly involved." *Miller-Wohl*, 694 F.2d at 204; *NGV Gaming*, 355 F. Supp. 2d at 1067. Section 27510 is the direct result of public outcry and national inaction over the epidemic of gun violence, particularly mass shootings, which has traumatized communities across the United States. Citizens of California, beyond the named parties in this case, therefore have a direct stake in its outcome. And, in light of Plaintiffs' invocation of the Second Amendment, the Court's disposition in this case may have significant implications for similar efforts across the country.

Counsel for Brady conferred with the parties' counsel prior to filing this motion. Plaintiffs' counsel conditioned its consent on (1) the Court's allowance of this filing; (2); the filing of this motion no later than January 3, 2020; (3) a 13-page limit on Brady's *amicus* brief; and (4) that Defendant's counsel and Brady's counsel agree via joint motion or stipulation "allowing Plaintiffs to either file a separate opposition to the amicus brief not to exceed seven (7) pages, or file one reply brief not to exceed seventeen (17) pages in order to adequately address the amicus curiae brief." Defendant's counsel consented to this motion.

## CONCLUSION

For the foregoing reasons, Brady respectfully requests that the Court grant leave to participate as *amicus curiae* and submit a brief in support of Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction.

Dated: January 3, 2020

Respectfully submitted,

By: /s/ Jeremy T. Elman
Jeremy T. Elman

Attorney for *Amicus Curiae* Brady