Case 3:19-cv-01226-L-AHG   Document 51   Filed 01/14/20   PageID.7989   Page 1 of 4

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JONES; THOMAS FURRH; KYLE YAMAMOTO; PWGG, L.P. (d.b.a. POWAY WEAPONS AND GEAR and PWG RANGE); NORTH COUNTY SHOOTING CENTER, INC.; BEEBE FAMILY ARMS AND MUNITIONS LLC (d.b.a. BFAM and BEEBE FAMILY ARMS AND MUNITIONS); FIREARMS POLICY COALITION, INC.; FIREARMS POLICY FOUNDATION; CALIFORNIA GUN RIGHTS FOUNDATION and SECOND AMENDMENT FOUNDATION,<br><br>                                      Plaintiffs,<br>v.<br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California, et al.,<br>                                      Defendant. | Case No.: 3:19-cv-01226-L-AHG<br><br>**ORDER:**<br><br>**(1) DENYING GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE'S MOTION FOR LEAVE TO FILE AMICUS BURIAE BRIEF [Doc. 26]**<br><br>**(2) DENYING EVERYTOWN FOR GUN SAFETY SUPPORT FUND'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF [Doc. 27]**<br><br>**(3) DENYING BRADY CENTER TO PREVENT GUN VIOLENCE'S MOTION TO PARTICIPATE AS AMICUS CURIAE [Doc. 33]** |

19-cv-01226-L-AHG

Pending before the Court are three separate motions for leave seeking to participate in the litigation regarding Plaintiffs' currently-pending Motion for Preliminary Injunction [doc. 21]. Docs. 26, 27, 33. After reviewing each motion, the Court DENIES each motion.

A "district court has broad discretion to appoint *amici curiae*." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds, Sandin v. Conner*, 515 U.S. 472 (1995). "[T]he consideration of an amicus brief is solely within the discretion of the court and is seldom appropriate at the level of the trial level where the parties are adequately represented by experienced counsel. *ForestKeeeper v. Elliott*, 50 F.Supp.3d 1371, 1380 (E.D. Cal. 2014) (citing *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997).

Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") seeks leave to file an *amicus curiae* brief in support of Defendant's Opposition to Plaintiffs' Motion for Preliminary Injunction [doc. 25]. Doc. 26 at 2. Giffords Law Center is a non-profit policy organization dedicated to defending laws to effectively reduce gun violence. *Id.* As such, the Court finds the Giffords Law Center is more akin to a partisan advocate than an objective third party. In fact, the instant motion asserts that the *amicus* brief "present[s] data and social science that support California's restrictions on 18-to-20-year-olds' ability to purchase an possess firearms." Doc. 26 at 4. While this Court recognizes that "[t]here is no rule . . . that amici must be totally disinterested[,]" Plaintiffs' objection demonstrates that the Giffords Law Center's position should be more accurately termed friend to Defendant Xavier Becerra than a friend to the Court. Accordingly, the Court will not consider the Giffords Law Center's *amicus* brief as its' usefulness is diminished at the trial level due to its obvious partisanship. Therefore, Giffords Law Center's motion for leave to file an *amicus curiae* brief [doc. 26] is DENIED.

Everytown for Gun Safety Support Fund ("Everytown") similarly requested leave to file an *amicus curiae* brief in support of Defendant's opposition to Plaintiffs' preliminary injunction motion. *See* Doc. 27. Everytown contends that its brief will provide the Court with the historical backdrop necessary to evaluate the Second Amendment challenges to firearms regulations. *Id.* at 3. However, this is not a perspective beyond what Defendant's attorneys could provide on their own. Moreover, like Giffords Law Center, Everytown's partisanship is apparent. The Court finds that the *amicus* brief may prejudice Plaintiffs on the trial level because the brief allows Defendant to have a proverbial "another bite of the apple" due to partisan influence. *See* Eugene Temchenko, <u>Discovering the Truth Behind an Amicus Brief</u>, 94 N.D. L. Rev. 95, 104 (2019) ("[A]n amicus brief would focus the court's attention on the relevant piece of evidence as well as amplify its effect. Moreover, the very language that an amicus uses can influence the court.") Accordingly, Everytown's motion for leave to file an *amicus curiae* brief [doc. 27] is DENIED.

Brady also seeks leave to participate as *amicus curiae* and to file a Brief in support of Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction. *See* Doc. 33. Unlike the other movants, Brady conferred with the parties' counsel and obtained Plaintiffs' counsel's consent to file the *amicus* brief on the following conditions: (1) the Court's permission; (2) a filing deadline of January 3, 2020; (3) a 13-page limit on Brady's brief; and (4) allowing Plaintiffs to either file a separate opposition to the Brady's brief not to exceed seven (7) pages or file one reply brief not to exceed seventeen (17) pages in order to address both the opposition and *amicus* brief. *Id.* at 4. The Supreme Court recognizes that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Boudin*, 135 S.Ct. 1885, 1892 (2016)

(citations omitted). The Court finds that allowance of Brady's *amicus* brief and proposed briefing schedule would disrupt the efficient administration of this case at the trial level as granting this motion would necessarily mandate Plaintiffs to submit filing in violation of this Court's Local Rules. Civil L.R. 7.1.h. ("No reply memorandum will exceed ten (10) pages without leave of the judge."). As such, the Court DENIES Brady's motion [doc. 33] in its inherent authority to manage its docket and its discretion regarding *amicus* filings.

Moreover, the Court hereby DENIES five (5) Requests to Appear Pro Hac Vice [docs. 41-45] submitted by attorneys attempting to make appearance for Everytown. The Court will not be considering Everytown's *amicus* brief for the reasons stated above. Additionally, the Clerk's Office approved these requests in error as the form applications are incomplete. Each request fails to disclose that the requesting attorney has requested pro hac vice status previously which was denied. As such, these requests shall not be approved. The Clerk's Office is instructed to again deny these requests.

**IT IS SO ORDERED.**

Dated: January 14, 2020

Hon. M. James Lorenz
United States District Judge