XAVIER BECERRA
Attorney General of California
State Bar No. 118517
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General
State Bar No. 205457
JENNIFER E. ROSENBERG
Deputy Attorney General
State Bar No. 275496
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 269-6249
 Fax:  (916) 731-2124
 E-mail:  John.Echeverria@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MATTHEW JONES, et al.,**<br><br>                                        Plaintiffs,<br><br>            v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of the State of California, et al.,**<br><br>                                        Defendants. | 3:19-cv-01226-L-AHG<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>*Special Briefing Schedule Ordered*<br><br>Judge:     Hon. M. James Lorenz and Magistrate Judge Barbara Lynn Major<br><br>Action Filed:     July 1, 2019<br><br>Second Amended Complaint Filed and Served:     November 8, 2019<br><br>No hearing set for this motion pursuant to Dkt. 23. |

Defendant Xavier Becerra, in his official capacity as Attorney General of the State of California, and Defendant Brent E. Orick, in his official capacity as Acting Director of the Department of Justice Bureau of Firearms (together, "Defendants"), hereby respond to Plaintiffs' Objections to Defendants' Evidence in Support of Opposition to Motion for Preliminary Injunction (the "Objections") (Dkt. 52-1), filed concurrently with Plaintiffs' Reply Brief (Dkt. 52).[1]  For the reasons discussed below, Plaintiffs' objections to Defendants' evidence should be overruled.

## DISCUSSION

### I.  GENERAL RESPONSES TO PLAINTIFFS' OBJECTIONS

Plaintiffs' Objections should be overruled for several reasons.

*First*, Plaintiffs' Objections are entirely superfluous because the Court is resolving a motion for preliminary injunction, not a dispositive motion for summary judgment or evidence at trial.  As Plaintiffs' acknowledge, the Court may consider *inadmissible* evidence in ruling on a motion for preliminary injunction.  Dkt. 52-1 at 8:17-20 (noting that "a court resolving a preliminary injunction motion has discretion to weigh evidence that may not meet the standards of admissibility at trial" (citing *Dr. Suess Enters., L.P. v. Penguin Books USA, Inc.*, 924 F. Supp. 1559, 1562 (S.D. Cal. 1996))); *see also Garcia v. Green Fleet Sys., LLC*, No. CV 14-6220 PSG (JEMx), 2014 WL 5343814, at *5 (C.D. Cal. Oct. 10, 2014) (noting that courts "have considerable discretion to consider otherwise inadmissible evidence" in ruling on a motion for preliminary injunction and that "issues pertaining to knowledge, hearsay, and translated affidavits" "properly go to the

---

[1] The Court's order, dated November 15, 2019, provided for the submission of Plaintiffs' motion for preliminary injunction without oral argument upon the filing of their reply (Dkt. 23). Defendants are filing this response at this time to register their views on the Objections prior to the Court's ruling on the motion for preliminary injunction.

2

Defendants' Response to Plaintiffs' Objections to Defendants' Evidence in Support of
Opposition to Motion for Preliminary Injunction (3:19-cv-01226-L-AHG)

weigh, rather than admissibility" of the evidence (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984))).

***Second***, Plaintiffs' Objections are not truly objections to the *admissibility* of Defendants' evidence, but rather concern the *weight* to be afforded Defendants' evidence by the Court. *See* Dkt. 52-1 at 8:15-17 (asking that "each disputed evidentiary item be given no weight in the Court's determination on the pending motion" if the Court determines the evidence to be admissible "based on the discussion" in the Objections (citation omitted)). In addition to repeating boilerplate objections that Defendants' evidence is irrelevant and/or "prejudicial, confusing, and misleading," *e.g.*, *id.* at 2:7-8—which, as discussed below, have no merit—Plaintiffs engage in extensive argument about the persuasive value of Defendants' evidence.[2] The Court should overrule the Objections because they address the weight—and not the admissibility—of the evidence. *See Obrey v. Johnson*, 400 F.3d 691, 697 (9th Cir. 2005) ("Since the defendant's objections to the admission of [a] study went to weight and sufficiency rather than admissibility, we conclude that the district court abused its discretion when it excluded this evidence."); *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1187 (9th Cir. 2002) ("[I]n most cases, objections to the inadequacies of a study are more appropriately considered an objection going to the weight of the evidence rather than its admissibility."). Even if Plaintiffs' purported objections had merit, Plaintiffs could have simply noted their objections without extensive argument; the Court should not consider arguments addressing the weight of the evidence that were not raised

---

[2] *See, e.g.*, Dkt. 52-1 at 2:8 ("The data does not address the specific age group of 18 to 20."); *id.* at 3:22-23 (claiming purported "bias in available data"); *id.* at 5:19-21 (claiming that there is no discussion of mass shootings committed by Young Adults); *id.* at 5:22 (claiming that certain evidence is "contradictory"); *id.* at 6:9-18 (claiming that ten mass shootings were committed by Young Adults and "only" two were in California); *id.* at 7:16-23 (claiming that evidence concerning a subset of semiautomatic, centerfire rifles and attacks outside of California are irrelevant).

in Plaintiffs' Reply Brief. *See* L.R. 7.1(h) ("No reply memorandum will exceed ten (10) pages without leave of the judge.").

***Third***, Plaintiffs' relevancy objections under Federal Rule of Evidence 402 are without merit. Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The test for relevance is considerably broad. *See Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Rule 401's 'basic standard of relevance . . . is a liberal one.'" (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993))); *United States v. Whitehead*, 200 F.3d 634, 640 (9th Cir. 2000) (characterizing Federal Rule 401's relevance standard as a "minimal requirement"); *United States v. Curtis*, 568 F.2d 643, 645-46 (9th Cir. 1978) ("Rule 401 of the Federal Rules of Evidence contains a *very expansive* definition of relevant evidence. In addition, Rule 402 provides that all relevant evidence is *ordinarily admissible*." (emphasis added)). Moreover, under the intermediate scrutiny that applies in this action, *see* Dkt. 25 at 9:19-11:3, the State is entitled to "rely on any evidence *'reasonably believed to be relevant'* to substantiate its important interests." *Fyock v. Sunnyvale*, 779 F.3d 991, 1000 (9th Cir. 2015) (quoting *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 52 (1986)) (emphasis added). Plaintiffs' overly restrictive view of relevancy is incompatible with the Ninth Circuit's standard of intermediate scrutiny.

***Fourth***, Plaintiffs' objections under Federal Rule of Evidence 403 are unsupported. Federal Rule of Evidence 403 permits a trial court to exclude relevant evidence if "its probative value is *substantially* outweighed by a danger of" "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). Here, in ruling on Plaintiffs' motion for preliminary injunction, Plaintiffs' "Rule 403 objections are unnecessary because there is no jury that can be misled

4

and no danger of confusing the issues." *Mally v. City of Beaverton*, No. 17-cv-01000-JR, 2018 WL 5266841, at *2 (D. Or. Oct. 23, 2018); *see also* Fed. R. Evid. 403 (permitting exclusion of relevant evidence if it is "substantially outweighed by a danger of . . . misleading *the jury*" (emphasis added)).  Plaintiffs fail to explain how they would be *unfairly* prejudiced by Defendants' evidence. *See Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 946 (C.D. Cal. 2014) ("Virtually all evidence is prejudicial or it isn't material.  The prejudice must be 'unfair.'" (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977))).  Rather than argue the admissibility of Defendants' evidence, Plaintiffs argue the weight of the evidence under the guise of objections under Rule 403.

## II. SPECIFIC RESPONSES TO PLAINTIFFS' OBJECTIONS

Defendants submit the following specific responses to the Objections:

| No. | Defs.' Evidence | Pls.' Objs. | Defs.' Resps. |
|---|---|---|---|
| 1 | Leyva Decl., ¶¶ 9-11 | Fed. R. Evid. 403 (undue prejudice). *See* Dkt. 52-1 at 1:4. | Objection 1 addresses the weight, and not admissibility, of the evidence. *Obrey*, 400 F.3d at 697. |
| 2 | Rosenberg Decl. ¶ 3, Ex. 1 | Fed R. Evid. 402, 403 (relevancy and undue prejudice). *See* Dkt. 52-1 at 1:21. | Exhibit 1 is relevant. *See* Fed. R. Evid. 401.<br><br>Objection 2 addresses the weight, and not admissibility, of the evidence. *Obrey*, 400 F.3d at 697. |
| 3 | Rosenberg Decl. ¶ 4, Ex. 2 | Fed R. Evid. 402, 403 (relevancy and undue prejudice). *See* Dkt. 52-1 at 2:7. | Exhibit 2 is relevant. *See* Fed. R. Evid. 401.<br><br>Objection 3 addresses the weight, and not admissibility, of the evidence. *Obrey*, 400 F.3d at 697. |
| 4 | Rosenberg Decl. ¶ 5, Ex. 3 | Fed R. Evid. 402, 403 (relevancy and undue | Exhibit 3 is relevant. *See* Fed. R. Evid. 401. |

Defendants' Response to Plaintiffs' Objections to Defendants' Evidence in Support of Opposition to Motion for Preliminary Injunction  (3:19-cv-01226-L-AHG)

| | | | |
|---|---|---|---|
| | | prejudice). *See* Dkt. 52-1 at 2:24. | Objection 4 addresses the weight, and not admissibility, of the evidence. *Obrey*, 400 F.3d at 697. |
| 5 | Rosenberg Decl. ¶ 6, Ex. 4 | Fed R. Evid. 402, 403 (relevancy and undue prejudice). *See* Dkt. 52-1 at 3:17. | Exhibit 4 is relevant. *See* Fed. R. Evid. 401.<br><br>Objection 5 addresses the weight, and not admissibility, of the evidence. *Obrey*, 400 F.3d at 697. |
| 6 | Rosenberg Decl. ¶ 7, Ex. 5 | Fed R. Evid. 402, 403 (relevancy and undue prejudice). *See* Dkt. 52-1 at 4:21. | Exhibit 5 is relevant. *See* Fed. R. Evid. 401.<br><br>Objection 6 addresses the weight, and not admissibility, of the evidence. *Obrey*, 400 F.3d at 697. |
| 7 | Rosenberg Decl. ¶ 12, Ex. 10 | Fed R. Evid. 402, 403 (relevancy and undue prejudice). *See* Dkt. 52-1 at 5:12. | Exhibit 10 is relevant. *See* Fed. R. Evid. 401.<br><br>Objection 7 addresses the weight, and not admissibility, of the evidence. *Obrey*, 400 F.3d at 697. |
| 8 | Rosenberg Decl. ¶¶ 13-17, Exs. 11, 12, 13, 14, 15 | Fed R. Evid. 402, 403 (relevancy and undue prejudice). *See* Dkt. 52-1 at 5:15.<br><br>Contradictory. *See id.* at 5:22. | Exhibits 11 through 15 are relevant. *See* Fed. R. Evid. 401.<br><br>Objection 8 addresses the weight, and not admissibility, of the evidence. *Obrey*, 400 F.3d at 697; *Romero by & through Ramos v. S. Schwab Co.*, No. 15-cv-815-GPC-MDD, 2017 WL 5494588, at *12 (S.D. Cal. Nov. 16, 2017) (noting that "contradictory statements" in evidence "go to the weight, |

| | | | |
|---|---|---|---|
| | | | not admissibility of the evidence"). |
| 9 | Rosenberg Decl. ¶¶ 18-19, Exs. 16-17 | Fed R. Evid. 402, 403 (relevancy and undue prejudice). See Dkt. 52-1 at 7:18.<br><br>Fed. R. Evid. 702-703 (improper expert witness testimony). See Dkt. 52-1 at 8:8-9 (limited to Exhibit 16). | Exhibits 16 and 17 are relevant. See Fed. R. Evid. 401.<br><br>Objection 9 addresses the weight, and not admissibility, of the evidence. *Obrey*, 400 F.3d at 697. |

## CONCLUSION

For these reasons, the Court should overrule Plaintiffs' Objections.

Dated: February 11, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General
JENNIFER E. ROSENBERG
Deputy Attorney General

s/ John D. Echeverria
JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendants*

7

Defendants' Response to Plaintiffs' Objections to Defendants' Evidence in Support of Opposition to Motion for Preliminary Injunction  (3:19-cv-01226-L-AHG)