1 XAVIER BECERRA
Attorney General of California
2 MARK BECKINGTON
Supervising Deputy Attorney General
3 JENNIFER E. ROSENBERG
Deputy Attorney General
4 State Bar No. 275496
  300 South Spring Street, Suite 1702
5   Los Angeles, CA 90013
  Telephone: (213) 269-6617
6   Fax: (916) 731-2124
  E-mail: Jennifer.Rosenberg@doj.ca.gov
7 *Attorneys for Defendants Xavier Becerra, in
his official capacity as Attorney General of*
8 *the State of California, and Luis Lopez,
in his official capacity as Director of*
9 *the Department of Justice Bureau of
Firearms*

10

IN THE UNITED STATES DISTRICT COURT

11

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13

14

| | |
|---|---|
| 15 **Matthew Jones, *et al.*,** | 3:19-cv-01226-L-AHG |
| 16    Plaintiffs, | |
| 17    **v.** | **JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER** |
| 18 **Xavier Becerra, in his official capacity** | |
| 19 **as Attorney General of the State of California, *et al.*,** | Dept: 5B |
| 20    Defendants. | Judge: The Honorable M. James Lorenz and Magistrate |
| 21 | Judge Alison H. Goddard |
| 22 | Final Pretrial Conference |
| 23 | Date: June 25, 2021 |
| 24 | Action Filed: July 1, 2019 |
| 25 | First Amended Complaint |
| 26 | Filed: July 30, 2019 |
| 27 | Second Amended Complaint Filed: November 8, 2019 |

28

Plaintiffs Matthew Jones, et al., and Defendants Xavier Becerra (in his official capacity as Attorney General of the State of California) and Luis Lopez (in his official capacity as Director of the Department of Justice Bureau of Firearms),[1] through their respective counsel of record, and pursuant to Civil Local Rules 7.1 and 7.2, hereby jointly move the Court for modification of the Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. ECF No. 15. This Motion is supported by the declaration of Jennifer E. Rosenberg, filed concurrently herewith. The parties have not previously sought modification of the Court's Scheduling Order. Good cause exists for the requested modification.

## I. RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint on July 1, 2019. ECF No. 1. Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief (FAC) on July 30, 2019 and served the FAC and summons on August 1, 2019. ECF No. 3; ECF No. 5 at 1, n.2. A case management conference was held before Magistrate Judge Goddard on October 9, 2019, ECF No. 15 at 1, and thereafter, Plaintiffs filed a Second Amendment Complaint adding allegations related to amendments made to Penal Code §27510, the statute challenged in this matter, that Governor Newsom signed into law in October 2019, ECF No. 20.

Plaintiffs then filed a motion for a preliminary injunction on November 12, 2019, which Defendants opposed. ECF Nos. 21 & 25. Briefing was completed on the motion and related evidentiary objections in early February of this year, and the Court did not request a hearing on the motion. *See* ECF Nos. 52, 52-1, 53. The parties await a ruling on the preliminary injunction motion.

## II. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

In the Joint Case Management Statement the parties filed in advance of the October 9, 2019 case management conference with Magistrate Judge Goddard, as

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Director Luis Lopez is automatically substituted as a defendant in this matter in place of his predecessor, former Acting Director Brent E. Orick.

well as during the case management conference, the parties notified the Court that they planned to wait to conduct discovery until after resolution of Plaintiffs' preliminary injunction motion, and proffered the joint view that it would be premature to set a discovery schedule until after resolution of that motion. ECF No. 11 at 13, 20, 22. Nonetheless, in accordance with the directions in Magistrate Judge Goddard's ENE order, the parties proposed in their Joint Case Management Statement a set of discovery and pre-trial deadlines tied to resolution of the preliminary injunction motion. *Id.* at 22-23 [the parties assuming at that time, for purposes of proposing dates, that the preliminary injunction motion would be heard and resolved in early 2020].

The Court's Scheduling Order issued after the case management conference set the following original deadlines this matter, ECF No. 15:

| Action | Deadline |
| --- | --- |
| • Close of fact discovery | September 23, 2020 |
| • Expert witness designations to be made in writing<br>• Compliance with disclosure obligations under Federal Rule of Civil Procedure 26(a)(2)(A) and (B) | November 9, 2020 |
| • Exchange of rebuttal expert witnesses<br>• Supplementation of parties' disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) | December 9, 2020 |
| • Expert discovery to be completed | January 8, 2021 |
| • All pretrial motions, other than motions *in limine*, to be filed | March 12, 2021 |
| • Mandatory settlement conference | May 13, 2021 |
| • Plaintiffs' written settlement proposal to be served | April 22, 2021 |
| • In-person or telephonic meet-and-confer regarding settlement offer to be held<br>• Defendants' written response to settlement proposal to be made in writing, prior to the meet-and-confer | No later than April 29, 2021 |

| | |
|---|---|
| • Each party to serve and lodge settlement conference statement | May 3, 2021 |
| • Optional confidential settlement letter may be lodged for Court's review | May 3, 2021 |
| • Compliance with Rule 26(a)(3) pre-trial disclosure requirements in advance of final pre-trial conference | May 28, 2021 |
| • Parties to meet and take action required by Local Rule 16.1(f)(4) | June 4, 2021 |
| • Plaintiffs to provide defendants with draft proposed final pretrial order for review and approval | June 11, 2021 |
| • The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz | June 18, 2021 |
| • Final pretrial conference | June 25, 2021 at 10:30 a.m. |

At present, the preliminary injunction motion is not yet resolved, and the first of the discovery and pre-trial deadlines set by the Court's Scheduling Order—the close of fact discovery in September 2020—is approaching.

In addition, in the time since the Court issued its Scheduling Order and the parties completed briefing on Plaintiffs' motion for preliminary injunction, the nation and Southern California in particular have experienced unprecedented impacts on the court systems, legal practice, and daily life related to the COVID-19 pandemic. The pandemic has had, and will continue to have, practical consequences for litigants, including the parties here; among other things, the parties and their counsel will need to adjust their discovery approaches to accommodate remote depositions and the needs of any witnesses or counsel with particular health risks.

Counsel for the parties have met and conferred, and counsel for Defendants have stated that, given the approach of discovery deadlines and the pandemic-related challenges noted above, they now plan to commence discovery before a ruling on

the preliminary injunction motion issues. The parties agree that the current scheduling order setting the close of fact discovery on September 23, 2020 should be adjusted to provide sufficient time for the parties to complete fact and expert discovery in an efficient manner, to avoid any undue prejudice that might result from the parties' prior good faith decision to commence discovery after a ruling on the preliminary injunction motion, and to otherwise efficiently manage the discovery process. Therefore, the parties jointly request modification of the current Scheduling Order to extend deadlines by approximately 6-8 weeks. The parties believe this will allow sufficient time to complete written fact discovery, depositions of non-experts, and expert witness discovery.

WHEREFORE:

The parties hereby jointly request that the Court issue an order modifying the scheduling order as follows:

| Action | Original Deadline | New Deadline |
|---|---|---|
| • Close of fact discovery | September 23, 2020 | November 6, 2020 |
| • Expert witness designations to be made in writing<br>• Compliance with disclosure obligations under Federal Rule of Civil Procedure 26(a)(2)(A) and (B) | November 9, 2020 | January 8, 2021 |
| • Exchange of rebuttal expert witnesses<br>• Supplementation of parties' disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) | December 9, 2020 | February 8, 2021 |
| • Expert discovery to be completed | January 8, 2021 | February 26, 2021 |
| • All pretrial motions, other than motions *in limine*, to be filed | March 12, 2021 | April 28, 2021 |
| • Mandatory settlement conference | May 13, 2021 | June 24, 2021 |

| | | |
|---|---|---|
| • Plaintiffs' written settlement proposal to be served | April 22, 2021 | June 3, 2021 |
| • In-person or telephonic meet-and-confer regarding settlement offer to be held<br>• Defendants' written response to settlement proposal to be made in writing, prior to the meet-and-confer | No later than April 29, 2021 | No later than June 10, 2021 |
| • Each party to serve and lodge settlement conference statement | May 3, 2021 | June 16, 2021 |
| • Optional confidential settlement letter may be lodged for Court's review | May 3, 2021 | June 16, 2021 |
| • Compliance with Rule 26(a)(3) pre-trial disclosure requirements in advance of final pre-trial conference | May 28, 2021 | July 9, 2021 |
| • Parties to meet and take action required by Local Rule \16.1(f)(4) | June 4, 2021 | July 16, 2021 |
| • Plaintiffs to provide defendants with draft proposed final pretrial order for review and approval | June 11, 2021 | July 23, 2021 |
| • The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz | June 18, 2021 | July 30, 2021 |
| • Final pretrial conference | June 25, 2021 at 10:30 a.m. | August 6, 2021 at 10:30 a.m. |

Although the parties do not anticipate seeking further modification in the future, they also jointly request that the Court's order modifying the Scheduling Order reserve the parties' ability to seek the Court's approval of further modifications for good cause should the need to do so arise.

1   A proposed order will be lodged with the Court concurrently with submission

2   of this Joint Motion.

3

4

5   Dated:  July 16, 2020                    Respectfully Submitted,

6                                            XAVIER BECERRA
                                             Attorney General of California
7                                            MARK BECKINGTON
                                             Supervising Deputy Attorney General

8

9

10                                           JENNIFER E. ROSENBERG
                                             Deputy Attorney General
11                                           *Attorneys for Defendants Xavier*
                                             *Becerra, in his official capacity as*
12                                           *Attorney General of the State of*
                                             *California, and Luis Lopez, in his*
13                                           *official capacity as Director of*
                                             *the Department of Justice Bureau of*
14                                           *Firearms*

15

16                                           DILLON LAW GROUP, APC

17

18

19                                           JOHN DILLON
                                             *Attorney for Plaintiffs*

20  SA2019103398
    63427397_2.docx
21

22

23

24

25

26

27

28