UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JONES, *et al.*,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No.:  3:19-cv-1226-L-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER**<br><br>**[ECF No. 57]** |

This matter comes before the Court on the parties' Joint Motion for Modification of Scheduling Order. ECF No. 57.

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties explain that, as discussed in the Joint Case Management Statement they filed in advance of the October 9, 2019 Case Management Conference ("CMC"), the parties initially planned to wait to conduct discovery in this matter until after the Court resolved Plaintiffs' Motion for Preliminary Injunction (ECF No. 21). *See* ECF No. 57 at 2-3. With that expectation in mind, the Court implemented a non-standard discovery track in the Scheduling Order, allowing extra time for all deadlines. ECF No. 15. Notwithstanding the additional time, the fact discovery deadline is approaching on September 23, 2020, and the preliminary injunction motion is still pending. Defendants now intend to commence discovery prior to the resolution of the motion, but the parties need more time for discovery given the approaching deadlines. ECF No. 57 at 4-5. Further, the parties note that the ongoing COVID-19 pandemic has affected their ability to conduct discovery, including by impacting counsel's approaches to discovery "to accommodate remote depositions and the needs of any witnesses or counsel with particular health risks." *Id.* at 4. Accordingly, the parties seek an extension of the deadlines in the existing Scheduling Order by

approximately 6-8 weeks each. *Id.* at 5-6.

Upon due consideration, the Court finds the parties have shown good cause to **GRANT** the Joint Motion for Modification of the Scheduling Order, except to the extent the parties' proposed dates conflicted with the Court's calendar. The Scheduling Order is hereby **AMENDED** as follows:

### Discovery

1. All fact discovery shall be completed by all parties by **November 6, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

2. No later than **January 8, 2021**, the parties shall designate their respective

experts in writing. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be no later than **February 8, 2021**. The written designations shall include the name, address and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. No later than **January 8, 2021**, each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as a party's employee regularly involve giving expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use the undisclosed evidence or testimony at any hearing or at trial. In addition, the court may impose sanctions as permitted by Rule 37(c).**

4. No later than **February 8, 2021**, the parties shall supplement their disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D).

5. All expert discovery shall be completed by all parties no later than **February 26, 2021**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. Failure to comply with this section or any other discovery order of the court may result in Rule 37 sanctions, including preclusion of expert or other designated evidence.

### Motion Briefing

7. Except for motions *in limine*, all pretrial motions must be filed no later than **April 28, 2021**. As provided herein and in the Standing Order, **certain motions, including motions for class certification, must be filed well before this date.**

8. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date of

requesting a motion date and the hearing date typically exceeds 30 days. Failure to make a timely request for a motion date may result in the motion not being heard.

9. Motion briefing must comply with all applicable Rules, Local Rules, Standing Order, Chambers Rules and court orders.

## Mandatory Settlement Conference

1. A Mandatory Settlement Conference shall be conducted on **June 24, 2021** at **2 PM** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **June 3, 2021**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **June 10, 2021**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **June 14, 2021**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with the Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **June 14, 2021**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with the Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

\\\

**Final Pretrial Conference**

10. Memoranda of Contentions of Fact and Law are not required and will not be accepted.

11. No later than **July 12, 2021**, counsel shall comply with Rule 26(a)(3) pre-trial disclosure requirements. Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

12. No later than **July 19, 2021**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule 26(a)(3) pretrial disclosures. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

13. Counsel for plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f). No later than **July 26, 2021**, plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content. Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

14. The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than **August 2, 2021**, and shall comply with Local Rule 16.1(f)(6).

15. The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **August 9, 2021** at **11:00 AM**. Trial briefs are not required for cases tried to the jury. Leave to file a trial brief for a jury trial must be obtained from Judge Lorenz at the Final Pretrial Conference.

**Additional Provisions**

16. Upon parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

17. The dates and times set forth herein will not be modified except for good cause shown.

Finally, although the parties indicate in the Joint Motion that they intend to take at least some depositions remotely due to the COVID-19 public health crisis, the Court emphasizes its general expectation that depositions will be scheduled remotely, and will not grant future requests to continue the deadlines set forth herein to the extent any such request is based on an inability to take depositions in-person because of COVID-19.

**IT IS SO ORDERED.**

Dated: July 21, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge