XAVIER BECERRA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General
JENNIFER E. ROSENBERG
Deputy Attorney General
State Bar No. 275496
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6617
  Fax:  (916) 731-2124
  E-mail:  Jennifer.Rosenberg@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Matthew Jones, *et al.*,**<br><br>                Plaintiffs,<br><br>v.<br><br>**Xavier Becerra, in his official capacity as Attorney General of the State of California, *et al.*,**<br><br>                Defendants. | 3:19-cv-01226-L-AHG<br><br>**JOINT MOTION AND STIPULATION REGARDING REMOTE DEPOSITION PROTOCOL**<br><br>Dept:     5B<br>Judge:   The Honorable M. James Lorenz and Magistrate Judge Alison H. Goddard<br><br>Final Pretrial Conference Date:     August 9, 2021<br><br>Action Filed:     July 1, 2019<br><br>First Amended Complaint Filed:     July 30, 2019<br><br>Second Amended Complaint Filed:     November 8, 2019 |

Plaintiffs Matthew Jones, et al., and Defendants Xavier Becerra (in his official capacity as Attorney General of the State of California) and Luis Lopez (in his official capacity as Director of the Department of Justice Bureau of Firearms),[1] through their respective counsel of record, and pursuant to Federal Rules of Civil Procedure, rules 1, 29, and 30(b)(4), and Civil Local Rule 7.2, hereby jointly move the Court for approval of their joint stipulation regarding their agreed remote deposition protocol set forth below.

Good cause exists for granting the stipulation. In the Court's Order Granting Joint Motion for Modification of Scheduling Order, "the Court emphasize[d] its general expectation that depositions will be scheduled remotely" in light of the current COVID-19 public health crisis. ECF No. 58 at 7. This joint motion and stipulation are submitted in accordance with that expectation, and in light of the parties' joint goal of ensuring that depositions are conducted in this matter with a view toward fairness, efficiency, and maintenance of the health and safety of all involved.

## I. RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint on July 1, 2019. ECF No. 1. Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief (FAC) on July 30, 2019 and served the FAC and summons on August 1, 2019. ECF No. 3; ECF No. 5 at 1, n.2. A case management conference was held before Magistrate Judge Goddard on October 9, 2019, ECF No. 15 at 1, and thereafter, Plaintiffs filed a Second Amendment Complaint adding allegations related to amendments made to Penal Code § 27510, the statute challenged in this matter, that Governor Newsom signed into law in October 2019, ECF No. 20.

Plaintiffs then filed a motion for a preliminary injunction on November 12, 2019, which Defendants opposed. ECF Nos. 21 & 25. Briefing was completed on

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Director Luis Lopez is automatically substituted as a defendant in this matter in place of his predecessor, former Acting Director Brent E. Orick.

the motion and related evidentiary objections in early February of this year, and the Court did not request a hearing on the motion. *See* ECF Nos. 52, 52-1, 53. The parties await a ruling on the preliminary injunction motion.

The close of fact discovery is currently set at November 6, 2020. ECF No. 58 at 3.

## II. GOOD CAUSE EXISTS TO GRANT THE PARTIES' MOTION AND STIPULATED DISCOVERY PROTOCOL

The parties are in the process of scheduling fact witness depositions for this matter; Defendants have informed Plaintiffs that they plan to depose the individual plaintiffs in this matter (Plaintiffs Jones, Furrh, and Yamamoto), and that they may depose one or more of the remaining seven plaintiffs. All parties also expect to depose one or more expert witnesses during the course of expert discovery in 2021. In addition to discussing scheduling convenient to the parties, the parties have met and conferred, and have agreed that the parties and their counsel will proceed with depositions remotely to eliminate the risk of COVID-19 infection and to abide by the state and local orders in effect.

Given the serious public health risks posed by close contact between members of different households during the ongoing COVID-19 pandemic, the parties submit that good cause exists for entry of the stipulated deposition protocol outlined in this joint motion and stipulation. Approval of the use of remote depositions via videoconference and the stipulated protocol set forth herein pursuant to Federal Rule of Civil Procedure 30(b)(4) is appropriate because it will protect the public health and "help secure a 'just, speedy, and inexpensive determination.'" *United States for use & benefit of Chen v. K.O.O. Constr., Inc.*, 445 F. Supp. 3d 1055, 1056 (S.D. Cal. 2020) (quoting Fed. R. Civ. Proc. 1).

WHEREFORE, IT IS STIPULATED AND AGREED, by and between the parties through their respective undersigned counsel, as follows:

1. All parties and their counsel recognize that the COVID-19 pandemic requires the parties to be flexible in completing deposition discovery in this litigation. The parties and their counsel will take steps that will enable deponents, deposing counsel, defending counsel, and attending counsel to complete depositions in a manner that also takes into account the needs of dependent care and personal health care. In light of the developing public health situation, the parties and any non-party witnesses will confer and cooperate with one another regarding the scheduling of remote depositions and the procedures for taking remote depositions.

    a. In doing so, counsel, the parties, and non-party witnesses shall make all reasonable efforts to accommodate reasonable requests for continuances of depositions due to illnesses, bereavement, or dependent care needs of attorneys, deponents, or the court reporter.

    b. The parties recognize and agree that in limited circumstances, such continuances may include taking previously-scheduled depositions after the corresponding discovery deadline, if necessary, though the parties will endeavor to avoid such continuances to the best of their ability. The parties jointly request the Court's permission under Federal Rule of Civil Procedure 29(b) to reschedule depositions in this manner if such rescheduling becomes necessary.

2. Deposing counsel and defending counsel agree to notice depositions sufficiently early to allow defending counsel time to prepare the deponent to testify remotely and agree to accommodate reasonable scheduling requests. The parties agree that 10 days' notice shall typically be considered reasonable initial notice of the deposition, but will endeavor to the extent possible to provide at least 14 days' notice.

3. All depositions shall be conducted remotely by an accredited court reporting service, such as but not limited to Veritext, or Planet Depo, or Aputus, using the reporting service's remote deposition software and/or portal.

4. Under Federal Rule of Civil Procedure 30(b)(4), for purposes of Federal Rule of Civil Procedure 28 and any other applicable rules, the deposition takes place where the deponent answers the questions.

5. Deposing counsel and defending counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a deposition via remote means. If necessary, this shall include arranging for the deponent to participate in a "test run" of the deposition video conferencing software or portal being utilized.

6. Deposing counsel or defending counsel may elect to have a technical specialist attend a deposition taken by remote means to ensure that technical issues are dealt with in a timely manner.

7. Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any remote deposition taken in this action, and such technical issue cannot be remedied in a timely manner, deposing counsel, defending counsel, and attending counsel shall meet, confer, and cooperate with one another regarding the rescheduling of the deposition.

8. All objections to the use and admissibility of the transcript or video of a deposition taken pursuant to this stipulation based on the fact that the deposition was taken by remote means are deemed waived. Further, the parties agree that all video-recorded remote depositions may be used at trial or at any hearing to the same extent that an in-person deposition may be used at trial or a hearing.

9. The parties, the witnesses, and their counsel (the "attendees") will abide by the remote court reporting service's guidelines and the parties' agreed practical procedures, including but not limited to the following:

    a. At least two days prior to the deposition, counsel for the parties and the witness will exchange a complete list of the attendees, and attendance at the deposition will be limited to these individuals (excluding any staff from vendor required for administration of the

      deposition);

b. Attendees will connect to the secure video platform or portal at least 15 minutes prior to the scheduled time for the deposition, with a web camera-equipped laptop, desktop, or mobile device and a stable internet connection;

c. The deposition will be recorded stenographically;

d. The deposition may be recorded through the videoconference software;

e. Only the deponent, and no other participants in the deposition, will be recorded on video if the deposition is recorded, and only audio will be recorded for attendees other than the witness, if audio is recorded;

f. The deponent will position his or her web camera to provide a wide angle sufficient to capture his, her, or their torso, hand, and other movements, and to provide a clear picture of the deponent, to the deponent's best ability;

g. The deponent shall not communicate with any plaintiff, plaintiffs' counsel, or any third party while the deposition is in session by electronic or telephonic means other than as provided in this stipulation;

h. The court reporter or stenographer will not be physically present in the same room as the deponent. The oath will be administered and the stenographic record will be taken remotely;

i. In lieu of an oath administered in-person, the deponent will orally declare his, her, or their testimony in this matter under penalty of perjury as directed by the remote court reporter;

j. The court reporter will at all times have access to the same interface as the deponent;

k. All attendees other than the deponent, court reporter, deposing

attorney, and the defending attorney will set their audio connection to mute to avoid unintentional noise;

l. If and to the extent that the deponent brings documents with him, her, or them to the deposition that the deposing party wishes to have marked as exhibits, the deponent or the deponent's counsel will email the court reporter and the parties' counsel a full and complete copy of those documents one day in advance of the deposition;

m. To the greatest extent possible, the parties will mark and share exhibits using the court reporter's exhibit sharing technology to facilitate the sharing and review of exhibits through document or screen share features;

n. The deposing party may direct the deponent to a certain part of an exhibit during the deposition by using a pointer or drawing or highlighting function as provided by the deposition software or portal, or other electronic means, if needed;

o. Any private communication, such as via phone, private chat, text message, or other electronic or virtual means, between the deponent and any counsel is strictly prohibited while the deposition is in session;

p. Any attorney-client conversations should be held outside the presence of the audio/video interface, unless the parties agree to use virtual breakout rooms for such purpose, in which case such virtual breakout rooms may be used if the attorney and client so choose;

q. Unless otherwise stated or stipulated, all other rules contained in the Federal Rules of Civil Procedure and Civil Local Rules govern the deposition.

10. The party that noticed the deposition shall be responsible for procuring a written transcript, and, if that party wishes to use a video transcript, a video record of the remote deposition. No party is required to schedule or order a video transcript

even if the deposition notice reserves the right to record via video. The parties shall be responsible for obtaining their own copy of the transcript and/or video record of the deposition and shall bear their own costs in obtaining a copy of the transcript and/or video record of the deposition.

   11.   This stipulation may be modified by a stipulated order of the parties, or by the court for good cause shown should the parties not agree on a modification.

A proposed order will be lodged with the Court concurrently with submission of this joint motion and stipulation.

Dated: October 13, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General

*signature*

JENNIFER E. ROSENBERG
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

DILLON LAW GROUP, APC

*signature*

JOHN DILLON
*Attorney for Plaintiffs*

SA2019103398
63662262.docx