XAVIER BECERRA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General
JENNIFER E. ROSENBERG
Deputy Attorney General
State Bar No. 275496
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6617
  Fax:  (916) 731-2124
  E-mail:  Jennifer.Rosenberg@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Matthew Jones, *et al.*,**<br><br>                Plaintiffs,<br><br>v.<br><br>**Xavier Becerra, in his official capacity as Attorney General of the State of California, *et al.*,**<br><br>                Defendants. | 3:19-cv-01226-L-AHG<br><br>**JOINT MOTION TO MODIFY DEADLINE FOR CLOSE OF FACT DISCOVERY**<br><br>Dept:      5B<br><br>Judge:    The Honorable M. James Lorenz and Magistrate Judge Alison H. Goddard<br><br>Final Pretrial Conference Date:      August 9, 2021<br><br>Action Filed:      July 1, 2019<br><br>First Amended Complaint Filed:      July 30, 2019<br><br>Second Amended Complaint Filed:      November 8, 2019 |

Plaintiffs Matthew Jones, et al., and Defendants Xavier Becerra (in his official capacity as Attorney General of the State of California) and Luis Lopez (in his official capacity as Director of the Department of Justice Bureau of Firearms),[1] through their respective counsel of record, and pursuant to Civil Local Rules 7.1 and 7.2, hereby jointly move the Court for modification of the deadline for close of fact discovery set forth in the operative scheduling order in this matter. ECF No. 58. This joint motion is supported by the declaration of Jennifer E. Rosenberg, filed concurrently herewith. The parties previously sought one modification of the Court's original scheduling order; that modification moved all dates set forth in the Court's original scheduling order by approximately 5 to 6 weeks. *See* ECF Nos. 57, 58. By contrast, this joint motion seeks only to extend the deadline for close of fact discovery to December 15, 2020, and does not seek to modify other dates set forth in the operative scheduling order. Good cause exists for the requested modification.

## I.   RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint on July 1, 2019. ECF No. 1. Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief (FAC) on July 30, 2019 and served the FAC and summons on August 1, 2019. ECF No. 3; ECF No. 5 at 1, n.2. A case management conference was held before Magistrate Judge Goddard on October 9, 2019, ECF No. 15 at 1, and thereafter, Plaintiffs filed a Second Amendment Complaint adding allegations related to amendments made to Penal Code § 27510, the statute challenged in this matter, that Governor Newsom signed into law in October 2019, ECF No. 20.

Plaintiffs then filed a motion for a preliminary injunction on November 12, 2019, which Defendants opposed. ECF Nos. 21 & 25. Briefing was completed on the motion and related evidentiary objections in early February of this year, and the Court did not request a hearing on the motion. *See* ECF Nos. 52, 52-1, 53. The

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Director Luis Lopez is automatically substituted as a defendant in this matter in place of his predecessor, former Acting Director Brent E. Orick.

1

parties await a ruling on the preliminary injunction motion.

In the Joint Case Management Statement the parties filed in advance of the October 9, 2019 case management conference with Magistrate Judge Goddard, as well as during the case management conference, the parties notified the Court that they planned to wait to conduct discovery until after resolution of Plaintiffs' preliminary injunction motion, and proffered the joint view that it would be premature to set a discovery schedule until after resolution of that motion. ECF No. 11 at 13, 20, 22. Nonetheless, in accordance with the directions in Magistrate Judge Goddard's ENE order, the parties proposed in their Joint Case Management Statement a set of discovery and pre-trial deadlines tied to resolution of the preliminary injunction motion. *Id.* at 22-23 [the parties assuming at that time, for purposes of proposing dates, that the preliminary injunction motion would be heard and resolved in early 2020]. The Court issued its original scheduling order after the case management conference; that order set the original date for close of fact discovery at September 23, 2020. ECF No. 15.

In July 2020, the parties jointly sought modification of the Court's original scheduling order on several grounds, including that the parties had originally wished to wait to conduct discovery until after resolution of the preliminary injunction motion, and the need for the parties to adjust the discovery process to the current COVID-19 pandemic. ECF No. 57. The Court granted the parties' request, and issued an order modifying the dates set forth in the original scheduling order. ECF No. 58. Under that order, the close of fact discovery is currently set at November 6, 2020. *Id.* at 3. Also under the modified schedule, expert designations and reports are due January 8, 2021, and the exchange of rebuttal experts is set for February 8, 2021. *Id.* at 4. The close of expert discovery is set for February 26, 2021. *Id.*

## II. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

Counsel for the parties have met and conferred, and agree that an extension of time on the close of fact discovery is warranted. The parties are in the midst of exchanging responses to discovery requests served by each side, and are working together to resolve any issues regarding the scope and form of discovery responses. Several depositions of Plaintiffs have been set in October and November 2020 or are in the process of being scheduled. The parties are also working together to ensure that depositions are conducted at reasonably convenient times for all involved, accommodating illness, school exams, and work schedules.

Simultaneously and unexpectedly, due to the pandemic and other factors, both Defendants' counsel and Plaintiffs' counsel have been experiencing an unusually heavy caseload on this and other matters. All parties wish to ensure that they have adequate time to prepare their discovery responses with care and to prepare for depositions. In light of the outstanding discovery requests, scheduled depositions, and conflicts in the schedules of the parties and counsel, the parties agree that modifying the current scheduling order to provide 30 to 40 additional days for fact discovery will benefit all parties and help minimize the need to resort to the Court for resolution of discovery disputes. Therefore, the parties jointly request modification of the operative scheduling order to extend the deadline for close of fact discovery from November 6, 2020, to December 15, 2020.

The parties do not request modification of any of the remaining dates set forth in the Court's operative scheduling order.

WHEREFORE:

The parties hereby jointly request that the Court issue an order modifying the date set for the close of fact discovery in the operative scheduling order as follows:

| Action | Current Deadline | New Deadline |
|---|---|---|
| Close of fact discovery | November 6, 2020 | December 15, 2020 |

Although the parties do not anticipate seeking further modification in the future, they also jointly request that the Court's order modifying the scheduling order reserve the parties' ability to seek the Court's approval of further modifications for good cause should the need to do so arise.

A proposed order will be lodged with the Court concurrently with submission of this joint motion.

Dated: October 27, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General

JENNIFER E. ROSENBERG
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

DILLON LAW GROUP, APC

JOHN DILLON
*Attorney for Plaintiffs*

SA2019103398
63699796.docx