1  XAVIER BECERRA
   Attorney General of California
2  MARK BECKINGTON
   Supervising Deputy Attorney General
3  JENNIFER E. ROSENBERG
   Deputy Attorney General
4  State Bar No. 275496
    300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
    Telephone:  (213) 269-6617
6   Fax:  (916) 731-2124
    E-mail:  Jennifer.Rosenberg@doj.ca.gov
7  *Attorneys for Defendants Xavier Becerra, in
   his official capacity as Attorney General of
8  the State of California, and Luis Lopez,
   in his official capacity as Director of
9  the Department of Justice Bureau of
   Firearms*

10

IN THE UNITED STATES DISTRICT COURT

11

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13

14

| | |
|---|---|
| **Matthew Jones, *et al.*,** | 3:19-cv-01226-L-AHG |
| Plaintiffs, | |
| **v.** | **JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER IN LIGHT OF INTERLOCUTORY APPEAL** |
| **Xavier Becerra, in his official capacity as Attorney General of the State of California, *et al.*,** | |
| Defendants. | Dept:       5B |
| | Judge:      The Honorable  M. James Lorenz and Magistrate Judge Alison H. Goddard |
| | Final Pretrial Conference Date:       August 9, 2021 |
| | Action Filed:       July 1, 2019 |
| | First Amended Complaint Filed:       July 30, 2019 |
| | Second Amended Complaint Filed:       November 8, 2019 |

Plaintiffs Matthew Jones, et al., and Defendants Xavier Becerra (in his official capacity as Attorney General of the State of California) and Luis Lopez (in his official capacity as Director of the Department of Justice Bureau of Firearms),[1] through their respective counsel of record, and pursuant to Civil Local Rules 7.1 and 7.2, hereby jointly move the Court for a limited extension of all deadlines set forth in the operative scheduling order in this matter and amendments thereto, ECF Nos. 58, 65, in order to relieve the parties from the undue burden of conducting fact and expert discovery in these trial-level proceedings while simultaneously briefing an interlocutory appeal in this same matter in the Ninth Circuit.  The parties previously sought two modifications of the Court's original scheduling order; the first modification moved all dates set forth in the Court's original scheduling order by approximately 5 to 6 weeks, and the second moved solely the fact discovery deadline from November 6, 2020 to December 15, 2020.  *See* ECF Nos. 57, 58, 64, & 65.  The parties now seek to modify the scheduling order to extend each deadline in this matter by approximately 2-3 months while the bulk of the appellate proceedings are completed.

Good cause exists for the requested modification.  This Court denied Plaintiffs' motion for preliminary injunction on November 3, 2020, six days after entry of the Court's order granting the parties' request to extend the deadline for the close of fact discovery in this matter.  ECF Nos. 65, 66 ("Preliminary Injunction Order").  Plaintiffs filed their notice of appeal of the Preliminary Injunction Order on November 6, 2020.  ECF. No. 67.  Because of the expedited nature of appeals from orders granting, denying, or modifying preliminary injunctions, the briefing schedule set by the Ninth Circuit in the pending interlocutory appeal will require the parties to complete the appellate briefing in November, December, and January—

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Director Luis Lopez is automatically substituted as a defendant in this matter in place of his predecessor, former Acting Director Brent E. Orick.

the same time period within which the parties are currently set to complete written

fact discovery, conduct several fact witness depositions, designate their experts,

produce expert reports, and conduct expert depositions.  ECF No. 69; *see also* ECF

Nos. 58 & 65; *Jones v. Becerra*, No. 20-56174 (9th Cir. Nov. 10, 2020), ECF No. 4,

Trans. ID 11888196 (Ninth Circuit order setting appellate briefing schedule) (citing

9th Cir. R. 3-3).[2]

This joint motion is supported by the declaration of Jennifer E. Rosenberg,

filed concurrently herewith.

## I.    RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint on July 1, 2019.  ECF No. 1.

Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief

(FAC) on July 30, 2019 and served the FAC and summons on August 1, 2019.  ECF

No. 3; ECF No. 5 at 1, n.2.  A case management conference was held before

Magistrate Judge Goddard on October 9, 2019, ECF No. 15 at 1, and thereafter,

Plaintiffs filed a Second Amendment Complaint adding allegations related to

amendments made to Penal Code § 27510, the statute challenged in this matter, that

Governor Newsom signed into law in October 2019, ECF No. 20.  Plaintiffs then

filed a motion for a preliminary injunction on November 12, 2019, which

Defendants opposed.  ECF Nos. 21 & 25.  Briefing was completed on the motion

and related evidentiary objections in early February of this year.  *See* ECF Nos. 52,

52-1, 53.

In the Joint Case Management Statement the parties filed in advance of the

October 9, 2019 case management conference with Magistrate Judge Goddard, as

well as during the case management conference, the parties notified the Court that

they planned to wait to conduct discovery until after resolution of Plaintiffs'

---

[2] A copy of the Ninth Circuit's order setting the briefing schedule is attached to the Declaration of Jennifer E. Rosenberg as Exhibit A.

Joint Motion for Modification of Scheduling Order in Light of Interlocutory Appeal
(3:19-cv-01226-L-AHG)

preliminary injunction motion, and proffered the joint view that it would be premature to set a discovery schedule until after resolution of that motion.  ECF No. 11 at 13, 20, 22; *see also* ECF Nos. 21 & 57.  The parties desired to delay discovery in part because they anticipated that—as has occurred—there would be an appeal of any order on the preliminary injunction motion.  ECF No. 11 at 22.   Nonetheless, in accordance with the directions in Magistrate Judge Goddard's ENE order, the parties proposed in their Joint Case Management Statement a set of discovery and pre-trial deadlines tied to resolution of the preliminary injunction motion. *Id.* at 22-23 [the parties assuming at that time, for purposes of proposing dates, that the preliminary injunction motion would be heard and resolved in early 2020].  The Court issued its original scheduling order after the case management conference; that order set the original date for close of fact discovery at September 23, 2020.  ECF No. 15.

In July 2020, the parties jointly sought modification of the Court's original scheduling order on several grounds, including that the parties had originally wished to wait to conduct discovery until after resolution of the preliminary injunction motion, and the need for the parties to adjust the discovery process to the current COVID-19 pandemic.  ECF No. 57.  The Court granted the parties' request, and issued an order modifying the dates set forth in the original scheduling order.  ECF No. 58.  In October, the parties sought a short extension of 30-40 days of the deadline set for fact discovery in order to permit the parties to work together to resolve disagreements regarding discovery responses and productions, to accommodate scheduling of depositions in light of illness, school exams, and work schedules, and in light of counsels' unusually heavy caseloads on this and other matters due to the pandemic and other factors.  ECF No. 64.  The Court granted that extension, moving the close of fact discovery to December 15, 2020.  EC. No. 65.

Under the Court's operative Scheduling Order and amendments thereto,

ECF Nos. 58 & 65, the deadlines currently set in this case are as follows:

| Action | Current Deadline |
|---|---|
| • Close of fact discovery | December 15, 2020 |
| • Expert witness designations to be made in writing<br>• Compliance with disclosure obligations under Federal Rule of Civil Procedure 26(a)(2)(A) and (B) | January 8, 2021 |
| • Exchange of rebuttal expert witnesses<br>• Supplementation of parties' disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) | February 8, 2021 |
| • Expert discovery to be completed | February 26, 2021 |
| • All pretrial motions, other than motions *in limine*, to be filed | April 28, 2021 |
| • Mandatory settlement conference | June 24, 2021, at 2 p.m. |
| • Plaintiffs' written settlement proposal to be served | June 3, 2021 |
| • In-person or telephonic meet-and-confer regarding settlement offer to be held<br>• Defendants' written response to settlement proposal to be made in writing, prior to the meet-and-confer | No later than June 10, 2021 |
| • Each party to serve and lodge settlement conference statement | June 14, 2021 |
| • Optional confidential settlement letter may be lodged for Court's review | June 14, 2021 |
| • Compliance with Rule 26(a)(3) pre-trial disclosure requirements in advance of final pre- | July 12, 2021 |

4

| | |
|---|---|
| trial conference | |
| • Parties to meet and take action required by Local Rule 16.1(f)(4) | July 19, 2021 |
| • Plaintiffs to provide defendants with draft proposed final pretrial order for review and approval | July 26, 2021 |
| • The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz | August 2, 2021 |
| • Final pretrial conference | August 9, 2021, at 11 a.m. |

The Court rendered its ruling denying the preliminary injunction motion on November 3, 2020. ECF No. 66. Plaintiffs filed their notice of appeal of that order on November 6, 2020. ECF No. 67. On November 10, 2020, the Ninth Circuit issued an order setting a briefing schedule on Plaintiffs' interlocutory appeal. *Jones v. Becerra*, No. 20-56174 (9th Cir. Nov. 10, 2020), ECF No. 4, Trans. ID 11888196. Under that briefing schedule:

- Plaintiffs' opening brief on appeal is due no later than December 4, 2020;
- Defendants' answering brief is due January 4, 2021, or 28 days after service of the opening brief (whichever is earlier); and
- Plaintiffs' reply brief is due within 21 days after service of the answering brief.

*Id.*

## II.   GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

Counsel for the parties have met and conferred, and agree that a modification of the scheduling order to continue all deadlines currently set in the case by approximately 60-90 days is appropriate to permit them to litigate the expedited

interlocutory appeal of the Court's Preliminary Injunction Order in the Ninth Circuit while avoiding significant conflicts between the appellate schedule and the dates set for fact and expert witness discovery in this Court.

As the parties informed the Court in their October 27, 2020 joint motion requesting an extension of the fact discovery deadline, the parties are in the midst of exchanging responses to discovery requests served by each side, and are continuing to work together to resolve any issues regarding the scope and form of discovery responses.  ECF No. 64.  Several party depositions remain to be taken, and the parties continue to assess whether any depositions may be rendered unnecessary by supplementation of discovery responses.  Further, the current deadline for disclosure of the parties' expert designations and initial and rebuttal expert reports will coincide closely with the dates set for the filing of Defendants' answering brief and the Plaintiffs' reply brief in the Ninth Circuit appeal.  Absent an extension of time on the deadlines in this case, the parties will be forced to bear the significant time burdens of this critical fact and expert discovery while simultaneously briefing the appeal, obviating the benefit of the small extension of time the parties just requested, and the Court granted, in late October.  The requested extension of time would permit the parties to relieve some of the simultaneous burdens by spacing out the remaining fact and expert discovery.  It will also avoid placing additional burdens on the parties or the Court during the busy holiday season.  No parties will be prejudiced by the requested extension of time.

Moreover, should the Ninth Circuit rule on the interlocutory appeal expeditiously, that decision likely will guide further proceedings in this Court.  The limited extension of time proposed here may help avoid a scenario in which the parties conduct costly discovery that may ultimately prove unnecessary or subject to redirection at the conclusion of the appeal, such as the conduct of expert depositions.

WHEREFORE:

The parties hereby jointly request that the Court issue an order modifying the scheduling order as follows:

| Action | Current Deadline | New Deadline |
|---|---|---|
| • Close of fact discovery | Tuesday, December 15, 2020 | Tuesday, February 16, 2021 |
| • Expert witness designations to be made in writing<br>• Compliance with disclosure obligations under Federal Rule of Civil Procedure 26(a)(2)(A) and (B) | Friday, January 8, 2021 | Tuesday, March 16, 2021 |
| • Exchange of rebuttal expert witnesses<br>• Supplementation of parties' disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) | Monday, February 8, 2021 | Friday, April 16, 2021 |
| • Expert discovery to be completed | Friday, February 26, 2021 | Friday, May 7, 2021 |
| • All pretrial motions, other than motions *in limine*, to be filed | Wednesday, April 28, 2021 | Friday, July 16, 2021 |
| • Mandatory settlement conference | Thursday, June 24, 2021, at 2 p.m. | Thursday, September 23, 2021, at 2 p.m. |
| • Plaintiffs' written settlement proposal to be served | Thursday, June 3, 2021 | Thursday, September 2, 2021 |

| | | |
|---|---|---|
| • In-person or telephonic meet-and-confer regarding settlement offer to be held<br>• Defendants' written response to settlement proposal to be made in writing, prior to the meet-and-confer | No later than Thursday, June 10, 2021 | No later than Thursday, September 9, 2021 |
| • Each party to serve and lodge settlement conference statement | Monday, June 14, 2021 | Tuesday, September 14, 2021 |
| • Optional confidential settlement letter may be lodged for Court's review | Monday, June 14, 2021 | Tuesday, September 14, 2021 |
| • Compliance with Rule 26(a)(3) pre-trial disclosure requirements in advance of final pre-trial conference | Monday, July 12, 2021 | Thursday, October 14, 2021 |
| • Parties to meet and take action required by Local Rule 16.1(f)(4) | Monday, July 19, 2021 | Thursday, October 21, 2021 |
| • Plaintiffs to provide defendants with draft proposed final pretrial order for review and approval | Monday, July 26, 2021 | Thursday, October 28, 2021 |
| • The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz | Monday, August 2, 2021 | Thursday, November 4, 2021 |
| • Final pretrial conference | Monday, August 9, 2021, at 11 a.m. | Monday, November 15, 2021, at 11 a.m. (or any date thereafter) |

8

1   Although the parties do not anticipate seeking further modification in the

2   future, they also jointly request that the Court's order modifying the scheduling

3   order reserve the parties' ability to seek the Court's approval of further

4   modifications for good cause should the need to do so arise.

5   A proposed order will be lodged with the Court concurrently with submission

6   of this joint motion.

7

8   Dated:  November 12, 2020                    Respectfully Submitted,

9                                               XAVIER BECERRA
                                                Attorney General of California
10                                              MARK BECKINGTON
                                                Supervising Deputy Attorney General

11

12

13                                              _/s/ Jennifer E. Rosenberg_____
                                                JENNIFER E. ROSENBERG
14                                              Deputy Attorney General
                                                *Attorneys for Defendants Xavier*
15                                              *Becerra, in his official capacity as*
                                                *Attorney General of the State of*
16                                              *California, and Luis Lopez, in his*
                                                *official capacity as Director of*
17                                              *the Department of Justice Bureau of*
                                                *Firearms*

18

19                                              DILLON LAW GROUP, APC

20

21                                              ____/s/ John W. Dillon_____
                                                JOHN DILLON
22                                              *Attorney for Plaintiffs*

23   SA2019103398
     63741104.docx
24

25

26

27

28

9

**<u>Certification re: Electronic Signatures Pursuant to Electronic Case Filing Administrative Policies and Procedures Manual, Section 2(f)(4)</u>**

I, Jennifer E. Rosenberg, hereby certify and attest that the content of the document is acceptable to all persons required to sign the document and that I have obtained authorization for use of the electronic signatures of all parties on the document, including Mr. John Dillon, Attorney for Plaintiffs.

Dated:  November 12, 2020

/s/ *Jennifer E. Rosenberg*

JENNIFER E. ROSENBERG
Deputy Attorney General