XAVIER BECERRA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General
JENNIFER E. ROSENBERG
Deputy Attorney General
State Bar No. 275496
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6617
  Fax:  (916) 731-2124
  E-mail:  Jennifer.Rosenberg@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Matthew Jones, *et al.*,**<br><br>                Plaintiffs,<br><br>v.<br><br>**Xavier Becerra, in his official capacity as Attorney General of the State of California, *et al.*,**<br><br>                Defendants. | 3:19-cv-01226-L-AHG<br><br>**DECLARATION OF JENNIFER ROSENBERG IN SUPPORT OF JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER IN LIGHT OF INTERLOCUTORY APPEAL**<br><br>Dept:     5B<br><br>Judge:   The Honorable M. James Lorenz and Magistrate Judge Alison H. Goddard<br><br>Final Pretrial Conference Date:   August 9, 2021<br><br>Action Filed:   July 1, 2019<br><br>First Amended Complaint Filed:   July 30, 2019<br><br>Second Amended Complaint Filed:   November 8, 2019 |

I, Jennifer E. Rosenberg, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am authorized to appear before the above-entitled Court. I am employed as a Deputy Attorney General for the California Attorney General's Office within the California Department of Justice. I am assigned to represent Defendant Xavier Becerra, in his official capacity as Attorney General of the State of California, and Defendant Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms (collectively, "Defendants"), in this action.

2. Good cause exists to grant the parties' joint motion for modification of the scheduling order in this matter in light of the interlocutory appeal of the Court's order denying Plaintiffs' motion for preliminary injunction that is currently pending in the Ninth Circuit.

3. Counsel for Plaintiffs and Defendants conferred via e-mail on November 8, 9, and 10 to discuss the discovery deadlines set in this matter, including the need for additional time to complete fact and expert witness discovery in light of the overlapping nature of the deadlines set for the Ninth Circuit appeal and the current deadlines set forth in the operative scheduling order and amendments thereto for completion of fact and expert discovery. *See* ECF Nos. 58 & 65.

4. Under the Ninth Circuit's order setting a briefing schedule on Plaintiffs' interlocutory appeal, Plaintiffs' opening brief on appeal is due no later than December 4, 2020; Defendants' answering brief is due January 4, 2021, or 28 days after service of the opening brief (whichever is earlier); and Plaintiffs' reply brief is due within 21 days after service of the answering brief. *Jones v. Becerra*, No. 20-56174 (9th Cir. Nov. 10, 2020), ECF No. 4, Trans. ID 11888196. A true and correct copy of the Ninth Circuit's order setting the briefing schedule on the interlocutory appeal is attached to this declaration as **Exhibit A**.

1

Decl. of Jennifer Rosenberg in Support of Joint Motion for Modification of Scheduling Order in Light of Interlocutory Appeal  (3:19-cv-01226-L-AHG)

1  5.  Under the operative scheduling order in this Court and amendments
2  thereto, fact discovery is set to close on December 15, 2020; expert reports and
3  disclosures are due January 8, 2021; rebuttal expert reports and disclosures are due
4  February 8, 2021; and the close of expert discovery is set at February 26, 2021. *See*
5  ECF Nos. 58 & 65.
6  6.  The parties have been continuing the process of exchanging responses to
7  discovery requests served by each side, and continue working together to resolve
8  issues regarding the scope and form of discovery responses.  Several fact witness
9  depositions remain to be taken.  The parties have continued to work together to
10  ensure that depositions are conducted at reasonably convenient times for all
11  involved, accommodating illness, school exams, and work schedules.
12  7.  Absent an extension of time on the deadlines in this Court, the parties
13  will be forced to bear significant time burdens of this critical fact and expert
14  discovery while simultaneously briefing the appeal, obviating the benefit of the
15  small extension of time the parties just requested, and the Court granted, in late
16  October.
17  8.  In light of these factors, the parties and their counsel met and conferred,
18  and agreed that a modification of the scheduling order to continue all deadlines
19  currently set in the case by approximately 2-3 months is appropriate to permit them
20  to litigate the expedited interlocutory appeal in the Ninth Circuit while avoiding
21  significant conflicts between the appellate schedule and the dates set for fact and
22  expert witness discovery in this Court.  The requested limited modification of the
23  scheduling order deadlines will also avoid placing additional burdens on the parties
24  or the Court during the busy holiday season.
25  9.  No parties will be prejudiced by the requested extension of time.
26  10.  The parties previously sought two modifications of the Court's original
27  scheduling order; the first modification moved all dates set forth in the Court's
28

original scheduling order by approximately 5 to 6 weeks, and the second moved solely the fact discovery deadline from November 6, 2020 to December 15, 2020. *See* ECF Nos. 57, 58, 64, & 65.

11. At this time, the parties do not anticipate seeking further modification of the scheduling order in the future. However, the parties would like to reserve their ability to seek the Court's approval of further modifications for good cause should the need to do so arise.

I, Jennifer E. Rosenberg, affirm under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct of my own knowledge, and that this declaration is executed on this 12th day of November, 2020 at Claremont, California.

JENNIFER E. ROSENBERG
Deputy Attorney General

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

4

Decl. of Jennifer Rosenberg in Support of Joint Motion for Modification of Scheduling Order in Light of Interlocutory Appeal  (3:19-cv-01226-L-AHG)

FILED

NOV 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW JONES; et al.,<br><br>    Plaintiffs-Appellants,<br><br> v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California; et al.,<br><br>    Defendants-Appellees. | No. 20-56174<br><br>D.C. No. 3:19-cv-01226-L-AHG<br>Southern District of California, San Diego<br><br>ORDER |

The appeal filed November 6, 2020 is a preliminary injunction appeal. Accordingly, Ninth Circuit Rule 3-3 shall apply.

The mediation questionnaire is due three days after the date of this order.

If they have not already done so, within 7 calendar days after the filing date of this order, the parties shall make arrangements to obtain from the court reporter an official transcript of proceedings in the district court that will be included in the record on appeal.

The briefing schedule shall proceed as follows: the opening brief and excerpts of record are due not later than December 4, 2020; the answering brief is due January 4, 2021 or 28 days after service of the opening brief, whichever is earlier; and the optional reply brief is due within 21 days after service of the answering brief. *See* 9th Cir. R. 3-3(b).

tsp/MOATT

No streamlined extensions of time will be approved. *See* 9th Cir. R. 31-2.2(a)(3). Any request for an extension of time to file a brief must be made by written motion under Ninth Circuit Rule 31-2.2(b).

Failure to file timely the opening brief shall result in the automatic dismissal of this appeal by the Clerk for failure to prosecute. *See* 9th Cir. R. 42-1.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Tina S. Price
Deputy Clerk
Ninth Circuit Rule 27-7

tsp/MOATT        2