UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JONES, *et al.*,<br><br>                                Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California, *et al.*,<br><br>                               Defendants. | Case No.: 3:19-cv-1226-L-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER**<br><br>**[ECF No. 70]** |

      This matter comes before the Court on the parties' Joint Motion for Modification of Scheduling Order in Light of Interlocutory Appeal. ECF No. 70.

      Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory

committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties seek an extension of time while Plaintiffs' interlocutory appeal is pending. ECF No. 70. Plaintiffs submit that they timely filed a notice of appeal three days after the district judge denied their preliminary injunction motion. *Id.* at 5. The Ninth Circuit issued a briefing schedule that requires briefing in November, December, and January, which overlaps the time period in which the parties currently are set to complete fact and expert discovery. *Id.* at 1-2. The parties contend that it would be unduly burdensome to complete both their appellate briefing and discovery in this case simultaneously. *Id.* at 6. Moreover, depending on how the Ninth Circuit rules, the parties argue that an extension of the dates in this case may avoid a scenario where the parties conduct unnecessary discovery or require additional discovery at the conclusion of the appeal. *Id.*

Upon due consideration, the Court finds the parties have shown good cause to **GRANT** the joint motion. The Court hereby **AMENDS** the scheduling order as follows:

<u>Discovery</u>

1. All fact discovery shall be completed by all parties no later than **February 16, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every

effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

2. No later than **March 16, 2021**, the parties shall designate their respective experts in writing. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be no later than **April 16, 2021**. The written designations shall include the name, address and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. No later than **March 16, 2021**, each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as a party's employee regularly involve giving expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use the undisclosed evidence or testimony at any hearing or at trial. In addition, the court may impose sanctions as permitted by Rule 37(c).**

4. No later than **April 16, 2021**, the parties shall supplement their disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D).

5. All expert discovery shall be completed by all parties no later than **May 7, 2021**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. Failure to comply with this section or any other discovery order of the court may result in Rule 37 sanctions, including preclusion of expert or other designated evidence.

## Motion Briefing

7. Except for motions *in limine*, all pretrial motions must be filed no later than **July 16, 2021**. As provided herein and in the Standing Order, **certain motions, including motions for class certification, must be filed well before this date.**

8. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date of requesting a motion date and the hearing date typically exceeds 30 days. Failure to make a timely request for a motion date may result in the motion not being heard.

9. Motion briefing must comply with all applicable Rules, Local Rules, Standing Order, Chambers Rules and court orders.

## Mandatory Settlement Conference

10. A Mandatory Settlement Conference shall be conducted on **September 23, 2021** at **2 PM** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **September 2, 2021**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **September 9, 2021**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **September 14, 2021**. The Statement must be lodged in .pdf

format via email to efile_goddard@casd.uscourts.gov (not filed).  The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **Septemter 14, 2021**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.  **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

### Final Pretrial Conference

11. Memoranda of Contentions of Fact and Law are not required and will not be accepted.

12. No later than **October 14, 2021**, counsel shall comply with Rule 26(a)(3) pretrial disclosure requirements.  Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

13. No later than **October 21, 2021**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule 26(a)(3) pretrial disclosures.  Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

14. Counsel for plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f).  No later than **October 28, 2021**, plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval.  Opposing counsel must

communicate promptly with plaintiff's counsel concerning any objections to form or content. Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

15. The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than **November 4, 2021**, and shall comply with Local Rule 16.1(f)(6).

16. The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **November 15, 2021** at **11:00 AM**. Trial briefs are not required for cases tried to the jury. Leave to file a trial brief for a jury trial must be obtained from Judge Lorenz at the Final Pretrial Conference.

**Additional Provisions**

17. Upon parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

18. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated: November 16, 2020

Honorable Allison H. Goddard
United States Magistrate Judge