UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JONES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California, *et al.*,<br><br>Defendants. | Case No.:  3:19-cv-1226-L-AHG<br><br>**ORDER GRANTING JOINT MOTION TO MODIFY DEADLINE FOR CLOSE OF FACT DISCOVERY**<br><br>**[ECF No. 72]** |

    This matter comes before the Court on the parties' Joint Motion to Modify Deadline for Close of Fact Discovery, filed on Januay 29, 2021. ECF No. 72.

    Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory

committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The Court has twice previously granted extensions of the fact discovery deadline, on October 28, 2020 and November 16, 2020. ECF Nos. 65, 71. The parties established good cause for those extensions due to counsel's unexpectedly heavy caseloads, deposition scheduling challenges, and time-consuming efforts to resolve discovery disputes together without resorting to court intervention. Additionally, with respect to the scheduling order extension granted in November, the Court found good cause for the request in light of Plaintiffs' pending interlocutory appeal of this Court's denial of their preliminary injunction motion. *See* ECF No. 71.

Here, the parties explain that, though they have pursued discovery diligently, another extension of the fact discovery deadline from February 16, 2021 to May 14, 2021 is warranted for reasons similar to those underlying their previous extension requests. Namely, the interlocutory appeal is still pending, and the Ninth Circuit has informed the parties that it is considering the appeal for oral argument in May, June, or July. ECF No. 72 at 5. Counsel will thus need to devote significant time and resources to the appellate proceeding in the next few months. Further, the counsel for the parties continue to negotiate certain discovery disputes and, still facing heavy caseloads, would benefit from more flexibility in their calendars to reschedule depositions and complete exchange of written discovery without the need for court intervention. *Id.* at 5-6. Finally, Defendants' counsel informs the Court that she has suffered three deaths in her family since the Court issued the last scheduling order extension in November, requiring personal time for bereavement. *Id.* at 5.

Upon due consideration, the Court finds the parties have shown good cause to **GRANT** the joint motion (ECF No. 72). The deadline for completing fact discovery contained in the operative November 16, 2020 scheduling order (ECF No. 71), is extended

to **May 14, 2021**. All other dates and deadlines remain as previously set. Dates set forth in this order and in the November 16, 2020 scheduling order may be modified upon a showing of good cause.

**IT IS SO ORDERED.**

Dated: February 1, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge