XAVIER BECERRA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General
JENNIFER E. ROSENBERG
Deputy Attorney General
State Bar No. 275496
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone: (213) 269-6617
  Fax: (916) 731-2124
  E-mail: Jennifer.Rosenberg@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Matthew Jones, *et al.*,** | 3:19-cv-01226-L-AHG |
| Plaintiffs, | |
| v. | **JOINT MOTION TO MODIFY DEADLINE FOR CLOSE OF FACT DISCOVERY** |
| **Xavier Becerra, in his official capacity as Attorney General of the State of California, *et al.*,** | Dept: 5B |
| Defendants. | Judge: The Honorable M. James Lorenz and Magistrate Judge Alison H. Goddard |
| | Final Pretrial Conference Date: November 15, 2021 |
| | Action Filed: July 1, 2019 |
| | First Amended Complaint Filed: July 30, 2019 |
| | Second Amended Complaint Filed: November 8, 2019 |

Plaintiffs Matthew Jones, et al., and Defendants Xavier Becerra (in his official capacity as Attorney General of the State of California) and Luis Lopez (in his official capacity as Director of the Department of Justice Bureau of Firearms),[1] through their respective counsel of record, and pursuant to Civil Local Rules 7.1 and 7.2, hereby jointly move the Court for modification of the deadline for close of fact discovery set forth in the operative scheduling order in this matter.  ECF No. 71. This joint motion is supported by the declaration of Jennifer E. Rosenberg, filed concurrently herewith.

The parties previously sought three modifications of the Court's original scheduling order; the first modification moved all dates set forth in the Court's original scheduling order by approximately 5 to 6 weeks, the second moved solely the fact discovery deadline from November 6, 2020 to December 15, 2020, and the third moved all dates out by approximately 2-3 months due to the denial of Plaintiffs' motion for preliminary injunction and interlocutory appeal of that denial, for which briefing is not yet completed in the Ninth Circuit.  See ECF Nos. 57, 58, 64, 65, 70, 71; *see also Jones v. Becerra*, No. 20-56174 (9th Cir. December 23, 2020), ECF No. 23, Trans. ID 11938842 (Ninth Circuit order setting modified appellate briefing schedule; Plaintiffs' reply brief due in February 2021).  This joint motion seeks only to extend the deadline for close of fact discovery to one week beyond the deadline for close of expert discovery, and does not seek to modify any other dates set forth in the Court's operative scheduling order.

Good cause exists for the requested modification.

I.      **RELEVANT PROCEDURAL BACKGROUND**

Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief (FAC) on July 30, 2019 and served the FAC and summons on August 1, 2019.  ECF No. 3; ECF No. 5 at 1, n.2.  A case management conference

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Director Luis Lopez is automatically substituted as a defendant in this matter in place of his predecessor, former Acting Director Brent E. Orick.

1

was held before Magistrate Judge Goddard on October 9, 2019, ECF No. 15 at 1, and thereafter, Plaintiffs filed a Second Amendment Complaint, ECF No. 20. Plaintiffs then filed a motion for a preliminary injunction on November 12, 2019, which Defendants opposed. ECF Nos. 21 & 25.

In the Joint Case Management Statement the parties filed in advance of the October 9, 2019 case management conference with Magistrate Judge Goddard, as well as during the case management conference, the parties notified the Court that they planned to wait to conduct discovery until after resolution of Plaintiffs' preliminary injunction motion, and proffered the joint view that it would be premature to set a discovery schedule until after resolution of that motion. ECF No. 11 at 13, 20, 22; *see also* ECF Nos. 21 & 57. The parties desired to delay discovery in part because they anticipated that—as has occurred—there would be an appeal of any order on the preliminary injunction motion. ECF No. 11 at 22. Nonetheless, in accordance with the directions in Magistrate Judge Goddard's ENE order, the parties proposed in their Joint Case Management Statement a set of discovery and pre-trial deadlines tied to resolution of the preliminary injunction motion. *Id.* at 22-23 [the parties assuming at that time, for purposes of proposing dates, that the preliminary injunction motion would be heard and resolved in early 2020]. The Court issued its original scheduling order after the case management conference; that order set the original date for close of fact discovery at September 23, 2020. ECF No. 15.

In July 2020, the parties jointly sought modification of the Court's original scheduling order on several grounds, including that the parties had originally wished to wait to conduct discovery until after resolution of the preliminary injunction motion, and the need for the parties to adjust the discovery process to the current COVID-19 pandemic. ECF No. 57. The Court granted the parties' request, and issued an order modifying the dates set forth in the original scheduling order. ECF No. 58. In October 2020, the parties sought a short extension of 30-40 days of

the deadline set for fact discovery in order to permit the parties to work together to resolve disagreements regarding discovery responses and productions, to accommodate scheduling of depositions in light of illness, individual plaintiffs' school exams, and work schedules, and in light of counsels' unusually heavy caseloads on this and other matters due to the pandemic and other factors. ECF No. 64. The Court granted that extension, moving the close of fact discovery to December 15, 2020. EC. No. 65.

The Court denied Plaintiffs' motion for preliminary injunction on November 3, 2020, six days after entry of the Court's order granting the parties' previous request to extend the deadline for the close of fact discovery in this matter. ECF Nos. 65, 66 ("Preliminary Injunction Order"). Plaintiffs filed their notice of appeal of the Preliminary Injunction Order on November 6, 2020. ECF. No. 67. Because of the expedited nature of the interlocutory appeal, the briefing schedule set by the Ninth Circuit required the parties to complete the appellate briefing on an expedited basis. *Jones v. Becerra*, No. 20-56174 (9th Cir. Nov. 10, 2020), ECF No. 4, Trans. ID 11888196. According to a modified briefing schedule, the parties' briefs on appeal are or were due in December 2020 and January and February 2021—the same time period within which the parties were set to complete fact and expert discovery in this matter. *Jones v. Becerra*, No. 20-56174 (9th Cir. December 23, 2020), ECF No. 23, Trans. ID 11938842. Because of the expedited schedule in the Ninth Circuit, the parties sought an extension of time on all deadlines in this matter of approximately 2-3 months to alleviate some of the burden the parties bear in simultaneously briefing the appeal and conducting fact and expert discovery. *See* ECF No. 70. This Court granted that motion for good cause shown on November 12, 2020. *See* Dkt. 71.

Under that order, which is the operative scheduling order in this case, the close of fact discovery is currently set at February 16, 2021. *Id.* at 2. Also under the modified schedule, expert designations and reports are due March 16, 2021, and the

3

1 | exchange of rebuttal expert materials is set for April 16, 2021.  *Id.* at 3.  The close of
2 | expert discovery is set for May 7, 2021.  *Id.* at 4.
3 |       The Ninth Circuit has notified the parties that it is considering the
4 | interlocutory appeal for oral argument in May, June, or July 2021.  *See Jones v.*
5 | *Becerra*, No. 20-56174 (9th Cir. Jan. 20, 2021), ECF No. 26, Trans. ID 11969793.
6 | **II.     GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER**
7 |       Counsel for the parties have met and conferred, and agree that an extension of
8 | time on the close of fact discovery is warranted.  As the parties informed the Court
9 | in previous requests, they are in the process of completing exchange of discovery
10 | responses and resolving disagreements about the scope of discovery responses.
11 | Several depositions of the parties remain to be taken.  During December and
12 | January, including throughout the busy holiday season, the parties have been
13 | engaged in briefing the important issues presented in Plaintiffs' interlocutory appeal
14 | of this Court's Preliminary Injunction Order, and they will continue to devote
15 | significant resources to the appellate proceeding in the next few months.  *See*
16 | Declaration of Jennifer Rosenberg ¶¶ 4-5.
17 |       In addition, during the time since the Court granted the previous modification
18 | of the scheduling order for this matter, counsel for Defendants unexpectedly
19 | experienced three deaths in her family, which have required time for bereavement.
20 | *Id.* ¶ 6.  And counsel for Plaintiffs and Defendants have also simultaneously been
21 | preparing for trials and arguments in other matters occurring in late January and
22 | February 2021.  *Id.* ¶ 7.
23 |       All parties wish to ensure that they have adequate time to prepare their
24 | discovery responses with care and to prepare for depositions.  In light of the
25 | outstanding discovery requests and depositions, conflicts in the schedules of the
26 | parties and counsel due to professional obligations and personal needs, the parties
27 | agree that modifying the current scheduling order to permit fact discovery to
28 | continue until one week after the close of expert discovery will benefit all parties,

providing necessary flexibility to reschedule depositions and complete exchange of written discovery, and helping to minimize the need to resort to the Court for resolution of discovery disputes. *Id.* ¶ 8. Therefore, the parties jointly request modification of the operative scheduling order to extend the deadline for close of fact discovery from February 16, 2021, to May 14, 2021 (one week after the close of expert discovery). *Id.* ¶ 9.

The parties do not request modification of any of the remaining dates set forth in the Court's operative scheduling order.

WHEREFORE:

The parties hereby jointly request that the Court issue an order modifying the date set for the close of fact discovery in the operative scheduling order as follows:

| Action | Current Deadline | New Deadline |
|---|---|---|
| Close of fact discovery | February 16, 2021 | May 14, 2021 |

Although the parties do not anticipate seeking further modification in the future, they also jointly request that the Court's order modifying the scheduling order reserve the parties' ability to seek the Court's approval of further modifications for good cause should the need to do so arise.

A proposed order will be lodged with the Court concurrently with submission of this joint motion.

| | | |
|---|---|---|
| 1 | Dated: January 29, 2021 | Respectfully Submitted, |
| 2 | | XAVIER BECERRA |
| | | Attorney General of California |
| 3 | | MARK BECKINGTON |
| 4 | | Supervising Deputy Attorney General |

                                                                                                /s/ Jennifer E. Rosenberg

JENNIFER E. ROSENBERG
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

DILLON LAW GROUP, APC

                                                                                                 /s/ John Dillon

JOHN DILLON
*Attorney for Plaintiffs*

SA2019103398
63933661.docx

**<u>Certification re: Electronic Signatures Pursuant to Electronic Case Filing Administrative Policies and Procedures Manual, Section 2(f)(4)</u>**

I, Jennifer E. Rosenberg, hereby certify and attest that the content of this document is acceptable to all persons required to sign the document and that I have obtained authorization for use of the electronic signatures of all parties on the document, including Mr. John Dillon, Attorney for Plaintiffs.

Dated: January 29, 2021

                                                     */s/ Jennifer E. Rosenberg*
                                                    JENNIFER E. ROSENBERG
                                                    Deputy Attorney General