| | |
|---|---|
| 1 | XAVIER BECERRA<br>Attorney General of California |
| 2 | MARK BECKINGTON<br>Supervising Deputy Attorney General |
| 3 | JENNIFER E. ROSENBERG<br>Deputy Attorney General |
| 4 | State Bar No. 275496<br>  300 South Spring Street, Suite 1702 |
| 5 |   Los Angeles, CA  90013<br>  Telephone:  (213) 269-6617 |
| 6 |   Fax:  (916) 731-2124<br>  E-mail:  Jennifer.Rosenberg@doj.ca.gov |
| 7 | *Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of* |
| 8 | *the State of California, and Luis Lopez, in his official capacity as Director of* |
| 9 | *the Department of Justice Bureau of Firearms* |

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Matthew Jones, *et al.*,**<br>                          Plaintiffs,<br>v.<br>**Xavier Becerra, in his official capacity as Attorney General of the State of California, *et al.*,**<br>                          Defendants. | 3:19-cv-01226-L-AHG<br><br>**JOINT MOTION FOR MODIFICATION OF DISCOVERY DEADLINES IN LIGHT OF ORAL ARGUMENT IN INTERLOCUTORY APPEAL**<br><br>Dept:          5B<br><br>Judge:         The Honorable M. James Lorenz and Magistrate Judge Alison H. Goddard<br><br>Final Pretrial Conference<br>Date:          November 15, 2021<br><br>Action<br>Filed:         July 1, 2019<br><br>First Amended Complaint<br>Filed:         July 30, 2019<br><br>Second Amended Complaint<br>Filed:         November 8, 2019 |

Plaintiffs Matthew Jones, et al., and Defendants Xavier Becerra (in his official capacity as Attorney General of the State of California) and Luis Lopez (in his official capacity as Director of the Department of Justice Bureau of Firearms),[1] through their respective counsel of record and pursuant to Civil Local Rules 7.1 and 7.2, hereby jointly move the Court for a small modification of the expert and fact discovery deadlines set forth in the operative scheduling orders in this matter in light of the scheduling of oral argument in the pending interlocutory appeal of this Court's denial of Plaintiffs' motion for preliminary injunction.  ECF No. 71, 73.  This joint motion is supported by the declaration of Jennifer E. Rosenberg, filed concurrently herewith.

The parties previously sought four modifications of the Court's original scheduling order.  The first modification moved all dates set forth in the Court's original scheduling order by approximately 5 to 6 weeks; the second moved solely the fact discovery deadline from November 6, 2020 to December 15, 2020; the third moved all dates out by approximately 2-3 months due to the denial of Plaintiffs' motion for preliminary injunction and interlocutory appeal of that denial; and the fourth extended solely the deadline for close of fact discovery.  See ECF Nos. 57, 58, 64, 65, 70, 71, 72, 73; *see also Jones v. Becerra*, No. 20-56174 (9th Cir. Dec. 23, 2020), ECF No. 23, Trans. ID 11938842 (Ninth Circuit order setting modified appellate briefing schedule).  This joint motion seeks a small three-week extension of solely the discovery deadlines in this matter in light of the scheduling of oral argument in the Ninth Circuit in this matter on May 12, 2021.  *See Jones v. Becerra*, No. 20-56174 (9th Cir. Feb. 28, 2021), Trans. ID 12018921.  This joint motion does not seek to modify any other dates set forth in the Court's operative scheduling orders.

Good cause exists for the requested modification.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Director Luis Lopez is automatically substituted as a defendant in this matter in place of his predecessor, former Acting Director Brent E. Orick.

## I. RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief (FAC) on July 30, 2019 and served the FAC and summons on August 1, 2019. ECF No. 3; ECF No. 5 at 1, n.2. A case management conference was held before Magistrate Judge Goddard on October 9, 2019, ECF No. 15 at 1, and thereafter, Plaintiffs filed a Second Amendment Complaint, ECF No. 20. Plaintiffs then filed a motion for a preliminary injunction on November 12, 2019, which Defendants opposed. ECF Nos. 21 & 25.

In the Joint Case Management Statement the parties filed in advance of the October 9, 2019 case management conference with Magistrate Judge Goddard, as well as during the case management conference, the parties notified the Court that they planned to wait to conduct discovery until after resolution of Plaintiffs' preliminary injunction motion, and proffered the joint view that it would be premature to set a discovery schedule until after resolution of that motion. ECF No. 11 at 13, 20, 22; *see also* ECF Nos. 21 & 57. The parties desired to delay discovery in part because they anticipated that there would be an interlocutory appeal of any order on the preliminary injunction motion. ECF No. 11 at 22. Nonetheless, in accordance with the directions in Magistrate Judge Goddard's ENE order, the parties proposed in their Joint Case Management Statement a set of discovery and pre-trial deadlines tied to resolution of the preliminary injunction motion. *Id.* at 22-23 [the parties assuming at that time, for purposes of proposing dates, that the preliminary injunction motion would be heard and resolved in early 2020]. The Court issued its original scheduling order after the case management conference; that order set the original date for close of fact discovery at September 23, 2020. ECF No. 15.

In July 2020, the parties jointly sought modification of the Court's original scheduling order on several grounds, including that the parties had originally wished to wait to conduct discovery until after resolution of the preliminary injunction

2

Joint Motion for Modification of Discovery Deadlines in Light of Oral Argument in
Interlocutory Appeal (3:19-cv-01226-L-AHG)

motion, and the need for the parties to adjust the discovery process to the current COVID-19 pandemic. ECF No. 57. The Court granted the parties' request, and issued an order modifying the dates set forth in the original scheduling order. ECF No. 58. In October 2020, the parties sought a short extension of 30-40 days of the deadline set for fact discovery in order to permit the parties to work together to resolve disagreements regarding discovery responses and productions, to accommodate scheduling of depositions in light of illness, individual plaintiffs' school exams, and work schedules, and in light of counsels' unusually heavy caseloads on this and other matters due to the pandemic and other factors. ECF No. 64. The Court granted that extension, moving the close of fact discovery to December 15, 2020. EC. No. 65.

The Court denied Plaintiffs' motion for preliminary injunction on November 3, 2020, six days after entry of the Court's order granting the parties' previous request to extend the deadline for the close of fact discovery in this matter. ECF Nos. 65, 66 ("Preliminary Injunction Order"). Plaintiffs filed their notice of appeal of the Preliminary Injunction Order on November 6, 2020. ECF. No. 67. Because of the expedited nature of the interlocutory appeal, the briefing schedule set by the Ninth Circuit required the parties to complete the appellate briefing on an expedited basis. *Jones v. Becerra*, No. 20-56174 (9th Cir. Nov. 10, 2020), ECF No. 4, Trans. ID 11888196. According to a modified briefing schedule, the parties' briefs on appeal were due in December 2020 and January and February 2021. *Jones v. Becerra*, No. 20-56174 (9th Cir. Dec. 23, 2020), ECF No. 23, Trans. ID 11938842. Because of the expedited schedule in the Ninth Circuit, the parties sought an extension of time on all deadlines in this matter of approximately 2-3 months to alleviate some of the burden the parties bore in simultaneously briefing the appeal and conducting fact and expert discovery. *See* ECF No. 70. This Court granted that motion for good cause shown on November 12, 2020. *See* ECF No. 71.

On January 29, 2021, the parties jointly moved to extend the close of fact discovery to one week after the close of expert discovery in light of the ongoing appellate briefing, conflicts in the schedules of the parties and counsel due to professional obligations and unexpected personal needs, and the parties' ongoing discovery efforts. *See* ECF No. 72. This Court granted that request for good cause shown on February 1, 2021. ECF No. 73.

Briefing in the interlocutory appeal was completed on February 9, 2021. *Jones v. Becerra*, No. 20-56174 (9th Cir. Feb. 9, 2021), ECF No. 44, Trans. ID 11997833. On February 28, 2021, the Ninth Circuit notified the parties that oral argument in the interlocutory appeal is set for May 12, 2021. *See Jones v. Becerra*, No. 20-56174 (9th Cir. Feb. 28, 2021), Trans. ID 12018921.

## II.  GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

Counsel for the parties have met and conferred, and agree that an extension of time on both the expert and fact discovery deadlines set in this matter is warranted. As the parties informed the Court in previous requests, they continue to work through exchanging discovery responses and resolving disagreements about the scope of discovery responses. Several depositions of the parties remain to be taken. Declaration of Jennifer Rosenberg ¶¶ 2-4, 8. During December, January, and February, the parties have been engaged in briefing the important issues presented in Plaintiffs' interlocutory appeal of this Court's Preliminary Injunction Order, and they will need to devote significant time and resources to preparing for the oral argument of that appeal in the coming months. *See* Rosenberg Decl. ¶¶ 5-6. Under the current operative scheduling orders, expert reports and disclosures are due March 16, rebuttal expert reports and disclosures are due April 16, the close of expert discovery is set for May 7, and the close of fact discovery is set for May 14. ECF Nos. 71 & 73. These discovery deadlines, including the time period within

4

which expert depositions must occur, thus overlap substantially with the preparation time for the May 12 oral argument, as well as the argument itself. *Id.*

In addition, counsel for Plaintiffs and Defendants have simultaneously been engaged in trials and arguments in other matters occurring in January and February 2021. Rosenberg Decl. ¶ 7.

All parties wish to ensure that they have adequate time to prepare their discovery responses and expert reports and disclosures with care, as well as to prepare for depositions of both fact and several expert witnesses. In light of the outstanding discovery requests and depositions, conflicts in the schedules of the parties and counsel due to professional obligations and personal needs, and the scheduling of oral argument in the interlocutory appeal in the middle of discovery deadlines in this Court, the parties agree that a small extension of approximately three to four weeks for both expert and fact discovery deadlines will benefit all parties, providing necessary flexibility to reschedule depositions and complete exchange of written discovery, exchange expert reports, and conduct expert depositions. *Id.* ¶ 8. Therefore, the parties jointly request modification of the operative scheduling orders to extend the fact and expert discovery deadlines by approximately three to four weeks. *Id.* ¶ 9.

The parties do not request modification of any of the remaining dates set forth in the Court's operative scheduling order.


WHEREFORE:

The parties hereby jointly request that the Court issue an order modifying the discovery deadlines set in the operative scheduling orders (ECF Nos. 71 & 73) as follows:

5

Joint Motion for Modification of Discovery Deadlines in Light of Oral Argument in
Interlocutory Appeal (3:19-cv-01226-L-AHG)

| Action | Current Deadline | New Deadline |
|---|---|---|
| • Expert witness designations to be made in writing<br>• Compliance with disclosure obligations under Federal Rule of Civil Procedure 26(a)(2)(A) and (B) | Tuesday, March 16, 2021 | Friday, April 2, 2021 |
| • Exchange of rebuttal expert witnesses<br>• Supplementation of parties' disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) | Friday, April 16, 2021 | Friday, April 30, 2021 |
| • Expert discovery to be completed | Friday, May 7, 2021 | Friday, June 11, 2021 |
| • Close of fact discovery | Friday, May 14, 2021 | Friday, June 11, 2021 |
| Remaining deadlines to follow those set forth in the operative scheduling order. *See* ECF No. 71. | | |

Although the parties do not anticipate seeking further modification in the future, they also jointly request that the Court's order modifying the scheduling order reserve the parties' ability to seek the Court's approval of further modifications for good cause should the need to do so arise.

A proposed order will be lodged with the Court concurrently with submission of this joint motion.

6

Joint Motion for Modification of Discovery Deadlines in Light of Oral Argument in Interlocutory Appeal (3:19-cv-01226-L-AHG)

| | | |
|---|---|---|
| 1 | Dated:  March 5, 2021 | Respectfully Submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | MARK BECKINGTON<br>Supervising Deputy Attorney General |

*/s/ Jennifer E. Rosenberg*_____
JENNIFER E. ROSENBERG
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

DILLON LAW GROUP, APC

*/s/ John Dillon*_____
JOHN DILLON
*Attorney for Plaintiffs*

SA2019103398
64027209.docx

7

Joint Motion for Modification of Discovery Deadlines in Light of Oral Argument in
Interlocutory Appeal (3:19-cv-01226-L-AHG)

**Certification re: Electronic Signatures Pursuant to Electronic Case Filing Administrative Policies and Procedures Manual, Section 2(f)(4)**

I, Jennifer E. Rosenberg, hereby certify and attest that the content of this document is acceptable to all persons required to sign the document and that I have obtained authorization for use of the electronic signatures of all parties on the document, including Mr. John Dillon, Attorney for Plaintiffs.

Dated: March 5, 2021

                                           */s/ Jennifer E. Rosenberg*
                                           JENNIFER E. ROSENBERG
                                           Deputy Attorney General

8

Joint Motion for Modification of Discovery Deadlines in Light of Oral Argument in Interlocutory Appeal (3:19-cv-01226-L-AHG)