1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

MATTHEW JONES, *et al.*,

Plaintiffs,

v.

XAVIER BECERRA, in his official capacity as Attorney General of the State of California, *et al.*,

Defendants.

Case No.:  3:19-cv-1226-L-AHG

**ORDER GRANTING JOINT MOTION FOR MODIFICATION OF DISCOVERY DEADLINES**

**[ECF No. 76]**

19

20

21

22

23

24

25

26

27

28

        This matter comes before the Court on the parties' Joint Motion for Modification of Discovery Deadlines in Light of Oral Argument in Interlocutory Appeal. ECF No. 76.[1]

        Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence

---

[1] Prior to filing the instant motion, the parties mistakenly refiled their previously granted January 29, 2021 motion for extension of the fact discovery deadline (ECF No. 72) at docket entry ECF No. 74. The Court will terminate that motion as moot.

1

of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The Court has previously granted three extensions of certain scheduling order deadlines, including fact discovery. *See* ECF Nos. 65, 71, 73. The parties established good cause for those extensions due to counsel's unexpectedly heavy caseloads, deposition scheduling challenges, and time-consuming efforts to resolve discovery disputes together without resorting to court intervention. Additionally, with respect to the two most recent scheduling order extensions, the Court found good cause for the request in light of Plaintiffs' pending interlocutory appeal of this Court's denial of their preliminary injunction motion. *See* ECF Nos. 71, 73. Since the last extension was granted on February 1, 2021, the parties completed their briefing in the interlocutory appeal on February 9, 2021. ECF Nos. 73, 76 at 5.

In the motion at hand, the parties seek another modest extension of their fact and expert discovery deadlines in light of the scheduling of oral argument in the Ninth Circuit on May 12, 2021. ECF No. 76 at 2. Specifically, the deadlines for expert dsiclosures and rebuttals fall throughout March and April, and fact and expert discovery close in May. In order to adequately prepare for the May 12 oral argument, the parties request additional time to prepare discovery responses and expert reports and disclosures, and to take expert depositions. *Id.* at 5-6.

Upon due consideration, the Court finds the parties have shown good cause to **GRANT** the joint motion (ECF No. 76). Accoridngly, it is **ORDERED** as follows:

    1.    No later than **April 2, 2021**, the parties shall designate their respective

1   experts in writing.  The parties must identify any person who may be used at trial to

2   present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.

3   This requirement is not limited to retained experts.  The date for exchange of rebuttal

4   experts shall be no later than **April 30, 2021**.  The written designations shall include the

5   name, address and telephone number of each expert and a reasonable summary of the

6   testimony the expert is expected to provide.  The list shall also include the normal rates

7   the expert charges for deposition and trial testimony.

8       2.      No later than **April 2, 2021**, each party shall comply with Rule 26(a)(2)(A)

9   and (B) disclosure provisions.  This disclosure requirement applies to all persons retained

10  or specially employed to provide expert testimony, or whose duties as a party's employee

11  regularly involve giving expert testimony.  **Except as provided in the paragraph below,**

12  **any party that fails to make these disclosures shall not, absent substantial**

13  **justification, be permitted to use the undisclosed evidence or testimony at any**

14  **hearing or at trial.  In addition, the court may impose sanctions as permitted by**

15  **Rule 37(c).**

16      3.      No later than **April 30, 2021**, the parties shall supplement their disclosures

17  regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D).

18      4.      All fact and expert discovery shall be completed by all parties by

19  **June 11, 2021**.  "Completed" means that all discovery under Rules 30-36 of the Federal

20  Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a

21  sufficient period of time in advance of the cut-off date, **so that it may be completed** by

22  the cut-off date, taking into account the times for service, notice and response as set forth

23  in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet**

24  **and confer with regard to all discovery disputes in compliance with Local Rule**

25  **26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery**

26  **issue. Absent an order of the court, no stipulation continuing or altering this**

27  **requirement will be recognized by the court.** The Court expects counsel to make every

28  effort to resolve all disputes without court intervention through the meet and confer

1 process. If the parties reach an impasse on any discovery issue, the movant must e-mail
2 chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of
3 service of the written discovery response that is in dispute, seeking a telephonic conference
4 with the Court to discuss the discovery dispute. The email must include: (1) at least three
5 proposed times mutually agreed upon by the parties for the telephonic conference; (2) a
6 neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties'
7 position. The movant must copy opposing counsel on the email. No discovery motion may
8 be filed until the Court has conducted its pre-motion telephonic conference, unless the
9 movant has obtained leave of Court.

10        All other dates and deadlines remain as previously set. The Court will consider future
11 modifications to the scheduling order upon a showing of good cause.

12        **IT IS SO ORDERED.**

13

14 Dated:  March 8, 2021

15                                                    _____
                                                      Honorable Allison H. Goddard
16                                                    United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

3:19-cv-1226-L-AHG