MATTHEW RODRIQUEZ
Acting Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General
JOHN D. ECHEVERRIA
Deputy Attorney General
JENNIFER E. ROSENBERG
Deputy Attorney General
State Bar No. 275496
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6617
  Fax:  (916) 731-2124
  E-mail:  Jennifer.Rosenberg@doj.ca.gov
*Attorneys for Defendants Matthew
Rodriquez, in his official capacity as Acting
Attorney General of the State of California,
and Luis Lopez, in his official capacity as
Director of the Department of Justice Bureau
of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Matthew Jones, *et al.*,**<br><br>                                    Plaintiffs,<br><br>          **v.**<br><br>**Matthew Rodriquez, in his official capacity as Acting Attorney General of the State of California, *et al.*,**<br><br>                                    Defendants. | 3:19-cv-01226-L-AHG<br><br>**JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER IN LIGHT OF NINTH CIRCUIT ORDER**<br><br>Dept:         5B<br><br>Judge:       The Honorable  M. James Lorenz and Magistrate Judge Alison H. Goddard<br><br>Final Pretrial Conference<br>Date:         November 15, 2021<br><br>Action<br>Filed:        July 1, 2019<br><br>First Amended Complaint<br>Filed:        July 30, 2019<br><br>Second Amended Complaint<br>Filed:        November 8, 2019 |

1    Plaintiffs Matthew Jones, et al., and Defendants Matthew Rodriquez (in his

2    official capacity as Acting Attorney General of the State of California) and Luis

3    Lopez (in his official capacity as Director of the Department of Justice Bureau of

4    Firearms),[1] through their respective counsel of record and pursuant to Federal Rule

5    of Civil Procedure 16(b)(4) and Civil Local Rules 7.1 and 7.2, hereby jointly move

6    the Court for a modification of all deadlines set forth in the operative scheduling

7    orders in this matter.  ECF Nos. 71 & 77.  This joint motion is made in light of the

8    Ninth Circuit's March 26, 2021 order directing the parties to submit supplemental

9    briefing on several interrelated questions in the pending interlocutory appeal of this

10   Court's denial of Plaintiffs' motion for preliminary injunction.  ECF No. 78; *see*

11   *also Jones v. Becerra*, No. 20-56174 (9th Cir. Mar. 26, 2021), ECF No. 50, Trans.

12   ID 12055134.  It is supported by the declaration of Jennifer Rosenberg, filed

13   concurrently herewith.

14   The parties previously sought five modifications of the Court's original

15   scheduling order.  The first modification moved all dates set forth in the Court's

16   original scheduling order by approximately 5 to 6 weeks; the second moved solely

17   the fact discovery deadline from November 6, 2020 to December 15, 2020; the third

18   moved all dates out by approximately 2-3 months due to the denial of Plaintiffs'

19   motion for preliminary injunction and interlocutory appeal of that denial; the fourth

20   extended solely the deadline for close of fact discovery; and the fifth extended

21   solely the deadlines for close of expert and fact discovery by a few weeks in light of

22   the scheduling of oral argument on May 12, 2021 in the interlocutory appeal.  See

23   ECF Nos. 57, 58, 64, 65, 70, 71, 72, 73, 75, 76; *see also Jones v. Becerra*, No. 20-

24   56174 (9th Cir. Dec. 23, 2020), ECF No. 23, Trans. ID 11938842 (Ninth Circuit

25   order setting modified appellate briefing schedule); *Jones v. Becerra*, No. 20-56174

26   ―――――――――

27   [1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Attorney General Matthew Rodriquez is automatically substituted as a defendant in this matter in place of his predecessor, former Attorney General Xavier Becerra, and Director Luis Lopez is automatically substituted as a defendant in this matter in place of his predecessor, former Acting Director Brent E. Orick.

28

1

(9th Cir. Feb. 28, 2021), Trans. ID 12018921.  This joint motion seeks to extend all deadlines set forth in the operative scheduling orders in this matter by approximately 60-75 days.

Good cause exists for the requested modification.  The briefing schedule set by the Ninth Circuit for drafting and filing the ordered supplemental briefs and supplemental responsive briefs will require the parties to simultaneously brief the multiple substantive issues ordered by the Ninth Circuit while also finalizing their initial expert reports and drafting and finalizing their rebuttal expert reports in these trial court proceedings.  *Compare Jones v. Becerra*, No. 20-56174 (9th Cir. Mar. 26, 2021), ECF No. 50, Trans. ID 12055134 (setting deadlines for initial and responsive supplemental briefs on April 16, 2021 and April 26, 2021 respectively) *with* ECF No. 77 (setting deadline for initial and rebuttal expert disclosures at April 2, 2021 and April 30, 2021, respectively, and close of fact and expert discovery at June 11, 2021).

## I.    RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief (FAC) on July 30, 2019 and served the FAC and summons on August 1, 2019.  ECF No. 3; ECF No. 5 at 1, n.2.  A case management conference was held before Magistrate Judge Goddard on October 9, 2019, ECF No. 15 at 1, and thereafter, Plaintiffs filed a Second Amendment Complaint, ECF No. 20.  Plaintiffs then filed a motion for a preliminary injunction on November 12, 2019, which Defendants opposed.  ECF Nos. 21 & 25.

In the Joint Case Management Statement the parties filed in advance of the October 9, 2019 case management conference with Magistrate Judge Goddard, as well as during the case management conference, the parties notified the Court that they planned to wait to conduct discovery until after resolution of Plaintiffs' preliminary injunction motion, and proffered the joint view that it would be premature to set a discovery schedule until after resolution of that motion.  ECF No.

2

11 at 13, 20, 22; *see also* ECF Nos. 21 & 57.  The parties desired to delay discovery in part because they anticipated that there would be an interlocutory appeal of any order on the preliminary injunction motion.  ECF No. 11 at 22.   Nonetheless, in accordance with the directions in Magistrate Judge Goddard's ENE order, the parties proposed in their Joint Case Management Statement a set of discovery and pre-trial deadlines tied to resolution of the preliminary injunction motion.  *Id.* at 22-23 [the parties assuming at that time, for purposes of proposing dates, that the preliminary injunction motion would be heard and resolved in early 2020].  The Court issued its original scheduling order after the case management conference. ECF No. 15.  Subsequent modifications of the scheduling order were sought and granted in the latter half of 2020, as discussed above, including to adjust the schedule to respond to the current COVID-19 pandemic, to accommodate scheduling of depositions in light of illness, individual plaintiffs' school exams, and work schedules, and in light of counsels' unusually heavy caseloads on this and other matters due to the pandemic and other factors.  ECF No. 57, 58, 64, 65.

The Court denied Plaintiffs' motion for preliminary injunction on November 3, 2020.  ECF Nos. 65, 66 ("Preliminary Injunction Order").  Plaintiffs filed their notice of appeal of the Preliminary Injunction Order on November 6, 2020.  ECF. No. 67.  Because of the accelerated nature of the interlocutory appeal, the briefing schedule set by the Ninth Circuit required the parties to complete the appellate briefing on an expedited basis. *Jones v. Becerra*, No. 20-56174 (9th Cir. Nov. 10, 2020), ECF No. 4, Trans. ID 11888196.  According to a modified briefing schedule, the parties' briefs on appeal were due in December 2020 and January and February 2021. *Jones v. Becerra*, No. 20-56174 (9th Cir. Dec. 23, 2020), ECF No. 23, Trans. ID 11938842.  Because of the expedited schedule in the Ninth Circuit, the parties sought an extension of time on all deadlines in this matter of approximately 2-3 months to alleviate some of the burden the parties bore in simultaneously briefing the appeal and conducting fact and expert discovery.  *See* ECF No. 70.  This Court

3

granted that motion for good cause shown on November 16, 2020.  *See* ECF No. 71.

On January 29, 2021, the parties jointly moved to extend the close of fact discovery to one week after the close of expert discovery in light of the ongoing appellate briefing, conflicts in the schedules of the parties and counsel due to professional obligations and unexpected personal needs, and the parties' ongoing discovery efforts.  *See* ECF No. 72.  This Court granted that request for good cause shown on February 1, 2021.  ECF No. 73.

Briefing in the interlocutory appeal was completed on February 9, 2021. *Jones v. Becerra*, No. 20-56174 (9th Cir. Feb. 9, 2021), ECF No. 44, Trans. ID 11997833.  On February 28, 2021, the Ninth Circuit notified the parties that oral argument in the interlocutory appeal is set for May 12, 2021.  *See Jones v. Becerra*, No. 20-56174 (9th Cir. Feb. 28, 2021), Trans. ID 12018921.  On March 5, 2021, in light of the scheduling of oral argument in the appeal for a time that overlapped significantly with several fact and expert discovery deadlines set in this Court, the parties jointly requested a modest extension of time of a few weeks on solely the fact and expert discovery deadlines in the case.  ECF No. 76.  This Court granted that request on March 8, 2021.  ECF No. 77.

Under the Court's operative scheduling orders in this action, ECF. Nos. 71 & 77, the deadlines currently set in this case are as follows:

| Action | Current Deadline |
|---|---|
| • Expert witness designations to be made in writing<br>• Compliance with disclosure obligations under Federal Rule of Civil Procedure 26(a)(2)(A) and (B) | Friday, April 2, 2021 |
| • Exchange of rebuttal expert witnesses<br>• Supplementation of parties' disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) | Friday, April 30, 2021 |

4

| | |
|---|---|
| • Expert discovery to be completed | Friday, June 11, 2021 |
| • Close of fact discovery | Friday, June 11, 2021 |
| • All pretrial motions, other than motions *in limine*, to be filed | Friday, July 16, 2021 |
| • Mandatory settlement conference | Thursday, Sept. 23, 2021, at 2 p.m. |
| • Plaintiffs' written settlement proposal to be served | No later than Thursday, Sept. 2, 2021 |
| • In-person or telephonic meet-and-confer regarding settlement offer to be held<br><br>• Defendants' written response to settlement proposal to be made in writing, prior to the meet-and-confer | No later than Thursday, Sept. 9, 2021 |
| • Each party to serve and lodge settlement conference statement | Tuesday, Sept. 14, 2021 |
| • Optional confidential settlement letter may be lodged for Court's review | Tuesday, Sept. 14, 2021 |
| • Compliance with Rule 26(a)(3) pre-trial disclosure requirements in advance of final pre-trial conference | Thursday, Oct. 14, 2021 |
| • Parties to meet and take action required by Local Rule 16.1(f)(4) | Thursday, Oct. 21, 2021 |
| • Plaintiffs to provide defendants with draft proposed final pretrial order for review and approval | Thursday, Oct. 28, 2021 |
| • The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz | Thursday, Nov. 4, 2021 |

| • Final pretrial conference | Monday, Nov. 15, 2021 at 11 a.m. |
| --- | --- |

On March 26, 2021, after the parties had sought their previous modest extension of time, the Ninth Circuit issued an order in the interlocutory appeal requesting supplemental briefing on three interrelated questions addressing the original public meaning of the Second Amendment and the potential use of the tool of corpus linguistics to interpret the amendment.  ECF No. 78; *see also Jones v. Becerra*, No. 20-56174 (9th Cir. Mar. 26, 2021), ECF No. 50, Trans. ID 12055134.[2] Under that order, the parties must file supplemental briefs and supplemental responsive briefs in the Ninth Circuit on April 16, 2021 and April 26, 2021 respectively.

## II.   GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

Counsel for the parties have met and conferred and agree that a modification of the scheduling order to continue all deadlines currently set in the case by approximately 60-75 days is appropriate to permit them to complete the ordered supplemental briefing in the interlocutory appeal and prepare for oral argument,

---

[2] The supplemental briefing order provides:

Appellants and Appellees are ordered to file supplemental briefing addressing the original public meaning of the Second Amendment. In the briefs, the parties are instructed to specifically address the following:

1. What is the original public meaning of the Second Amendment phrases: "A well regulated Militia"; "the right of the people"; and "shall not be infringed"?

2. How does the tool of corpus linguistics help inform the determination of the original public meaning of those Second Amendment phrases? (See Corpus of Historical American English, BYU, https://www.english-corpora.org/coha/; Corpus of Contemporary American English, BYU, https://www.english-corpora.org/coca/)

3. How do the data yielded from corpus linguistics assist in the interpretation of the constitutionality of age-based restrictions under the Second Amendment?

1     while avoiding significant new conflicts between the appellate schedule and the

2     expert discovery and other deadlines set forth in this Court's operative scheduling

3     orders.  *See* Declaration of Jennifer Rosenberg ¶¶ 3, 8.

4         Given the Ninth Circuit's supplemental briefing request, the parties

5     unexpectedly will need to devote substantial time and resources to drafting their

6     supplemental and responsive supplemental briefs in the interlocutory appeal in the

7     next 5 weeks.  *Id.* ¶ 4.  Although the parties had not previously anticipated seeking

8     another modification, the deadlines currently set in this Court's operative scheduling

9     orders, including the time period within which initial and rebuttal expert reports and

10     depositions must occur, now overlap substantially with the supplemental briefing

11     schedule set by the Ninth Circuit.  The parties also will still need to devote time to

12     preparing for the oral argument of the appeal in the next several weeks.  *See id.* ¶ 6.

13     The parties also continue to work through exchanging discovery responses, and

14     several depositions of the parties remain to be taken.  *Id.* ¶ 5.

15         Thus, absent an extension of time on the deadlines in this case, the parties will

16     be forced to divert resources from their efforts to complete fact and expert discovery

17     in order to complete their supplemental appellate briefs, obviating the benefit of the

18     small extension of time the Court just granted on March 8, 2021.  *Id.* ¶ 7.  The

19     requested extension of approximately 60-75 days would relieve some of these

20     simultaneous burdens.  *Id.* ¶ 8.

21         Further, the requested extension of time will permit all parties to consider, in

22     light of the Ninth Circuit's express interest in the subject, whether and to what

23     extent they should or would like to present corpus linguistics analysis—a relatively

24     new analytical tool—in these trial court proceedings.  *Id.* ¶ 9.  And lastly, as the

25     parties have discussed throughout the life of this matter, the Ninth Circuit's decision

26     in the interlocutory appeal may shape the legal standards applicable to, and direction

27     of, these trial court proceedings.  To the extent that the Ninth Circuit rules quickly in

28     the interlocutory appeal, the extension of time here may permit the parties to

1  appropriately adjust the focus, scope, and nature of the arguments and evidence that

2  should be presented here.  *Id.* ¶ 10.

3      WHEREFORE:

4      The parties hereby jointly request that the Court issue an order modifying all

5  remaining deadlines set in the operative scheduling orders (ECF Nos. 71 & 77) as

6  follows:

7

| Action | Current Deadline | New Deadline |
|---|---|---|
| • Expert witness designations to be made in writing<br>• Compliance with disclosure obligations under Federal Rule of Civil Procedure 26(a)(2)(A) and (B) | Friday, April 2, 2021 | Wednesday, June 2, 2021 |
| • Exchange of rebuttal expert witnesses<br>• Supplementation of parties' disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) | Friday, April 30, 2021 | Wednesday, July 7, 2021 |
| • Expert discovery to be completed | Friday, June 11, 2021 | Wednesday, Aug. 11, 2021 |
| • Close of fact discovery | Friday, June 11, 2021 | Wednesday, Aug. 11, 2021 |
| • All pretrial motions, other than motions *in limine*, to be filed | Friday, July 16, 2021 | Wednesday, Sept. 22, 2021 |
| • Mandatory settlement conference | Thursday, Sept. 23, 2021, at 2 p.m. | Thursday, Dec. 2, 2021, at 2 p.m. |
| • Plaintiffs' written settlement proposal to be served | No later than Thursday, Sept. 2, 2021 | Wednesday, Nov. 12, 2021 |

8

Joint Motion for Modification of Scheduling Order
in Light of Ninth Circuit Order (3:19-cv-01226-L-AHG)

| | | |
|---|---|---|
| • In-person or telephonic meet-and-confer regarding settlement offer to be held<br><br>• Defendants' written response to settlement proposal to be made in writing, prior to the meet-and-confer | No later than Thursday, Sept. 9, 2021 | No later than Thursday, Nov. 18, 2021 |
| • Each party to serve and lodge settlement conference statement | Tuesday, Sept. 14, 2021 | Tuesday, Nov. 23, 2021 |
| • Optional confidential settlement letter may be lodged for Court's review | Tuesday, Sept. 14, 2021 | Tuesday, Nov. 23, 2021 |
| • Compliance with Rule 26(a)(3) pre-trial disclosure requirements in advance of final pre-trial conference | Thursday, Oct. 14, 2021 | Wednesday, Dec. 22, 2021 |
| • Parties to meet and take action required by Local Rule 16.1(f)(4) | Thursday, Oct. 21, 2021 | Thursday, Jan. 7, 2022 |
| • Plaintiffs to provide defendants with draft proposed final pretrial order for review and approval | Thursday, Oct. 28, 2021 | Thurs., Jan. 13, 2022 |
| • The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz | Thursday, Nov. 4, 2021 | Thursday, Jan. 20, 2022 |
| • Final pretrial conference | Monday, Nov. 15, 2021 at 11 a.m. | Monday, Jan. 24, 2022 at 11 a.m. |

Although the parties do not anticipate seeking further modification in the future, they also jointly request that the Court's order modifying the scheduling order reserve the parties' ability to seek the Court's approval of further

Joint Motion for Modification of Scheduling Order
in Light of Ninth Circuit Order (3:19-cv-01226-L-AHG)

1  modifications for good cause should the need to do so arise.

2       A proposed order will be lodged with the Court concurrently with the

3  submission of this joint motion.

4

5  Dated:  March 30, 2021                    Respectfully Submitted,

6                                            MATTHEW RODRIQUEZ
                                             Acting Attorney General of California
                                             MARK BECKINGTON
7                                            Supervising Deputy Attorney General
                                             JOHN D. ECHEVERRIA
8                                            Deputy Attorney General

9

10                                            /s/ Jennifer E. Rosenberg
11                                           JENNIFER E. ROSENBERG
                                             Deputy Attorney General
12                                           Attorneys for Defendants Matthew
                                             Rodriquez, in his official capacity as
13                                           Acting Attorney General of the State
                                             of California, and Luis Lopez, in his
14                                           official capacity as Director of
                                             the Department of Justice Bureau of
15                                           Firearms

16
                                             DILLON LAW GROUP, APC
17

18

19                                            /s/ John Dillon
20                                           JOHN DILLON
                                             Attorney for Plaintiffs

21   SA2019103398
     64095540.docx
22

23

24

25

26

27

28

                            10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Certification re: Electronic Signatures Pursuant to Electronic Case Filing</u>**
**<u>Administrative Policies and Procedures Manual, Section 2(f)(4)</u>**

I, Jennifer E. Rosenberg, hereby certify and attest that the content of this document is acceptable to all persons required to sign the document and that I have obtained authorization for use of the electronic signatures of all parties on the document, including Mr. John Dillon, Attorney for Plaintiffs.

Dated: March 30, 2021

*/s/ Jennifer E. Rosenberg*
JENNIFER E. ROSENBERG
Deputy Attorney General

Joint Motion for Modification of Scheduling Order
in Light of Ninth Circuit Order (3:19-cv-01226-L-AHG)