1   John W. Dillon (SBN 296788)
    **Dillon Law Group APC**
2   2647 Gateway Road, Suite 105 No. 255
    Carlsbad, California 92009
3   Phone: 760-642-7150
    Fax: 760-642-7151
4   JDillon@Dillonlawgp.com

5   Attorney for Plaintiffs

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MATTHEW JONES**, *et al.*, | 3:19-cv-01226-L-AHG |
| Plaintiffs, | |
| v. | **JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER** |
| **ROB BONTA, in his official capacity as Attorney General of the State of California,** *et al.*, | Dept:  5B |
| Defendants. | Judge: The Honorable M. James Lorenz and Magistrate Judge Alison H. Goddard |
| | Final Pretrial Conference Date: January 24, 2022 |
| | Action Filed: July 1, 2019 |
| | First Amended Complaint Filed: July 30, 2019 |
| | Second Amended Complaint Filed: November 8, 2019 |

1    Plaintiffs Matthew Jones, *et al.*, and Defendants Rob Bonta, in his official
2 capacity as Attorney General of the State of California and Luis Lopez in his official
3 capacity as Director of the Department of Justice Bureau of Firearms,[1] through their
4 respective counsel of record and pursuant to Federal Rule of Civil Procedure
5 16(b)(4) and Civil Local Rules 7.1 and 7.2, hereby jointly move the Court for a
6 modification of all deadlines set forth in the operative scheduling orders in this
7 matter. ECF Nos. 71 & 80. This joint motion is made to accommodate the
8 plaintiffs' expert witnesses, who have requested additional time to complete their
9 rebuttal expert reports. This request is also supported by the declaration of John W.
10 Dillon, filed concurrently herewith.

11    The parties previously sought six modifications of the Court's original
12 scheduling order. The first modification moved all dates set forth in the Court's
13 original scheduling order by approximately 5 to 6 weeks; the second moved the fact
14 discovery deadline from November 6, 2020 to December 15, 2020; the third moved
15 all dates out by approximately 2-3 months due to the denial of Plaintiffs' motion for
16 preliminary injunction and interlocutory appeal of that denial; the fourth extended
17 the deadline for close of fact discovery; the fifth extended the deadlines for close of
18 expert and fact discovery by a few weeks in light of the scheduling of oral argument
19 on May 12, 2021 in the interlocutory appeal; and the sixth extended all deadlines set
20 forth in the operative scheduling orders in this matter by approximately 60-75 days.
21 See ECF Nos. 57, 58, 64, 65, 70, 71, 72, 73, 75, 76, 79, 80; *see also Jones v.*
22 *Becerra*, No. 20-56174 (9th Cir. Dec. 23, 2020), ECF No. 23, Trans. ID 11938842
23 (Ninth Circuit order setting modified appellate briefing schedule); *Jones v. Becerra*,
24 No. 20-56174 (9th Cir. Feb. 28, 2021), Trans. ID 12018921. The sixth request
25 sought to modify the scheduling order in light of the Ninth Circuit's March 26, 2021

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Attorney General Rob Bonta is automatically substituted as a defendant in place of his predecessor, former Attorney General Xavier Becerra, and Director Luis Lopez is automatically substituted as a defendant in place of his predecessor, former Acting Director Brent E. Orick.


order directing the parties to submit supplemental briefing on several interrelated questions in the pending interlocutory appeal of this Court's denial of Plaintiffs' motion for preliminary injunction. ECF No. 79; *see also Jones v. Becerra*, No. 20-56174 (9th Cir. Mar. 26, 2021), ECF No. 50, Trans. ID 12055134. This joint motion seeks to extend all deadlines set forth in the operative scheduling orders in this case by approximately 14 days to allow all parties' experts and rebuttal experts to prepare substantive reports on multiple material issues in this case.

Good cause exists for the requested modification. All parties have engaged several experts to provide testimony on critical issues in this case. Parties have exchanged initial expert reports in accordance with the current scheduling order. The current deadline for the exchange of parties' rebuttal expert reports is July 7, 2021. Although parties' experts have worked diligently to provide rebuttal reports according to the current schedule, due to work obligations, the plaintiffs' experts have requested a brief extension of time to complete their reports. The subject matter involved in these reports is extensive, detailed, and involves multiple substantive issues. It would be a benefit to all parties and to the Court to ensure that such reports are adequately prepared to ensure their substance is both clear and informative. Further, to ensure the remaining deadlines in the Court's current scheduling order are not negatively affected by this requested extension, all parties agree that all deadlines should also be set back the same amount of time (approximately 14 days).

I.   **RELEVANT PROCEDURAL BACKGROUND**

Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief (FAC) on July 30, 2019 and served the FAC and summons on August 1, 2019. ECF No. 3; ECF No. 5 at 1, n.2. A case management conference was held before Magistrate Judge Goddard on October 9, 2019, ECF No. 15 at 1, and thereafter, Plaintiffs filed a Second Amendment Complaint, ECF No. 20. Plaintiffs then filed a motion for a preliminary injunction on November 12, 2019,

which Defendants opposed.  ECF Nos. 21 & 25.

In the Joint Case Management Statement that the parties filed in advance of the October 9, 2019 case management conference with Magistrate Judge Goddard, and during the case management conference, the parties notified the Court that they planned to wait to conduct discovery until after resolution of Plaintiffs' preliminary injunction motion, and proffered the joint view that it would be premature to set a discovery schedule until after resolution of that motion.  ECF No. 11 at 13, 20, 22; *see also* ECF Nos. 21 & 57.  The parties desired to delay discovery in part because they anticipated that there would be an interlocutory appeal of any order on the preliminary injunction motion.  ECF No. 11 at 22.   Nonetheless, in accordance with the directions in Magistrate Judge Goddard's ENE order, the parties proposed in their Joint Case Management Statement a set of discovery and pre-trial deadlines tied to resolution of the preliminary injunction motion.  *Id.* at 22-23 [the parties assuming at that time, for purposes of proposing dates, that the preliminary injunction motion would be heard and resolved in early 2020].  The Court issued its original scheduling order after the case management conference.  ECF No. 15.  Subsequent modifications of the scheduling order were sought and granted in the latter half of 2020, as discussed above, including to adjust the schedule to respond to the current COVID-19 pandemic, to accommodate scheduling of depositions in light of illness, individual plaintiffs' school exams, and work schedules, and in light of counsels' unusually heavy caseloads on this and other matters due to the pandemic and other factors.  ECF No. 57, 58, 64, 65.

The Court denied Plaintiffs' motion for preliminary injunction on November 3, 2020.  ECF Nos. 65, 66 ("Preliminary Injunction Order").  Plaintiffs filed their notice of appeal of the Preliminary Injunction Order on November 6, 2020.  ECF. No. 67.  Because of the accelerated nature of the interlocutory appeal, the briefing schedule set by the Ninth Circuit required the parties to complete the appellate briefing on an expedited basis.  *Jones v. Becerra*, No. 20-56174 (9th Cir. Nov. 10,

2020), ECF No. 4, Trans. ID 11888196.  According to a modified briefing schedule, the parties' briefs on appeal were due in December 2020 and January and February 2021.  *Jones v. Becerra*, No. 20-56174 (9th Cir. Dec. 23, 2020), ECF No. 23, Trans. ID 11938842.  Because of the expedited schedule in the Ninth Circuit, the parties sought an extension of time on all deadlines in this case of approximately 2-3 months to alleviate some of the burden the parties bore in simultaneously briefing the appeal and conducting fact and expert discovery.  *See* ECF No. 70.  This Court granted that motion for good cause shown on November 16, 2020.  *See* ECF No. 71.

On January 29, 2021, the parties jointly moved to extend the close of fact discovery to one week after the close of expert discovery in light of the ongoing appellate briefing, conflicts in the schedules of the parties and counsel due to professional obligations and unexpected personal needs, and the parties' ongoing discovery efforts.  *See* ECF No. 72.  This Court granted that request for good cause shown on February 1, 2021.  ECF No. 73.

Briefing in the interlocutory appeal was completed on February 9, 2021.  *Jones v. Becerra*, No. 20-56174 (9th Cir. Feb. 9, 2021), ECF No. 44, Trans. ID 11997833.  On February 28, 2021, the Ninth Circuit notified the parties that oral argument in the interlocutory appeal was set for May 12, 2021.  *See Jones v. Becerra*, No. 20-56174 (9th Cir. Feb. 28, 2021), Trans. ID 12018921.  On March 5, 2021, in light of the scheduling of oral argument in the appeal for a time that overlapped significantly with several fact and expert discovery deadlines set in this Court, the parties jointly requested a modest extension of time of a few weeks on solely the fact and expert discovery deadlines in the case.  ECF No. 76.  This Court granted that request on March 8, 2021.  ECF No. 77.

On March 26, 2021, the Ninth Circuit issued an order in the interlocutory appeal requesting supplemental briefing on three interrelated questions addressing the original public meaning of the Second Amendment and the potential use of the tool of corpus linguistics to interpret the amendment.  ECF No. 78; *see also Jones v.*

*Becerra*, No. 20-56174 (9th Cir. Mar. 26, 2021), ECF No. 50, Trans. ID 12055134. Under that order, the parties filed supplemental briefs and supplemental responsive briefs in the Ninth Circuit on April 16, 2021 and April 26, 2021 respectively. On March 30, 2021, the parties sought another modification of the scheduling order in light of the Ninth Circuit's March 26, 2021 order directing the parties to submit supplemental briefing. ECF No. 79; *see also Jones v. Becerra*, No. 20-56174 (9th Cir. Mar. 26, 2021), ECF No. 50, Trans. ID 12055134. This Court granted the parties' request on April 1, 2021. ECF No. 80. Oral argument was held in the interlocutory appeal on May 12, 2021, and the parties await the Ninth Circuit's ruling.

Under the Court's operative scheduling orders in this action, ECF. Nos. 71 & 80, the deadlines currently set in this case are as follows:

| Action | Current Deadline |
|---|---|
| • Exchange of rebuttal expert witnesses<br>• Supplementation of parties' disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) | Wednesday, July 7, 2021 |
| • Expert discovery to be completed | Wednesday, Aug. 11, 2021 |
| • Close of fact discovery | Wednesday, Aug. 11, 2021 |
| • All pretrial motions, other than motions *in limine*, to be filed | Wednesday, Sept. 22, 2021 |
| • Mandatory settlement conference | Friday, Dec. 3, 2021, at 2 p.m. |
| • Plaintiffs' written settlement proposal to be served | Friday, Nov. 12, 2021 |
| • In-person or telephonic meet-and-confer regarding settlement offer to be held | No later than Friday, Nov. 19, 2021 |

| | |
|---|---|
| • Defendants' written response to settlement proposal to be made in writing, prior to the meet-and-confer | |
| • Each party to serve and lodge settlement conference statement | Wednesday, Nov. 24, 2021 |
| • Optional confidential settlement letter may be lodged for Court's review | Wednesday, Nov. 24, 2021 |
| • Compliance with Rule 26(a)(3) pre-trial disclosure requirements in advance of final pre-trial conference | Wednesday, Dec. 22, 2021 |
| • Parties to meet and take action required by Local Rule 16.1(f)(4) | Wednesday, Jan. 5, 2022 |
| • Plaintiffs to provide defendants with draft proposed final pretrial order for review and approval | Monday, Jan. 10, 2022 |
| • The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz | Monday, Jan. 17, 2022 |
| • Final pretrial conference | Monday, Jan. 24, 2022 at 11 a.m. |

## II.   GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

Counsel for the parties have met and conferred and agree that a modification of the scheduling order to continue all deadlines currently set in the case by approximately 14 days is appropriate to allow the parties' experts to provide sufficient rebuttal reports to the Court, while avoiding significant new conflicts between the appellate schedule and the expert discovery and other deadlines set forth in this Court's operative scheduling orders. *See* Declaration of John W. Dillon ¶¶ 2-5 (Dillon Decl.).

By allowing this modest extension of time, parties will be able to provide this Court with adequate and substantive rebuttal expert reports on material issues in this case. The modification of all dates in the scheduling order to align with this 14-day extension will further ensure that parties still have adequate time to complete both fact and expert discovery, as several depositions still need to be taken, as well as to comply with the remaining deadlines in the scheduling orders. Dillon Decl., ¶¶ 2-5. The requested extension of approximately 14 days would relieve current scheduling burdens.

WHEREFORE:

The parties hereby jointly request that the Court issue an order modifying all remaining deadlines set in the operative scheduling orders (ECF Nos. 71 & 80) as follows:

| Action | Current Deadline | New Deadline |
| --- | --- | --- |
| - Exchange of rebuttal expert witnesses<br>- Supplementation of parties' disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) | Wednesday, July 7, 2021 | Wednesday, July 21, 2021 |
| - Expert discovery to be completed | Wednesday, Aug. 11, 2021 | Wednesday, Aug. 25, 2021 |
| - Close of fact discovery | Wednesday, Aug. 11, 2021 | Wednesday, Aug. 25, 2021 |
| - All pretrial motions, other than motions *in limine*, to be filed | Wednesday, Sept. 22, 2021 | Wednesday, Oct. 6, 2021 |
| - Mandatory settlement conference | Friday, Dec. 3, 2021, at 2 p.m. | Friday, Dec. 17, 2021, at 2 p.m. |
| - Plaintiffs' written settlement proposal to be served | Friday, Nov. 12, 2021 | Tuesday, Nov. 30, 2021 |

| | | |
|---|---|---|
| • In-person or telephonic meet-and-confer regarding settlement offer to be held<br><br>• Defendants' written response to settlement proposal to be made in writing, prior to the meet-and-confer | No later than Friday, Nov. 19, 2021 | No later than Friday, Dec. 3, 2021 |
| • Each party to serve and lodge settlement conference statement | Wednesday, Nov. 24, 2021 | Wednesday, Dec. 8, 2021 |
| • Optional confidential settlement letter may be lodged for Court's review | Wednesday Nov. 24, 2021 | Wednesday, Dec. 8, 2021 |
| • Compliance with Rule 26(a)(3) pre-trial disclosure requirements in advance of final pre-trial conference | Wednesday, Dec. 22, 2021 | Friday, January. 7, 2022 |
| • Parties to meet and take action required by Local Rule 16.1(f)(4) | Wednesday, Jan. 5, 2022 | Wednesday, Jan. 19, 2022 |
| • Plaintiffs to provide defendants with draft proposed final pretrial order for review and approval | Monday, Jan. 10, 2022 | Monday January 24, 2022 |
| • The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz | Monday, Jan. 17, 2022 | Monday, January 31, 2022 |
| • Final pretrial conference | Monday, Jan. 24, 2022 at 11 a.m. | Monday, Feb. 7, 2022 at 11 a.m. |

Although the parties do not anticipate seeking further modification in the future, they also jointly request that the Court's order modifying the scheduling order reserve the parties' ability to seek the Court's approval of further

modifications for good cause should the need to do so arise.

    A proposed order will be lodged with the Court concurrently with the submission of this joint motion.

July 2, 2021				Respectfully Submitted,

DILLON LAW GROUP, APC


*/s/ John W. Dillon*
JOHN W. DILLON
*Attorney for Plaintiffs*


ROB BONTA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General
JOHN D. ECHEVERRIA
Deputy Attorney General


*/s/ Jennifer E. Rosenberg*
JENNIFER E. ROSENBERG
Deputy Attorney General
*Attorneys for Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

**Certification re: Electronic Signatures Pursuant to Electronic Case Filing Administrative Policies and Procedures Manual, Section 2(f)(4)**

I, John W. Dillon, hereby certify and attest that the content of this document is acceptable to all persons required to sign the document and that I have obtained authorization for use of the electronic signatures of all parties on the document, including Deputy Attorney General Jennifer E. Rosenberg, Attorney for Defendants.

July 2, 2021

                                                   */s/ John W. Dillon*
                                                   JOHN W. DILLON
                                                   Attorney for Plaintiffs