ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JOHN D. ECHEVERRIA
Deputy Attorney General
JENNIFER E. ROSENBERG
Deputy Attorney General
State Bar No. 275496
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6617
  Fax:  (916) 731-2124
  E-mail:  Jennifer.Rosenberg@doj.ca.gov
*Attorneys for Defendants Rob Bonta, in
his official capacity as Attorney General of
the State of California, and Luis Lopez,
in his official capacity as Director of
the Department of Justice Bureau of
Firearms*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Matthew Jones, *et al.*,** | 3:19-cv-01226-L-AHG |
| Plaintiffs, | |
| **v.** | **JOINT MOTION FOR LIMITED STAY OF PROCEEDINGS PENDING RESOLUTION OF INTERLOCUTORY APPEAL** |
| **Rob Bonta, *et al.*,** | |
| Defendants. | Dept:      3B |
| | Judge:     The Honorable  M. James Lorenz and Magistrate Judge Allison H. Goddard |
| | Final Pretrial Conference Date:      February 7, 2022 |
| | Action Filed:      July 1, 2019 |
| | First Amended Complaint Filed:      July 30, 2019 |
| | Second Amended Complaint Filed:      November 8, 2019 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................2

    I.     Brief Overview of the Action.................................................................2

    II.    Relevant Procedural Background .......................................................3

         A.    Initial Pleadings and Scheduling Order ....................................3

         B.    Preliminary Injunction Order, Ninth Circuit Appeal, and Related Schedule Modifications.................................................4

         C.    Current Status of Discovery .......................................................6

    III.   The Parties' Conferences Concerning the Propriety of a Stay .............7

ARGUMENT...........................................................................................................7

    I.     This Court Has Discretion to Issue a Limited Stay Here .....................7

    II.    All *Landis* Factors Weigh in Favor of Granting the Parties' Joint Motion for a Limited Stay....................................................................8

         A.    A Stay Will Serve the Orderly Course of Justice Because the Ninth Circuit's Decision Will Bear Directly on the Merits Here.................................................................................9

         B.    As to the Two Balance of Hardship Factors, All Parties Agree That a Stay Will Promote Efficiency and Relieve Hardship By Conserving Judicial and Party Resources ..........12

         C.    The Stay Will Be Reasonably Limited in Duration .................14

CONCLUSION ....................................................................................................15

SIGNATURE CERTIFICATION ........................................................................17

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Aluya v. Mgmt. & Training Corp.*
No. 1:13-cv-01345-AWI-JLT, 2013 WL 6009943 (E.D. Cal. Nov. 13, 2013) ...................................................................................... 13

*Ass'n of Irritated Residents v. Fred Schakel Dairy*
634 F. Supp. 2d 1081 (E.D. Cal. 2008) ......................................... 7

*CMAX, Inc. v. Hall*
300 F.2d 265 (9th Cir. 1962) ....................................................... 12

*Consumer Cellular, Inc. v. ConsumerAffairs.com*
No. 3:15-CV-1908-PK, 2016 WL 7238919 (D. Or. Sept. 26, 2016)................... 8

*Couture Textile, Inc. v. Rue 21, Inc.*
No. CV-16-05544-BRO-AGR, 2017 WL 10562584 (C.D. Cal. July 21, 2017)................................................................................ 13

*E. Bay Sanctuary Covenant v. Trump*
No. 18-CV-06810-JST, 2019 WL 1048238 (N.D. Cal. Mar. 5, 2019) ...................................................................................... 12, 13

*Finder v. Leprino Foods Co.*
No. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104 (E.D. Cal. Jan. 20, 2017)..................................................................... 9, 11, 12, 13

*Goro v. Flowers Foods, Inc.*
No. 17-CV-2580 JLS (JLB), 2020 WL 804841 (S.D. Cal. Feb. 18, 2020) .................................................................... 2, 9, 11, 12

*Hilton v. Braunskill*
481 U.S. 770 (1987).................................................................... 8

*Jones v. Becerra*
498 F. Supp. 3d 1317 (S.D. Cal. 2020) ........................................ 10

ii

1
2

## **TABLE OF AUTHORITIES**
### **(continued)**

**Page**

3
4
5

*Kuang v. U.S. Dep't of Def.*
  No. 18-CV-03698-JST, 2019 WL 1597495 (N.D. Cal. Apr. 15,
  2019) ................................................................................................9, 12, 14

6

*Landis v. N. Am. Co.*
  299 U.S. 248 (1936)..................................................................................7, 13

7
8

*Levya v. Certified Grocers of Cal., Ltd.*
  593 F.2d 857 (9th Cir. 1979)...........................................................................8

9
10

*Lockyer v. Mirant Corp.*
  398 F.3d 1098 (9th Cir. 2005)...................................................................8, 13

11
12
13

*Ludlow v. Flowers Foods, Inc.*
  No. 18-CV-1190 JLS (JLB), 2020 WL 773253 (S.D. Cal. Feb. 18,
  2020) ............................................................................................................11

14
15

*Massaro v. Beyond Meat, Inc.*
  No. 3:20-CV-00510-AJB-MSB, 2021 WL 948805 (S.D. Cal. Mar.
  12, 2021)...................................................................................................9, 12

16
17

*Mediterranean Enters., Inc. v. Ssangyong Corp.*
  708 F.2d 1458 (9th Cir. 1983)..........................................................................7

18
19

*Nken v. Holder*
  556 U.S. 418 (2009)......................................................................................8, 9

20
21

*Reynolds v. Cty. of San Diego*
  No. 11-CV-1256-JAH (AGS), 2017 WL 3582953 (S.D. Cal. Aug.
  18, 2017)......................................................................................................14

22
23

*Rodriguez v. Clearsource, Inc.*
  No. 14-cv-0789-L(DHB), 2015 WL 12434307 (S.D. Cal. 2015)......................9

24
25

*Romero v. Securus Techs., Inc.*
  383 F. Supp. 3d 1069 (S.D. Cal. 2019) ............................................................8

26

**STATUTES**

27

Cal. Penal Code Code § 27510..............................................................................3

28

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES
## (continued)

**Page**

**COURT RULES**

Fed. R. Civ. P. 16(b)(4) ............................................................................................1

Fed. R. Civ. P. 25(d) .................................................................................................1

S.D. Cal. Civ. R. 7.1 .................................................................................................1

S.D. Cal. Civ. R. 7.2 .................................................................................................1

## INTRODUCTION

Plaintiffs Matthew Jones, *et al.*, and Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms,[1] through their respective counsel of record and pursuant to Federal Rule of Civil Procedure 16(b)(4) and Civil Local Rules 7.1 and 7.2, hereby jointly move the Court for a limited stay of all proceedings in this matter pending the Ninth Circuit's resolution of Plaintiffs' interlocutory appeal of this Court's denial of their motion for a preliminary injunction.  In particular, the parties jointly request that the Court issue an order:

1. Staying all proceedings in this action pending issuance of the Ninth Circuit's mandate in the pending interlocutory appeal, *Jones v. Becerra*, No. 20-56174 (9th Cir.);

2. Directing the parties to meet and confer telephonically within 21 days after issuance of the mandate in the interlocutory appeal;

3. Directing the parties to file a joint status report with the Court within 30 days after issuance of the mandate in the interlocutory appeal; and

4. Noting that the Court will schedule a status conference after the parties file their joint status report to discuss the status of the case, any potential narrowing of issues, resetting and revising dates in the scheduling order for this case, and any other issues that arise after the Ninth Circuit's resolution of the interlocutory appeal.

The Ninth Circuit's forthcoming decision in the interlocutory appeal is likely to provide substantial guidance as to several critical legal issues that will shape how the case will unfold in this Court, including the applicable level of constitutional

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Attorney General Rob Bonta is automatically substituted as a defendant in place of his predecessor, former Attorney General Xavier Becerra, and Director Luis Lopez is automatically substituted as a defendant in place of his predecessor, former Acting Director Brent E. Orick.

1   scrutiny and the evidentiary burdens the parties will bear going forward.  As the

2   case has proceeded on parallel tracks, the parties have continued to confer about the

3   propriety of seeking a limited stay of this action and now agree that a stay is

4   warranted.  A significant number of depositions remains to be taken before the

5   current date set for the close of all fact and expert discovery (August 25, 2021),

6   including potentially nine expert witness depositions that will take substantial

7   preparation, as well as several party and potentially third-party witness depositions.

8   A limited stay until the Ninth Circuit has issued its decision and the mandate issues

9   will promote more efficient and focused depositions and discovery.  Further, the

10   Ninth Circuit's ruling and guidance may well permit the parties to streamline the

11   evidence they plan to present, obviating the need for deposing or presenting

12   testimony of certain fact or expert witnesses.  Awaiting the Ninth Circuit opinion

13   may also benefit dispositive motion practice, making it less likely that the Court

14   will need to reconsider dispositive motions or reopen discovery later in the case

15   when the Ninth Circuit's opinion issues.  Under these circumstances, a limited "stay

16   is appropriate because the 'weighing of the hardships favors the granting of a stay'

17   and 'it will serve the interests of judicial economy by allowing for development of

18   . . . [a potentially dispositive] legal issue,'" clarifying the parties' evidentiary

19   burdens, and simplifying or narrowing issues in this Court.  *Goro v. Flowers Foods,*

20   *Inc.*, No. 17-CV-2580 JLS (JLB), 2020 WL 804841, at *4 (S.D. Cal. Feb. 18, 2020)

21   (quoting *Cal. Trout, Inc. v. U.S. Bureau of Reclamation,* 115 F. Supp. 3d 1102,

22   1117 (C.D. Cal. 2015)).

23       This motion is based on this filing and the papers and pleadings on file in this

24   action.

25                    **BACKGROUND**

26   **I.    BRIEF OVERVIEW OF THE ACTION**

27       In this Second Amendment action, Plaintiffs challenge provisions of

28

California Penal Code section 27510, as amended by two legislative amendments in 2019 and 2020—SB 1100 and SB 61—restricting, with certain exceptions, the ability of federally licensed firearms dealers to sell or transfer long guns to individuals under the age of 21 in California.  This Court denied Plaintiffs' motion for a preliminary injunction on November 3, 2020, finding that Plaintiffs had not shown a likelihood of success on the merits of their Second Amendment claim at either step of the traditional Second Amendment analysis.  ECF No. 66.  Plaintiffs filed an interlocutory appeal seeking reversal of that order.  ECF No. 67.  Briefing and oral argument in the interlocutory appeal are complete, and the parties await the Ninth Circuit's decision.  In the meantime, the parties have proceeded through the beginning phases of discovery and exchanged expert reports and rebuttal expert reports in accordance with the Court's scheduling orders.  Under the current scheduling order, the close of all fact and expert discovery is set for August 25, 2021, ECF No. 82—just weeks away—and the parties have a substantial number of fact and expert witness depositions to complete before that date.

**II.   RELEVANT PROCEDURAL BACKGROUND**

**A.   Initial Pleadings and Scheduling Order**

Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief (FAC) on July 30, 2019 and served the FAC and summons on August 1, 2019.  ECF No. 3; ECF No. 5 at 1, n.2.  A case management conference was held before Magistrate Judge Goddard on October 9, 2019, ECF No. 15 at 1, and thereafter, Plaintiffs filed a Second Amendment Complaint, adding an individual plaintiff and modifying their claims to address SB 61's amendments to Section 27510, ECF No. 20.  Plaintiffs then filed a motion for a preliminary injunction on November 12, 2019, which Defendants opposed.  ECF Nos. 21 & 25.

In the Joint Case Management Statement filed in advance of the October 9, 2019 case management conference with Magistrate Judge Goddard, and during the

case management conference, the parties notified the Court that they planned to wait to conduct discovery until after resolution of Plaintiffs' preliminary injunction motion, and proffered the joint view that it would be premature to set a discovery schedule until after resolution of that motion.  ECF No. 11 at 13, 20, 22; *see also* ECF Nos. 21 & 57.  The parties desired to delay discovery in part because they anticipated that there would be an interlocutory appeal of any order on the preliminary injunction motion.  ECF No. 11 at 22.  Nonetheless, in accordance with the directions in Magistrate Judge Goddard's Early Neutral Evaluation order, the parties proposed in their Joint Case Management Statement a set of discovery and pre-trial deadlines tied to resolution of the preliminary injunction motion.  *Id.* at 22-23 (the parties assuming at that time, for purposes of proposing dates, that the preliminary injunction motion would be heard and resolved in early 2020).  The Court issued its original scheduling order after the case management conference.  ECF No. 15.  Subsequent modifications of the scheduling order were sought and granted in the latter half of 2020 to adjust the schedule to respond to the current COVID-19 pandemic, to accommodate scheduling of depositions in light of witness and counsel illnesses, individual plaintiffs' school exams and work schedules, and in light of counsels' unusually heavy caseloads on this and other matters due to the pandemic and other factors.  ECF Nos. 57, 58, 64, 65.

## B. Preliminary Injunction Order, Ninth Circuit Appeal, and Related Schedule Modifications

The Court denied Plaintiffs' motion for preliminary injunction on November 3, 2020.  ECF No. 66 ("Preliminary Injunction Order").  Plaintiffs filed their notice of appeal of the Preliminary Injunction Order on November 6, 2020.  ECF. No. 67.  Because of the accelerated nature of the interlocutory appeal, the briefing schedule set by the Ninth Circuit required the parties to complete the appellate briefing on an expedited basis.  *Jones v. Becerra*, No. 20-56174 (9th Cir. Nov. 10, 2020), ECF No. 4, Trans. ID 11888196.  Because of the expedited schedule in the Ninth Circuit, the

4

parties sought an extension of time on all deadlines in this case of approximately 2-3 months to alleviate some of the burden the parties bore in simultaneously briefing the appeal and conducting fact and expert discovery. *See* ECF No. 70.  The Court granted that motion for good cause shown on November 16, 2020.  *See* ECF No. 71.

On January 29, 2021, the parties jointly moved to extend the close of fact discovery to one week after the close of expert discovery in light of the ongoing appellate briefing, conflicts in the schedules of the parties and counsel due to professional obligations and unexpected personal needs, and the parties' ongoing discovery efforts.  *See* ECF No. 72.  The Court granted that request for good cause shown on February 1, 2021.  ECF No. 73.

Merits briefing in the interlocutory appeal was completed on February 9, 2021.  *Jones v. Becerra*, No. 20-56174 (9th Cir. Feb. 9, 2021), ECF No. 44, Trans. ID 11997833.  On February 28, 2021, the Ninth Circuit set oral argument in the interlocutory appeal for May 12, 2021.  *See Jones v. Becerra*, No. 20-56174 (9th Cir. Feb. 28, 2021), Trans. ID 12018921.  On March 5, 2021, in light of the scheduling of oral argument in the appeal for a time that overlapped significantly with several fact and expert discovery deadlines set in this Court, the parties jointly requested a modest extension of time of a few weeks on solely the fact and expert discovery deadlines in the case.  ECF No. 76.  The Court granted that request on March 8, 2021.  ECF No. 77.

On March 26, 2021, the Ninth Circuit issued an order in the interlocutory appeal requesting supplemental briefing on three interrelated questions addressing the original public meaning of the Second Amendment and the potential use of the tool of corpus linguistics to interpret the amendment.  ECF No. 78; *see also Jones v. Becerra*, No. 20-56174 (9th Cir. Mar. 26, 2021), ECF No. 50, Trans. ID 12055134.  On March 30, 2021, the parties sought another modification of the

scheduling order in light of the Ninth Circuit's March 26, 2021 order directing the parties to submit substantial supplemental briefing on such a short timeframe.  ECF No. 79; *see also Jones v. Becerra*, No. 20-56174 (9th Cir. Mar. 26, 2021), ECF No. 50, Trans. ID 12055134.  The Court granted the parties' request on April 1, 2021. ECF No. 80.  Thereafter, the parties filed simultaneous supplemental briefs and supplemental responsive briefs in the Ninth Circuit on April 16, 2021 and April 26, 2021, respectively.  Oral argument was held in the interlocutory appeal on May 12, 2021, *Jones v. Becerra*, No. 20-56174 (9th Cir. May 12, 2021), Trans. ID 12110574, and the parties await the Ninth Circuit's ruling.

### C.   Current Status of Discovery

The parties exchanged written discovery requests and responses in September, October, and November 2020, as well as in February and April 2021.  The parties also exchanged initial expert witness reports on June 2, 2021.  At that time, Plaintiffs designated four initial expert witnesses, and Defendants designated three initial expert witnesses.

On July 2, 2021, the parties jointly sought a short, two-week continuance of all deadlines in the scheduling order to allow Plaintiffs' expert witnesses time they requested to finish preparing their rebuttal expert witness reports.  ECF No. 81. The Court granted that request and issued a modified scheduling order on July 7, 2021.  ECF No. 82.  The parties then exchanged rebuttal expert reports on July 21, 2021.  Plaintiffs disclosed four rebuttal expert witness reports, and Defendants disclosed three rebuttal expert witness reports.  In all, Plaintiffs designated five initial and rebuttal expert witnesses, and Defendants designated four initial and rebuttal expert witnesses.

Under the current scheduling order, the close of both fact and expert discovery is set for August 25, 2021, and the deadline for submitting any pretrial motions other than motions *in limine* is set for October 6, 2021.  ECF No. 82.

1    The parties intend to depose some or all of the nine designated expert and
2    rebuttal expert witnesses.  And although the parties intend to take fact witness
3    and/or party depositions, those depositions have not yet occurred.  There are ten
4    plaintiffs in this action and an unknown number of Rule 30(b)(6) or third-party
5    witnesses who may be deposed; the parties continue to meet and confer on that
6    question.

7    **III. THE PARTIES' CONFERENCES CONCERNING THE PROPRIETY OF A STAY**

8    Following the parties' exchange of rebuttal expert witness reports on July 21,
9    2021, counsel for the parties met and conferred via telephone on July 23, 2021 and
10   July 26, 2021 to discuss scheduling depositions and potentially seeking a stay
11   pending the Ninth Circuit's resolution of the preliminary injunction appeal.  The
12   parties agreed that a limited stay of all proceedings would promote efficiency in this
13   action by helping to conserve party and judicial resources, as well as ensuring that
14   the case proceeds with the benefit of the Ninth Circuit's forthcoming guidance in its
15   decision in the interlocutory appeal.

16   **ARGUMENT**

17   **I.    THIS COURT HAS DISCRETION TO ISSUE A LIMITED STAY HERE**

18   A district court has the discretion to stay proceedings in its own court.  *Landis*
19   *v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  This power is "incidental to the power
20   inherent in every court to control the disposition of the causes on its docket with
21   economy of time and effort for itself, for counsel and for litigants."  *Id.*; *accord*
22   *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.
23   1983).  A district court may exercise its discretion to grant a stay pending resolution
24   of an interlocutory appeal even though "the filing of an interlocutory appeal does
25   not automatically stay proceedings in the district court."  *Ass'n of Irritated*
26   *Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008)
27   (citing *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)).

28

This Court should exercise its inherent power to grant the parties' joint motion for a limited stay of this action until the Ninth Circuit has resolved the pending interlocutory appeal.

## II.   ALL *LANDIS* FACTORS WEIGH IN FAVOR OF GRANTING THE PARTIES' JOINT MOTION FOR A LIMITED STAY

"Where it is proposed that a pending proceeding be stayed" pursuant to the court's inherent powers, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  The factors weighed in this *Landis* stay analysis include "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX, Inc.*, 300 F.2d at 268) (internal numbers added).  As part of the analysis, the Court considers whether "the other proceedings will be concluded in a reasonable time in relation to the urgency of the claims presented to the court." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

All of these factors weigh heavily in favor of a limited stay of the proceedings here pending issuance of the Ninth Circuit's mandate in the interlocutory appeal— particularly in light of the fact that the parties bring this motion jointly.[2]  We

---

[2] Some courts have concluded that the *Landis* test applies only where the court considers staying an action pending resolution of independent legal proceedings, and instead apply the test articulated in *Nken v. Holder*, 556 U.S. 418 (2009), and *Hilton v. Braunskill*, 481 U.S. 770 (1987)—which mirrors the test for granting injunctive relief and requires a showing of a likelihood of success on appeal—when considering motions to stay proceedings pending resolution of an interlocutory appeal in the same case.  *See, e.g.*, *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1073 n.1 (S.D. Cal. 2019).  However, many courts apply *Landis* when considering staying an action pending an interlocutory appeal in the same matter, including where a preliminary injunction request has been granted or denied.  *See, e.g.*, *Consumer Cellular, Inc. v. ConsumerAffairs.com,* No. 3:15-CV-1908-PK, 2016 WL 7238919, at *4 (D. Or. Sept. 26, 2016) ("[T]he courts of the Ninth Circuit traditionally consider the factors discussed by the *Landis* court . . . as

discuss the third factor—the orderly course of justice—first below because it informs the two balance-of-hardship factors.

### A. A Stay Will Serve the Orderly Course of Justice Because the Ninth Circuit's Decision Will Bear Directly on the Merits Here

As this Court is aware, the Ninth Circuit's review of the Court's November 3, 2020 order denying Plaintiffs' motion for preliminary injunction includes consideration of several weighty issues of first impression in this Circuit that may be dispositive of the proceedings in this Court, or which may at least narrow the issues left for litigation and guide the parties and the Court by clarifying the applicable constitutional standards and evidentiary burdens in this case.  Thus, a stay is appropriate here because the Ninth Circuit's resolution of Plaintiffs' interlocutory appeal is likely to serve the "orderly course of justice" by clarifying or "simplifying . . . issues, proof, and questions of law which could be expected to result from a stay."  *Massaro v. Beyond Meat, Inc.*, No. 3:20-CV-00510-AJB-MSB, 2021 WL 948805, at *15 (S.D. Cal. Mar. 12, 2021) (quoting *Lockyer*, 398 F.3d at 1110); *see also Goro*, 2020 WL 804841, at *4; *Rodriguez v. Clearsource, Inc.*, No. 14-cv-0789-L(DHB), 2015 WL 12434307, at *1 (S.D. Cal. 2015) (noting that the Court's "discretion [to stay proceedings] is appropriately used when the resolution of another matter will have a direct impact on the issues before the court, substantially simplifying issues presented" (citations omitted)).

---

applicable generally to motions for stay of proceedings . . . ."); *Kuang v. U.S. Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (collecting cases); *Finder v. Leprino Foods Co.*, No. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104, at *2-3 (E.D. Cal. Jan. 20, 2017) (same).  "Those courts have reasoned that the *Nken* test 'is applicable when there is a request to stay a district court's *judgment or order* pending an appeal of the same case,' while *Landis* applies to the decision to stay *proceedings*, regardless whether the stay is based on a direct appeal or an independent case."  *Kuang*, 2019 WL 1597495, at *3 (citation omitted).  In any event, both lines of cases examine the relative hardships of the parties that would be occasioned by grant or denial of the stay, as well as the promotion of the public's interest in judicial and party efficiency—the core aims of the *Landis* test.  *Finder*, 2017 WL 1355104, at *3.  In the context of this joint motion, the parties analyze the *Landis* factors.

9

1    In particular, the Ninth Circuit is likely to opine as to the appropriate level of

2    constitutional scrutiny that should apply to Plaintiffs' Second Amendment claims

3    here at step two of the traditional constitutional analysis, and that conclusion likely

4    will clarify the scope of the parties' evidentiary burdens going forward.  This Court

5    concluded, and the Defendants contend, that intermediate scrutiny is the highest

6    level of scrutiny that could apply here, assuming that the Second Amendment is

7    implicated at all.  *See Jones v. Becerra*, 498 F. Supp. 3d 1317, 1328 (S.D. Cal.

8    2020); *Jones v. Becerra*, No. 20-56174 (9th Cir. Jan. 25, 2021), ECF No. 24, Trans.

9    ID 11968951, at 30-33.  Plaintiffs, in contrast, argue that strict scrutiny applies.

10   *Jones v. Becerra*, No. 20-56174 (9th Cir. Dec. 4, 2020), ECF No. 17, Trans. ID

11   11915998, at 35-39.  In addition, the Ninth Circuit may resolve arguments between

12   the parties as to the proper scope of the intermediate scrutiny inquiry—an issue that

13   has been hotly debated in recent litigation.  *Compare Jones v. Becerra*, No. 20-

14   56174 (9th Cir. Dec. 4, 2020), ECF No. 17, Trans. ID 11915998, at 39-50, *with*

15   *Jones v. Becerra*, No. 20-56174 (9th Cir. Jan. 25, 2021), ECF No. 24, Trans. ID

16   11968951, at 33-53.  The Ninth Circuit's conclusions about the appropriate level of

17   scrutiny in age limitations cases such as this one, and the evidentiary burdens under

18   that standard, almost certainly will affect the type and scope of evidence the parties

19   must present in this Court.  Depending on the Ninth Circuit's decision, it might

20   even be necessary to reopen discovery to permit the parties to present additional

21   evidence.

22   In addition, the Ninth Circuit's decision at step one of the two-step framework

23   for Second Amendment claims—whether the challenged law implicates the Second

24   Amendment in the first place—may inform whether this case should proceed at all.

25   And it will likely guide the parties' determinations as to the scope of fact and expert

26   testimony that should be presented in any dispositive motion brief or at trial.

27   Thus, although the parties have spent time and resources on preliminary

28

Joint Motion for Limited Stay of Proceedings Pending Resolution of Interlocutory Appeal
(3:19-cv-01226-L-AHG)

injunction briefing and written discovery—both party discovery and expert disclosures—much judicial efficiency can still be gained by entering a stay now, before the parties conduct more than a dozen costly depositions and the Court considers any motions for summary judgment or proceeds through trial.  Indeed, Judge Sammartino recently granted a stay of proceedings where the parties in a federal wage and hour class action had already filed cross-motions for summary judgment, reasoning that the California Supreme Court's forthcoming resolution of a legal question certified to it by the Ninth Circuit regarding retroactivity of a California decision setting forth "a new standard to distinguish independent contractors from employees," *Goro*, 2020 WL 804841, at *1, "would simplify the issues remaining and avoid the potential of wasting resources addressing a standard that is not applicable," *id.* at *3.  *Accord Ludlow v. Flowers Foods, Inc.*, No. 18-CV-1190 JLS (JLB), 2020 WL 773253, at *3 (S.D. Cal. Feb. 18, 2020) (similar, where plaintiffs had already filed motion for class certification).  Similarly, in *Finder*, a district court stayed proceedings in a wage and hour class action pending the Ninth Circuit's resolution of a certified interlocutory appeal in the same matter where the Ninth Circuit's decision on a legal question—"whether 'failure to itemize or pay 'meal period premiums' constitutes failure to itemize or pay 'wages''"—would "dramatically simplify the questions of law and potentially the questions of proof now pending before the court," and potentially eliminate the need for some discovery and pre-trial motions practice.  *Finder*, 2017 WL 1355104, at *4.  Similar judicial efficiency would be gained by the limited stay sought here.

Lastly, while the parties are aware that stays are not appropriate in every case involving an interlocutory appeal from a preliminary injunction order, unlike many preliminary injunction appeals, the interlocutory appeal in this case is likely to provide legal guidance regarding the applicable legal standards and potentially dispositive issues in the case.  This, too, militates in favor of granting a stay here.

1  *See, e.g.*, *Finder*, 2017 WL 1355104, at *4; *Kuang*, 2019 WL 1597495, at *7

2  (staying case pending resolution of interlocutory appeal under *Landis* where

3  guidance from Ninth Circuit as to certain "critical issues" would "benefit" the

4  court's review); *E. Bay Sanctuary Covenant v. Trump*, No. 18-CV-06810-JST,

5  2019 WL 1048238, at *2 (N.D. Cal. Mar. 5, 2019) (similar).

6        **B.   As to the Two Balance of Hardship Factors, All Parties Agree**
   **That a Stay Will Promote Efficiency and Relieve Hardship By**
7        **Conserving Judicial and Party Resources**

8        The first two *Landis* factors the Court considers—"the possible damage which

9  may result from the granting of a stay" and "the hardship or inequity which a party

10  may suffer in being required to go forward," *CMAX, Inc.*, 300 F.2d at 268—are

11  typically considered in analyzing the balance of hardships as between a moving and

12  non-moving party.  Here, however, the parties jointly seek a limited stay, and both

13  factors militate in favor of granting the parties' joint request for a limited stay.

14        The parties agree that conducting extensive and costly depositions of more

15  than a dozen fact and expert witnesses in the short timeframe remaining in the

16  current schedule—and then proceeding to the summary judgment and trial phases

17  of the case without the guidance of the Ninth Circuit's decision on the critical legal

18  issues presented in the interlocutory appeal—will be unduly burdensome for all

19  parties, as well as wasteful of party and judicial resources.

20        As Judge Sammartino noted in *Goro*, a stay of proceedings is appropriate

21  where, absent relief, the parties would be required to "'unnecessarily expend[]

22  resources engaging in motion practice and planning and preparing for trial . . .

23  [based] on the wrong standard.'"  *Goro*, 2020 WL 804841, at *3 (citation omitted);

24  *see also id.* ("Preparing for trial without a clear answer on *Dynamex*'s retroactivity

25  would cause unnecessary work for the Parties (and the Court), amounting to a

26  hardship in this case."); *see also Massaro*, 2021 WL 948805, at *15 ("[W]hile

27  'being required to defend a suit, without more, does not constitute a 'clear case of

28

hardship or inequity,'" being "forced to expend unnecessary time and resources litigating a matter with no clear idea as to the law that will actually apply at trial . . . adds to that potential hardship." (quoting *Lockyer*, 398 F.3d at 1112)).  Similarly, in *Finder*, the court reasoned that "[f]orcing [defendant] forward on the issues now pending on appeal would largely frustrate the savings in time and effort that the grant of interlocutory appeal would otherwise provide," causing "potentially unnecessary hardship."  2017 WL 1355104, at *4; *see also id.* ("Forcing a party to conduct 'substantial, unrecoverable, and wasteful' discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay.").

Moreover, because the parties agree to the limited stay they request, they "need not meet the higher burden of 'mak[ing] out a clear case of hardship or inequity.'" *Couture Textile, Inc. v. Rue 21, Inc.*, No. CV-16-05544-BRO-AGR, 2017 WL 10562584, at *4 (C.D. Cal. July 21, 2017) (quoting *Aluya v. Mgmt. & Training Corp.*, No. 1:13-cv-01345-AWI-JLT, 2013 WL 6009943, at *2 (E.D. Cal. Nov. 13, 2013)); *accord Landis*, 299 U.S. at 255.  Rather, it is enough to show that granting a stay will "'promote[] economy of time and effort for the Court *and the parties.*" *Couture Textile, Inc.*, 2017 WL 10562584, at *4 (quoting *Cal. Dep't of Toxic Substances Control v. Hearthside Residential Corp.*, No. SA CV 06-987-VBF (MLGx), 2008 WL 8050005, at *9 (C.D. Cal. Dec. 8, 2008)); *cf. E. Bay Sanctuary Covenant*, 2019 WL 1048238, at *2 (granting stay and finding the "orderly course of justice" factor and judicial efficiency to carry the most weight where the non-moving party did not oppose the stay motion).

The parties clearly make the necessary showing here.  As in *Finder*, a limited stay of the action, including remaining discovery and summary judgment briefing (and potentially even trial), until the Ninth Circuit has had an opportunity to address

the important and controlling legal issues presented in the interlocutory appeal will avoid duplication of work and conserve the parties' and the Court's resources.  As discussed above, absent a limited stay, the Court may have to reopen discovery after the Ninth Circuit rules, or require supplemental briefing on any dispositive motions in the run up to trial if the Ninth Circuit's order provides guidance regarding the appropriate level of scrutiny that should govern the constitutional analysis here.

### C.    The Stay Will Be Reasonably Limited in Duration

Lastly, any stay will be reasonably limited in duration.  Briefing in the interlocutory appeal was completed in early May 2021, and the case was argued and submitted to the appellate panel on May 12, 2021.  *See Jones v. Becerra*, No. 20-56174 (9th Cir. May 12, 2021), Trans. ID 12110574.  Although there is no set time period within which the Ninth Circuit must rule, interlocutory appeals are generally briefed and resolved on an expedited basis, and the fact that the case has already been argued suggests that a decision may be issued within a few weeks or months.  And that likelihood is bolstered by the fact that the Ninth Circuit is holding *Mitchell v. Atkins* in abeyance pending issuance of the mandate in the interlocutory appeal in this matter.  *See Mitchell v. Atkins*, No. 20-35827 (9th Cir. June 23, 2021), ECF No. 39, Trans. ID 12152366.

Accordingly, the limited stay the parties request will not impose an unlimited, indefinite, or unreasonable delay in these proceedings.  Courts routinely find stays of proceedings reasonably limited under such circumstances.  *See, e.g.*, *Kuang*, 2019 WL 1597495, at *4 (stay tied to resolution of appeal was reasonably limited where oral argument had been scheduled in the Ninth Circuit and there was, as here, little risk of prejudice that would result from limited delay); *Reynolds v. Cty. of San Diego*, No. 11-CV-1256-JAH (AGS), 2017 WL 3582953, at *7 (S.D. Cal. Aug. 18, 2017) (stay of six months was reasonably limited where appellate briefing

in two related matters bearing on the action was "nearly complete").

Further, in the interest of ensuring the stay is appropriately limited, the parties jointly propose that the Court set a schedule for resuming the matter after resolution of the interlocutory appeal.  Specifically, unless the Court prefers a different schedule, the parties jointly request that the Court issue an order:

1.  Staying all proceedings in this action pending issuance of the Ninth Circuit's mandate in the pending interlocutory appeal, *Jones v. Becerra*, No. 20-56174 (9th Cir.);

2.  Directing the parties to meet and confer telephonically within 21 days after issuance of the mandate in the interlocutory appeal;

3.  Directing the parties to file a joint status report with the Court within 30 days after issuance of the mandate in the interlocutory appeal; and

4.  Noting that the Court will schedule a status conference after the parties file their joint status report to discuss the status of the case, any potential narrowing of issues, resetting and revising dates in the scheduling order for this case, and any other issues that arise after the Ninth Circuit's resolution of the interlocutory appeal.

## CONCLUSION

For the foregoing reasons, the Court should stay this action pending resolution of the interlocutory appeal.

1   Dated:  July 29, 2021                          Respectfully submitted,

2                                                  ROB BONTA
                                                   Attorney General of California
3                                                  MARK R. BECKINGTON
                                                   Supervising Deputy Attorney General
4                                                  JOHN D. ECHEVERRIA
                                                   Deputy Attorney General
5

6                                                  */s/ Jennifer E. Rosenberg*
                                                   JENNIFER E. ROSENBERG
7                                                  Deputy Attorney General
                                                   *Attorneys for Defendants Rob Bonta,*
8                                                  *in his official capacity as Attorney*
                                                   *General of the State of California,*
9                                                  *and Luis Lopez, in his official*
                                                   *capacity as Director of the*
10                                                 *Department of Justice Bureau of*
                                                   *Firearms*
11

12                                                 DILLON LAW GROUP, APC

13

14                                                  */s/ John Dillon*
                                                   JOHN DILLON
15                                                 *Attorney for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26   SA2019103398
     64407320.docx
27

28
                                          16

1
2

**SIGNATURE CERTIFICATION**

3       Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative
4  Policies and Procedures Manual, I hereby certify that the content of this document
5  is acceptable to John Dillon, counsel for Plaintiffs in this matter, and that I have
6  obtained Mr. Dillon's authorization to affix his electronic signature to this
7  document.
8
9  Dated: July 29, 2021
10
11
12                                           _/s/ Jennifer E. Rosenberg_
                                             JENNIFER E. ROSENBERG
13                                           Deputy Attorney General
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joint Motion for Limited Stay of Proceedings Pending Resolution of Interlocutory Appeal
(3:19-cv-01226-L-AHG)