1  ROB BONTA
   Attorney General of California
2  MARK BECKINGTON
   Supervising Deputy Attorney General
3  JENNIFER E. ROSENBERG
   Deputy Attorney General
4  State Bar No. 275496
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
     Telephone:  (213) 269-6617
6    Fax:  (916) 731-2124
     E-mail:  Jennifer.Rosenberg@doj.ca.gov
7  *Attorneys for Defendants Rob Bonta, in
   his official capacity as Attorney General of
8  the State of California, and Luis Lopez,
   in his official capacity as Director of
9  the Department of Justice Bureau of
   Firearms*

10

IN THE UNITED STATES DISTRICT COURT

11

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13

14

| | |
|---|---|
| 15  **Matthew Jones, *et al.*,** | 3:19-cv-01226-L-AHG |
| 16                    Plaintiffs, | **JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER IN LIGHT OF JOINT MOTION TO STAY** |
| 17            v. | |
| 18  **Rob Bonta, in his official capacity as Attorney General of the State of California, *et al.*,** | Dept:       5B |
| 19 | Judge:      The Honorable  M. James Lorenz and Magistrate Judge Allison H. Goddard |
| 20 | |
| 21                    Defendants. | |
| 22 | Final Pretrial Conference Date:        February 7, 2022 |
| 23 | Action Filed:       July 1, 2019 |
| 24 | |
| 25 | First Amended Complaint Filed:       July 30, 2019 |
| 26 | Second Amended Complaint Filed:       November 8, 2019 |
| 27 | |
| 28 | |

Plaintiffs Matthew Jones, et al., and Defendants Rob Bonta (in his official capacity as Attorney General of the State of California) and Luis Lopez (in his official capacity as Director of the Department of Justice Bureau of Firearms),[1] through their respective counsel of record and pursuant to Civil Local Rules 7.1 and 7.2, hereby jointly move the Court to extend all deadlines set forth in the operative scheduling orders in this matter, ECF Nos. 15, 82, by approximately one month. This motion is made in order to allow additional time while the parties' Joint Motion for Limited Stay of Proceedings Pending Resolution of Interlocutory Appeal, ECF No. 83 ("Joint Stay Motion") is pending before the Court, and to permit the parties additional time necessary to complete party and expert witness depositions while they await the Court's ruling on that motion. This joint motion is supported by the declaration of Jennifer E. Rosenberg ("Rosenberg Decl."), filed concurrently herewith.

Good cause exists for the requested modification. All initial and rebuttal expert disclosures and reports were exchanged on the schedule set forth in the operative scheduling orders. ECF Nos. 15, 82. The parties met and conferred and filed their Joint Stay Motion on July 29, 2021, promptly after the exchange of their rebuttal expert reports. However, the current deadline set for the close of all fact and expert discovery, August 25, 2021, is fast approaching, and a significant number of depositions remains to be taken before that date, including potentially nine expert witness depositions that will take substantial preparation, as well as several party and potentially third-party witness depositions. Rosenberg Decl., ¶¶ 4, 6.

As explained in the parties' Joint Stay Motion, the Ninth Circuit's forthcoming decision in the interlocutory appeal of this Court's order denying

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Attorney General Rob Bonta is automatically substituted as a defendant in place of his predecessor, former Attorney General Xavier Becerra, and Director Luis Lopez is automatically substituted as a defendant in place of his predecessor, former Acting Director Brent E. Orick.

Plaintiffs' motion for preliminary injunction, ECF No. 66 ("Preliminary Injunction Order"), is likely to provide substantial guidance as to several critical legal issues that will shape how the case will unfold in this Court, including potentially the applicable level of constitutional scrutiny and the evidentiary burdens the parties will bear going forward.  Accordingly, the Ninth Circuit's ruling and guidance might permit the parties to streamline the evidence they plan to present, potentially obviating the need for deposing or presenting testimony of certain fact or expert witnesses.  ECF No. 83 at 7, 9-13.  Absent the requested modification of deadlines, the parties will need to schedule and conduct many depositions of experts and other witnesses in a very short timeframe.  Rosenberg Decl., ¶¶ 5, 7.  That would defeat the aim of conserving judicial and party resources at the heart of the parties' Joint Stay Motion.  *Id.*  It therefore would benefit all parties and the Court to provide additional time for the Court to rule on the pending Joint Stay Motion.  *Id.*

Even if the Court denies the Joint Stay Motion, it would still benefit all parties and the Court to ensure that the parties' numerous expert witnesses and any fact witnesses have the additional time requested in this joint motion to schedule and adequately prepare for their depositions.  *Id.* ¶ 8.[2]

---

[2] The parties previously sought seven modifications of the Court's original scheduling order.  The first modification moved all dates set forth in the Court's original scheduling order by approximately 5 to 6 weeks; the second moved the fact discovery deadline from November 6, 2020 to December 15, 2020; the third moved all dates out by approximately 2-3 months due to the denial of Plaintiffs' motion for preliminary injunction and interlocutory appeal of that denial; the fourth extended the deadline for close of fact discovery; the fifth extended the deadlines for close of expert and fact discovery by a few weeks in light of the scheduling of oral argument on May 12, 2021 in the interlocutory appeal; the sixth extended all deadlines set forth in the operative scheduling orders in this matter by approximately 60-75 days in light of significant supplemental briefing mandated by the Ninth Circuit in the interlocutory appeal; and the seventh extended all deadlines in the operative scheduling orders by approximately 14 days in order to permit all parties' experts additional time necessary to complete their rebuttal expert reports.  See ECF Nos. 57, 58, 64, 65, 70, 71, 72, 73, 75, 76, 79, 80, 81, 82.

# RELEVANT PROCEDURAL BACKGROUND

## I. INITIAL PLEADINGS AND SCHEDULING ORDER

Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief (FAC) on July 30, 2019 and served the FAC and summons on August 1, 2019. ECF No. 3; ECF No. 5 at 1, n.2. A case management conference was held before Magistrate Judge Goddard on October 9, 2019, ECF No. 15 at 1, and thereafter, Plaintiffs filed a Second Amendment Complaint, ECF No. 20. Plaintiffs then filed a motion for a preliminary injunction on November 12, 2019, which Defendants opposed. ECF Nos. 21 & 25.

In the Joint Case Management Statement that the parties filed in advance of the October 9, 2019 case management conference with Magistrate Judge Goddard, and during the case management conference, the parties notified the Court that they planned to wait to conduct discovery until after resolution of Plaintiffs' preliminary injunction motion, and proffered the joint view that it would be premature to set a discovery schedule until after resolution of that motion. ECF No. 11 at 13, 20, 22; *see also* ECF Nos. 21 & 57. The parties desired to delay discovery in part because they anticipated that there would be an interlocutory appeal of any order on the preliminary injunction motion. ECF No. 11 at 22. Nonetheless, in accordance with the directions in Magistrate Judge Goddard's ENE order, the parties proposed in their Joint Case Management Statement a set of discovery and pre-trial deadlines tied to resolution of the preliminary injunction motion. *Id.* at 22-23 [the parties assuming at that time, for purposes of proposing dates, that the preliminary injunction motion would be heard and resolved in early 2020]. The Court issued its original scheduling order after the case management conference. ECF No. 15. Subsequent modifications of the scheduling order were sought and granted in the latter half of 2020, *see supra* n.2, including to adjust the schedule to respond to the current COVID-19 pandemic, to accommodate scheduling of depositions in light of witness and counsel illnesses, individual plaintiffs' school exams, and work

schedules, and in light of counsels' unusually heavy caseloads on this and other matters due to the pandemic and other factors. ECF No. 57, 58, 64, 65.

## II. PRELIMINARY INJUNCTION ORDER, NINTH CIRCUIT APPEAL, AND RELATED SCHEDULE MODIFICATIONS

The Court denied Plaintiffs' motion for preliminary injunction on November 3, 2020. ECF Nos. 65, 66. Plaintiffs filed their notice of appeal of the Preliminary Injunction Order on November 6, 2020. ECF. No. 67. Because of the accelerated nature of the interlocutory appeal, the briefing schedule set by the Ninth Circuit required the parties to complete the appellate briefing on an expedited basis. *Jones v. Becerra*, No. 20-56174 (9th Cir. Nov. 10, 2020), ECF No. 4, Trans. ID 11888196. According to a modified briefing schedule, the parties' briefs on appeal were due in December 2020 and January and February 2021. *Jones v. Becerra*, No. 20-56174 (9th Cir. Dec. 23, 2020), ECF No. 23, Trans. ID 11938842. Because of the expedited schedule in the Ninth Circuit, the parties sought an extension of time on all deadlines in this case of approximately 2-3 months to alleviate some of the burden the parties bore in simultaneously briefing the appeal and conducting fact and expert discovery. *See* ECF No. 70. This Court granted that motion for good cause shown on November 16, 2020. *See* ECF No. 71.

On January 29, 2021, the parties jointly moved to extend the close of fact discovery to one week after the close of expert discovery in light of the ongoing appellate briefing, conflicts in the schedules of the parties and counsel due to professional obligations and unexpected personal needs, and the parties' ongoing discovery efforts. *See* ECF No. 72. This Court granted that request for good cause shown on February 1, 2021. ECF No. 73.

Merits briefing in the interlocutory appeal was completed on February 9, 2021. *Jones v. Becerra*, No. 20-56174 (9th Cir. Feb. 9, 2021), ECF No. 44, Trans. ID 11997833. On February 28, 2021, the Ninth Circuit set oral argument in the interlocutory appeal for May 12, 2021. *See Jones v. Becerra*, No. 20-56174 (9th

Cir. Feb. 28, 2021), Trans. ID 12018921. On March 5, 2021, in light of the scheduling of oral argument in the appeal for a time that overlapped significantly with several fact and expert discovery deadlines set in this Court, the parties jointly requested a modest extension of time of a few weeks on solely the fact and expert discovery deadlines in the case. ECF No. 76. The Court granted that request on March 8, 2021. ECF No. 77.

On March 26, 2021, the Ninth Circuit issued an order in the interlocutory appeal requesting supplemental briefing on three interrelated questions addressing the original public meaning of the Second Amendment and the potential use of the tool of corpus linguistics to interpret the amendment. ECF No. 78; *see also Jones v. Becerra*, No. 20-56174 (9th Cir. Mar. 26, 2021), ECF No. 50, Trans. ID 12055134. On March 30, 2021, the parties sought another modification of the scheduling order in light of the Ninth Circuit's March 26, 2021 order directing the parties to submit substantial supplemental briefing on such a short timeframe. ECF No. 79; *see also Jones v. Becerra*, No. 20-56174 (9th Cir. Mar. 26, 2021), ECF No. 50, Trans. ID 12055134. The Court granted the parties' request on April 1, 2021. ECF No. 80. Thereafter, the parties filed simultaneous supplemental briefs and supplemental responsive briefs in the Ninth Circuit on April 16, 2021 and April 26, 2021, respectively. Oral argument was held in the interlocutory appeal on May 12, 2021, *Jones v. Becerra*, No. 20-56174 (9th Cir. May 12, 2021), Trans. ID 12110574, and the parties await the Ninth Circuit's ruling.

**III.    CURRENT STATUS OF DISCOVERY**

The parties exchanged written discovery requests and responses in September, October, and November 2020, as well as in February and April 2021. Rosenberg Decl., ¶ 4. The parties also exchanged initial expert witness reports on June 2, 2021. *Id.* At that time, Plaintiffs designated four initial expert witnesses, and Defendants designated three initial expert witnesses. *Id.*

On July 2, 2021, the parties jointly sought a short, two-week continuance of

all deadlines in the scheduling order to allow Plaintiffs' expert witnesses time they requested to finish preparing their rebuttal expert witness reports. ECF No. 81. The Court granted that request and issued a modified scheduling order on July 7, 2021. ECF No. 82. The parties then exchanged rebuttal expert reports on July 21, 2021. Plaintiffs disclosed four rebuttal expert witness reports, and Defendants disclosed three rebuttal expert witness reports. Rosenberg Decl., ¶ 4.

Under the current scheduling order, the close of both fact and expert discovery is set for August 25, 2021, and the deadline for submitting any pretrial motions other than motions *in limine* is set for October 6, 2021. ECF No. 82. The parties intend to depose some or all of the nine designated expert and rebuttal expert witnesses. Rosenberg Decl., ¶ 6. And although the parties intend to take fact witness and/or party depositions, those depositions have not yet occurred. *Id.* There are ten plaintiffs in this action and an unknown number of Rule 30(b)(6) or third-party witnesses who may be deposed; the parties continue to meet and confer on that question. *Id.*

Under the Court's operative scheduling orders in this action, ECF. Nos. 15 & 82, the full roster of deadlines currently set in this case are as follows:

| Action | Current Deadline |
|---|---|
| • Expert discovery to be completed | Wednesday, Aug. 25, 2021 |
| • Close of fact discovery | Wednesday, Aug. 25, 2021 |
| • All pretrial motions, other than motions *in limine*, to be filed | Wednesday, Oct. 6, 2021 |
| • Mandatory settlement conference | Friday, Dec. 17, 2021, at 9:30 a.m. |
| • Plaintiffs' written settlement proposal to be served | Friday, Nov. 26, 2021 |

| | |
|---|---|
| • In-person or telephonic meet-and-confer regarding settlement offer to be held<br>• Defendants' written response to settlement proposal to be made in writing, prior to the meet-and-confer | No later than Friday, Dec. 3, 2021 |
| • Each party to serve and lodge settlement conference statement | Thursday, Dec. 9, 2021 |
| • Optional confidential settlement letter may be lodged for Court's review | Thursday, Dec. 9, 2021 |
| • Compliance with Rule 26(a)(3) pre-trial disclosure requirements in advance of final pre-trial conference | Monday, Jan. 10, 2022 |
| • Parties to meet and take action required by Local Rule 16.1(f)(4) | Monday, Jan. 17, 2022 |
| • Plaintiffs to provide defendants with draft proposed final pretrial order for review and approval | Monday, Jan. 24, 2022 |
| • The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz | Monday, Jan. 31, 2022 |
| • Final pretrial conference | Monday, Feb. 7, 2022 at 11 a.m. |

## GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

Counsel for the parties met and conferred via telephone on August 3, 2021, and agree that a modification of the scheduling order to continue all deadlines by approximately one month is appropriate to allow additional time while the Joint Stay Motion is pending before the Court and to permit the parties to adequately prepare and conduct fact and expert witness depositions in the event that the Court denies the Joint Stay Motion or does not rule on that motion in advance of the August 25, 2021 deadline for close of all fact and expert discovery. *See* Rosenberg Decl., ¶¶ 3, 7, 8.

As discussed above, the parties jointly sought a stay because the Ninth

Circuit's ruling and guidance might permit the parties to streamline the evidence they plan to present and may inform the scope of remaining discovery that should be conducted, including depositions and witness testimony. ECF No. 83 at 7, 9-13. Absent the requested modification of deadlines, the parties will have to schedule and conduct likely more than a dozen depositions of experts and other witnesses in a very short timeframe, undermining their good faith attempt to conserve judicial and party resources by jointly seeking the limited stay they have requested. Rosenberg Decl., ¶ 7. It therefore would benefit all parties and the Court to grant the parties' joint motion for additional time while the Joint Stay Motion is pending. *Id.*

Further, in the event that the Court denies the Joint Stay Motion, it would still benefit all parties and the Court to ensure that the parties' numerous expert witnesses and any fact witnesses have the additional time requested here to schedule and adequately prepare for their depositions. *Id.* ¶ 8. All parties wish to ensure that they have adequate time to schedule and prepare for depositions of both fact and several expert witnesses, and an extension of approximately one month on all deadlines will help them do so. *Id.*

WHEREFORE:

The parties hereby jointly request that the Court issue an order modifying the discovery deadlines set in the operative scheduling orders (ECF Nos. 15 & 82) while the Joint Stay Motion is pending as follows:

| Action | Current Deadline | New Deadline |
|---|---|---|
| • Expert discovery to be completed | Wednesday, Aug. 25, 2021 | Friday, Sept. 24, 2021 |
| • Close of fact discovery | Wednesday, Aug. 25, 2021 | Friday, Sept. 24, 2021 |
| • All pretrial motions, other than motions *in limine*, to be filed | Wednesday, Oct. 6, 2021 | Friday, Nov. 5, 2021 |
| • Mandatory settlement conference | Friday, Dec. 17, 2021, at 9:30 a.m. | Friday, Jan. 14, 2022, at 9:30 a.m. |

| | | |
|---|---|---|
| • Plaintiffs' written settlement proposal to be served | Friday, Nov. 26, 2021 | Thurs., Dec. 23, 2021 |
| • In-person or telephonic meet-and-confer regarding settlement offer to be held<br>• Defendants' written response to settlement proposal to be made in writing, prior to the meet-and-confer | No later than Friday, Dec. 3, 2021 | No later than Tuesday, Jan. 4, 2022 |
| • Each party to serve and lodge settlement conference statement | Thursday, Dec. 9, 2021 | Monday, Jan. 10, 2022 |
| • Optional confidential settlement letter may be lodged for Court's review | Thursday, Dec. 9, 2021 | Monday, Jan. 10, 2022 |
| • Compliance with Rule 26(a)(3) pre-trial disclosure requirements in advance of final pre-trial conference | Monday, Jan. 10, 2022 | Wednesday, Feb. 9, 2022 |
| • Parties to meet and take action required by Local Rule 16.1(f)(4) | Monday, Jan. 17, 2022 | Wednesday, Feb. 16, 2022 |
| • Plaintiffs to provide defendants with draft proposed final pretrial order for review and approval | Monday, Jan. 24, 2022 | Wednesday, Feb. 23, 2022 |
| • The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz | Monday, Jan. 31, 2022 | Wednesday, March 2, 2022 |
| • Final pretrial conference | Monday, Feb. 7, 2022 at 11 a.m. | Monday, March 14, 2022 at 11 a.m. |

The parties propose that the Court's order on this joint motion for modification of the scheduling order be subject and subordinate to the Court's order

on the Joint Stay Motion. Rosenberg Decl., ¶ 10. Accordingly, should the Court grant the Joint Stay Motion either prior to or after resolving this joint motion for modification of the scheduling order, the parties propose that the stay ordered will control and all proceedings will be stayed. *Id.* Should the Court deny the Joint Stay Motion, the parties propose that any order on this joint motion remain in effect to permit the parties time to complete the discovery discussed above. *Id.*

Although the parties do not anticipate seeking further modification in the future, they also jointly request that the Court's order modifying the scheduling order reserve the parties' ability to seek the Court's approval of further modifications for good cause should the need to do so arise. *Id.* ¶ 11.

A proposed order will be lodged with the Court concurrently with submission of this joint motion.

Dated:  August 3, 2021                                      Respectfully Submitted,

ROB BONTA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General

 */s/ Jennifer E. Rosenberg*
JENNIFER E. ROSENBERG
Deputy Attorney General
*Attorneys for Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*


DILLON LAW GROUP, APC

 */s/ John Dillon*
JOHN DILLON
*Attorney for Plaintiffs*

SA2019103398
64420712.docx

**<u>Certification re: Electronic Signatures Pursuant to Electronic Case Filing Administrative Policies and Procedures Manual, Section 2(f)(4)</u>**

I, Jennifer E. Rosenberg, hereby certify and attest that the content of this document is acceptable to all persons required to sign the document and that I have obtained authorization for use of the electronic signatures of all parties on the document, including Mr. John Dillon, Attorney for Plaintiffs.

Dated: August 3, 2021

                                           */s/ Jennifer E. Rosenberg*
                                           JENNIFER E. ROSENBERG
                                           Deputy Attorney General