1  John W. Dillon (Bar No. 296788)
   Dillon Law Group APC
2  2647 Gateway Road
3  Suite 105, No. 255
   Carlsbad, California 92009
4  Telephone: (760) 642-7150
5  Facsimile: (760) 642-7151
   E-mail: jdillon@dillonlawgp.com
6

7  Attorneys for Plaintiffs

8  **UNITED STATES DISTRICT COURT**
9  **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW JONES, *et al.*, | Case No.: 3:19-cv-01226-L-AHG |
| Plaintiffs, | Hon. M. James Lorenz and Magistrate Judge Allison H. Goddard |
| v. | |
| ROB BONTA, in his official capacity as Attorney General of the State of California, *et al.*,[1] | **PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER AND REQUEST LEAVE OF COURT TO AMEND COMPLAINT; OR IN THE ALTERNATIVE, MOTION TO ADD INDIVIDUAL PLAINTIFFS VIA PERMISSIVE JOINDER** |
| Defendants. | |
| | Date: February 13, 2023 |
| | Time: 10:30 a.m. |
| | Place: Courtroom 5B (Fifth Floor) |
| | Second Amended Complaint Filed Nov. 8, 2019 |
| | No oral argument will be heard pursuant to local rules unless order by the Court |

---

[1] Rob Bonta is automatically substituted for his predecessor, Xavier Becerra, as California Attorney General, and Allison Mendoza is automatically substituted for her predecessors, former Directors Louis Lopez and Martin Horan, and former Acting Directors Brent E. Orick and Blake Graham. Fed. R. Civ. P. 25(d).

*[TITLE HERE]*

# I. INTRODUCTION AND PROCEDURAL HISTORY

## A. Overview

This is a Second Amendment rights case with a procedural history familiar to the parties, their counsel, and this Court. The case has been heard by the Ninth Circuit in the context of Plaintiffs' preliminary injunction motion seeking to enjoin, under the Second Amendment, California's prohibition on the sale or transfer most firearms to anyone under the age of 21. Specifically, in May 2022, the Ninth Circuit affirmed in part, and reversed in part, this Court's order denying Plaintiffs' preliminary injunction. *Jones v. Bonta,* Case No. 20-56174 (9th Cir. 2022). After further proceedings, the Ninth Circuit ultimately vacated its May 2022 Opinion, further vacated this Court's order denying the preliminary injunction, and remanded the case for further proceedings consistent with the United States Supreme Court's June 2022, decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S.Ct. 2111 (2022). ECF No. 91.

Since the remand, Plaintiffs' preliminary injunction motion remained pending, and this Court, after calling for supplemental briefing, found that *Bruen* represented "a change in the legal framework this Court applied when deciding Plaintiffs' preliminary injunction motion[.]" Therefore, this Court has denied Plaintiffs' motion as moot, and has allowed Plaintiffs to refile the motion no later than January 16, 2023. ECF No. 21.

Plaintiffs will refile their motion pursuant to this Court's order by January 16, 2023. So, this case is back to square one in many respects. As a result, Plaintiffs seek leave to amend their complaint solely for purposes of adding two new individual plaintiffs to ensure individual plaintiffs have standing in this case, which challenges the State's age-based law that prohibits the sale or transfer of most firearms to anyone under the age of 21; and due to the age sensitivity of the challenged law, judicial

review is easily evaded for individual plaintiffs because they reach the age of 21 before the case can be resolved fully on the merits.

### B.     Request to Amend

Plaintiffs respectfully request that the Court grant Plaintiffs leave to amend their complaint, limited to the addition of the new individual plaintiffs. The standing of the other named Plaintiffs and their 18-to-20-year-old members are not in question; and therefore, the case remains a live and actual controversy; and the State conceded as much before the Ninth Circuit. See *Jones v. Bonta*, 34 F.4th 704, 713 (9th Cir. 2022) (vacated).

While the case itself has been pending since July 2019, the State should readily concede that the case is back to square one — with interim and other related relief still at issue under the legal framework announced in the *Bruen* decision. The State should also concede that though modified, there is no current scheduling order, except for this Court's recent order related to Plaintiffs' upcoming preliminary injunction motion (ECF No. 100). And the State should not dispute there is no pre-trial conference order and no trial date, so there is no prejudice to the State if this Court were to grant Plaintiffs' motion to amend.

Despite no prejudice to the State, Plaintiffs also endeavored to avoid the necessity of this formal motion by meeting and conferring with the State's counsel. (See Declaration of John W. Dillon in support of this motion, filed concurrently therewith.) Unfortunately, Plaintiffs' counsel efforts were unsuccessful. The State advised Plaintiffs' counsel that the State would not consent to the motion. Essentially, the State reserved its right to oppose.

## II.    LEGAL STANDARDS GOVERNING MOTION TO AMEND

Plaintiffs request a modification of the pleading deadline in the Court's original scheduling order (ECF No. 15) and seek leave to permit Plaintiffs to file their Third Amended Complaint, pursuant to Federal Rules of Civil Procedure Rules 15(a)(2)

and 16; or in the alterative, Plaintiffs request the limited amendment (two new individual plaintiffs) *via* permissive joinder under Federal Rules of Civil Procedure Rule 20.[2]

Starting first with Rule 16, when courts issue a pretrial scheduling order that establishes a timetable to amend the complaint, Rule 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16(b)(4) states that a court's scheduling order "may be modified only for good cause and with the judge's consent." Rule 16(b)(4). To allow for an amendment under Rule 16, plaintiffs must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id*. The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *See Eisenstecken v. Tahoe Reg'l Planning Agency*, No. 2:20-cv-02349-TLN-CKD, 2022 U.S. Dist. LEXIS 59416, at *3-4 (E.D. Cal. Mar. 29, 2022)

Additionally, Rule 15(a)(2) governs amendments to complaints, and leave to amend should be freely given when justice so requires. *Id*. The Ninth Circuit has construed this rule broadly, requiring that leave to amend be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987) (noting "the strong policy permitting amendment" (citation omitted)). This broad discretion also "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)).

---

[2] References to the Federal Rules of Civil Procedure will be cited only to the rule in the balance of this motion.

[TITLE HERE]

The Supreme Court has articulated five-factors courts are to consider when deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *Forman v. Davis*, 371 U.S. 178, 182 (1962); see also *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003); *Desertrain vs. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). However, not all factors merit equal weight. *Eminence Capital*, 316 F.3d at 1052. "Prejudice is the 'touchstone of the inquiry under rule 15(a)'" and "carries the greatest weight." *Id*. (citations omitted). "The party opposing [the] amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987).

Alternatively, Plaintiffs seek leave to join the two new individual plaintiffs pursuant to Rule 20, which states that "persons may join in one action as plaintiffs if: (A) they assert any right to relief… with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. Rule 20(a)(1)(A)-(B); see also *Hylton v. Anytime Towing, No*. 11CV1039 JLS (WMc), 2012 U.S. Dist. LEXIS 41010, at *3-5 (S.D. Cal. Mar. 26, 2012). "Permissive joinder is to be liberally construed in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Eisenstecken v. Tahoe Reg'l Planning Agency*, No. 2:20-cv-02349-TLN-CKD, 2022 U.S. Dist. LEXIS 59416, at *11-12 (E.D. Cal. Mar. 29, 2022) (citing *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015).

The purpose of Rule 20(a) is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Id.*, citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Rule 20(a) permits joinder in a single

action of all persons (plaintiffs) with claims arising out of the same transaction or occurrence and presents a common question of law or fact. Fed. R. Civ. P. 20(a). *League to Save Lake Tahoe v. Tahoe Regl. Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

The first prong, the "same transaction" requirement, refers to similarity in the factual background of a claim. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. *Id.* Although there might be different occurrences, where the claims involve enough related operative facts, joinder in a single case may be appropriate. Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (citation omitted); *Eisenstecken*, 2022 U.S. Dist. LEXIS 59416, at *12 (E.D. Cal. Mar. 29, 2022).

The second prong addresses commonality under Rule 20(a)(1)(B), and it is not a particularly stringent test. *Robinson v. Geithner*, No. 1:05-cv-01258-LJO-SKO, 2011 U.S. Dist. LEXIS 2054, 2011 WL 66158, at *5 (E.D. Cal. Jan. 10, 2011). The Rule requires only a single common question, not multiple common questions. Rule 20. Further, the common question may be one of fact or of law and need not be the most important or predominant issue in the litigation. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

### III. GOOD CAUSE EXISTS TO AMEND

Good cause exists to modify the November 22, 2019, deadline to amend the pleadings outlined in this Court's original scheduling order and permit Plaintiffs to file their Third Amended Complaint. As stated, the proposed amendment is solely to add the new individual plaintiffs in this age-based challenge arising under the Second Amendment.

5

At present, there is no operative scheduling order in this case, nor is there an operative pretrial order or trial date (except for this Court's recent scheduling order related to Plaintiffs' preliminary injunction motion (ECF No. 100). See also Dillon Dec. ¶¶ 5-6. As stated above, due to the Plaintiffs' appeal of this Court's denial of Plaintiffs' preliminary injunction motion, followed by this Court's stay of the case pending resolution of the appeal, the prior dates in the Court's original scheduling order have been modified several times through the parties' joint motions and the listed deadlines have long since passed. Thus, the dates within the prior orders are now outdated when applied to the current procedural posture of this case. As this matter moves forward under the *Bruen* review standard, a new scheduling order will likely need to be issued.

Further, as stated, due to this Court's most recent scheduling order, the case will again be heard by motion under the legal framework established in *Bruen*. As a result, the case is essentially a re-start. Therefore, Plaintiffs submit that it is more than appropriate to allow Plaintiffs to include the new individual plaintiffs who are currently 18-to-20-year-olds and who are actively being denied their Second Amendment right to keep and bear arms by the State's age-based prohibitions. While the Organizational Plaintiffs in this case have current, active members who are within this age group, the individually-named Plaintiffs have since turned 21. Plaintiffs' request, and the interests of justice require, that the two new individual plaintiffs be added to the case so they may assert their fundamental rights.

Further, while this case was originally filed in 2019, it has taken approximately four years to litigate Plaintiffs' first (and only) preliminary injunction motion — a motion that must be refiled due to the now abrogated constitutional standards that were applied by the Ninth Circuit and other district and appellate courts throughout the Nation. While the originally named individual Plaintiffs have turned 21, the State's age-based ban continues to deny fundamental rights to law abiding 18-to-20-year-olds, and justice requires that the two new individual plaintiffs be permitted to

1  be added to this case as the State's age-based prohibition continues to violate the
2  rights of 18-to-20-year-olds in California. Thus, good cause exists to modify the prior
3  scheduling order and permit Plaintiffs to amend the complaint for the limited purpose
4  of adding two new individuals as plaintiffs in this case. See also Dillon Dec. ¶¶ 4-7.

## IV.  OTHER FACTORS ALSO FAVOR LEAVE TO AMEND

If this Court finds Plaintiffs have satisfied the good cause requirement, it may still consider the relevant factors under Rule 15 in determining whether to grant leave to amend. As stated above, the Supreme Court has identified five-factors that courts are to consider when deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) prior amendments. *Forman v. Davis*, 371 U.S. 178, 182 (1962); see also *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1051-52; see also *Desertrain*, 754 F.3d at 1154. Plaintiffs satisfy these factors.

First, the State suffer no prejudice if this Court grants Plaintiffs' motion to add the new individual plaintiffs to this case because they will not "greatly change the parties' positions in the action, and require the assertion of new defenses." *Phoenix Solutions, Inc. v. Sony Elec., Inc.*, 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009) (citing *Morongo Band of Mission Indians*, 893 F.2d at 1079). In this case, although Plaintiffs seek to add the new individual plaintiffs, the claim alleged (Second Amendment violation) and the relief requested are identical to the Second Amended Complaint. Additionally, while parties have previously exchanged written discovery, no other substantive action has been conducted by the parties with the exception of Plaintiffs' prior motion for preliminary injunction. Thus, the addition of the two new individual plaintiffs will not create any substantial duplicative effort on behalf of the parties with regard to discovery matters, and the added parties will not affect any pleadings or motions pending before this Court. And as stated, the State has not shown, and cannot show, any prejudice if leave is granted.

[TITLE HERE]

|   |   |
|---|---|
| 1 | Further, the addition of the new individual plaintiffs will not require any significant restructuring of this case, nor will it cause any undue delay as Plaintiffs will file their motion for preliminary injunction by the January 16, 2023, deadline pursuant to this Court's Order (ECF No. 100). |

Additionally, no showing of bad faith can be made regarding Plaintiffs' request for leave to amend. Plaintiffs filed their Second Amended Complaint on November 8, 2019, due to the State's enactment of amendments to the laws challenged in this case. Plaintiffs filed their motion for preliminary injunction shortly thereafter. And at approximately the time of Plaintiffs' appeal from this Court's order denying Plaintiffs' preliminary injunction motion, the individually named Plaintiffs turned 21. The case was subsequently stayed pending resolution of Plaintiffs' interlocutory appeal. See ECF No. 85. The Ninth Circuit issued its decision in June 2022. See *Jones v. Bonta*, 34 F.4th at 713.

As Plaintiffs will be filing their new motion under the *Bruen* standard, it is only appropriate to include individual plaintiffs that are currently being denied their right to keep and bear arms. Thus, there can be no showing of any bad faith on behalf of Plaintiffs. See Dillon Dec. ¶¶ 10-11.

Moreover, there is no "undue delay" with respect to Plaintiffs' motion. The case underwent an interlocutory appeal, a stay was put in place pending the outcome of the appeal, and the Supreme Court issued *Bruen*, triggering Plaintiffs' new motion by January 16, 2023. Indeed, now it the appropriate time to add the two new individual plaintiffs — well before Plaintiffs' new motion is briefed and heard. As shown, this case challenges the State's age-based prohibitions and they are by definition age-sensitive, which necessarily means that judicial review can and will be evaded if 18-to-20-year-olds are not allowed to be added.

Importantly, the individual Plaintiffs currently named in this case were between the ages of 18 and 20 through the original deadline to amend pleadings. Thus, there was no need to add additional parties in the case before the original

deadline in the Court's original scheduling order. Dillon Dec. ¶ 13.  After this Court has allowed Plaintiffs to file anew, which essentially restarts this case, Plaintiffs are seeking leave to amend as the case moves forward.

In addition, the remaining factors favor granting leave to amend. See Dillon Dec. ¶ 14. The requested amendment is not futile. The addition of the two new individual plaintiffs would allege the same claim as the originally named individual Plaintiffs and thus, properly state a claim upon which relief can be granted. While Plaintiffs have previously amended their complaint, this amendment was due to a change in the law being challenged after litigation commenced in the action and was granted after parties filed a joint request to amend the original complaint. Thus, Plaintiffs are not needlessly or repeatedly seeking leave to amend.

If this Court deems that an amendment to the complaint under Rules 15 and 16 is not the appropriate mechanism, Plaintiffs alternatively request that the new individual plaintiffs be added *via* permissive joinder pursuant to Rule 20. Permissive joinder is to be liberally construed in order to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. *Eisenstecken*, No. 2:20-cv-02349-TLN-CKD, 2022 U.S. Dist. LEXIS 59416, at *11. Rule 20(a) joinder is strongly encouraged. *Id.*

Here, the new individual plaintiffs are law abiding adults within the age restriction of the State's age-based firearms prohibition, and they are current members of the Organizational Plaintiffs. *See* Declaration of Jose Chavez filed in support of Plaintiffs' Brief in Opposition to Defendants' Supplemental Brief in Response to the Court's Order of September 14, 2022 (ECF No. 99). As such, the State's prohibitions have prevented them from purchasing and acquiring firearms (both long guns and centerfire semiautomatic rifles) solely due to their age. Alleging identical allegations as the current individual Plaintiffs, the new individual plaintiffs claim that the State's age-based gun ban enforced through California Penal Code section 27510 violates their Second Amendment right to keep and bear arms. They

seek the same relief as the original individually named Plaintiffs. Therefore, the proposed two new individual plaintiffs satisfy the two prongs under permissive joinder.

## V.   CONCLUSION

Plaintiffs' Third Amended Complaint will be limited to adding the new individual plaintiffs who are between the ages of 18 and 20 years old and who are currently being prohibited from exercising their Second Amendment rights due to the State's age-based firearm prohibitions. No other substantive changes will be made to the complaint. For all the above reasons, good cause exists for this Court to grant Plaintiffs leave to amend, and all relevant factors support this Court's order granting leave.

January 12, 2023                                Respectfully submitted,

                                                Dillon Law Group APC


                                                By: _____/s/ John W. Dillon_____
                                                       John Dillon
                                                       *Attorney for Plaintiffs*