John W. Dillon (Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Telephone: (760) 642-7150
Facsimile: (760) 642-7151
E-mail:  jdillon@dillonlawgp.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Jones; Thomas Furrh; Kyle Yamamoto; Jose Chavez; Andrew Morris; PWGG, L.P. (D.B.A. Poway Weapons And Gear and PWG Range); North County Shooting Center, Inc.; Beebe Family Arms And Munitions LLC (D.B.A. BFAM And Beebe Family Arms And Munitions); Firearms Policy Coalition, Inc.; Firearms Policy Foundation; The California Gun Rights Foundation; and Second Amendment Foundation, | Case No.: 19-cv-01226-L-AHG Hon. Judge M. James Lorenz and Magistrate Judge Allison H. Goddard **THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs,

v.

Rob Bonta, in his official capacity as Attorney General of the State of California; Allison Mendoza, in her official capacity as Acting Director of the Department of Justice Bureau of Firearms; and DOES 1-20,

Defendants

## INTRODUCTION

Plaintiffs, through their counsel, file this Third Amended Complaint for Declaratory and Injunctive Relief (Third Amended Complaint) against the named Defendants in their official capacities as state officials responsible under California law for administering and enforcing state laws and regulations governing the purchase, sale, transfer, possession, use of, and access to firearms.

Specifically, Plaintiffs respectfully request that this Court: (i) declare that California Penal Code section 27510(a)-(b) and Defendants' policies and practices of enforcing that law, which prohibits adults between the ages of 18 and 20 from acquiring or purchasing any firearm (hereinafter, the "California Age-Based Gun Ban"), is an unconstitutional infringement of Plaintiffs' constitutional rights under the Second and Fourteenth Amendments of the United States Constitution; and (ii) permanently enjoin Defendants from enforcing Penal Code section 27510(a)-(b), and thereby allow Plaintiffs, and others similarly situated, to acquire, purchase, use, sell, or transfer firearms to defend themselves, their families, and their homes and for all other lawful purposes. In support of the Second Amended Complaint, Plaintiffs hereby allege as follows:

## JURISDICTION AND VENUE

1.     This Court has subject-matter jurisdiction over Plaintiffs' claims in this action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States; and, thus, raises federal questions. The Court also has

2

jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983, because this action seeks to redress the deprivation, under color of the laws and statutes of the State of California and political subdivisions thereof, of rights, privileges, and immunities secured by the United States Constitution and laws.

2.      Plaintiffs' claims for declaratory and injunctive relief are authorized under 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983; and their claim for attorneys' fees is authorized under 42 U.S.C. §1988.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

### A.      Plaintiffs – Individuals and Entities

4.      Plaintiff Matthew Jones, an individual, is a 20-year-old resident of Santee, California. Mr. Jones does not have any criminal history, nor is he a member of the armed services or law enforcement. Mr. Jones does not have a California hunter's license issued by the California Department of Fish and Wildlife. He has no interest in obtaining a firearm for hunting purposes. Mr. Jones does not currently own any firearm but wishes to purchase one for self-defense and other lawful purposes. Except for the California law (Penal Code § 27510) banning his right to acquire or purchase any firearm due solely to his age, and his reasonable fear of criminal prosecution for violating that law, Mr. Jones would immediately purchase, acquire, and/or possess a firearm within California for self-defense and other lawful purposes. Further, Mr. Jones

is currently eligible under the laws of the United States and of the State of California to purchase, acquire, and receive firearms.

5.     Plaintiff Thomas Furrh, an individual, is a 20-year-old resident of Vista, California. Mr. Furrh does not have any criminal history, nor is he a member of the armed services or law enforcement. Mr. Furrh does not have a California hunter's license issued by the California Department of Fish and Wildlife. He has no interest in obtaining a firearm for hunting purposes. Mr. Furrh does not currently own any firearm, but wishes to purchase one for self-defense and other lawful purposes. Except for the California law (Penal Code § 27510) banning his right to acquire or purchase a firearm due solely to his age, and his reasonable fear of criminal prosecution for violating that law, Mr. Furrh would immediately purchase, acquire, and/or possess a firearm within California for self-defense and other lawful purposes. Further, Mr. Furrh is currently eligible under the laws of the United States and of the State of California to purchase, acquire, and receive firearms.

6.     Plaintiff, Kyle Yamamoto, an individual, is a 19-year-old resident of Hacienda Heights, California. Mr. Yamamoto does not have any criminal history, nor is he a member of the armed services or law enforcement. Mr. Yamamoto does not have a California hunter's license issued by the California Department of Fish and Wildlife. He has no interest in obtaining a firearm for hunting purposes. Mr. Yamamoto does not currently own any firearm, but wishes to purchase one for self-defense and other lawful purposes. Except for the California law (Penal Code § 27510) banning his

4

right to acquire or purchase a firearm due solely to his age, and his reasonable fear of criminal prosecution for violating that law, Mr. Yamamoto would immediately purchase, acquire, and/or possess a firearm within California for self-defense and other lawful purposes. Further, Mr. Yamamoto is currently eligible under the laws of the United States and of the State of California to purchase, acquire, and receive firearms.

7. Plaintiff Jose Lupe Chavez, an individual, is a 20-year-old resident of Tracy, California who currently lives in San Diego while he attends the University of California, San Diego. Mr. Chavez does not have any criminal history, nor is he a member of the armed services or law enforcement. Mr. Chavez does not have a California hunter's license issued by the California Department of Fish and Wildlife. He has no interest in obtaining a firearm for hunting purposes. Mr. Chavez does not currently own any firearms but wishes to purchase one, such as a shotgun or rifle (including a centerfire semiautomatic rifle) for self-defense and other lawful purposes. Except for the California law (Penal Code § 27510) banning his right to acquire or purchase any firearm due solely to his age, and his reasonable fear of criminal prosecution for violating that law, Mr. Chavez would immediately purchase, acquire, and/or possess both various forms of long guns within California for self-defense and other lawful purposes. Further, Mr. Chavez is currently eligible under the laws of the United States and of the State of California to purchase, acquire, and receive firearms.

8. Plaintiff Andrew Morris, an individual, is a 19-year-old resident of Poway, California. Mr. Morris does not have any criminal history, nor is he a member

5

of the armed services or law enforcement. Mr. Morris does not have a California hunter's license issued by the California Department of Fish and Wildlife. He has no interest in obtaining a firearm for hunting purposes. Mr. Morris does not currently own any firearms but wishes to purchase one, such as a shotgun or rifle (including a centerfire semiautomatic rifle) for self-defense and other lawful purposes. Except for the California law (Penal Code § 27510) banning his right to acquire or purchase any firearm due solely to his age, and his reasonable fear of criminal prosecution for violating that law, Mr. Morris would immediately purchase, acquire, and/or possess both various forms of long guns within California for self-defense and other lawful purposes. Further, Mr. Morris is currently eligible under the laws of the United States and of the State of California to purchase, acquire, and receive firearms.

       9.     Plaintiff PWGG, L.P. is both a California limited partnership doing business as Poway Weapons & Gear and PWG Range (PWG), and a federal and state licensed firearms retailer and range in Poway, California. PWG is the largest indoor shooting range in California, serving approximately 200,000 visitors per year and supporting almost 4,000 members. It is also the largest firearm, accessory, and apparel retail store in San Diego, California. As part of its range activities, PWG provides firearms for rental use in its three indoor shooting ranges. PWG also provides firearms training to over 8,000 students per year. Since opening in 2014, PWG has helped educate over 50,000 students in firearm use and safety through various courses involving the handling and use of firearms. Due to Defendants' enforcement of the

6

prohibition of selling, supplying, delivering, or giving possession or control of a firearm to any person under 21 years of age, PWG has been directly and adversely harmed. For example, PWG has been forced to stop, and has stopped, otherwise lawful sales to adults under the age of 21. It has been forced to stop, and has halted, all firearm rentals to adults under the age of 21. Further, PWG has been forced to prohibit, and has prohibited, adults between the ages of 18-to-20 from attending various firearms classes hosted by PWG. As a direct result, PWG has sustained financial harm, injury, and losses from the sale and rentals of otherwise lawful goods and services. PWG brings this action on behalf of itself, its members, and other similarly situated licensed firearms retailers and shooting ranges in California.

10.     Plaintiff North County Shooting Center Inc. (NCSC) is both an S-Corp and a federal and state licensed firearms retailer and range in San Marcos, California owned by Darin Prince and Stanley Tuma. NCSC is a full-service shooting range and gun store. NCSC sells firearms, ammunition, and other firearms accessories as part of its retail store. As part of its range activities, NCSC provides firearms for rental use in its indoor shooting range. NCSC also provides various firearms training courses which take place on NCSC premises. Due to Defendants' enforcement of the prohibition of selling, supplying, delivering, or giving possession or control of a firearm to any person under 21 years of age, NCSC has been directly and adversely harmed. For example, NCSC has been forced to stop, and has stopped, otherwise lawful sales to adults under the age of 21. It has been forced to stop, and has halted, all firearm rentals to adults

7

under the age of 21. Further, NCSC has been forced to prohibit, and has prohibited, adults between the ages of 18-to-20 from attending various firearms classes hosted by NCSC. As a direct result, NCSC has sustained financial injury, harm, and losses from the sale and rentals of otherwise lawful goods and services. NCSC brings this action on behalf of itself, its members, and other similarly situated licensed firearms retailers and shooting ranges in California.

11.    Plaintiff Beebe Family Arms and Munitions, LLC, d.b.a. BFAM and Beebe Family Arms and Munitions (Beebe Arms) is a federal and state licensed firearms retailer in Fallbrook, California owned by Matthew Beebe. Due to Defendants' enforcement of the prohibition of selling, supplying, delivering, or giving possession or control of a firearm to any person under 21 years of age, Beebe Arms has been directly and adversely harmed. For example, Beebe Arms has been forced to stop, and has stopped, otherwise lawful sales to adults under the age of 21. More specifically, Beebe Arms was forced to deny Plaintiff Furrh from purchasing/acquiring a firearm for self-defense. Further, Beebe Arms has been forced to prohibit, and has prohibited, adults between the ages of 18-to-20 from attending various firearms classes hosted by Beebe Arms. As a direct result, Beebe Arms has sustained financial harm, injury, and losses from the sale of otherwise lawful goods and services. Beebe Arms brings this action on behalf of itself, its members, and other similarly situated licensed firearms retailers in California.

**B.** **Institutional Plaintiffs**

12.    Plaintiff Firearms Policy Coalition, Inc. (FPC) is a 26 U.S.C. section 501(c)(4) non-profit organization incorporated under the laws of Delaware with its principal place of business in Sacramento, California. FPC's members and supporters reside both within and outside the State of California, including San Diego County, California. FPC serves its members, supporters, and the public through direct legislative advocacy, grassroots advocacy, legal efforts, research, education, outreach, and other programs.  FPC also strongly opposed the state legislation (Senate Bill 1100) that led to enactment of Penal Code section 27510. The purpose of FPC includes defending the United States Constitution and the people's rights, privileges, and immunities deeply rooted in this country's history and tradition, especially the fundamental right to keep and bear arms under the Second Amendment. FPC represents its members and supporters, who include licensed California firearm retailers and gun owners, and brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public. FPC's individual California members have been adversely and directly harmed and injured by Defendants' enforcement of the statutory prohibition on the lawful sale of firearms to adults between the ages of 18 and 20. Indeed, Penal Code section 27510 has denied, and will continue to deny, millions of responsible, law-abiding adults under the age of 21 their fundamental, individual right to keep and bear arms secured under the Second and Fourteenth Amendments of the

9

U.S. Constitution. Defendants' actions and failures alleged herein have also caused FPC to dedicate resources that would otherwise be available for other purposes to protect the rights and property of its members, supporters, and the general public, including by and through this action.

13. Plaintiff Firearms Policy Foundation (FPF) is a grass roots 501(c)3 non-profit public benefit organization. FPF's mission is to protect and defend the Constitution of the United States and the People's rights, privileges and immunities deeply rooted in the Nation's history and tradition, especially the inalienable, fundamental, and individual right to keep and bear arms. FPF informs the public about past and current laws, legal challenges and effects of laws on their members and supporters' constitutional rights. FPF has taken, and continues to take, legal action to advance the Second Amendment rights of its members and supporters. The Court's interpretation of the Second Amendment directly impacts FPF's organizational interests, as well as FPF's members and supporters in California, who enjoy exercising their Second Amendment rights. FPF brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public. FPF's individual California members between the ages of 18 and 20 have been adversely and directly harmed and injured by Defendants' enforcement of the statutory prohibition on the lawful sale of firearms to adults between the ages of 18 and 20. Indeed, Penal Code section 27510 has denied, and will continue to deny, millions of responsible, law-abiding adults under the age of 21 their

fundamental, individual right to keep and bear arms secured under the Second and Fourteenth Amendments of the U.S. Constitution. Defendants' actions and failures alleged herein have caused FPF to dedicate resources that would otherwise be available for other purposes to protect the rights and property of its members, supporters, and the general public, including by and through this action.

14.     Plaintiff The California Gun Rights Foundation (CGF) (formally, The Calguns Foundation), is a section 501(c)(3) non-profit organization that serves its members, supporters, and the public through educational, cultural, and judicial efforts to advance Second Amendment and related civil rights. Founded by civil rights activists in California, CGF has taken part in numerous litigation efforts to defend innocent gun owners from criminal prosecution and assisted gun owners with various firearms-related legal issues. CGF has also filed important supporting amicus briefs in lawsuits filed in courts across the nation in an effort to protect Second Amendment rights, including the landmark U.S. Supreme Court case *McDonald v. Chicago*. The Court's interpretation of the Second Amendment directly impacts CGF's organizational interests, as well as CGF's members and supporters in California, who enjoy exercising their Second Amendment rights. CGF brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public. CGF's individual California members between the ages of 18 and 20 have been adversely and directly harmed and injured by Defendants' enforcement of the statutory prohibition on the lawful sale of firearms to adults between

the ages of 18 and 20. Indeed, Penal Code section 27510 has denied, and will continue to deny, millions of responsible, law-abiding adults under the age of 21 their fundamental, individual right to keep and bear arms secured under the Second and Fourteenth Amendments of the U.S. Constitution. Defendants' actions and failures alleged herein have caused CGF to dedicate resources that would otherwise be available for other purposes to protect the rights and property of its members, supporters, and the general public, including by and through this action.

15. Plaintiff Second Amendment Foundation (SAF) is a non-profit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF seeks to preserve the effectiveness of the Second Amendment through educational and legal action programs. SAF has over 650,000 members and supporters nationwide, including thousands of members in California. The purpose of SAF includes education, research, publishing, and legal action focusing on the constitutional right to privately own and possess firearms under the Second Amendment, and the consequences of gun control. The Court's interpretation of the Second Amendment directly impacts SAF's organizational interests, as well as SAF's members and supporters in California, who enjoy exercising their Second Amendment rights. SAF brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public. Many of SAF's individual California members between the ages of 18 and 20 have been adversely and directly harmed and injured by Defendants'

enforcement of the statutory prohibition on the lawful sale of firearms to adults between the ages of 18 and 20. Indeed, Penal Code section 27510 has denied, and will continue to deny, millions of responsible, law-abiding adults under the age of 21 their fundamental, individual right to keep and bear arms secured under the Second and Fourteenth Amendments of the U.S. Constitution. Defendants' actions and failures alleged herein have caused SAF to dedicate resources that would otherwise be available for other purposes to protect the rights and property of its members, supporters, and the general public, including by and through this action.

16.     Plaintiff Matthew Jones brings this case on behalf of himself, and as a representative of a class of similar individuals consisting of adult, law-abiding California residents too numerous to individually name or include as parties to this action. These are California adult citizens ages 18-to-20 who are not otherwise prohibited or exempt from Penal Code section 27510, but are now precluded from lawfully purchasing, renting, or acquiring any firearm through licensed firearms retailers, shooting ranges, and private party transfers, but for Defendants' enforcement of Penal Code section 27510. Plaintiff Jones individually and as a representative on behalf of similarly situated adults have sustained, and will continue to sustain, injury by not being able to lawfully purchase, rent, or acquire any firearm through licensed firearms retailers, shooting ranges, and private party transfers, but for Defendants' enforcement of Penal Code section 27510.

17.     Plaintiff Thomas Furrh brings this case on behalf of himself, and as a representative of a class of similar individuals consisting of adult, law-abiding California residents too numerous to individually name or include as parties to this action. These are California adult citizens ages 18-to-20 who are not otherwise prohibited or exempt from Penal Code section 27510, but are now precluded from lawfully purchasing, renting, or acquiring any firearm through licensed firearms retailers, shooting ranges, and private party transfers, but for Defendants' enforcement of Penal Code section 27510. Plaintiff Furrh individually and as a representative on behalf of similarly situated adults have sustained, and will continue to sustain, injury by not being able to lawfully purchase, rent, or acquire any firearm through licensed firearms retailers, shooting ranges, and private party transfers, but for Defendants' enforcement of Penal Code section 27510.

18.     Plaintiff Kyle Yamamoto brings this case on behalf of himself, and as a representative of a class of similar individuals consisting of adult, law-abiding California residents too numerous to individually name or include as parties to this action. These are California adult citizens ages 18-to-20 who are not otherwise prohibited or exempt from Penal Code section 27510, but are now precluded from lawfully purchasing, renting, or acquiring any firearm through licensed firearms retailers, shooting ranges, and private party transfers, but for Defendants' enforcement of Penal Code section 27510. Plaintiff Yamamoto individually and as a representative on behalf of similarly situated adults have sustained, and will continue to sustain, injury

14

by not being able to lawfully purchase, rent, or acquire any firearm through licensed firearms retailers, shooting ranges, and private party transfers, but for Defendants' enforcement of Penal Code section 27510.

19. Plaintiff Jose Lupe Chavez brings this case on behalf of himself, and as a representative of a class of similar individuals consisting of adult, law-abiding California residents too numerous to individually name or include as parties to this action. These are California adult citizens ages 18-to-20 who are not otherwise prohibited or exempt from Penal Code section 27510, but are now precluded from lawfully purchasing, renting, or acquiring any firearm through licensed firearms retailers, shooting ranges, and private party transfers, but for Defendants' enforcement of Penal Code section 27510. Plaintiff Chavez individually and as a representative on behalf of similarly situated adults have sustained, and will continue to sustain, injury by not being able to lawfully purchase, rent, or acquire any firearm through licensed firearms retailers, shooting ranges, and private party transfers, but for Defendants' enforcement of Penal Code section 27510.

20. Plaintiff Andrew Morris brings this case on behalf of himself, and as a representative of a class of similar individuals consisting of adult, law-abiding California residents too numerous to individually name or include as parties to this action. These are California adult citizens ages 18-to-20 who are not otherwise prohibited or exempt from Penal Code section 27510, but are now precluded from lawfully purchasing, renting, or acquiring any firearm through licensed firearms

15

retailers, shooting ranges, and private party transfers, but for Defendants' enforcement of Penal Code section 27510. Plaintiff Morris individually and as a representative on behalf of similarly situated adults have sustained, and will continue to sustain, injury by not being able to lawfully purchase, rent, or acquire any firearm through licensed firearms retailers, shooting ranges, and private party transfers, but for Defendants' enforcement of Penal Code section 27510.

21. Plaintiff PWG brings this case on behalf of itself, and as a representative of a class of similar entities consisting of licensed California retailers too numerous to individually name or include as parties to this action. They are licensed firearms retailers and shooting ranges in California that are injured because they are now prohibited from selling, supplying, delivering, or giving possession or control of a firearm to any person under 21 years of age, who would otherwise be permitted to lawfully purchase, rent, and acquire firearms.

22. Plaintiff NCSC brings this case on behalf of itself, and as a representative of a class of similar entities consisting of licensed California retailers too numerous to individually name or include as parties to this action. They are licensed firearms retailers and shooting ranges in California that are injured because they are now prohibited from selling, supplying, delivering, or giving possession or control of a firearm to any person under 21 years of age, who would otherwise be permitted to lawfully purchase, rent, and acquire firearms.

23.     Plaintiff Beebe Arms brings this case on behalf of itself, and as a representative of a class of similar individuals consisting of licensed California retailers too numerous to individually name or include as parties to this action. They are licensed firearms retailers in California that are injured because they are now prohibited from selling, supplying, delivering, or giving possession or control of a firearm to any person under 21 years of age, who would otherwise be permitted to lawfully purchase, rent, and acquire firearms.

24.     Plaintiffs FPC, FPF, CGF, and SAF bring this case as public interest entities and organizations whose California members ages 18-to-20 are now prohibited from lawfully purchasing, renting, or acquiring firearms. They are California adult citizens ages 18 to 20 who are not otherwise prohibited or exempt from Penal Code section 27510, but are now precluded from lawfully purchasing, renting, or acquiring firearms through licensed firearms retailers, shooting ranges, or private party transfers, but for Defendants' enforcement of Penal Code section 27510. The 18-to-20-year-old members would otherwise have standing to sue in their own right because they are injured by not being able to purchase, rent, or acquire any firearm in California. Such injuries and interests are germane to each entities' and organizations' purposes, and neither the claims asserted nor the relief requested requires participation of these individual members.

25.     As to all claims made in a representative/associational capacity herein, there are common questions of law and fact that substantially injure and adversely

17

affect the rights, duties, and criminal liabilities of many similarly situated California residents who knowingly or unknowingly are subject to the California statute in question. The relief sought in this action is declaratory and injunctive in nature, and the action involves matters of substantial public interest that are likely to reoccur over time with the potential of evading judicial review. Considerations of necessity, convenience, and justice justify relief to individual and institutional Plaintiffs in a representative/associational capacity. Further, to the extent it becomes necessary or appropriate, the institutional Plaintiffs are uniquely able to communicate with and provide notice to their thousands of California members and constituents who are or would be party of any identifiable class of individuals for whose benefit this Court may grant such relief.

### C. Defendants

26.     Defendant Rob Bonta is the Attorney General of the State of California. The Attorney General is the chief law enforcement officer of the state, and the head of the California Department of Justice. The Attorney General is charged by Article V, section 13 of the California Constitution with the duty to ensure that California's laws are uniformly and adequately enforced. Defendant Bonta also has direct supervision over every district attorney, sheriff, and such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices. The Department of Justice and its Bureau of Firearms regulate and enforce state laws related to firearms. As Attorney General, Defendant Bonta is responsible for directing and

18

supervising the prosecution of all offenses under California's criminal laws, including the statutory ban on purchasing or acquiring firearms at issue in this case. The Attorney General is sued herein in his official capacity.

27.     Defendant Allison Mendoza is Acting Director of the Department of Justice's Bureau of Firearms. Upon information and belief, Defendant Mendoza reports to Attorney General Bonta, and is responsible for the various operations of the Bureau of Firearms, including the implementation and enforcement of the statutes and regulations governing sales, use, ownership, transfer, and assault weapon registration, of firearms. She is sued herein in her official capacity.

28.     Plaintiffs are unaware of the true names and capacities of those defendants sued herein as DOES 1 through 20, inclusive, and therefore sue such defendants by fictitious names. Plaintiffs are informed and believe and based upon such information and belief allege that each of the Defendants designated as DOES 1 through 20, inclusive, is responsible in some manner for promulgating, administering, enforcing, or otherwise implementing the DOJ's enforcement of the statutes at issue herein. Plaintiffs will amend this complaint to include the true names of Defendant DOES 1 through 20, inclusive, as soon as is practicable after such names and capacities become known to them.

29.     All Defendants named herein administer or enforce California's criminal laws, including Penal Code section 27510, against Plaintiffs and other California adult citizens under color of state law within the meaning of 42 U.S.C. § 1983.

19

## FACTUAL ALLEGATIONS

30.    The Second Amendment to the United States Constitution provides, "[a] well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

31.    The Second Amendment protects the people's right acquire, keep, bear, and possess arms, including firearms, for all lawful purposes including but not limited to self-defense. The Second Amendment "guarantee[s] the individual right to possess and carry" firearms, and "elevates above all other interests the right of law-abiding responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

32.    Once an individual turns 18 years old in this country, he or she is considered a legal adult free to exercise fundamental constitutional rights pursuant to the United States Constitution.

33.    Individuals 18 years and older are considered adults for almost all purposes. For example, at 18 years old, U.S. citizens can (i) vote, (ii) fully exercise their freedom of speech, (iii) receive the full protections under the 4th, 5th, and 6th Amendments, (iv) enter into contracts, and (v) serve in the United States military.

34.    Indeed, male citizens over 18 years of age are designated members of the militia pursuant to federal statute, 10 U.S.C. § 246(a), and may be selected and inducted for training and service into the United States armed forces, 50 U.S.C. § 3803(a). As such, they are eligible to serve in the military, and to die for their country.

20

35.     The ordinary definition of the militia "[i]s all able-bodied men." *Heller*, 554 U.S. at 707 (Breyer, J. dissenting). The Supreme Court in *Heller* recognized that through Congress' plenary power, it organized all able-bodied men between 18 and 45 as part of the militia in the first Militia Act. *Heller*, 554 U.S. at 596. Thus, the Supreme Court recognized 18-to-20-year-olds as part of the militia; and as such, they necessarily have the right to keep and bear arms. Further, as affirmed in *Heller*, the right to keep and bear arms extends beyond the militia, reserving an individual right to keep and bear arms for all lawful purposes, "most notably for self-defense within the home." *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010).

36.     In addition, the "militia of the State" consists of both the organized and unorganized militia. Specifically, the State's organized militia encompasses the National Guard, State Military Reserve and the Naval Militia. Cal. Military and Veterans Code Section 120.

37.     "The unorganized militia consist of all persons liable to service in the militia, but not members of the National Guard, the State Military Reserve, or the Naval Militia." Cal. Military and Veterans Code Section 121.

38.     "[T]he militia in colonial America consisted of a subset of 'the people' – those who were male, able-bodied, and within a certain age range." *Heller*, 554 U.S. at 580. Further, the militias of every colony and state, and the federal militia, included

18-to-20-year-olds. Indeed, it is "*the right of the people to keep and bear arms*" that the Second Amendment protects.[1] *Id.*, emphasis added.

39.  Despite these facts, the State of California recently enacted legislation, effective January 1, 2019, that prohibits an entire class of adults from exercising their Second Amendment right to keep and bear arms. Specifically, California prohibits adults ages 18-to-20 from purchasing or acquiring any firearm. The California law, Penal Code section 27510(a)-(b), also makes it a crime for licensed firearms retailers and ranges to sell, supply, deliver, or give possession or control of a firearm to any person under 21 years of age.

40.  By prohibiting licensed firearm retailers and ranges from selling, supplying, delivering, or giving possession or control of a firearm to any person

---

[1] The Court's full discussion of "the people":

What is more, in all six other provisions of the Constitution that mention "the people," the term unambiguously refers to all members of the political community, not an unspecified subset.  As we said in *United States v. Berdugo-Urquidez*, 494 U.S. 259, 265, 110 S.Ct. 1056, 108 L.Ed.2d 222 (1990):

> "'[T]he people' seems to have been a term of art employed in select parts of the Constitution…. [Its uses] sugges[t] that 'the people' protected by the Fourth Amendment, and by the First and Second Amendments, and to whom rights and powers are reserved in the Ninth and Tenth Amendments, refers to a class of persons who are part of a national community or who have otherwise developed suffice connection with this country to be considered part of that community."

This contrasts markedly with the phrase "the militia" in the prefatory clause.  As described below, the "militia" in colonial America consisted of a subset of "the people" — those who were male, able bodied, and within a certain age range.

under 21 years of age, the California Age-Based Gun Ban constitutes an unconstitutional infringement on the acquisition or purchase of any firearm and that ban infringes on the fundamental constitutional rights of not only the Plaintiffs, but thousands of other law-abiding adults throughout California. As such, the California Age-Based Gun Ban is invalid under the Second and Fourteenth Amendments.

**The California Age-Based Gun Ban**

41.    On September 28, 2018, then Governor Edmund G. Brown, Jr. signed into law Senate Bill 1100 ("SB 1100", 2017-2018 Reg. Sess.). SB 1100 amended Section 27510 to increase the State's minimum age for firearm purchase and general possession, from 18 to 21 years of age. SB 1100 became effective on January 1, 2019. Specifically, Penal Code section 27510 stated: "(a) A person licensed under Sections 26700 to 26915, inclusive, shall not sell, supply, deliver, or give possession or control of a firearm to any person under 21 years of age."

42.    Prior to enactment of SB 1100, existing California law prohibited the sale or transfer of a handgun, except as exempted, to any person under the age of 21. However, then-existing California law also allowed a person at least 18 years of age to buy or transfer a firearm that is not a handgun (e.g., shotguns, rifles).

43.    With enactment of SB 1100, however, California's ban on the acquisition and purchase of ***all firearms*** is now complete, except for a few exemptions found in the new law. Penal Code section 27510, as amended, provides a small handful of exemptions, stating the law "does not apply to" the sale, supplying, delivery, or giving

23

possession or control of a firearm to (i) a person 18 years of age or older that holds a valid hunting license, (ii) an active peace officer that is 18 years of age or older, (iii) an active federal officer or law enforcement agent that is 18 or older, (iv) a reserve peace officer that is 18 or older, (v) an active member in the U.S. military that is 18 or older, and (vi) a person honorably discharged from the military that is 18 or older.

44.    However, on October 11, 2019, only ten months after SB 1100 was enacted, the State of California already has taken additional *steps* to further restrict Young Adults' Second Amendment rights by incorporating *additional* prohibitions within Section 27510's so-called exemptions. On October 11, 2019, Governor Gavin Newsom signed Senate Bill 61 (SB 61) into law.

45.    Before SB 61, the so-called "exemptions" listed in Penal Code section 27510(b)(1)-(2) were irrelevant, inapplicable, and illusory as they did not provide Young Adults any ordinary means of lawfully obtaining firearms. SB 61 amended Section 27510's exemption that previously permitted licensed dealers to sell, deliver, transfer, and provide possession or control of firearms that are *not* handguns (*e.g.*, rifles and shotguns) to Young Adults who obtain and possess a valid hunting license issued by the California Department of Wildlife. See Penal Code section 27510(b)(1), as amended in Senate Bill 61 (2019-2020 Reg. Sess.).

46.    Now, even if a Young Adult were forced to go through the significant time and expense to obtain a hunting license (even if they have no desire to hunt) in order to exercise their Second Amendment right to keep and bear arms for self-defense and

other lawful purposes, under the new law, they are *still prohibited* from purchasing, transferring, acquiring, or obtaining possession or control of all semiautomatic, centerfire rifles of any kind. *See* Senate Bill 61 (2019-2020 Reg. Sess.).

47. The amended portions of California Penal Code section 27510 now provide:

> (a) A person licensed under Sections 26700 to 26915, inclusive, shall not sell, supply, deliver, or give possession or control of a firearm to any person who is under 21 years of age.
>
> (b) (1) Subdivision (a) does not apply to or affect the sale, supplying, delivery, or giving possession or control of a firearm **that is not a handgun or a semiautomatic centerfire rifle** to a person 18 years of age or older who possesses a valid, unexpired hunting license issued by the Department of Fish and Wildlife.
>
> (2) Subdivision (a) does not apply to or affect the sale, supplying, delivery, or giving possession or control of a firearm **that is not a handgun or a semiautomatic centerfire rifle** to a person who is 18 years of age or older and provides proper identification of being an honorably discharged member of the United States Armed Forces, the National Guard, the Air National Guard, or the active reserve components of the United States. For purposes of this subparagraph, proper identification includes an Armed Forces Identification Card or other written documentation certifying that the individual is an honorably discharged member.

SB 61 (2019-2020 Reg. Sess.), California Penal Code section 27510(a)-(b) (bold added).

48. Thus, only ten months after stripping Young Adults of their Second Amendment rights, the State of California and the Defendants implementing that law,

have now whittled down Penal Code section 27510's already inapplicable and irrelevant hunting license "exemption" — the only exemption that is even possible for an ordinary, law abiding Young Adult who does not wish to enter into a highly dangerous career in law enforcement or the military — by prohibiting an entire class of firearms (semiautomatic centerfire rifles).

49.     Notably, under Penal Code section 27510, as amended, a Young Adult would be allowed to purchase a semiautomatic, centerfire rifle while active in the U.S. Armed Forces. However, if that adult were subsequently honorably retired before turning 21, *they would again become prohibited from purchasing the same rifle*. In short, the State's ban on Young Adults purchasing and acquiring firearms has nothing to do with "training" or "safety." It is a ban; with no rational reason or legitimate purpose other than to deprive Young Adults of their Second Amendment rights.

50.     This means persons between the ages of 18 and 21 that desire to protect themselves, their family or others, must now feign interest in hunting and get a hunting license, join law enforcement, enlist in the military, or be sure to be honorably discharged from the military before they can lawfully purchase, rent, acquire, and possess only certain classes of firearms in California.[2] However, "the people" identified

---

[2] With the signing of SB 61, even if a Young Adult were to go through the irrelevant and inapplicable requirements and pay the necessary fees to obtain a valid hunting license, they are still prohibited from purchasing all handguns and all semiautomatic centerfire rifles from any licensed dealer or private party transaction. Thus, the most common, widely used, and accepted classes of firearms for self-defense and arguably the most common classes of firearms are prohibited from purchase/acquisition by

26

in *Heller* encompass many more than the few identified in the limited so-called

"exemptions" provided in Penal Code section 27510. Those "people" have a Second

Amendment right to keep and bear arms for an array of lawful purposes, most notably

for self-defense. *McDonald*, 561 U.S. at 780.

51.    Further, the licensed firearms dealer that violates the law is guilty of a

crime and will be punished in accordance with Penal Code section 27590. Under the

California Age-Based Gun Ban, selling a firearm to a person under 21 is either a felony

or a misdemeanor. If charged as a felony, the crime is punishable by imprisonment for

two, three, or four years. If charged as a misdemeanor, the crime is punishable by

imprisonment in the county jail for not to exceed one year, by a $1,000 fine, or both

the fine and imprisonment (see Penal Code § 27590 (b)(6) and (c) (3)). Moreover, the

punishment is increased for an alternate felony/misdemeanor if the transferred firearm

was used in the subsequent commission of a felony for which the person is convicted

and a sentence is imposed (see Penal Code § 27590 (d)(2)).

### Infringement of Plaintiffs' and similarly situated adults' Second Amendment rights

52.    Federal law already significantly constrains the right of adult citizens

under the age of 21 from purchasing handguns. Under 18 U.S.C. § 922(b)(1), a

---

Young Adults even when they have complied with the State's so-called "exemption."
*See Heller*, 554 U.S. at 629 ("it is no answer to say, … that it is permissible to ban the
possession of handguns so long as the possession of other firearms (i.e., long guns) is
allowed"); *Parker v. District of Columbia*, 478 F.3d 370, 400 (D.C. Cir. 2007).

federally licensed firearm dealer may not sell a handgun to any person under the age of 21. California's new ban expands preexisting federal and state law limits by extending the firearms ban *to all firearms*, and prohibits adults not otherwise prohibited from purchasing firearms from any source — not just federally licensed dealers. Even if Young Adults were to comply with the State's hunting license "exemption," they would still be prohibited from purchasing any kind of handgun or semiautomatic centerfire rifle — these classes consist of the majority of all firearms purchased and used in the United States today.

53.     In addition to the various federal limits on firearm acquisitions, California law independently limits access to firearms for those individuals who are considered unsafe, mentally unstable, or otherwise incapable of safely operating a firearm. For instance, California prohibits access to those (i) convicted of a felony; (ii) convicted of domestic violence; (iii) those subject to a restraining order; (iv) those subject to a gun violence restraining order; (v) those admitted to a medical facility under Welfare and Institutions Code section 5150; (vi) minors under the age of 18; and (vii) various other misdemeanor convictions. See Penal Code §§ 29800, 29805.

54.     California law requires, with few exceptions, that all firearm transfers be conducted by a federal licensed dealer. See Penal Code §§ 26500, 26800-26850; See also 27 C.F.R. 478.124(a). This applies even among two private individuals who wish to transfer a firearm. Because Penal Code section 27510 prohibits licensed dealers from "supply[ing], deliver[ing], or giv[ing] possession or control of a firearm to any

28

person under 21 years of age, individuals from 18-to-20 years of age cannot lawfully acquire firearms through a firearms dealer or through private party transfers. The effect of the California Age-Based Gun Ban, and the State's most recent action to further restrict the law's limited, inapplicable, and illusory "exemptions," is to impose a significant, unconstitutional burden on the right to keep and bear arms with regard to an entire class of law-abiding, adult citizens.

**IMPACT ON PLAINTIFFS**

55.     Plaintiff Jones is a 20-year-old adult male who, but for the California Age-Based Gun Ban and Defendants' policies, practices, customs, and enforcement of said law, would be eligible to purchase and possess firearms for lawful purposes, including self-defense. On April 23, 2019, Mr. Jones entered into AO Sword gun shop with the intent to purchase a firearm for self-defense and other lawful purposes. On information and belief, AO Sword was duly licensed within the meaning of Penal Code sections 26700 to 26915, inclusive. Upon informing the licensed dealer of his desire to purchase a firearm, Mr. Jones was asked if he was 21. After informing the employee that he was 20 years old, Mr. Jones was informed that due to his age, AO Sword would not be able to sell or transfer any type of firearm to him. Because the licensed dealer was prohibited from transferring Mr. Jones a firearm of any kind under Penal Code section 27510, he was denied the ability to exercise his Second Amendment rights, including the "right to use arms in self-defense of hearth and home." *Heller*,

554 U.S. at 635. This unlawful prohibition and infringement on Mr. Jones' Second Amendment rights will continue until he is 21 years old.

56.     Plaintiff Jones was not seeking to purchase a firearm in order to hunt and has no interest in using his firearm for hunting. He does not possess a valid, unexpired hunting license issued by the California Department of Fish and Wildlife. Thus, the extremely limited exemption under Penal Code section 27510(b)(1) is inapplicable. Plaintiff Jones is not an active or retired peace officer or federal officer. He also is not a current or retired member of the armed forces. Plaintiff Jones does not intend to enter into a highly dangerous career in law enforcement or the military and will not be forced to do so in order to exercise his Second Amendment rights. Thus, the illusory exceptions under Penal Code section 27510(b)(1)-(3) are inapplicable to him.

57.     Plaintiff Furrh is a 20-year-old adult male who, but for the California Age-Based Gun Ban and Defendants' policies, practices, customs, and enforcement of said law, would be eligible to purchase and possess firearms for lawful purposes, including self-defense. On May 15, 2019, Mr. Furrh entered Beebe Arms gun shop in Fallbrook, California, to purchase a firearm for self-defense and other lawful purposes. On information and belief, Beebe Arms was duly licensed within the meaning of Penal Code sections 26700 to 26915, inclusive. Upon informing the licensed dealer of his desire to purchase a firearm, Mr. Furrh was asked if he was 21. After informing the Beebe Arms employee that he was 20 years old, Mr. Furrh was informed that due to his age, Beebe Arms would not be able to sell or transfer any type of firearm to him.

30

Because the licensed dealer was prohibited from transferring Mr. Furrh a firearm of any kind under Penal Code section 27510, he was denied the ability to exercise his Second Amendment rights, including the "right to use arms in self-defense of hearth and home." *Heller*, 554 U.S. at 635. This unlawful prohibition and infringement on Mr. Furrh's Second Amendment rights will continue until he is 21 years old.

58.     Plaintiff Furrh was not seeking to purchase a firearm in order to hunt and had no interest in using his firearm for hunting. He does not possess a valid, unexpired hunting license issued by the California Department of Fish and Wildlife. Thus, the extremely limited exemption under Section 27510(b)(1) is inapplicable. Plaintiff Furrh is not an active or retired peace officer or federal officer. He also is not a current or retired member of the armed forces. Plaintiff Furrh does not intend to enter into a highly dangerous career in law enforcement or the military before his twenty-first birthday and will not be forced to do so in order to exercise his Second Amendment rights. Thus, the illusory exceptions under Penal Code section 27510(b)(1)-(3) are inapplicable to him.

59.     Plaintiff Yamamoto is a 19-year-old adult male who, but for the California Age-Based Gun Ban and Defendants' policies, practices, customs, and enforcement of said law, would be eligible to purchase and possess firearms for lawful purposes, including self-defense. On June 2, 2019, Mr. Yamamoto attended the Crossroads of the West Gun Show (Gun Show) being held in Costa Mesa, California, to purchase a rifle for self-defense and other lawful purposes. Mr. Yamamoto approached a both occupied

by a licensed firearms dealer. On information and belief, Crossroads of the West Gun Show was operating within the law and obtained proper state and local permits. On information and belief, all licensed dealers operating booths at the Gun Show were duly licensed within the meaning of Penal Code sections 26700 to 26915, inclusive. Upon informing the licensed dealer of his desire to purchase the rifle, Mr. Yamamoto was asked for his California Driver's License. After reviewing Mr. Yamamoto's birth date, the licensed dealer informed Mr. Yamamoto that due to his age, the dealer would not be able to sell or transfer any type of firearm to him. Because the licensed dealer was prohibited from transferring Mr. Yamamoto a firearm of any kind under Penal Code section 27510, he was denied the ability to exercise his Second Amendment rights, including the "right to use arms in self-defense of hearth and home." *Heller*, 554 U.S. at 635. This unlawful prohibition and infringement on Mr. Yamamoto's Second Amendment rights will continue until he is 21 years old.

60.     Plaintiff Yamamoto was not seeking to purchase a rifle to hunt and has no interest in using his firearm for hunting. He does not possess a valid, unexpired hunting license issued by the California Department of Fish and Wildlife. Thus, the extremely limited exemption under Section 27510(b)(1) is inapplicable. Plaintiff Yamamoto is not an active or retired peace officer or federal officer. He also is not a current or retired member of the armed forces. Plaintiff Yamamoto does not intend to enter into a highly dangerous career in law enforcement or the military and will not be forced to do so in

order to exercise his Second Amendment rights. Thus, the illusory exceptions under Penal Code section 27510(b)(1)-(3) are inapplicable to him.

61. Plaintiff Chavez is a 20-year-old adult male who, but for the California Age-Based Gun Ban and Defendants' policies, practices, customs, and enforcement of said law, would be eligible to purchase and possess firearms for lawful purposes, including self-defense. Most recently, Mr. Chavez entered into Moreau Works LLC, gun shop in San Marcos, California with the intent to purchase a long gun and/or centerfire semiautomatic rifle for self-defense and other lawful purposes. On information and belief, Moreau Works LLC was duly licensed within the meaning of Penal Code sections 26700 to 26915, inclusive. Upon informing the licensed dealer of his desire to purchase a firearm, Mr. Chavez was asked if he was 21. After informing the employee that he was 20 years old, Mr. Chavez was informed that due to his age, Moreau Works LLC would not be able to sell or transfer any type of firearm to him. Because the licensed dealer was prohibited from transferring Mr. Chavez a firearm of any kind under Penal Code section 27510, he was denied the ability to exercise his Second Amendment rights, including the "right to use arms in self-defense of hearth and home." *Heller*, 554 U.S. at 635. Mr. Chavez also confirmed his inability to purchase any firearm under California law due to his age in discussions with employees at least two other licensed dealers, Gunther's Guns in Carlsbad, California and Duncan Gun Works in San Marcos, California. This unlawful prohibition and infringement on Mr. Chavez's Second Amendment rights will continue until he is 21 years old.

33

62.     Plaintiff Chavez was not seeking to purchase a firearm in order to hunt and has no interest in using his firearm for hunting. He does not possess a valid, unexpired hunting license issued by the California Department of Fish and Wildlife. Thus, the extremely limited exemption under Penal Code section 27510(b)(1) is inapplicable. Plaintiff Chavez is not an active or retired peace officer or federal officer. He also is not a current or retired member of the armed forces. Plaintiff Chavez does not intend to enter into a highly dangerous career in law enforcement or the military and will not be forced to do so in order to exercise his Second Amendment rights. Thus, the illusory exceptions under Penal Code section 27510(b)(1)-(3) are inapplicable to him.

63.     Plaintiff Morris is a 19-year-old adult male who, but for the California Age-Based Gun Ban and Defendants' policies, practices, customs, and enforcement of said law, would be eligible to purchase and possess firearms for lawful purposes, including self-defense. In approximately 2022, Mr. Morris began an inquiry to purchase a long gun for self-defense and other lawful purposes. Mr. Morris visited the online sales sites of several licensed firearms dealers in San Diego County On information and belief, these dealers were duly licensed within the meaning of Penal Code sections 26700 to 26915, inclusive. After selecting the type of firearm he was interested in purchasing, Mr. Morris discovered that there was an age restriction prohibiting individuals ages 18 to 20 from purchasing firearms in California. As such, he would not be able to purchase or transfer any type of firearm. Because the licensed

34

dealers were prohibited from transferring Mr. Morris a firearm of any kind under Penal Code section 27510, he was denied the ability to exercise his Second Amendment rights, including the "right to use arms in self-defense of hearth and home." *Heller*, 554 U.S. at 635. This unlawful prohibition and infringement on Mr. Morris' Second Amendment rights will continue until he is 21 years old.

64.     Plaintiff Morris was not seeking to purchase a firearm in order to hunt and has no interest in using his firearm for hunting. He does not possess a valid, unexpired hunting license issued by the California Department of Fish and Wildlife. Thus, the extremely limited exemption under Penal Code section 27510(b)(1) is inapplicable. Plaintiff Morris is not an active or retired peace officer or federal officer. He also is not a current or retired member of the armed forces. Plaintiff Morris does not intend to enter into a highly dangerous career in law enforcement or the military and will not be forced to do so in order to exercise his Second Amendment rights. Thus, the illusory exceptions under Penal Code section 27510(b)(1)-(3) are inapplicable to him.

65.     Plaintiff PWG is a licensed firearms retailer and range who has the privilege of holding a special weapons permit in the State of California. A major part of PWG's business activities include renting firearms to customers in order to use those firearms on the PWG ranges. Due to the Penal Code section 27510 prohibition on licensed dealers from "sell[ing], supply[ing], deliver[ing], or giv[ing] *possession or control* of a firearm to any person under 21 years of age," PWG has been forced to

35

deny numerous otherwise qualified individuals from *purchasing, renting, or even handling* firearms of any kind from their store and range.

66. Further, Plaintiff PWG has had to deny numerous adult customers, ages 18-20, from attending or taking part in PWG's firearms classes. Most PWG classes require students to handle firearms in some manner. Because PWG is prevented from allowing even possession or control of any firearm to adults ages 18-20, PWG has had to deny all adults in that age range from attending their firearms classes who would otherwise be permitted – even when accompanied by an individual over 21.

67. Penal Code section 27510's prohibitions also prevent Plaintiff PWG from offering hunter education classes to adults between the ages 18-20 who wish to comply with Penal Code section 27510's exemption, which allows individuals over 18 to acquire long guns if they possess a valid, unexpired hunting license issued by the Department of Fish and Wildlife. The hunter's education classes require that students handle and demonstrate the safe handling of a firearm. Because PWG is prevented from "sell[ing], supply[ing], deliver[ing], or giv[ing] *possession or control* of a firearm to any person under 21 years of age," PWG cannot lawfully provide the necessary instruction for customers to meet this exception.

68. Thus, Penal Code Section 27510 has not only prohibited Plaintiff PWG from selling firearms to otherwise acceptable adults, but it has also required PWG to prevent anyone under the age of 21 from entering their range or attending any of their

36

classes, due to the liability of potentially *supplying* a firearm to someone under the age of 21.

69.     Plaintiff NCSC is a licensed firearms retailer and range in San Marcos, California. A major part of NCSC's business activities include renting firearms to customers in order to use those firearms on the NCSC range. Due to the Penal Code section 27510 prohibition on licensed dealers from "sell[ing], supply[ing], deliver[ing], or giv[ing] *possession or control* of a firearm to any person under 21 years of age," NCSC has been forced to deny numerous otherwise qualified individuals from *purchasing, renting, or even handling* firearms of any kind from their store and range.

70.     Further, Plaintiff NCSC has had to deny numerous adult customers, ages 18-20, from attending or taking part in NCSC's firearms classes. Most NCSC classes require students to handle firearms in some manner. Because NCSC is prevented from allowing even possession or control of any firearm to adults ages 18-20, NCSC has had to deny all adults in that age range from attending their firearms classes who would otherwise be permitted – even when accompanied by an individual over 21.

71.     Penal Code section 27510's prohibitions also prevent Plaintiff NCSC from offering hunter education classes to adults between the ages 18-20 who wish to comply with Penal Code section 27510's exemption, which allows individuals over 18 to acquire long guns if they possess a valid, unexpired hunting license issued by the Department of Fish and Wildlife. The hunter's education classes require that students handle and demonstrate the safe handling of a firearm. Because NCSC is prevented

37

from "sell[ing], supply[ing], deliver[ing], or giv[ing] *possession or control* of a firearm to any person under 21 years of age," NCSC cannot lawfully provide the necessary instruction for customers to meet this exception.

72.     Thus, Penal Code Section 27510 has not only prohibited Plaintiff NCSC from selling firearms to otherwise acceptable adults, but it has also required NCSC to prevent anyone under the age of 21 from entering their range or attending any of their classes, due to the liability of potentially *supplying* a firearm to someone under the age of 21.

73.     Plaintiff Beebe Arms is licensed firearms retailer in Fallbrook, California. As a result of California Age-Based Gun Ban, Beebe Arms was forced to deny otherwise qualified individuals, and specifically Plaintiff Furrh, the ability to purchase any type of firearm. Due to the Penal Code section 27510 prohibition on licensed dealers from "sell[ing], supply[ing], deliver[ing], or giv[ing] *possession or control* of a firearm to any person under 21 years of age," Beebe Arms has been forced to deny numerous otherwise qualified individuals from *purchasing, renting, or even handling* firearms of any kind from their store.

74.     Penal Code section 27510's prohibitions also prevent Plaintiff Beebe Arms from offering hunter education classes to adults between the ages 18-20 who wish to comply with Penal Code section 27510's exemption, which allows individuals over 18 to acquire long guns if they possess a valid, unexpired hunting license issued by the Department of Fish and Wildlife. The hunter's education classes require that

38

students handle and demonstrate the safe handling of a firearm. Because Beebe Arms is prevented from "sell[ing], supply[ing], deliver[ing], or giv[ing] *possession or control* of a firearm to any person under 21 years of age," Beebe Arms cannot lawfully provide the necessary instruction for customers to meet this exception.

75.    Thus, Penal Code Section 27510 has prohibited Beebe Arms from selling firearms to otherwise acceptable adults.

76.    Plaintiff Firearms Policy Coalition is a 501(c)(4) nonprofit organization that advocates individual liberties and constitutional rights — especially those protected under the First, Second, Fifth, and Fourteenth Amendments. FPC's membership includes California residents who are between 18 and 20 years of age. Penal Code section 27510's ban on firearm sales and transfers to adults within the ages of 18-to-20 infringes on the Second Amendment rights of these Firearms Policy Coalition members. FPC brings this action on behalf of these members.

77.    Plaintiff FPF is a 501(c)3 nonprofit organization that serves its members, supporters, and the public through advocating individual liberties and constitutional rights – especially those protected under the Second Amendment. FPF's membership and supporters includes California residents who are over 18, but under 21 years old. Penal Code section 27510's ban on firearm sales and transfers to adults within the ages of 18-to-20 infringes on the Second Amendment rights of these FPF members and supporters. FPF brings this action on behalf of these members.

78.     Plaintiff CGF is a 501(c)(3) non-profit organization that serves its members, supporters, and the public through education, cultural, and judicial efforts to advance Second Amendment and related civil rights. CGF's membership and supporters includes California residents who are over 18, but under 21 years old. Penal Code section 27510's ban on firearm sales and transfers to adults within the ages of 18-to-20 infringes on the Second Amendment rights of these CGF members. CGF brings this action on behalf of these members.

79.     Plaintiff SAF has over 600,000 members and supporters nationwide, including thousands in the State of California. SAF's membership includes California residents who are over 18, but under 21 years old. Penal Code section 27510's ban on firearm sales and transfers to adults within the ages of 18-to-20 infringes on the Second Amendment rights of these SAF members. SAF brings this action on behalf of these members.

80.     Plaintiffs Jones, Furrh, Yamamoto, Chavez, Morris, PWG, NCSC, Beebe Arms, FPC, FPF, CGF and SAF in their representative capacities, include both male and female adults, who, apart from their age, meet all other state or federal requirements for purchasing or possessing firearms. Plaintiffs are not law enforcement, federal officers, or in the armed services; nor do these Plaintiffs have valid, unexpired hunting licenses.  Therefore, they are not exempt from California's ban.

81.    But for the California Age-Based Gun Ban, these Plaintiffs would sell, supply, deliver, purchase, and/or transfer handguns, rifles, and/or shotguns for self-defense and other lawful purposes.

82.    Penal Code section 27510 constitutes a ban on firearm sales and transfers to adults within the ages of 18-to-20, and as such, infringes on their Second Amendment rights.

## DECLARATORY JUDGMENT ALLEGATIONS

83.    There is an actual and present controversy between the parties. Plaintiffs contend that Penal Code section 27510 infringes on Plaintiffs' Second Amendment rights by prohibiting licensed dealers from "sell[ing], supply[ing], deliver[ing], or giv[ing] *possession or control* of a firearm to any person under 21 years of age," and thus, prohibiting adults between the ages of 18 and 20 from purchasing any firearms. Defendants deny these contentions. Plaintiffs desire a judicial declaration that Penal Code section 27510 violates Plaintiffs' constitutional rights. Plaintiffs should not be denied their constitutional rights as they are lawful adults.

## INJUNCTIVE RELIEF ALLEGATIONS

84.    Plaintiffs are presently and continuously injured by Defendants' enforcement of Penal Code section 27510 insofar as that provision violates Plaintiffs' rights under the Second Amendment and Fourteenth Amendment by prohibiting licensed dealers from "sell[ing], supply[ing], deliver[ing], or giv[ing] *possession or*

*control* of a firearm to any person under 21 years of age," and thus, prohibiting adults between the ages of 18 and 20 from purchasing any firearms.

85.     If not enjoined by this Court, Defendants will continue to enforce Penal Code section 27510 in derogation of Plaintiffs' constitutional rights. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activity due to California's ongoing enforcement of Penal Code section 27510.

**FIRST CAUSE OF ACTION**
**(Violation of U.S. Const. amends. II and XIV)**

86.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs 1 through 89.

87.     The Second Amendment's guarantee of "the right of the people to keep and bear Arms" secures to law-abiding, adult citizens the fundamental constitutional right to purchase and acquire firearms for self-defense and other lawful purposes. U.S. Const. amend. II.

88.     This Second Amendment right applies against the State of California through the Fourteenth Amendment to the U.S. Constitution.

89.     Penal Code section 27510 prohibits lawful, responsible, adult citizens ages 18-to-20 from purchasing firearms of any type from any source as it prevents

42

federal firearms licensees from selling, supplying, delivering, or giving possession or control of any firearm to any person under 21 years of age.

90.    Penal Code section 27510(b)(1)-(3) provides limited "exemptions" to this blanket prohibition. The exemptions are generally inapplicable, irrelevant, and illusory and cover only a relatively small number of law enforcement, military, and those with current unexpired hunting licenses. Penal Code § 27510(b)(1)-(3). As of October 11, 2019, the State of California has taken significant steps to further restrict the hunting license "exemption" by still prohibiting federal firearms licensees from selling, supplying, delivering, or giving possession or control of all semiautomatic centerfire rifles to Young Adults even when they possess a valid hunting license. Young Adults should also not be required to enter into dangerous careers in order to exercise their Second Amendment rights. These exemptions do not apply to the vast majority of adult citizens ages 18-to-20.

91.    Penal Code section 27510 requires that all firearm transfers be conducted through federally licensed dealers. Section 27510 also prevents private party transactions from being completed between adult citizens. Thus, the two main sources of purchasing and acquiring firearms are entirely prohibited to Young Adults.

92.    The California Age-Based Gun Ban and Defendant's policies, practices, and customs of enforcing said law constitute a ban that infringes on, and imposes an unconstitutional burden upon, the Second Amendment rights of Plaintiffs Jones, Furrh,

Yamamoto, Chavez, Morris, PWG, NCSC, Beebe Arms, FPC, FPF, CGF, and SAF as alleged above. Thus, the ban is unconstitutional, invalid, and unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court:

1.     Declare Penal Code section 27510 unconstitutional on its face and as applied to Plaintiffs and other similarly situated adults over the age of 18 under the Second and Fourteenth Amendments to the United States Constitution, and, therefore, devoid of any legal force or effect.

2.     Temporarily and permanently enjoin Defendants Attorney General Rob Bonta and the other named Defendants, and their officers, agents, employees, and attorneys, and those persons in active concert or participation with them, and those duly sworn state peace officers and federal law enforcement officers who gain knowledge of the permanent injunction, or know of its existence, from enforcing Penal Code section 27510 against Plaintiffs and others similarly situated in its entirety.

3.     Award remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, or any other applicable law. Grant such other and further relief as the Court may deem proper.

January 12, 2023                        John W. Dillon
                                        Dillon Law Group APC
                                        Attorney for Plaintiffs

                                        By:    /s/ John W. Dillon
                                        John W. Dillon

44