UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JONES, *et al.*,<br><br>         Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California, *et al.*,<br><br>         Defendants. | Case No.: 3:19-cv-01226-L-AHG<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

  Following the remand of this action in September 2022, and upon request of the parties, a Case Management Conference was held on **January 18, 2023**. All dates in this Scheduling Order supersede the dates in the Scheduling Order issued in October 2019 prior to the appeal (ECF No. 15). After consulting with the counsel of record for the parties, being advised of the status of the case, and for good cause shown, **IT IS HEREBY ORDERED**:

  1. If they have not done so already, the parties must review and familiarize themselves with the Civil Local Rules of this District ("Local Rules"), the Electronic Case Filing Administrative Policies and Procedures ("CM/ECF Manual"), the Standing Order for Civil Cases issued by the Hon. M. James Lorenz ("Standing Order"), and the undersigned Magistrate Judge's Chambers Rules ("Chambers Rules"), all of which are

posted on this District's website.

### **Pleadings**

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed no later than **February 17, 2023**.

### **Discovery**

3. All fact discovery shall be completed by all parties by **August 18, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

4. No later than **September 15, 2023**, the parties shall designate their respective experts in writing. The parties must identify any person who may be used at trial to present

evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be no later than **October 16, 2023**. The written designations shall include the name, address and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

5. No later than **September 15, 2023**, each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as a party's employee regularly involve giving expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use the undisclosed evidence or testimony at any hearing or at trial. In addition, the court may impose sanctions as permitted by Rule 37(c).**

6. No later than **October 16, 2023**, the parties shall supplement their disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D).

7. All expert discovery shall be completed by all parties no later than **November 17, 2023**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

8. As discussed with counsel during the CMC, notwithstanding the presumptive ten-deposition limit set forth in the Federal Rules of Civil Procedure, the Court will permit the parties to take depositions of all named parties and any expert who will be testifying, at minimum. Counsel should contact the Court in accordance with the guidelines set forth in ¶ 3 above if any disputes arise regarding this issue.

9. Failure to comply with this section or any other discovery order of the court may result in Rule 37 sanctions, including preclusion of expert or other designated evidence.

\\

**Motion Briefing**

10.  Except for motions *in limine*, all pretrial motions must be filed no later than **January 12, 2024**. As provided herein and in the Standing Order, **certain motions, including motions for class certification, must be filed well before this date.**

11.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date of requesting a motion date and the hearing date typically exceeds 30 days.  Failure to make a timely request for a motion date may result in the motion not being heard.

12.  Motion briefing must comply with all applicable Rules, Local Rules, Standing Order, Chambers Rules and court orders.

**Mandatory Settlement Conference**

13.  A Mandatory Settlement Conference shall be conducted on **March 8, 2024** at **9:30 AM** in the chambers of **Magistrate Judge Allison H. Goddard**.  Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **February 16, 2024**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.  Counsel for the parties must meet and confer in person or by phone no later than **February 23, 2024**.  Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **March 1, 2024**.  The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).

The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than

**March 1, 2024**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

### Final Pretrial Conference

14. Memoranda of Contentions of Fact and Law are not required and will not be accepted.

15. No later than **April 8, 2024**, counsel shall comply with Rule 26(a)(3) pre-trial disclosure requirements. Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

16. No later than **April 15, 2024**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule 26(a)(3) pretrial disclosures. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

17. Counsel for plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f). No later than **April 22, 2024**, plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content. Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

18. The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than

**April 29, 2024**, and shall comply with Local Rule 16.1(f)(6).

19. The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **May 6, 2024** at **11:00 AM**. Trial briefs are not required for cases tried to the jury. Leave to file a trial brief for a jury trial must be obtained from Judge Lorenz at the Final Pretrial Conference.

### Additional Provisions

20. Upon the parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

21. The dates and times set forth herein will not be modified except for good cause shown.

22. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: January 18, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge