John W. Dillon (Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Telephone: (760) 642-7150
Facsimile: (760) 642-7151
E-mail: jdillon@dillonlawgp.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JONES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California, *et al.*,[1]<br><br>Defendants. | Case No.: 3:19-cv-01226-L-AHG<br><br>Hon. M. James Lorenz and Magistrate Judge Allison H. Goddard<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; OR IN THE ALTERNATIVE, MOTION TO ADD INDIVIDUAL PLAINTIFFS VIA PERMISSIVE JOINDER**<br><br>Date: March 20, 2023<br>Time: 10:30 a.m.<br>Place: Courtroom 5B (Fifth Floor)<br><br>Second Amended Complaint Filed Nov. 8, 2019<br><br>No oral argument will be heard pursuant to local rules unless order by the Court |

---

[1] Rob Bonta is automatically substituted for his predecessor, Xavier Becerra, as California Attorney General, and Allison Mendoza is automatically substituted for her predecessors, former Directors Louis Lopez and Martin Horan, and former Acting Directors Brent E. Orick and Blake Graham. Fed. R. Civ. P. 25(d).

## I. INTRODUCTION AND PROCEDURAL HISTORY

### A. Overview

This is a Second Amendment rights case with a procedural history familiar to the parties, their counsel, and this Court. The case has been heard by the Ninth Circuit in the context of Plaintiffs' preliminary injunction motion seeking to enjoin, under the Second Amendment, California's prohibition on the sale or transfer of most firearms to anyone under the age of 21. Specifically, in May 2022, the Ninth Circuit affirmed in part, and reversed in part, this Court's order denying Plaintiffs' preliminary injunction. *Jones v. Bonta,* Case No. 20-56174 (9th Cir. 2022). After further proceedings, the Ninth Circuit ultimately vacated its May 2022 Opinion, further vacated this Court's order denying the preliminary injunction, and remanded the case for further proceedings consistent with the United States Supreme Court's, decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S.Ct. 2111 (2022). ECF No. 91.

Since the remand, Plaintiffs' preliminary injunction motion remained pending, and this Court, after calling for supplemental briefing, found that *Bruen* represented "a change in the legal framework this Court applied when deciding Plaintiffs' preliminary injunction motion[.]" Therefore, this Court has denied Plaintiffs' motion as moot, and allowed Plaintiffs to refile the motion no later than January 16, 2023. ECF No. 21.

Plaintiffs filed a motion to modify the scheduling order and request for leave to file an amended complaint on January 12, 2012. Plaintiffs also filed their motion pursuant to this Court's Order on January 16, 2023. Parties attended a case management conference with Magistrate Judge Goddard on January 18, 2023. At this conference, the Court stated that a new scheduling order would be issued and that Plaintiffs should refile their motion for leave to amend the complaint after said Order

1

was issued. The Court issued a new scheduling order on January 19, 2023. ECF No. 105. Thus, this case is back to square one in many respects. Plaintiffs have followed the Court's instruction to refile their original motion and seek leave to amend their complaint solely for purposes of adding two new individual plaintiffs to ensure individual plaintiffs have standing in this case, which challenges the State's age-based law that prohibits the sale or transfer of most firearms to anyone under the age of 21; and due to the age sensitivity of the challenged law, judicial review is easily evaded for individual plaintiffs because they reach the age of 21 before the case can be resolved fully on the merits. Defendants have stipulated to not oppose Plaintiffs motion.

**B.    Request to Amend**

Plaintiffs respectfully request that the Court grant Plaintiffs leave to amend their complaint, limited to the addition of the new individual plaintiffs. The standing of the other named Plaintiffs and their 18-to-20-year-old members are not in question; and therefore, the case remains a live and actual controversy; and the State conceded as much before the Ninth Circuit. See *Jones v. Bonta*, 34 F.4th 704, 713 (9th Cir. 2022) (vacated).

While the case itself has been pending since July 2019, the State should readily concede that the case is back to square one — with interim and other related relief still at issue under the legal framework announced in the *Bruen* decision. The State does not dispute that under the new scheduling order, Plaintiffs request for leave to amend the complaint is within the time limit to amend the pleadings and/or add parties. And the State does not dispute the fact there is no prejudice to the State if this Court were to grant Plaintiffs' motion to amend.

After the case management conference on January 18, Parties counsel engaged in discussions regarding Plaintiffs filing a third amended complaint. The parties,

2

*PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; OR IN THE ALTERNATIVE, MOTION TO ADD INDIVIDUAL PLAINTIFFS VIA PERMISSIVE JOINDER*

through their counsel, have stipulated that Plaintiffs motion for leave to file is unopposed by the State.

## II. LEGAL STANDARDS GOVERNING MOTION TO AMEND

Plaintiffs seek leave to permit Plaintiffs to file their Third Amended Complaint, pursuant to Federal Rules of Civil Procedure Rules 15(a)(2); or in the alterative, Plaintiffs request the limited amendment (two new individual plaintiffs) *via* permissive joinder under Federal Rules of Civil Procedure Rule 20.[2]

Rule 15(a)(2) governs amendments to complaints, and leave to amend should be freely given when justice so requires. *Id*. The Ninth Circuit has construed this rule broadly, requiring that leave to amend be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987) (noting "the strong policy permitting amendment" (citation omitted)). This broad discretion also "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)).

The Supreme Court has articulated five-factors courts are to consider when deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *Forman v. Davis*, 371 U.S. 178, 182 (1962); see also *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003); *Desertrain vs. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). However, not all factors merit equal weight. *Eminence Capital*, 316 F.3d at 1052. "Prejudice is the 'touchstone of the inquiry under rule 15(a)'" and "carries the

---

[2] References to the Federal Rules of Civil Procedure will be cited only to the rule in the balance of this motion.

3

*PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; OR IN THE ALTERNATIVE, MOTION TO ADD INDIVIDUAL PLAINTIFFS VIA PERMISSIVE JOINDER*

greatest weight." *Id*. (citations omitted). "The party opposing [the] amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987).

Alternatively, Plaintiffs seek leave to join the two new individual plaintiffs pursuant to Rule 20, which states that "persons may join in one action as plaintiffs if: (A) they assert any right to relief… with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. Rule 20(a)(1)(A)-(B); see also *Hylton v. Anytime Towing, No*. 11CV1039 JLS (WMc), 2012 U.S. Dist. LEXIS 41010, at *3-5 (S.D. Cal. Mar. 26, 2012). "Permissive joinder is to be liberally construed in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Eisenstecken v. Tahoe Reg'l Planning Agency*, No. 2:20-cv-02349-TLN-CKD, 2022 U.S. Dist. LEXIS 59416, at *11-12 (E.D. Cal. Mar. 29, 2022) (citing *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015).

The purpose of Rule 20(a) is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Id.*, citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Rule 20(a) permits joinder in a single action of all persons (plaintiffs) with claims arising out of the same transaction or occurrence and presents a common question of law or fact. Fed. R. Civ. P. 20(a). *League to Save Lake Tahoe v. Tahoe Regl. Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

The first prong, the "same transaction" requirement, refers to similarity in the factual background of a claim. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Courts assess the facts of each case individually to determine whether joinder

4

*PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; OR IN THE ALTERNATIVE, MOTION TO ADD INDIVIDUAL PLAINTIFFS VIA PERMISSIVE JOINDER*

is sensible in light of the underlying policies of permissive party joinder. *Id.* Although there might be different occurrences, where the claims involve enough related operative facts, joinder in a single case may be appropriate. Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (citation omitted); *Eisenstecken*, 2022 U.S. Dist. LEXIS 59416, at *12 (E.D. Cal. Mar. 29, 2022).

The second prong addresses commonality under Rule 20(a)(1)(B), and it is not a particularly stringent test. *Robinson v. Geithner*, No. 1:05-cv-01258-LJO-SKO, 2011 U.S. Dist. LEXIS 2054, 2011 WL 66158, at *5 (E.D. Cal. Jan. 10, 2011). The Rule requires only a single common question, not multiple common questions. Rule 20. Further, the common question may be one of fact or of law and need not be the most important or predominant issue in the litigation. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

## III. FACTORS FAVOR LEAVE TO AMEND

In determining whether to grant leave to amend, the Court considers the relevant factors under Rule. As stated above, the Supreme Court has identified five-factors that courts are to consider when deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) prior amendments. *Forman v. Davis*, 371 U.S. 178, 182 (1962); see also *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1051-52; see also *Desertrain*, 754 F.3d at 1154. Plaintiffs satisfy these factors.

First, the parties, through their counsel, have stipulated that this motion is unopposed. Second, the State suffers no prejudice if this Court grants Plaintiffs' motion to add the new individual plaintiffs to this case because they will not "greatly change the parties' positions in the action, and require the assertion of new defenses." *Phoenix Solutions, Inc. v. Sony Elec., Inc.*, 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009)

*PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; OR IN THE ALTERNATIVE, MOTION TO ADD INDIVIDUAL PLAINTIFFS VIA PERMISSIVE JOINDER*

(citing *Morongo Band of Mission Indians*, 893 F.2d at 1079). In this case, although Plaintiffs seek to add the new individual plaintiffs, the claim alleged (Second Amendment violation) and the relief requested are identical to the Second Amended Complaint. Additionally, while parties have previously exchanged written discovery, no other substantive action has been conducted by the parties with the exception of Plaintiffs' prior motion for preliminary injunction. Thus, the addition of the two new individual plaintiffs will not create any substantial duplicative effort on behalf of the parties with regard to discovery matters, and the added parties will not affect any pleadings or motions pending before this Court. Thus, the State suffers no prejudice.

Further, the addition of the new individual plaintiffs will not require any significant restructuring of this case, nor will it cause any undue delay. On January 19, 2023, the Court issued a new scheduling order. Therefore, this case is effectively starting anew.

Additionally, no showing of bad faith can be made regarding Plaintiffs' request for leave to amend. Plaintiffs filed their Second Amended Complaint on November 8, 2019, due to the State's enactment of amendments to the laws challenged in this case. Plaintiffs filed their motion for preliminary injunction shortly thereafter. And at approximately the time of Plaintiffs' appeal from this Court's order denying Plaintiffs' preliminary injunction motion, the individually named Plaintiffs turned 21. The case was subsequently stayed pending resolution of Plaintiffs' interlocutory appeal. See ECF No. 85. The Ninth Circuit issued its decision in June 2022. See *Jones v. Bonta*, 34 F.4th at 713.

As Plaintiffs will be filing their new motion under the *Bruen* standard, it is only appropriate to include individual plaintiffs that are currently being denied their right to keep and bear arms. Thus, there can be no showing of any bad faith on behalf of Plaintiffs. See Dillon Dec. ¶¶ 10-11.

6

*PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; OR IN THE ALTERNATIVE, MOTION TO ADD INDIVIDUAL PLAINTIFFS VIA PERMISSIVE JOINDER*

Moreover, there is no "undue delay" with respect to Plaintiffs' motion. The case underwent an interlocutory appeal, a stay was put in place pending the outcome of the appeal, and the Supreme Court issued *Bruen*, triggering Plaintiffs' new motion by January 16, 2023. Indeed, now it the appropriate time to add the two new individual plaintiffs — well before Plaintiffs' new motion is briefed and heard. As shown, this case challenges the State's age-based prohibitions and they are by definition age-sensitive, which necessarily means that judicial review can and will be evaded if 18-to-20-year-olds are not allowed to be added.

Importantly, the individual Plaintiffs currently named in this case were between the ages of 18 and 20 through the original deadline to amend pleadings. Thus, there was no need to add additional parties in the case before the original deadline in the Court's original scheduling order. Dillon Dec. ¶ 13. After this Court has allowed Plaintiffs to file anew, which essentially restarts this case, Plaintiffs are seeking leave to amend as the case moves forward.

In addition, the remaining factors favor granting leave to amend. See Dillon Dec. ¶ 14. The requested amendment is not futile. The addition of the two new individual plaintiffs would allege the same claim as the originally named individual Plaintiffs and thus, properly state a claim upon which relief can be granted. While Plaintiffs have previously amended their complaint, this amendment was due to a change in the law being challenged after litigation commenced in the action and was granted after parties filed a joint request to amend the original complaint. Thus, Plaintiffs are not needlessly or repeatedly seeking leave to amend.

If this Court deems that an amendment to the complaint under Rules 15 is not the appropriate mechanism, Plaintiffs alternatively request that the new individual plaintiffs be added *via* permissive joinder pursuant to Rule 20. Permissive joinder is to be liberally construed in order to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. *Eisenstecken*, No.

7

2:20-cv-02349-TLN-CKD, 2022 U.S. Dist. LEXIS 59416, at *11. Rule 20(a) joinder is strongly encouraged. *Id.*

Here, the new individual plaintiffs are law abiding adults within the age restriction of the State's age-based firearms prohibition, and they are current members of the Organizational Plaintiffs. *See* Declaration of Jose Chavez filed in support of Plaintiffs' Brief in Opposition to Defendants' Supplemental Brief in Response to the Court's Order of September 14, 2022 (ECF No. 99). As such, the State's prohibitions have prevented them from purchasing and acquiring firearms (both long guns and centerfire semiautomatic rifles) solely due to their age. Alleging identical allegations as the current individual Plaintiffs, the new individual plaintiffs claim that the State's age-based gun ban enforced through California Penal Code section 27510 violates their Second Amendment right to keep and bear arms. They seek the same relief as the original individually named Plaintiffs. Therefore, the proposed two new individual plaintiffs satisfy the two prongs under permissive joinder.

## V. CONCLUSION

Plaintiffs' Third Amended Complaint will be limited to adding the new individual plaintiffs who are between the ages of 18 and 20 years old and who are currently being prohibited from exercising their Second Amendment rights due to the State's age-based firearm prohibitions. No other substantive changes will be made to the complaint. For all the above reasons, all relevant factors support this Court's order granting Plaintiffs leave amend the complaint.

February 16, 2023

Respectfully submitted,

Dillon Law Group APC

By: _____/s/ John W. Dillon_____
John Dillon
*Attorney for Plaintiffs*

8

9

*PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; OR IN THE ALTERNATIVE, MOTION TO ADD INDIVIDUAL PLAINTIFFS VIA PERMISSIVE JOINDER*