John W. Dillon (Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Telephone: (760) 642-7150
Facsimile: (760) 642-7151
E-mail: jdillon@dillonlawgp.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JONES, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California, *et al.*,[1]<br><br>    Defendants. | Case No.: 3:19-cv-01226-L-AHG<br><br>Hon. M. James Lorenz and Magistrate Judge Allison H. Goddard<br><br>**DECLARATION OF JOHN W. DILLON IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; OR IN THE ALTERNATIVE, MOTION TO ADD INDIVIDUAL PLAINTIFFS VIA PERMISSIVE JOINDER**<br><br>Date: March 20, 2023<br>Time: 10:30 a.m.<br>Place: Courtroom 5B (Fifth Floor)<br><br>Second Amended Complaint Filed: Nov. 8, 2019<br><br>No oral argument will be heard pursuant to local rules unless ordered by the Court |

---

[1] Rob Bonta is automatically substituted for his predecessor, Xavier Becerra, as California Attorney General, and Allison Mendoza is automatically substituted for her predecessors, former Directors Louis Lopez and Martin Horan, and former Acting Directors Brent E. Orick and Blake Graham. Fed. R. Civ. P. 25(d).

*Declaration of John W. Dillon in Support of Plaintiffs' Notice of Motion and Motion For Leave to Amend Complaint; or in The Alternative Motion to Add Individual Plaintiffs Via Permissive Joinder*

# DECLARATION OF JOHN W. DILLON

I, John W. Dillon, declare as follows:

1. I am an attorney licensed to practice law in the Southern District of the State of California. I am not a party to this action, and am counsel of record for Plaintiffs since the inception of this case. I make this declaration based on my own personal knowledge and, if called upon to testify as a witness in this case, I could and would testify competently and truthfully to the facts stated herein.

**Meet and Confer/Parties' Stipulation**

2. After attending the case management conference on January 18, 2023, and pursuant to the Court's instruction, Plaintiffs withdrew their pending motion for leave to amend the complaint with the intention of refiling before the new deadline of February 17, 2023, pursuant to the Court's current scheduling order. (ECF No. 105). Since that time, counsel for the parties have been in contact discussing the possibility of stipulating to Plaintiffs' motion for leave to amend unopposed by the State. On February 16, 2023, the parties, through their counsel, stipulated that Plaintiffs motion is unopposed. A true and correct copy of this stipulation is attached to Plaintiffs' motion seeking leave to amend.

**Relevant Factors Favor Leave to Amend**

3. First, the State has stipulated that they do not oppose Plaintiffs' motion. Thus, the State suffer no prejudice if this Court grants Plaintiffs' motion to add the new individual plaintiffs to this case. Moreover, in this case, although Plaintiffs seek to add the individual plaintiffs, the claim alleged (Second Amendment violation) and the relief requested are identical to the Second Amended Complaint. Additionally, while parties have previously exchanged written discovery, no other substantive action has been conducted by the parties with the exception of Plaintiffs' prior motion for preliminary injunction. Thus, the addition of the two new individual plaintiffs will not create any substantial duplicative effort on behalf of the parties with regard to discovery matters, and the added parties will not affect any pleadings or motions pending before this Court.

4. Further, the addition of the individual plaintiffs will not require any significant restructuring of this case, nor will it cause any undue delay.

5. Additionally, no showing of bad faith can be made regarding Plaintiffs' request for leave to amend. Plaintiffs filed their Second Amended Complaint on November 8, 2019, due to the State's enactment of amendments to the laws challenged in this case. Plaintiffs filed their motion for preliminary injunction shortly thereafter. And at approximately the time of Plaintiffs' appeal from this Court's order denying Plaintiffs' preliminary injunction motion, the individually named Plaintiffs turned 21. The case was subsequently stayed pending resolution of Plaintiffs' interlocutory appeal. See ECF No. 85. The Ninth Circuit issued its decision in June 2022. See *Jones v. Bonta*, 34 F.4th at 713.

6. As Plaintiffs filed their new motion under the *Bruen* standard on January 16, 2023, I believe it is only appropriate to include individual plaintiffs that are currently being denied their right to keep and bear arms.

7. Moreover, there is no "undue delay" with respect to Plaintiffs' motion. The case underwent an interlocutory appeal, a stay was put in place pending the outcome of the appeal, and the Supreme Court issued *Bruen*, triggering Plaintiffs' new motion by January 16, 2023. As such, in my view, now is the appropriate time to add the individual plaintiffs — well before Plaintiffs' new motion is briefed and heard. As shown, this case challenges the State's age-based prohibitions, which by definition, are age-sensitive, which necessarily means that judicial review can and will be evaded if 18-to-20-year-olds are not allowed to be added.

8. Importantly, the individual Plaintiffs currently named in this case were between the ages of 18 and 20 through the original deadline to amend pleadings. Thus, there was no need to add additional parties in the case before the original deadline in the Court's original scheduling order. After this Court has allowed Plaintiffs to file anew, which essentially restarts this case, Plaintiffs are seeking leave to amend as the case moves forward.

9. In addition, the remaining factors favor granting leave to amend. The requested amendment is not futile. The addition of the individual plaintiffs would allege the same claim as the originally named individual Plaintiffs and thus, properly state a claim upon which relief can be granted. While Plaintiffs have previously amended their complaint, this amendment was due to a change in the law being challenged after litigation commenced in the action and was granted after parties filed a joint request to amend the original complaint. Thus, Plaintiffs are not needlessly seeking leave to amend, nor repeatedly seeking leave.

10. Plaintiffs alternatively request that the new individual plaintiffs be added *via* permissive joinder pursuant to Rule 20. Here, the individual plaintiffs seeking to be joined are law abiding adults within the age restriction of the State's age-based firearms prohibition, and they are current members of the Organizational Plaintiffs. *See* Declarations of Jose Chavez filed in support of Plaintiffs' Brief in Opposition to Defendants' Supplemental Brief in Response to the Court's Order of September 14, 2022 (ECF No. 99). As such, the State's prohibitions have prevented them from purchasing and acquiring firearms (both long guns and centerfire semiautomatic rifles) solely due to their age. Alleging identical allegations as the current individual Plaintiffs, the individual plaintiffs claim that the State's age-based gun ban enforced through California Penal Code section 27510 violates their Second Amendment right to keep and bear arms. They seek the *same* relief as the original individually named Plaintiffs. Therefore, the proposed new individual plaintiffs satisfy the two prongs under permissive joinder.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this declaration was executed on February 16, 2023 in Carlsbad, California.

By: */s/ John W. Dillon*
John W. Dillon