ROB BONTA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General
S. CLINTON WOODS
Deputy Attorney General
STEPHANIE ALBRECHT
Deputy Attorney General
JENNIFER E. ROSENBERG
Deputy Attorney General
State Bar No. 275496
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone: (213) 269-6617
  Fax: (916) 731-2124
  E-mail:  Jennifer.Rosenberg@doj.ca.gov
*Attorneys for Defendants Rob Bonta, in his
official capacity as Attorney General of the
State of California, and Allison Mendoza, in
her official capacity as Acting Director of the
Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MATTHEW JONES, *et al.*,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California, *et al.*,**<br><br>Defendants. | 3:19-cv-01226-L-AHG<br><br>**DEFENDANTS' OBJECTIONS TO DECLARATION OF BRANDON COMBS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Dept:        5B<br>Judge:       The Honorable M. James Lorenz and Magistrate Judge Alison H. Goddard<br><br>Action Filed:  July 1, 2019 |

---

Defendants California Attorney General Rob Bonta and Acting Director of the Department of Justice Bureau of Firearms Allison Mendoza ("State Defendants") hereby object to the Declaration of Brandon Combs, president of the Firearms Policy Coalition ("FPC"), ECF Nos. 21-8 and 21-9, which was filed on November 12, 2019, in support of Plaintiffs' first Motion for Preliminary Injunction ("Combs Declaration").  Plaintiffs have incorporated the Combs Declaration by reference in their pending Motion for Preliminary Injunction. (ECF No. 103.)

As an initial matter, most of the Combs Declaration lacks foundation.  Under Federal Rule of Evidence 602, witnesses "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602; *see also SEC v. Phan*, 500 F.3d 895, 909-910 (9th Cir. 2007) (declaration that "includ[es] facts beyond the declarant's personal knowledge" and provides no indication how the declarant knows the facts to be true is improper).  The testimony of a lay witness must be based upon what he or she actually observed or perceived through his or her own senses (i.e., the witness must have first-hand knowledge acquired by directly perceiving the event that is the subject of his or her testimony).  *See* Fed. R. Evid. 602, Adv. Comm. Notes (1972). Mr. Combs's analysis of crime statistics, various law enforcement agencies' hiring requirements, and the usage of certain firearms is not based on his personal knowledge but on information he obtained from various websites, and is therefore improper.  Because Mr. Combs seeks to testify about the contents of various websites, his statements also constitute inadmissible hearsay.  Fed. R. Evid. 801(c).

Additionally, portions of the declaration constitute improper lay opinion.  Mr. Combs is not testifying as an expert, and his legal analysis of Section 27510 in his declaration is not "helpful to . . . determining a fact in issue."  Fed. R. Evid. 701(b). As the drafters of Rule 701 noted, "meaningless assertions which amount to little more than choosing up sides" should be excluded for lack of helpfulness.  Fed. R. Evid. 701 advisory committee's note.  Unless a witness is testifying as an expert, he

or she can only testify as to matters that are "rationally based on the witness's perception," and not based on technical or specialized knowledge.  Fed. R. Evid. 701, 702; *U.S. v. Freeman*, 498 F.3d 893, 902 (9th Cir. 2007).  Courts are "not required to accept as an expert opinion the speculation of every lay witness who is willing to venture it."  *Swift v. Southern Ry. Co.*, 307 F.2d 315, 320 (4th Cir. 1962).

State Defendants also object to Exhibit 18 to the Combs Declaration, which is a selection of "various digital articles discussing semiautomatic centerfire firearms being used for hunting and websites selling semiautomatic centerfire rifles for hunting purposes."  (Combs Decl. ¶ 38.)  The contents of Exhibit 18 constitute inadmissible hearsay under Federal Rule of Evidence 801.  Exhibit 18 also lacks relevance because third parties' opinions on long guns do not have "any tendency to make a fact more or less probable than it would be without the evidence" and are not "fact[s] [] of consequence in determining the action."  Fed. R. Evid. 401.

The objectionable testimony is specified in the table below.

Objections to Declaration of Brandon Combs (3:19-cv-01226-L-AHG)

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 8 of the Declaration of Brandon Combs ("Combs Decl.") (Dkt. 21-8):<br><br>"The challenged law (Penal Code section 27510(a)) and Defendants' policies, practices, and customs apply to *any* person or entity licenced by the federal and state government, to sell or transfer firearms." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal effect of Section 27510. |
| Paragraph 9 of the Combs Decl. (Dkt. 21-8):<br><br>"In short, anyone who engages in the highly regulated, licensed firearms business is barred from selling, supplying, delivering, transferring, or giving possession or control of, *any* firearm to any Young Adult — all of whom have an individual right to acquire, keep, and bear arms for lawful purposes, including but not limited to self-defense." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 10 of the Combs Decl. (Dkt. 21-8): <br><br> "Other fundamental rights, including the right to freedom of speech, protest, assembly, due process, speedy trial, and worship, for example, are all fully available to law-abiding Young Adults." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal effect of constitutional rights. |
| Paragraph 10 of the Combs Decl. (Dkt. 21-8): <br><br> "A ban on such rights, affecting law-abiding legal adults over the age of 18 and under the age of 21, would almost certainly be fiercely rejected and enjoined from enforcement." | Lacks foundation/personal knowledge; speculation.  Fed. R. Evid. 602. <br><br> Declarant lacks personal knowledge regarding whether other laws would be enforced.  The assertion that any ban "would almost certainly be fiercely rejected and enjoined from enforcement" is speculation. |

Objections to Declaration of Brandon Combs (3:19-cv-01226-L-AHG)

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 11 of the Combs Decl. (Dkt. 21-8): <br><br> "The challenged law, (Penal Code section 27510), and Defendants' policies, practices, and customs, have denied, and will continue to deny, millions of Constitutionally Injured Legal Adults their fundamental, individual right to acquire, keep, and bear arms secured under the Second and Fourteenth Amendments to the United States Constitution." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal effect of Section 27510. |
| Paragraph 16 of the Combs Decl. (Dkt. 21-8): <br><br> "First, this statement highlights that Section 27510 bans the sale, supply, delivery, and giving possession or control of *any* handgun *and* any long guns (e.g., rifles, shotguns) to *any* Constitutionally Injured Legal Adult who is not otherwise prohibited from acquiring or possessing firearms for lawful purposes." | Lacks foundation/personal knowledge; speculation.  Fed. R. Evid. 602. <br><br> Declarant's interpretation of a statement in a Joint Case Management Statement submitted in this case is not based on personal knowledge. |

Objections to Declaration of Brandon Combs (3:19-cv-01226-L-AHG)

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 16 of the Combs Decl. (Dkt. 21-8):<br><br>"Said differently, this constitutes an absolute ban applicable to all ordinary, law-abiding Young Adults in California." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |
| Paragraph 16 of the Combs Decl. (Dkt. 21-8):<br><br>"Instead, as shown below, the few Section 27510 exemptions amount to window dressing to blur the *de facto* ban enacted by the Legislature and enforced by Defendants against all ordinary, lawabiding Young Adults." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510 and its exemptions. |
| Paragraph 17 of the Combs Decl. (Dkt. 21-8):<br><br>"SB 61 made amendments to Section 27510 and further restricted its so-called 'exemptions.'" | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of SB 61. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
| --- | --- |
| Paragraph 17 of the Combs Decl. (Dkt. 21-8):<br><br>"Now, even if a Young Adult were to go through the process of obtaining a hunting license they would still be prohibited from purchasing, transferring, acquiring, or obtaining possession of all handgun and all semiautomatic centerfire rifles." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of SB 61. |
| Paragraph 17 of the Combs Decl. (Dkt. 21-8):<br><br>"This new restriction also applies to Young Adults that successfully enter into the military and *who are subsequently honorably retired.*" | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of SB 61. |

7

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 20 of the Combs Decl. (Dkt. 21-8):<br><br>"Based on my review of publically available information regarding the application requirements of the various law enforcement agencies and the U.S. Military, these so-called "exemptions" do not allow Young Adults to exercise their fundamental, individual right (*e.g.*, buying a firearm)." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of any law enforcement agency or the U.S. Military, and he therefore lacks personal knowledge regarding their application requirements.  Declarant's statement regarding publically available information constitutes inadmissible hearsay. |
| Paragraph 21 of the Combs Decl. (Dkt. 21-8):<br><br>"For example, in California, based on my review of local law enforcement agencies webpages, many law enforcement agencies require that individuals be at least 20 years old before they are *even eligible to apply* for the initial pre-hiring testing and screening requirements for law enforcement training." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of any California law enforcement agency, and he therefore lacks personal knowledge regarding these agencies' application requirements.  Declarant's statement regarding information on these agencies' webpages constitutes inadmissible hearsay. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 21 of the Combs Decl. (Dkt. 21-8):<br><br>"Each of these agencies has minimum age requirement of *over 18* and as high as 20, just *to apply* for a position, and a minimum age of 21 at graduation." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of any of the law enforcement agencies to which he refers, and he therefore lacks personal knowledge regarding these agencies' application requirements. Declarant's statement regarding information on these agencies' webpages constitutes inadmissible hearsay. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 21 of the Combs Decl. (Dkt. 21-8):<br><br>"Additionally, after calling the California Highway Patrol (CHP) recruiting office (online at https://www.chp.ca.gov/CHP-Careers/Officer) at (888) 843-3275, I spoke with a CHP representative and learned that the CHP requires CHP officer applicants to be 20-years-old at the time of initial application, and cannot join their force until a qualified candidate is 21 years old." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the California Highway Patrol, and he therefore lacks personal knowledge regarding this agency's application requirements.  Declarant's statement regarding what he learned from the CHP offficer constitutes inadmissible hearsay. |
| Paragraph 22 of the Combs Decl. (Dkt. 21-8):<br><br>"Further, San Diego Sheriff applicants must take part in and pass testing/screening to even be accepted into training." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the San Diego Sheriff Department, and he therefore lacks personal knowledge regarding this agency's application requirements.  Declarant's statement regarding information on the agency's website constitutes inadmissible hearsay. |

| Paragraph 22 of the Combs Decl. (Dkt. 21-8): | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c). |
|---|---|
| "For example, as a part of the San Diego Sheriff Department's application process, applicants must: | Declarant is not an employee of the San Diego Sheriff Department, and he therefore lacks personal knowledge regarding this agency's application requirements.  Declarant's statement regarding information on the agency's website constitutes inadmissible hearsay. |

(1) Fill out the initial online application;

(2) Wait for and then answer a subsequent questionnaire with 27 supplemental questions;

(3) Watch a mandatory video;

(4) Register and take a written exam;

(5) Wait 3-to-6 weeks for exam results;

(6) Upon passing the exam, applicants are placed on an 'eligibility list for one year' and if selected, they are invited to meet with a background investigator to move on to the next step of the application process;

(7) Applicants then fill out a 'Prescreen Questionnaire' (Personal History Statement)

and watch an additional
mandatory video;

(8) Undergo and pass a
comprehensive 'background
investigation;'

(9) Take and pass a 'Computer
Voice Stress Analysis' ... or
polygraph test;

(10) Take and pass an
Employment Interview or
'Lieutenant's Interview;'

(11) Take and pass a 'Physical
Agility Test ...;'

(12) Take and pass a
'Psychological Evaluation,'
which includes a written exam
and a meeting with a
psychologist;

(13) Take and pass a medical
exam; and

(14) Applicants can then *wait to
potentially receive a job offer*
and be assigned to an academy
where they will undergo
further training only after all
such requirements have been
completed and passed."

Objections to Declaration of Brandon Combs (3:19-cv-01226-L-AHG)

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 23 of the Combs Decl. (Dkt. 21-8):<br><br>"Completion of all the above *does not guarantee* that the applicant will become an active law enforcement officer." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.<br><br>Declarant is not an employee of the San Diego Sheriff Department, and he therefore lacks personal knowledge regarding this agency's application requirements. |
| Paragraph 23 of the Combs Decl. (Dkt. 21-8):<br><br>"Thus, completion the requirements does not even guarantee the ability to purchase a firearm." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.<br><br>Declarant is not an employee of the San Diego Sheriff Department, and he therefore lacks personal knowledge regarding this agency's application requirements and an applicant's ability to purchase a firearm. |
| Paragraph 24 of the Combs Decl. (Dkt. 21-8):<br><br>"Further, for an ordinary law-abiding Constitutionally Injured Legal Adult to make use of this so-called 'exemption,' they must *switch careers, apply for, and obtain a highly dangerous job that could result in their death.* | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

13

Objections to Declaration of Brandon Combs (3:19-cv-01226-L-AHG)

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 24 of the Combs Decl. (Dkt. 21-8):<br><br>"This could hardly be considered an 'exemption' to Section 27510's ban." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |
| Paragraph 25 of the Combs Decl. (Dkt. 21-8):<br><br>"Similar, *more extreme* requirements are required to meet another Section 27510 exemption — namely, becoming an 'active federal officer or law enforcement agent.'" | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |
| Paragraph 25 of the Combs Decl. (Dkt. 21-8):<br><br>"Notably, for a special agent position, applicants must be at least 23 years old." | Lacks foundation/personal knowledge.  Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the FBI, and he therefore lacks personal knowledge regarding the FBI's application requirements.  Declarant's statement regarding information on the FBI's website constitutes inadmissible hearsay. |

Objections to Declaration of Brandon Combs (3:19-cv-01226-L-AHG)

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 26 of the Combs Decl. (Dkt. 21-8):<br><br>"Moreover, similar testing, contract, and oath requirements are imposed, to apply for and become an active member of the armed forces." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements.  Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

| Paragraph 26 of the Combs Decl. (Dkt. 21-8): | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c). |
|---|---|
| "For example, applicants must: | |
|     (1) Visit a Military Entrance Processing Station (MEPS). "The MEPS is a joint service organization that determines an applicant's physical qualifications, aptitude and moral standards as set by each branch of military service." Each MEPS is staffed with military and civilian professionals who carefully screen each applicant to ensure they meet the physical, academic, and moral standards set by each Service." See **Exhibit 13**. | Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements.  Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |
|     (2) Take the Armed Services Vocational Aptitude Battery (ASVAB). The ASVAB is a 3-hour multiple choice exam that "helps determine the careers for which an individual is best suited" and "has questions | |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| about standard school subjects like math, English, writing, and science." See **Exhibit 13**.<br><br>(3) Take and pass the physical exam<br><br>(4) Meet with a service enlistment counselor to find a job specialty.<br><br>(5) Take the Oath of Enlistment. See **Exhibit 13**.<br><br>(6) Afterwards, applicants will do one of two things, depending on the terms of their enlistment: (i) *Direct Ship*: Report to basic training shortly after completing MEPS testing requirements. (It varies based on job assignment and branch.) A recruiter will provide instructions on  transportation to basic training at this time; or (ii) *Delayed Entry Program (DEP):* Commit to basic training at a time in the future, generally within one year. See **Exhibit 13**." | |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 27 of the Combs Decl. (Dkt. 21-8):<br><br>"Depending on the applicant's job assignment and branch of the armed services, they will have to complete, at minimum, some form of basic training." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements.  Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |
| Paragraph 29 of the Combs Decl. (Dkt. 21-8):<br><br>"The requirements to take and pass Army basic training are extremely extensive and dangerous." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements. |

18

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 29 of the Combs Decl. (Dkt. 21-8):<br><br>"For example, Army basic training is a 10-week course in which applicants learn Army rules, regulations, and processes in classroom instruction." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements.  Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |
| Paragraph 29 of the Combs Decl. (Dkt. 21-8):<br><br>"They are required to conduct daily physical fitness, marksmanship training, and courses on map reading and first aid." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements.  Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 29 of the Combs Decl. (Dkt. 21-8):<br><br>"Additionally, applicant must take and pass the 'Basic Rifle Marksmanship Qualification Course' and 'Fit to Win Obstacle Course.'" | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements.  Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |
| Paragraph 29 of the Combs Decl. (Dkt. 21-8):<br><br>"Later, hand grenade training, live fire exercises, and foot marching are all tested in the 'Confidence Course.'" | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements.  Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

Objections to Declaration of Brandon Combs (3:19-cv-01226-L-AHG)

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 29 of the Combs Decl. (Dkt. 21-8):<br><br>"In Week 8, applicants take part in 'combat skill development' right before taking part in the final test of a three-day field retreat to Victory Forge." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements.  Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |
| Paragraph 29 of the Combs Decl. (Dkt. 21-8):<br><br>"After 10 weeks of training, applicants may graduate and then can be assigned to any part of the country for service." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements.  Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

Objections to Declaration of Brandon Combs (3:19-cv-01226-L-AHG)

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 30 of the Combs Decl. (Dkt. 21-8):<br><br>"This exemption requires a binding military service contract that can last for years, weeks of initial demanding and dangerous training, and the potential to be relocated anywhere in the country for service." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements.  Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |
| Paragraph 30 of the Combs Decl. (Dkt. 21-8):<br><br>"Again, all such requirements must be satisfied before a Young Adult can buy a gun." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |
| Paragraph 30 of the Combs Decl. (Dkt. 21-8):<br><br>"As shown above, the Section 27510 exemptions are extremely narrow, and inapplicable to all ordinary, law-abiding Young Adults in California." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 31 of the Combs Decl. (Dkt. 21-8):<br><br>"However, that individual must still complete the numerous requirements and tests stated above, *and then be honorably discharged* in order to be able to use this exemption." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |
| Paragraph 31 of the Combs Decl. (Dkt. 21-8):<br><br>"Again, exemption this [sic] does not apply to ordinary, law-abiding Young Adults." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |
| Paragraph 31 of the Combs Decl. (Dkt. 21-8):<br><br>"Further, by the time that individual is honorably discharged, they are likely over 21 years of age, rendering the exemption an illusion." | Lacks foundation/personal knowledge.  Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their discharge requirements.  Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 32 of the Combs Decl. (Dkt. 21-8):<br><br>"With the signing of SB 61, the State has further restricted this exemption and now prevents honorably retired Young Adults ages 18-20 from purchasing, transferring, acquiring, or gaining possession of all semiautomatic centerfire rifles." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |
| Paragraph 32 of the Combs Decl. (Dkt. 21-8):<br><br>"The additional restriction shows that Section 27510 is not a safety and training provision to buy firearms – because honorably retired military have gone through the same training as active military." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their training requirements. |

Objections to Declaration of Brandon Combs (3:19-cv-01226-L-AHG)

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 32 of the Combs Decl. (Dkt. 21-8):<br><br>"One is permitted to purchase semiautomatic centerfire rifles; and one is prohibited." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.<br><br>Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge as to whether active or retired military members are permitted to purchase firearms. |
| Paragraph 32 of the Combs Decl. (Dkt. 21-8):<br><br>"The only logical conclusion is that training has nothing to do with the law." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.<br><br>Declarant lacks personal knowledge regarding the legislature's intention in passing SB 61 and 1100. |
| Paragraph 32 of the Combs Decl. (Dkt. 21-8):<br><br>"Instead, it is an under 21 firearms ban." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 36 of the Combs Decl. (Dkt. 21-8):<br><br>"Second, all murders in which a firearm was used in the United States totaled 10,265." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the FBI, and he therefore lacks personal knowledge regarding the FBI's data. Declarant's statement regarding information on the FBI's website constitutes inadmissible hearsay. |
| Paragraph 36 of the Combs Decl. (Dkt. 21-8):<br><br>"Murders involving *all rifles* (not just semiautomatic centerfire rifles) totaled 297." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the FBI, and he therefore lacks personal knowledge regarding the FBI's data. Declarant's statement regarding information on the FBI's website constitutes inadmissible hearsay. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 36 of the Combs Decl. (Dkt. 21-8):<br><br>"In California, murders committed with rifles and shotguns totaled 51, compared to 252 murders committed by knives, and 87 murders committed by 'hand, fists, feet.'" | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of the FBI, and he therefore lacks personal knowledge regarding the FBI's data. Declarant's statement regarding information on the FBI's website constitutes inadmissible hearsay. |
| Paragraph 36 of the Combs Decl. (Dkt. 21-8):<br><br>"These common firearms are hardly a significant problem." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.<br><br>Declarant lacks personal knowledge regarding whether rifles constitute a "significant problem." |
| Paragraph 37 of the Combs Decl. (Dkt. 21-8):<br><br>"Third, most mass shootings are committed with handguns." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant lacks personal knowledge regarding whether most mass shootings are committed with handguns. Declarant's statement regarding information obtained from an article inadmissible hearsay. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 38 of the Combs Decl. (Dkt. 21-8):<br><br>"In fact, semiautomatic centerfire rifles are used in hunting and many other lawful purposes." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant lacks personal knowledge regarding whether semiautomatic centerfire rifles are used for hunting. Declarant's statement regarding information obtained from "various digital articles" constitutes inadmissible hearsay. |
| Paragraph 38 of the Combs Decl. (Dkt. 21-8):<br><br>"See **Exhibit 18** attached hereto, which is a true and correct copy of various digital articles discussing semiautomatic centerfire firearms being used for hunting and websites selling semiautomatic centerfire rifles for hunting purposes." | Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant's statement regarding information contained in "various digital articles" constitutes inadmissible hearsay. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 38 of the Combs Decl. (Dkt. 21-8):<br><br>"Importantly, 'semiautomatic centerfire rifles' include many other models of rifles beyond the common AR15 style firearm." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant lacks personal knowledge regarding what kinds of firearms constitute semiautomatic centerfire rifles.  Declarant's statement regarding information obtained from "various digital articles" constitutes inadmissible hearsay. |
| Paragraph 40 of the Combs Decl. (Dkt. 21-8):<br><br>"Thus, five of the six Section 27510 exemptions have: (i) minimum age requirements; (ii) minimum education requirements; (iii) physical fitness requirements; (iv) binding Military Service commitments (which are subject to criminal penalties if violated); (v) mandatory involvement in highly dangerous activities and training; (vi) psychological testing; (vii) and relocation." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

Objections to Declaration of Brandon Combs (3:19-cv-01226-L-AHG)

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 40 of the Combs Decl. (Dkt. 21-8):<br><br>"And even if a Young Adult applicant were to meet the requirements and pass the tests, they could still not obtain the desired position and, therefore, not meet the illusory section 27510 exemptions." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |
| Paragraph 40 of the Combs Decl. (Dkt. 21-8):<br><br>"To be sure, these are not actual and accessible exemptions, but rather *additional restrictions and tests* required by the State and enforced by Defendants to preclude Young Adults from exercising their Second Amendment right to keep and bear arms for self-defense and other lawful purposes." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

| **PLAINTIFFS' EVIDENCE** | **OBJECTION** |
|---|---|
| Paragraph 41 of the Combs Decl. (Dkt. 21-8):<br><br>"Even Section 27510's "most accessible" hunting license exemption – after meeting all requirements, making all payments, and passing all tests – is irrelevant and inapplicable to ordinary, law-abiding Constitutionally Injured Legal Adults who wish to purchase a firearm for self-defense in the home and for other lawful purposes, including proficiency training and competition at shooting ranges." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of 27510. |
| Paragraph 41 of the Combs Decl. (Dkt. 21-8):<br><br>"Further, with the amendments made by SB 61, Young Adults that obtain a hunting license are still prohibited from purchasing semiautomatic centerfire rifles." | Improper lay opinion.  Fed. R. Evid. 701.  Declarant cannot testify as to the legal conclusion of the legal effect of SB 61. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 42 of the Combs Decl. (Dkt. 21-8):<br><br>"Notably, a person cannot simply purchase a hunting license 'over the Counter' without meeting significant requirements and requiring significant time and money. *See* Bogan Declaration filed concurrently herewith." | Lacks foundation/personal knowledge. Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801(c).<br><br>Declarant lacks personal knowledge regarding requirements to obtain a hunting license.  Declarant's statement regarding information contained in the Bogan Declaration constitutes inadmissible hearsay. |
| Exhibit 18 to the Combs Decl. (Dkt. 21-9) | Hearsay.  Fed. R. Evid. 801(c). Irrelevant. Fed. R. Evid. 401. |

Objections to Declaration of Brandon Combs (3:19-cv-01226-L-AHG)

1
Dated:  March 16, 2023

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
S. CLINTON WOODS
Deputy Attorney General
STEPHANIE ALBRECHT
Deputy Attorney General

/s/ *Jennifer E. Rosenberg*
JENNIFER E. ROSENBERG
Deputy Attorney General
*Attorneys for Defendants Rob Bonta,*
*in his official capacity as Attorney*
*General of the State of California,*
*and Allison Mendoza, in her official*
*capacity as Acting Director of the*
*Department of Justice Bureau of*
*Firearms*

Objections to Declaration of Brandon Combs (3:19-cv-01226-L-AHG)