ROB BONTA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General
S. CLINTON WOODS
Deputy Attorney General
STEPHANIE ALBRECHT
Deputy Attorney General
JENNIFER E. ROSENBERG
Deputy Attorney General
State Bar No. 275496
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone: (213) 269-6617
 Fax: (916) 731-2124
 E-mail:  Jennifer.Rosenberg@doj.ca.gov
*Attorneys for Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, and Allison Mendoza, in her official capacity as Acting Director of the Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JONES, *et al.*,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California, *et al.*,<br><br>　　　　　　　　　　　Defendants. | 3:19-cv-01226-L-AHG<br><br>**DECLARATION OF JENNIFER E. ROSENBERG IN SUPPORT OF DEFENDANTS' APPLICATION PURSUANT TO FED. R. CIV. P. 56(d)**<br><br>Dept:　　5B<br>Judge:　　The Honorable M. James Lorenz and Magistrate Judge Alison H. Goddard<br>Action Filed:　July 1, 2019 |

**DECLARATION OF JENNIFER E. ROSENBERG IN SUPPORT OF FED. R. CIV. PROC. 56(d) APPLICATION**

I, Jennifer Rosenberg, hereby declare as follows:

1. I am a Deputy Attorney General with the California Department of Justice and serve as counsel in this action for Defendants Attorney General Rob Bonta, in his official capacity, and Allison Mendoza, in her official capacity as Acting Director of the Department of Justice Bureau of Firearms. I make this declaration in support of Defendants' Application Pursuant to Federal Rule of Civil Procedure 56(d), as submitted in their Opposition to Plaintiffs' Motion For Preliminary Injunction or, Alternatively, Motion for Summary Judgment. I have personal, first-hand knowledge of the matters set forth below and, if called as a witness, I could and would testify competently thereto.

2. In August 2021, this Court granted a joint motion of the parties for entry of a limited stay of all trial court proceedings in this action pending issuance of the mandate in the then-pending Ninth Circuit interlocutory appeal of Plaintiffs' motion for preliminary injunction. ECF Nos. 83 & 85. All dates in the previously-operative scheduling orders were suspended pursuant to the limited stay.

3. Prior to entry of the stay, the parties partially completed fact and expert discovery. *See* ECF No. 83. They exchanged written fact discovery in 2020 and 2021, as well as initial expert reports and rebuttal and supplemental expert reports in June and July 2021. *Id.* The parties' expert reports were developed under the framework of the then-governing, pre-*Bruen*, two-step legal standard for evaluating Second Amendment claims. No fact or expert witnesses have been deposed in this action yet. *Id.*

4. Following the Supreme Court's issuance of its opinion in *New York State Rifle & Pistol Association, Inc., v. Bruen*, __ U.S. __, 142 S.Ct. 2111 (2022), Defendants filed a petition for panel rehearing or rehearing en banc, requesting that

1

the Ninth Circuit vacate the panel opinion issued in May 2022 and this Court's 2019 order denying Plaintiffs' motion for preliminary injunction. *Jones v. Bonta*, No. 20-56174 (9th Cir. July 25, 2022), 9th Cir. ECF No. 93. Defendants argued that vacatur and remand to this Court were appropriate to "allow the parties to compile the kind of historical record that *Bruen* now requires" and to afford this Court the opportunity "to answer a number of important issues raised by Bruen in the first instance." *Id.* at 1-2. In particular, Defendants argued that vacatur and remand were "especially appropriate given the interlocutory posture" of the appeal, which meant that the Ninth Circuit "did not have the full historical record before it when it resolved th[e] appeal." *Id.* at 13. Defendants further argued that "[r]emand will allow the parties to present a full historical record under the standard announced in Bruen." *Id.* On September 7, 2022, the Ninth Circuit granted Defendants' petition for panel rehearing, vacated both the Ninth Circuit panel decision and this Court's November 2020 decision denying Plaintiffs' motion for a preliminary injunction, and remanded this case for further proceedings consistent with *Bruen*. *Id.*, 9th Cir. ECF No. 99. Thereafter, on September 14, 2022, this Court ordered the parties to "submit supplemental briefing addressing the Supreme Court's decision in [*Bruen*]," and "await further direction of the Court" upon completion of such briefing. ECF No. 92.

  5. In December 2022, after reviewing the parties' supplemental briefs regarding *Bruen*, this Court concluded "that *Bruen* represents a change in the legal framework this Court applied when deciding Plaintiffs' preliminary injunction motion," denied Plaintiffs' 2019 motion for preliminary junction as moot, and set a briefing schedule permitting Plaintiffs to file a renewed preliminary injunction motion. ECF No. 100. The Court's order provided that the parties could seek a scheduling order from Magistrate Judge Goddard to set deadlines for "additional discovery regarding Plaintiffs' preliminary injunction motion," but the order did

2

not set a scheduling order for completing *merits* discovery or invite motions for summary judgment. (*Id.*)

6. On January 12, 2023, after counsel for the parties met and conferred, I e-mailed Magistrate Judge Goddard on behalf of all parties to request that Magistrate Judge Goddard set a time for a conference call with counsel to discuss setting a schedule for the case going forward, especially in light of the fact that there was at that time no operative scheduling order and all proceedings had been stayed since 2021. Magistrate Judge Goddard set a case management conference for January 18, 2023.

7. On January 16, 2023, Plaintiffs filed their new motion for preliminary injunction. Without advance notice to Defendants, Plaintiffs included in this motion an alternative request that the Court enter summary judgment for Plaintiffs and against Defendants. ECF Nos. 103, 103-1.

8. Two days after Plaintiffs filed their new motion for preliminary injunction or, alternatively for summary judgment, Magistrate Judge Goddard held the case management conference and issued a scheduling order resetting all substantive dates in this case upon a joint request of the parties. ECF No. 105. The scheduling order contemplates a full discovery period, including several months for the parties to complete expert discovery: exchange of initial and rebuttal disclosures of experts are due on September 15 and October 16, 2023, respectively, and close of expert discovery is set for November 17, 2023. *Id.* The deadline for filing pretrial motions, including for summary judgment, is January 12, 2024. *Id.*

9. On February 16, 2023, Plaintiffs filed a motion to amend their complaint to add two new individual plaintiffs, as well as a request for voluntary dismissal of Plaintiffs Jones, Furrh, and Yamamoto (all of whom turned 21 before the Ninth Circuit panel rendered its decision in 2022), and Plaintiff Beebe Family

3

1  Arms and Munitions.  ECF Nos. 108, 109, 109-2.  Those requests have not yet
2  been addressed by this Court, so the Second Amended Complaint remains the
3  operative pleading.

4        10.    Defendants' position is that this Court can and should deny
5  Plaintiffs' motion based on the existing record.  However, if the Court is inclined
6  to even consider Plaintiffs' request for summary judgment, Defendants
7  respectfully request that the Court allow the parties to complete discovery as
8  contemplated under the existing scheduling order.  ECF No. 105  This would allow
9  Defendants sufficient time to take expert discovery related to analogous historical
10 laws and other matters, in support of the new legal framework set forth in *Bruen*,
11 as well as to complete fact discovery in this matter that has been outstanding since
12 2021.

13       11.    With respect to fact discovery, depositions of the existing Plaintiffs
14 have not yet been conducted, and therefore questions relating to standing and other
15 issues remain to be explored.  The parties have not yet updated disclosure of other
16 fact evidence in this matter.  Moreover, as Plaintiffs have requested leave to amend
17 their complaint to add new plaintiffs, time must be afforded for Defendants to take
18 discovery as to those new plaintiffs if Plaintiffs' motion is granted.

19       12.    As *Bruen* itself acknowledged, the historical inquiry can be complex
20 and difficult.  *Bruen*, 142 S.Ct. at 2134.  And as discussed in Defendants'
21 November 7, 2022 supplemental brief for this Court regarding *Bruen*, as well as
22 the November 2022 declarations of Professors Saul Cornell and Zachary Schrag
23 submitted with that supplemental brief the research and analysis required to answer
24 the difficult historical and analytical questions posed by *Bruen* call for a labor-
25 intensive and time-consuming process, often requiring travel and arduous primary-
26 source research through physical archives and rare book collections.  *See* ECF
27 Nos. 96, 96-1, 96-2.  Despite working diligently since proceedings restarted in this
28

4

Court, there remain areas of inquiry that Defendants have not yet been able to explore fully, including (but not limited to) a deeper canvass of historical federal, state, and municipal laws, as well as additional primary-source research through state and local records, newspaper articles, and other sources to further understand and contextualize the Nation's traditions of firearms regulation and related regulations by reference to social history, cultural history, and economic history. *See* ECF No. 96-1 ¶¶ 19-28.

13. Further, as noted by Professor Cornell, "in contrast to other thriving fields of legal history, such as the history of federalism or the First Amendment, the number of professional legal historians working on the history of gun regulation remains small." ECF No. 96-1 ¶ 23. And as Professor Schrag noted, many potential historical experts have conflicting demands in the fall and spring semesters that make contributing their full attention and expertise to these matters difficult. ECF No. 96-2 ¶ 36. Indeed, many of the State's experts on this matter are simultaneously engaged as experts in other Second Amendment matters for the State of California and in litigation across the country, rendering their time to devote to these important matters even more compressed.

14. The time afforded for discovery solely as to Plaintiffs' preliminary injunction motion, *see* ECF No. 100, has not been sufficient for Defendants to marshal all evidence they may use to support their defense in this matter, particularly as Defendants were provided no notice that Plaintiffs planned to include a request for summary judgment in their new motion for preliminary injunction. Although Defendants offer the declarations of several historical and social science experts in support of their opposition to Plaintiffs' new preliminary injunction motion, they have not yet had an opportunity to determine what expert evidence and which experts they will designate in this action to address *Bruen*'s new legal framework on the merits. Defendants may offer expert testimony on

5

Declaration of Jennifer E. Rosenberg ISO Defs.' Application Pursuant to Fed. R. Civ. P. 56(d)
(3:19-cv-01226-L-AHG)

topics not fully covered in the compressed timeframe of this preliminary injunction opposition, including, but not limited to, expert testimony on the historical legal status of children in early American history, youth crime in the colonial, Founding, and Reconstruction eras, corpus linguistics, and more.

15. Moreover, several of the experts whose March 2023 declarations are filed herewith in support of Defendants' opposition to Plaintiffs' new preliminary injunction motion have noted the ongoing nature of their research on the historical analysis issues presented in this case under *Bruen*'s new legal framework. *See* Declarations of Saul Cornell ¶ 156 (noting that proper contextualization of modern gun laws is required, including "further examination of the roles, duties, and responsibilities of minors and their parents in relation to militia service, as well as further examination of other aspects of the historical context in which minors under the age of 21 were placed at the Founding and following the adoption of the Fourteenth Amendment"); Randolph Roth ¶ 69; Brennan Rivas ¶ 51 (noting that additional time is needed "to supplement our knowledge of state- and federal-level statutes with additional information drawn from more difficult to research sources, including local ordinances, prosecutorial records, and other sources such as historical newspapers and publications" so that we may better "understand why Americans pursued this regulatory strategy and how it fit into their understanding of Second Amendment and state analogue rights."). Professor Cornell underscores the acute need for additional research, noting that "[n]ew examples of regulation continue to be uncovered, spurred by the urgency created by *Bruen* and subsequent litigation." Cornell Decl. ¶ 156.

16. Accordingly, if the Court does not believe, based on the existing record, that Plaintiffs' request for summary judgment should be denied, Defendants request additional time to conduct discovery, including fact and expert

discovery, as contemplated by the existing scheduling order, before the Court rules on the request for summary judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 16, 2023, at Los Angeles, California.

_____
Jennifer E. Rosenberg

7

Declaration of Jennifer E. Rosenberg ISO Defs.' Application Pursuant to Fed. R. Civ. P. 56(d)
(3:19-cv-01226-L-AHG)