ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
STEPHANIE ALBRECHT
Deputy Attorney General
JENNIFER E. ROSENBERG
Deputy Attorney General
State Bar No. 275496
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6617
  Fax:  (916) 731-2124
  E-mail:  Jennifer.Rosenberg@doj.ca.gov
*Attorneys for Defendants Rob Bonta, in his
official capacity as Attorney General of the
State of California, and Allison Mendoza, in
her official capacity as Director of the
Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE CHAVEZ, et al.,**<br><br>                              Plaintiffs,<br><br>        **v.**<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California, et al.,**<br><br>                              Defendants. | 3:19-cv-01226-L-AHG<br><br>**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Judge:        Hon. M. James Lorenz and Magistrate Judge Alison H. Goddard<br>Action Filed:        July 1, 2019<br><br>Third Amended Complaint Filed: March 22, 2023<br><br>Summons re: Third Amended Complaint Issued: March 23, 2022 |

1   Defendant Rob Bonta, in his official capacity as Attorney General of the State
2   of California, and Defendant Allison Mendoza, in her official capacity as Director
3   of the Department of Justice Bureau of Firearms[1] (collectively, "Defendants")
4   submit their answer in response to Plaintiffs' Third Amended Complaint for
5   Declaratory and Injunctive Relief (ECF No. 114).  Defendants answer, in
6   paragraphs that correspond to the Third Amended Complaint's paragraphs, as
7   follows:[2]

8   The allegations contained at lines 2-8 of page 2 of the Third Amended
9   Complaint characterize Plaintiffs' claims and are not averments of fact to which
10  Defendants are required to respond.  To the extent a response is required,
11  Defendants admit that, in their official capacities as state officials, they are
12  responsible under California law for administering and enforcing certain state laws
13  and regulations governing the purchase, sale, transfer, possession, use of, and
14  access to firearms.  Except as specifically admitted, Defendants deny the allegations
15  in these lines.

16  The allegations contained at lines 9-23 of page 2 of the Third Amended
17  Complaint characterize Plaintiffs' claims and demands for relief, and constitute
18  conclusions of law; accordingly, they are not averments of fact to which Defendants
19  are required to respond.  Defendants deny that Plaintiffs are entitled to such relief.
20  To the extent these lines may be deemed allegations of fact, they are denied.

21  **JURISDICTION AND VENUE[3]**

22  1.   Defendants admit that this Court has jurisdiction.  Defendants deny the
23  remaining allegations of Paragraph 1.

24  ───────────────

[1] Allison Mendoza previously held the position of Acting Director of the
25  Department of Justice Bureau of Firearms.  Her appointment to the position of
Director of the Department of Justice Bureau of Firearms, effective March 2, 2023,
26  was announced on March 24, 2023.
[2] The following responses to each paragraph include responses to any
27  footnotes that may be contained in the relevant paragraph.
[3] For the convenience of the Court and the parties, Defendants utilize certain
28  headings as set forth in the Third Amended Complaint.  In doing so, Defendants

2.    Defendants admit that Plaintiffs seek declaratory and injunctive relief, as well as attorneys' fees.  Defendants further admit that each statute referenced in Paragraph 2 speaks for itself.  Except as specifically admitted, Defendants deny the allegations of Paragraph 2.

3.    Defendants admit that venue is proper in this Court.  Except as specifically admitted, Defendants deny the allegations of Paragraph 3.

## PARTIES

### A.    Plaintiffs – Individuals and Entities

4.    Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 4, and basing their denial on this ground, deny each and every allegation thereof.

5.    Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 5, and basing their denial on this ground, deny each and every allegation thereof.

6.    Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 6, and basing their denial on this ground, deny each and every allegation thereof.

7.    Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 7, and basing their denial on this ground, deny each and every allegation thereof.

8.    Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 8, and basing their denial on this ground, deny each and every allegation thereof.

### B.    Institutional Plaintiffs

9.    To the extent that the allegations contained in the eighth sentence of Paragraph 9, beginning on page 7, line 18, are Plaintiffs' characterization of their

neither admit nor deny any allegations that may be suggested by the Third Amended Complaint's headings.

case and conclusions of law, no answer is required.  To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 9, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

10.   To the extent that the allegations contained in the eighth sentence of Paragraph 10, beginning on page 8, line 21, are Plaintiffs' characterization of their case and conclusions of law, no answer is required.  To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 10, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

11.   To the extent that the allegations contained in the seventh sentence of Paragraph 11, beginning on page 9, line 25, are Plaintiffs' characterization of their case and conclusions of law, no answer is required.  To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 11, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

12.   To the extent that the allegations contained in the eighth sentence of Paragraph 12, beginning on page 10, line 26, are Plaintiffs' characterization of their case and conclusions of law, no answer is required.  To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 12, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

13.   Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 13, and basing their denial on this ground, deny each and every allegation thereof.

14.   Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 14, and basing their denial on this ground, deny each and every allegation thereof.

3

15.   To the extent that the allegations contained in the second sentence of Paragraph 15, beginning on page 12, line 14, are Plaintiffs' characterization of their case and conclusions of law, no answer is required.  To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 15, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

16.   To the extent that the allegations contained in the second sentence of Paragraph 16, beginning on page 12, line 24, are Plaintiffs' characterization of their case and conclusions of law, no answer is required.  To the extent the allegations in these lines may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 16, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

17.   To the extent that the allegations contained in Paragraph 17 are Plaintiffs' characterization of their case and conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 17 may be deemed allegations of fact, Defendants lack information or belief sufficient to answer, and basing their denial on this ground, deny the allegations thereof.

18.   Defendants admit that Plaintiffs seek declaratory and injunctive relief. Except as specifically admitted, the allegations contained in Paragraph 18 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, they are denied.

**C.   Defendants**

19.   To the extent that the allegations contained in Paragraph 19 are conclusions of law, no answer is required.  Defendants admit that Defendant Rob Bonta is the Attorney General of California and the chief law officer of the State, and that he is sued in his official capacity.  Defendants admit that article V, section

4

13 of the California Constitution speaks for itself.  Except as specifically admitted, Defendants deny the allegations of Paragraph 19.

20.   Defendants deny the allegations in Paragraph 20.  Defendants admit that Defendant Allison Mendoza is the Director of the Department of Justice Bureau of Firearms and that she is sued in her official capacity.

21.   Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 21, and basing their denial on this ground, deny each and every allegation thereof.

22.   The allegations contained in Paragraph 22 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## FACTUAL ALLEGATIONS

23.   Defendants admit that the Second Amendment to the U.S. Constitution speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 23.

24.   Defendants admit that the Second Amendment to the U.S. Constitution speaks for itself.  Defendants admit that the judicial opinion quoted in Paragraph 24 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 24.

25.   The allegations contained in Paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26.   The allegations contained in Paragraph 26 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27.   Defendants admit that the statutes cited in Paragraph 27 speak for themselves.  Except as specifically admitted, the allegations contained in Paragraph

27 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28.   Defendants admit that the judicial opinions quoted in Paragraph 28 speak for themselves.  Except as specifically admitted, the allegations contained in Paragraph 28 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

29.   Defendants admit that the statute cited in Paragraph 29 speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 29 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30.   Defendants admit that the statute cited in Paragraph 30 speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 30 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31.   Defendants admit that the judicial opinion quoted in Paragraph 31 and footnote 1 speaks for itself.  Except as specifically admitted, the allegations contained in Paragraph 31 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

32.   Defendants admit that Penal Code section 27510 speaks for itself and that amendments to it took effect January 1, 2019.  Except as specifically admitted, Defendants deny the allegations in Paragraph 32.

33.   The allegations in Paragraph 33 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 33.

**The California Age-Based Gun Ban**

34.     Defendants admit that SB 1100 was signed by former Governor Edmund G. Brown Jr. on September 28, 2018.  Defendants admit that SB 1100 and Penal Code section 27510 speak for themselves.  Defendants admit that SB 1100 took effect on January 1, 2019.  Defendants admit that Plaintiffs do not contest the State's ban on the sale/transfer of handguns to adults under the age of 21 in the Third Amended Complaint. Except as specifically admitted, Defendants deny the allegations in Paragraph 34 and footnote 2.

35.     The allegations contained in Paragraph 35 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36.     Defendants admit that SB 1100 and Penal Code section 27510 speak for themselves.  Except as specifically admitted, Defendants deny the allegations in Paragraph 36.

37.     Defendants admit that Governor Newsom signed SB 61 on October 11, 2019.  Defendants admit that SB 61 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 37.

38.     Defendants admit that SB 61 and Penal Code section 27510 speak for themselves.  Except as specifically admitted, Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that SB 61 speaks for itself.  Except as specifically admitted, the allegations contained in Paragraph 39 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

40.     Defendants admit that SB 61 and Penal Code section 27510 speak for themselves.  Except as specifically admitted, the allegations in Paragraph 40 are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

41.   The allegations contained in Paragraph 41 characterize Plaintiffs' claims and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

42.   Defendants admit that Penal Code section 27510 speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 42 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

43.   Defendants admit that the judicial opinions quoted in Paragraph 43 and footnote 3 speak for themselves.  Defendants admit that SB 61 and Penal Code section 27510 speak for themselves.  Except as specifically admitted, the allegations contained in Paragraph 43 and footnote 3 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

44.   Defendants admit that Penal Code sections 27590 and 27510 (which Plaintiffs call the "California Age-Based Gun Ban") speak for themselves.  Except as specifically admitted, the allegations contained in Paragraph 44 are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

**Infringement of Plaintiffs' and similarly situated adults'**
**Second Amendment rights**

45.   Defendants admit that 18 U.S.C. § 922(b)(1) speaks for itself.  Except as specifically admitted, the allegations contained in Paragraph 45 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

46.   Defendants admit that Penal Code sections 29800 and 29805 speak for themselves.  Except as specifically admitted, the allegations contained in

8

Paragraph 46 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47.    Defendants admit that Penal Code sections 26500, 27510, and 26800-26850 speak for themselves.  Defendants admit that 27 C.F.R. 478.124(a) speaks for itself.  Except as specifically admitted, the allegations contained in Paragraph 47 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

### IMPACT ON PLAINTIFFS

48.    The allegations contained in Paragraph 48 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 48, and basing their denial on this ground, deny each and every allegation thereof.

49.    The allegations contained in Paragraph 49 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 49, and basing their denial on this ground, deny each and every allegation thereof.

50.    The allegations contained in Paragraph 50 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 50, and basing their denial on this ground, deny each and every allegation thereof.

51.   The allegations contained in Paragraph 51 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 51, and basing their denial on this ground, deny each and every allegation thereof.

52.   The allegations contained in Paragraph 52 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 52, and basing their denial on this ground, deny each and every allegation thereof.

53.   The allegations contained in Paragraph 53 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 53, and basing their denial on this ground, deny each and every allegation thereof.

54.   The allegations contained in Paragraph 54 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 54, and basing their denial on this ground, deny each and every allegation thereof.

55.   The allegations contained in Paragraph 55 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations

10

contained in Paragraph 55, and basing their denial on this ground, deny each and every allegation thereof.

56.   The allegations contained in Paragraph 56 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 56, and basing their denial on this ground, deny each and every allegation thereof.

57.   The allegations contained in Paragraph 57 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 57, and basing their denial on this ground, deny each and every allegation thereof.

58.   The allegations contained in Paragraph 58 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 58, and basing their denial on this ground, deny each and every allegation thereof.

59.   The allegations contained in Paragraph 59 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 59, and basing their denial on this ground, deny each and every allegation thereof.

60.   The allegations contained in Paragraph 60 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which

Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 60, and basing their denial on this ground, deny each and every allegation thereof.

61.   The allegations contained in Paragraph 61 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 61, and basing their denial on this ground, deny each and every allegation thereof.

62.   The allegations contained in Paragraph 62 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 62, and basing their denial on this ground, deny each and every allegation thereof.

63.   The allegations contained in Paragraph 63 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 63, and basing their denial on this ground, deny each and every allegation thereof.

64.   The allegations contained in Paragraph 64 and footnote 4 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 64, and basing their denial on this ground, deny each and every allegation thereof.

65.   Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 65, and basing their denial on this ground, deny each and every allegation thereof.

66.   The allegations contained in Paragraph 66 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

### DECLARATORY JUDGMENT ALLEGATIONS

67.   The allegations contained in Paragraph 67 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

### INJUNCTIVE RELIEF ALLEGATIONS

68.   The allegations contained in Paragraph 68 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

69.   The allegations contained in Paragraph 69 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

### FIRST CAUSE OF ACTION

### (Violation of U.S. Const. amends. II and XIV)

70.   Defendants incorporate their answers to Paragraphs 1 through 69 in answer to Paragraph 70.

71.   Defendants admit that the Second Amendment to the U.S. Constitution speaks for itself.  Except as specifically admitted, the allegations contained in

13

Paragraph 71 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72.   Defendants admit that the Second Amendment to the U.S. Constitution speaks for itself.  Defendants admit that the Fourteenth Amendment to the U.S. Constitution speaks for itself.  Except as specifically admitted, the allegations contained in Paragraph 72 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73.   Defendants admit that Penal Code section 27510 speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 73 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

74.   Defendants admit that Penal Code section 27510 speaks for itself. Except as specifically admitted, and but for the last sentence of Paragraph 74, the allegations contained in Paragraph 74 are conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond.  To the extent they may be deemed allegations of fact, and as to the remaining allegations contained in Paragraph 74, Defendants lack information or belief sufficient to answer the allegations contained in Paragraph 74, and basing their denial on this ground, deny each and every allegation thereof.

75.   Defendants admit that Penal Code section 27510 speaks for itself. Except as specifically admitted, the allegations contained in Paragraph 75 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76.   The allegations contained in Paragraph 76 constitute conclusions of law or characterize Plaintiffs' claims, and thus are not averments of fact to which Defendants are required to respond; to the extent they may be deemed allegations of fact, they are denied.

14

1    Defendants deny each and every allegation not previously admitted or

2    otherwise qualified.

3                        **PRAYER FOR RELIEF**

4    Defendants deny that Plaintiffs are entitled to the relief set forth in each of the

5    three paragraphs of the prayer for relief immediately following Paragraph 76, or to

6    any relief whatsoever.  To the extent that the Prayer for Relief states any

7    allegations, Defendants deny them.

8                        **AFFIRMATIVE DEFENSES**

9    In addition, without admitting any allegations contained in the Third Amended

10   Complaint, Defendants assert the following defenses based on information and

11   belief:

12                   **FIRST AFFIRMATIVE DEFENSE**

13   The Third Amended Complaint, and the claims for relief alleged therein, fails

14   to state facts sufficient to constitute a cause of action.

15                  **SECOND AFFIRMATIVE DEFENSE**

16   Plaintiffs' claims in this action are barred in that they do not have standing to

17   bring them.

18                   **THIRD AFFIRMATIVE DEFENSE**

19   To the extent Defendants have undertaken any conduct with respect to the

20   subjects and events underlying the Third Amended Complaint, such conduct was, at

21   all times material thereto, undertaken in good faith and in reasonable reliance on

22   existing law.

23                  **FOURTH AFFIRMATIVE DEFENSE**

24   Defendants have not knowingly or intentionally waived any applicable

25   affirmative defense.  Defendants reserve the right to assert and rely upon additional

26   affirmative defenses as may become available or apparent during discovery

27   proceedings or as may be raised or asserted by others in this case, and to amend the

28   Answer and/or affirmative defenses accordingly.  Defendants further reserve the

15

1    right to amend the Answer to delete affirmative defenses that they determine are not
2    applicable after subsequent discovery.
3
4          WHEREFORE, Defendants pray that:
5          1.     Plaintiffs take nothing by reason of the Third Amended Complaint;
6          2.     Judgment be entered in favor of Defendants;
7          3.     Defendants be awarded costs incurred in defending this action; and
8          4.     Defendants be awarded such further relief that the Court may deem just
9    and proper.
10
11
12   Dated:  April 13, 2023                    Respectfully submitted,

13                                             ROB BONTA
                                               Attorney General of California
14                                             MARK R. BECKINGTON
                                               Supervising Deputy Attorney General
15                                             STEPHANIE ALBRECHT
                                               Deputy Attorney General
16
                                               */s/ Jennifer E. Rosenberg*
17                                             JENNIFER E. ROSENBERG
                                               Deputy Attorney General
18                                             *Attorneys for Defendants Rob Bonta,
                                               in his official capacity as Attorney*
19                                             *General of the State of California,
                                               and Allison Mendoza, in her official*
20                                             *capacity as Director of the
                                               Department of Justice Bureau of*
21                                             *Firearms*
22
23
24
25
26
27
28