John W. Dillon (Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Telephone: (760) 642-7150
Facsimile: (760) 642-7151
E-mail:  jdillon@dillonlawgp.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CHAVEZ, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California, *et al.*,[1]<br><br>Defendants. | Case No.: 3:19-cv-01226-L-AHG<br><br>Hon. M. James Lorenz and Magistrate Judge Allison H. Goddard<br><br>**DECLARATION OF JOHN W. DILLON IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT; AND IN OPPOSITION TO DECLARATION OF JENNIFER E. ROSENBERG IN SUPPORT OF DEFENDANTS' APPLICATION PURSUANT TO FED. R. CIV. P. 56(d)**<br><br>Date: February 13, 2023<br>Time: 10:30 a.m.<br>Place: Courtroom 5B (Fifth Floor)<br><br>Second Amended Complaint Filed: Nov. 8, 2019<br>No oral argument will be heard pursuant to local rules unless ordered by the Court |

---

[1]  Rob Bonta is automatically substituted for his predecessor, Xavier Becerra, as California Attorney General, and Allison Mendoza is automatically substituted for her predecessors, former Directors Louis Lopez and Martin Horan, and former Acting Directors Brent E. Orick and Blake Graham. Fed. R. Civ. P. 25(d)

## DECLARATION OF JOHN W. DILLON

I, John W. Dillon, declare as follows:

1.  I am licensed to practice law in the State of California. I am the counsel of record for Plaintiffs in this action.

2.  I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify to such facts.

3.  I have personally verified the documents described below and used the facts within each document to prepare the legal memorandum in support of Plaintiffs' Motion for Preliminary Injunction; or Alternatively Motion for Summary Judgment.

4.  Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' Survey Responses, which provide a point-by-point response to the State's so-called analogous laws provided in the State's Age Survey (Exhibit 1 – "Table – Defendants' Survey of Relevant Statutes Concerning Age Restrictions").

5.  Attached hereto as **Exhibit B** is a true and correct copy of the signed Supplemental Declaration of Jose Chavez in Support of Plaintiffs' Notice of Motion and Motion for Preliminary Injunction, or in the Alternative, Motion for Summary Judgment.

6.  Attached hereto as **Exhibit C** is a true and correct copy of the signed Supplemental Declaration of Andrew Morris in Support of Plaintiffs' Notice of Motion and Motion for Preliminary Injunction, or in the Alternative, Motion for Summary Judgment.

7.  Through the Declaration of the State's counsel, Jennifer E. Rosenberg, the State expands on its briefing (and violates this Court's briefing page limits) and argues for more time to do discovery. In making the argument, the State asserts wrongly that what Plaintiffs filed *before* the Ninth Circuit panel opinion is somehow controlling or pertinent to the action the Ninth Circuit ordered in the opinion. Plaintiffs' prior filing has no bearing on the State's latest argument other than as an

historical footnote to this case. For that reason, and because the Rosenberg declaration is an improper page extension of the State's brief, Plaintiffs ask that the Court decline to consider this Rosenberg declaration.

8.    In any case, *what is relevant* in this case is this Court's December 2022, Order. ECF NO. 100. In that Order, the Court found that "*Bruen* represents a change in the legal framework this Court applied when deciding Plaintiffs' preliminary injunction motion," denied Plaintiffs' 2019 motion for preliminary junction as moot and set a briefing schedule permitting Plaintiffs to file a renewed preliminary injunction motion. ECF No. 100 at 2. Importantly, in that Order, the Court stated that, "To the extent the parties request additional discovery regarding Plaintiffs' preliminary injunction motion, *if any*, they are directed to contact Magistrate Judge Goddard's chambers to address the necessity and extent of discovery and set a schedule *consistent with the schedule set forth above*." ECF No. 100 at 3 (emphasis added). The Court's above schedule set the briefing from January 16, 2023, through April 17, 2023. Accordingly, whatever "discovery" the State desired to do needed to have been done *by or before April 17* — notwithstanding anything issued by Magistrate Judge Goddard. *This Court's Order was clear*: *conduct discovery, if any, consistent with the schedule set forth*.

9.    This Court's Order is controlling, and not any scheduling order that conflicts with its express terms. The State has been given more than enough time to do discovery. The time has passed under this Court's Order (see ECF No. 100 at 3). No additional time should be granted; and Plaintiffs renew their alternative request that the Court grant summary judgment pursuant to Federal Rules of Civil Procedure Rule 56(d). The time afforded the State to do discovery has been more than sufficient; and since *Bruen*, no discovery is needed to undertake the historical analysis required by the Supreme Court in that case.

1        I declare under penalty of perjury under the laws of the United States that the

2    foregoing is true and correct and this declaration was executed on April 17, 2023 in

3    San Diego, California.

4    By: _____

5    John W. Dillon

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Declaration of John W. Dillon in Further Support of Plaintiffs' Motion For Preliminary Injunction; or Alternatively, Motion for Summary Judgment; and in Opposition to Declaration of Jennifer E. Rosenberg in Support of Defendants' Application Pursuant to Fed. R. Civ. P. 56(d)*

# TABLE OF CONTENTS

| **Exhibit** | **Description** | **Pages** |
|---|---|---|
| **A** | Plaintiffs' Survey Responses to Defendants' Exhibit 1 – "Table – Defendants' Survey of Relevant Statutes Concerning Age Restrictions" | 7-101 |
| **B** | Supplemental Declaration of Jose Chavez in Support of Plaintiffs' Notice of Motion and Motion for Preliminary Injunction; or in the Alternative Motion For Summary Judgment | 103-106 |
| **C** | Supplemental Declaration of Andrew Morris in Support of Plaintiffs' Notice of Motion and Motion for Preliminary Injunction; or in the Alternative Motion For Summary Judgment | 108-111 |

5

*Declaration of John W. Dillon in Further Support of Plaintiffs' Motion For Preliminary Injunction; or Alternatively, Motion for Summary Judgment; and in Opposition to Declaration of Jennifer E. Rosenberg in Support of Defendants' Application Pursuant to Fed. R. Civ. P. 56(d)*

# EXHIBIT A

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| 1 | 1655 | Massachusetts - Harvard | A Copy of the Laws of Harvard College, 1655, at 10. | ""noe students shall be suffered to have a gun in his or theire champers or studies, or keeping for theire use any where else in the town." | Prohibition against keeping guns on campus for any student. | The law predates the Founding by far too long to be afforded much weight. *Bruen*, 142 S.Ct. at 2136 (citing *Heller*, 554 U.S. at 634).<br><br>This school regulation is not a legislative enactment, and accordingly cannot provide insight into the scope of legislative power under the Second Amendment. As a school regulation, it is based upon and can only provide insight into *in loco parentis* authority.<br><br>Additionally, this school regulation is not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because it bans possession in a specific location, but the California law prohibits 18-to-20-year-olds from purchasing certain arms in common use. |
| 2 | 1763 | New York – City of New York | Laws, Statutes, Ordinances and Constitutions, Ordained, Made and Established, by the Mayor, Aldermen, and Commonalty, of the City of New York, Convened in Common-Council, for the Good Rule and Government of the Inhabitants and Residents of the Said City Page 11, Image 12 (1763) available | "And be it further ordained by the authority aforesaid, That if any Children, Youth, apprentices, Servants, or other persons, do fire and discharge any gun, pistol, leaden-gun, rockets, crackers, squibs, or other fire works, at any mark, or at random against any fence, pales or other place in any street, lane or alley, or within any orchard, garden or other inclosure, or in any place where persons frequent to walk, such person so offending shall forfeit for every such offense, the sum of forty shillings, current money of New York; and on refusal to pay the same, shall be committed to the House of Correction, at the | Prohibition against firing guns, rockets, or other firecrackers in any public area for children, youths, apprentices, or servants. | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban anyone from purchasing them.<br><br>It also did not single out individuals for restrictions based on age. Rather, by its terms it applies to all "persons".<br><br>To the extent that this law was a restriction on *children and youth* at the time it was enacted, it is irrelevant to the rights of *adults* today. It provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | at The Making of Modern Law: Primary Sources. 1763. Ordinances of the City of New York, § VI | discretion of the Mayor, recorder or aldermen, or any one of them before whom such offender shall be convicted, there to remain committed, not exceeding Twenty days; unless such forfeiture as aforesaid, be sooner paid with the lawful fees of commitment; one half thereof to the informer with costs, and the other half to the church wardens of this City, for the use of the poor thereof." | | |
| 3 | Revolution Era | Massachusetts - Harvard | 31 Publications of The Colonial Society of Massachusetts: Collections 338, 358 (1935). | XVI. No Undergraduate shall keep a Gun, Pistol or any Gunpowder in the College, without Leave of the President—nor shall he go a gunning, fishing, or seating over deep Waters, without Leave from the President, or one of the Tutors or Professors, under the Penalty of one shilling for either of the Offences aforesaid—and if any Scholar shall fire a Gun, or Pistol, within the College Walls, Yard or near the College, he shall be fined not exceeding two shillings & six pence, or be admonished, degraded, or rusticated according to the Aggravation of the Offence | Prohibition against keeping guns, pistols, or gunpowder on campus for any student. | This school regulation is not a legislative enactment, and accordingly cannot provide insight into the scope of legislative power under the Second Amendment. As a school regulation, it is based upon and can only provide insight into *in loco parentis* authority.<br><br>Additionally, this school regulation is not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because it bans possession in a specific location, but the California law prohibits 18-to-20-year-olds from purchasing certain arms in common use. |
| 4 | 1776 | New Hampshire | An Act For forming and regulating the Militia within the State of New Hampshire, in New-England, | "And be it further Enacted by the Authority aforesaid, That each and every Officer and private Soldier of said Militia, not under the control of Parents, Masters, or Guardians, and being of sufficient Ability therefore, in the Judgment of the | Militia law requiring parents to supply arms for militia- eligible minors in their households. | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because nothing in the statute says that minors could not purchase their own firearms, just that parents had to ensure they were equipped with a firearm. Rather than restricting access to firearms, the Act sought to ensure that minors had firearms. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|-----------------------|----------------------|
| | | | and for repealing all the Laws heretofore made for that Purpose, Acts & Laws of the Colony of N.H., 39 (1776). | Select-men of the Town wherein he has his usual place of Abode, shall equip himself and be constantly provided with a good Fire Arm …." | | "Either at the same time or right after" the Second Amendment was ratified, "every state's militia law obliged young adults to acquire and possess firearms." *Jones v. Bonta*, 34 F.4th 704, 719 (9th Cir. 2022). This is strong evidence "at least that young adults needed to have their own firearms" at the time the Second Amendment was ratified. *Id.* at 721. |
| 5 | 1785 | Delaware | An Act for establishing a Militia, § 7, 2 Military Obligation: The American Tradition 13 (1947). | "[E]very apprentice, or other person of the age of eighteen and under twenty-one years, who hath an estate of the value of eighty pounds, or whose parent shall pay six pounds annually towards the public taxes, shall by his parent or guardian respectively be provided with a musket or firelock .. .." | Militia law requiring parents to supply arms for militia- eligible minors in their households. | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because nothing in the statute says that minors could not purchase their own firearms, just that parents had to ensure they were equipped with a firearm. Rather than restricting access to firearms, the Act sought to ensure that minors had firearms.<br><br>"Either at the same time or right after" the Second Amendment was ratified, "every state's militia law obliged young adults to acquire and possess firearms." *Jones*, 34 F.4th at 719. This is strong evidence "at least that young adults needed to have their own firearms" at the time the Second Amendment was ratified. *Id.* at 721. |
| 6 | 1792 | New Hampshire | An Act for Forming and Regulating the Militia Within This State, and For Repealing All the Laws Heretofore Made for That Purpose N.H., 447 (1792). | "That such of the infantry as are under the care of parents, masters or guardians, shall be furnished by them with such arms and accoutrements." | Militia law requiring parents to supply arms for militia- eligible minors in their households. | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because nothing in the statute says that minors could not purchase their own firearms, just that parents had to ensure they were equipped with a firearm. Rather than restricting access to firearms, the Act sought to ensure that minors had firearms.<br><br>"Either at the same time or right after" the Second Amendment was ratified, "every state's militia law obliged young adults to |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| | | | | | | acquire and possess firearms." *Jones*, 34 F.4th at 719. This is strong evidence "at least that young adults needed to have their own firearms" at the time the Second Amendment was ratified. *Id.* at 721. |
| 7 | 1793 | Massachusetts | An Act for regulating and governing the Militia of the Commonwealth of Massachusetts, Massachusetts Acts and Laws, May Session, ch. 1, § XIX (1793). | "[A]ll parents, masters and guardians shall furnish those of the said Militia who shall be under their care and command, with the arms and equipment's aforementioned …." | Militia law requiring parents to supply arms for militia- eligible minors in their households. | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because nothing in the statute says that minors could not purchase their own firearms, just that parents had to ensure they were equipped with a firearm. Rather than restricting access to firearms, the Act sought to ensure that minors had firearms.<br><br>"Either at the same time or right after" the Second Amendment was ratified, "every state's militia law obliged young adults to acquire and possess firearms." *Jones*, 34 F.4th at 719. This is strong evidence "at least that young adults needed to have their own firearms" at the time the Second Amendment was ratified. *Id.* at 721. |
| 8 | 1793 | Pennsylvania | Act of April 11, 1793, ch.176, §§ 1–2, 1793 Pa. Laws 394, 394–95 (regulating the militia of Pennsylvania) | "I. Be it enacted. . . That each and every free, able- bodied, white, male citizen of this or any other of the United States, residing in this commonwealth, who is or shall be of the age of eighteen years and under the age of forty-five years, except as hereinafter excepted, shall severally and respectively be enrolled in the militia. . . . II. And be it further enacted. . . [that certain categories of persons] shall be, and are hereby, excepted from military duty, notwithstanding their being above the age of eighteen and under the age of forty- | Militia law exempting minors from having to purchase weapons. | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because nothing in the statute says that minors could not purchase their own firearms, just that they were not required to furnish them for themselves.<br><br>"Either at the same time or right after" the Second Amendment was ratified, "every state's militia law obliged young adults to acquire and possess firearms." *Jones*, 34 F.4th at 719. This is strong evidence "at least that young adults needed to have their own firearms" at the time the Second Amendment was ratified. *Id.* at 721. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|-----------------------|----------------------|
| | | | | five years. And also all young men under the age of twenty-one years, and all servants purchased bona fide and for a valuable consideration, shall be exempted from furnishing the necessary arms, ammunition and accoutrements, as are required by the fifth section thereof, and shall be excepted from militia duties and fines during such minority or servitude, except in cases of rebellion, or an actual or threatened invasion of this or any of the neighboring states." | | |
| 9 | 1793 | Rhode Island – Rhode Island College | Laws of Rhode Island College (1793) at 13. | Prohibited guns on campus under pain of expulsion. | Prohibition against keeping guns or gunpowder on campus for any student. | This school regulation is not a legislative enactment, and accordingly cannot provide insight into the scope of legislative power under the Second Amendment. As a school regulation, it is based upon and can only provide insight into *in loco parentis* authority.<br><br>Additionally, this school regulation is not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because it bans possession in a specific location, but the California law prohibits 18-to-20-year-olds from purchasing certain arms in common use. |
| 10 | 1795 | Connecticut - Yale College | The Laws of Yale-College, in New-Haven, in Connecticut, Enacted by the President and Fellows, the Sixth Day of October, A.D. 1795 p.26 | Prohibited students from possessing any guns or powder. | Prohibition against keeping guns or gunpowder on campus for any student. | This school regulation is not a legislative enactment, and accordingly cannot provide insight into the scope of legislative power under the Second Amendment. As a school regulation, it is based upon and can only provide insight into *in loco parentis* authority.<br><br>Additionally, this school regulation is not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because it bans |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | (1800). | | | possession in a specific location, but the California law prohibits 18-to-20-year-olds from purchasing certain arms in common use. |
| 11 | 1797 | Vermont | An Act, for regulating the militia of this State, ch. LXXXI, No. 1, § 15, 2 Laws Of The State Of Vermont Digested And Compiled 122, 131- 32 (1808). | And all parents, masters or guardians, shall furnish those of the said militia who shall be under their care and command, with the arms and equipment's above mentioned . . . . | Militia law requiring parents to supply arms for militia- eligible minors in their households. | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because nothing in the statute says that minors could not purchase their own firearms, just that parents had to ensure they were equipped with a firearm. Rather than restricting access to firearms, the Act sought to ensure that minors had firearms.<br><br>"Either at the same time or right after" the Second Amendment was ratified, "every state's militia law obliged young adults to acquire and possess firearms." *Jones*, 34 F.4th at 719. This is strong evidence "at least that young adults needed to have their own firearms" at the time the Second Amendment was ratified. *Id.* at 721. |
| 12 | 1803 | New York – City of New York | Edward Livingston, Laws and Ordinances, Ordained and Established by the Mayor, Aldermen, and Commonalty of the City of New-York, in Common-Council Convened, for the Good Rule and Government of the Inhabitants | "Whereas the firing of guns and the practice of fowling in the public streets and in the roads or highways in the vicinity of this city, are frequently productive of accidents and dangerous consequences are always to be apprehended therefrom: Be it therefore ordained by the Mayor, Aldermen, and Commonality of the City of New York, in the Common Council convened, That no person shall hereafter be permitted to fire or discharge any gun, pistol, fowling piece, or fire- arm, at any place on the island of New York, within the | Prohibition against discharging firearms within the City, and providing that if the offender is a minor, apprentice, servant, or slave, the fine shall be recoverable from their parent, master, or mistress. | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them.<br><br>This historical analogue does not provide insight into the Second Amendment rights of 18-to-20-year-olds because the prohibition in this law applies equally to all individuals, regardless of age. It specially addresses minors only in the context of punishment.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the |

6

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|------|------|------|------|------|------|
| | | | and Residents of Said City Page 83-84, Image 84-85 (1803) available at The Making of Modern Law: Primary Sources. 1803. Ordinances of the City of New York, To Prevent the Firing of guns in the City of New York, § 1. | distance of four miles from the City Hall, under the penalty of five dollars upon each offender, to be recovered with costs. And if the person so offending shall be a minor, apprentice, servant or slave, the said fine shall be recoverable form his father, mother, master or mistress, together with costs. Provided always, that nothing contained in this ordinance shall be constructed to extend to the reviews or exercises of any military company, or of the State Prison Guards" | | American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 13 | 1806 | Delaware | Act of Aug. 13, 1807, ch. XLIX, §§ 1–2, 4, in 4 LAWS OF THE STATE, OF DELAWARE 123, 123–24, 125–26 (M. Bradford & R. Porter eds., 1816) | Exempting all minors enrolled in the militia from acquiring weapons. | Militia law exempting minors from requirement to purchase weapons. | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because nothing in the statute says that minors could not purchase their own firearms, just that they were not required to furnish them for themselves.<br><br>"Either at the same time or right after" the Second Amendment was ratified, "every state's militia law obliged young adults to acquire and possess firearms." *Jones*, 34 F.4th at 719. This is strong evidence "at least that young adults needed to have their own firearms" at the time the Second Amendment was ratified. *Id.* at 721. |
| 14 | 1810 | Georgia – University of Georgia | *The Minutes of the Senate Academicus* 1799–1842, University of Georgia Libraries (1976). See | "no student shall be allowed to keep any gun, pistol, Dagger, Dirk[,] sword cane or any other offensive weapon in College or elsewhere, neither shall they or either of them be allowed to be possessed of the same out of the college in any case | Prohibition against keeping guns, pistols, or other dangerous weapons on campus. | This school regulation is not a legislative enactment, and accordingly cannot provide insight into the scope of legislative power under the Second Amendment. As a school regulation, it is based upon and can only provide insight into *in loco parentis* authority. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | https://dlg.usg.edu/record/gu an_ua0148_ua014 8-002- 004- 001#text | whatsoever." | | |
| 15 | 1810 | Massachusetts | An Act for regulating, governing, and training the Militia of this Commonwealth, ch. CVII, § 28, in 1810 Mass. Laws 151, 176. | "[A]ll parents, masters or guardians, shall furnish all minors enrolled in the militia, who shall be under their care respectively with the arms and equipments, required by this act  " | Militia law requiring parents to supply arms for militia- eligible minors in their households. | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because nothing in the statute says that minors could not purchase their own firearms, just that parents had to ensure they were equipped with a firearm. Rather than restricting access to firearms, the Act sought to ensure that minors had firearms.<br><br>"Either at the same time or right after" the Second Amendment was ratified, "every state's militia law obliged young adults to acquire and possess firearms." *Jones*, 34 F.4th at 719. This is strong evidence "at least that young adults needed to have their own firearms" at the time the Second Amendment was ratified. *Id.* at 721. |
| 16 | 1812 | Delaware | Act of Feb. 4, 1812, 195 Del. Laws 522 (1812) An Act to prevent the discharging of fire- arms within the towns and villages, and other public places within this State, and for other purposes. | SEC. 1. Be it enacted by the Senate and House of Representatives of the State of Delaware, in General Assembly met, That from and after the  first day of June next, if any person or persons shall presume to fire or discharge any gun, ordnance, musket, fowling-piece, fusee or pistol, within any of the towns or villages of this State, or within the limits thereof; of where the limits cannot be ascertained, within one quarter of a mile of the center of such town or village, shall fire or discharge any gun, ordnance, | Prohibiting firings of guns and pistols, and assessing fines against parents for breaches by minors and apprentices | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them.<br><br>This historical analogue does not provide insight into the Second Amendment rights of 18-to-20-year-olds because the prohibition in this law applies equally to all individuals, regardless of age. It specially addresses minors only in the context of punishment.<br><br>To the extent that this law was a restriction on *children* at the time it was enacted, it is irrelevant to the rights of *adults* today. It |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | musket, fowling piece, fusee or pistol, within or on any of the greens, streets, alleys or lanes of any of the towns and villages within this State, whereon any buildings are or shall be erected, or within one hundred yards of any mill-dam, over or across where any of the main public or State roads may go or pass; every person or persons so offending, shall be fined or punished as hereinafter directed. SEC. 2. And be it enacted by the authority aforesaid, That if any free white person or persons, or the child or children of any such person or persons, shall fire or discharge any gun, ordnance, musket, fowling-piece, fusee or pistol, within any, or at any of the places or limits aforesaid, every such person or persons, or the child or children of every such person or persons, shall forfeit and pay for every such offence, any sum, not exceeding five dollars, to be recovered from the person or persons, or from the parent of such child or children, before any justice of the peace of this State, on his own view, or on the oath or affirmation of any one or more credible witnesses, to be recovered as debts under forty shillings are recoverable by the laws of the State. | | provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults, and not children, today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| 17 | 1817 | South Carolina | Ordinances, of the Town of Columbia, (S. C.) Passed Since the Incorporation of Said Town: To Which are Prefixed, the Acts of the General Assembly, for Incorporating the Said Town, and Others in Relation Thereto Page 61- 61, Image 61-62 (1823) available at The Making of Modern Law: Primary Sources. 1817. [Ordinances of the Town of Columbia, An Ordinance for Prohibiting the Firing of Guns in the Town of Columbia (1817)] | "Whereas the practice of firing small arms within the town of Columbia is extremely dangerous to the lives; as well as the property of the inhabitants thereof, and ought to be strictly prohibited: Be it ordained by the Intendent and Municipal Wardens of the towns aforesaid, in council assembled, and it is hereby ordained by the authority of the same, That hereafter it shall not be lawful for any person to fire or discharge any gun, pistol or other small arms within the limits bounded by Henderson, Blossom, Lincoln and Upper streets; and if any person shall wantonly, knowingly, and willfully fire or discharge any gun, pistol, or other small arms within the said limits, such person shall forfeit and pay to the use of the town aforesaid, a sum not exceeding five dollars, for each and every such offence, to be sued for and recovered according to law. And whereas, offences of this kind may be committed by minors or other disorderly persons, who have no ostensible property whereof the said penalty can be levied. Be it therefore ordained by the authority aforesaid, That any gun, pistol or other small arms, fired or discharged by any such person in breach of this ordinance, shall be | Prohibiting discharging of firearms within the town limits, and providing that offenses by minors who may not have property to be levied may have their weapons seized. | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them.

This historical analogue does not provide insight into the Second Amendment rights of 18-to-20-year-olds because the prohibition in this law applies equally to all individuals, regardless of age. It specially addresses minors only in the context of punishment.

This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment.

To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | liable for the payment of the penalty or penalties aforesaid; and it shall be lawful for the intendant, either of the Wardens or constables, who shall see such person offending against this ordinance, to seize and take into possession the gun or pistol, or other small arms so fired or discharged, and despite the same with the Intendant or either of the Wardens; and if the person charged with the said offense, and convicted thereof, shall not within ten days after conviction pay the penalty incurred and the costs of prosecution, the same shall be sold to discharge the said penalty and costs:" | | |
| 18 | 1820 | New Hampshire | An Act for the forming, arranging and regulating the militia, § 46, 2 New Hampshire Laws Enacted Since June 1, 1815, 80 (1824). | [A]ll parents, masters, and guardians, shall furnish all minors enrolled in the militia, who shall be under their care respectively, with the arms and equipments required by this act . . . . | Militia law requiring parents to supply arms for militia- eligible minors in their households. | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because nothing in the statute says that minors could not purchase their own firearms, just that parents had to ensure they were equipped with a firearm. Rather than restricting access to firearms, the Act sought to ensure that minors had firearms.<br><br>"Either at the same time or right after" the Second Amendment was ratified, "every state's militia law obliged young adults to acquire and possess firearms." *Jones*, 34 F.4th at 719. This is strong evidence "at least that young adults needed to have their own firearms" at the time the Second Amendment was ratified. *Id.* at 721.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|----------------------|----------------------|
| | | | | | | irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 19 | 1821 | New Jersey | An Act to exempt minors from Militia Duty in time of peace, in Josiah Harrison, Ed., *A Compilation Of The Public Laws Of The State Of New-Jersey Passed Since The Revision In The Year 1820* 266 (1833). | "[F]rom and after the passing of this act, all persons under the age of twenty-one years be, and they are hereby, exempt from militia duty in time of peace." | Exempting people under the age of 21 years from militia duty in times of peace. | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld v. BATFE*, 5 F.4th 407, 420 (4th Cir. 2021), *vacated as moot*, 14 F.4th 322. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because nothing in the statute says that minors could not purchase their own firearms, just that they were not required to serve in the militia at a certain time.<br><br>"Either at the same time or right after" the Second Amendment was ratified, "every state's militia law obliged young adults to acquire and possess firearms." *Jones*, 34 F.4th at 719. This is strong evidence "at least that young adults needed to have their own firearms" at the time the Second Amendment was ratified. *Id.* at 721. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| 20 | 1824 | Virginia – University of Virginia | University of Virginia Board of Visitors Minutes (October 4–5, 1824) 1, 6–7 (1824), https://encyclopedi avirginia. org/entries/universi ty-of- virginia-board-of-visitors-minutes-october-4-5-1824/ | "No Student shall, within the precincts of the University, introduce, keep or use any spirituous or vinous liquors, keep or use weapons or arms of any kind, or gunpowder, keep a servant, horse or dog, appear in school with a stick, or any weapon, nor, while in school." | Prohibition against keeping or using weapons or arms of any kind on campus. | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136.<br><br>This school regulation is not a legislative enactment, and accordingly cannot provide insight into the scope of legislative power under the Second Amendment. As a school regulation, it is based upon and can only provide insight into *in loco parentis* authority.<br><br>Additionally, this school regulation is not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because it bans possession in a specific location, but the California law prohibits 18-to-20-year-olds from purchasing certain arms in common use. |
| 21 | 1825 | Missouri | An Act to organize, govern and discipline the Militia, ch. I, § 24, in 1825 Mo. Laws 533, 554. | [A]ll parents, masters and guardians, shall furnish all minors, enrolled in the militia, who shall be under their care, respectively, with the arms and equipments required by this act. | Militia law requiring parents to supply arms for militia- eligible minors in their households. | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because nothing in the statute says that minors could not purchase their own firearms, just that parents had to ensure they were equipped with |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| | | | | | | a firearm. Rather than restricting access to firearms, the Act sought to ensure that minors had firearms.<br><br>"Either at the same time or right after" the Second Amendment was ratified, "every state's militia law obliged young adults to acquire and possess firearms." *Jones*, 34 F.4th at 719. This is strong evidence "at least that young adults needed to have their own firearms" at the time the Second Amendment was ratified. *Id.* at 721. |
| 22 | 1835 | Connecticut – City of New London | The By-Laws of the City of New London, with the Statute Laws of the State of Connecticut Relative to Said City Page 47-48, Image 47-48 (1855) available at The Making of Modern Law: Primary Sources. 1835 | "Chapter 26. A ByLaw in relation to the Firing of Guns and Pistols, within the limits of the city of New-London, and making parents and guardians, and masters, liable for breaches of by-laws by minors and apprentices. Be it ordained by the mayor and aldermen, and common council and freemen of the city of New-London, That no gun or pistol shall be fired at any time within the limits of said city, unless on some public day of review, and then by order of the officers of the military companies of said city, or by permission of the mayor, or one of the aldermen of said city; and whosoever shall fire any gun or pistol, contrary to the form and effect of this by-law, shall for every such offence, forfeit and pay the sum of two dollars, to be recovered by due process in any court in said city, proper to try the same. § 2. And whereas the firing of guns and | Prohibiting firings of guns and pistols, and assessing fines against parents, guardians, and masters for breaches by minors and apprentices. | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them.<br><br>This historical analogue does not provide insight into the Second Amendment rights of 18-to-20-year-olds because the prohibition in this law applies equally to all individuals, regardless of age. It specially addresses minors only in the context of punishment.<br><br>This is a local regulation which did not even apply statewide. It would have been |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| | | | | pistols, crackers, or other fire works is most frequently done by apprentices and minors under age, who are unable to pay the forfeiture incurred by the by-law of this city – be it also ordained that where any minor or apprentice shall be guilty of any breach of the by-laws relating to the firing of guns, pistols, crackers, or other fire-works, the parent, guardian, or master of such minor or apprentice, shall be liable to pay the forfeitures incurred by said by-law, and the same shall be recoverable of any parent, guardian or master, by action of debt brought on said by law, before any court in said city proper to try the same. And it shall be the duty of the city attorney and lawful for any other person to prosecute for said penalty; and one-half of said penalty shall go to the informer, or the person prosecuting for the same, and the other half to the use of the city." | | "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 23 | 1838 | North Carolina – University of North Carolina | Acts of the General Assembly and Ordinances of the Trustees, for the Organization and Government of the University of North-Carolina 15 (1838). | "No Student shall keep a dog, or firearms, or gunpowder. He shall not carry, keep, or own at the College, a sword, dirk, sword-cane." | Prohibition against keeping firearms, gunpowder, other dangerous weapons or dogs on campus. | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136. As a school regulation, this restriction is based upon and can only provide insight into |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | | | *in loco parentis* authority.<br><br>Additionally, this school regulation is not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because it bans possession in a specific location, but the California law prohibits 18-to-20-year-olds from purchasing certain arms in common use. |
| 24 | 1844 | Ohio | Act of Mar. 12, 1844, § 2, 1843 Ohio Laws 53, 53 | Requiring males between the ages of 21 and 45 to be enrolled in the militia. | Militia law exempting males under the age of 21 years. | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136.<br><br>Although this militia law set the mandatory enrollment age at 21, exempting 18-year-olds from the requirement, 18-year-olds were still permitted to enroll. *See Hirschfeld*, 5 F.4th at 431 n.33. |
| 25 | 1853 | Kentucky | Oliver H. Strattan, City Clerk A Collection of the State and Municipal Laws, in Force, and Applicable to the City of Louisville, Ky. Prepared and Digested, under an Order from the General Council of Said City by | "No. 68. An Ordinance as to Retailing Gun Powder. No person shall retail gunpowder to minors under fifteen years of age, or free colored persons, without authority from his parent or guardian, or to slaves without authority from his master. Any person doing so in either case, shall be fined twenty dollars." | Prohibition against selling gunpowder to people under the age of fifteen years without permission from their parent, or slaves without authority from their master, or to free people of color. | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136.<br><br>This law is disanalogous because it only applies to minors under 15-years-old. |

16

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | Oliver H. Strattan and John M. Vaughan, City Clerks, which Includes the State Constitution and City Charter, with Notes of Reference Page 175, Image 176 (1857) available at The Making of Modern Law: Primary Sources. 1853 | | | This law comes from the antebellum South and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F. 4th at 440; see also *McDonald*, 561 U.S. at 770–78.<br><br>This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Tawney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms, as well). |
| 26 | 1856 | Alabama | 1856 Ala. Acts 17, To Amend the Criminal Law, §1. (855 Ala. Laws 17 | "That anyone who shall sell or give or lend, to any male minor, a bowie knife, or knife or instrument of the like kind or description, by whatever name called, or air gun or pistol, shall, on conviction be fined not less than three hundred, nor more than one thousand dollars." | Prohibition against selling, giving, or lending male minors dangerous weapons. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones v. Bonta*, 34 F.4th 704, 722 (9th Cir. 2022), *vacated on reh'g*, 47 F.4th 1124.<br><br>This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | | | from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today.<br><br>This law comes from the antebellum South and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F. 4th at 440; see also *McDonald*, 561 U.S. at 770–78. |
| 27 | 1856 | Tennessee | Seymour Dwight Thompson, A Compilation of the Statute Laws of the State of Tennessee, of a General and Permanent Nature, Compiled on the Basis of the Code of Tennessee, With Notes and References, Including Acts of | "Any person who sells, loans, or gives, to any minor a pistol, bowie-knife, dirk, Arkansas tooth- pick, hunter's knife, or like dangerous weapon, except a gun for hunting or weapon for defense in traveling, is guilty of a misdemeanor, and shall be fined not less than twenty-five dollars, and be imprisoned in the county jail at the discretion of the court." | Prohibition against selling, loaning, or giving any pistol or other dangerous weapon to a minor. | In an earlier proceeding in this case, the Ninth Circuit found this law "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | Session of 1870-'71 Page 125, Image 794 (Vol. 2, 1873) available at The Making of Modern Law: Primary Sources. 1856 Offences Against Public Policy and Economy. § 4864. | | | "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today.<br><br>This law comes from the antebellum South and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F. 4th at 440; see also *McDonald*, 561 U.S. at 770–78. |
| 28 | 1858 | Tennessee | The Code of Tennessee Enacted by the General Assembly of 1857-8, 871 (Return J. Meigs & William F. Cooper eds. 1858). Chapter 9, Article II, Selling Liquors or Weapons to Minors or Slaves. Page 871. 1858. | "Any person who sells, loans, or gives to any minor a pistol, bowie-knife, dirk, Arkansas tooth-pick, hunter's knife, or like dangerous weapon, except a gun for hunting or weapon for defence in travelling, is guilty of a misdemeanor, and shall be fined not less than twenty-five dollars, and be imprisoned in the county jail at the discretion of the court." | Prohibition against selling, loaning, or giving any pistol or other dangerous weapon to any person under the age of 21 years. See *Warwick v. Cooper*, 37 Tenn. 659, 660–61 (1858) (describing "an infant under the age of twenty-one") | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|----------------------|----------------------|
| | | | | | | not at issue." *Jones*, 34 F.4th at 722. |
| | | | | | | To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| | | | | | | This law comes from the antebellum South and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F. 4th at 440; see also *McDonald*, 561 U.S. at 770–78. |
| 29 | 1859 | Kentucky – Town of Harrodsburg | 1859 Ky. Acts 245, An Act to Amend an Act Entitled "An Act to Reduce to One of the Several Acts in Relation to the Town of Harrodsburg," § 23. | "If any person, other than the parent or guardian, shall sell, give or loan, any pistol, dirk, bowie-knife, brass knucks, slung-shot, colt, cane-gun, or other deadly weapon, which is carried concealed, to any minor, or slave, or free negro, he shall be fined fifty dollars." | Prohibition against selling, giving, or loaning deadly weapons to minors, slaves, or free people of color. | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. <br><br> This is a local regulation which did not even |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| | | | | | | apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| | | | | | | To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| | | | | | | This law comes from the antebellum South and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F. 4th at 440; see also *McDonald*, 561 U.S. at 770–78. |
| | | | | | | This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Tawney's concern that extending citizenship to blacks would entail extending them the right to keep and bear arms, as well). |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| 30 | 1859 | New York – City of New York | D. T. Valentine, Ordinances of the Mayor, Aldermen and Commonalty of the City of New York: Revised A. D. 1859 Adopted by the Common Council Page 235, Image 243 (1859) available at The Making of Modern Law: Primary Sources. 1859. Ordinances of the City of New York. Firing of Fire-Arms, Cannons and Fireworks. § 6. | "No tavern-keeper, keeper of a public house, garden or place of resort, nor any other person, shall suffer or permit any person to practice with or fire off any pistol, gun, fowling-piece or other fire-arms, in or upon his or her premises, nor shall suffer or permit any pistol gallery, erected in his or her house, or upon his or her premises, to be used for the purpose of practicing with any pistol gun, fowling-piece or other fire-arms, upon the first day of the week, called Sunday, under the penalty of fifty dollars for each offense, to be sued for and recovered from the person keeping such public house, tavern, public garden, pistol gallery, place of resort or premises; and also the further penalty of fifty dollars for each offense, to be sued for and recovered from the person firing off or practicing with a pistol, gun, fowling-piece, or other fire-arms; and in case of such person so offending shall be an apprentice, such penalty shall be sued for and recovered from the master of such apprentice, or in case such person so offending shall be a minor and not an apprentice, the same shall be sued for and recovered from the father of, or in case of the death of the father, then from the mother or guardian of such minor." | Prohibition against allowing the discharging of weapons on Sundays, and providing that if the person discharging the weapon is a minor, the penalty shall be recovered from the father, mother, or guardian. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them.<br><br>This historical analogue does not provide insight into the Second Amendment rights of 18-to-20-year-olds because the prohibition in this law applies equally to all individuals, regardless of age. It specially addresses minors only in the context of punishment.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | | | To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 31 | 1863 | Tennessee – City of Memphis | William H. Bridges, Digest of the Charters and Ordinances of the City of Memphis, Together with the Acts of the Legislature Relating to the City, with an Appendix Page 148-149, Image 149-150 (1863) available at The Making of Modern Law: Primary Sources. 1863. [Ordinances of the City of Memphis, Shooting Galleries, § 1.] | "§ 1. That no person or persons shall set up or use any pistol gallery, or place for the discharging of pistols, guns or other firearms in the first story of any building in the city; nor shall any gallery be used in any manner involving risk or danger to any person in the city; nor shall any person setting up or using such pistol gallery be exempt from the ordinance and penalties now in force, for discharging or shooting any pistol, gun or firearms within the city limits, until such person or persons have applied and paid for license to set up and use such pistol gallery, according to the provisions of this ordinance. § 2. That the person or persons applying for license to keep such pistol gallery, shall, at the time of obtaining such license, enter into bond with good security, to be approved by the City Register, in the sum of three thousand dollars, payable as other city bonds, conditioned that no | Prohibition against allowing minors to visit or use shooting galleries without the consent of their parent or guardian. | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them. <br><br> Not analogous because this historical law only requires parental consent. *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because California's ban applies regardless of parental consent. <br><br> This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | gambling of any kind be permitted in such pistol gallery, or in the room used for such pistol gallery, or any room adjacent thereto, under the control and connected with said pistol gallery, or its proprietors or keepers; and that all shooting or discharging of firearms shall be done only with the perfect security against any harm to persons or property in the vicinity of such pistol gallery; such penalty to be recoverable for every violation of this section of this ordinance, and of the conditions of said bond. § 3. That the proprietors or persons keeping such pistol gallery shall not permit any minors to shoot in such gallery without the written consent of the lawful guardian of such minor, unless such guardian be personally present, and consenting to such shooting; nor shall the proprietors or keepers of such gallery permit any shooting in the same after eleven o'clock at night, or on Sunday, nor shall such shooting gallery be allowed to be kept open for shooting after eleven o'clock at night or on Sunday." | | the scope of the Second Amendment.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 32 | 1864 | Pennsylvania | Act of May 4, 1864, no. 211, § 1, 1864 Pa. Laws 221, 221–22 | Requiring males between the ages of 21 and 45 to be enrolled in the militia | Militia law exempting males under the age of 21 years. | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|------|------|------|------|------|------|
| | | | | | | postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136.<br><br>"Either at the same time or right after" the Second Amendment was ratified, "every state's militia law obliged young adults to acquire and possess firearms." *Jones*, 34 F.4th at 719. This is strong evidence "at least that young adults needed to have their own firearms" at the time the Second Amendment was ratified. *Id.* at 721.<br><br>Although this militia law set the mandatory enrollment age at 21, exempting 18-year-olds from the requirement, there is no indication that 18-year-olds were prohibited from enrolling. Nor does it in any way restrict their ability to possess and acquire firearms generally. |
| 33 | 1866 | Alabama | George Washington Stone, The Penal Code of Alabama, Montgomery, 1866 Page 63, Image 63 (1866) available at The Making of Modern Law: Primary Sources. 1866. Miscellaneous Offenses § 204. | "Selling or giving fire-arms to minor. – Any person who sells, gives, or lends to any boy under eighteen years of age, any pistol, or bowie-knife, or other knife of like kind or description, must, on conviction, be fined not less than fifty, nor more than five hundred dollars." | Prohibition against selling, giving, or lending male minors dangerous weapons | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 18-years-old, but California's ban extends to 18-to-20-year-olds. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|------------------|--------------|----------|--------------------------|----------------------|----------------------|
| 34 | 1867 | Tennessee – City of Memphis | William H. Bridges, Digest of the Charters and Ordinances of the City of Memphis, from 1826 to 1867, Inclusive, Together with the Acts of the Legislature Relating to the City, with an Appendix Page 50, Image 50 (1867) available at The Making of Modern Law: Primary Sources. 1867 Police Regulations of the State. Selling Liquors or Weapons to Minors. § 4864. | "Any person who sells, loans or gives to any minor a pistol, bowie-knife, dirk, Arkansas toothpick, hunter's knife, or like dangerous weapon, except a gun for hunting or weapon for defense in traveling, is guilty of a misdemeanor and shall be fined not less than twenty-five dollars, and imprisoned in the county jail at the discretion of the court." | Prohibition against selling, loaning, or giving pistols or other dangerous weapons to minors. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, and "[i]napplicable" and "not convincing" because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| 35 | 1868 | Oregon | 1868 Or. Laws 18-19, An Act to Protect the Owners of Firearms, §§ 1-2. | "Whereas, the constitution of the United States, in article second of amendments to the constitution, declares that "the right to the people to keep and bear arms shall not be infringed;" and the constitution for the state of Oregon, in article first, section twenty-seven, declares that "the people shall have the right to bear arms for the defense of themselves and the state;" therefore . . . § 1. Every white male citizen of this state above the age of sixteen years, shall be entitled to have, hold, and keep, for his own use and defense, the following firearms, to wit: either or any one of the following- named guns, and one revolving pistol: a rifle, shot- gun (double or single barrel), yager, or musket; the same to be exempt from execution, in all cases, under the laws of Oregon. § 2. No officer, civil or military, or other person, shall take from or demand of the owner any fire-arms mentioned in this act, except where the services of the owner are also required to keep the peace or defend the state." | Allowing white male citizens over the age of 16 years to carry certain firearms for his own use and defense. Providing exceptions to this right in order to keep the peace or defend the state. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent this law does impact this case, it supports Plaintiffs. Although there were limitations on the right recognized by Oregon that are not recognized by the federal Second Amendment, it applied the right equally to qualifying individuals over 16 years of age. |
| 36 | 1869 | Virginia – Town of Lexington | The Charter and General Ordinances of the Town of Lexington, Virginia Page 87, Image 107 (1892) available at | "If any person sell, barter, give or furnish, or cause to be sold, bartered, given or furnished to any minor under sixteen years of age, cigarettes, or pistols, or dirks, or bowie knives, having good cause to | Prohibition against selling, bartering, giving, or furnishing pistols, other dangerous weapons, or cigarettes, to any person under the age | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | The Making of Modern Law: Primary Sources. 1869 Ordinances of the town of Lexington. Of Concealed Weapons and Cigarettes. § 2. | believe him or her to be a minor under sixteen years of age, shall be fined not less than ten dollars nor more than one hundred dollars." | of 16 years. | sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-olds.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 37 | 1871 | Connecticut | Henry Dutton, A Revision of Swift's Digest of the Laws of Connecticut. Also, Practice, Forms and Precedents, in Connecticut Page 564, Image 565 (Vol 1, 1871) available at The Making of Modern Law: Primary Sources. 1871 | Of Trespass on the Case. A person, before he trusts a gun with an incautious person, is bound to render it perfectly innoxious. Where the defendant negligently and imprudently entrusted a loaded gun to a young mulatto girl, who discharged it against the son of the plaintiff, and severely wounded him by which the plaintiff lost his service and was put to great expense for his cure, the defendant was subjected to 100 pounds damages. | Assessing damages for lending weapons to youths. | This is not a "law" with any bearing on this case, and the case it describes, which involves criminal misuse of a firearm, does not suggest that 18-to-20-year-olds were limited in any way in their ability to acquire firearms. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| 38 | 1873 | Illinois – City of Chicago | Proceedings of the Common Council of the City of Chicago Page 140, Image 185 (Vol. 5, 1874) available at The Making of Modern Law: Primary Sources. 1873 Ordinances of Chicago: An Ordinance Prohibiting the Sale to or Furnishing Minors with Firearms. § 1 | "That no person within said city shall sell to or in any manner furnish any minor with any gun, pistol, revolver, or other firearms; and any person offending against this ordinance shall on conviction be fined in a sum not less than twenty-five dollars nor more than one hundred dollars for each offense." | Prohibition against sending any gun, pistol, revolver, or other firearms to minors. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006). <br><br> This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. <br><br> To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

29

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| 39 | 1875 | Indiana | Edwin Augustine Davis, LL.B., The Statutes of the State of Indiana: Containing the Revised Statutes of 1852, with the Amendments Thereto, and the Subsequent Legislation, 246with Notes and References to Judicial Decisions. Second Edition Vol. 2 Page 482, Image 493 (1877) available at The Making of Modern Law: Primary Sources.  1875.  An Act to prohibit the sale, gift or bartering of deadly weapons or ammunition therefor, to minors. | "§ 1. Be it enacted by the General Assembly of the State of Indiana, That it shall be unlawful for any person to sell, barter, or give to any other person, under the age of twenty-one years, any pistol, dirk, or bowie-knife, slung-shot, knucks, or other deadly weapon that can be worn, or carried, concealed upon or about the person, or to sell, barter, or give to any person, under the age of twenty-one years, any cartridges manufactured and designed for use in a pistol. § 2. Be it further enacted, That any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than five dollars, nor more than fifty dollars." | Prohibition against selling, bartering, or giving deadly weapons to people under the age of 21 years. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.

This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 40 | 1876 | Alabama | Wade Keyes, The Code of Alabama, 1876: with References to the Decisions of the Supreme Court of the State upon the Construction of the Statutes; and in | "Selling, giving, or lending, pistol or bowie knife, or like knife, to boy under eighteen. – Any person who sells, gives, or lends, to any boy under eighteen years of age, any pistol, or bowie knife, or other knife of like kind or description, must on conviction, be fined not less than fifty, nor more than five hundred | Prohibition against selling, giving, or lending a boy under 18 dangerous weapons | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

Not "relevantly similar" to the challenged |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| | | | Which the General and Permenent Acts of the Session of 1876- 7 have been Incorporated Page 901, Image 917 (1877) available at The Making of Modern Law: Primary Sources. 1877 Offenses Against Public Health, etc. § 4230 (3751) | dollars." | | laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 18-years-old, but California's ban extends to 18-to-20-year-olds. |
| 41 | 1876 | Georgia | 1876 Ga. Laws 112. | "Section I. That from an after the passage of this Act it shall be lawful for any person or persons knowingly to sell, give, lend or furnish any minor or minors any pistol, dirk, bowie knife or sword cane. Any person found guilty of a violation of this Act shall be guilty of a misdemeanor, and punished as prescribed in section 4310 of the Code of 1873: Provided, that nothing herein contained shall be construed as forbidding the furnishing of such weapons under circumstances justifying their use  in defending life, limb or property. Sec. II. Repeals conflicting laws." | Prohibition against selling, giving, lending, or furnishing weapons to minors. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| | | | | | | Amendment rights of individuals who are unquestionably legal adults today. |
| 42 | 1878 | Mississippi | 1878 Miss. Laws 175-76, An Act To Prevent The Carrying Of Concealed Weapons And For Other Purposes, ch. 46, §§ 2-3. | "§ 2. It shall not be lawful for any person to sell to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any weapon of the kind or description in the first section of this Act described [pistols, various knives etc.], or any pistol cartridge, and on conviction shall be punished by a fine not exceeding two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor under the direction of the board of supervisors or of the court, not exceeding six months. § 3. Any father, who shall knowingly suffer or permit any minor son under the age of sixteen years to carry concealed, in whole or in part, any weapon of the kind or description in the first section of this act described [pistols, knives, etc.], shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than twenty dollars, nor more than two hundred dollars, and if the fine and costs are not paid, shall be condemned to hard labor under the direction of the board of supervisors or of the court." | Prohibition against selling pistols, other deadly weapons, or ammunition to minors or intoxicated people. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.

This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|------|--------------|----------|---------------------------|----------------------|---------------------|
| 43 | 1878 | Wisconsin | Supplement to the Revised Statutes of the State of Wisconsin, 1878, Containing the General Laws from 1879 to 1883, with the Revisers' Notes to the Statutes of 1878 and Notes to Cases Construing and Applying These and Similar Statutes by the Supreme Court of Wisconsin and the Courts of Other States Page 847, Image 889 (1883) available at The Making of Modern Law: Primary Sources. 1882 | "Offenses Against Lives and Persons of Individuals. §4397a. (1) It shall be unlawful for any person to sell or use, or have in his possession, for the purpose of exposing for sale or use, any toy pistol, toy revolver, or other toy fire-arm. (2) Any person violating any of the provisions of this act, on conviction thereof, shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding one hundred dollars, or by both fine and imprisonment, in the discretion of the court. § 4397b. (1) It shall be unlawful for any minor, within this state, to go armed with any pistol or revolver, and it shall be the duty of all sheriffs, constables, or other public police officers, to take from any minor any pistol or revolver, found in his possession. (2) It shall be unlawful for any dealer in pistols or revolvers, or any other person to sell, loan or give any pistol or revolver to any minor in this state." | Prohibition against selling, using, or possessing toy pistols or toy firearms. Prohibition against selling, giving, or furnishing firearms to minors. Prohibition against possession of firearms by minors. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 44 | 1880 | Mississippi | Josiah A. Patterson Campbell, The Revised Code of the Statute Laws of the State of Mississippi: With | "§ 2986. It shall not be lawful for any person to sell to any minor or person intoxicated knowing him to be a minor or in a state of intoxication, any weapons of the kind or description in the foregoing | Prohibition against selling pistols, other deadly weapons, or ammunition, to any minor or intoxicated person.  Imputing | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|----------------------|
| | | | References to Decisions of the High Court of Errors and Appeals, and of the Supreme Court, Applicable to the Statutes Page 776-777, Image 776-777 (1880) available at The Making of Modern Law: Primary Sources. 1880. Carrying Concealed Weapons. | section described, or any pistol cartridge and on conviction he shall be punished by a fine not exceeding two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor under the direction of the board of supervisors or of the court not exceeding six months. § 2987. Any father who shall knowingly suffer or permit any minor son under the age of sixteen years to carry concealed, in whole or in part, any person of the kind or description in the forgoing section described, shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than twenty dollars, nor more than two hundred dollars, and if the fine and costs are not paid, shall be condemned to hard labor as provided in the proceeding section. § 2988. Any student of any university, college, or school, who shall carry concealed, in whole or in part, any weapon of the kind or description in the foregoing section described, or any teacher, instructor or professor who shall knowingly, suffer or permit any such weapon to be carried by any student or pupil, shall be deemed guilty of a misdemeanor and on conviction be fined not exceeding three hundred dollars, and if the fine and costs are not paid, be condemned to hard | responsibility to fathers who allow people under the age of 16 years to carry concealed weapons. Prohibiting weapons at schools and universities. | insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | labor as above provided." | | |
| 45 | 1881 | Connecticut – City of New Haven | Charter of the City of New Haven Page 142-143, Image 241-242 (1881) available at The Making of Modern Law: Primary Sources. 1881 | "No person shall sell to any child under the age of sixteen years, without the written consent of the parent or guardian of such child, any cartridge or fixed ammunition of which any fulminate is a component part, or any gun, pistol or other mechanical contrivance arranged for the explosion of cartridge, or of any fulminate" | Prohibiting the selling of ammunition or firearms to children under 16. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-olds.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 46 | 1881 | Delaware | Revised Statutes of the State of Delaware, of Eight Hundred and Fifty-Two. As They Have Since Been Amended, Together with the Additional Laws of a Public and General Nature, | "That if any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, or shall knowingly sell a deadly weapon to a minor other than an ordinary pocket knife, such person shall, upon conviction thereof, be fined not less than twenty-five nor more than one hundred dollars or imprisoned in the county jail for not less than ten nor | Prohibition against selling deadly weapons to minors. | In an earlier proceeding in this case, the Ninth Circuit disregarded this law because, at the time it was passed, Delaware did not have a Second Amendment analog in its state constitution. *Jones*, 34 F.4th at 722.<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | Which Have Been Enacted Since the Publication of the Revised Code of Eighteen Fifty-Two. To the Year of Our Lord One Thousand Eight Hundred and Ninety-Three; to Which are Added the Constitutions of the United States and of this State, the Declaration of Independence, and Appendix Page 987, Image 1048 (1893) available at The Making of Modern Law: Primary Sources. 1881<br><br>An Act Providing for the Punishment of Persons Carrying Concealed Deadly Weapons. 16 Del. Laws 716 (1881) | more than thirty days, or both at the discretion of the court: Provided, that the provisions of this section shall not apply to the carrying of the usual weapons by policemen and other peace officers. § 2. That if any person shall, except in lawful self-defense discharge any firearm in any public road in this State, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by fine not exceeding fifty dollars or by imprisonment not exceeding one month, or both at the discretion of the court." | | insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 47 | 1881 | Delaware | 1881 Del. Laws 987, An Act Providing for the Punishment of Persons Carrying | "§ 1. That if any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, or shall knowingly sell a deadly weapon to a | Prohibition against selling deadly weapons to minors. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | Concealed Deadly Weapons, ch. 548. | minor other than an ordinary pocket knife, such person shall, upon conviction thereof, be fined not less than twenty-five nor more than two hundred dollars or imprisoned in the county jail for not less than ten nor more than thirty days, or both at the discretion of the court: Provided, that the provisions of this section shall not apply to the carrying of the usual weapons by policemen and peace officers." | | REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 48 | 1881 | Florida | 1881 Fla. Laws 87, An Act to Prevent the Selling, Hiring, Bartering, Lending or Giving to. | § 1. it shall be unlawful for any person or persons to sell, hire, barter, lend or give to any minor under sixteen years of age any pistol, dirk or other arm or weapon, other than an ordinary pocket-knife, or a gun or rifle used for hunting, without the permission of the parent of such minor, or the person having charge to such minor, and it shall be unlawful for any person or persons to sell, hire, barter, lend or give to any person or persons of unsound mind any dangerous weapon, other than an ordinary pocket-knife. § 2. Any person or persons so offending shall | Prohibition against selling, hiring, bartering, lending, or giving weapons to people under the age of 16 years. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than twenty nor more than fifty dollars, or imprisoned in the county jail not more than three months. | | laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-olds. |
| 49 | 1881 | Indiana | The Revised Statutes of the State of Indiana, the Revision of 1881 and All General Laws Enacted to that Revision (1888) Section 1986-87, Furnishing Deadly Weapon to Minor. 1881 | "1986. It shall be unlawful for any person to sell, barter or give to any other person under the age of twenty-one years any pistol, dirk or bowie-knife, slung-shot, knucks or other deadly weapon that can be worn or carried concealed upon or about the person, or to sell, barter or give to any person under the age of twenty-one years any cartridges manufactured and designed to be used in a pistol. 1987. Any person who shall violate any of the provisions of this section shall be deemed guilty of a misdemeanor, and, on conviction hall be fined not less than five dollars nor more than fifty dollars." | Prohibition against selling, bartering, or giving deadly weapons to people under the age of 21 years. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.

To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 50 | 1881 | Nevada | David E. Baily, The General Statutes of the State of Nevada. In Force. From 1861 to 1885, Inclusive. With | "Every person under the age of twenty-one (21) years who shall wear or carry any dirk, pistol, sword in case, slung shot, or other dangerous or deadly weapon concealed upon his person, shall be deemed guilty of a misdemeanor, and shall, upon | Prohibition against carrying of concealed weapons for any person under the age of 21 years. | The law concerns the carrying of firearms, not their acquisition.

This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|----------------------|---------------------|
| | | | Citations of the Decisions of the Supreme Court Relating Thereto Page 1077, Image 1085 (1885) available at The Making of Modern Law: Primary Sources. 1881 An Act to prohibit the carrying of concealed weapons by minors. See also NEV. REV. STAT. § 4864 (1885). | conviction thereof, be fined not less than twenty nor more than two hundred ($200) dollars, or by imprisonment in the county jail not less than thirty days nor more than six months or by both such fine and imprisonment." | | Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 51 | 1881 | Pennsylvania | Act of June 10, 1881, § 1 | makes any person, "who shall knowingly and willfully sell or cause to be sold, to any person under sixteen years of age, any cannon, revolver, pistol or other such deadly weapon, … shall, in every such case, be guilty of a misdemeanor, and upon conviction thereof shall be sentenced to pay a fine not exceeding three hundred dollars." | Prohibition against selling any cannon, revolver, pistol or any deadly weapon to any person under the age of 16 years. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-olds. |
| 52 | 1882 | Illinois | Harvey Bostwick Hurd, Late Commissioner, The Revised | "Whoever, not being the father, guardian, or employer of the minor herein named, by himself or agent, shall sell, give, loan, hire or barter, or | Prohibition on selling, giving, loaning, hiring, bartering or offering deadly weapons to minors, with | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear* |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|----------------------|----------------------|
| | | | Statutes of the State of Illinois. 1882. Comprising the "Revised Statutes of 1874," and All Amendments Thereto, Together with the General Acts of 1875, 1877, 1879, 1881 and 1882, Being All the General Statutes of the State, in Force on the First Day of December, 1882 Page 375, Image 392 (1882) available at The Making of Modern Law: Primary Sources. 1881. Deadly Weapons: Selling or Giving to Minor. § 54b. | shall offer to sell, give, loan, hire or barter to any minor within this state, any pistol, revolver, derringer, bowie knife, dirk or other deadly weapon of like character, capable of being secreted upon the person, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25), nor more than two hundred ($200)." | exceptions for parents, guardians, or employers of those minors. | *Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 53 | 1882 | Maryland | 1882 Md. Laws 656 | "Section 1. Be it enacted by the General Assembly of Maryland, That it shall be unlawful for any person or persons within the State of Maryland to manufacture or sell, barter or give away the cartridge toy pistol to any one whomsoever Sec. 2. Be it enacted, That it shall be unlawful for any person, be he or | Prohibition on selling, giving, or bartering firearms (other than shotguns or fowling pieces and rifles) to any person under 21 years of age. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | she licensed dealer or not, to sell, barter or give away any firearm whatsoever or other deadly weapons, except shotgun, fowling pieces and rifles, to any person who is a minor under the age of twenty-one years. Any person or persons violating any of the provisions of this act shall, on conviction thereof, pay a fine of not less than fifty nor more than two hundred dollars, together with the cost of prosecution, and upon failure to pay said fine and cost, be committed to jail and confined therein until such fine and costs are paid, or for the period of sixty days, whichever shall first occur." | | passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 54 | 1882 | Massachusetts | Report of Commissioners on Revision of Ordinances Page 141, Image 146 (1882) available at The Making of Modern Law: Primary Sources. 1882 Of Explosive Compounds. Penalty for selling guns, pistols, cartridges, etc., to | "Whoever sells to a child under the age of sixteen years, without the written consent of its parent or guardian, any cartridge or fixed ammunition of which any fulminate is a component part, or a gun, pistol, or other mechanical contrivance arranged for the explosion of such cartridge or of any fulminate, shall be liable to a penalty of not less than five nor more than fifty dollars." | Prohibition against selling cartridges, ammunition, or firearms to any person under the age of 16 years without parental consent. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-olds. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | children. § 1 | | |
| 55 | 1882 | West Virginia | 1882 W. Va. Acts 421–22 | "If a person carry about his person any revolver or other pistol, dirk, bowie knife, razor, slung shot, billy, metalic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor, and fined not less that twenty-five nor more than two hundred dollars, and may, at the discretion of the court, be confined in jail not less than one, nor more than twelve months; and if any person shall sell or furnish any such weapon as is hereinbefore mentioned to a person whom he knows, or has reason, from his appearance or otherwise, to  believe to be under the age of twenty-one years, he shall be punished as hereinbefore provided; but nothing herein contained shall be so construed as to prevent any person from keeping or carrying about his dwelling house or premises any such revolver  or other pistol, or from carrying the same from the place of purchase to his dwelling house, or from  his dwelling house to any place where repairing is done, to have it repaired, and back again." | Prohibition against selling, furnishing, or giving any pistol or other dangerous weapons to persons under the age of 21 years. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| 56 | 1883 | Kansas | 1883 Kan. Sess. Laws 159, An Act to Prevent Selling, Trading or Giving Deadly Weapons or Toy Pistols to Minors, and to Provide Punishment Therefor, ch. 106, §§ 1-2. | "§ 1. Any person who shall sell, trade, give, loan or otherwise furnish any pistol, revolver or toy pistol, by which cartridges or caps may be exploded, or any dirk, bowie-knife, brass knuckles, slung shot, or other dangerous weapons to any minor, or to any person of notoriously unsound mind, shall be deemed guilty of a misdemeanor, and shall, upon conviction before any court of competent jurisdiction, be fined not less than five nor more than one hundred dollars. § 2. Any minor who shall have in his possession any pistol, revolver or toy pistol, by which cartridges may be exploded, or any dirk, bowie-knife, brass knuckles, slung shot or other dangerous weapon, shall be deemed guilty of a misdemeanor, and upon conviction before any court of competent jurisdiction shall be fined not less than one nore more than ten dollars." | Prohibition against selling, trading, or giving deadly weapons or toy pistols to minors or people of unsound mind. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 57 | 1883 | Michigan | 1883 Mich. Pub. Acts 144, An Act To Prevent The Sale And Use Of Toy Pistols, § 1. | That no person shall sell, give, or furnish to any child under the age of thirteen years, any cartridge of any form or material, or any pistol, gun, or other mechanical contrivance, specially arranged or designated for the explosion of the same. | Prohibition against the selling, giving, or finishing any pistol, gun, or toy pistol to any person under the age of 13 years. | In an earlier proceeding in this case, the Ninth Circuit held that this law, "passed over a decade after the ratification of the Fourteenth Amendment[,] cannot contravene the Second Amendment's original public meaning." *Jones*, 34 F.4th at 722.<br><br>This law is inapplicable and unconvincing because it only applies to children under 13-years-old. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |
| 58 | 1883 | Missouri | MO. REV. STAT. § 1274 (1879), reprinted in 1 The Revised Statutes of the State of Missouri 1879 224 (John A. Hockaday et al. eds. 1879). 1883 Mo. Laws 76, An Act To Amend Section 1274, Article 2, Chapter 24 Of The Revised Statutes Of Missouri, Entitled "Of Crimes And Criminal Procedure," § 1. | "If any person shall carry concealed, upon or about his person, any deadly or dangerous weapon, or shall go into any church or place where people have assembled for religious worship, or into any school room or place where people are assembled for educational, literary or social purposes, or to any election precinct on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose other than for militia drill or meetings called under the militia law of this state, having upon or about his person any kind of fire arms, bowie knife, dirk, dagger, slung-shot, or other deadly weapon, or shall in the presence of one or more persons shall exhibit any such weapon in a rude, angry or threatening manner, or shall have or carry any such weapon upon or about his person when intoxicated or under the influence of intoxicating drinks, or shall directly or indirectly sell or deliver, loan or | Prohibition on selling, delivering, loaning, or bartering any deadly weapon to a minor. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it only requires parental consent *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because California's ban applies regardless of parental consent.<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | barter to any minor any such weapon, without the consent of the parent or guardian of such minor, he shall, upon conviction, be punished by a fine of not less than twenty-five nor more than two hundred dollars, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment." | | |
| 59 | 1883 | New Hampshire | William Martin Chase, The Public Statutes of the State of New Hampshire, To which are Prefixed the Constitutions of the United States and State of New Hampshire with a Glossary and Digested Index Page 713, Image 732 (1891) available at The Making of Modern Law: Primary Sources. 1883 Offenses Against Minors. § 4. | "If any person shall have in his possession a toy pistol, toy revolver, or other toy firearms, for the explosion of percussion caps or blank cartridges, with intent to sell the same, or shall sell, or offer to sell or to give away the same, he shall be fined not more than fifty dollars; and he shall be liable for all damages resulting from the use of the toy pistol, revolver, or other firearms by him sold or given away, to be recovered in an action on the case." | Prohibition against toy pistols, revolvers, or devices for the explosion of caps or blanks by minors. | It is not clear from the text of the statute that it applies against 18-to-20-year-olds. To the extent it does, it is still distinguishable because:

This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).

This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.

To the extent that this law was a restriction |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | | | on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 60 | 1883 | Ohio | 1883 Ohio Laws 222, An Act to Prohibit the Sale of Toy Pistols in the State of Ohio, § 1. | "That it shall be unlawful for any firm, company or person in the state of Ohio, to sell or exhibit for sale any pistol manufactured out of any metallic or hard substance, commonly known as the "toy pistol"; to a minor under the age of fourteen years; any firm company or person violating the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than ten nor more than fifty dollars, or be imprisoned not less than ten days nor more than twenty days, or both, and shall be liable to a civil action in damages ot any person injured by such sale." | Prohibition against selling or exhibiting toy pistols to any person under the age of 14 years. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>This law is inapplicable and unconvincing because it only applies to children under 14-years-old. |
| 61 | 1883 | Pennsylvania | John Purdon, A Digest of the Laws of Pennsylvania: From the Year One Thousand Seven Hundred to the Sixth Day of July, One Thousand Eight Hundred and | "Any person who shall knowingly and willfully sell or cause to be sold to any person under sixteen years of age, any cannon, revolver, pistol or other such deadly weapon, or who shall knowingly and willfully sell, or cause to be sold, to any such minor, any imitation or toy cannon, revolver or pistol so made, constructed or arranged as to be | Prohibition against selling or causing to be sold any cannon, revolver, pistol or other deadly weapon, or imitation or toy weapons, to any person under the age of 16 years. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, and |

Case 3:19-cv-01226-L-AHG    Document 118-1    Filed 04/17/23    PageID.10508    Page 53 of 111

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | Eighty- Three.11th Edition Page 423-424, Image 472-473 (Vol. 1, 1885) available at The Making of Modern Law: Primary Sources. 1883 Crimes, Carrying and Sale of Explosives, § 113. | capable of being loaded with gunpowder or other explosive substance, cartridges, shot, slugs or balls and being exploded, fired off and discharged, and thereby become a dangerous or deadly weapon, or who shall knowingly and willfully sell, or cause to be sold to any such minor, any cartridge, gunpowder or other dangerous and explosive substance, shall in every such case, be guilty of a misdemeanor, and upon conviction thereof shall be sentenced to pay a fine not exceeding three hundred dollars." | | "[i]napplicable" and "not convincing" because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-old adults. |
| 62 | 1883 | Rhode Island | 1883 R.I. Pub. Laws 157, An Act In Amendment Of And in Addition To Chapter 92 Of The Public Statutes "Of Fire-arms and Fire-works", § 1 | "§ 1. No person shall sell to any child under the age of fifteen years, without the written consent of a parent or guardian of such child, any cartridge or fixed ammunition of which any fulminate is a component part, or any gun, pistol or other mechanical contrivance arranged for the explosion of such cartridge or of any fulminate." | Prohibition against selling any firearm, cartridge, ammunition, or explosive to any person under the age of 15 years. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it only requires parental consent and applies to children under 15-years-old. *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because California's ban applies regardless of parental consent and extends to 18-to-20-year-olds.<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|------|------|------|------|------|------|
| 63 | 1883 | Washington | Edward D. McLaughlin, The Revised Statutes and Codes of the State of Washington Page 1042, Image 1094 (1896) available at The Making of Modern Law: Primary Sources. 1883 | "Sale of Toy Pistols to Children, It shall be unlawful for any person or persons to sell or offer for sale, any toy pistols within this state, and every person who shall sell, give, furnish, or cause to be furnished to any person under the age of sixteen years, any pistol, toy pistol or other pocket weapon, in which explosives may be used, shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined in any sum not less than five, nor more than twenty-five dollars." | Prohibition against selling, furnishing, or giving any pistol, toy pistol, or any pocket weapon to any person under the age of 16 years. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-old adults. |
| 64 | 1883 | Wisconsin | 1883 Wis. Sess. Laws 290 | "Section 1. It shall be unlawful for any minor, within this state, to go armed with any pistol or revolver, and it shall be the duty of all sheriffs, constables, or other public police officers, to take from any minor, any pistol or revolver, found in his possession. Section 2. It shall be unlawful for any dealer in pistols or | Prohibition against possession of pistols or revolvers by minors. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "unconvincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| | | | | revolvers, or any other person, to sell, loan, or give any pistol or revolver to any minor in this state. Section 3. It shall be unlawful for any person in a state of intoxication, to go armed with any pistol or revolver. Any person violating the provisions of this act, shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding one hundred dollars ($100)." | | passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006). <br><br> This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 65 | 1884 | Iowa | 1884 Iowa Acts 86. | "Section 1. That it shall be unlawful for any person to knowingly sell, present or give any pistol, revolver or toy pistol to any minor. Sec. 2. Any violation of this act shall be punishable by a fine of not less than twenty-five nor more than one hundred dollars or by imprisonment in the county jail of not less than ten nor more than thirty days. Sec. 3. This act being deemed of immediate importance shall be in full force and take effect from and after its publication in the Iowa State Leader and Iowa State | Prohibition against selling, presenting, or giving a pistol, revolver, or toy pistol to a minor. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. <br><br> This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006). <br><br> This law comes too late to shed much light |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| | | | | Register, newspapers published at Des Moines, Iowa." | | on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 66 | 1884 | New York | George R. Donnan, Annotated Code of Criminal Procedure and Penal Code of the State of New York as Amended 1882-5 Page 172, Image 699 (1885) available at The Making of Modern Law: Primary Sources. 1884 Carrying, Using, Etc., Certain Weapons, § 410. | "A person who attempts to use against another, or who, with intent so to use, carries, conceals or possesses any instrument or weapon of the kind commonly known as the slung-shot, billy, sand – club or metal knuckles, or a dagger, dirk or dangerous knife, is guilty of a felony. Any person under the age of eighteen years who shall have, carry or have in his possession in any public street, highway or place in any city of this state, without a written license from a police magistrate of such city, any pistol or other fire-arm of any kind, shall be guilty of a misdemeanor. This section shall not apply to the regular and ordinary transportation of fire-arms as merchandise, or for use without the city limits. § 411. | Prohibition against unlicensed carrying of deadly weapons for people under the age of 18 years. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 18-years-old, but California's ban extends to 18-to-20-year-olds. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | Possession, Presumptive Evidence. The possession, by any person other than a public officer, of any of the weapons specified in the last section, concealed or furtively carried on the person, is presumptive evidence of carrying, or concealing, or possessing, with intent to use the same in violation of that section." | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them. In fact, this analogue permitted even those under 18 to carry firearms if they were properly licensed. |
| 67 | 1885 | Massachusetts - City of Boston | The Revised Ordinances of 1885, of the City of Boston, as Passed and Approved December 14, 1885. (With Amendments Thereto, Passed and Approved, to May 1, 1886): Being the Ninth Revision. To Which are Added the Revised Standing Regulations of the Board of Aldermen. 9th Rev. Page 172, Image 182 (1886) available at The Making of Modern Law: Primary Sources. 1884" | "No person shall sell to any child under the age of sixteen years without the written consent of a parent or guardian of such child, any cartridge or fixed ammunition of which any fulminate is a component part, or any gun, pistol, or other mechanical contrivance arranged for the explosion of such cartridge, or of any fulminate. But the provisions of this section shall not apply to paper caps of which the only component parts are chlorate of potash and sulphide of antimony, nor to any appliance for exploding the same. The provisions of this section shall be inserted in every license granted for the sale of gunpowder." | Prohibition against selling any gun, pistol, cartridge, or ammunition to any person under the age of 16 years without written permission from parent or guardian. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not analogous because this historical law only requires parental consent. *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because California's ban applies regardless of parental consent.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-olds.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| | | | Ordinances of the City of Boston. Of Fire-Arms, Bonfires, and Brick-Kilns. § 4. | | | |
| 68 | 1885 | New Jersey | 1885 N.J. Laws 52, An Amendment to an Act to Prevent Vending, Using, or Exploding of Guns, Pistols, Toy Pistols, or Other Fire- Arms to or by Persons under the Age of Fifteen Years in this State, ch. 44, § 2. | "That it shall not be lawful to sell, hire or loan to any person under the age of fifteen years any gun, pistol, toy pistol, or other fire-arms; or for any person under the age of fifteen years to purchase, barter or exchange any gun, pistol, toy pistol or other fire-arms; nor for any person under the age of fifteen years to carry, fire or use any gun, pistol, toy pistol or other fire-arms, except in the presence of his father or guardian, or for the purpose of military drill in accordance with the rules of a school." | Prohibition against selling, hiring or loaning any firearms or toy pistols to any person under the age of fifteen years, except in the presence of his father or guardian or for school military drills. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it only requires parental consent and applies to children under 15-years-old. *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because California's ban applies regardless of parental consent and extends to 18-to-20-year-olds.

This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).

This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |
| 69 | 1885 | New York | George R. Donnan, Annotated Code of Criminal Procedure and Penal Code of the | "No person under the age of eighteen years shall have, carry or have in his possession in any public street, highway or place in any of the cities of this state, any pistol or other firearms of any kind, and no | Prohibition against firearm possession for anyone under the age of 18 years. Prohibition against selling or giving any firearm to people under | In an earlier proceeding in this case, the Ninth Circuit disregarded this law because, at the time it was passed, New York did not have a Second Amendment analog in its state constitution. *Jones*, 34 F.4th at 722.

Not "relevantly similar" to the challenged |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|------------------------|----------------------|
| | | | State of New York as Amended 1882-5. Fourth Edition Page 298, Image 824 (1885) available at The Making of Modern Law: Primary Sources. 1885 An Act to Limit the Carrying and Sale of Pistols and other fire arms in the cities of this state. Chap. 375, § 1. | person shall in such cities sell or give any pistol or other fire-arms to any person under such age. §2. Any person violating any of the provisions of this act shall be guilty of a misdemeanor, and in all trials or examinations for said offense the appearance of the person so alleged or claimed to be under the age of eighteen years shall be evidence to the magistrate or jury as to the age of such person. § 3. Nothing herein contained shall apply to the regular and ordinary transportation of pistols or fire-arms as articles of merchandise in said cities, or to the carrying of a gun or rifle through a street or highway of any city, with the intent to use the same outside the said city; nor to any person under such age carrying an pistol or firearms under license given by the mayor of said cities; but no license so given shall be in force more than one year from its date; and all such licenses may be revoked at the pleasure of the mayor, and a full complete and public record shall be kept by the mayor of said cities of all such licenses and the terms and date thereof." | 18 years. | laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 18-years-old, but California's ban extends to 18-to-20-year-olds.<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. |
| 70 | 1887 | Iowa – City of Council Bluffs | Geoffrey Andrew Holmes, Compiled Ordinances of the City of Council Bluffs, and | "No person shall carry on or take part in carrying on any pistol gallery or shooting gallery without license therefor from said city, and the charge for such license shall be | Prohibition on minors attending shooting or pistol galleries. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|-----------------------|----------------------|
| | | | Containing the Statutes Applicable to Cities of the First-Class, Organized under the Laws of Iowa Page 168- 169, Image 171-172 (1887) available at The Making of Modern Law: Primary Sources. 1887. Ordinances, City of Council Bluffs, Shooting Gallery, § 5. | ten dollars per month, or fifty dollars per annum. §6. No licensee or his employee, or any person in charge of any pin alley, ball alley, pistol gallery or shooting gallery, shall at any time, without gain or profit, permit or allow any minor to be or remain in or about the same to play thereat, under penalty of the same fine and forfeiture as set forth in section 2 of this chapter." | | (2006).\n\nThis law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.\n\nNot "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them.\n\nThis is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment.\n\nTo the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 71 | 1887 | Kansas – City of Manhattan | Sam Kimble Revised Ordinances of the City of Manhattan and Rules of the Council Page 49- | Any person who shall give, trade, loan or otherwise furnish any pistol, revolver, or toy pistol by which cartridges or caps may be exploded, or any dirk, bowie-knife sling shot or toy known as "rubber | Prohibition against giving, trading, loaning, or furnishing a pistol, revolver, toy pistol, or other deadly weapons or toy weapons to minors | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | 50, Image 51-52 (1887) available at The Making of Modern Law: Primary Sources. 1887 Ordinances of Manhattan, KS; Offenses Against the Public Peace, Health and Safety, Toy Pistols, §13. | sling shot" or other dangerous weapon, to any minor or to any person of notoriously unsound mind, shall be deemed guilty of a misdemeanor, and shall upon conviction before the Police Judge be fined not less than five nor more than one hundred dollars. § 14. Having Possession of the Same. Any minor who shall have in his possession any pistol, revolver, or toy pistol by which cartridges may be exploded or any dirk, bowie knife, brass knuckles, slung shot or toy known as "rubber sling shot" or other dangerous weapons shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than one nor more than ten dollars. | or people of unsound mind. | insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 72 | 1887 | Missouri – City of St. Louis | Chester H. Krum, Reviser, The Revised Ordinance City of St. Louis. No. 17188. Approved April 7, 1893 Page 885, Image 894 (1895) available at The Making of Modern Law: Primary Sources. | "No person shall sell to any child under the age of sixteen years, without the written consent of the parents or guardian of such child, any cartridge of fixed ammunition of which any fulminate is a component part, or any gun, pistol or other mechanical contrivance arranged for the explosion of such cartridge, or of any fulminate." | Prohibition on the selling of guns, pistols, ammunition, or any component part thereof to any person under the age of 16 years. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not analogous because this historical law only requires parental consent. *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, |

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | 1887 Ordinances of the City of St. Louis. Minors – Conditions of Sale to, of Ammunition. – | | | because California's ban applies regardless of parental consent.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-olds.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 73 | 1890 | Louisiana | 1890 La. Acts 39, An Act Making it a Misdemeanor for Any Person to Sell, Give or Lease, to Any Minor, Any Pistol, Bowie-Knife, Dirk or Any Weapons, Intended to be Carried or Used as a Concealed Weapon, § 1. | ". . . [I]t shall be unlawful, for any person to sell, or lease or give through himself or any other person, any pistol, dirk, bowie-knife or any other dangerous weapon which may be carried concealed to any person under the age of twenty-one years." | Prohibition against selling, leasing, or giving a dangerous weapon to people under the age of 21 years. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|------|------|------|------|------|------|
| | | | | | | unquestionably legal adults today. |
| 74 | 1890 | Oklahoma [Territory] | 1890 Okla. Laws 495, art. 47 | "Sec. 1. It shall be unlawful for any person in the Territory of Oklahoma to carry concealed on or about his person, saddle, or saddle bags, any pistol, revolver, bowie knife, dirk, dagger, slung-shot, sword cane, spear, metal knuckles, or any other kind of knife or instrument manufactured or sold for the purpose of defense except as in this article provided. Sec. 2. It shall be unlawful for any person in the Territory of Oklahoma, to carry upon or about his person any pistol, revolver, bowie knife, dirk knife, loaded cane, billy, metal knuckles, or any other offensive or defensive weapon, except as in this article provided. Sec. 3. It shall be unlawful for any person within this Territory, to sell or give to any minor any of the arms or weapons designated in sections one and two of this article." | Prohibition against selling or giving any firearms or deadly weapons to minors. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 75 | 1890 | Wyoming [Territory] | 1890 Wyo. Terr. Sess. Laws 140. Josiah A. Van Orsdel, Attorney General, Revised Statutes of Wyoming, in Force | "Furnishing Deadly Weapons to Minor. § 5052. It shall be unlawful for any person to sell, barter or give to any other person under the age of twenty- one years any pistol, dirk or bowie knife, slung- shot, knucks or other deadly weapon that can be | Prohibition against selling, bartering, or giving pistols or other deadly weapons to people under the age of 21 years. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | December 1, 1899 Including the Magna Charta, Declaration of Independence, Articles of Confederation, Organic Act of Territory of Wyoming, Act of Admission of the State of Wyoming, Constitution of the United States and of Wyoming, and the Rules of the Supreme Court Page 1253, Image 1253 (1899) available at The Making of Modern Law: Primary Sources. 1890 | worn or carried concealed upon or about the person, or to sell, barter or give to any person under the age of sixteen years any cartridges manufactured and designed for use in a pistol; and any person who shall violate any of the provisions of this section shall be fined in any sum not more than fifty dollars." | | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 76 | 1891 | West Virginia | See *State v. Workman*, 14 L.R.A. 600 (1891): John Augustus Warth, The Code of West Virginia. Containing the Constitution and Naturalization of the United States – | "Offenses Against the Peace, § 7. If a person carry about his person any revolver or other pistol, dirk, bowie knife, razor, slung shot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor, and fined not less than twenty-five nor more than two hundred dollars, and | Prohibition against selling or furnishing pistols or other deadly weapons to any person under the age of 21 years. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| | | | the Constitution of the State – the Code, as Amended by Legislation to and Including the Year 1891 and Marginal Notes to all Prior Laws and Applicable Decisions, with an Appendix, Containing all the Statutes of the State in Force, of a General and Prospective Nature, not Enacted or Inserted in the Several Chapters of the Code Page 915-916, Image 920-921 (1891) available at The Making of Modern Law: Primary Sources. 1891 | may, at the discretion of the court, be confined in jail not less than one nor more than twelve months; and if any person shall sell or furnish any such weapon as is hereinbefore mentioned to a person whom he knows, or has reason, from his appearance or otherwise, to believe to be under the age of twenty-one years, he shall be punished as hereinbefore provided; but nothing herein contained shall be so construed as to prevent any person from keeping or carrying about his dwelling house or premises, any such revolver or other pistol, or from carrying the same from the place of purchase to his dwelling house, or from his dwelling house to any place where repairing is done, to have it repaired and back again." | | right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 77 | 1892 | District of Columbia | Washington D.C. 27 Stat. 116 (1892) CHAP. 159.–An Act to punish the carrying or selling of deadly or dangerous weapons within the District of | "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That it shall not be lawful for any person or persons within the District of Columbia, to have concealed about their person any deadly or dangerous weapons, such as daggers, air-guns, pistols, bowie- | Prohibition against selling, hiring, lending, or giving any dangerous weapon to those under the age of 21. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | Columbia, and for other purposes. | knives, dirk knives or dirks, blackjacks, razors, razor blades, sword canes, slung shot, brass or other metal knuckles. <br><br> … <br><br> SEC. 5. That any person or persons who shall, within the District of Columbia, sell, barter, hire, lend or give to any minor under the age of twenty- one years any such weapon as hereinbefore described shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, pay a fine or penalty of not less than twenty dollars nor more than one hundred dollars, or be imprisoned in the jail of the District of Columbia not more than three months." | | historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. <br><br> To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 78 | 1892 | Maine – City of Portland | Seth L. Haarrabee, The Charter and Ordinances of the City of Portland , Me.Page 136, Image 150 (1892) available at The Making of Modern Law: Primary Sources. 1892 Nuisances. Sale of blank cartridges and pistols prohibited. § 4. | No person shall sell to any child under the age of sixteen years, without the written consent of a parent or guardian of such child, any blank cartridge, or any pistol, or mechanical contrivance specially arranged or designed for the explosion of the same and any person violating the provisions of this ordinance shall be liable to a penalty of not less than fifty, and not exceeding one hundred dollars, to be recovered on complaint to the use of the City of Portland. | Prohibition against giving pistols or blank cartridges to people under the age of 16 years old without written consent of parent or guardian. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137. <br><br> Not analogous because this historical law only requires parental consent. *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because California's ban applies regardless of parental consent. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | | | 16-years-old, but California's ban extends to 18-to-20-year-olds.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 79 | 1893 | Louisiana – City of New Orleans | John Q. Flynn Flynn's Digest of the City Ordinances, Together with the Constitutional Provisions, Acts of the General Assembly, and Decisions of the Courts Relative to the Government of the City of New Orleans Page 545, Image 617 (1896) available at The Making of Modern Law: Primary Sources. 1893 Ordinances of the City of New Orleans. Offences, Misdemeanors and Nuisances. § 1342. | "It shall be unlawful for any one to sell, or lease, or give through himself or any other person, any pistol, dirk, bowieknife, toy pistol for which cartridges are used, or any other dangerous weapon which may be carried concealed, to any person under the age of eighteen years. § 1343. That any person violating the provisions of this ordinance shall be deemed guilty of a misdemeanor and shall be liable to a fine not exceeding twenty-five dollars or imprisonment for a period not exceeding thirty days, or both, at the discretion of the Recorder having jurisdiction." | Prohibition against selling, leasing, or giving any dangerous weapon to any person under the age of 18 years. | This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not analogous because this historical law only requires parental consent. *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because California's ban applies regardless of parental consent.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 18-years-old, but California's ban extends to 18-to-20-year-old adults.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| 80 | 1893 | North Carolina | 1893 N.C. Sess. Laws 468–69 | Section 1: That it shall be unlawful for any person, corporation or firm knowingly to sell or offer for sale, give or in any way dispose of to a minor any pistol or pistol cartridge, brass knucks, bowie- knife, dirk, loaded cane, or sling shot. Sec. 2. That any person, corporation or firm violating this act shall be guilty of a misdemeanor, and upon conviction for each and every offense shall be fined or imprisoned, one or both, in the discretion of the court. | Prohibition against selling, offering, or giving pistols or any deadly weapons to a minor. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 81 | 1895 | Nebraska – City of Lincoln | 1895 Neb. Laws 237-38, Laws of Nebraska Relating to the City of Lincoln, An Ordinance Regulating and Prohibiting the Use of Fire- arms, Fire- works and Cannon in the City of Lincoln . . . Prescribing | "§ 2. No person shall sell, loan, or furnish, to any minor, any gun, fowling-piece, or other fire-arm, within the limits of the city, under penalty of a fine of fifty dollars for each offense. § 5. It shall be unlawful for any parent, guardian, or other person having the care and custody of any minor, to purchase for or give to any such minor or knowingly to permit any minor to have any toy pistol, toy gun, or other toy arm or arms, or sling shot, | Prohibition against selling, loaning, or furnishing any firearm to minors. Prohibition against a parent or guardian permitting any minor to have a firearm, toy pistol, or sling shot. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | Penalties for Violation of the Provisions of This Ordinance, and Repealing Ordinances in Conflict Herewith, Art. XXVI, §§ 2, 5. | out of which any leaden or other dangerous missiles may be discharged. Any such person so offending shall, upon conviction thereof, be fined in any amount not exceeding twenty dollars, and stand committed until such fine and costs are paid and secured." | | insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 82 | 1896 | California – City of Fresno | L. W. Moultrie, City Attorney, Charter and Ordinances of the City of Fresno, 1896 Page 37, Image 35 (1896) available at The Making of Modern Law: Primary Sources. 1896. Misdemeanors. Section 53. | No junk-shop keeper or pawnbroker shall hire, loan or deliver to any minor under the age of 18 years any gun, pistol or other firearm, dirk, bowie-knife, powder, shot, bullets or any weapon, or any combustible or dangerous material, without the written consent of the parent or guardian of such minor." | Prohibition against pawnbrokers selling, hiring, or loaning firearms or other dangerous weapons to minors. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | | | 18-years-old, but California's ban extends to 18-to-20-year-olds.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 83 | 1897 | Iowa | Annotated Code of the State of Iowa Containing All the Laws of a General Nature Enacted by The Twenty- Sixth General Assembly at the Extra Session, Which Adjourned July 2, 1897 Page 1955, Image 787 (Vol. 1, 1897) available at The Making of Modern Law: Primary Sources. 1897. § 5004. | "Selling Firearms to Minors. No person shall knowingly sell, present or give any pistol, revolver or toy pistol to any minor. Any violation of this section shall be punished by a fine of not less than twenty-five nor more than one hundred dollars, or by imprisonment in the county jail not less than ten nor more than thirty days." | Prohibition against selling, presenting, or giving any pistol, revolver, or toy pistol to minors. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, and "[i]napplicable" and "not convincing" because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | | | considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 84 | 1897 | Texas | 1897 Tex. Gen. Laws 221- 22, An Act to Prevent the Barter, Sale and Gift of Any Pistol, Dirk, Dagger, Slung Shot, Sword Cane, Spear, or Knuckles Made of Any Metal or Hard Substance to Any Minor Without the Written Consent of the Parent or Guardian of Such Minor. . . , ch. 155, § 1. | "That if any person in this State shall knowingly sell, give or barter, or cause to be sold, given or bartered to any minor, any pistol, dirk, dagger, slung shot, sword-cane, spear or knuckles made of any metal or hard substance, bowie knife or any other knife manufactured or sold for the purpose of offense or defense, without the written consent of the parent or guardian of such minor, or of someone standing in lieu thereof, he shall be punished by fine of not less then twenty-five nor more than two hundred dollars, or by imprisonment in the county jail not less than ten nor more than thirty days, or by both such fine and imprisonment. And during the time of such imprisonment such offender may be put to work upon any public work in the county in which such offense is committed." | Prohibition against selling, giving, bartering, or giving pistols or other dangerous weapons to any minor without the consent of the parent or guardian. | In an earlier proceeding in this case, the Ninth Circuit found this law to be "inapplicable" and "not convincing," because it banned "only the sale of handguns, and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>This law comes too late to shed much light on the scope of the Second Amendment. "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 142 S. Ct. at 2137.<br><br>Not analogous because this historical law only requires parental consent. *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because California's ban applies regardless of parental consent.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| 85 | 1900 | New York | 1900 N.Y. Laws 459, An Act to Amend Section Four Hundred and Nine of the Penal Code, Relative to Dangerous Weapons, ch. 222, § 1. | "Making, et cetera, dangerous weapons. – A person who manufactures, or causes to be manufactured,  or sells or keeps for sale, or offers, or gives, or disposes of any instrument or weapon of the kind usually known as slungshot, billy, sand-club or metal knuckles, or who, in any city or incorporated village in this state, without the written consent of the police magistrate, sells or gives any pistol or other firearm, to any person under the age of eighteen years or without a like consent sells or gives away any air-gun, or spring-gun, or other instrument or weapon in which the propelling force is a spring or air to any person under the age of twelve years, or who sells or gives away any instrument or weapon commonly known as a toy pistol, in or upon which any loaded or blank cartridges are used or may be used, to any person under the age of sixteen years, is guilty of a misdemeanor." | Prohibition against selling or giving firearms or dangerous weapons to people under the age of 18 years.  Prohibition against selling or giving air guns or spring guns to anyone under the age of 12 years.  Prohibition against selling or giving any toy pistols which use blanks to any person under the age of 16 years. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 18-years-old, but California's ban extends to 18-to-20-year-olds. |
| 86 | 1902 | Virginia | 1902-1904 Va. Acts 261, An Act to Prevent the Sale or Gift of Toy Firearms to Persons Under Twelve Years of Age, and to Provide a Penalty Therefor, ch. 186, | "1. Be it enacted by the general assembly of Virginia, That it shall be unlawful for any person, firm, corporation, or association, to sell, barter, exchange, furnish, or dispose of by purchase, gift, or in any other manner, any toy gun, pistol, rifle, or other toy firearm, if the same shall, by means of powder or other | Prohibition on selling, bartering, exchanging, furnishing, gifting, or giving any toy pistol, rifle, or other toy operable firearm to any person under the age of 12 years old. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | §§ 1-2. 1903 | explosive discharge blank or ball charges, to any person under the age of twelve years. Any firm, corporation, or association violating the provisions of this act shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than fifty dollars nor more than one hundred dollars, or confined in jail for a period not less than thirty, nor more than ninety days, either or both. 2. Each sale of any of the articles hereinbefore specified to any person under the age mentioned shall constitute a separate offense, and any person over the age of twelve years who shall purchase, accept, or in any manner acquire any of the toy articles of the kind hereinbefore enumerated for any person under the age of twelve years, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than two hundred dollars, or confined in jail for a period not less than thirty days nor more than six months, either or both." | | n.28. <br><br> This law is inapplicable and unconvincing because it only applies to children under 12-years-old. |
| 87 | 1903 | New Jersey | 1903 N.J. Laws 337-38, An Act to Amend an Act Entitled "An Act for the Punishment of Crimes," ch. 169, | "It shall not be lawful to sell, barter, exchange, hire or loan to any person under the age of fifteen years, any gun, pistol, toy pistol, or other firearms, or for any person under the age of fifteen years to purchase, | Prohibition against selling, hiring or loaning any firearms or toy pistols to any person under the age of fifteen years, except in the presence of his | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006). |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|------------------|--------------|----------|---------------------------|----------------------|---------------------|
| | | | § 1. | barter or exchange any gun, pistol, toy pistol or other firearms, nor for any person under the age of fifteen years to carry, fire or use a gun, pistol, toy pistol or other firearms, except in the presence of his father or guardian, or for the purpose of military drill in accordance with the rules of a school; it shall be the duty of all persons selling, hiring, bartering or exchanging pistols, revolvers, guns or other firearms, to keep and maintain a book of registry of the same, in which said book of registry shall be entered the number of the article sold, if any, the name of the maker, together with such other means of identification as may be obtainable concerning the same, and also the name and address of the person to whom such pistol, revolver, gun or other firearm is sold, bartered, exchanged or hired[.]" | father or guardian or for school military drills. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. <br><br> Not analogous because this historical law only requires parental consent. *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because California's ban applies regardless of parental consent. <br><br> This law is inapplicable and unconvincing because it only applies to children under 15-years-old. |
| 88 | 1903 | Oregon | 1903 Or. Laws 309-10, An Act to Regulate and Prohibit the Sale, Barter, Exchange, or Gift of Explosives, Firearms or Other Articles of a Like Kind, to Children Under the Age of Fourteen Years, and | "§ 1. It shall be unlawful to sell, exchange, barter, or give to any child, under the age of fourteen years, any explosive article or substance, other than an ordinary firecracker, containing ten grains of gunpowder; or to sell, exchange, barter, or give to any such child any firearms, or other device of a like kind, ordinarily used or ordinarily capable of being used in discharging gunpowder in a greater quantity | Prohibition against selling, exchanging, bartering, or giving any explosive article or substance containing more than ten grains of gunpowder to any person under the age of 14 years. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. <br><br> This law is inapplicable and unconvincing |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | to Punish the Violation of the Provisions of this Act. §§ 1-2. | than ten grains; and it is herby made unlawful in any event to sell, exchange, barter, or give to any child, under the age of fourteen years, any instrument or apparatus, the chief utility of which consists in the fact that it is used, or is ordinarily capable of being used, as an article or device to increase the force or intensity of such explosive, or to direct or control the discharge of any such explosive. § 2. Any person violating the provisions of this act shall be guilty of a misdemeanor." | | because it only applies to children under 14-years-old. |
| 89 | 1903 | South Dakota | 1903 S.D. Sess. Laws 168-69, Prohibiting the Use of Fire Arms by Persons under Fifteen Years of Age, ch. 144, §§ 1-3. | §1. It shall be unlawful for any person under the age of fifteen years to carry, use or discharge any rifle, shot gun, revolver or other fire arms except with the consent and knowledge of their parents or guardians. § 2. It shall be unlawful for any parent or guardian, having the legal charge or control of any minor under the age of fifteen years, to allow or permit such minor to use or carry while loaded any of the arms mentioned in section one of this act within the platted portion or within the distance of one mile of the platted portion of any city, town or village. § 3. Any person or persons violating the provisions of this act shall be deemed guilty of a misdemeanor and upon conviction | Prohibition against carrying firearms for any person under the age of 15 years, except with consent and knowledge of parents. Imputing liability to parents who allow people under the age of 15 years to carry firearms within the platted portion of a municipality. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.

This law is inapplicable and unconvincing because it only applies to children under 15-years-old.

Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| | | | | thereof shall be fined in a sum not exceeding Fifty Dollars. | | |
| 90 | 1904 | Maryland – Garrett County | 1904 Md. Laws 295, An Act to Prohibit all Persons Under Fifteen Years of Age from Carrying or Having in Their Possession Firearms of any Description Within the Limits of Garrett County, ch. 177, §§ 1-2 | "§ 1. Be it enacted by the General Assembly of Maryland, That it shall be unlawful for all persons under the age of fifteen years to carry or have in his or her possession any shot gun, rifle, revolver or other firearm of any description within the limits of Garrett County. § 2. And be it enacted, That any person convicted of violating this Act before any court of competent jurisdiction shall be fined not less than five dollars nor more than twenty dollars, or be imprisoned in the county jail for not less than ten nor more than thirty days for each and every offense." | Prohibition against possession of firearms for people under the age of 15 years. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>This law is inapplicable and unconvincing because it only applies to children under 15-years-old.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|----------------------|
| 91 | 1905 | Indiana | 1905 Ind. Acts 688, Weapon—Furnishing to Minor, § 450. | "It shall be unlawful for any person to sell, barter or give to any other person under the age of twenty-one years any pistol, dirk or bowie-knife, slung-shot, knucks or other deadly weapon that can be worn or carried concealed upon or about the person, or to sell¸ barter or give to any person under the age of twenty-one years any cartridges manufactured and designed to be used in a pistol or revolver. Any person who shall violate any of the provisions of this section shall be deemed guilty of a misdemeanor, and, on conviction hall be fined not less than five dollars nor more than fifty dollars." | Prohibition against selling, bartering, or giving deadly weapons to people under the age of 21 years. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. <br><br> To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 92 | 1905 | Utah | 1905 Utah Laws 60, An Act to Prohibit the Sale of Firearms to Minors and the Carrying of Firearms by Minors, and Prescribing Penalties for | "§ 1. Selling or giving firearms to minors under fourteen. Any person who sells, gives or disposes of, or offers to sell, give or dispose of any pistol, gun, target gun, or other firearm, to any person under the age of fourteen years, is guilty of a misdemeanor. § 2. Minor under | Prohibition against selling, giving, or offering any pistol or firearm to any person under the age of 14 years. Prohibition against carrying or possession of firearms for any person under the age | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | Violation Thereof, ch. 52, §§ 1-2. | fourteen must not carry firearms. Any person under the ager of fourteen years who shall carry, or have in his possession, any pistol, gun, target gun or other firearm, unless accompanied by a parent or guardian, shall be guilty of a misdemeanor." | of 14 years. | n.28.<br><br>This law is inapplicable and unconvincing because it only applies to children under 14-years-old. |
| 93 | 1908 | Maryland – Catonsville, Baltimore County | 1908 Md. Laws 397, § 31. | "It shall be unlawful for any person under the age of twenty-one years to fire a gun, cat rifle, pistol, or any explosive instrument of metal, within one mile in any direction of the Library Hall in Catonsville, Baltimore county; and any person under said age of twenty-one years, violating this section, shall upon conviction before the Circuit Court, or any justice of the peace for said county, be fined a sum not less than one dollar nor more than ten dollars, or be imprisoned in the county jail for not less than five days nor more than thirty days, or be both fined and imprisoned, in the discretion of the court or the justice of the peace." | Prohibition against firing weapons within a mile of a Library Hall for anyone under the age of 21 years. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-----|-----|-----|-----|-----|-----|
| | | | | | | the scope of the Second Amendment. <br><br> To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 94 | 1909 | Idaho | 1909 Id. Sess. Laws 6, An Act To Regulate the Use and Carrying of Concealed Deadly Weapons and to Regulate the Sale or Delivery of Deadly Weapons to Minors Under the Age of Sixteen Years to Provide a Penalty for the Violation of the Provisions of this Act, and to Exempt Certain Persons, § 1. | "If any person . . . or shall have or carry any such weapon upon or about his person when intoxicated, or under the influence of intoxicating drinks, or shall, directly or indirectly, sell or deliver, loan or barter to any minor under the age of sixteen (16) years any such weapon, without the consent of the parent or guardian of such minor, he shall upon conviction, be punished by a fine of not less than twenty-five dollars ($25.00) nor more than two hundred dollars ($200.00), or by imprisonment in the county jail for a period of not less than twenty (20) nor more than sixty (60) days, or by both such fine and imprisonment: Provided, however, that it shall be a good defense to the charge of carrying such concealed weapons if the defendant shall show that he has been threatened with great bodily | Prohibition on selling, delivering, loaning, bartering, or giving any dangerous weapon to a person under the age of 16, or intoxicated persons. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. <br><br> Not analogous because this historical law only requires parental consent. *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because California's ban applies regardless of parental consent. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-olds. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | harm or had good reason to carry the same in the necessary defense of his person, family home or property." | | |
| 95 | 1909 | Massachusetts | 1909 Mass. Acts 148, An Act to Prohibit the Sale of Air Guns to Certain Minors | "Section ninety-two of chapter one hundred and two of the Revised Laws is hereby amended by inserting after the word "firearms", in the second line, the words — air guns, — so as to read as follows: Section 92. Whoever sells or furnishes to a minor under the age of fifteen years any firearms, air guns or other dangerous weapon shall be punished by a fine of not less than ten nor more than fifty dollars for each offence; but instructors and teachers may furnish military weapons to pupils for instruction and drill." | Prohibition against selling or furnishing firearms, air guns, or other dangerous weapons to people under the age of 15 years. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>This law is inapplicable and unconvincing because it only applies to children under 15-years-old. |
| 96 | 1909 | Washington | 1909 Wash. Sess. Laws 984, An Act Relating to Crimes and Punishments and the Rights and Custody of Persons Accused or Convicted of Crime, and Repealing Certain Acts, ch. 249, ch. 8, § 308. | "Use of Firearms by Minor. No minor under the age of fourteen years shall handle or have in his possession or under his control, except while accompanied by or under his control, except while accompanied by or under the immediate charge of his parent or guardian, any firearm of any kind for hunting or target practice or for other purposes. Every person violating any of the foregoing provisions, or aiding or knowingly permitting any such minor to violate the same, shall be guilty of a misdemeanor." | Prohibition against the unsupervised use, possession, or handling of firearms by any person under the age of 14 years. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>This law is inapplicable and unconvincing because it only applies to children under 14-years-old. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|----------------------|
| 97 | 1911 | Delaware | Vol. 26 Del. Laws 28, 28- 29 (1911). Section 3. | "It shall be unlawful for any person or per- sons, or a member of any firm, or the agents or officers of any corporation to sell to a minor, or any intoxicated person, any revolver, pistol, or revolver or pistol cartridges, stiletto, steel or brass knuckles, or other deadly weapons, made especially for the defense of one's person." | Prohibition against selling deadly weapons to minors or intoxicated persons. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006). |
|    |    |    |    |    |    | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. |
|    |    |    |    |    |    | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. |
|    |    |    |    |    |    | To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| 98 | 1911 | Illinois – Cook County | Cook County Ordinance chap. 53 of Chicago Code of 1911: § 6. | "It shall be the duty of the general superintendent of police to refuse such permit to (a) all persons having been convicted of any crime; (b) all minors. Otherwise, in case he shall be satisfied that the applicant is a person of good moral character, it shall be the duty of the general superintendent of police to grant such permit upon the payment of a fee of one dollar" | Prohibition against issuing firearms permits to minors. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 99 | 1911 | New York | 1911 N.Y. Laws 442-43, An Act to Amend the Penal Law, in Relation to the Sale and Carrying of Dangerous Weapons. ch. 195, | "Section . . . eighteen hundred and ninety-seven . . . [is] hereby amended to read as follows: § 1897. Carrying and use of dangerous weapons. A person who attempts to use against another, or who carries, or possesses any instrument or weapon of the kind commonly | Felony prohibition against carrying or possessing blunt force weapons or dangerous knives.  Felony prohibition against carrying concealed weapons for any person under the age of 16 | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
|  |  |  | §1. | known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles or bludgeon, or who with intent to use the same unlawfully against another, carries or possesses a dagger, dirk, dangerous knife, razor, stiletto, or any other dangerous or deadly instrument or weapon, is guilty of a felony. Any person under the age of sixteen years, who shall have, carry, or have in his possession, any of the articles named or described in the last section, which is forbidden therein to offer, sell, loan, lease or give to him, shall be guilty of a misdemeanor.................. Any person over the age of sixteen years, who shall have or carry concealed upon his person in any city, village, or town of this state, any pistol, revolver, or other firearm without a written license therefor, theretofore issued to him by a police magistrate of such city or village, or by a justice of the peace of such town, or in such manner as may be prescribed by ordinance of such city, village or town, shall be guilty of a felony." | years. Misdemeanor prohibition against carrying or possessing blunt force weapons or dangerous knives for any person under the age of 16 years. | earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-olds.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them. |
| 100 | 1911 | New York | 1911 N.Y. Laws 442, An Act to Amend the Penal Law, in Relation to the Sale and Carrying of | Section[] eighteen hundred and ninety-six . . . [is] hereby amended . . . § 1896. Making and disposing of dangerous weapons. A person who manufactures, or causes to be manufactured, or sells or keeps for | Prohibition against manufacturing carrying or possessing blunt force weapons or dangerous knives, or for selling, loaning, offering, or leasing | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | Dangerous Weapons. ch. 195, § 1. | sale, or offers, or gives, or disposes of any instrument or weapon of the kind usually known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, or metal knuckles, to any person; or a person who offers, sells, loans, leases or gives any gun, revolver, pistol or other firearm or any airgun, spring-gun or other instrument or weapon in which the propelling force is a spring or air or any instrument or weapon commonly known as a toy pistol or in or upon which any loaded or blank cartridges are used, or may be used, or any loaded or blank cartridges or ammunition therefor, to any person under the age of sixteen years, is guilty of a misdemeanor. | any gun, firearm, or toy pistol to any person under the age of 16 years. | their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-olds. |
| 101 | 1912 | Vermont | 1912 Vt. Acts and Resolves 306, An Act . . . Relating to Firearms, §§ 1-2. | § 1. A person, other than a parent or guardian, who sells or furnishes to a minor under the age of sixteen years a firearm or other dangerous weapon, shall be fined not more than fifty dollars nor less than ten dollars. This section shall not apply to an instructor or teacher who furnishes military weapons to pupils for instruction and drill. § 2. A child under the age of sixteen years who, without the consent of his parent or guardian, has in his possession or control a pistol or revolver constructed or designed for the use of gunpowder or other explosive substance with leaden ball or shot | Prohibition on selling or furnishing firearms to any person under the age of 16 years, with exceptions for parents and instructors. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 16-years-old, but California's ban extends to 18-to-20-year-olds. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | shall be fined not more than twenty dollars. | | |
| 102 | 1913 | North Carolina | 1913 N.C. Sess. Laws 57, Pub. Laws, An Act to Prevent the Use of Firearms by Children, ch. 32 § 1. | "That any person being the parent or guardian of, or standing in loco parentis to, any child under the age of twelve years who shall knowingly permit such child to have the possession or custody of, or use in any manner whatever, any gun, pistol, or other dangerous firearm, whether such firearm be loaded or unloaded, or any other person, who shall knowingly furnish such child any such firearm, shall be guilty of a misdemeanor, and upon conviction shall be fined not exceeding fifty dollars, or imprisoned not exceeding thirty days." | Prohibition against permitting any person under the age of 12 years to possess or gain custody of firearms of any kind, and imputing liability on the parent or guardian. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>This law is inapplicable and unconvincing because it only applies to children under 12-years-old. |
| 103 | 1913 | Ohio | 1913 Ohio Laws 906, An Act: A Bill to Amend and Supplement [Certain] Sections . . . and to Repeal [Certain] Sections of the General Code; Relating to Children and to Females under Twenty-One Years of Age and to Organizations | "§ 12966. Whoever sells or exhibits for sale, to a minor under sixteen years of age, a pistol manufactured of a metallic or hard substance, commonly known as a "toy pistol" or air gun, or any form of explosive gun ,shall be fined not less than ten dollars nor more than fifty dollars or imprisoned not less than ten days nor more than twenty days, or both, and be liable in damages to any person injured by such sale. § 12967. Whoever sells, barters, furnishes or gives to a minor under the age of seventeen years, an air-gun, musket, rifle, shotgun, revolver, pistol, or | Prohibition against selling or exhibiting for sale toy pistols or air guns to any person under the age of 16 years. Prohibition against selling, bartering, furnishing, or giving air guns, musket, rifles, shotguns, revolvers, pistols or other firearms or ammunition to any person under the age of 17 years. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 17-years-old, but California's ban extends to 18-to-20-year-olds. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|------------------------|----------------------|
| | | | which Include within Their Objects Matters Relating to Children, ch. 11, §§ 12966-67. | other fire-arm, or ammunition therefor, or, being the owner or having charge or control thereof, knowingly permits it to be used by a minor under such age, shall be fined not more than one hundred dollars or imprisoned in jail not more than thirty days, or both." | | |
| 104 | 1914 | Illinois – City of Chicago | Samuel A. Ettelson, Opinions of the Corporation Counsel and Assistants from May 1, 1915, to June 30, 1916 Page 458-459, Image 458-459 (Vol. 7, 1916) available at The Making of Modern Law: Primary Sources. 1914 Ordinance of May 25, 1914, § 4a. | "It shall be unlawful for any person, firm or corporation to sell, barter or give away to any person within the City of Chicago, any pistol, revolver, derringer, bowie knife, dirk or other weapon of like character which can be concealed on the person, except to licensed dealers and to persons who have secured a permit for the purchase of such articles from the general superintendent of police as hereinafter required; provided, this section shall not apply to sales made of such articles which are delivered or furnished outside the City of Chicago. § 5. It shall be unlawful for any person to purchase any pistol, revolver, derringer, bowie knife, dirk or other weapon of like character, which can be concealed on the person, without first securing from the General Superintendent of Police a permit so to do. Before any such permit is granted, an application in writing shall be made therefor, setting forth in such | Prohibition on issuing concealed weapons permits to minors. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006). This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | application the name, address, age, height, weight, complexion, nationality and other elements of identification, of the person desiring such permit, and the applicant shall present such evidence of good character as the General Superintendent of Police in his discretion may require. § 6. It shall be the duty of the General Superintendent of Police to refuse such permit to (a) All persons having been convicted of any crime. (b) all minors. "Otherwise, in case he shall be satisfied that the applicant is a person of good moral character, it shall be the duty of the General Superintendent of Police to grant such permit, upon the payment of a fee of one dollar." | | considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 105 | 1914 | New Jersey | 1914 N.J. Laws 65, Supplement to an Act Entitled "An Act to License Citizens of this State to Hunt and Pursue Wild Animals and Fowl," ch. 43, § 1. | "No license to hunt, pursue or kill with a gun or any fire-arm any of the game birds, wild animals or fowl of this State, shall be issued to any person under the age of fourteen years, and if any applicant for license shall misrepresent his age he shall be liable to a penalty of twenty dollars, to be sued for and recovered as other penalties under the fish and game laws." | Prohibition against giving hunting licenses to anyone under the age of 14 years. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006). This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | | | n.28.<br><br>This law is inapplicable and unconvincing because it only applies to children under 14-years-old. |
| 106 | 1917 | Illinois – City of Chicago | Samuel Irwin, Reports of Cases At Law And In Chancery 566 (vol. #278, Chicago, Ill, 1917). 1917 | It shall be the duty of the general superintendent of police to refuse such permit to (a) all persons having been convicted of any crime; (b) all minors. Otherwise, in case he shall be satisfied that the applicant is a person of good moral character, it shall be the duty of the general superintendent of police to grant such permit upon the payment of a fee of one dollar. | Prohibition against issuing weapons permits to minors. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th-century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| 107 | 1917 | Missouri – City of Joplin | Joplin Code of 1917, Art. 67, § 1201. Weapons; Deadly. 1917 | "If any person shall carry concealed upon or about his person a dangerous or deadly weapon of any kind or description, or shall go into any church or place where people have assembled for religious worship, or into any school room or place where people are assembled for educational, political, literary or social purposes, or to any election precinct on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose other than for militia drill, or meetings called under militia law of this state, having upon or about his person, concealed or exposed, any kind of firearms, bowie knife, spring-back knife, razor, knuckles, bill, sword cane, dirk, dagger, slung shot, or other similar deadly weapons, or shall, in the presence of one or more persons, exhibit any such weapon in a rude, angry or threatening manner, or shall have any such weapons in his possession when intoxicated, or directly or indirectly shall sell or deliver, loan or barter, to any minor any such weapon, without the consent of the parent or guardian of such minor, he shall be deemed guilty of a misdemeanor. | Prohibition against selling, delivering, loaning, or bartering deadly weapons to any minor without the consent of their parent or guardian. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | Provided, that nothing contained in this section shall apply to legally qualified sheriffs, police officers, and other persons whose bona fide duty is to execute process, civil or criminal, make arrests, or aid in conserving the public peace, nor to persons traveling in a continuous journey peaceably through this state." | | |
| 108 | 1917 | Oregon | 1917 Or. Sess. Laws 804-808, An Act Prohibiting the manufacture, sale, possession, carrying, or use of any blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, dirk, dagger or stiletto, and regulating the carrying and sale of certain firearms, and defining the duties of certain executive officers, and providing | "Section 10. It shall be unlawful for any person, firm or corporation to sell, offer for sale, give or dispose of any pistol, revolver or other firearm of a size which may be concealed upon the person, to any minor under the age of twenty-one years. A violation of this section is a misdemeanor and punishable by imprisonment in the county jail for a period not exceeding six months, or by a fine not exceeding Five Hundred Dollars, or both such fine and imprisonment." | Prohibition against selling, offering, or giving a pistol, revolver, or other concealable firearm to any person under the age of 21 years. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | penalties for violation of the provisions of this Act, § 10. | | | |
| 109 | 1918 | Delaware | 1918–1919 Del. Laws 484, Minors Under Fifteen Not to Use Gun Unless Accompanied by an Adult, § 2382 A. Sec. 25 A. 1918 | "It shall be unlawful for any minor under fifteen years of age to hunt game birds or game animals anywhere in this state with a rifle or shotgun of any kind unless accompanied by an adult lawfully hunting." | Prohibition against any minor under 15 from using a rifle or shotgun to hunt unless accompanied by an adult. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>This law is inapplicable and unconvincing because it only applies to children under 15-years-old.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them. |
| 110 | 1919 | Delaware | Vol. 30 Del. Laws 55, 55-56 (1919). Section 222. | "It shall be unlawful for any person or persons, or a member of any firm, or the agents or officers of any corporation to sell to a minor or any  intoxicated person, any | Prohibition against selling deadly weapons to minors or intoxicated persons. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear* |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|--------------------------|------------------------|----------------------|
| | | | | revolver, pistol, or revolver or pistol cartridges, stiletto, steel or brass knuckles, or other deadly weapons made for the defense of one's person." | | *Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 111 | 1920 | Georgia | 1920 Ga. Laws 134, § 2. 1910. See *Spires v. Goldberg*, 26 Ga. App. 530 (1921) | Forbids the sale of pistols to minors and makes the violations of the statute a misdemeanor. | Prohibition against the sale of pistols to minors and makes the violations of the statute a misdemeanor. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | | | earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. <br><br> To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 112 | 1922 | Massachusetts | 1922 Mass. Acts 563, ch. 485, An Act Relative to the Sale and Carrying of Firearms, ch. 485, § 8 (amending § 130) § 8 (amending § 130). | "Whoever sells or furnishes to a minor under the age of fifteen, or to an unnaturalized foreign born person who has who has not a permit to carry firearms under section one hundred and thirty-one, any firearm, air gun or other dangerous weapon or ammunition therefor shall be punished by a fine of not less than ten nor more than fifty dollars, but instructors and teachers may furnish military weapons to pupils for instruction and drill." | Prohibition against the sale of firearms or other dangerous weapons or ammunition to people under the age of fifteen years or unnaturalized foreign born people, with the exception that instructors and teachers may furnish military weapons to students for the purposes of instruction and drill. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. <br><br> This law is inapplicable and unconvincing because it only applies to children under 15-years-old. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| 113 | 1923 | North Dakota | 1923 N.D. Laws 381, Pistols and Revolvers, ch. 266, § 9. | "Sec. 9. Selling to Minors. Any person or persons who shall sell, barter, hire, lend or give to any minor under the age of eighteen years any pistol or revolver shall be deemed guilty of a misdemeanor, and shall upon conviction thereof be fined not less than $100, nor more than $1,000, or be imprisoned not less than three months, nor more than one year, or both." | Prohibition against selling, bartering, hiring, lending, or giving any pistol or revolver to any person under the age of 18 years. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006).<br><br>This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| 114 | 1923 | South Carolina | 1923 S.C. Acts 221 | "If any person shall knowingly sell, offer for sale, give, or in any way dispose of to a minor any pistol or pistol cartridge, brass knucks, bowie knife, dirk, loaded cane or sling shot, he shall be guilty of a misdemeanor. Any person being the parent or guardian, of or attending in loco parentis to any child under the age of twelve years who shall knowingly permit such child to have the possession or custody of, or use in any manner whatever any gun, pistol, or other dangerous firearm, whether such firearm be loaded or unloaded, or any person who shall knowingly furnish such child any firearm, shall be guilty of a misdemeanor, and, upon conviction, shall be fined not exceeding Fifty Dollars or imprisoned not exceeding thirty days." | Prohibition against selling, giving, or offering any pistol or other dangerous weapons to a minor, and providing that a parent or guardian of a minor under the age of 12 years who possesses such items is guilty of a misdemeanor. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 115 | 1925 | Indiana | 1925 Ind. Acts 496, ch. 207, An Act to Regulate and Control the Possession, Sale, and Use of Pistols and Revolvers in the State of Indiana | "Sec 8. Any person or persons who shall, within the State of Indiana, sell, barter, hire, lend, or give to any minor under the age of twenty-one years, any pistol or revolver shall be deemed guilty of a misdemeanor and shall upon conviction thereof be fined not more than one hundred dollars, or be imprisoned for not more than | Prohibition on selling, bartering, hiring, lending, or giving pistols or revolvers to people under the age of 21 years. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. |

89

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | | three months, or both, except for uses as hereinbefore provided." | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. |
| | | | | | | To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |
| 116 | 1925 | West Virginia | 1925 W.Va. Acts 25-30, 1st Extraordinary Sess., An Act to Amend and Re-Enact Section Seven . . . Relating to Offenses Against the Peace; Providing for the Granting and Revoking of Licenses and Permits Respecting the Use, Transportation and Possession of Weapons and Fire Arms. . . , ch. 3, § 7, pt. a. | "Section 7 (a). If any person, without a state license therefor, carry about his person any revolver or other pistol, dirk, bowie-knife, slung shot, razor, billy, metallic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor and upon conviction thereof be confined in the county jail for a period of not less than six nor more than twelve months for the first offense; but upon conviction of the same person for the second offense in this state, he shall be guilty of a felony and be confined in the penitentiary not less than one or more than five years, and in either case fined not less than fifty nor more than two hundred dollars, in the discretion of | Prohibition against unlicensed carry of pistols or other dangerous weapons, and restricting the issuance of such licenses to persons over the age of 21 years. | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. *See* Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193–204 (2006). |
| | | | | | | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. |
| | | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
| | | | | the court; and it shall be the duty of the prosecuting attorney in all cases to ascertain whether or not the charge made by the grand jury is the first or second offense, and if it shall be the second offense, it shall be so stated in the indictment returned, and the prosecuting attorney shall introduce the record evidence before the trial court of said second offense, and shall not be permitted to use his discretion in charging said second offense nor in introducing evidence to prove the same on the trial; provided, that boys or girls under the age of eighteen years, upon the second conviction, may, at the discretion of the court, be sent to the industrial homes for boys and girls, respectively, of the state. … Any person desiring to obtain a state license to carry any such weapon within one or more counties in this state shall first publish a notice in some newspaper, published in the county in which he resides, setting forth his name, residence and occupation, and that on a certain day he will apply to the circuit court of his county for such state license; and after the publication of such notice for at least ten days before said application is made and at the time stated in said notice | | historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted certain conduct with firearms, but did not ban minors from purchasing them.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|-----------------------|----------------------|
| | | | | upon application to said court, it may grant such person a license in the following manner, to-wit: The applicant shall file with said court his application in writing, duly verified, which said application shall show: First: That said applicant is a citizen of the United States of America. Second: That such applicant has been a bona fide resident of this state for at least one year next prior to the date of such application, and of the county sixty days next prior thereto. Third: That such applicant is over twenty- one years of age; that he is a person of good moral character, of temperate habits, not addicted to intoxication, and has not been convicted of a felony nor of any offense involving the use on his part of such weapon in an unlawful manner." | | |
| 117 | 1927 | Hawai'i [Territory] | 1927 Haw. Sess. Laws 209- 217, AN ACT Regulating the Sale, Transfer and Possession of Certain Firearms and Ammunitions, and Amending Sections 2136, 2137, 2138, 2139, 2140, 2141, 2142, 2143, 2146 | "Section 8. Selling to minors. No person shall sell, barter, hire, lend, or give any pistol or revolver to any person under the age of eighteen years." | Prohibition against selling, bartering, hiring, lending, or giving pistols to people under the age of 18 years. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| | | | and 2147 of the Revised Laws of Hawaii 1925 (the "Small Arms Act"), § 8. | | | of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 18-years-old, but California's ban extends to 18-to-20-year-olds.<br><br>Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment. |
| 118 | 1929 | Indiana | 1929 Ind. Acts 139, Criminal Offenses—Commission of or Attempt to Commit Crime While Armed with Deadly Weapon, ch.55, § 1. | "Be it enacted by the general assembly of the State of Indiana, That any person who being over sixteen years of age, commits or attempts to commit either the crime of rape, robbery, bank robbery, petit larceny or grand larceny while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon, or while any other person present and aiding or assisting in committing or attempting ot commit either of said crimes is armed with any of said weapons, shall be guilty of a seperate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten years nor more than twenty years   " | Designating people who commit crimes with a pistol who are over 16 as having committed a felony. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical analogue targeted illegal conduct with firearms, but did not ban 18-to-20-year-olds from purchasing firearms. |

93

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG

**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|---|---|---|---|---|---|---|
| 119 | 1932 | District of Columbia | Washington D.C. 47 Stat. 650, 651-652 (1932) CARRYING CONCEALED WEAPONS | "SEC. 4. No person shall within the District of Columbia carry concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon. … SEC. 7. No person shall within the District of Columbia sell any pistol to a person who he has reasonable cause to believe is not of sound mind, or is a drug addict, or is a person who has been convicted in the District of Columbia or elsewhere of a crime of violence or, except when the relation of parent and child or guardian and ward exists, is under the age of eighteen years." | Prohibition against selling to people under the age of 18 years. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law pertains to handguns instead of long guns, "and California's handgun ban is not at issue." *Jones*, 34 F.4th at 722. Not "relevantly similar" to the challenged laws, *Bruen*, 142 S. Ct. at 2133, because this historical law only applies to minors under 18-years-old, but California's ban extends to 18-to-20-year-olds. |
| 120 | 1933 | Hawai'i [Territory] | 1933 Haw. Sess. Laws 37- 38, An Act Regulating the Sale, Transfer, and Possession of Firearms and Ammunition, § 4. | "§ 4. No person residing or doing business or temporarily sojourning within the Territory shall take possession of any fire arm of any description, whether usable or unusable, serviceable or unserviceable, modern or antique, registered under prior Acts or unregistered, or of any ammunition of any kind or description, except shotgun ammunition, either through sale, gift, loan, bequest, or otherwise, whether procured in the Territory or imported by mail, | Directing the sheriff to issue firearms permits to people over the age of 21 years, and permits for shotguns for people over the age of 16 years. | This law comes too late to provide any insight into the meaning of the Second Amendment. In *Bruen*, the Supreme Court entirely disregarded laws from the 20th century, noting that, "[a]s with . . . late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154 n.28. Territorial laws like this one "were rarely subject to judicial scrutiny" and applied only to "miniscule territorial populations" but |

*Jones v. Bonta*, No. 3:19-cv-01226-L-AHG
**Defendants' Survey of Relevant Statutes Concerning Age Restrictions (Founding Era – 1930s)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Subject of Regulation | Plaintiff's Response |
|-----|-------------------|--------------|----------|---------------------------|------------------------|----------------------|
|  |  |  |  | express, freight, or otherwise, until he shall first have procured from the chief of police of the city and county of Honolulu or the sheriff of the county, other than the city and county of Honolulu, wherein is his place of business, or if there be no place of business, his residence, or if there be neither place of business nor residence, his place of sojourn, a permit to acquire as prescribed herein. The chief of police of the city and county of Honolulu or the sheriffs of the several counties, other than the city and county of Honolulu, are hereby authorized, within their discretion, to issue permits, within their respective jurisdictions, to acquire rifles, pistols, and revolvers to citizens of the United States, of the age of twenty years or more, and to duly accredited official  representatives of foreign nations. Permits to acquire ammunition for rifles, pistols and revolvers acquired prior to the effective date of this Act and registered in accordance with the provisions hereof, may be granted persons [sic] of the age of twenty years or more irrespective of citizenship. Permits to acquire shotguns may be granted to persons of the age of sixteen years or more, irrespective of citizenship." |  | would have been "irrelevant to more than 99% of the American population." *Bruen*, 142 S. Ct. at 2154–55. It therefore cannot shed much, if any, light on the scope of the Second Amendment.<br><br>To the extent that this law was a restriction on *minors* at the time it was enacted, it is irrelevant to the rights of *adults* today. Thus, even if this historical law limited the rights of 18-to-20-year-olds because they were considered minors at the time, it provides no justification for laws restricting the Second Amendment rights of individuals who are unquestionably legal adults today. |

**EXHIBIT B**

1  John W. Dillon (Bar No. 296788)
2  Dillon Law Group APC
   2647 Gateway Road
3  Suite 105, No. 255
4  Carlsbad, California 92009
   Telephone: (760) 642-7150
5  Facsimile: (760) 642-7151
6  E-mail:  jdillon@dillonlawgp.com

7  Attorneys for Plaintiffs

8                  UNITED STATES DISTRICT COURT
9                SOUTHERN DISTRICT OF CALIFORNIA

10  JOSE CHAVEZ, et al.,              )  Case No.: 3:19-cv-01226-L-AHG
11            Plaintiffs,             )  Hon. M. James Lorenz and Magistrate Judge
                                      )  Allison H. Goddard
12  v.                                )
                                      )  **SUPPLEMENTAL DECLARATION OF JOSE**
13  ROB BONTA, in his official        )  **CHAVEZ IN SUPPORT OF PLAINTIFFS'**
14  capacity as Attorney General of the  )  **NOTICE OF MOTION AND MOTION FOR**
    State of California, et al.,[1]    )  **PRELIMINARY INJUNCTION; OR IN THE**
15                                     )  **ALTERNATIVE, MOTION FOR SUMMARY**
16  Defendants.                        )  **JUDGMENT**
                                       )
17                                     )  Date: February 13, 2023
18                                     )  Time: 10:30 a.m.
                                       )  Place: Courtroom 5B (Fifth Floor)
19                                     )
20                                     )  Second Amended Complaint Filed: Nov. 8, 2019
                                       )
21  _____      No oral argument will be heard pursuant to local
22                                       rules unless ordered by the Court
23
24
25  _____
26  [1]   Rob Bonta is automatically substituted for his predecessor, Xavier Becerra, as
    California Attorney General, and Allison Mendoza is automatically substituted for her
27  predecessors, former Directors Louis Lopez and Martin Horan, and former Acting
28  Directors Brent E. Orick and Blake Graham. Fed. R. Civ. P. 25(d).

---

## SUPPLEMENTAL DECLARATION OF JOSE CHAVEZ

I, Jose Chavez, declare as follows:

1.  I am over the age of 18. Currently, I am not a party to this action. I make this declaration based on my own personal knowledge and, if called upon to testify as a witness in this case, I could and would testify competently and truthfully to the facts stated herein.

2.  I am a 20-year-old resident of Tracy, California. I currently live in San Diego while attending the University of California, San Diego (UCSD). I do not have any criminal history, nor am I a member of the armed services or law enforcement.

3.  I am currently a member of the organizational plaintiffs involved in this case. Specifically, I am a member of the Firearms Policy Coalition, Second Amendment Foundation, and the California Gun Rights Foundation.

4.  I do not have a California hunter's license issued by the California Department of Fish and Wildlife. I also have no interest in obtaining a firearm for hunting purposes.

5.  I do not currently own any firearms but wish to purchase at least one, such as a shotgun or rifle (including a centerfire semiautomatic rifle) for self-defense and other lawful purposes.

6.  Except for the California law (Penal Code § 27510) banning my right to acquire or purchase a firearm due solely to my age, I would immediately purchase, acquire, and possess both various forms of long guns in California for self-defense and other lawful purposes.

7.  Further, I am currently eligible under the laws of the United States and of the State of California to purchase, acquire, and receive firearms.

8.  Most recently, I went to Moreau Works LLC, a gun shop in San Marcos, California, to purchase a long gun and/or centerfire semiautomatic rifle.

9.  On information and belief, Moreau Works LLC was a duly licensed firearms dealer within the meaning of California law (Penal Code sections 26700 to

26915, inclusive). When I asked about buying a rifle, I was asked if I was 21. After informing the employee that I was 20 years old, I was informed that due to my age, Moreau Works LLC would not be able to sell or transfer any type of firearm to me.

10.    Because the licensed dealer was prohibited from selling or transferring a firearm of any kind to me under Penal Code section 27510, I was denied the ability to exercise my Second Amendment rights, including the "right to use arms in self-defense of hearth and home." *Heller*, 554 U.S. at 635.

11.    I also confirmed my inability to purchase any firearm under California law due to my age in discussions with employees at least two other licensed dealers, Gunther's Guns in Carlsbad, and Duncan Gun Works in San Marcos. This unlawful prohibition and infringement on my Second Amendment rights will continue until I am 21 years old.

12.    Further, temporarily possessing a firearm for target shooting at a range or a gun club, or being loaned a firearm by a family member does not allow me to establish ownership of any firearm, let alone keep a firearm indefinitely for self-defense. None of these so-called "exceptions" to Penal Code section 27510 allow me to exercise my individual right to keep and bear arms.

13.    My ability to exercise my fundamental right to keep and bear arms also is not alleviated by the interfamilial transfer exception as it necessarily relies on the assumption that a family member is willing to purchase a firearm for me and then gift it to me. My Second Amendment right does not depend on the willingness of another to exercise their own rights.

14.    Again, I was not seeking to purchase a firearm in order to hunt and I have no interest in using my firearm for hunting. I do not possess a valid, unexpired hunting license issued by the California Department of Fish and Wildlife. Thus, the extremely limited exemption under Penal Code section 27510(b)(1) is inapplicable to me. I am not an active or retired peace officer or federal officer. I am also not a current or retired member of the armed forces or reserves. I do not intend to enter into

a highly dangerous career in law enforcement or the military and will not be forced to do so in order to exercise my Second Amendment rights. Thus, the illusory exceptions under Penal Code section 27510(b)(1)-(3) are inapplicable to me.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct and this declaration was executed on April 16, 2023 in San Diego, California.

_____

Jose Chavez

**EXHIBIT C**

1  John W. Dillon (Bar No. 296788)
2  Dillon Law Group APC
   2647 Gateway Road
3  Suite 105, No. 255
4  Carlsbad, California 92009
   Telephone: (760) 642-7150
5  Facsimile: (760) 642-7151
6  E-mail:  jdillon@dillonlawgp.com

7  Attorneys for Plaintiffs

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 JOSE CHAVEZ, et al.,                ) Case No.: 3:19-cv-01226-L-AHG
11              Plaintiffs,            )
                                       ) Hon. M. James Lorenz and Magistrate Judge
12 v.                                  ) Allison H. Goddard
                                       )
13 ROB BONTA, in his official          ) **SUPPLEMENTAL DECLARATION OF**
14 capacity as Attorney General of the ) **ANDREW MORRIS IN SUPPORT OF**
   State of California, et al.,[1]     ) **PLAINTIFFS' NOTICE OF MOTION AND**
15                                     ) **MOTION FOR PRELIMINARY**
                                       ) **INJUNCTION; OR IN THE ALTERNATIVE**
16 Defendants.                         ) **MOTION FOR SUMMARY JUDGMENT**
17                                     )
                                       ) Date: February 13, 2023
18                                     ) Time: 10:30 a.m.
                                       ) Place: Courtroom 5B (Fifth Floor)
19                                     )
20                                     ) Second Amended Complaint Filed: Nov. 8,
21 _____ ) 2019

22                                       No oral argument will be heard pursuant to local
23                                       rules unless ordered by the Court
24
25 _____
26 [1]  Rob Bonta is automatically substituted for his predecessor, Xavier Becerra, as
   California Attorney General, and Allison Mendoza is automatically substituted for her
27 predecessors, former Directors Louis Lopez and Martin Horan, and former Acting
28 Directors Brent E. Orick and Blake Graham. Fed. R. Civ. P. 25(d).

### SUPPLEMENTAL DECLARATION OF ANDREW MORRIS

I, Andrew Morris, declare as follows:

1. I am over the age of 18. Currently, I am not a party to this action. I make this declaration based on my own personal knowledge and, if called upon to testify as a witness in this case, I could and would testify competently and truthfully to the facts stated herein.

2. I am a 19-year-old resident of Poway, California. I do not have any criminal history, nor am I a member of the armed services or law enforcement.

3. I do not have a California hunter's license issued by the California Department of Fish and Wildlife. I have no interest in obtaining a firearm for hunting purposes.

4. I am currently a member of the organizational plaintiffs involved in this case. Specifically, I am a member of the Firearms Policy Coalition, Second Amendment Foundation, and the California Gun Rights Foundation.

5. I do not currently own any firearms but wish to purchase at least one, such as a shotgun or rifle (including a centerfire semiautomatic rifle) for self-defense and other lawful purposes.

6. Except for the California law (Penal Code § 27510) banning my right to acquire or purchase any firearm due solely to my age, and my reasonable fear of criminal prosecution for violating that law, I would immediately purchase, acquire, and/or possess various forms of long guns within California for self-defense and other lawful purposes.

7. Further, but for the California Age-Based Gun Ban and Defendants' policies, practices, customs, and enforcement of said law, I would be eligible to purchase and possess firearms for lawful purposes, including self-defense.

8. In approximately 2022, I began an inquiry to purchase a long gun for self-defense and other lawful purposes. I visited the online sales sites of several licensed firearms dealers in San Diego County. On information and belief, these

dealers were duly licensed within the meaning of Penal Code sections 26700 to 26915, inclusive.

9.      After selecting the type of firearm I was interested in purchasing, I discovered that there was an age restriction prohibiting individuals ages 18 to 20 from purchasing firearms in California. As such, I would not be able to purchase or transfer any type of firearm. Because the licensed dealers were prohibited from transferring me a firearm of any kind under Penal Code section 27510, I was denied the ability to exercise my Second Amendment rights, including the "right to use arms in self-defense of hearth and home." *Heller*, 554 U.S. at 635. This unlawful prohibition and infringement on my Second Amendment rights will continue until I am 21 years old.

10.      I was not seeking to purchase a firearm in order to hunt and I have no interest in using my firearm(s) for hunting. I do not possess a valid, unexpired hunting license issued by the California Department of Fish and Wildlife. Thus, the extremely limited exemption under Penal Code section 27510(b)(1) is inapplicable to me.

11.      Further, temporarily possessing a firearm for target shooting at a range or a gun club, or being loaned a firearm by a family member does not allow me to establish ownership of any firearm, let alone keep a firearm indefinitely for self-defense. None of these so-called "exceptions" to Penal Code section 27510 allow me to exercise my individual right to keep and bear arms.

12.      My ability to exercise my fundamental right to keep and bear arms also is not alleviated by the interfamilial transfer exception as it necessarily relies on the assumption that a family member is willing to purchase a firearm for me and then gift it to me. My Second Amendment right does not depend on the willingness of another to exercise their own rights.

13.      I am not an active or retired peace officer or federal officer. I also am not a current or retired member of the armed forces. I do not intend to enter into a highly dangerous career in law enforcement or the military and will not be forced to do so in

1  order to exercise my Second Amendment rights. Thus, the illusory exceptions under

2  Penal Code section 27510(b)(1)-(3) are inapplicable.

3       I declare under penalty of perjury, under the laws of the United States, that the

4  foregoing is true and correct and this declaration was executed on April 16, 2023 in

5  San Diego, California.

6                                    By: _Andrew Morris_
                                          Andrew Morris

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28