John W. Dillon (Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Telephone: (760) 642-7150
Facsimile: (760) 642-7151
E-mail: jdillon@dillonlawgp.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE CHAVEZ, *et al.,* | ) Case No.: 3:19-cv-01226-L-AHG |
| Plaintiffs, | ) Hon. M. James Lorenz and Magistrate Judge |
| | ) Allison H. Goddard |
| v. | ) |
| ROB BONTA, in his official | ) **PLAINTIFFS' RESPONSE TO** |
| capacity as Attorney General of the | ) **DEFENDANTS' OBJECTIONS TO** |
| State of California, *et al.,*[1] | ) **DECLARATION OF BRANDON COMBS IN** |
| | ) **SUPPORT OF PLAINTIFFS' MOTION FOR** |
| Defendants. | ) **PRELIMINARY INJUNCTION** |
| | ) Date: February 13, 2023 |
| | ) Time: 10:30 a.m. |
| | ) Place: Courtroom 5B (Fifth Floor) |
| | ) |
| | ) Second Amended Complaint Filed: Nov. 8, |
| | ) 2019 |
| | ) |
| | No oral argument will be heard pursuant to local |
| | rules unless ordered by the Court |

---

[1] Rob Bonta is automatically substituted for his predecessor, Xavier Becerra, as California Attorney General, and Allison Mendoza is automatically substituted for her predecessors, former Directors Louis Lopez and Martin Horan, and former Acting Directors Brent E. Orick and Blake Graham. Fed. R. Civ. P. 25(d).

Plaintiffs hereby submit Plaintiffs' response and opposition to Defendants' objections to the Declaration of Brandon Combs in support of Plaintiffs' motion for preliminary injunction (ECF No. 111-1). Plaintiffs have taken the Defendants' Table (ECF No. 111-1) and added an **additional** section titled, **Defendants' Response to the State's Objections**," and incorporated Plaintiffs' opposition to each of Defendants' objections. The revised Table with Plaintiffs' opposition is provided below.

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 8 of the Declaration of Brandon Combs ("Combs Decl.") (Dkt. 21-8):<br><br>"The challenged law (Penal Code section 27510(a)) and Defendants' policies, practices, and customs apply to *any* person or entity licenced by the federal and state government, to sell or transfer firearms." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal effect of Section 27510. |
| **PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**<br><br>The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c). ||
| Paragraph 9 of the Combs Decl. (Dkt. 21-8): | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of |

1

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| "In short, anyone who engages in the highly regulated, licensed firearms business is barred from selling, supplying, delivering, transferring, or giving possession or control of, *any* firearm to any Young Adult — all of whom have an individual right to acquire, keep, and bear arms for lawful purposes, including but not limited to self-defense." | Section 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 10 of the Combs Decl. (Dkt. 21-8): | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal effect of constitutional rights. |
|---|---|
| "Other fundamental rights, including the right to freedom of speech, protest, assembly, due process, speedy trial, and worship, for example, are all fully available to law-abiding Young Adults." | |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has

2

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|

personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 10 of the Combs Decl. (Dkt. 21-8):<br><br>"A ban on such rights, affecting law-abiding legal adults over the age of 18 and under the age of 21, would almost certainly be fiercely rejected and enjoined from enforcement." | Lacks foundation/personal knowledge; speculation. Fed. R. Evid. 602. Declarant lacks personal knowledge regarding whether other laws would be enforced. The assertion that any ban "would almost certainly be fiercely rejected and enjoined from enforcement" is speculation. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 11 of the Combs Decl. (Dkt. 21-8):<br><br>"The challenged law, (Penal Code section 27510), and Defendants' policies, practices, and customs, have denied, and will continue to deny, millions of Constitutionally Injured Legal Adults their fundamental, individual right to acquire, keep, and bear arms secured under the Second and Fourteenth Amendments to the | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal effect of Section 27510. |

3

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| United States Constitution." | |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 16 of the Combs Decl. (Dkt. 21-8):<br><br>"First, this statement highlights that Section 27510 bans the sale, supply, delivery, and giving possession or control of *any* handgun *and* any long guns (e.g., rifles, shotguns) to *any* Constitutionally Injured Legal Adult who is not otherwise prohibited from acquiring or possessing firearms for lawful purposes." | Lacks foundation/personal knowledge; speculation. Fed. R. Evid. 602. Declarant's interpretation of a statement in a Joint Case Management Statement submitted in this case is not based on personal knowledge. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 16 of the Combs Decl. (Dkt. 21-8):<br><br>"Said differently, this constitutes an absolute ban applicable to all ordinary, law-abiding Young Adults in California." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 16 of the Combs Decl. (Dkt. 21-8):<br><br>"Instead, as shown below, the few Section 27510 exemptions amount to window dressing to blur the *de facto* ban enacted by the Legislature and enforced by Defendants against all ordinary, lawabiding Young Adults." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510 and its exemptions. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule

5

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| 701(c). | |
| Paragraph 17 of the Combs Decl. (Dkt. 21-8):<br><br>"SB 61 made amendments to Section 27510 and further restricted its so-called 'exemptions.'" | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of SB 61. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 17 of the Combs Decl. (Dkt. 21-8):<br><br>"Now, even if a Young Adult were to go through the process of obtaining a hunting license they would still be prohibited from purchasing, transferring, acquiring, or obtaining possession of all handgun and all semiautomatic centerfire rifles." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of SB 61. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally,

6

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c). | |
| Paragraph 17 of the Combs Decl. (Dkt. 21-8):<br><br>"This new restriction also applies to Young Adults that successfully enter into the military and *who are subsequently honorably retired.*" | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of SB 61. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 20 of the Combs Decl. (Dkt. 21-8):<br><br>"Based on my review of publically available information regarding the application requirements of the various law enforcement agencies and the U.S. Military, these so-called "exemptions" do not allow Young Adults to exercise their fundamental, individual right (*e.g.*, buying a firearm)." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c).<br><br>Declarant is not an employee of any law enforcement agency or the U.S. Military, and he therefore lacks personal knowledge regarding their application requirements. Declarant's statement regarding publically available information constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 21 of the Combs Decl. (Dkt. 21-8):

"For example, in California, based on my review of local law enforcement agencies webpages, many law enforcement agencies require that individuals be at least 20 years old before they are *even eligible to apply* for the initial pre-hiring testing and screening requirements for law enforcement training." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of any California law enforcement agency, and he therefore lacks personal knowledge regarding these agencies' application requirements. Declarant's statement regarding information on these agencies' webpages constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 21 of the Combs Decl. (Dkt. 21-8): | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an |

8

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| "Each of these agencies has minimum age requirement of *over 18* and as high as 20, just *to apply* for a position, and a minimum age of 21 at graduation." | employee of any of the law enforcement agencies to which he refers, and he therefore lacks personal knowledge regarding these agencies' application requirements. Declarant's statement regarding information on these agencies' webpages constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 21 of the Combs Decl. (Dkt. 21-8):<br><br>"Additionally, after calling the California Highway Patrol (CHP) recruiting office (online at https://www.chp.ca.gov/CHP-Careers/Officer) at (888) 843-3275, I spoke with a CHP representative and learned that the CHP requires CHP officer applicants to be 20-years-old at the time of initial application, and cannot join their force until a qualified candidate is 21 years old." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the California Highway Patrol, and he therefore lacks personal knowledge regarding this agency's application requirements. Declarant's statement regarding what he learned from the CHP officer constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation.

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c). | |
| Paragraph 22 of the Combs Decl. (Dkt. 21-8):<br><br>"Further, San Diego Sheriff applicants must take part in and pass testing/screening to even be accepted into training." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the San Diego Sheriff Department, and he therefore lacks personal knowledge regarding this agency's application requirements. Declarant's statement regarding information on the agency's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 22 of the Combs Decl. (Dkt. 21-8):<br><br>"For example, as a part of the San Diego Sheriff Department's application process, applicants must: (1) Fill out the initial online | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the San Diego Sheriff Department, and he therefore lacks personal knowledge regarding this agency's application requirements. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| application;<br>(2) Wait for and then answer a subsequent questionnaire with 27 supplemental questions;<br>(3) Watch a mandatory video;<br>(4) Register and take a written exam;<br>(5) Wait 3-to-6 weeks for exam results;<br>(6) Upon passing the exam, applicants are placed on an 'eligibility list for one year' and if selected, they are invited to meet with a background investigator to move on to the next step of the application process;<br>(7) Applicants then fill out a 'Prescreen Questionnaire' (Personal History Statement) and watch an additional mandatory video;<br>(8) Undergo and pass a comprehensive 'background investigation;'<br>(9) Take and pass a 'Computer Voice Stress Analysis' … or polygraph test;<br>(10)   Take and pass an Employment Interview or 'Lieutenant's Interview;'<br>(11)   Take and pass a 'Physical Agility Test …;'<br>(12)   Take and pass a 'Psychological Evaluation,' which includes a written exam and a meeting with a psychologist;<br>(13)   Take and pass a medical exam; and | Declarant's statement regarding information on the agency's website constitutes inadmissible hearsay. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| (14)   Applicants can then *wait to potentially receive a job offer* and be assigned to an academy where they will undergo further training only after all such requirements have been completed and passed." | |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 23 of the Combs Decl. (Dkt. 21-8):<br><br>"Completion of all the above *does not guarantee* that the applicant will become an active law enforcement officer." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Declarant is not an employee of the San Diego Sheriff Department, and he therefore lacks personal knowledge regarding this agency's application requirements. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 23 of the Combs Decl. | Lacks foundation/personal knowledge. |

12

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| (Dkt. 21-8):<br><br>"Thus, completion the requirements does not even guarantee the ability to purchase a firearm." | Fed. R. Evid. 602. Declarant is not an employee of the San Diego Sheriff Department, and he therefore lacks personal knowledge regarding this agency's application requirements and an applicant's ability to purchase a firearm. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 24 of the Combs Decl. (Dkt. 21-8):<br><br>"Further, for an ordinary law-abiding Constitutionally Injured Legal Adult to make use of this so-called 'exemption,' they must *switch careers, apply for, and obtain a highly dangerous job that could result in their death.* | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c). | |
| Paragraph 24 of the Combs Decl. (Dkt. 21-8):<br><br>"This could hardly be considered an 'exemption' to Section 27510's ban." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 25 of the Combs Decl. (Dkt. 21-8):<br><br>"Similar, *more extreme* requirements are required to meet another Section 27510 exemption — namely, becoming an 'active federal officer or law enforcement agent.'" | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|

knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 25 of the Combs Decl. (Dkt. 21-8):<br><br>"Notably, for a special agent position, applicants must be at least 23 years old." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the FBI, and he therefore lacks personal knowledge regarding the FBI's application requirements. Declarant's statement regarding information on the FBI's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 26 of the Combs Decl. (Dkt. 21-8):<br><br>"Moreover, similar testing, contract, and oath requirements are imposed, to apply for and become an active member of the armed forces." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements. Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation.

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c). | |
| Paragraph 26 of the Combs Decl. (Dkt. 21-8): "For example, applicants must: (1) Visit a Military Entrance Processing Station (MEPS). "The MEPS is a joint service organization that determines an applicant's physical qualifications, aptitude and moral standards as set by each branch of military service." Each MEPS is staffed with military and civilian professionals who carefully screen each applicant to ensure they meet the physical, academic, and moral standards set by each Service." See **Exhibit 13**. (2) Take the Armed Services Vocational Aptitude Battery (ASVAB). The ASVAB is a 3-hour multiple choice exam that "helps determine the careers for which an individual is best suited" and "has questions about standard school subjects like math, English, writing, and science." See **Exhibit 13**. (3) Take and pass the physical exam | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements. Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| (4) Meet with a service enlistment counselor to find a job specialty. (5) Take the Oath of Enlistment. See **Exhibit 13**. (6) Afterwards, applicants will do one of two things, depending on the terms of their enlistment: (i) *Direct Ship*: Report to basic training shortly after completing MEPS testing requirements. (It varies based on job assignment and branch.) A recruiter will provide instructions on transportation to basic training at this time; or (ii) *Delayed Entry Program (DEP):* Commit to basic training at a time in the future, generally within one year. See **Exhibit 13**." | |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 27 of the Combs Decl. (Dkt. 21-8):<br><br>"Depending on the applicant's job assignment and branch of the armed services, they will have to complete, at minimum, some form of basic | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements. Declarant's statement |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| training." | regarding information on the military's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 29 of the Combs Decl. (Dkt. 21-8):

"The requirements to take and pass Army basic training are extremely extensive and dangerous." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 29 of the Combs Decl. (Dkt. 21-8):

"For example, Army basic training is a 10-week course in which | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| applicants learn Army rules, regulations, and processes in classroom instruction." | regarding their application requirements. Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 29 of the Combs Decl. (Dkt. 21-8):<br><br>"They are required to conduct daily physical fitness, marksmanship training, and courses on map reading and first aid." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements. Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 29 of the Combs Decl. (Dkt. 21-8):<br><br>"Additionally, applicant must take and pass the 'Basic Rifle Marksmanship Qualification Course' and 'Fit to Win Obstacle Course.'" | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements. Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 29 of the Combs Decl. (Dkt. 21-8):<br><br>"Later, hand grenade training, live fire exercises, and foot marching are all tested in the 'Confidence Course.'" | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements. Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules

20

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|

of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 29 of the Combs Decl. (Dkt. 21-8):<br><br>"In Week 8, applicants take part in 'combat skill development' right before taking part in the final test of a three- day field retreat to Victory Forge." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements. Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 29 of the Combs Decl. (Dkt. 21-8):<br><br>"After 10 weeks of training, applicants may graduate and then can be assigned to any part of the country for service." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements. Declarant's statement regarding information on the military's website constitutes inadmissible |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| | hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 30 of the Combs Decl. (Dkt. 21-8):<br><br>"This exemption requires a binding military service contract that can last for years, weeks of initial demanding and dangerous training, and the potential to be relocated anywhere in the country for service." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their application requirements. Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 30 of the Combs Decl. (Dkt. 21-8): | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of |

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| "Again, all such requirements must be satisfied before a Young Adult can buy a gun." | Section 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 30 of the Combs Decl. (Dkt. 21-8):<br><br>"As shown above, the Section 27510 exemptions are extremely narrow, and inapplicable to all ordinary, law-abiding Young Adults in California." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 31 of the Combs Decl. (Dkt. 21-8): | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of |

23

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| "However, that individual must still complete the numerous requirements and tests stated above, *and then be honorably discharged* in order to be able to use this exemption." | Section 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 31 of the Combs Decl. (Dkt. 21-8):<br><br>"Again, exemption this [sic] does not apply to ordinary, law-abiding Young Adults." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 31 of the Combs Decl. (Dkt. 21-8): | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an |

24

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| "Further, by the time that individual is honorably discharged, they are likely over 21 years of age, rendering the exemption an illusion." | employee of the armed forces, and he therefore lacks personal knowledge regarding their discharge requirements. Declarant's statement regarding information on the military's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 32 of the Combs Decl. (Dkt. 21-8):<br><br>"With the signing of SB 61, the State has further restricted this exemption and now prevents honorably retired Young Adults ages 18-20 from purchasing, transferring, acquiring, or gaining possession of all semiautomatic centerfire rifles." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally,

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|

the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 32 of the Combs Decl. (Dkt. 21-8):<br><br>"The additional restriction shows that Section 27510 is not a safety and training provision to buy firearms – because honorably retired military have gone through the same training as active military." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge regarding their training requirements. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 32 of the Combs Decl. (Dkt. 21-8):<br><br>"One is permitted to purchase semiautomatic centerfire rifles; and one is prohibited." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Declarant is not an employee of the armed forces, and he therefore lacks personal knowledge as to whether active or retired military members are permitted to purchase firearms. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception).

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|

The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 32 of the Combs Decl. (Dkt. 21-8):<br><br>"The only logical conclusion is that training has nothing to do with the law." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Declarant lacks personal knowledge regarding the legislature's intention in passing SB 61 and 1100. |
|---|---|

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 32 of the Combs Decl. (Dkt. 21-8):<br><br>"Instead, it is an under 21 firearms ban." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |
|---|---|

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|

knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 36 of the Combs Decl. (Dkt. 21-8):<br><br>"Second, all murders in which a firearm was used in the United States totaled 10,265." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the FBI, and he therefore lacks personal knowledge regarding the FBI's data. Declarant's statement regarding information on the FBI's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 36 of the Combs Decl. (Dkt. 21-8):<br><br>"Murders involving *all rifles* (not just semiautomatic centerfire rifles) totaled 297." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the FBI, and he therefore lacks personal knowledge regarding the FBI's data. Declarant's statement regarding information on the FBI's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules

| **PLAINTIFFS' EVIDENCE** | **OBJECTION** |
|---|---|
| of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c). | |
| Paragraph 36 of the Combs Decl. (Dkt. 21-8):<br><br>"In California, murders committed with rifles and shotguns totaled 51, compared to 252 murders committed by knives, and 87 murders committed by 'hand, fists, feet.'" | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant is not an employee of the FBI, and he therefore lacks personal knowledge regarding the FBI's data. Declarant's statement regarding information on the FBI's website constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 36 of the Combs Decl. (Dkt. 21-8):<br><br>"These common firearms are hardly a significant problem." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Declarant lacks personal knowledge regarding whether rifles constitute a "significant problem." |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|

of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 37 of the Combs Decl. (Dkt. 21-8):<br><br>"Third, most mass shootings are committed with handguns." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant lacks personal knowledge regarding whether most mass shootings are committed with handguns. Declarant's statement regarding information obtained from an article inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| Paragraph 38 of the Combs Decl. (Dkt. 21-8):<br><br>"In fact, semiautomatic centerfire rifles are used in hunting and many other lawful purposes." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant lacks personal knowledge regarding whether semiautomatic centerfire rifles are used for hunting. Declarant's statement regarding information obtained from "various digital articles" constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

| PLAINTIFFS' EVIDENCE | OBJECTION |
| --- | --- |

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
| --- | --- |
| Paragraph 38 of the Combs Decl. (Dkt. 21-8):<br><br>"See **Exhibit 18** attached hereto, which is a true and correct copy of various digital articles discussing semiautomatic centerfire firearms being used for hunting and websites selling semiautomatic centerfire rifles for hunting purposes." | Hearsay. Fed. R. Evid. 801(c). Declarant's statement regarding information contained in "various digital articles" constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
| --- | --- |
| Paragraph 38 of the Combs Decl. (Dkt. 21-8):<br><br>"Importantly, 'semiautomatic centerfire rifles' include many other | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant lacks personal knowledge regarding what kinds of firearms constitute semiautomatic |

31

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| models of rifles beyond the common AR15 style firearm." | centerfire rifles. Declarant's statement regarding information obtained from "various digital articles" constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 40 of the Combs Decl. (Dkt. 21-8):<br><br>"Thus, five of the six Section 27510 exemptions have: (i) minimum age requirements; (ii) minimum education requirements; (iii) physical fitness requirements; (iv) binding Military Service commitments (which are subject to criminal penalties if violated); (v) mandatory involvement in highly dangerous activities and training; (vi) psychological testing; (vii) and relocation." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c). | |
| Paragraph 40 of the Combs Decl. (Dkt. 21-8):<br><br>"And even if a Young Adult applicant were to meet the requirements and pass the tests, they could still not obtain the desired position and, therefore, not meet the illusory section 27510 exemptions." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 40 of the Combs Decl. (Dkt. 21-8):<br><br>"To be sure, these are not actual and accessible exemptions, but rather *additional restrictions and tests* required by the State and enforced by Defendants to preclude Young Adults from exercising their Second Amendment right to keep and bear arms for self-defense and other lawful purposes." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of Section 27510. |

33

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| | |
|---|---|
| Paragraph 41 of the Combs Decl. (Dkt. 21-8):<br><br>"Even Section 27510's "most accessible" hunting license exemption – after meeting all requirements, making all payments, and passing all tests – is irrelevant and inapplicable to ordinary, law-abiding Constitutionally Injured Legal Adults who wish to purchase a firearm for self-defense in the home and for other lawful purposes, including proficiency training and competition at shooting ranges." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of 27510. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 41 of the Combs Decl. (Dkt. 21-8):<br><br>"Further, with the amendments made by SB 61, Young Adults that obtain a hunting license are still prohibited from purchasing semiautomatic centerfire rifles." | Improper lay opinion. Fed. R. Evid. 701. Declarant cannot testify as to the legal conclusion of the legal effect of SB 61. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| Paragraph 42 of the Combs Decl. (Dkt. 21-8):<br><br>"Notably, a person cannot simply purchase a hunting license 'over the Counter' without meeting significant requirements and requiring significant time and money. *See* Bogan Declaration filed concurrently herewith." | Lacks foundation/personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801(c). Declarant lacks personal knowledge regarding requirements to obtain a hunting license. Declarant's statement regarding information contained in the Bogan Declaration constitutes inadmissible hearsay. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has

| PLAINTIFFS' EVIDENCE | OBJECTION |
|---|---|
| personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c). | |
| Exhibit 18 to the Combs Decl. (Dkt. 21-9) | Hearsay. Fed. R. Evid. 801(c). Irrelevant. Fed. R. Evid. 401. |

**PLAINTIFF'S RESPONSE TO STATE'S OBJECTION**

The Combs declaration does not constitute improper opinion or lack foundation. The declarant is allowed to testify about topics, facts, or opinions, within his own personal knowledge and rationally based on his perceptions. See Federal Rules of Evidence, Rule 602 (personal knowledge), Rule 701(a) (witness perception). The declarant provides his understanding of various documents, wherein he has personal knowledge, and is entitled to testify to his understanding. Additionally, the Combs declaration is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Federal Rules of Evidence, Rule 701(c).

April 17, 2023

Respectfully submitted,

DILLON LAW GROUP APC

Attorneys for Plaintiffs

By: _____

John W. Dillon