John W. Dillon (SBN 296788)
  jdillon@dillonlawgp.com
**DILLON LAW GROUP APC**
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Phone: (760) 642-7150
Fax: (760) 642-7151

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CHAVEZ, et al., | Case No. 3:19-cv-01226-L-AHG |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| vs. | |
| ROB BONTA, in his official capacity as Attorney General of California, et al., | |
| Defendants. | |

1   Plaintiffs Jose Chavez, *et al*. ("Plaintiffs") hereby submit the following additional
2   legal authority in support of their claims for relief: *Andrew Teter v. Lopez*, No. 20-
3   15948, 2023 WL 5008203 (9th Cir. Aug. 7, 2023). A copy of the Ninth Circuit's
4   published Slip Opinion ("Slip Op.") is attached hereto as **Exhibit A**. In *Teter*, the
5   Supreme Court reversed the district court's judgment in favor of the State of Hawaii,
6   holding that Hawaii's ban on butterfly knives violates the Second Amendment.
7   Plaintiffs offer the Ninth Circuit's opinion in *Teter* as binding authority for the
8   following propositions:

9   First, the Ninth Circuit remanded the case to the district court "further
10  proceedings consistent with this opinion," and denied Hawaii's request to remand the
11  case for further factual or historical development in light of the Supreme Court's
12  decision in *New York State Rifle & Pistol Assn, Inc. v. Bruen,* 142 S. Ct. 2111 (2022),
13  *Bruen* decision determining that only the "historical research … of so-called 'legislative
14  facts'— those 'which have relevance to legal reasoning and the lawmaking process,'
15  such as 'the formulation of a legal principle or ruling by a judge or court'"— were
16  relevant and further development of the facts was unnecessary since the case presented
17  only a legal question and Hawaii was given the opportunity to develop "on-point
18  historical analogue" and failed to do so.  Slip. Op. at 14.  Accordingly, the determination
19  of the case did not turn on "adjudicative" facts (those that are "simply the facts of the
20  particular case) to apply the standard required by the Supreme Court in *New York State
21  Rifle & Pistol Assn, Inc. v. Bruen,* 142 S. Ct. 2111 (2022). *Id*.

22  Second, the Ninth Circuit also found that Hawaii's historical analogues were
23  insufficient to carry its burden under *Bruen*, and that "[t]he vast majority of the statutes
24  cited by Hawaii did not ban the possession of knives; they regulated only their carry.
25  Specifically, "four of these statutes (by our count) banned the possession of slung-shots,
26  metal knuckles, and an undefined category of 'deadly weapons.' […] But no statute
27  cited by Hawaii categorically banned the possession of any type of pocketknife." Slip
28  Op. at 24. This supports Plaintiffs' arguments in the instant case that the State has not

1  presented sufficient historical analogues to justify its age-based prohibitions as the first
2  age-based prohibition cited by the State traces to 1859.

4  August 17, 2023                                      **DILLON LAW GROUP APC**

6                                                       */s/ John W. Dillon*
                                                        John W. Dillon

                                                        Attorney for Plaintiffs

PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 3:19-cv-01226-L-AHG