John W. Dillon (Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Telephone: (760) 642-7150
Facsimile: (760) 642-7151
E-mail: jdillon@dillonlawgp.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CHAVEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of the State of California, *et al.*,[1] <br><br> Defendants. | Case No.: 3:19-cv-01226-L-AHG <br><br> Hon. M. James Lorenz and Magistrate Judge Allison H. Goddard <br><br> **STIPULATION RE AMENDED ORGANIZATIONAL PLAINTIFF DECLARATIONS AND DEPOSITIONS, AND LIMITATION ON EVIDENCE AND TESTIMONY** <br><br> Second Amended Complaint Filed: Nov. 8, 2019 <br> Third Amended Complaint Filed: Mar. 22, 2023 |

---

[1] Rob Bonta is automatically substituted for his predecessor, Xavier Becerra, as California Attorney General, and Allison Mendoza is automatically substituted for her predecessors, former Directors Louis Lopez and Martin Horan, and former Acting Directors Brent E. Orick and Blake Graham. Fed. R. Civ. P. 25(d).

*Stipulation Re Amended Organizational Plaintiff Declarations and Depositions, and Limitation on Evidence and Testimony*

The parties hereto, Plaintiffs Jose Chavez, *et al.* ("Plaintiffs"), and Defendants Rob Bonta, *et al.* ("Defendants"), by and through their counsel undersigned, hereby agree and stipulate as follows:

## RECITALS

WHEREAS, Plaintiffs filed the instant action on July 1, 2019, and filed the operative Third Amended Complaint (Dkt. 114) on March 22, 2023; Plaintiffs filed their Motion for Preliminary Injunction; or Alternatively, Motion for Summary Judgment on January 16, 2023 (Dkt. 103);

WHEREAS, certain of the plaintiffs are organizational plaintiffs, to wit: California Gun Rights Foundation ("CGF"), Firearms Policy Coalition ("FPC"), FPC Action Foundation ("FPCAF") (formerly Firearms Policy Foundation), and the Second Amendment Foundation ("SAF") (collectively, all four of which shall be referred to herein as the "Organizational Plaintiffs");

WHEREAS, in the Third Amended Complaint, the Organizational Plaintiffs allege that they have standing to file suit, and have filed suit, on behalf of their members who are under 21 years of age who wish to challenge the constitutionality of California Penal Code section 27510;

WHEREAS, on January 16, 2023, Plaintiffs in the present case filed a Motion for Preliminary Injunction; or Alternatively, Motion for Summary Judgment (Dkt. 103) ("Plaintiffs' Motion");

WHEREAS, in support of Plaintiffs' Motion, Plaintiffs relied on previously submitted declarations already in the record, namely, Brandon Combs (Dkt. 21-8); and Alan Gottlieb (Dkt. 21-10) on behalf of plaintiffs FPC, and SAF, respectively;

WHEREAS, Plaintiffs have served written responses on behalf of Organizational Plaintiffs through their representatives, Brandon Combs (FPC), Gene Hoffman (CGF), Jon Jensen (FPCAF), and Alan Gottlieb (SAF) to Defendants'

1

*Stipulation Re Amended Organizational Plaintiff Declarations and Depositions, and Limitation on Evidence and Testimony*

Requests for Admission, Requests for Production of Documents, and Interrogatory Requests;

WHEREAS, Defendants in the action sought to take the depositions under Federal Rule of Civil Procedure 30(b)(6) of representatives of the Organizational Plaintiffs during the fact discovery period;

WHEREAS, counsel for the Parties thereafter met and conferred, and have agreed that the Plaintiffs would submit amended declarations on behalf of Organizational Plaintiff Firearms Policy Coalition and Second Amendment Foundation limited to facts Plaintiffs believe establish standing under Article III for the Organizational Plaintiffs (the "Amended Declarations");

WHEREAS, Plaintiffs plan to limit the evidence presented by and testimony of each Organizational Plaintiff and their representatives in this action to include only evidence or testimony (written or oral) regarding and relevant to facts establishing standing of each of the Organizational Plaintiffs;

WHEREAS, in reliance upon the Parties' agreement, Plaintiffs have prepared and will serve Defendants with the Amended Declaration of Brandon Combs on behalf of Organizational Plaintiff FPC, a copy of which is attached hereto as **Exhibit A** and the Amended Declaration of Alan Gottlieb on behalf of Organizational Plaintiff SAF, a copy of which is attached hereto as **Exhibit B.**

And in furtherance of the facts contained in the foregoing recitals, the Parties stipulate as follows:

**STIPULATION**

1. Plaintiffs agree that the prior declarations of Brandon Combs (Dkt. 21-8), and Alan Gottlieb (Dkt. 21-10) will be withdrawn, and that Plaintiffs will no longer rely upon the prior iterations of these declarations in support of their current Motion or in any further proceedings in this case, including, but not limited to, for purposes of

2

*Stipulation Re Amended Organizational Plaintiff Declarations and Depositions, and Limitation on Evidence and Testimony*

moving for or defending against a motion for summary judgment or other dispositive motion, or at trial.

2. Plaintiffs will file and serve the Amended Declarations and advise the Court that the prior declaration of Brandon Combs (Dkt. 21-8) and Alan Gottlieb (Dkt. 21-10) are being withdrawn by this stipulation and replaced with the Amended Declarations of Brandon Combs and Alan Gottlieb.

3. Parties agree that any evidence or testimony offered by any Organizational Plaintiff and their representatives (written or oral) will be limited to facts, documents, communications, testimony, and/or other evidence related to and concerning the issue of standing under Article III for the Organizational Plaintiffs.

4. In exchange for the above, Defendants agree to forego the depositions of Organizational Plaintiff representatives Brandon Combs, Gene Hoffman, Jon Jensen, Alan Gottlieb, and any other Organizational Plaintiff representative, pursuant to this stipulation.

5. The Parties agree that nothing in this stipulation may be construed as a concession by Defendants that any of the Organizational Plaintiffs satisfies the requirements of Article III standing.

6. The Parties agree that nothing in this stipulation may be construed as a concession by Defendants that any facts appearing in Plaintiffs' original or Amended Declaration, or in any of Plaintiffs' pleadings, Plaintiffs' briefing, Plaintiffs' declarations, or Plaintiffs' exhibits on file in this action is true.

7. The Parties agree that nothing in this stipulation may be construed as a concession by Defendants that the claim presented in this action has any merit.

SO STIPULATED, BY AND THROUGH THE UNDERSIGNED COUNSEL OF RECORD.

3

*Stipulation Re Amended Organizational Plaintiff Declarations and Depositions, and Limitation on Evidence and Testimony*

| | | |
|---|---|---|
| 1 | | |
| 2 | August 18, 2023 | Dillon Law Group, APC |
| 3 | | |
| 4 | | _/s/ John W. Dillon_____ |
| | | John W. Dillon |
| 5 | | *Attorney for Plaintiffs* |
| 6 | August 18, 2023 | Rob Bonta |
| 7 | | Attorney General of California |
| | | MARK R. BECKINGTON |
| 8 | | Supervising Deputy Attorney General |
| 9 | | S. CLINTON WOODS |
| | | Deputy Attorney General |
| 10 | | STEPHANIE ALBRECHT |
| 11 | | Deputy Attorney General |
| 12 | | _/s/ Jennifer E. Rosenberg_____ |
| 13 | | Jennifer E. Rosenberg |
| | | Deputy Attorney General |
| 14 | | *Attorneys for Defendants Rob Bonta,* |
| 15 | | *in his official capacity as Attorney* |
| | | *General of the State of California,* |
| 16 | | *and Allison Mendoza, in her official* |
| 17 | | *capacity as Acting Director of the* |
| | | *Department of Justice Bureau of* |
| 18 | | *Firearms* |

4