UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CHAVEZ, *et al.*,<br><br>         Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California, *et al.*,<br><br>         Defendants. | Case No.: 3:19-cv-01226-L-AHG<br><br>**ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 125]** |

  Before the Court is the parties' Joint Motion for Modification of Scheduling Order. ECF No. 125. The parties request that the deadline to complete expert discovery be extended by three weeks, and that all remaining dates in the case schedule be extended by approximately six weeks each. *Id.* In support the motion, the parties explain that while they have exchanged expert reports, they have encountered difficulties scheduling all necessary expert depositions before the current deadline of November 17, 2023, partly due to the availability of the expert witnesses, and partly due to the availability of counsel. *Id.* at 3-4. Further, after expert discovery is complete, the parties request additional time to prepare summary judgment motions, explaining that "several attorneys and stakeholders" will be required to review and approve Defendants' summary judgment briefing prior to filing, and noting that the current filing deadline falls shortly after the winter holidays. *Id.* at 4.

Good cause appearing, and upon consultation with the presiding District Judge in this matter, the parties' Joint Motion (ECF No. 125) is **GRANTED**, and the Scheduling Order is **AMENDED** as follows:

### Expert Discovery

1. All expert discovery shall be completed by all parties no later than **December 8, 2023**. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

2. As discussed with counsel during the CMC, notwithstanding the presumptive ten-deposition limit set forth in the Federal Rules of Civil Procedure, the Court will permit the parties to take depositions of all named parties and any expert who will be testifying, at minimum. Counsel should contact the Court in accordance with the guidelines set forth in ¶ 1 above if any disputes arise regarding this issue.

3. Failure to comply with this section or any other discovery order of the court may result in Rule 37 sanctions, including preclusion of expert or other designated

evidence.

## Motion Briefing

4. Except for motions *in limine*, all pretrial motions must be filed no later than **February 23, 2024**. As provided herein and in the Standing Order, **certain motions, including motions for class certification, must be filed well before this date.**

5. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date of requesting a motion date and the hearing date typically exceeds 30 days. Failure to make a timely request for a motion date may result in the motion not being heard.

6. Motion briefing must comply with all applicable Rules, Local Rules, Standing Order, Chambers Rules and court orders.

## Mandatory Settlement Conference

7. A Mandatory Settlement Conference ("MSC") shall be conducted on **April 26, 2024**[1] at **9:30 AM** before **Magistrate Judge Allison H. Goddard**. In preparation for the MSC, Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **April 5, 2024**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **April 12, 2024**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **April 19, 2024**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).

---

[1] In the Joint Motion, the parties request that the Mandatory Settlement Conference be reset for April 19, 2024. ECF No. 125 at 5. However, that date is not available on the Court's calendar.

The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **April 19, 2024**.  The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

The MSC shall take place via **videoconference**, using the Court's official Zoom account. No later than **April 19, 2024**, counsel for each party shall send an email to the Court at efile_goddard@casd.uscourts.gov containing (i) the **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation; (ii) an **email address for each participant** to receive the Zoom videoconference invitation; and (iii) a **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the MSC to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

Counsel are advised that although the Settlement Conference will take place on Zoom, all participants shall display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person, including by dressing in appropriate courtroom attire. Participants may not be driving or in a car while speaking to the Court and must be prepared to appear on camera. Because Zoom may quickly deplete the battery of a participant's

device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the videoconference.

### Final Pretrial Conference

8. Memoranda of Contentions of Fact and Law are not required and will not be accepted.

9. No later than **May 20, 2024**, counsel shall comply with Rule 26(a)(3) pre-trial disclosure requirements. Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

10. No later than **May 28, 2024**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule 26(a)(3) pretrial disclosures. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

11. Counsel for plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f). No later than **June 3, 2024**, plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content. Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

12. The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than **June 10, 2024**, and shall comply with Local Rule 16.1(f)(6).

13. The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **June 17, 2024** at **11:00 AM**. Trial briefs are not required for cases tried to the jury. Leave to file a trial brief for a jury trial must be obtained from Judge

Lorenz at the Final Pretrial Conference.

## Additional Provisions

14. Upon the parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

15. The dates and times set forth herein will not be modified except for good cause shown.

16. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: October 26, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge