# EXHIBIT 1

ed or assaulted shall sue such offender for such resistance or assault, he shall recover treble damages; and the party offending shall be bound to his or her good behavior.

Sect. 4. If any person within this government shall in the hearing of any one Justice of the Peace in his or her common conversation, profanely swear, by the name of God, Christ Jesus, or the Holy Spirit, or curse himself or any other person, and be duly convicted thereof by one or more credible witnesses before any one Justice of the Peace of the town or county, where such offence is committed, the person so offending shall, for every such offence forfeit and pay the sum of five shillings to be levied on his or her goods and chattels, by warrant under the hand and seal of the Justice, before whom the offence is committed or conviction made, for the use of the poor of the town or hundred where the offence is committed. or the party offending shall be set in the stocks there to remain any time not exceeding three hours.

8 penalty on profane cursing & swearing

## VII.

AN ACT *to prevent the discharging of fire-arms within the towns and villages, and other public places within this State, and for other purposes.*

1812

Section 1. If any person or persons shall presume to fire or discharge any gun, ordnance, musket, fowling piece, fusee or pistol within any of the towns or villages of this State or within the limits thereof, or where the limits cannot be ascertained, within one quarter of a mile of the center of such town or village shall fire or discharge any gun, ordnance, musket, fowling piece, fusee or pistol within or on any of the greens, streets, alleys or lanes of any of the towns and villages within this State, whereon any buildings are or shall be erected, or within one hundred yards of any mill-dam, over or across where any of the main public or State roads may go or pass; every person or persons so offending shall be fined or punished as hereinafter directed.

9 Firing guns &c within towns, &c. prohibited

Sect. 2. If any free white person or persons or the child or children of any such person or persons shall fire or discharge any gun, ordnance, musket, fowling piece, fusee or pistol within any or at any of the places or limits aforesaid, every such person or persons or the child or children of every such person or persons shall forfeit and pay for every such offence any sum not exceeding five dollars to be recovered from the person or persons or from the parent of such child or children before any Justice of the Peace of this State on his own view or on the oath or affirmation of any one or more credible witnesses to be recovered as debts under forty shillings are recoverable by the laws of this State.

10 penalty on white persons

11 how recoverable

Sect 3. If any free negro or mulatto or the child or children of any such free negro or mulatto or any manumitted negro or mulatto or any servant or servants, slave or slaves, apprentice or apprentices of any person or persons whatsoever shall fire or discharge any gun, ordnance, musket, fusee, fowling piece or pistol within the limits herein before described and be thereof convicted by the view of any one Justice of the Peace or on the oath or af-

12 penalty on free negroes or free mulattoes, &c.

# EXHIBIT 2

manner of apportioning the road hands in the county of St. Clair," be, and the same is hereby repealed.

Repealed.

SEC. 2. *Be it further enacted*, That from and after the passage of this act, the Judge of Probate and Sheriff of St. Clair county, for services required of them in Article 1, Part 1, Title 13, Chapter 14, Code of Alabama, shall each receive annually fifty dollars, instead of ninety dollars as authorized by Section 1186, Code of Alabama.

APPROVED, Feb. 2, 1856.

---

[No. 26.] AN ACT

To amend the criminal law.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened*, That any one who shall sell or give or lend, to any male minor, a bowie knife, or knife or instument of the like kind or description, by whatever name called, or air gun or pistol, shall, on conviction be fined not less than three hundred, nor more than one thousand dollars.

Penalty.

APPROVED, Feb. 2, 1856.

---

[No. 27.] AN ACT

To declare Luxapalila Creek in Fayette county a public highway.

SECTION 1. *Be it enacted by the Senate and House of Representetives of the State of Alabama in General Assembly convened*, That from and after the passage of this act, Luxapalila Creek in Fayette county, from the State line up to Wood's Mill on said stream, be, and the same is hereby, declared a pubpic highway.

APPROVED, February 15, 1856.

# EXHIBIT 3

## CHAPTER 81.

AN ACT to amend the Criminal Laws of this State.

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee*, That when any person shall be indicted in the Circuit Courts, or any other court having criminal jurisdiction, for malicious shooting, and the jury trying the cause, after having all the evidence, shall be of the opinion that the defendant is not guilty of the malice, they shall have the power to find the defendant guilty of an assault, or an assault and battery, and judgment shall be given accordingly.

SEC. 2. *Be it enacted*, That, hereafter, it shall be unlawful for any person to sell, loan, or give, to any minor a pistol, bowie-knife, dirk, or Arkansas tooth-pick, or hunter's knife; and whoever shall so sell, loan, or give, to any minor any such weapon, on conviction thereof, upon indictment or presentment, shall be fined not less than twenty-five dollars, and be liable to imprisonment, at the discretion of the Court: *Provided*, that this act shall not be construed so as to prevent the sale, loan, or gift, to any minor of a gun for hunting.

SEC. 3. *Be it enacted*, That it shall be the duty of the Circuit Judges and the Judges of the Criminal Courts to give this act in charge to the Grand Juries: *Provided*, said minor be travelling on a journey, he shall be exempted.

SEC. 3. *Be it enacted*, That this act shall be in force from and after its passage.

NEILL S. BROWN,
*Speaker of the House of Representatives.*
EDWARD S. CHEATHAM,
*Speaker of the Senate.*

Passed February 26, 1856.

---

## CHAPTER 82.

AN ACT to amend the Internal Improvement acts of 1852 and 1854.

*Be it enacted by the General Assembly of the State of Tennessee*, That, hereafter, it shall not be necessary for the Engineer in Chief to swear to the subscription list, solvency, and condition of any Railroad Company applying for State aid, but the oath required of the Engineer shall be taken by the President and Treasurer of the Com-

# EXHIBIT 4

THE

# CODE OF TENNESSEE.

ENACTED BY THE

GENERAL ASSEMBLY OF 1857-'8.

UNIV. OF MICH. LAW LIBRARY.

PREPARED AND EDITED BY

RETURN J. MEIGS AND WILLIAM F. COOPER.

REVISED BY A SUB-COMMITTEE OF THE LEGISLATURE,

COMPOSED OF

JOSEPH B. HEISKELL, CHAIRMAN,

MICAJAH BULLOCK, AND SAMUEL T. BICKNELL.

30850

PUBLISHED BY AUTHORITY OF THE LEGISLATURE.

NASHVILLE, TENNESSEE:
E. G. EASTMAN AND COMPANY, STATE PRINTERS.
1858.

Generated on 2024-02-09 19:24 GMT / https://hdl.handle.net/2027/mdp.35112103368272
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from UNIVERSITY OF MICHIGAN

SECTION
4859. Misdemeanor to violate any provision of license law.
4860. Provisions to be liberally construed.
4861. Retailing on Sunday.

4857. It is a misdemeanor to sell spirituous or vinous liquors in less quantity than a quart, or in larger quantity to be drunk upon or at the place of sale, without first obtaining a license therefor. Retailing in less quantities than a quart.

4858. Any person who, after having taken out a license to retail spirituous or vinous liquors, violates the oath required previous to the issuance of his license, is guilty of perjury. Violation of tippling oath.

4859. So, also, if such person violate any of the provisions of the law regulating the license for the sale of spirituous or vinous liquors, he is guilty of a misdemeanor. Or license law.

4860. The provisions of this article are to be construed liberally, so as to prevent evasions and subterfuges, and to effectuate the objects had in view. Construction.

4861. No licensed grocer or other person in this State shall retail spirituous liquors on Sunday. The punishment of this offence shall be fine and imprisonment at the discretion of the court. Retailing on Sunday.

## ARTICLE II.

### SELLING LIQUORS OR WEAPONS TO MINORS OR SLAVES.

SECTION
4862. Misdemeanor to sell liquor to students.
4863. Or to a minor, after notice from parent or guardian.
4864. To furnish minor with certain weapons.
4865. Or to deliver such weapons to a slave, except for owner.

4862. Any person who sells, gives, or delivers to any student of any educational institution, or to any other person for the use of such student, any vinous or spirituous liquors, without the consent of the parent, guardian, or person having the care of such student, is guilty of a misdemeanor. Selling liquor to students.

4863. Any person who sells, gives, or delivers to any minor, or to any other person for the use of such minor, any of the liquors specified in the preceding section, after notice from the parent, guardian, or other person having the care of such minor, forbidding such sale, gift, or delivery, is guilty of a misdemeanor. Or to a minor.

4864. Any person who sells, loans, or gives to any minor a pistol, bowie-knife, dirk, Arkansas tooth-pick, hunter's knife, or like dangerous weapon, except a gun for hunting or weapon for defence in travelling, is guilty of a misdemeanor, and shall be fined not less than twenty-five dollars, and be imprisoned in the county jail at the discretion of the court. Selling weapons to minor.

4865. Any person who sells, loans, or delivers to any slave, except for his owner or master, and then only in such owner Or slave.

Generated on 2024-02-09 19:23 GMT / https://hdl.handle.net/2027/mdp.35112103368272
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google
Original from UNIVERSITY OF MICHIGAN

# EXHIBIT 5

Case 3:19-cv-01226-L-AHG Document 133-1 Filed 03/15/24 PageID.11529 Page 11 of 280

# ACTS

OF THE

# GENERAL ASSEMBLY

OF THE

# COMMONWEALTH OF KENTUCKY,

PASSED

AT THE SESSION WHICH WAS BEGUN AND HELD IN THE CITY OF FRANKFORT, ON MONDAY, THE FIFTH DAY OF DECEMBER, 1859, AND ENDED ON MONDAY, THE FIFTH DAY OF MARCH, 1860.

## VOLUME ONE.

---

PUBLISHED BY AUTHORITY.

---

FRANKFORT, KY.:
PRINTED AT THE YEOMAN OFFICE.
J. B. MAJOR, STATE PRINTER.
1860.

Digitized by Google

## CHAPTER 33.

1860.

AN ACT to amend an act, entitled "An act to reduce into one the several acts in relation to the town of Harrodsburg.

*Be it enacted by the General Assembly of the Commonwealth of Kentucky:*

Judicial powers vest'd in police court.

§ 1. That the judicial power of said town shall be vested in and exercised by a court, to be styled the Police Court of Harrodsburg, which shall be held by a single judge, to be elected and qualified and hold office as prescribed in the constitution of this Commonwealth. The police court of Harrodsburg shall be a court of record, and shall have the power of a quarterly judge over slaves and free negroes, and to require security of all persons for good behavior and to keep the peace; and in all matters of penalties for a violation of the laws of this Commonwealth shall have concurrent jurisdiction, with the circuit courts and justices of the peace, of prosecutions for misdemeanors committed in the town where the punishment of a free person is a fine not exceeding one hundred dollars and imprisonment for fifty days, or of a slave in any number of stripes not exceeding thirty-nine; and exclusive jurisdiction of all prosecutions and actions for an infraction of the by-laws or ordinances of the town. Said court shall exercise the power and jurisdiction of an examining court, shall have concurrent jurisdiction with the circuit court to try vagrants; and shall have power to take recognizances and bail bonds from persons charged with offenses cognizable before said court to appear and answer, and a like power to enforce a compliance with the same that circuit courts have; and all recognizances and bail bonds entered into to appear before said court, where the amount of the penalty does not exceed one hundred dollars, may be forfeited, and other proceedings had thereon in said court to forfeit and collect the same, as are directed by-law in similar cases in the circuit court. The jurisdiction of said court, and the judge thereof, in civil cases, shall be the same as that of a quarterly court and the judge thereof.

Judge to be elected.

Jurisdiction of police court.

Police judge to issue process in the name of the Commonw'h, & to whom directed.

§ 2. The police judge shall issue his process in criminal, penal, and civil cases in the name of the Commonwealth, and make the same returnable before him as police judge of Harrodsburg; and the same shall be directed to the sheriff, marshal, jailer, coroner, constable, or policeman of any town, city, or county of Kentucky, and shall be executed and returned by any of said officers, under the same penalties as other similar process from circuit and quarterly courts; and all proceedings in criminal, penal, and civil cases in said court shall be the same as directed by law in similar cases in the circuit and quarterly courts: *Provided, however*, That it shall not be necessary that an indictment be found by a grand jury for the trial of any

Digitized by Google

persons attending the same, shall be regulated by ordinance, and also the conduct of persons going to and returning from such places, both free colored persons and slaves; and for any violation of any such ordinance, a free colored person shall be fined not less than ten dollars nor more than fifty dollars, and a slave shall receive not less than ten, nor more than thirty lashes, to be enforced before the police court of said town. And for good cause, the board of trustees may provide for the closing up any house or place of assembling of colored persons within said town, and may provide for silencing any preacher or teacher of colored persons for misconduct. And all assemblies of colored persons within said town shall be under the visitation of the police, and especially under that of the night police and watchmen.

Penalty for giving or selling liquor to minors.

§ 22. If any person shall sell, loan, or give, any spirituous liquors, or mixture of the same, to any minors, without the previous written consent of the father, mother, or guardian, attested by two witnesses, or shall suffer or permit any minor to have or drink any spirituous liquors, or mixture of the same, on his premises, or premises under his control, he shall be fined the sum of thirty dollars; and if he be a vender of ardent spirits by license, he shall be fined sixty dollars.

Penalty for giving weapons to minors and slaves.

§ 23. If any person, other than the parent or guardian, shall sell, give, or loan, any pistol, dirk, bowie-knife, brass-knucks, slung-shot, colt, cane-gun, or other deadly weapon, which is carried concealed, to any minor, or slave, or free negro, he shall be fined fifty dollars.

Penalty for giv'g or selling minor cards.

§ 24. If any person, other than the parent or guardian, shall sell, give, or loan, to any minor a deck, or part of a deck, of playing cards, or shall knowingly permit any minor to play cards on his premises, or premises under his control, he shall be fined ten dollars; and any minor having in his possession a deck, or part of a deck, of cards, shall be fined five dollars.

Trustees may appoint police.

§ 25. The board of trustees shall have power to appoint not more than three policemen, who shall have the same power to execute process, arrest and apprehend violators of the penal and criminal law, and laws relating to the town of Harrodsburg, and town ordinances, that marshals have.

Persons convicted in police court may be committed to jail until fine is paid.

§ 26. Upon the trial and conviction of any person in the police court of any crime or offense, he shall be committed to jail until the fine and costs are paid or replevied: *Provided*, That the imprisonment shall not be longer than at the rate of twenty-four hours for each two dollars of said fine and costs: *And provided further*, That a writ of *fieri facias* may be issued, at any time thereafter, against the estate of the defendant or defendants, for the amount of the fine and costs until the same are satisfied.

Digitized by Google

1860.

Officers to arrest disorderly persons.

§ 27. It shall be the duty of all peace officers and policemen to arrest all disorderly or drunken persons and take them before the police court, to be dealt with according to law: *Provided*, That when any drunken or disorderly person is arrested in the night time, the officer making the arrest may commit him to the county jail, or work-house, or watch-house, until the next morning, when he shall be carried before the police judge or court, to be dealt with according to law; and the jailer of Mercer county is hereby directed to receive such persons, when arrested and in custody of such officer, in the night time, without an order of commitment.

Officers may take bail.

§ 28. The officer executing any process requiring bail, shall have authority to take the bail.

Chairman of trustees to act in absence of police judge.

§ 29. In the absence of the police judge from town, the chairman of the board of trustees of said town shall have the same authority and power that said judge has.

Appeals.

§ 30. In all cases, civil and penal, where the judgment, exclusive of costs, is twenty dollars or more, either party may appeal to the circuit court: *Provided*, Said appeal is taken and a copy of the record filed in said court within sixty days from the rendition of the judgment: *And provided further*, That the party, except where the Commonwealth is appellant, files a bond, as now required by law.

Sec. 8 of act to which this is an amendment amended.

§ 31. Section 8 of the act to which this is an amendment, is hereby so amended as to insert after the words, "some newspaper of the town for two months, by successive weekly publications," the words, "or by the service of a written copy of the order, signed by the chairman of the board of trustees and attested by the clerk, upon the parties to be affected thereby."

Trustees may assess tax to pay debts of town.

§ 32. The board of trustees shall have power to assess a tax, not exceeding twenty cents, on every one hundred dollars of the taxable property of said town. They shall have power to allow the marshal, in addition to his regular fees, such compensation as to them may be proper.

Trustees may sell, convey, & close up streets in said town.

§ 33. Said board shall have power to sell and convey, or lease or close up, any of the alleys or parts of alleys in said town, with the consent of a majority of the qualified voters thereof.

§ 34. The present officers of said town shall continue in office and perform all the duties required under this act until their successors are elected and qualified, as provided by law.

§ 35. This act shall not be construed to repeal any portion of the act to which this is an amendment, except those portions which conflict with this amendment.

§ 36. This act shall be in force from its passage.

Approved January 12, 1860.

Digitized by Google

# EXHIBIT 6

THE

# PENAL CODE OF ALABAMA;

PREPARED BY

GEO. W. STONE AND J. W. SHEPHERD,

AND

*Adopted by the General Assembly at the Session of 1865-6;*

TOGETHER WITH THE

NEW YORK PUBLIC LIBRARY

## OTHER CRIMINAL LAWS NOW IN FORCE.

PUBLISHED BY AUTHORITY.

MONTGOMERY:
REID & SCREWS, STATE PRINTERS.

1866.

Digitized by Google

more than fifty pounds of gunpowder, must, on conviction, be fined not less than one hundred dollars.

§ 202. *Hunting wild hogs.*—Any person who, without first giving notice to at least three householders in the neighborhood, hunts, catches, or kills wild hogs with dog and gun, or with either, must, on conviction, be fined not less than ten, nor more than one hundred dollars.

§ 203. *Fire-hunting.*—Any person who, in the night time, hunts deer by fire, and with a gun, must, on conviction, be fined not less than ten, nor more than one hundred dollars.

§ 204. *Selling or giving fire-arms to minor.*—Any person who sells, gives, or lends, to any boy under eighteen years of age, any pistol, or bowie-knife, or other knife of like kind or description, must, on conviction, be fined not less than fifty, nor more than five hundred dollars.

§ 205. *Catching oysters otherwise than with tongs.*—Any person who takes or catches oysters, by using any other implement or instrument than the oyster tongs heretofore generally used for that purpose, must, on conviction, be fined not less than ten, nor more than one hundred dollars.

§ 206. *Poisoning stream for fish.*—Any person who takes, catches, or attempts to take or catch fish, by poisoning the stream or body of water in which they are found, or by the use of any poisonous substance put in the water, must, on conviction, be fined not less than ten, nor more than one hundred dollars.

§ 207. *Misdemeanors not specially provided for.*—Any person who commits a public offense, which was a misdemeanor at common law, and the punishment of which is not particularly specified in this code, must, on conviction, be fined not more than five hundred dollars; and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months.

Digitized by Google

# EXHIBIT 7

OCT. 24, 1868.

## CHAPTER XXII.

### OF FIRE-ARMS.

§ 1. Citizen entitled to keep fire-arms exempt from execution.
§ 2. Fire-arms not to be demanded of owner, except.

§ 1.[1] Every white male citizen of this state above the age of sixteen years, shall be entitled to have, hold, and keep, for his own use and defence, the following firearms, to wit: either or any one of the following named guns, and one revolving pistol: a rifle, shotgun (double or single barrel), yager, or musket; the same to be exempt from execution, in all cases, under the laws of Oregon.

Citizen entitled to keep arms.

§ 2. No officer, civil or military, or other person, shall take from or demand of the owner any firearms mentioned in this chapter, except where the services of the owner are also required to keep the peace or defend the state.

Fire-arms not to be demanded of owner, except.

## CHAPTER XXIII.

### OF FORCIBLE ENTRY AND DETAINER.

§ 1. Entry upon real property, when allowed; not to be made with force.
§ 2. Action to recover possession of premises forcibly entered, or held by force.
§ 3. Complaint, necessary averments in.
§ 4. Action for, how conducted.
§ 5. Summons in, how served and returned.
§ 6. Continuance, for what time granted.
§ 7. Action, for trial of by justice.
§ 8. Verdict of jury and judgment on.
§ 9. Execution, form of.
§ 10. Appeal, by defendant.
§ 11. Unlawful holding by force, what deemed to be.
§ 12. Notice to quit, must be in writing, service of.
§ 13. Notice to quit, how long served before action brought.
§ 14. Action cannot be maintained before expiration of period for which rent paid.
§ 15. Crop sown, etc., before lease expires, tenant may cultivate and harvest.
§ 16. Merits of title not to be questioned in action, limitation of action.
§ 17. Notice to quit in action under code of civil procedure; such action may be maintained notwithstanding, etc.

Oct. 24, 1866.

§ 1.[2] No person shall enter upon any land, tenement, or other real property, but in cases where entry is given by law, and in such cases the entry shall not be made with force, but only in a peaceable manner.

Entry upon real property.

§ 2. When a forcible entry shall be made upon any premises, or when an entry shall be made in a peaceable manner, and the possession shall be held by force, the person entitled to the premises may maintain an action to recover the possession thereof before any justice of the peace of the county in which such real property is situated.

Action to recover possession of premises.

1 Entitled "An act to protect the owners of fire-arms;" and took effect by operation of the constitution, Jan. 26, 1869. See note to § 708 of crim. code. Prefixed to this act is the following preamble:

WHEREAS, The constitution of the United States, in article second of amendments to the constitution, declares that "the right of the people to keep and bear arms shall not be infringed;" and the constitution of the state of Oregon, in article first, section twenty-seven, declares that "the people shall have the right to bear arms for the defence of themselves and the state;" therefore;

2 Entitled "An act to provide for the recovery of the possession of real property in cases of forcible entry and detainer, or forcible detainer only, and to prescribe the notice to quit in case a tenant holds over;" and took effect by operation of the constitution, Jan. 19, 1867. § 18 of this act expressly repeals the act of Oct. 21, 1864, upon the same subject.

# EXHIBIT 8



# Henry Dutton, A Revision of Swift's Digest of the Laws of Connecticut. Also, Practice, Forms and Precedents, in Connecticut Page 564, Image 565 (Vol 1, 1871) available at The Making of Modern Law: Primary Sources.

---

*YEAR:* 1871

*CATEGORY:* Possession by, Use of, and Sales to Minors and Others Deemed Irresponsible

*JURISDICTION:* State

Of Trespass on the Case. A person, before he trusts a gun with an incautious person, is bound to render it perfectly innoxious. Where the defendant negligently and imprudently entrusted a loaded gun to a young mulatto girl, who discharged it against the son of the plaintiff, and severely wounded him by which the plaintiff lost his service and was put to great expense for his cure, the defendant was subjected to 100 pounds damages.

# EXHIBIT 9

Case 3:19-cv-01226-L-AHG Document 133-1 Filed 03/15/24 PageID.11542 Page 24 of 280

## CHAPTER XL.

AN ACT to prohibit the sale, gift, or bartering of deadly weapons or ammunition therefor, to minors.

[APPROVED FEBRUARY 27, 1875.]

Unlawful to sell, barter or give to minors deadly weapons or cartridges for pistol.

SECTION 1. *Be it enacted by the General Assembly of the State of Indiana*, That it shall be unlawful for any person to sell, barter, or give to any other person, under the age of twenty-one years, any pistol, dirk, or bowie-knife, slung-shot, knucks, or other deadly weapon that can be worn, or carried, concealed upon or about the person, or to sell, barter, or give to any person, under the age of twenty-one years, any cartridges manufactured and designed for use in a pistol.

Penalty.

SEC. 2. *Be it further enacted*, That any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than five dollars, nor more than fifty dollars.

---

## CHAPTER XLI.

AN ACT in relation to the settlement of claims against decedents' estates.

[APPROVED MARCH 11, 1875.]

Claims against decedent's estate, filing examination, allowance, and payment of same.

SEC. 1. *Be it enacted by the General Assembly of the State of Indiana*, That whenever a claim shall exist in favor of an executor or administrator against the estate he represents, which accrued before the death of such decedent, the same shall be filed against said estate, with the affidavit of the claimant attached, to the effect that the same is justly due and wholly unpaid, and placed upon the dockets of the court having jurisdiction of the estate against which said claim is filed, thirty days before the commencement of the term of said court, during which said claim is to be presented for allowance. And the Judge of said court shall represent said estate, and shall examine into the nature of

Judge shall represent estate.

said claim, and if the same be by said court deemed just and right, said court shall allow said claim and order the same paid out of said estate, as other claims of the same class, and said court may, in its discretion, examine under oath such executor or administrator, or any other person touching such claim; and if such court shall be of the opinion that the interests of said estate will be promoted by active opposition to such claim, it shall be the duty of such court to appoint a practising attorney of said court to represent said estate, and the same pleadings, issues and trial may be had as in other civil cases, which shall be governed by the same rules and regulations that prevail in pleading and practice in the Circuit Court of the county where such trial is had; and such court shall allow to such attorney, to be paid out of said estate, such fees for his services as may be deemed by said court just and right, and no attorney shall be allowed compensation for representing the estate of a decedent, except when appointed in pursuance of this act.

When Court shall appoint attorney to oppose allowance of claims.

Pleadings, &c., in such cases.

Allowance for service of such attorney.

SEC. 2. In all cases where a claim is filed against the estate of a decedent, any one or more of the heirs, legatees, or devisees of such decedent, or creditors of his estate, upon written petition to the court, shall be allowed, at his or their own expense, to defend such claim, notwithstanding the executor or administrator of the decedent may prefer to allow, or shall have allowed such claim, but such petition must be filed with the clerk of the proper court within six months after such claim shall be filed against such estate, and not afterwards. And if in any such case, such claim shall be reduced twenty-five per cent., or more, below the amount claimed, the court shall order the costs and all expenses, incurred in contesting said claim, paid out of such estate, but in case of failure to so reduce said claim, said person or persons, so contesting said claim, shall pay all costs occasioned thereby.

On petition, heir, legatee, et. al., shall be allowed to defend such claim, &c.

Payment of cost in such cases, by whom to be paid.

SEC. 3. All laws and parts of laws coming in conflict with any of the provisions of this act are hereby repealed.

Laws repealed.

# EXHIBIT 10

THE

# CODE OF ALABAMA.

1876.

PREPARED BY

WADE KEYES AND FERN. M. WOOD;

—AND—

JOHN D. ROQUEMORE, SUCCESSOR TO FERN. M. WOOD.

WITH REFERENCES TO THE DECISIONS OF THE SUPREME COURT OF THE STATE UPON THE CONSTRUCTION OF THE STATUTES; AND IN WHICH THE GENERAL AND PERMANENT ACTS OF THE SESSION OF 1876-7 HAVE BEEN INCORPORATED.

MONTGOMERY, ALA.:

BARRETT & BROWN, PRINTERS FOR THE STATE.

1877.

# CHAPTER 6.

## OFFENSES AGAINST PUBLIC HEALTH, PUBLIC SAFETY, AND CONVENIENCE.

§ 4219 (3631). *Selling tainted or diseased meat.*—Any butcher, or other person, who sells, or offers or exposes for sale, or suffers his apprentice, servant, agent, or other person, for him, to sell, offer, or expose for sale, any tainted, putrid, or unwholesome fish or flesh, or the flesh of any animal dying otherwise than by slaughter, or slaughtered when diseased, for the purpose of being sold, or offered for sale, must, on conviction, be fined not less than twenty, nor more than two hundred dollars; and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months.

§ 4220 (3632). *Selling unwholesome bread.*—Any baker, or other person, who sells, or offers, or exposes for sale, or suffers his servant, apprentice, agent, or other person, for him, to sell, offer, or expose for sale, any bread made from sour or unwholesome flour, must, on conviction, be fined not less than twenty, nor more than two hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months.

a As amended March 6, 1875, p. 182.

§ 4221 (3633). *Adulterating sugar, syrup, or molasses.*—*a* Any merchant, grocer, or other person, who mixes any foreign matter or substance with sugar, syrup, or molasses, so as to deteriorate or change the quality thereof, and sells, or offers, or exposes for sale, such adulterated sugar, syrup, or molasses, or who suffers his servant, agent, apprentice, or other person for him, so to adulterate or to sell, offer, or expose for sale, such adulterated sugar, syrup, or molasses, must, on conviction, be fined not less than twenty, nor more than two hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months.

§ 4222 (3634). *Adulterating liquors.*—Any manufacturer, brewer, distiller, grocer, tavern-keeper, retailer of wines, or of spirituous or fermented liquors, or other person, who sells or offers, or exposes for sale, or permits his servant, apprentice, agent, or other person, for him, to sell, offer, or expose for sale, any wines, or spirituous or fermented liquors, which have been adulterated by the mixture of any poisonous or unwholesome substance, must, on conviction, be fined not less than one hundred, nor more than five hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than twelve months.

§ 4223 (1213). *Penalty for violation of quarantine regulations of ships and vessels.*—If any person violate the regulations prescribed by the corporate authorities of any town or city in relation to vessels arriving in the harbor or in the vicinity of such town or city, after notice thereof has been given for five days in some newspaper printed in such town, or when there is none, by notice posted up at some public place therein for the same length of time, he is guilty of a misdemeanor, and, on conviction thereof, must be fined not less than fifty dollars.*

§ 4224 (1215). *Refusal of information to health officer; penalty.*—

* See sections 1508 (1211), 1509, 1510 (1212), and 1511 (1214).

If any master, seaman, or passenger, belonging to any vessel supposed to have any infection on board, or from a port where any dangerous infectious disease prevails, refuses to answer on oath such inquiries as are made by any health officer, relating to any infection or disease, he is guilty of a misdemeanor, and, on conviction, must be fined not less than one hundred dollars.*

§ 4225 (1216). *Breach of quarantine; penalty.*—The master of any vessel ordered to perform quarantine, must deliver to the officer appointed to see it performed, his bill of health, and manifest, log book, and journal; if he fail so to do, or to repair in proper time, after notice, to the quarantine ground, or departs thence without authority, he is guilty of a misdemeanor, and, on conviction, must be fined not less than two hundred dollars.*

§ 4226 (1218). *Travelers by land from infected district may be compelled to perform quarantine; breach; penalty.*—Any person coming into town, by land, from a place infected with a contagious disease, may be compelled to perform quarantine by the health officer, and restrained from traveling until discharged; and any person thus restrained, traveling before he is discharged, is guilty of a misdemeanor, and, on conviction, must be fined not less than one hundred dollars.*

§ 4227 (1220). *Disposition of fines.*—All fines recovered under the three preceding sections, must be paid into the town treasury.*

§ 4228 (3671). *Using fire arms while fighting in public place.*—Any person who, while fighting in the streets of any city or town, or at a militia muster, or at any public place, whether public in itself, or made public at the time by an assemblage of persons, uses, or attempts to use, except in self-defense, any kind of fire arms, must, on conviction, be fined not less than two hundred, nor more than five hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months.†

§ 4229 (3694). *Shooting and horse-racing on public road.*—Any person who discharges a gun, or any other kind of fire-arms, along or across any public road, or engages in a horse race on any public road, must, on conviction, be fined not less than ten, nor more than fifty dollars.

§ 4230 (3751). *Selling, giving, or lending, pistol or bowie knife, or like knife, to boy under eighteen.*—Any person who sells, gives, or lends, to any boy under eighteen years of age, any pistol, or bowie knife, or other knife of like kind or description, must, on conviction, be fined not less than fifty, nor more than five hundred dollars. (1)

§ 4231 (3674). *Endangering life by bursting boiler of steamboat.*—If the captain of any steamboat used for the conveyance of passengers or freight, or any other officer or person having charge thereof, or the engineer having charge of the machinery, or of any part of the apparatus for the generation of steam, from gross negligence, or from ignorance, creates or allows to be created such an undue quantity of steam as to burst the boiler, or other apparatus in which such steam is generated, or any apparatus or machinery therewith connected, and human life is thereby endangered, such captain, engineer, or other officer or person, must, on conviction, be imprisoned in the penitentiary, or sentenced to hard labor for the county, for not less than two years.

* See note with star on preceding page.

† (3672) (3673) transposed to "offenses against the person."

1. What constitutes offense; lending or permitting minor to take pistol of another. 32 Ala. 581.

# EXHIBIT 11

# ACTS AND RESOLUTIONS

OF THE

## GENERAL ASSEMBLY

OF THE

# STATE OF GEORGIA,

PASSED AT

## THE REGULAR SESSION

OF JANUARY, 1876.

THOMAS B. IRWIN, COMPILER.

---

PUBLISHED BY AUTHORITY.

---

H. G. WRIGHT, PUBLIC PRINTER.
1876.

## No. CXXVII.—(O. No. 230.)

SECTION 1. Punishment for cruelty to animals.

*An Act to alter and amend an Act entitled an Act for the prevention of cruelty to animals, approved March 1, 1875.*

Punishment for cruelty to animals

SECTION I. *Be it enacted, etc.*, That from and after the passage of this Act, that the Act entitled an Act for the prevention of cruelty to animals be altered and amended by striking out the words, in the last line of said Act, "be fined in a sum not to exceed fifty dollars," and insert in lieu thereof the words "be punished as prescribed in section 4310 of the Code of 1873."

SEC. II. Repeals conflicting laws.

Approved February 23, 1876.

---

## No. CXXVIII.—(O. No. 63.)

SECTION 1. Furnishing deadly weapons to minors prohibited.

*An Act to punish any person or persons who shall sell, give, lend or furnish any minor or minors with deadly weapons herein mentioned, and for other purposes.*

Furnishing deadly weapons to minors prohibited

Penalty for violation

Proviso

SECTION I. *Be it enacted, etc.*, That from and after the passage of this Act it shall not be lawful for any person or persons knowingly to sell, give, lend or furnish any minor or minors any pistol, dirk, bowie knife or sword cane. Any person found guilty of a violation of this Act shall be guilty of a misdemeanor, and punished as prescribed in section 4310 of the Code of 1873: *Provided*, that nothing herein contained shall be construed as forbidding the furnishing of such weapons under circumstances justifying their use in defending life, limb or property.

SEC. II. Repeals conflicting laws.

Approved February 17, 1876.

---

## No. CXXIX.—(O. No. 184.)

SECTION.
1. Penalty for escapes.
2. *Particeps criminis.*

*An Act to provide a penalty for escapes from the "chain gang," and for other purposes.*

Penalty for escapes

SECTION I. *Be it enacted, etc.*, That from and after the passage of this Act, if any person or persons shall be convicted of any offense below the grade of felony, and such person or persons shall escape from the "chain gang," or from any other place of

# EXHIBIT 12

LAWS

OF THE

# STATE OF MISSISSIPPI,

PASSED AT A REGULAR SESSION

OF THE

# MISSISSIPPI LEGISLATURE,

HELD IN THE

## CITY OF JACKSON,

Commencing Jan. 8th, 1878, and Ending March 5th, 1878.

PRINTED BY AUTHORITY.

JACKSON, MISS.:
POWER & BARKSDALE, STATE PRINTERS.
1878.

Case 3:19-cv-01226-L-AHG Document 133-1 Filed 03/15/24 PageID.11553 Page 35 of 280

## CHAPTER XLVI.

AN ACT to prevent the carrying of concealed weapons, and for other purposes.

SECTION 1. *Be it enacted by the Legislature of the State of Mississippi,* That any person, not being threatened with, or having good and sufficient reason to apprehend an attack, or traveling (not being a tramp) or setting out on a journey, or peace officers, or deputies in discharge of their duties, who carries concealed, in whole or in part, any bowie knife, pistol, brass knuckles, slung shot or other deadly weapon of like kind or description, shall be deemed guilty of a misdemeanor, and on conviction, shall be punished for the first offence by a fine of not less than five dollars nor more than one hundred dollars, and in the event the fine and cost are not paid shall be required to work at hard labor under the direction of the board of supervisors or of the court, not exceeding two months, and for the second or any subsequent offence, shall, on conviction, be fined not less than fifty nor more than two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor not exceeding six months under the direction of the board of supervisors, or of the court. That in any proceeding under this section, it shall not be necessary for the State to allege or prove any of the exceptions herein contained, but the burden of proving such exception shall be on the accused.

When concealed weapons may be carried.

Penalty for carrying weapons.

Burden of proof on accused.

SEC. 2. *Be it further enacted,* That it shall not be lawful for any person to sell to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any weapon of the kind or description in the first section of this Act described, or any pistol cartridge, and on conviction shall be punished by a fine not exceeding two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor under the direction of the board of supervisors or of the court, not exceeding six months.

Minors, or persons intoxicated.

SEC. 3. *Be it further enacted*, That any father, who shall knowingly suffer or permit any minor son under the age of sixteen years to carry concealed, in whole or in part, any weapon of the kind or description in the first section of this Act described, shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than twenty dollars, nor more than two hundred dollars, and if the fine and costs are not paid, shall be condemned to hard labor under the direction of the board of supervisors or of the court.

Minor under 16 years.

SEC. 4. *Be it further enacted*, That any student of any university, college or school, who shall carry concealed, in whole or in part, any weapon of the kind or description in the first section of this Act described, or any teacher, instructor, or professor who shall, knowingly, suffer or permit any such weapon to be carried by any student or pupil, shall be deemed guilty of a misdemeanor, and, on conviction, be fined not exceeding three hundred dollars, and if the fine and costs are not paid, condemned to hard labor under the direction of the board of supervisors or of the court.

Students.

SEC. 5. *Be it further enacted*, That each justice of the peace before whom a conviction is had, shall, in addition to the costs now allowed by law, be entitled to a tax fee of two dollars and a half.

Tax fee of justice.

SEC. 6. *Be it further enacted*, That immediately after the passage of this Act, the Secretary of State shall transmit a copy to each circuit judge in the State, who shall cause the same to be read in open court on the day for the calling of the State docket of the court.

Act to be read in courts

SEC. 7. *Be it further enacted*, That this Act take effect from and after its passage.

APPROVED, February 28, 1878.

# EXHIBIT 13

dumb or blind, house of correction, industrial school for boys or girls, or orphan asylum, who shall abuse, neglect or ill-treat any person confined therein, or an inmate thereof, shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding two hundred dollars.

Sec. 8, ch. 176, 1872. This chapter changed to embrace all persons holding others in restraint and penalty made constitutional.
SECTION 4390. Ch. 412, 1876, leaving the unnecessary sections out, and making crime more specific and comprehensive.
SECTION 4391. Ch. 212, 1873, condensed, but retained substantially.
SECTION 4392. Secs. 1 and 2, ch. 44, 1868.
SECTION 4393. Secs. 1, 2 and 3, ch. 40, 1871; ch. 163, 1867, and sec. 52, ch. 119, 1872. These provisions condensed and the substance retained and the penalty adjusted.

Evidence of unlawful speed as bearing upon the question of destroying property by fire: *Brusberg v. R'y Co.*, 50 Wis., 231; *Martin v. R. R. Co.*, 23 id., 437.

Setting spring guns.

SECTION 4394. [*As amended by ch. 20, 1883.*] Any person who shall set or fix in any manner whatever any gun, pistol or other fire-arm, or any spring-gun for the purpose of killing game of any kind by coming in contact therewith, or with any string, wire or other contrivance attached thereto, by which the same may be discharged, or for any other purpose, shall be punished by imprisonment in the state prison not less than six months nor more than three years; and if the death of any person is caused thereby, he shall be deemed guilty of manslaughter in the second degree.

Suggested by ch. 85, 1875, that such a section is necessary and proper, and such a section exists in other states, and by sec. 1, ch. 33, 1869.

Leaving unguarded ice holes.

SECTION 4395. [*As amended by ch. 267, 1880.*] Any person who shall remove ice, or cause its removal from any stream, pond or lake, and shall neglect to place around the margin of the opening made by such removal, a fence, by setting posts of not less than two by four inches in size, and with a fence board thoroughly nailed thereto, not less than three and one-half feet above the surface of the ice on said stream, pond or lake, shall be punished by imprisonment in the county jail not more than six months, or by a fine not exceeding one hundred dollars.

Sec. 1, ch. 85, 1869, substance retained, but condensed, and verbal corrections.
SECTION 4396. Ch. 103, 1871. The substance retained, but leaving responsibility with persons using machine to protect it from dangerous use.
SECTION 4397. Sec. 1, ch. 7, 1872.

Penalty for sale or use of toy pistols.

SECTION 4397*a*. [*Ch. 116, 1882.*] 1. It shall be unlawful for any person to sell or use, or have in his possession, for the purpose of exposing for sale or use, any toy pistol, toy revolver, or other toy fire-arm.

2. Any person violating any of the provisions of this act, on conviction thereof, shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding one hundred dollars, or by both fine and imprisonment, in the discretion of the court.

Minor going armed.

SECTION 4397*b*. [*Ch. 329, 1883.*] 1. It shall be unlawful for any minor, within this state, to go armed with any pistol or revolver, and it shall be the duty of all sheriffs, constables, or other public police officers, to take from any minor any pistol or revolver, found in his possession.

Sale of pistols or revolvers to minor.

2. It shall be unlawful for any dealer in pistols or revolvers, or any other person, to sell, loan or give any pistol or revolver to any minor in this state.

Digitized by Google

# EXHIBIT 14

THE

# REVISED CODE

OF THE

# STATUTE LAWS

OF THE

# STATE OF MISSISSIPPI,

PREPARED BY

J. A. P. CAMPBELL,

AND

REPORTED TO AND AMENDED, AND ADOPTED BY THE LEGISLATURE AT ITS BIENNIAL SESSION, IN 1880.

WITH REFERENCES TO DECISIONS OF THE HIGH COURT OF ERRORS AND APPEALS, AND OF THE SUPREME COURT, APPLICABLE TO THE STATUTES.

PUBLISHED BY AUTHORITY OF THE LEGISLATURE.

JACKSON, MISS.:
J. L. POWER, STATE PRINTER.

1880.

# CHAPTER 77.

## AN ACT

## IN RELATION TO CRIMES AND MISDEMEANORS.

### ABDUCTION OF FEMALES.

§ 2697. Every person, who shall take any female over the age of fourteen years, unlawfully, against her will, and by force, menace, fraud, deceit, stratagem or duress, compel or induce her to marry him or to marry any other person, or to be defiled, and shall be thereof duly convicted, shall be punished by imprisonment in the penitentiary, not less than five, nor more than fifteen years.

### ACCESSARIES.

§ 2698. Every person who shall be an accessary to any murder or other felony, before the fact, shall be deemed and considered a principal, and indicted and punished as such, (and this whether the principal has been previously convicted or not).

§ 2699. Every person who shall be convicted of having concealed, received, or relieved any felon, or having aided or assisted any felon, knowing that such person had committed a felony, with intent to enable such felon to escape, or to avoid arrest, trial, conviction or punishment, after the commission of such felony, on conviction thereof, shall be imprisoned in the penitentiary, not exceeding five years, or in a county jail, not exceeding one year; or by fine, not exceeding one thousand dollars, or by both such fine and imprisonment; and in prosecutions for offences, specified in this section, it shall not be necessary to aver in the indictment, or prove on the trial, that the principal has been convicted or tried.

### ADULTERY AND FORNICATION.

§ 2700.* If any man and woman shall unlawfully cohabit, whether in adultery or fornication, they shall be fined in any sum, not more than five hundred dollars each, and imprisoned, not more than six months, at the discretion of the court; and it shall not be necessary to constitute the offence that the parties shall dwell together publicly, as husband and wife, but it may be proved by circumstances which show habitual sexual intercourse.

* 42 M., 334. 57 M., 132.

prisonment in the county jail, not longer than six months, or by both; and any person who shall discharge such fire-arm, so intentionally pointed or aimed, shall be punished by not exceeding double such fine or imprisonment, or both; and any person, who, by such discharge shall maim, kill or injure another, shall be punished by imprisonment in the penitentiary, not exceeding five years; and on the trial of an indictment for a homicide, if the jury shall be satisfied that the accused is guilty under this section, it may find him not guilty of murder or manslaughter, and render a verdict of guilty under this section.

CARRYING CONCEALED WEAPONS.

§ 2985.* Any person, not being threatened with, or having good and sufficient reason to apprehend an attack, or travelling (not being a tramp) or setting out on a journey, or a peace officer, or deputy, in discharge of his duties, who carries concealed, in whole or in part, any bowie knife, pistol, brass or metalic knuckles, slung-shot, or other deadly weapon of like kind or description, shall be deemed guilty of a misdemeanor, and on conviction, shall be punished by fine not exceeding one hundred dollars, and in the event the fine and costs are not paid, shall be required to work at hard labor under the direction of the board of supervisors or of the court, not exceeding two months, and for the second or any subsequent offence, shall, on conviction, be fined not less than fifty nor more than two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor, not exceeding six months, as above provided, and in any proceeding under this section, it shall not be necessary for the state to allege or prove any of the exceptions herein contained, but the burden of proving such exception shall be on the accused.

§ 2986. It shall not be lawful for any person to sell to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any weapon of the kind or description in the foregoing section described, or any pistol cartridge, and on conviction he shall be punished by a fine not exceeding two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor under the direction of the board of supervisors or of the court, not exceeding six months.

§ 2987. Any father who shall knowingly suffer or permit any minor son under the age of sixteen years to carry concealed, in whole or in part, any weapon of the kind or description in the foregoing section described, shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than twenty dollars, nor more than two hundred dollars, and if the fine and costs are not paid, shall be condemned to hard labor as provided in the preceding section.

§ 2988. Any student of any university, college, or school who shall carry concealed, in whole or in part, any weapon of the kind or description in the foregoing section described, or

* 57 M., 685.

Case 3:19-cv-01226-L-AHG Document 133-1 Filed 03/15/24 PageID.11561 Page 43 of 280

any teacher, instructor or professor who shall knowingly, suffer or permit any such weapon to be carried by any student or pupil, shall be deemed guilty of a misdemeanor, and on conviction, be fined not exceeding three hundred dollars, and if the fine and costs are not paid, be condemed to hard labor as above provided.

§ 2989. Each justice of the peace, before whom a conviction is had, under this title, shall, in addition to the costs now allowed by law, be entitled to a tax fee of two dollars and fifty cents.

---

# CHAPTER 78.

## AN ACT

### IN RELATION TO CRIMINAL PROCEDURE.

#### JURISDICTION.

§ 2990. The several courts of justice, organized under the constitution and laws of this state, shall possess the sole and exclusive jurisdiction of trying and punishing all persons, in the manner prescribed by law, for crimes and offences committed in this state, except such as are exclusively cognizable by the courts deriving their jurisdiction from the constitution and laws of the United States.

§ 2991. The local jurisdiction of all offences, unless otherwise provided by law, shall be in the county where the offence was committed. But, if on the trial the evidence makes it doubtful in which of several counties, including that in which the indictment alleges it, the offence was committed, such doubt shall not avail to procure the acquittal of the defendant.

§ 2992. Where an offence is commenced out of this state, and consummated in it, or where an offence is consummated in this state, by any means or agency, proceeding from a person out of this state, the person so commencing such offence or putting in operation such means or agency, although out of the state, at the time such offence was actually consummated, shall be liable to indictment and punishment therefor, in the county where the offence was consummated.

§ 2993. Where an offence is commenced in this state, and

# EXHIBIT 15

conformity to law; or, with the consent and approbation of the probate court, in productive real estate within this state, the title to which shall be taken in the name of the guardian as such; and to manage such investments, and when deemed proper, change the same into any other investment of the above classes; but no real estate so purchased shall be sold by the guardian, except with the consent and approbation of the probate court; and if said guardian fail to loan or invest the money of his ward within such reasonable time, he shall account on settlement for such money and interest thereon, calculated with annual rests; and also to settle and adjust, when necessary or desirable, the assets which he may receive, in kind, from an executor or administrator, as may be most advantageous to his wards, but before such settlement and adjustment shall be valid and binding, it shall be approved by the probate court, and such approval entered on its journal; and with the like approval, to hold the assets as received from the executor or administrator, or what may be received in the settlement and adjustment of said assets.

Eighth—To obey and perform all orders and judgments of the proper courts touching the guardianship.

**Repeals.**

SEC. 3. That sections six thousand one hundred and eighty-nine and six thousand two hundred and sixty-nine be and the same are hereby repealed.

SEC. 4. This act shall take effect and be in force from and after its passage.

THOS. A. COWGILL,
*Speaker of the House of Representatives.*
R. G. RICHARDS,
*President pro tem. of the Senate.*

Passed March 25, 1880.

---

[Senate Bill No. 1.]

AN ACT

Supplementary to chapter eight (8), title one (1), part four (4), of the revised statutes of Ohio.

SECTION 1. *Be it enacted by the General Assembly of the State of Ohio,* That the following section be enacted as supplementary to chapter 8, title 1, part 4, of the revised statutes with sectional number as herein provided:

**Penalty for selling or giving, etc., fire-arms to minors.**

Section 6986*a*. That whoever sells, barters, or gives away to any minor under the age of fourteen years, any air-gun, musket, rifle-gun, shot-gun, revolver, pistol, or other fire-arm, of any kind or description whatever, or ammunition for the same, or whoever being the owner, or having charge or control of any such air-gun, musket, rifle-gun, shot-gun, revolver, pistol or other fire-arm knowingly permits the same to be used by such minor, shall be deemed guilty of a misdemeanor, and

upon conviction thereof shall be fined in any sum not exceeding one hundred dollars, or be imprisoned in jail not exceeding thirty days or both.

SEC. 2. This act shall take effect and be in force from and after its passage.

THOS. A. COWGILL,
*Speaker of the House of Representatives.*
R. G. RICHARDS,
*President pro tem. of the Senate.*

Passed March 25, 1880.

---

[Substitute for House Bill No. 72.]

AN ACT

To amend section 3897 of the revised statutes.

SECTION 1. *Be it enacted by the General Assembly of the State of Ohio,* That section three thousand eight hundred and ninety-seven of the revised statutes be so amended to read as follows:

Board of education in city districts of the first class; how constituted.

Section 3897. In city districts of the first class, the board of education shall consist of two members for each ward, except in districts organized under a law providing for one member only for each ward, in which districts the board may at any time, by a vote of a majority of its members, provide that thereafter each ward shall be represented by two members, and thereupon proceed to choose one additional member for each ward, to serve until the next annual election for city officers, and until the election and qualification of his successor; and each member of the board shall be an elector of the ward for which he is elected or appointed: provided, that in city districts of the first class, having a population, according to the last federal census, of one hundred and fifty thousand and over, the board of education shall consist of thirty-seven members, twelve of whom shall be elected at the April election of the current year, to hold office as follows: The four members who receive the highest number of votes for three years, the four who receive the next highest number of votes for two years, the four who receive the next highest number of votes for one year: and thereafter there shall be elected, annually, four members to serve for three years. In case of a tie vote the choice of terms shall be determined by lot. And the remaining twenty-five members shall consist of those members of the board of education elected at the April election in 1879, and whose terms of office do not expire until April, 1881; that, beginning with the April election of 1881, one member shall be elected from each ward of said cities; and such of said members as shall have been elected by wards having an odd numerical

# EXHIBIT 16

# LAWS

OF THE

# STATE OF DELAWARE,

PASSED AT A SESSION

OF THE

# GENERAL ASSEMBLY

COMMENCED AND HELD AT DOVER,

ON TUESDAY, THE FOURTH DAY OF JANUARY,

A. D. 1881,

AND OF THE

INDEPENDENCE OF THE UNITED STATES,
THE ONE HUNDRED AND FIFTH.

---

*VOL. 16.—PART 2.*

---

DOVER, DELAWARE:
PRINTED AT THE DELAWAREAN OFFICE,
1881.

be found the court shall impose a fine on the person so found guilty of the breaking and entering, not exceeding three hundred dollars, or shall imprison him for a term not exceeding three years, or both, at the discretion of the court.

Penalty.

*Passed at Dover, February 24, 1881.*

---

## CHAPTER 548.

### OF OFFENSES AGAINST PUBLIC JUSTICE.

Title.

AN ACT providing for the punishment of persons carrying concealed deadly weapons.

*Be it enacted by the Senate and House of Representatives of the State of Delaware, in General Assembly met:*

Unlawful to carry concealed deadly weapons.

Punishment.

SECTION 1. That if any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, or shall knowingly sell a deadly weapon to a minor other than an ordinary pocket knife, such person shall, upon conviction thereof, be fined not less than twenty-five nor more than one hundred dollars or imprisoned in the county jail for not less than ten nor more than thirty days, or both at the discretion of the court: *Provided,* that the provisions of this section shall not apply to the carrying of the usual weapons by policemen and other peace officers.

Discharging fire-arms in any public road, a misdemeanor.

Penalty.

SECTION 2. That if any person shall, except in lawful self-defence discharge any fire-arm in any public road in this State, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by fine not exceeding fifty dollars or by imprisonment not exceeding one month, or both at the discretion of the court.

Unlawful to point a gun or pistol at another.

SECTION 3. That it shall be unlawful for any person, either in jest or otherwise, intentionally to point a gun, pistol or other fire-arms at or towards any other person at any time or place. Any person violating any provision of this section shall, upon conviction thereof, pay a fine of not less than ten dollars nor more than one hundred dollars and the cost of prosecution, and should

death result to any person by the discharge of such gun, pistol or other fire-arm while so pointed, the person pointing the same shall be guilty of manslaughter when such killing shall not amount to murder, and shall be punished accordingly. Penalty.

*Passed at Dover, April 8, 1881.*

---

## CHAPTER 549.

GENERAL PROVISIONS CONCERNING CRIMES AND PUNISHMENTS.

AN ACT to amend Chapter 133 of the Revised Code, (General Provisions Concerning Crimes, &c.) Title.

*Be it enacted by the Senate and House of Representatives of the State of Delaware, in General Assembly met:*

SECTION 1. That Section 10 of Chapter 133 of the Revised Code, be amended by adding thereto as follows: If no order has been made by the court at the term when the sentence was made, or at a succeeding term, the resident judge of the county, shall have power to make such order upon petition and proof of inability; and the said order when made and filed with the Clerk of the Peace, shall be sufficient authority for the discharge of the prisoner. It shall be the duty of the Clerk of the Peace to furnish the sheriff at once with a certified copy of said order. Section 10, Chap. 133, R. Code, amended.

*Passed at Dover, January 26, 1881.*

# EXHIBIT 17

## CHAPTER 3284—[No. 66.]

AN ACT to Make the Public Use of Indecent or Obscene Language a Misdemeanor, and Provide for the Punishment thereof.

*The People of the State of Florida, represented in Senate and Assembly, do enact as follows:* SECTION 1. Any person who shall publicly use or utter any indecent or obscene language shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in a sum not to exceed twenty-five dollars, or be imprisoned in the county jail not exceeding thirty days, in the discretion of the court.

Public use of obscene language.

Approved January 24, 1881.

---

## CHAPTER 3285—[No. 67.]

AN ACT to Prevent the Selling, Hiring, Bartering, Lending or Giving to Minors under Sixteen Years of Age, or to any Person of Unsound Mind, Certain Fire-arms or other Dangerous Weapons.

*The People of the State of Florida, represented in Senate and Assembly, do enact as follows:* SECTION 1. It shall be unlawful for any person or persons to sell, hire, barter, lend or give to any minor under sixteen years of age any pistol, dirk or other arm or weapon, other than an ordinary pocket-knife, or a gun or rifle used for hunting, without the permission of the parent of such minor, or the person having charge of such minor, and it shall be unlawful for any person or persons to sell, hire, barter, lend or give to any person or persons of unsound mind any dangerous weapon, other than an ordinary pocket-knife.

Selling, lending, &c., weapons to minors under 16 years without permission of parent, unlawful.

SEC. 2. Any person or persons so offending shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than twenty nor more than fifty dollars, or imprisoned in the county jail not more than three months.

Penalty.

Approved February 4, 1881.

---

## CHAPTER 3286—[No. 68.]

AN ACT to Enforce a Distinctive Wrapping and Proper Labeling of Preparations of Morphine.

WHEREAS, Numerous deaths have occurred in this State by mistakes having been made in giving sulphate and other preparations of morphine as quinine; *and whereas*, such mistakes

Preamble.

# EXHIBIT 18

# CRIMINAL CODE.

## DEADLY WEAPONS.

### REGULATES TRAFFIC AND PREVENTS SALE TO MINORS.

§ 1. Forbids possession or sale of slung-shots or knuckles—penalty.
§ 2. Forbids sale, loan or gift to minors, of fire-arms or other deadly weapons—penalty.
§ 3. Provides for registry of sales by dealers in deadly weapons—Form of register—penalty for failure to keep same.
§ 4. Penalty for carrying deadly weapons or display of same.
§ 5. Fines and penalties—how recovered—Increased penalty for second offense.
§ 6. Exempts sheriffs, coroners, constables, policemen or peace officers from provisions of this act.
§ 7. Repealing clause for acts in conflict.

*In force July 1, 1881.*

AN ACT *to regulate the traffic in deadly weapons, and to prevent the sale of them to minors.*

SECTION 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That whoever shall have in his possession, or sell, give or loan, hire or barter, or whoever shall offer to sell, give, loan, hire or barter, to any person within this state, any slung-shot or metallic knuckles, or other deadly weapon of like character, or any person in whose possession such weapons shall be found, shall be guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than ten dollars ($10) nor more than two hundred dollars ($200).

§ 2. Whoever, not being the father, guardian or employer of the minor herein named, by himself or agent, shall sell, give, loan, hire or barter, or shall offer to sell, give, loan, hire or barter to any minor within this state, any pistol, revolver, derringer, bowie knife, dirk or other deadly weapon of like character, capable of being secreted upon the person, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25) nor more than two hundred dollars ($200).

§ 3. All persons dealing in deadly weapons, hereinbefore mentioned, at retail within this state shall keep a register of all such weapons sold or given away by them. Such register shall contain the date of the sale or gift, the name and age of the person to whom the weapon is sold or given, the price of the said weapon, and the purpose for which it is purchased or obtained. The said register shall be in the following form:

| No. of weapon. | To whom sold or given. | Age of purchaser. | Kind and description of weapon. | For what purpose purchased or obtained. | Price of weapon. |
|---|---|---|---|---|---|

Said register shall be kept open for the inspection of the public, and all persons who may wish to examine the same may do so at all reasonable times during business hours. A failure to keep such register, or to allow an examination of the same, or to record

therein any sale or gift of a deadly weapon, or the keeping of a false register, shall be a misdemeanor, and shall subject the offender to a fine of not less than twenty-five dollars ($25) nor more than two hundred dollars ($200).

§ 4. Whoever shall carry a concealed weapon upon or about his person of the character in this act specified, or razor as a weapon, or whoever, in a threatening or boisterous manner, shall display or flourish any deadly weapon, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25) nor more than two hundred dollars ($200).

§ 5. All fines and penalties specified in this act may be recovered by information, complaint or indictment, or other appropriate remedy, in any court of competent jurisdiction; and, when recovered, shall be paid into the county treasury of the county where the conviction is had, and become a part of the current revenue of the county; or the said fines and penalties may be recovered by *qui tam* action, one-half to be paid to the informer, and the other half to be paid into the county treasury, as aforesaid. For a second violation of any of the provisions of this act the offender shall be fined in double the amount herein specified, or may be committed to the county jail for any term not exceeding twenty days, in the discretion of the court.

§ 6. Section four (4) of this act shall not apply to sheriffs, coroners, constables, policemen or other peace officers, while engaged in the discharge of their official duties, or to any person summoned by any of such officers to assist in making arrest, or preserving the peace, while such person so summoned is engaged in assisting such officer.

§ 7. All acts and parts of acts in conflict with this act are hereby repealed.

APPROVED April 16, 1881.

---

## PENALTY FOR ADULTERATION OF BUTTER AND CHEESE.

§ 1. Manufacture of imitations or adulteration of butter and cheese prohibited—Penalty.

§ 2. Repealing clause.
In force July 1, 1881.

AN ACT *to prevent the adulteration of butter and cheese, or the sale or disposal of the same, or the manufacture or sale of any article as a substitute for butter or cheese, or any article to be used as butter and cheese.*

SECTION 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That whoever manufactures out of any oleaginous substances, or any compound of the same other than that produced from unadulterated milk, or cream from the same,

any article designed to take the place of butter or cheese produced from pure, unadulterated milk, or cream of the same, and shall sell, or offer for sale, the same as butter or cheese, or give to any person the same as an article of food, as butter or cheese, shall, on conviction thereof, be fined not less than twenty-five dollars ($25) nor more than two hundred dollars ($200).

§ 2. All acts or parts of acts inconsistent with this act are hereby repealed.

APPROVED June 1, 1881.

---

ADULTERATION OF ARTICLES OF FOOD, DRINK OR MEDICINE.

§ 1. Prohibits adulteration of food, and forbids sale of.

§ 2. Prohibits mixing drugs and medicine.

§ 3. Requires notice of adulterated articles, and stamping of same when offered for sale.

§ 4. Prohibits adulteration of butter and cheese with oleomargarine, unless stamped.

§ 5. Prescribes penalty for violation of this act.

§ 6. Convictions not to be had if persons can show a lack of knowledge of the law.

§ 7. State's attorney's charged with the execution of law.

§ 8. Repeals conflicting acts. In force July 1, 1881.

AN ACT *to prevent and punish the adulteration of articles of food, drink and medicine, and the sale thereof when adulterated.*

SECTION 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That no person shall mix, color, stain or powder, or order or permit any other person in his or her employ to mix, color, stain or powder any article of food with any ingredient or material, so as to render the article injurious to health, or depreciate the value thereof, with intent that the same may be sold; and no person shall sell or offer for sale any such article so mixed, colored, stained or powdered.

§ 2. No person shall, except for the purpose of compounding in the necessary preparation of medicine, mix, color, stain or powder, or order or permit any other person to mix, color, stain or powder, any drug or medicine with any ingredient or material, so as to affect injuriously the quality or potency of such drug or medicine, with intent to sell the same, or shall sell or offer for sale any such drug or medicine so mixed, colored, stained or powdered.

§ 3. No person shall mix, color, stain or powder any article of food, drink or medicine, or any article which enters into the composition of food, drink or medicine, with any other ingredient or material, whether injurious to health or not, for the purpose of gain or profit, or sell, or offer the same for sale, or order or permit any other person to sell or offer for sale any article so mixed, colored, stained or powdered, unless the same be so manufactured, used or sold, or offered for sale under its true and appropriate

# EXHIBIT 19

THE

# REVISED STATUTES

OF THE

## STATE OF INDIANA,

EMBRACING THE

REVISION OF 1881 AND ALL GENERAL LAWS

ENACTED

SUBSEQUENT TO THAT REVISION,

NOW IN FORCE, WITH

DIGESTED NOTES OF JUDICIAL DECISIONS,

CONSTRUING OR ILLUSTRATING THEIR PROVISIONS

31011

VOLUME I.

CONSTITUTIONS — CODES — WILLS.

CHICAGO:
E. B. MYERS & CO., LAW PUBLISHERS.
1888.

Digitized by Google

[1875, p. 59. In force August 24, 1875.]

**1986. Furnishing deadly weapon to minor.** 1. It shall be unlawful for any person to sell, barter, or give to any person under the age of twenty-one years any pistol, dirk, or bowie-knife, slung-shot, knucks, or other deadly weapon that can be worn or carried concealed upon or about the person; or to sell, barter, or give to any person under the age of twenty-one years any cartridges manufactured and designed for use in a pistol.

**1987. Penalty.** 2. Any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than five dollars nor more than fifty dollars.

[1885 S., p. 194. In force July 18, 1885.]

**1987a. Sale of dangerous toy.** 1. It shall be unlawful for any firm, company or person within the State of Indiana to manufacture, sell, or expose for sale, or give away as a prize or reward, any toy pistol, or other device for the purpose of exploding caps or wafers containing fulminates or other explosive compounds, and persons so selling or offering to sell or give away such toy shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than ten dollars nor more than fifty dollars, or be imprisoned in the county jail not less than ten nor more than twenty days.

[1881 S., p. 174. In force September 19, 1881.]

**1988. Disturbing meetings.** 83. Whoever, by any loud or unnecessary talking, hallooing, or by any threatening, abusive, profane, or obscene language, or violent actions, or by any other rude behavior, interrupts, molests, or disturbs any collection of any inhabitants of this State convened for the purpose of worship, or any agricultural fair or exhibition or any person present thereat or going to or returning therefrom; or who, in like manner, interrupts, molests, or disturbs any meeting of inhabitants of this State met together for any lawful purpose,— shall be fined in any sum not more than fifty dollars nor less than five dollars. Sextons of churches, and officers of fairs, or other meetings contemplated in this section are hereby authorized to arrest any person so disturbing such public meetings.

1. For construction, see State *v.* Solomon, 33 Ind. 450.

2. As to the indictment, see State *v.* Ringer, 6 Blackf. 109; State *v.* Oskins, 28 Ind. 364; State *v.* Zimmerman, 53 id. 360; Kidder *v.* State, 58 id. 68.

3. As to the evidence, see State *v.* Synder, 14 Ind. 429; Kidder *v.* State, 58 id. 68; State *v.* Lusk, 68 id. 264.

## ARTICLE 5 — AGAINST PUBLIC MORALS.

SEC.
1989. Bigamy.
1990. Incest.
1991. Adultery and fornication
1992. Seduction
1993. Enticing females to house of ill fame.
1994. Keeping house of ill fame.
1995. Public indecency.
1996. Disposing of obscene literature.
1997. Sending obscene literature.

SEC.
1998. Advertising drugs for female use.
1999. Profanity.
2000. Sabbath breaking.
2000a. Base-ball
2001. House of assignation.
2002. Pimp.
2003. Prostitute.
2004. Letting stallions in public.
2005. Sodomy.

[1881 S., p. 174. In force September 19, 1881.]

**1989. Bigamy.** 84. Whoever being married, marries again, the former husband or wife being alive and the bond of matrimony still undissolved, and no legal presumption of death having arisen, is guilty of bigamy, and,

Digitized by Google

# EXHIBIT 20

THE

# GENERAL STATUTES

OF THE

# STATE OF NEVADA.

## IN FORCE.

FROM 1861 TO 1885, INCLUSIVE.

WITH CITATIONS OF THE DECISIONS OF THE SUPREME COURT RELATING THERETO.

---

ARRANGED AND ANNOTATED BY

DAV. E. BAILY AND JOHN D. HAMMOND.

CARSON CITY:
JOSIAH C. HARLOW, SUPERINTENDENT OF STATE PRINTING.
1885.

*An Act to prohibit the carrying of concealed weapons by minors.*

Approved March 4, 1881, 143.

4844. SECTION 1. Every person under the age of twenty-one (21) years who shall wear or carry any dirk, pistol, sword in case, slung shot, or other dangerous or deadly weapon concealed upon his person, shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, be fined not less than twenty nor more than two hundred ($200) dollars, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment. —*As amended, Stats.* 1885, 51.

**Minors not to carry weapons.**

---

*An Act to more fully define the crime of larceny.*

Approved February 9, 1883, 34.

4845. SECTION 1. Every person who shall convert any manner of real estate, of the value of fifty dollars or over, into personal property, by severing the same from the realty of another, with felonious intent to and shall so steal, take and carry away the same, shall be deemed guilty of grand larceny, and, upon conviction thereof, shall be punished by imprisonment in the state prison for any term not less than one year nor more than fourteen years.

**Conversion of, grand larceny.**

4846. SEC. 2. Every person who shall convert any manner of real estate, of the value of under fifty dollars, into personal property, by severing the same from the realty of another, with felonious intent to and shall so steal, take and carry away the same, shall be deemed guilty of petit larceny, and, upon conviction thereof, shall be punished by imprisonment in the county jail for a period of not more than six months, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment.

**Same, petit larceny.**

---

*An Act for the better observance of the Lord's day.*

Approved November 21, 1861, 39.

4847. SECTION 1. No person shall keep open any play-house or theater, race-ground, cock-pit, or play at any game of chance for gain, or engage in any noisy amusement, on the first day of the week, commonly called Lord's day.

**Places to be closed.**

4848. SEC. 2. No judicial business shall be transacted by

# EXHIBIT 21

drawing the casing, fill up the well with sand or rock sediment to the depth of at least twenty feet above the third sand or oil-bearing rock, and drive a round, seasoned, wooden plug at least two feet in length, equal in diameter to the diameter of the well below the casing, to a point at least five feet below the bottom of the casing, and, immediately after the drawing of the casing, shall drive a round wooden plug into the well at the point just below where the lower end of the casing shall have rested, which plug shall be at least three feet in length, tapering in form and to be of the same diameter at the distance of eighteen inches from the smaller end as the diameter of the well below the point at which it is to be driven; after it has been properly driven shall fill in on top of same with sand or rock sediment to the depth of at least five feet.

Penalty.

SECTION 2. Any person who shall violate the provisions of this act shall be liable to a penalty of two hundred dollars, one half to be for the use of the informer and one half to the use of the school district in which such well may be situated, to be recovered as debts of like amount are by law recoverable.

Adjoining owner may plug abandoned well.

SECTION 3. Whenever any owner or operator shall neglect or refuse to comply with the provisions of this section one of this act, the owner of, or operator upon any land adjoining that upon which such abandoned well may be, may enter, take possession of said abandoned well and plug the same as provided by this act, at the expense of the owner or operator whose duty it may be to plug the same.

SECTION 4. All acts or parts of acts inconsistent herewith are hereby repealed.

APPROVED—The 10th day of June, A. D. 1881.

HENRY M. HOYT.

---

No. 124.

AN ACT

To prohibit the sale to any person under sixteen years of age of deadly weapons, gunpowder and explosive substances, in the commonwealth of Pennsylvania.

Sale of deadly weapons and explosives to minors prohibited.

SECTION 1. *Be it enacted, &c.*, That any person, who shall knowingly and willfully sell or cause to be sold, to any person under sixteen years of age, any cannon, revolver, pistol or other such deadly weapon, or who shall knowingly and willfully sell or cause to be sold to any such minor, any imitation or toy cannon, revolver or pistol so made, constructed or arranged as to be capable of being loaded with gunpowder or other explosive substance, cartridges, shot, slugs or balls, and being exploded, fired off and discharged, and thereby become a dangerous or deadly weapon, or who shall knowingly and willfully sell or cause to be sold to any such minor any cartridge, gunpowder or other dangerous and explosive substance, shall, in every such case, be guilty of a misdemeanor,

Punishment.

and upon conviction thereof shall be sentenced to pay a fine not exceeding three hundred dollars.

APPROVED—The 10th day of June, A. D. 1881.
HENRY M. HOYT.

---

## No. 125.

## AN ACT

Providing for taxing owners and harborers of dogs in cities of the commonwealth, and for the destroying of dogs.

Cities may tax owners of dogs, &c.

SECTION 1. *Be it enacted, &c.*, That every city of the commonwealth shall have power to pass ordinances taxing the owners and harborers of dogs and providing for the destroying of all dogs found at large, contrary to any ordinance.

Repeal.

SECTION 2. All acts or parts of acts inconsistent with this act be and the same are hereby repealed.

APPROVED—The 10th day of June, A. D. 1881.
HENRY M. HOYT.

---

## No. 126.

## A FURTHER SUPPLEMENT

To an act approved April twenty-ninth, Anno Domini one thousand eight hundred and seventy-four, entitled "An act to provide for the incorporation and regulation of certain corporations."

Courts may hear and determine complaints of impurity, &c., of gas and water.

SECTION 1. *Be it enacted, &c.*, That the provisions of the third clause of section thirty-four of the act, approved April twenty-ninth, Anno Domini one thousand eight hundred and seventy-four, entitled "An act to provide for the incorporation and regulation of certain corporations," which reads as follows: *Provided*, That the said corporations shall at all times furnish pure gas and water, and any citizen using the same may make complaint of impurity or deficiency in quantity, or both, to the court of common pleas of the proper county, by bill filed, and after hearing the parties touching the same, the said court shall have power to make such order in the premises as may seem just and equitable, and may dismiss the complaints or compel the corporation to correct the evil complained of," be and the same is hereby extended and made applicable to all gas and water companies incorporated under any of the laws of this commonwealth.

Practice in such cases.

SECTION 2. That all proceedings authorized by said proviso shall be in accordance with the rules of equity practice now existing: *Provided*, That all lawful fees and costs accruing in such proceeding shall be taxed and allowed as provided by the equity fee bill in the respective court and paid by the unsuccessful party.

Costs.

# EXHIBIT 22

Illinois. Laws, Statutes, etc. Revised statutes

THE

# REVISED STATUTES

OF THE

# STATE OF ILLINOIS.

## 1882.

COMPRISING THE "REVISED STATUTES OF 1874," AND ALL AMENDMENTS THERETO, TOGETHER WITH THE GENERAL ACTS OF 1875, 1877, 1879, 1881 AND 1882, BEING ALL THE GENERAL STATUTES OF THE STATE, IN FORCE ON THE FIRST DAY OF DECEMBER, 1882.

COMPILED AND EDITED BY

HARVEY B. HURD,

*Late Commissioner of Revision and Official Editor of the Revisions of 1874, and Editor of the Revisions of 1877, 1880 and 1881.*

CHICAGO:
CHICAGO LEGAL NEWS COMPANY.
1882.

Digitized by Google

**53b.** UNLAWFUL TO EXHIBIT.] § 2. It shall also be unlawful for any person to take, receive, hire, employ, use, exhibit, or have in custody any child under the age and for the purposes prohibited in the first section of this act. (1)

**53c.** ORDER AS TO CUSTODY.] § 3. When upon examination before any court or magistrate it shall appear that any child within the age previously mentioned in this act was engaged or used for or in any business, or exhibition, or vocation, or purpose prohibited in this act; and when upon the conviction of any person of a criminal assault upon a child in his or her custody, the court or magistrate before whom such conviction is had, shall deem it desirable for the welfare of such child, that the person so convicted should be deprived of its custody; thereafter such child shall be deemed to be in the custody of court, and such court or magistrate may in its discretion, make such order as to the custody thereof as now is, or hereafter may be, provided by law in cases of vagrant, truant, disorderly, pauper, or destitute children. (1)

**53d.** ENDANGERING LIFE OR HEALTH.] § 4. It shall be unlawful for any person having the care or custody of any child, willfully to cause or permit the life of such child to be endangered, or the health of such child to be injured, or willfully cause or permit such child to be placed in such a situation that its life or health may be endangered. (1)

**53e.** PENALTY.] § 5. Any person convicted under the provisions of the preceding sections, shall for the first offense be fined not exceeding one hundred dollars ($100) or imprisoned in the county jail not exceeding three months, or both, in the discretion of the court; and upon conviction for a second or any subsequent offense shall be fined in any sum not exceeding five hundred dollars ($500), or imprisonment in the penitentiary for a term not exceeding two years, or both, in the discretion of the court. (1)

GAMING.

**53f.** PLAYING CARDS, ETC., IN SALOONS, BY MINORS.] § 1. *Be it enacted by the People of the State of Illinois represented in the General Assembly,* That all saloons or places where intoxicating liquors are sold, in which minors are permitted to play with cards, dice, balls, or any other article or device used in gaming, are hereby declared to be disorderly houses. Every proprietor or keeper of such saloons or places where such gaming or playing shall take place, shall for the first offense be subjected to a fine of not exceeding fifty dollars, and for any subsequent offense, to a fine not exceeding one hundred dollars, or to imprisonment not exceeding thirty days for the first offense, and sixty days for any subsequent offense. (2)

CURRENCY UNAUTHORIZED.

**54.** ISSUING OR UTTERING.] § 54. Whoever issues or passes any note, bill, [*360 order or check, other than foreign bills of exchange, the notes or bills of the United States, or of some bank incorporated by the laws of this state, or of the United States, or of some one of the United States, or by the laws of either of the British provinces of North America, with intent that the same shall be circulated as currency, shall be fined not less than 100 nor more than $1,000 for each offense, and shall not be permitted to collect any demand arising therefrom. [R. S. 1845, p. 175, § 136; L. 1867, p. 49, § 1.

## DEADLY WEAPONS.

**54a.** HAVING IN POSSESSION OR SELLING.] § 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That whoever shall have in his possession, or sell, give or loan, hire or barter, or whoever shall offer to sell, give, loan, hire or barter, to any person within this state, any slung-shot or metallic knuckles, or other deadly weapon of like character, or any person in whose possession such weapons shall be found, shall be guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than ten dollars ($10), nor more than two hundred dollars ($200). (3)

**54b.** SELLING OR GIVING TO MINOR.] § 2. Whoever, not being the father, guardian or employer of the minor herein named, by himself or agent, shall sell, give, loan, hire or barter, or shall offer to sell, give, loan, hire or barter to any minor within this state, any pistol, revolver, derringer, bowie knife, dirk or other deadly weapon of like charac-

(1) AN ACT to prevent and punish wrongs to children. [Approved May 17, 1877. In force July 1, 1877. Laws 1877, p. 90; Legal News Ed., p. 93.]

(2) AN ACT to prevent the playing of cards, dice, balls, or other article or device used in gaming, by minors in saloons or places where intoxicating liquors are sold [Approved and in force May 29, 1879. L. 1879, p. 115; Legal News Ed., p. 94.]

Digitized by Google

ter, capable of being secreted upon the person, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25), nor more than two hundred dollars ($200). (3)

**54c.** REGISTER TO BE KEPT—WHAT IT SHALL CONTAIN.] § 3. All persons dealing in deadly weapons, hereinbefore mentioned, at retail within this state, shall keep a register of all such weapons sold or given away by them. Such register shall contain the date of the sale or gift, the name and age of the person to whom the weapon is sold or given, the price of the said weapon, and the purpose for which it is purchased or obtained. The said register shall be in the following form:

| No. of weapon. | To whom sold or given. | Age of purchaser. | Kind and description of weapon. | For what purpose purchased or obtained. | Price of weapon. |
|---|---|---|---|---|---|

Said register, shall be kept open for the inspection of the public, and all persons who may wish to examine the same, may do so at all reasonable times during business hours. A failure to keep such register, or to allow an examination of the same, or to record therein any sale or gift of a deadly weapon, or the keeping of a false register, shall be a misdemeanor, and shall subject the offender to a fine of not less than twenty-five dollars ($25), nor more than two hundred dollars ($200). (3)

**54d.** CARRYING CONCEALED WEAPONS.] § 4. Whoever shall carry a concealed weapon upon or about his person, of the character in this act specified, or razor as a weapon, or whoever, in a threatening or boisterous manner, shall display or flourish any deadly weapon, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25), nor more than two hundred dollars ($200). (3)

**54e.** FINES HOW RECOVERED—WHERE PAID—SECOND VIOLATION.] § 5. All fines and penalties specified in this act, may be recovered by information, complaint or indictment, or other appropriate remedy, in any court of competent jurisdiction; and when recovered, shall be paid into the county treasury of the county where the conviction is had, and become a part of the current revenue of the county; or, the said fines and penalties may be recovered by *qui tam* action, one-half to be paid to the informer, and the other half to be paid into the county treasury as aforesaid. For a second violation of any of the provisions of this act, the offender shall be fined in double the amount herein specified; or, may be committed to the county jail for any term not exceeding twenty days, in the discretion of the court. (3)

**54f.** ACT NOT TO APPLY TO CERTAIN OFFICERS.] § 6. Section four (4) of this act shall not apply to sheriffs, coroners, constables, policemen, or other peace officers, while engaged in the discharge of their official duties, or to any person summoned by any of such officers to assist in making arrest, or preserving the peace, while such person so summoned is engaged in assisting such officer. (3)

**54g.** REPEAL.] § 7. All acts and parts of acts in conflict with this act, are hereby repealed. (3)

DISORDERLY CONDUCT.

**55.** PUNISHMENT.] § 55. Whoever shall be guilty of open lewdness, disorderly conduct, or other notorious act of public indecency, tending to debauch the public morals, shall be fined not exceeding $200. [R. S. 1845, p. 174, § 127.

**56.** DISTURBING THE PEACE.] § 56. Whoever willfully disturbs the peace and quiet of any neighborhood or family, by loud or unusual noises, or by tumultuous or offensive carriage, threatening, traducing, quarreling, challenging to fight or fighting, or whoever shall carry concealed weapons, or in a threatening manner display any pistol, knife, slung-shot, brass, steel or iron knuckles, or other deadly weapon, shall be fined not exceeding one hundred dollars. [As amended by act approved May 24, 1879. In force July 1, 1879. L. 1879, p. 114; Legal News Ed., p. 91.

**57.** DISORDERLY HOUSE—ILL-FAME.] § 57. Whoever keeps or maintains a house of ill fame or place for the practice of prostitution or lewdness, or whoever patronizes the same, or lets any house, room or other premises for any such purpose, or shall

(3) AN ACT to regulate the traffic in deadly weapons, and to prevent the sale of them to minors. [Approved April 16, 1881. In force July 1, 1881. Laws 1881, p. 73; Legal News Ed., p. 57.]

Digitized by Google

# EXHIBIT 23

## Chapter 424.

AN ACT to prohibit the sale of "Deadly Weapons to Minors."

SECTION 1. *Be it enacted by the General Assembly of Maryland*, That it shall be unlawful for any person or persons within the State of Maryland to manufacture or to sell, barter or give away the cartridge toy pistol to any one whomsoever.

Cartridge toy pistol.

SEC. 2. *Be it enacted*, That it shall be unlawful for any person, be he or she licensed dealer or not, to sell, barter or give away any firearm whatsoever or other deadly weapons, except shot gun, fowling pieces and rifles, to any person who is a minor under the age of twenty-one years. Any person or persons violating any of the provisions of this act shall, on conviction thereof, pay a fine of not less than fifty nor more than two hundred dollars, together with the cost of prosecution, and upon failure to pay said fine and cost, be committed to jail and confined therein until such fine and costs are paid, or for the period of sixty days, whichever shall first occur.

Prohibiting selling to minors.

SEC. 3. *And be it enacted*, That this act shall take effect from the date of its passage.

Effective.

Approved May 3, 1882.

---

## Chapter 425.

AN ACT to authorize the Commissioners of Talbot county to open water courses through private property in said county to secure the proper drainage of the public roads therein.

SECTION 1. *Be it enacted by the General Assembly of Maryland*, That whenever any supervisor or contractor of the public roads in Talbot county shall find it necessary to open a water course through private property in said county, to secure the proper drainage of any public road therein, he shall forthwith so inform the County Commissioners of Talbot county, and if the owner or owners of said

Open water course.

# EXHIBIT 24



# Report of Commissioners on Revision of Ordinances Page 141, Image 146 (1882) available at The Making of Modern Law: Primary Sources.

*YEAR:* 1882

*CATEGORY:* **Possession by, Use of, and Sales to Minors and Others Deemed Irresponsible**

*JURISDICTION:* **State**

Of Explosive Compounds. Penalty for selling guns, pistols, cartridges, etc., to children. § 1. Whoever sells to a child under the age of sixteen years, without the written consent of its parent or guardian, any cartridge or fixed ammunition of which any fulminate is a component part, or a gun, pistol, or other mechanical contrivance arranged for the explosion of such cartridge or of any fulminate, shall

be liable to a penalty of not less than five nor more than fifty dollars.

# EXHIBIT 25

Case 3:19-cv-01226-L-AHG Document 133-1 Filed 03/15/24 PageID.11594 Page 76 of 280

of his duty as such, or by any means obstruct or impede, or attempt to obstruct or impede the administration of justice in any court, he shall be guilty of a misdemeanor, and unless otherwise provided by law he shall be fined not less than twenty-five nor more than two hundred dollars, and be imprisoned in the county jail not exceeding six months.

Punishment prescribed.

[Approved March 29, 1882.]

[NOTE BY THE CLERK OF THE HOUSE OF DELEGATES.]

The foregoing act takes effect at the expiration of ninety days after its passage.

---

## CHAPTER CXXXV.

AN ACT amending and re-enacting section seven of chapter one hundred and forty-eight of the code of West Virginia, and adding additional sections thereto for the punishment of unlawful combinations and conspiracies to injure persons or property.

[Passed March 24, 1882.]

Be it enacted by the Legislature of West Virginia:

1. That section seven of chapter one hundred and forty-eight of the code of West Virginia be, and the same is hereby, amended and re-enacted so as to read as follows:

Code amended; section 7 of chapter 148 of.

7. If a person carry about his person any revolver or other pistol, dirk, bowie knife, razor, slung shot, billy, metalic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor, and fined not less than twenty-five nor more than two hundred dollars, and may, at the discretion of the court, be confined in jail not less than one, nor more than twelve months; and if any person shall sell or furnish any such weapon as is hereinbefore mentioned to a person whom he knows, or has reason, from his appearance or otherwise, to believe to be under the age of twenty-one years, he shall be punished as hereinbefore provided; but nothing herein contained shall be so construed as to prevent any person from keeping or carrying about his dwelling house or premises any such revolver or other pistol, or from carrying the same from the place of purchase to his dwelling house, or from his dwelling house to any place where repairing is done, to have it repaired, and back again. And if upon the trial of an indictment for carrying any such pistol, dirk, razor or bowie knife, the

Deadly weapons; penalty for carrying.

Selling certain weapons to minors; penalty.

Acts of persons to which sections do not apply.

Upon trial of indictment for carrying deadly

Digitized from Best Copy Available

cealed weapons, when jury to find accused not guilty.

defendant shall prove to the satisfaction of the jury that he is a quiet and peaceable citizen, of good character and standing in the community in which he lives, and at the time he was found with such pistol, dirk, razor or bowie knife, as charged in the indictment, he had good cause to believe and did believe that he was in danger of death or great bodily harm at the hands of another person, and that he was, in good faith, carrying such weapon for self defense and for no other purpose, the jury shall find him not guilty. But nothing in this section contained shall be so construed as to prevent any officer charged with the execution of the laws of the state from carrying a revolver or other pistol, dirk or bowie knife.

Provisions of section not to apply to officers of the law.

2. That the said chapter be and the same is hereby amended by adding thereto the following additional sections, as parts thereof, to-wit:

Additional sections added.

9. If two or more persons under the name of "Red Men," "Regulators," "Vigilance Committee," or any other name or without a name, combine or conspire together for the purpose of inflicting any punishment, or bodily injury upon any other person, or persons, or for the purpose of destroying, injuring, or taking and carrying away any property, real or personal, not their own, every such person, whether he has done any act in pursuance of such combination or conspiracy or not, shall be guilty of a misdemeanor and fined not less than fifty, nor more than five hundred dollars, and may, at the discretion of the court, be confined in jail not less than one, nor more than twelve months.

Combinations or conspiracies to injure, etc., persons and property, deemed a misdemeanor.

Penalty.

10. If any person, in pursuance of such combination or conspiracy as is mentioned in the next preceding section, shall inflict any punishment or bodily injury upon another person, or shall destroy, injure, or take and carry away, any property, real or personal, not his own, he shall be guilty of a felony, and confined in the penitentiary not less than two nor more than ten years. And if, on the trial of an indictment under this section it be proved that two or more persons, the defendant being one, were present, aiding and abetting in the commission of the offense charged therein, it shall be presumed that such offense was committed in pursuance of such combination or conspiracy, in the absence of satisfactory proof to the contrary. And all persons who shall be present, aiding and abetting, at the commission of any offense mentioned in this section shall be deemed conspirators within the meaning of this, and the next preceding section.

Injury, etc., inflicted by such combination, etc., upon any person or property, deemed a felony. Punishment. When such combination or conspiracy to be presumed.

Aiders and abettors deemed conspirators.

11. No person called as a witness for the state on the trial of any person for an offense mentioned in either of the two next preceding sections, shall be excused from answering any question which may be asked him as such

No witness excused from answering, because such answers would,

Digitized from Best Copy Available

# EXHIBIT 26

SEC. 9. A copy of the articles of association, certified by the Secretary of the Territory of Arizona, of the Arizona Narrow Gauge Railroad Company, and endorsed as filed by said Secretary on the 23d day of November, A. D. 1882, shall be sufficient proof to the Board of Supervisors of Pima County or officers herein named of the identification of said Arizona Narrow Gauge Railroad Company herein mentioned. The route of said road shall in all respects, so far as practicable, conform substantially to the route set forth in the articles of incorporation of said company now on file in the office of the Secretary of this Territory.

SEC. 10. This Act shall take effect and be in force from and after its passage.

Approved February 21st, 1883.

---

No. 36. AN ACT

Supplemental to and amendatory of an Act entitled "An Act to prevent the improper use of deadly weapons, and the indiscriminate use of firearms in the towns and villages of the Territory."

*Be it enacted by the Legislative Assembly of the Territory of Arizona:*

SECTION 1. Any person in this Territory having, carrying or procuring from another person, any dirk, bowie-knife, pistol, gun, or other deadly weapon, who shall in the presence of two or more persons draw or exhibit any of said deadly weapons in a rude, angry or threatening manner, not in necessary self-defense, or who shall unlawfully use the same in any fight or quarrel, or who shall handle the same in a careless manner, thereby endangering the life or person of another, shall, upon conviction thereof in any Court of competent jurisdiction, be fined in any sum not exceeding three hundred dollars, or shall be imprisoned in the County Jail not more than six months, or shall be punished by both such fine and imprisonment, in the discretion of the Court trying the cause.

SEC. 2. Any person who shall purposely or carelessly discharge any gun, pistol, or other firearm in any saloon,

dance-house, store, or other public house or business house in this Territory, thereby endangering the life or person of another, or thereby disturbing any of the inmates thereof, or who shall thereby injure, destroy or damage any property therein, or who shall discharge the same in any city, village or town of this Territory, except in necessary self-defense, shall, upon conviction thereof in any Court of competent jurisdiction, be fined in any sum not exceeding three hundred dollars, or be imprisoned in the County Jail for a period not exceeding six months, or shall be punished by both such fine and imprisonment, in the discretion of the Court trying the cause.

SEC. 3. Any person in this Territory over the age of ten and under the age of seventeen years, having or carrying, concealed or unconcealed, any dirk, dirk-knife, bowie-knife, slung-shot, brass-knuckles, or pistol within any city, village or town in this Territory shall, upon conviction thereof in any Court of competent jurisdiction, be fined in any sum not more than fifty dollars, or be imprisoned in the County Jail not more than one month, or be punished by both such fine and imprisonment, in the discretion of the Court trying the case.

SEC. 4. All Acts and parts of Acts in conflict with this Act are hereby repealed.

SEC. 5. This Act shall take effect and be in force from and after its passage.

Approved February 24th, 1883.

---

No. 37. AN ACT

To incorporate the City of Prescott, to define its limits and rights, to specify its privileges and powers, and provide for an efficient government for the same.

*Be it enacted by the Legislative Assembly of the Territory of Arizona:*

ARTICLE I.—INCORPORATION AND CITY BOUNDARIES.

SECTION 1. The village of Prescott, in the Territory of Arizona, is hereby constituted and formed into a body politic and corporate, with the name and style of "The City of Prescott."

# EXHIBIT 27

within thirty days after the said misdemeanor is alleged to have been committed.

SEC. 3. This act shall take effect and be in force from and after its publication in the official state paper.

Approved March 5, 1883.

I hereby certify that the foregoing is a true and correct copy of the original enrolled bill now on file in my office, and that the same was published in the official state paper, March 6, 1883. JAMES SMITH, *Secretary of State.*

## CHAPTER CV.

### CRIMES AND PUNISHMENTS—RELATING TO MINORS AND DEADLY WEAPONS OR TOY PISTOLS.

[House Bill No. 99.]

AN ACT to prevent selling, trading or giving deadly weapons or toy pistols to minors, and to provide punishment therefor.

***Be it enacted by the Legislature of the State of Kansas:***

SECTION 1. Any person who shall sell, trade, give, loan or otherwise furnish any pistol, revolver or toy pistol, by which cartridges or caps may be exploded, or any dirk, bowie-knife, brass knuckles, slung shot, or other dangerous weapons to any minor, or to any person of notoriously unsound mind, shall be deemed guilty of a misdemeanor, and shall, upon conviction before any court of competent jurisdiction, be fined not less than five nor more than one hundred dollars.

SEC. 2. Any minor who shall have in his possession any pistol, revolver or toy pistol, by which cartridges may be exploded, or any dirk, bowie-knife, brass knuckles, slung shot or other dangerous weapon, shall be deemed guilty of a misdemeanor, and upon conviction before any court of competent jurisdiction shall be fined not less than one nor more than ten dollars.

SEC. 3. This act to take effect and be in force from and after its publication in the official state paper.

Approved March 5, 1883.

# EXHIBIT 28

Case 3:19-cv-01226-L-AHG Document 133-1 Filed 03/15/24 PageID.11602 Page 84 of 280

three, of the compiled laws of eighteen hundred and seventy-one, as amended by act number two hundred and two, of the laws of eighteen hundred and eighty-one.

Approved June 1, 1883.

---

[ No. 138. ]

AN ACT to prevent the sale and use of toy pistols.

Sale, etc., of cartridges, pistols, etc., forbidden.

SECTION 1. *The People of the State of Michigan enact*, That no person shall sell, give, or furnish to any child under the age of thirteen years, any cartridge of any form or material, or any pistol, gun, or other mechanical contrivance, specially arranged or designated for the explosion of the same.

Penalty for.

SEC. 2. Any person, violating any of the provisions of the foregoing section, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not less than ten dollars, nor more than fifty dollars, and costs of prosecution, or imprisoment in the county jail not less than ten days nor more than ninety days, or both such fine and imprisonment, in the discretion of the court.

Certain persons not to have same in their possession.

SEC. 3. It shall be unlawful for any person under the age of thirteen years, to have in possession, or use any of the articles named in section one of this act.

Approved June 2, 1883.

---

[ No. 139. ]

AN ACT to amend section five of chapter one hundred and sixty-five, of the revised statutes of eighteen hundred and forty-six, as amended by act number seventy-two, of the session laws of eighteen hundred and sixty-one, being compiler's section seven thousand nine hundred and fifty-one, of the compiled laws of eighteen hundred and seventy-one, relative to peremptory challenges of jurors in criminal cases.

Section amended.

SECTION 1. *The People of the State of Michigan enact*, That section five of chapter one hundred and sixty-five, of the revised statutes of one thousand eight hundred and forty-six, as amended by act number seventy-two, of the session laws of one thousand eight hundred and sixty-one, being compiler's section seven thousand nine hundred and fifty-one, of the compiled laws of one thousand eight hundred and seventy-one, be and the same is hereby amended so as to read as follows:

Peremptory challenges.

SEC. 5. Any person who is put on trial for an offense, for which such person may be punished with death, or imprisonment for life, shall be allowed to challenge peremptorily thirty of the persons returned as jurors, and no more; and the prosecuting officers on

Generated on 2024-02-16 23:09 GMT / https://hdl.handle.net/2027/uc1.a0001867969
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from UNIVERSITY OF CALIFORNIA

# EXHIBIT 29

# LAWS OF MISSOURI,

PASSED AT THE SESSION OF THE

## THIRTY-SECOND GENERAL ASSEMBLY,

BEGUN AND HELD AT THE CITY OF JEFFERSON,

## WEDNESDAY, JANUARY 3, 1883.

(REGULAR SESSION.)

*BY AUTHORITY.*



JEFFERSON CITY:
STATE JOURNAL COMPANY, STATE PRINTERS.
1883.

Case 3:19-cv-01226-L-AHG Document 133-1 Filed 03/15/24 PageID.11605 Page 87 of 280

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

SECTION 1. Any person or persons doing a commission business in this state who shall receive cattle, hogs, sheep, grain, cotton or other commodities consigned or shipped to him or them for sale on commission, and who shall wilfully make a false return to his or their consignor or shipper, in an account of sale or sales of any such cattle, hogs, sheep, grain, cotton or other commodities made and rendered by such person or persons for and to such consignor or shipper, either as to weights or prices, shall be guilty of a misdemeanor and shall, on conviction, be punished by imprisonment in the county jail not exceeding one year, or by a fine not exceeding five hundred dollars nor less than two hundred dollars, or by fine not less than one hundred dollars and imprisonment in the county jail not less than three months.

Approved April 2, 1883.

---

## CRIMES AND CRIMINAL PROCEDURE: CONCEALED WEAPONS.

AN ACT to amend section 1274, article 2, chapter 24 of the Revised Statutes of Missouri, entitled "Of Crimes and Criminal Procedure."

SECTION 1. Carrying concealed weapon, etc., penalty for increased.

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

SECTION 1. That section 1274 of the Revised Statutes of Missouri be and the same is hereby amended by inserting the word "twenty" before the word "five" in the sixteenth line of said section, and by striking out the word "one" in the same line and inserting in lieu thereof the word "two," and by striking out the word "three" in the seventeenth line of said section and inserting in lieu thereof the word "six," so that said section, as amended, shall read as follows: Section 1274. If any person shall carry concealed, upon or about his person, any deadly or dangerous weapon, or shall go into any church or place where people have assembled for religious worship, or into any school room or place where people are assembled for educational, literary or social purposes, or to any election precinct on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose other than for militia drill or meetings called under the militia law of this state, having upon or about his person any kind of fire arms, bowie knife, dirk, dagger, slung-shot or other deadly weapon, or shall in the presence of one or more persons exhibit any such weapon in a rude, angry or threatening manner, or shall have or carry any such weapon upon or about his person when intoxicated or under the influence of intoxicating drinks, or shall directly or indirectly sell or deliver, loan or barter to any minor any such weapon, without the consent of the parent or guardian of such minor, he shall, upon conviction, be punished by a fine of not less than twenty-five nor more than two hundred dollars, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment.

Approved March 5, 1883.

SEC. 1271. *Abandonment of children.*—If any father or mother of any child under the age of six years, or any other person to whom such child shall have been confided, shall expose such child in a street, field or other place, with intent wholly to abandon it, he or she shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months. (G. S. 781, § 39.)

SEC. 1272. *Mistreatment of apprentices.*—If any master or mistress of an apprentice or other person having the legal care and control of any infant, shall, without lawful excuse, refuse or neglect to provide for such apprentice or infant, necessary food, clothing or lodging, or shall unlawfully and purposely assault such apprentice or infant, whereby his life shall be endangered, or his health shall have been or shall be likely to be permanently injured, the person so offending shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding three years, or by imprisonment in the county jail not exceeding one year, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment. (New section.)

SEC. 1273. *Abandonment of wife or child.*—If any man shall, without good cause, abandon or desert his wife, or abandon his child or children under the age of twelve years born in lawful wedlock, and shall fail, neglect or refuse to maintain and provide for such wife, child or children, he shall, upon conviction, be punished by imprisonment in the county jail not more than one year, or by a fine of not less than fifty, nor more than one thousand dollars, or by both such fine and imprisonment. No other evidence shall be required to prove that such husband was married to such wife, or is the father of such child or children, than would be necessary to prove such fact or facts in a civil action. (Laws 1867, p. 112, amended—*m.*)

SEC. 1274. *Carrying deadly weapons, etc.*—If any person shall carry concealed, upon or about his person, any deadly or dangerous weapon, or shall go into any church or place where people have assembled for religious worship, or into any school room or place where people are assembled for educational, literary or social purposes, or to any election precinct, on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose, other than for militia drill or meetings called under the militia law of this state, having upon or about his person any kind of firearms, bowie-knife, dirk, dagger, slung-shot, or other deadly weapon, or shall, in the presence of one or more persons, exhibit any such weapon in a rude, angry or threatening manner, or shall have or carry any such weapon upon or about his person when intoxicated or under the influence of intoxicating drinks, or shall, directly or indirectly, sell or deliver, loan or barter to any minor, any such weapon, without the consent of the parent or guardian of such minor, he shall, upon conviction, be punished by a fine of not less than five nor more than one hundred dollars, or by imprisonment in the county jail not exceeding three months, or by both such fine and imprisonment. (Laws 1874, p. 43; laws 1875, p. 50, and laws 1877, p. 240, amended.)

SEC. 1275. *Above section not to apply to certain officers.*—The next preceding section shall not apply to police officers, nor to any officer or person whose duty it is to execute process or warrants, or to suppress breaches of the peace, or make arrests, nor to persons moving or traveling peaceably through this state, and it shall a good defense to the charge of carrying such weapon, if the defendant shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defense of his person, home or property. (New section.)

SEC. 1276. *Fire arms not to be discharged near court house.*—Hereafter it shall be unlawful for any person in this state, except he be a sheriff or other officer in the discharge of official duty, to discharge or fire off any

(*m*) Wife held to be a competent witness to prove fact of abandonment. 43 Mo. 429. The fact that the defendant has brought suit for divorce is no defense. 52 Mo. 172.

Generated on 2024-03-13 22:37 GMT / https://hdl.handle.net/2027/nyp.33433009055322
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google Original from NEW YORK PUBLIC LIBRARY

# EXHIBIT 30

or behavior, a common railer or brawler, a person who so neglects his employment or misspends his earnings as not to provide properly for the support of himself and family, shall be imprisoned not exceeding six months.

Bowling-alleys, when nuisances. 1845, 245: 1, 2. C. S. 125: 10, 11. G. S. 234: 11. G. L. 272: 12. xxx, 279.

SECT. 22. Any bowling-alley situate within twenty-five rods of a dwelling-house, store, shop, schoolhouse, or place of public worship, shall be deemed to be a public nuisance, if it is situate in any town which has at a legal meeting adopted this provision.

Selectmen to provide lockups, on petition. 1874, 53: 1. G. L. 269: 25. 1883, 60: 1.

SECT. 23. The selectmen of any town, upon petition of thirty or more legal voters of the town, shall provide a suitable lockup for the temporary detention of offenders.

---

# CHAPTER 265.

## OFFENSES AGAINST MINORS.

CRUELTY, ETC.

SECTION
1. Cruelty to child under fourteen years of age, how punished.
2. Proprietors of drinking-saloons, etc., not to admit minors.
3. Children under fourteen not to be employed in public exhibitions; exception.
4. Sale of toy pistols prohibited.
5. Sale of cigarettes prohibited.

OBSCENE LITERATURE.

SECTION
6. Selling obscene and impure literature prohibited.
7. Employing minor for such purpose prohibited.
8. Permitting minor to be so employed prohibited.
9. Penalty.

### CRUELTY, ETC.

Cruelty to child under fourteen years of age. 1881, 8: 1. 1883, 58: 1.

SECTION 1. If any parent or other person having custody of a minor child under the age of fourteen years shall cruelly abandon, or shall treat with gross and habitual cruelty, or shall neglect in such manner as to amount to cruelty, such child, he shall be imprisoned not exceeding one year, or be fined not exceeding one hundred dollars, or both.

Proprietors of drinking-saloons prohibited from admitting minors. 1877, 53: 1. G. L. 269: 23.

SECT. 2. No minor under the age of sixteen years shall be admitted at any time to, or permitted to remain in, a saloon or place of entertainment where spirituous or intoxicating liquors are sold, exchanged, or given away, or at places of amusement known as dance-houses and concert-saloons, unless accompanied by parent or guardian. If a proprietor, keeper, or manager of any such place shall violate any provision of this section, he shall be fined not exceeding twenty dollars.

Children under fourteen not to be employed in public exhibitions. 1877, 53: 2. G. L. 269: 24.

SECT. 3. If any person shall employ or exhibit a child under the age of fourteen years in dancing, playing on musical instruments, singing, walking on a wire or rope, or riding or performing as a gymnast, contortionist, or acrobat in any circus or theatrical exhibition, or in any public place whatsoever, or shall cause, procure, or encourage any such child to engage therein, or if any person having the custody or control of any such child

Digitized by Google Original from HARVARD UNIVERSITY

shall permit him to be so employed, such person shall be fined not exceeding one hundred dollars; but nothing in this section shall be construed to prevent the education of children in vocal and instrumental music, or their employment as musicians in any church, chapel, or school, or school exhibition, or to prevent their taking part in any concert or musical exhibition.

SECT. 4. If any person shall have in his possession a toy pistol, toy revolver, or other toy firearms, for the explosion of percussion caps or blank cartridges, with intent to sell the same, or shall sell, or offer to sell or to give away the same, he shall be fined not more than fifty dollars; and he shall be liable for all damages resulting from the use of the toy pistol, revolver, or other firearms by him sold or given away, to be recovered in an action on the case.

Sale of toy pistols, prohibited. 1883, 10: 1.

SECT. 5. If any person shall sell cigarettes or tobacco in any other form to a minor, he shall be fined not more than fifty dollars for each offense.

Sale of cigarettes and tobacco, prohibited. 1885, 60: 1. 1889, 99: 1.

OBSCENE LITERATURE.

SECT. 6. No person shall print or publish, or sell, lend, give, or show to any other person any obscene book, pamphlet, magazine, newspaper, print, or picture, or any printed paper devoted to the publication or illustration of stories or accounts of bloodshed, lust, or crime, or principally made up of police reports and criminal news, and no person shall circulate, display, or post any advertisement of any such literature or pictures, or cause it to be done.

Selling, etc., obscene and impure literature, prohibited. 1885, 10: 1. 1887, 89: 1.

SECT. 7. No person shall in any manner hire, employ, or use any minor to sell, or give away, or in any manner to distribute any such literature, picture, or advertisement.

Employing minor child for that purpose, prohibited. 1885, 10: 2.

SECT. 8. No person having the care or control of a minor child shall permit such child to sell or give away any such reading matter or any such advertisement.

Permitting minor child to be employed for that purpose, prohibited. 1885, 10: 3.

SECT. 9. If any person shall violate any of the provisions of the three preceding sections, he shall be fined not more than one hundred dollars, or be imprisoned not more than six months, or both.

Penalty. 1885, 10: 1, 2, 3. 1887, 89: 1.

Generated on 2024-02-16 23:12 GMT / https://hdl.handle.net/2027/hvd.hl3bme
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google
Original from HARVARD UNIVERSITY

# EXHIBIT 31

sentences to a work-house under the provisions of this act, the person so sentenced may be confined in the jail of the county for such period as may be reasonably necessary for the officer to procure the papers and make arrangements to transport him to such work-house.

SEC. 2. This act shall take effect and be in force from and after its passage.

O. J. HODGE,
*Speaker of the House of Representatives.*
R. A. HORR,
*President pro tem. of the Senate.*

Passed April 19, 1883.

---

[Senate Bill No. 336.]

AN ACT

To prohibit the sale of toy pistols in the state of Ohio.

SECTION 1. *Be it enacted by the General Assembly of the State of Ohio,* That the following section be enacted as supplementary to chapter eight, title one, part four of the revised statutes, with sectional number as herein provided:

**Unlawful to sell toy pistols to minors under fourteen years.**

Section 6986*b*. That it shall be unlawful for any firm, company or person in the state of Ohio, to sell or exhibit for sale any pistol manufactured out of any metallic or hard substance, commonly known as the "toy pistol", to a minor under the age of fourteen years; any firm, company or person violating the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall

**Penalty.**

be fined not less than ten nor more than fifty dollars, or be imprisoned not less than ten days nor more than twenty days, or both, and shall be liable to a civil action in damages to any person injured by such sale.

SEC. 2. This act shall take effect and be in force from and after its passage.

O. J. HODGE,
*Speaker of the House of Representatives.*
R. A. HORR,
*President pro tem. of the Senate.*

Passed April 19, 1883.

---

[Senate Bill No. 320.]

AN ACT

To amend sections 4777, 4808 and 4812 of the revised statutes of Ohio.

SECTION 1. *Be it enacted by the General Assembly of the State of Ohio,* That sections forty-seven hundred and seventy-seven, forty-eight hundred and eight, and forty-eight hun-

Digitized by Google

# EXHIBIT 32



# A Digest

OF THE

# LAWS OF PENNSYLVANIA,

FROM THE YEAR

**ONE THOUSAND SEVEN HUNDRED**

TO THE SIXTH DAY OF JULY,

**ONE THOUSAND EIGHT HUNDRED AND EIGHTY-THREE.**

WITH A CHRONOLOGICAL TABLE OF STATUTES.

5159

ORIGINALLY COMPILED BY

JOHN PURDON, Esq.,

ELEVENTH EDITION,

**Revised, with Notes to the Judicial Decisions,**

BY

FREDERICK C. BRIGHTLY, Esq.,

AUTHOR OF "PENNSYLVANIA DIGEST," "FEDERAL DIGEST," ETC.

VOL. I.

PHILADELPHIA:

KAY AND BROTHER,

LAW BOOKSELLERS, PUBLISHERS AND IMPORTERS.

1885.

Digitized by Google

the name or names of the person or persons manufacturing, rectifying or preparing the same, and also these words, "containing no deleterious drugs or added poison;" and shall also certify the same fact or facts to the purchaser, over his, her or their own proper signature.

14 April 1863.

Manufacturers to brand their names on barrels, &c.

106. If any barrel, cask or other vessel, containing any such drugged or poisoned liquor, shall be found in the possession of any person or persons designated in sections one and two, it shall be deemed *primâ facie* evidence of a violation of the provisions of this act.

Ibid. § 3.

Possession of drugged liquor to be evidence of violation.

107. Any suspected article or specimen of intoxicating, malt or alcoholic liquor, shall be subjected to analysis by some competent person to perform the same, under the direction of the court before which the case is tried; and such analysis, duly certified under oath, shall be deemed legal evidence in any court in this state: *Provided*, That upon any preliminary examination, before any justice of the peace, mayor or other magistrate or competent authority; for the purpose of binding over, such officer may order the inspection aforesaid to be made, and make such order as may be necessary to preserve the evidence of the offence, until the trial of the offender.

Ibid. § 4.

Court may direct analyzation.

108. Any person offending against any of the provisions of this act shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be sentenced to pay a fine, not exceeding five hundred dollars, and to undergo an imprisonment, not exceeding twelve months, or both, or either, in the discretion of the court.(a)

Ibid. § 5.

Punishment of offenders.

109. Any and all persons engaged in the business of brewing or manufacture of ale, beer or other malt liquors, or in the fermentation, distillation or manufacture of any vinous or spirituous liquors, be and they are hereby prohibited making use, in or about such business, or in any such process of brewing, fermentation, distillation or manufacture, of any poisonous or deleterious drugs or chemicals, or any impure or injurious materials, or such as are prejudicial to the public health, or to the health of any person drinking or making use of any such malt, vinous or spirituous liquors.

2 June 1881 § 1. P. L. 43.

Injurious and impure materials in manufacture of liquors.

110. The use of any such poisonous or deleterious drugs or chemicals, or impure or injurious materials, or of those prejudicial to health, as are prohibited by the first section of this act, is hereby declared to be a misdemeanor, and any person convicted of so using the same, shall be punished by a fine of one thousand dollars, and by an imprisonment of not more than one year.

Ibid. § 2.

Punishment.

## (6.) Carrying and sale of explosives.

111. If any person shall enter into or upon any railroad train, locomotive, tender or car thereof, or into or upon any stage-coach, or other conveyance used for the carrying of freight or passengers, having in his custody, or about his person, any nitro-glycerine or torpedo, (or) shall carry or caused to be carried, other than as freight regularly shipped as such, such substance, material or device, upon such train, locomotive, tender, car, coach or other conveyance, such person shall be deemed guilty of a misdemeanor; and upon conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars, and to undergo an imprisonment not exceeding three months, or either, in the discretion of the court.

23 May 1878 § 1 P. L. 102.

Carrying explosive substances in public conveyances.

112. The conductor or persons having charge and control of any railroad train, coach or other conveyance for the carriage of freight or passengers, shall have power to arrest any party or parties, or person or persons, found violating the provisions of the first section hereof, and to detain such party or person until reaching some place, where such person or persons may be delivered to a constable or other police authority, to be taken before any magistrate having jurisdiction of criminal matters, there to be proceeded against by information, as in other criminal cases; and it shall be lawful to prosecute such offenders in any county through which said public conveyance passes, without reference to the place where such offenders were arrested.

Ibid. § 2.

Powers of conductors, &c., to arrest.

Venue.

113. Any person, who shall knowingly and wilfully sell or cause to be sold, to any person under sixteen years of age, any cannon, revolver, pistol or other such deadly weapon, or who shall knowingly and wilfully sell, or cause to be sold, to any such minor, any imitation or toy cannon, revolver or pistol so made, constructed or arranged as to be capable of being loaded with gunpowder or other explosive substance, cartridges, shot, slugs or balls, and being exploded, fired off and discharged, and thereby become a dangerous or deadly weapon, or who shall knowingly and wilfully sell, or cause to be sold, to any such minor, any cartridge, gunpowder or other dangerous and explosive substance, shall, in every such case, be

10 June 1881 § 1. P. L. 111.

Sale of deadly weapons and explosives to minors

(a) See *infra* 110

Digitized by Google

10 June 1881.

guilty of a misdemeanor, and upon conviction thereof shall be sentenced to pay a fine not exceeding three hundred dollars.

### (7.) Importing convicts.

31 March 1860 § 71. P. L. 401

Importing criminals.

114. If any master or commander of any ship, boat or other vessel, arriving from any foreign country, place or port, at any port, harbor or place within this commonwealth, shall knowingly bring with him any person, either as a passenger, working-hand or otherwise, who shall have been convicted of any offence in any foreign country or place, which, if committed within this commonwealth, would have subjected the offender to imprisonment at labor, with intent to land such person or permit him to land, such master or commander shall be guilty of a misdemeanor, and on conviction thereof, be sentenced to pay a fine, not exceeding three hundred dollars, and undergo an imprisonment, not exceeding one year.(a)

### (8.) Telegraphic dispatches.

31 March 1860 § 72. P. L. 402.

Revealing telegraphic dispatches.

115. If any superintendent, operator or other person, who may be engaged in any telegraph line, shall use, or cause to be used, or make known, or cause to be made known, the contents of any dispatch, or any part thereof, sent from or received at any telegraph office in this commonwealth, or in anywise unlawfully expose another's business or secret, or in anywise impair the value of any correspondence so sent or received, such person shall be guilty of a misdemeanor,(b) and on conviction, be sentenced to pay a fine, not exceeding five hundred dollars, and to undergo an imprisonment, not exceeding six months, or both, or either, at the discretion of the court.(c)

### (9.) Public nuisances.

31 March 1860 § 73. P. L. 402.

Public nuisances.

116. Any person who shall erect, set up, establish, maintain, keep up or continue, or cause to be erected, set up, established, maintained, kept up or continued, any public or common nuisance,(d) shall be guilty of a misdemeanor, and on conviction, shall be sentenced to pay a fine, and suffer an imprisonment, or either, or both, according to the discretion of the court under the circumstances of the case; and where the said nuisance shall be in existence at the time of the conviction and sentence, it shall be lawful for the court, in its discretion, to direct either the defendant or the sheriff of the proper county, at the expense of the defendant, to abate the same: *Provided also*, That all obstructions to private roads, laid out according to law, shall be nuisances, which would be nuisances in cases of obstructions to public roads or highways.(e)

2 April 1870 § 1. P. L. 46.

Keeping gaming-tables and selling lottery tickets.

117. The 73d section of the act to which this is a supplement shall be extended to apply to any person who shall be legally indicted, in any court of criminal jurisdiction within this commonwealth, of the crime of keeping or exhibiting any gaming-table, device or apparatus to win or gain money or other property of value, or of engaging in gambling for a livelihood, or of aiding and assisting others to do the same; and also to any person who may be legally indicted in any such court of selling tickets or policies in any unlawful lottery.

19 May 1871 § 1. P. L. 271.

Sales of academic degrees.

118. It shall not be lawful for any university, college or other institution incorporated under the laws of this state, with power to grant academic degrees, honorary or otherwise, to confer the same upon any person or persons upon the payment, or promise of payment, by any person, in consideration thereof; and any person knowingly signing a diploma, or other instrument of writing purporting to confer an academic degree, when such consideration has been paid, or promised to be paid, shall be guilty of a misdemeanor, and on conviction thereof,

(a) This section is a consolidation and amendment of the act of 27 March 1789, 2 Sm. 465; and the first section of the act of 15 April 1851, P. L. 701. Report on the Penal Code 22.

(b) This act only makes the offender liable where he unlawfully exposes the secrets of the telegraph office; when it is done wantonly or voluntarily: it does not apply to cases where such disclosures become material in a court of justice. *Henisler v. Freedman*, 2 Pars. 274.

(c) This section is an amendment of the 8th section of the act of 14 April 1851, P. L. 614. The act of 8 May 1855, in reference to forged messages sent by telegraph, will be found under the head of forgeries. Report on the Penal Code 22. See *infra* 301, as to the punishment for forging telegraphic dispatches.

(d) The obstruction of a highway was indictable at common law. *Kelly v. Commonwealth*, 11 S. & R. 345. Collecting a crowd in the streets, by the delivery of a political speech, is not a nuisance *per se*, though it may become so by the obstruction of the public highway. *Fairbanks v. Kerr*, 70 Penn. St. 86. And see *Commonwealth v. Spratt*, 14 Phila. 365. So, the publication of an advertisement calculated to alarm the public mind unnecessarily, is a public nuisance. *Commonwealth v. Cassidy*, 6 Phila. 82.

(e) This section provides for the punishment of the common-law crime of keeping or continuing a public nuisance. Express power is also given to the courts to direct, upon conviction, the abatement of the nuisance at the expense of the defendant. The proviso to this section embraces the provision of the first section of the act 16 March 1847, P. L. 476; and the first section of the act of 27 February 1849, P. L. 90. Report on the Penal Code 23.

Digitized by Google

# EXHIBIT 33

JANUARY, 1882—MAY, 1885.

# PUBLIC LAWS

OF THE

# STATE OF RHODE ISLAND

AND

# PROVIDENCE PLANTATIONS,

PASSED AT THE SESSIONS OF THE

# GENERAL ASSEMBLY,

FROM JANUARY, 1882, TO MAY, 1885, INCLUSIVE.

OFFICE OF THE SECRETARY OF STATE, OCTOBER, 1885.

PROVIDENCE:
E. L. FREEMAN & CO., PRINTERS TO THE STATE.
1885.

Digitized by Google

make complaints and prosecute for all violations within their respective towns of any of the provisions of chapter 127 of the Public Statutes, and chapter 276 of the Public Laws, and they shall be exempt from giving surety for costs upon all such complaints so made by them.

SEC. 2. This act shall take effect immediately.

## CHAPTER 373.

Passed April 13, 1883.

AN ACT IN AMENDMENT OF AND IN ADDITION TO CHAPTER 313 OF THE PUBLIC LAWS, PASSED APRIL 21, 1882, ENTITLED, "AN ACT IN AMENDMENT OF AND IN ADDITION TO CHAPTER 89 OF THE PUBLIC STATUTES, 'OF BOWLING ALLEYS, BILLIARD TABLES AND SHOOTING GALLERIES.'"

*It is enacted by the General Assembly as follows:*

Penalty for permitting minors to use licensed billiard tables, etc.

SECTION 1. No person licensed by virtue of chapter 313 of the Public Laws, shall permit any table, the use of which has been permitted under license granted to him, to be used by any minor under the age of eighteen years, and in case of such use being permitted, the person holding such license shall thereupon forfeit the same, and shall be liable to the penalty imposed by section 12 of said chapter 313.

SEC. 2. This act shall take effect from and after its passage.

## CHAPTER 374.

Passed April 13, 1883.

AN ACT IN AMENDMENT OF AND IN ADDITION TO CHAPTER 92 OF THE PUBLIC STATUTES, "OF FIRE-ARMS AND FIRE-WORKS."

*It is enacted by the General Assembly as follows:*

Sale of cartridges, etc., to children, when forbidden.

SECTION 1. No person shall sell to any child under the age of fifteen years, without the written consent of a parent or guardian of such child, any cartridge or fixed ammunition of which any fulminate is a component

Digitized by Google

part, or any gun, pistol or other mechanical contrivance arranged for the explosion of such cartridge or of any fulminate.

Penalty.

SEC. 2. Every person violating the provisions of the foregoing section shall be fined not less than ten dollars nor more than twenty dollars for each offence.

---

## CHAPTER 375.

AN ACT IN AMENDMENT OF CHAPTER 258 OF THE PUBLIC STATUTES, "OF THE MILITIA."

Passed April 13, 1883.

*It is enacted by the General Assembly as follows:*

SECTION 1. Section 25 of chapter 258 of the Public Statutes is hereby amended so as to read as follows:

Brigadier-general and staff.

"SEC. 25. For the brigade there shall be a brigadier-general, whose staff shall consist of one assistant adjutant-general with rank of lieutenant-colonel, one medical director with rank of lieutenant colonel, one assistant inspector-general with rank of major, who shall also act as brigade paymaster and as paymaster for unattached companies of the brigade, one quartermaster, one commissary, one judge-advocate, one engineer and two aides-de-camp, each with the rank of captain. There may be attached to the brigade staff a provost marshal with rank of captain, and a signal corps consisting of one officer with the rank of captain who shall be attached to the brigade staff, and five non-commissioned officers and privates. Whenever the commander-in-chief shall deem it advisable he may authorize the mounting of the whole or any portion of the signal corps."

Provost marsha and signal corps.

SEC. 2. Section 112 of said chapter is hereby amended so as to read as follows:

Pay of officers;

"SEC. 112. There shall be paid within thirty days after the service rendered, to each commissioned officer, such sum per day for each day's service performed as is allowed commissioned officers of the same grade in the army of the United States for the like service, and to each other member of the brigade, and of a regiment, battalion or company attached to the brigade, except

of enlisted men.

Digitized by Google

# EXHIBIT 34

THE

# REVISED STATUTES AND CODES

OF THE

# State of Washington.

COMPILED, ANNOTATED AND PUBLISHED WITH CITATIONS ON STATUTORY CONSTRUCTION,

BY

E. D. McLAUGHLIN, C. E. REMSBERG

AND

JOHN D. ATKINSON,

OF THE

Seattle Bar,

AT

SEATTLE, WASHINGTON.

1896.

REVIEW PRINTING COMPANY
114 Marion Street

Digitized by Google

there found, and to arrest all persons there present at any such exhibition, or knowingly persent when preparations are making for such an exhibition. 1893, 42, 5.

6348.—TIME FOR PROCEEDING TO TRIAL. All persons arrested under the provisions of the preceding section [6347] shall be kept in jail or other convenient place not more than twenty-four hours, exclusive of Sundays and legal holidays, at or before the expiration of which time they shall be brought before a trial justice, or a police or municipal court and tried, unless such trial be continued for cause, and if found guilty, punished by a fine not exceeding fifty dollars, or by imprisonment in the county jail not exceeding one month. 1893, 42, 6.

6349.—FORFEITURE OF ANIMALS KEPT FOR FIGHTING. After such seizure of said fowls, birds, dogs or other animals as provided for in section five of this act, [6347] application shall be made to a trial justice or municipal court for an order of forfeiture of the same, and if upon the hearing of the same, such notice having been given of the hearing as the court shall order, it shall be found that such fowls, birds, dogs or other animals, or any of them, at the time of such seizure, were engaged in fighting at an exhibition thereof, or were owned, kept, possessed or trained by any person with intent that they should be so engaged, all such fowls, birds, dogs or other animals shall be adjudged forfeit, and such justice or court shall thereupon issue an order for selling the same at auction to the highest bidder within twenty-four hours, the proceeds to be paid into the common school fund of the county where such seizure is made. Any fowls, birds, dogs or other animals seized as hereinbefore provided which are not adjudged forfeit, shall be delivered to the owner or the person entitled to the possession thereof. The necessary costs in the aforesaid proceedings shall be allowed and paid as costs in criminal prosecutions are paid. 1893, 42, 7.

6350.—WANTON CRUELTY TO BIRDS. Whosoever shall wantonly or cruelly pluck, maim, torture, deprive of necessary food or drink, or wantonly kill any fowl or insectivorous bird, shall be deemed guilty of a midemeanor, and on conviction thereof shall be fined in any sum not exceeding twenty dollars. 1893, 43, 8.

6351.—ARREST FOR CRUELTY WITHOUT WARRANT. Any judge, justice of the peace, police judge, sheriff, constable or police officer may arrest any person found committing any of the cruelties hereinbefore enumerated, without a warrant for such arrest, and any officer or member of any humane society, or society for the prevention of cruelty to animals, may cause the immediate arrest of any person engaged in, or who shall have committed such cruelties, upon making oral complaint to any sheriff, constable or police officer, or such officer or member of such society may himself arrest any person found perpetrating any of the cruelties herein enumerated: Provided, That said person making such oral complaint or making such arrest shall file with a proper officer a written complaint, stating the act or acts complained of, within twenty-four hours, excluding Sundays and legal holidays, after such arrest shall have been made. 1893, 43, 9.

6352.—DISPOSITION OF FINES. All fines herein provided for shall be paid into the common school fund of the county in which such fine shall be imposed. 1893, 43, 10.

6353.—SALE OF TOY PISTOLS TO CHILDREN. It shall be unlawful for any person or persons, to sell or offer for sale, any toy pistols within this state, and every person who shall sell, give, furnish, or cause to be furnished to any person under the age of sixteen years, any pistol, toy pistol or other pocket weapon, in which explosives may be used, shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined in any sum not less than five, nor more than twenty-five dollars. 1883, 67, 1; 2 H. P. C. 168.

6354.—CARRYING CONCEALED WEAPONS. If any person shall carry upon his person any concealed weapon, consisting of either a revolver, pistol, or other firearms, or any knife (other than an ordinary pocket knife) or any dirk or dagger, sling shot or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property of any other person, shall be deemed guilty of a misedemeanor, and, upon conviction thereof, shall be fined not less than twenty dollars, nor more than one hundred dollars, or imprisonment in the county jail not more than thirty days, or by both fine and

Digitized by Google

# EXHIBIT 35

[No. 5, S.] [Published April 7, 1883.]

## CHAPTER 329.

AN ACT to prohibit the use and sale of pistols and revolvers.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

Relating to the sale of pistols.

SECTION 1. It shall be unlawful for any minor, within this state, to go armed with any pistol or revolver, and it shall be the duty of all sheriffs, constables, or other public police officers, to take from any minor, any pistol or revolver, found in his possession.

SECTION 2. It shall be unlawful for any dealer in pistols or revolvers, or any other person, to sell, loan, or give any pistol or revolver to any minor in this state.

SECTION 3. It shall be unlawful for any person in a state of intoxication, to go armed with any pistol or revolver. Any person violating the provisions of this act, shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding one hundred dollars ($100).

SECTION 4. This act shall take effect and be in force from and after its passage and publication.

Approved April 3, 1883.

---

[No. 38, S.] [Published April 13, 1883.]

## CHAPTER 330.

AN ACT to provide for the punishment of attempts to commit felonies or other crimes, and amendatory of section 4385, revised statutes.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

Relating to punishment for attempt to commit felonies and other crimes.

SECTION 1. Section 4385 of the revised statutes, is hereby amended so as to read as follows; Section 4385. Any person who shall assault another with intent to commit any burglary, robbery, rape or mayhem, or who shall advise or attempt to commit any arson, or any other felony, that shall fail in being committed, the punishment for which such assault, advice or attempt is not herein prescribed, shall be punished by imprisonment in the state prison not more than three years nor less than one year, or by fine, not exceeding one

# EXHIBIT 36

## CHAPTER 78.

RELATING TO SALE OF FIRE ARMS TO MINORS.

H. F. 104.

AN ACT to Prohibit the Selling or Giving of Fire Arms to Minors.

*Be it enacted by the General Assembly of the State of Iowa:*

Unlawful to sell or give to minors fire arms or toy pistols.

SECTION 1. That it shall be unlawful for any person to knowingly sell, present or give any pistol, revolver or toy pistol to any minor.

Fine or imprisonment.

SEC. 2. Any violation of this act shall be punishable by a fine of not less than twenty-five nor more than one hundred dollars or by imprisonment in the county jail of not less than ten nor more than thirty days.

Publication.

SEC. 3. This act being deemed of immediate importance shall be in full force and take effect from and after its publication in the Iowa State Leader and Iowa State Register, newspapers published at Des Moines, Iowa.

Approved, March 29, 1884.

I hereby certify that the foregoing act was published in the *Iowa State Leader* April 2, and *Iowa State Register* April 3, 1884.
J. A. T. HULL, *Secretary of State.*

## CHAPTER 79.

CITIES AND TOWNS.

S. F. 380.

AN ACT to Amend Chapter ninety-five (95) of Laws of Sixteenth General Assembly.

*Be it enacted by the General Assembly of the State of Iowa:*

Chap. 95, 16th G. A., amended.

SECTION 1. That chapter ninety-five (95) of the laws of the sixteenth general assembly be amended by striking out the number "4,500" in the fifth line of section one of said chapter and inserting the number "3,500" in lieu thereof.

Loans.

Publication.

SEC. 2. This act being deemed of immediate importance the same shall take effect from and after its publication in the Iowa State Register and Iowa State Leader, newspapers published in Des Moines, Iowa.

Approved, March 29, 1884.

I hereby certify that the foregoing act was published in the *Iowa State Register* April 3, and in the *Iowa State Leader* April 2, 1884.
J. A. T. HULL, *Secretary of State.*

# EXHIBIT 37

to be used as such food, drink, or medicine, is guilty of a misdemeanor.

New.

The slaughtering of a diseased cow to be sold for food is within the statute. (*People* v. *Goodrich,* 19 N. Y., 574; 3 Park., 622.) What are unwholesome meats, etc. (*State* v. *Norton,* 2 Iredell; 40; *Hunter* v. *State,* 1 Head., 160; *State* v. *Smith,* 3 Hawkes, 378.)

On trial of an indictment for selling unwholesome beef, the judge refused to charge that if the jury found the meat was sold merely as an article of merchandise and not for consumption as food, defendant was not guilty. *Held,* not error. (*People* v. *Parker,* 38 N. Y., 85.)

§ 409. (Amended 1884.) **Making, selling, etc., dangerous weapons.** — A person who manufactures, or causes to be manufactured, or sells or keeps for sale, or offers, or gives, or disposes of, any instrument or weapon of the kind usually known as slung-shot, billy, sand club or metal knuckles, or who, in any city in this state, without the written consent of a police magistrate, sells or gives any pistol or other fire-arm to any person under the age of eighteen years, is guilty of a misdemeanor.

Laws 1849, ch. 278, § 1 ; Laws 1866, ch. 716, § 1 ; Code Crim. Proc., § 56.

§ 410. (Amended 1884.) **Carrying, using, etc., certain weapons.**— A person who attempts to use against another, or who, with intent so to use, carries, conceals or possesses any instrument or weapon of the kind commonly known as the slung-shot, billy, sand-club or metal knuckles, or a dagger, dirk or dangerous knife, is guilty of a felony. Any person under the age of eighteen years who shall have, carry or have in his possession in any public street, highway or place in any city of this state, without a written license from a police magistrate of such city, any pistol or other fire-arm of any kind, shall be guilty of a misdemeanor. This section shall not apply to the regular and ordinary transportation of fire-arms as merchandise, or for use without the city limits.

3 R. S., 937, § 38 , Laws 1866, ch. 716, § 1.

What are concealed weapons within the statute. (*State* v. *West,* 6 Jones, 605 ; *Shadle* v. *State,* 34 Texas, 572 ; *Evans* v. *State,* 46 Ala., 88 ; *Owens* v. *State,* 31 id., 387.)

§ 411. **Possession, presumptive evidence.**— The possession, by any person other than a public officer, of any of the weapons specified in the last section, concealed or furtively carried on the person, is presumptive evidence of carrying, or concealing, or possessing, with intent to use the same in violation of that section.

3 R. S., 937, § 38 ; Laws 1866, ch. 716, § 1.

§ 412. Repealed in 1882.

Id.; *State* v. *Huntley,* 3 Iredell, 418.

§ 413. **Negligence in respect to fires.**— A person who negligently sets fire to his own woods, by means whereof the property of another is endangered, or who negligently suffers

Donnan, George R., and New York . Code of Criminal Procedure of the State of New York New York . Penal Code of the State of New York. Annotated Code of Criminal Procedure and Penal Code of the State of New York as Amended 1882-5. 4th ed., John D. Parsons, 1885. The Making of Modern Law: Primary Sources, link.gale.com/apps/doc/DT0106902989/MMLP?u=uiuc_uc&sid=bookmark-MMLP&pg=699. Accessed 29 Mar. 2023.

# EXHIBIT 38

not, such person or persons, owner or owners, shall be subject to such damages as shall be equal to twice the value of the property broken into, eaten up or destroyed.

SEC. 3. All actions for damages arising under the provisions of this Act shall be tried and determined in the court having jurisdiction thereof, as in other cases made and provided.

Damages.

SEC. 4. All Acts and parts of Acts, in conflict with the provisions of this Act, are hereby repealed.

SEC. 5. This Act shall take effect and be in force from and after thirty days after its approval.

---

CHAP. LI.—*An Act to amend an Act entitled "An Act to prohibit the carrying of concealed weapons by minors," approved March 4, 1881.*

[Approved March 2, 1885.]

*The People of the State of Nevada, represented in Senate and Assembly, do enact as follows:*

SECTION 1. Section one of said Act is hereby amended so as to read as follows:

Section one. Every person under the age of twenty-one (21) years who shall wear or carry any dirk, pistol, sword in case, slung shot, or other dangerous or deadly weapon concealed upon his person, shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, be fined not less than twenty nor more than two hundred ($200) dollars, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment.

Minors not to carry concealed weapons.

Penalty.

---

CHAP. LII.—*An Act for the relief of William C. Ross.*

[Approved March 2, 1885.]

*The People of the State of Nevada, represented in Senate and Assembly, do enact as follows:*

SECTION 1. The State Land Register is hereby authorized to enter into contract with William C. Ross, on land applied for by said William C. Ross, February twenty-eighth, eighteen hundred and eighty-one, and described as follows: Lots one, two and three, and the southwest quarter of the northeast quarter of section five, in township number eleven, north of range number twenty-six east.

State Land Register to contract.

# EXHIBIT 39

# GENERAL STATUTES

OF

# NEW JERSEY.

PUBLISHED UNDER THE

AUTHORITY OF THE LEGISLATURE,

By virtue of an act approved April 4, 1894, and a supplement thereto, approved March 20, 1895.

IN THREE VOLUMES.

[With]

Table of Statutes

INCLUDED IN

The General Statutes of New Jersey

1703-1895

Compiled by
EDWARD J. LUCE

## VOLUME I.

With a new introduction by Paul Axel-Lute

THE LAWBOOK EXCHANGE, LTD.
Clark, New Jersey
2005

**329.** SEC. 4. That the addition of water or any other liquid or chemical preparation to lard, or the use of chemicals for whitening, is hereby declared to be an adulteration within the meaning of this act.

What constitutes adulteration.

**330.** SEC. 5. That it shall be the duty of district attorneys to conduct prosecutions under this act in the name of the people, and one-half the fines recovered from convictions shall be paid to the informer and the residue to the state.

Duty of district attorneys.

**An act to prevent vending, using or exploding of guns, pistols, toy pistols, or other firearms, to or by persons under the age of fifteen years in this state.**

Approved February 10, 1882. P. L. 1882, p. 13.

**331.** SEC. 1. That it shall not be lawful for any person or persons to sell, barter or exchange, or to offer or exhibit for sale, barter or exchange, any gun, pistol, toy pistol or other firearms in this state to any person under the age of fifteen years.

Unlawful to offer for sale firearms to persons under certain age. 1111-331 RWS98-859

**332.** SEC. 2. [Amended and supplied by Sec. 334, *post*.]

**333.** SEC. 3. That any person offending against the provisions of this act shall be deemed guilty of a misdemeanor, and on being thereof convicted shall be punished by a fine not exceeding one hundred dollars or imprisonment at hard labor for any term not exceeding three months, or both, at the discretion of the court.

Penalty for violation.

**Supplement.**

Approved March 2, 1885. P. L. 1885, p. 52.

**334.** SEC. 1. That the second section of the act approved February tenth, one thousand eight hundred and eighty-two [see P. L. 1882, p. 13], entitled as above set forth, be and the same hereby is amended so as to read as follows:

[That it shall not be lawful to sell, hire or loan to any person under the age of fifteen years any gun, pistol, toy pistol or other firearms, or for any person under the age of fifteen years to purchase, barter or exchange any gun, pistol, toy pistol or other firearms, nor for any person under the age of fifteen years to carry, fire or use any gun, pistol, toy pistol or other firearms, except in the presence of his father or guardian, or for the purpose of military drill in accordance with the rules of a school.]

Unlawful for persons under fifteen years of age to purchase or carry firearms, &c.

**335.** SEC. 2. That any person offending against the provisions of this act shall be punished by a fine not exceeding twenty-five dollars.

Penalty.

**An act to regulate the sale of poisons.**

Approved February 23, 1883. P. L. 1883, p. 47.

**336.** SEC. 1. That it shall be unlawful for any person to sell, either at wholesale or retail, any of the drugs usually denominated poisons, without distinctly labeling each and every box or package with the name of the articles and the word "poison," together with the name and place of business of the seller.

Poisons sold at wholesale or retail to be labeled. 1111-336 R98-860

**337.** SEC. 2. That any person offending against the provisions of this act shall, upon conviction, be punished by a fine not exceeding fifty dollars, or imprisonment not exceeding three months, either or both, at the discretion of the court.

Penalty for violating provisions of act.

**An act to prevent the spread of contagious diseases of animals.**

Approved March 23, 1883. P. L. 1883, p. 202.

**338.** SEC. 1. That all persons who shall own or have in their possession any poultry or animals of any kind which may come to their death by reason of any contagious disease, shall, within twenty-four hours after such death, bury such poultry or animals under the surface of the earth to a depth not less than two feet; any person or persons neglecting or refusing

Poultry or animals dying of contagious diseases shall be buried not less than two feet under ground. 1111-338 R99-212

# EXHIBIT 40

New York (State) Laws, statutes, etc.
Codes, Criminal Procedure

# ANNOTATED

# CODE OF CRIMINAL PROCEDURE

AND

# PENAL CODE

OF THE

# STATE OF NEW YORK,

## AS AMENDED, 1882-6.

FIFTH EDITION.

REVISED, REARRANGED AND ENLARGED, WITH COPIOUS FORMS AND NOTES OF JUDICIAL DECISIONS ON PLEADING, PRACTICE AND EVIDENCE, TOGETHER WITH AN EXHAUSTIVE INDEX AND A SUPPLEMENT OF NOTES AND DECISIONS DOWN TO JUNE 1, 1886.

EDITED BY

GEORGE R. DONNAN.

ALBANY, N. Y.:
JOHN D. PARSONS, Jr., LAW PUBLISHER.
1886.

Digitized by Google

far as they impose any punishment for crime, except as herein provided.

New.

§ 727. (Amended 1882.) **When act to take effect.—This act shall take effect on the first** day of December, eighteen hundred and eighty-two. When construed in connection with other statutes it must be deemed to have been enacted on the fourth day of January, eighteen hundred and eighty-one, so that any statute enacted after that day is to have the same effect as if it had been enacted after this Code.

New.

§ 728. (Added 1886.) **Repeal must be express.—No provision of this Code, or any part thereof, shall be deemed repealed, altered or amended by the passage of any subsequent statute inconsistent therewith, unless such statute shall explicitly refer thereto and directly repeal, alter or amend this Code accordingly.**

## Chap. 375.

(Laws of 1883.)

### AN ACT to limit the carrying and sale of pistols and other fire-arms in the cities of this state.

SECTION 1. No person under the age of eighteen years shall have, carry or have in his possession in any public street, highway or place in any of the cities of this state, any pistol or other fire-arms of any kind, and no person shall in such cities sell or give any pistol or other fire-arms to any person under such age.

§ 2. Any person violating any of the provisions of this act shall be guilty of a misdemeanor, and in all trials or examinations for said offense the appearance of the person so alleged or claimed to be under the age of eighteen years shall be evidence to the magistrate or jury as to the age of such person.

§ 3. Nothing herein contained shall apply to the regular and ordinary transportation of pistols or fire-arms as articles of merchandise in said cities, or to the carrying of a gun or rifle through a street or highway of any city, with the intent to use the same outside of said city; nor to any person under such age carrying any pistol or other fire-arms under a license given by the mayor of said cities; but no licenses so given shall be in force more than one year from its date, and all such licenses may be revoked at the pleasure of the mayor, and a full, complete and public record shall be kept by the mayor of said cities of all such licenses, and the terms and date thereof.

## Chap. 40.

(Laws of 1883.)

### AN ACT to prevent baby farming.

SECTION 1. No individual shall receive or board more than two infants under the age of three years in the same place at the same time, unless within two days after the reception of every such infant beyond the first two, a license shall be duly issued by the mayor or board of health of the city or town wherein such infant is so to be received or boarded, specifying the name and age of the child and the name and place of residence of the party so undertaking its care and authorizing the same. Such license shall be revocable at the will of the authority granting it, and every person omitting or refusing to comply with the provisions of this section shall be guilty of a misdemeanor.

§ 2. It shall be lawful for the officers of any incorporated society for the prevention of cruelty to children at all reasonable times to enter and inspect the premises wherein such infants are so boarded, received or kept, and it is hereby made their duty to see that the provisions of this law are duly enforced.

§ 3. This act shall not be construed to prohibit the boarding of infants when accompanied by their parent, relative, or some person entitled to their custody, and shall not apply to corporations incorporated under the laws of the state of New York for the purpose of receiving and caring for foundlings or abandoned or homeless infants.

Digitized by Google

# EXHIBIT 41

filed by the defendant, or by his counsel, the party cast in the suit, shall be considered duly notified of the judgment by the fact of its being signed by the judge;

*Provided*, that in the country parishes no execution shall issue in cases where an appeal lies, until ten days after the adjournment of the court by which the judgment was rendered, within which delay a party may take a suspensive appeal on filing petition and appeal bond as now provided by law.

Relative to appeals in the country parishes.

S. P. HENRY,
Speaker of the House of Representatives.
JAMES JEFFRIES.
Lieut.-Governor and President of the Senate.

Approved July 1st, 1890.

FRANCIS T. NICHOLLS,
Governor of the State of Louisiana.

A true copy from the original:
L. F. MASON
Secretary of State.

---

No. 46.]

## AN ACT

Making it a misdemeanor for any person to sell, give or lease, to any minor, any pistol, bowie-knife, dirk or any weapon, intended to be carried or used as a concealed weapon.

SECTION 1. *Be it enacted by the General Assembly of the State of Louisiana*, That, hereafter, it shall be unlawful, for any person to sell, or lease or give through himself or any other person, any pistol, dirk, bowie-knife or any other dangerous weapon, which may be carried concealed to any person under the age of twenty-one years.

Makigg it a misdemeanor to sell to any minor any pistol, bowie-knife, dirk or other weapon.

SECTION 2. *Be it further enacted, etc*, That any person violating the provisions of this act shall be deemed guilty of a misdemeanor and upon conviction thereof, shall pay a fine of not less than twenty-five dollars nor more than one hundred dollars, and in default of the payment of said fine, by imprisonment not exceeding twenty days.

Penalty.

SEC. 3. *Be it further enacted, etc.*, That all laws or parts of laws in conflict with this act be and the same are hereby repealed, and that this act take effect from and after its passage.

Repealing clause.

S. P. HENRY,
Speaker of the House of Representatives.
JAMES JEFFRIES,
Lieut.-Governor and President of the Senate.

Approved July 1, 1890.

FRANCIS T. NICHOLLS,
Governor of the State of Louisiana.

A true copy from the original:
L. F. MASON,
Secretary of State.

# EXHIBIT 42

(2430) § **6**. Every person who, with intent to extort any money or other property from another, sends to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat, such as is specified in the second section of this article, is punishable in the same manner as if such money or property were actually obtained by means of such threat.

Sending threatening letter.

(2431) § **7**. Every person who unsuccessfully attempts by means of any verbal threat such as is specified in the second section of this article, to extort money or other property from another is guilty of a misdemeanor.

Attempting to export money.

## ARTICLE 47.—CONCEALED WEAPONS.

SECTION.
1. Prohibited weapons enumerated.
2. Same.
3. Minors.
4. Public officials, when privileged.
5. Arms, when lawful to carry.
6. Degree of punishment.
7. Public buildings and gatherings.
8. Intent of persons carrying weapons.
9. Pointing weapon at another.
10. Violation of certain sections.

(2432) § **1**. It shall be unlawful for any person in the Territory of Oklahoma to carry concealed on or about his person, saddle, or saddle bags, any pistol, revolver, bowie knife, dirk, dagger, slung-shot, sword cane, spear, metal knuckles, or any other kind of knife or instrument manufactured or sold for the purpose of defense except as in this article provided.

Prohibited weapons enumerated.

(2433) § **2**. It shall be unlawful for any person in the Territory of Oklahoma, to carry upon or about his person any pistol, revolver, bowie knife, dirk knife, loaded cane, billy, metal knuckles, or any other offensive or defensive weapon, except as in this article provided.

Same.

(2434) § **3**. It shall be unlawful for any person within this Territory, to sell or give to any minor any of the arms or weapons designated in sections one and two of this article.

Minors.

(2435) § **4**. Public officers while in the discharge of their duties or while going from their homes to their place of duty, or returning therefrom, shall be permitted to carry arms, but at no other time and under no other circumstances: *Provided, however*, That if any public officer be found carrying such arms while under the influence of intoxicating drinks, he shall be deemed guilty of a violation of this article as though he were a private person.

Public officials, when privleged.

(2436) § **5**. Persons shall be permitted to carry shot-guns or rifles for the purpose of hunting, having them repaired, or for killing animals, or for the purpose of using the same in public muster or military drills, or while travelling or removing from one place to another, and not otherwise.

Arms, when lawful to carry.

(2437) § **6**. Any person violating the provisions of any one of the foregoing sections, shall on the first conviction be adjudged guilty of a misdemeanor and be punished by a fine of not less than twenty-five dollars nor more than fifty dollars, or by imprisonment in the county jail not to exceed thirty days or both at the discretion of the court. On the second and every subsequent con-

Degree of punishment.

Chap. 25.

viction, the party offending shall on conviction be fined not less than fifty dollars nor more than two hundred and fifty dollars or be imprisoned in the county jail not less than thirty days nor more than three months or both, at the discretion of the court.

Public buildings and gatherings.

(2438) § 7. It shall be unlawful for any person, except a peace officer, to carry into any church or religious assembly, any school room or other place where persons are assembled for public worship, for amusement, or for educational or scientific purposes, or into any circus, show or public exhibition of any kind, or into any ball room, or to any social party or social gathering, or to any election, or to any place where intoxicating liquors are sold, or to any political convention, or to any other public assembly, any of the weapons designated in sections one and two of this article.

Intent of persons carrying weapons.

(2439) § 8. It shall be unlawful for any person in this Territory to carry or wear any deadly weapons or dangerous instrument whatsoever, openly or secretly, with the intent or for the avowed purpose of injuring his fellow man.

Pointing weapons at another.

(2440) § 9. It shall be unlawful for any person to point any pistol or any other deadly weapon whether loaded or not, at any other person or persons either in anger or otherwise.

Violation of section seven.

(2441) § 10. Any person violating the provisions of section seven, eight or nine of this article; shall on conviction, be punished by a fine of not less than fifty dollars, nor more than five hundred and shall be imprisoned in the county jail for not less than three not more than twelve months.

## ARTICLE 48.—FALSE PERSONATION AND CHEATS.

SECTION.
1. False impersonation, punishment for.
2. False impersonation and receiving money.
3. Personating officers and others.
4. Unlawful wearing of grand army badge.
5. Fines, how paid.
6. Obtaining property under false pretenses.
7. False representation of charitable purposes.
8. Falsely representing banking corporations.
9. Using false check.
10. Holding mock auction.

Punishment for false impersonation.

(2442) § 1. Every person who falsely personates another, and in such assumed character, either:

First. Marries or pretends to marry, or to sustain the marriage relation toward another, with or without the connivance of such other person; or,

Second. Becomes bail or surety for any party, in any proceeding whatever, before any court or officer authorized to take such bail or surety; or,

Third. Subscribes, verifies, publishes, acknowledges or proves, in the name of another person, any written instrument, with intent that the same may be delivered or used as true; or,

Fourth. Does any other act whereby, if it were done by the person falsely personated, he might in any event become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture or penalty, or whereby any benefit might accrue to the party personating, or to any other person.

# EXHIBIT 43

waiving the homestead," or "upon a claim against which the homestead cannot be demanded." This statement shall be endorsed upon the executions issued upon said judgments or decrees.

2. In any action or suit when it is not apparent from the face of the pleadings that the demand is not subject to the homestead exemption, the plaintiff shall not have the benefit of the foregoing section unless in his declaration he alleges that his demand is not subject to such homestead exemption.

3. But no presumption of non-waiver, or presumption that the judgment or decree was rendered upon a demand against which homestead could be claimed, is to be drawn from the silence of any judgment, execution, or decree on the matters provided for by this act.

Commencem't. 4. This act shall be in force from its passage.

---

CHAP. 152.—An ACT to prevent selling or furnishing cigarettes or tobacco in any form, or pistols, dirks, or bowie-knives to minors under sixteen years of age.

Approved February 28, 1890.

1. Be it enacted by the general assembly of Virginia, That if any person sell, barter, give or furnish or cause to be sold, bartered, given, or furnished to any minor under sixteen years of age cigarettes, or pistols, or dirks, or bowie-knives, having good cause to believe him or her to be a minor under sixteen years of age, said person shall be fined not less than ten nor more than one hundred dollars.

Commencem't. 2. This act shall be in force from its passage.

---

CHAP. 153.—An ACT for the relief of V. B. Gilmer, treasurer of Russell county.

Approved March 3, 1890.

1. Be it enacted by the general assembly of Virginia, That the county school board for the county of Russell be, and they are hereby, empowered to allow V. B. Gilmer, county treasurer of said county, in his annual settlement with them on account of school funds to be apportioned said county for the year eighteen hundred and ninety, a sum which shall be equal to not exceeding two per centum on school funds apportioned said county under act of March sixth, eighteen hundred and eighty-two, for the

years eighteen hundred and eighty-three, eighteen hundred and eighty-four, eighteen hundred and eighty-five, eighteen hundred and eighty-six, and eighteen hundred and eighty-seven, those being the years for which he did not receive compensation, as by law he was entitled, for disbursing said funds.

2. This act shall be in force from its passage. Commencem't.

---

CHAP. 154.—An ACT to amend and re-enact section 2197 of the code of Virginia, in reference to burial of hogs that die from disease and accidental injury.

Approved March 3, 1890.

1. Be it enacted by the general assembly of Virginia, That section twenty-one hundred and ninety-seven of the code of Virginia, edition of eighteen hundred and eighty-seven, be amended and re-enacted so as to read as follows:

§2197. The owner of hogs that die from disease or accidental injury, knowing of such death, shall bury them not less than two feet below the surface of the ground as soon as practicable after their death, and if he fails to do so, any justice, after notice to the owner, if he can be ascertained, shall cause any such dead animal to be buried by a constable or other person to be designated for the purpose, and the constable or other person shall be entitled to recover of the owner of every hog so buried a fee of one dollar, to be recovered in the same manner as officer's fees are recovered, free from all exemptions in favor of such owner.

2. This act shall be in force from its passage. Commencem't.

CHAP. 155.—An ACT to extend the time for making returns of assessment for the city of Norfolk and county of Norfolk.

Approved March 3, 1890.

Empowered to extend the time of making assessments.

1. Be it enacted by the general assembly of Virginia, That the judge of the corporation court of the city of Norfolk be, and he is hereby, authorized and empowered, in his discretion, to extend the time of making the returns of the assessment for the city of Norfolk until September first, eighteen hundred and ninety, of the assessment provided for under chapter twenty-three of the code of Virginia.

2. That the time for the application to said judge for

# EXHIBIT 44

the territorial tax levy of the preceding year; and upon his refusal to make any of said settlements as required, such county treasurer shall be fined in any sum not less than one hundred dollars nor more than one thousand dollars for each offense, to be recovered by action in the district court, against the treasurer and his sureties by the board of county commissioners. Delinquencies on the part of any county in payment of territorial revenue shall bear interest at the rate of eight per centum per annum from the date said territorial revenue was payable to the territorial treasurer; and in case of any such delinquency on the part of any county, it shall be the duty of the attorney general to bring an action at law against such county in the name of the Territory of Wyoming to recover the amount of any such delinquency. In case any judgment is obtained in such action it shall be the duty of the board of the county commissioners of the county against which such judgment is obtained at the time of the next annual levy of taxes to cause a special levy to be made of a rate sufficient to pay said judgment and interest thereon at the rate of eight per centum per annum, which levy shall be in addition to the regular levies made in said county in said year. The board of the county commissioners of any county may without suit or action make the special levy necessary to raise the amount of any such delinquency."

Delinquent territorial revenue.

Attorney general.

Special levy.

SEC. 12. This act shall take effect and be in force from and after January first, 1891.

In force.

Approved March 14, 1890.

---

# CHAPTER 73.

## CRIMES AND CRIMINAL PROCEDURE.

AN ACT Defining Crimes, Regulating Criminal Procedure and for Other Purposes.

*Be it enacted by the Council and House of Representatives of the Territory of Wyoming:*

SECTION 1. In the interpretation of this act the term "anything of value" includes money, bank bills or notes, United States treasury notes and other bills, bonds or notes issued by lawful authority and intended to pass and circulate as money, goods and chattels, any promissory note, bill of exchange, order, draft, warrant, check, or bond, given for the payment of money; any receipt given for the payment of money, or other property, any right in action, things which savor of the realty, and are, at the time they are taken, a part of the freehold, whether they are of the substance or produce thereof, or affixed thereto, although there be no interval between the severing and the taking away, and every other thing of any value whatever; the words "person" and "another"

Interpretation of words.

Digitized from Best Copy Available

shall be fined not more than one hundred dollars, to which may be added imprisonment in the county jail not more than six months.

Advertising private medicines.

SEC. 83. Whoever prints or publishes any advertisement of any secret drug or nostrum purporting to be for the exclusive use of females, or which cautions females against their use when in a condition of pregnancy; or in any way publishes any account or description of any drug, medicine, instrument, or apparatus for preventing conception, or for procuring abortion or miscarriage; or sells or gives away, or keeps for sale or gratuitous distribution, any newspaper, circular, pamphlet, or book containing such advertisement, account or description, or any secret drug or nostrum purporting to be exclusively for the use of females, or for preventing conception or procuring abortion or miscarriage, shall be fined not more than one hundred dollars, to which may be added imprisonment in the county jail not more than six months.

Procurer assignation.

SEC. 84. Whoever, induces, decoys, procures or compels any female under eighteen years of age, or causes any female over eighteen years of age against her will, to have sexual intercourse with any person other than himself; or knowingly permits any other person to have sexual intercourse with any female of good repute for chastity, upon premises owned or controlled by him, shall be imprisoned in the penitentiary not more than five years, or may be imprisoned in the county jail not more than six months.

Pimp.

SEC. 85. Whoever, being a male person, frequents houses of ill-fame or of assignation, or associates with females known or reputed as prostitutes, or frequents gambling houses with prostitutes, or is engaged in or about a house of prostitution, is a pimp, and shall be fined in any sum not more than one hundreds dollars, and be imprisoned in the county jail not more than sixty days.

Prostitute.

SEC. 86. Any female who frequents or lives in houses of ill-fame, or associates with women of bad character for chastity, either in public or at a house which men of bad character frequent or visit; or who commits fornication for hire, shall be deemed a prostitute, and shall be fined not more than fifty dollars, to which may be added imprisonment in the county jail not more than thirty days.

Crime against nature.

SEC. 87. Whoever commits the abominable and detestable crime against nature, by having carnal knowledge of a man or beast; or who being a male, carnally knows any man or woman through the anus, or in any other manner cantrary to nature; and whoever entices, allures, instigates, or aids any person under the age of twenty-one years to commit masturbation or self-pollution, is guilty of sodomy and shall be imprisoned in the penitentiary not more than five years, or may be imprisened in the county jail not more than twelve months.

## CRIMES AGAINST PUBLIC PEACE.

Challenge to duel.

SEC. 88. Whoever gives or accepts a challenge to fight a duel, or agrees to go out of the territory for the purpose of fighting a duel, or under pretense of fighting a duel, or who carries to any person a challenge to fight a duel, shall be fined in any sum not less than one hundred dollars, and be imprisoned not exceeding six months in the jail of the county.

Duelling.

SEC. 89. Whoever fights a duel, if death do not ensue, shall be fined one hundred dollars, and be imprisoned in the jail of the county not exceeding one year.

Digitized from Best Copy Available

Prize fight. SEC. 90. Whoever engages as principal in any prize fight, or attends any such fight as a backer, trainer, second, umpire, assistant or reporter, shall be fined not more than one hundred dollars, to which may be added imprisonment in the county jail not exceeding six months.

Affray. SEC. 91. If two or more persons by agreement, fight in any public place, the persons so offending are guilty of an affray, and shall be fined not exceeding twenty dollars, or be imprisoned in the county jail not exceeding five days each.

Riot. SEC. 92. If three or more persons shall do an act in a violent or tumultous manner, they shall be deemed guilty of a riot, and shall be fined not exceeding one hundred dollars each, to which may be added imprisonment in the county jail not exceeding three months.

Rout. SEC. 93. If three or more persons shall meet together to do an unlawful act upon a common cause, and shall make advances towards the commission thereof, they shall be deemed guilty of a rout, and shall be fined not exceeding one hundred dollars each, or they may be imprisoned in the county jail not exceeding sixty days.

Criminal provocation. SEC. 94. Whoever by words, signs or gestures, provokes or attempts to provoke another, who has the present ability to do so, to commit an assault, or an assault and battery upon him, is guilty of criminal provocation, and shall be fined in any sum not exceeding twenty dollars.

Drawing dangerous weapon. SEC. 95. Whoever draws or threatens to use any pistol, dirk, knife, slung-shot or any other deadly or dangerous weapon, already drawn, upon any other person, shall be fined in any sum not more than one hundred dollars, to which may be added imprisonment in the county jail not exceeding six months; *Provided*, That the provisions of this section shall not apply to a person drawing or threatening to use such dangerous or deadly weapons in defense of his person or property, or in defense of those entitled to his protection by law.

Carrying dangerous weapon. SEC. 96. Every person, not being a traveler, who shall wear or carry any dirk, pistol, bowie-knife, dagger, sword-in-cane or any other dangerous or deadly weapon concealed, or who shall carry or wear any such weapon openly, with the intent or avowed purpose of injuring his fellow-man, shall be fined in any sum not exceeding one hundred dollars.

Selling weapons to minors. SEC. 97. It shall be unlawful for any person to sell, barter or give to any other person under the age of twenty-one years any pistol, dirk or bowie-knife, slung-shot, knucks or other deadly weapon that can be worn or carried concealed upon or about the person, or to sell, barter or give to any person under the age of sixteen years any cartridges manufactured and designed for use in a pistol; and any person who shall violate any of the provisions of this section shall be fined in any sum not more than fifty dollars.

Disturbing meetings. SEC. 98. Whoever by any loud or unnecessary talking, hallooing, or by any threatening, abusive, profane or obscene language, or violent actions, or by any other rude behavior, interrupts, molests or disturbs any collection of any inhabitants of this territory convened for the purpose of worship, or any agricultural fair or exhibition, or any person present thereat or going to or returning therefrom; or who, in like manner, interrupts, molests or disturbs any meeting

Digitized from Best Copy Available

of inhabitants of this territory, met together for any lawful purpose, shall be fined in any sum not exceeding fifty dollars. Sextons of churches, and officers of fairs or other meetings contemplated in this section are hereby authorized to arrest any persons so disturbing such public meetings.

CRIMES AGAINST PUBLIC JUSTICE.

SEC. 99. Whoever, having taken a lawful oath or affirmation in any matter in which, by law, an oath or affirmation may be required, shall, upon such oath or affirmation, swear or affirm wilfully corruptly and falsely, touching a matter material to the point in question, shall be deemed guilty of perjury, and shall be imprisoned in the penitentiary not more than fourteen years. *Perjury.*

SEC. 100. Whoever wilfully, corruptly and falsely before any officer authorized to administer oaths, under oath or affirmation voluntarily makes any false certificate, affidavit or statement of any nature, for any purpose, in any matter where an oath is authorized to be taken, shall be deemed guilty of perjury, and shall be imprisoned in the penitentiary not more than five years. *Voluntary perjury.*

SEC. 101. Whoever suborns or procures any person to commit perjury is guilty of subornation of perjury, and shall be imprisoned in the penitentiary not more than fourteen years. *Subornation of perjury.*

SEC. 102. Whoever corruptly gives, promises or offers to any member, officer, clerk or employe of the legislature, or of either house thereof, or to any territorial or other officer, agent or employe of the territory, or person holding any office of trust or profit under the laws of this territory, or any officer intrusted with the administration of justice, or prosecuting attorney, either before or after his election, qualification, appointment or employment, any money or valuable thing; or corruptly offers or promises to do any act beneficial to any such person, to influence his action, vote, opinion or judgment in any matter pending or that might legally come before him; and whoever, being a member, officer, clerk, employe of the legislative assembly or territory, or other officer, agent or employe of the territory, or person holding any office of trust or profit under the laws of this territory, or any officer entrusted with the administration of justice, or prosecuting attorney, either before or after his election, qualification, appointment or employment, solicits or accepts any such money or valuable thing, to influence him with respect to his official duty or to influence his action, vote, opinion or judgment in any matter pending or that might legally come before him, shall be imprisoned in the penitentiary not more than fourteen years. *Bribery of officer.*

SEC. 103. Whoever, with intent to corrupt a grand or petit juror or a grand or petit jury, referee, master commissioner, court commissioner, arbitrator, appraiser of real or personal property, county commissioner, mayor of a city, or member of the council or board of trustees of any city or town; or, to influence him or them with respect to the discharge of his or their duty, either before or after he or they are summoned, elected, appointed, qualified or sworn, promises or offers him or them any money or valuable thing; and whoever, either before or after he is summoned, elected, appointed, qualified or sworn as a grand or petit juror, referee, master commissioner, court commissioner, arbitrator, appraiser of real or personal property, county commissioner, mayor of a city, or member of the council or board of trustees of any city or town, so- *Bribery of juror, etc.*

Digitized from Best Copy Available

# EXHIBIT 45

THE

# CODE OF WEST VIRGINIA,

(THIRD EDITION,)

CONTAINING

THE CONSTITUTION AND NATURALIZATION LAWS OF THE UNITED STATES—THE CONSTITUTION OF THE STATE—THE CODE, AS AMENDED BY LEGISLATION TO AND INCLUDING THE YEAR 1891 AND MARGINAL NOTES TO ALL PRIOR LAWS AND APPLICABLE DECISIONS,

## WITH AN APPENDIX,

CONTAINING ALL THE STATUTES OF THE STATE IN FORCE, OF A GENERAL AND PROSPECTIVE NATURE, NOT ENACTED OR INSERTED IN THE SEVERAL CHAPTERS OF THE CODE.

---

COMPILED

PURSUANT TO A JOINT RESOLUTION OF THE LEGISLATURE,

BY

JOHN A. WARTH,

OF THE KANAWHA BAR.

CHARLESTON:
DAILY GAZETTE JOB ROOMS,
1891.

Case 3:19-cv-01226-L-AHG Document 133-1 Filed 03/15/24 PageID.11653 Page 135 of 280

3. If any judge or justice have notice of a riotous, tumultuous, or unlawful assembly in the county in which he resides, and fail to proceed immediately to the place of such assembly, or as near as he may safely, or fail to exercise his authority for suppressing it and arresting the offenders, he shall be fined not exceeding one hundred dollars.

4. If any person engaged in such assembly, being commanded as aforesaid to disperse, fail to do so without delay, any such judge or justice may require the aid of a sufficient number of persons, in arms or otherwise, and proceed, in such manner as he may deem expedient, to disperse and suppress such assembly, and arrest and secure those engaged in it.

5. If by any means, taken under authority of this chapter, to disperse any such assembly, or arrest and secure those engaged in it, any person present, as spectator or otherwise, be killed or wounded, any judge or justice exercising such authority, and every one acting under his order, shall be held guiltless; and if the judge or justice, or any person acting under the order of either of them, be killed or wounded in taking such means, or by the rioters, all persons engaged in such assembly shall be deemed guilty of such killing or wounding.

6. If any rioter pull down or destroy, in whole or in part, any dwelling house, or assist therein, he shall be confined in the penitentiary not less than one nor more than five years; and though no such house so be injured, every rioter, and every person unlawfully or tumultuously assembled, shall be confined in jail not more than one year and fined not exceeding one hundred dollars.

7. If a person carry about his person any revolver or other pistol, dirk, bowie knife, razor, slung shot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor, and fined not less than twenty-five nor more than two hundred dollars, and may, at the discretion of the court, be confined in jail not less than one nor more than twelve months; and if any person shall sell or furnish any such weapon as is hereinbefore mentioned to a person whom he knows, or has reason, from his appearance or otherwise, to believe to be under the age of twenty-one years, he shall be punished as hereinbefore provided; but nothing herein contained shall be so construed as to prevent any person from keeping or carrying about his dwelling house or premises, any such revolver or other pistol, or from carrying the same from the place of purchase to his dwelling house, or from his dwelling house to any place where repairing is done, to have it repaired, and back again. And if upon the trial of an indictment for carrying any such pistol, dirk, razor or bowie knife, the defendant shall prove to the satisfaction of the jury that he is a quiet and peaceable citizen, of good character and standing in the community in which he lives, and at the time he was found with such pistol, dirk, razor or bowie knife, as charged in the in-

(See Acts 1872-3, ch. 226, § 168.)
Acts 1882, ch. 135.
7 Gratt. 597.
34 W. Va. 74.

dictment, he had good cause to believe and did believe that he was in danger of death or great bodily harm at the hands of another person, and that he was in good faith, carrying such weapon for self-defence and for no other purpose, the jury shall find him not guilty. But nothing in this section contained shall be so construed as to prevent any officer charged with the execution of the laws of the State, from carrying a revolver or other pistol, dirk or bowie knife.

Acts 1866, p. 23.

8. If any person shall wilfully disturb, molest or interrupt any literary society, school, or society formed for intellectual improvement, or any other school or society organized under the laws of this State, or any school, society, or meeting formed or convened for improvement in music, either vocal or instrumental, or for any moral and social amusement, the person so offending shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be fined not less than five dollars, and may be imprisoned in the county jail not exceeding ten days. (See ch. 149, sec. 19, of this code.)

Acts 1882, ch. 135.

9. If two or more persons under the name of "Red Men," "Regulators," "Vigilance Committee," or any other name or without a name combine or conspire together for the purpose of inflicting any punishment or bodily injury upon any other person or persons, or for the purpose of destroying, injuring, or taking and carrying away any property, real or personal, not their own, every such person, whether he has done any act in pursuance of such combination or conspiracy or not, shall be guilty of a misdemeanor and fined not less than fifty, nor more than five hundred dollars, and may, at the discretion of the court, be confined in jail not less than one nor more than twelve months.

Id. 25 W. Va. 685.

10. If any person, in pursuance of such combination or conspiracy as is mentioned in the next preceding section, shall inflict any punishment or bodily injury upon another person, or shall destroy, injure, or take and carry away, any property, real or personal, not his own, he shall be guilty of a felony, and confined in the penitentiary not less than two nor more than ten years. And if, on the trial of an indictment under this section, it be proved that two or more persons, the defendant being one, were present, aiding and abetting in the commission of the offence charged therein, it shall be presumed that such offence was committed in pursuance of such combination or conspiracy, in the absence of satisfactory proof to the contrary. And all persons who shall be present, aiding and abetting, at the commission of any offence mentioned in this section, shall be deemed conspirators within the meaning of this, and the next preceding section.

Acts 1882, ch. 135.

11. No person called as a witness for the State on the trial of any person for an offence mentioned in either of the two next preceding sections, shall be excused from answering any question which may be asked him as such witness, and which would be otherwise legal and proper, on the ground that the answer to such question would or might degrade him, or expose him to punishment; but no such wit-

# EXHIBIT 46

submitting plan and estimate for its improvement; and the Chief of Engineers shall submit to the Secretary of War the reports of the local and division engineers, with his views thereon and his opinion of the public necessity or convenience to be subserved by the proposed improvement; and all such reports of preliminary examinations with such recommendations as he may see proper to make, shall be transmitted by the Secretary of War to the House of Representatives, and are hereby ordered to be printed when so made.

Reports to be sent to House of Representatives and printed.

Appropriation for examinations, etc.

SEC. 8. For preliminary examinations, contingencies, expenses connected with inspection of bridges, the service of notice required in such cases, the examination of bridge sites and reports thereon, and for incidental repairs for which there is no special appropriation for rivers and harbors, one hundred and twenty-five thousand dollars: *Provided*, That no preliminary examination, survey, project, or estimate for new works other than those designated in this act shall be made: *And provided further*, That after the regular or formal report on any examination, survey, project, or work under way or proposed is submitted, no supplemental or additional report or estimate, for the same fiscal year, shall be made unless ordered by a resolution of Congress. The Government shall not be deemed to have entered upon any project for the improvement of any water way or harbor mentioned in this act until funds for the commencement of the proposed work shall have been actually appropriated by law.

*Provisos.*
No survey, etc., unless provided for.

No supplemental reports, etc., to be made.

No project authorized until appropriation made.

Approved, July 13, 1892.

---

July 13, 1892.

**CHAP. 159.**—An Act to punish the carrying or selling of deadly or dangerous weapons within the District of Columbia, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That it shall not be lawful for any person or persons within the District of Columbia, to have concealed about their person any deadly or dangerous weapons, such as daggers, air-guns, pistols, bowie-knives, dirk knives or dirks, blackjacks, razors, razor blades, sword canes, slung shot, brass or other metal knuckles.

District of Columbia.
Carrying concealed weapons forbidden.

SEC. 2. That it shall not be lawful for any person or persons within the District of Columbia to carry openly any such weapons as hereinbefore described with intent to unlawfully use the same, and any person or persons violating either of these sections shall be deemed guilty of a misdemeanor, and upon conviction thereof shall, for the first offense, forfeit and pay a fine or penalty of not less than fifty dollars nor more than five hundred dollars, of which one half shall be paid to any one giving information leading to such conviction, or be imprisoned in the jail of the District of Columbia not exceeding six months, or both such fine and imprisonment, in the discretion of the court: *Provided*, That the officers, non-commissioned officers, and privates of the United States Army, Navy, or Marine Corps, or of any regularly organized Militia Company, police officers, officers guarding prisoners, officials of the United States or the District of Columbia engaged in the execution of the laws for the protection of persons or property, when any of such persons are on duty, shall not be liable for carrying necessary arms for use in performance of their duty: *Provided, further*, that nothing contained in the first or second sections of this act shall be so construed as to prevent any person from keeping or carrying about his place of business, dwelling house, or premises any such dangerous or deadly weapons, or from carrying the same from place of purchase to his dwelling house or place of business or from his dwelling house or place of business to any place where repairing is done, to have the same repaired, and back again: *Provided further*, That nothing contained in the first or second sections of this act shall be so construed as to apply to any person who shall have been granted a written permit to carry such weapon or weapons by any judge of the police court of the District

Openly carrying weapons with unlawful intent forbidden.

Punishment, first offense.

*Provisos.*
Exceptions.

Lawful use of weapons.

Permits.

of Columbia, and authority is hereby given to any such judge to grant such permit for a period of not more than one month at any one time, upon satisfactory proof to him of the necessity for the granting thereof; and further, upon the filing with such judge of a bond, with sureties to be approved by said judge, by the applicant for such permit, conditioned to the United States in such penal sum as said judge shall require for the keeping of the peace, save in the case of necessary self-defense by such applicant during the continuance of said permit, which bond shall be put in suit by the United States for its benefit upon any breach of such condition.

Punishment, second offense.

Sec. 3. That for the second violation of the provisions of either of the preceding sections the person or persons offending shall be proceeded against by indictment in the supreme court of the District of Columbia, and upon conviction thereof shall be imprisoned in the penitentiary for not more than three years.

Disposition of weapons taken from offenders.

Sec. 4. That all such weapons as hereinbefore described which may be taken from any person offending against any of the provisions of this act shall, upon conviction of such person, be disposed of as may be ordered by the judge trying the case, and the record shall show any and all such orders relating thereto as a part of the judgment in the case.

Punishment for sale of weapons to minors.

Sec. 5. That any person or persons who shall, within the District of Columbia, sell, barter, hire, lend or give to any minor under the age of twenty-one years any such weapon as hereinbefore described shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, pay a fine or penalty of not less than twenty dollars nor more than one hundred dollars, or be imprisoned in the jail of the District of Columbia not more than three months. No person shall engage in or conduct the business of selling, bartering, hiring, lending, or giving any weapon or weapons of the kind hereinbefore named without having previously obtained from the Commissioners of the District of Columbia a special license authorizing the conduct of such business by such person, and the said Commissioners are hereby authorized to grant such license, without fee therefor, upon the filing with them by the applicant therefor of a bond with sureties to be by them approved, conditioned in such penal sum as they shall fix to the United States for the compliance by said applicant with all the provisions of this section; and upon any breach or breaches of said condition said bond shall be put in suit by said United States for its benefit, and said Commissioners may revoke said license. Any person engaging in said business without having previously obtained said special license shall be guilty of a misdemeanor, and upon conviction thereof shall be sentenced to pay a fine of not less than one hundred dollars nor more than five hundred dollars, of which one half shall be paid to the informer, if any, whose information shall lead to the conviction of the person paying said fine. All persons whose business it is to sell barter, hire, lend or give any such weapon or weapons shall be and they hereby, are, required to keep a written register of the name and residence of every purchaser, barterer, hirer, borrower, or donee of any such weapon or weapons, which register shall be subject to the inspection of the major and superintendent of Metropolitan Police of the District of Columbia, and further to make a weekly report, under oath to said major, and superintendent of all such sales, barterings, hirings, lendings or gifts. And one half of every fine imposed under this section shall be paid to the informer, if any, whose information shall have led to the conviction of the person paying said fine. Any police officer failing to arrest any person guilty in his sight or presence and knowledge of any violation of any section of this act shall be fined not less than fifty nor more than five hundred dollars

Special license for dealers in weapons.

Penalty for dealing without license.

Register of sales, etc.

Half of fine to informer.

Penalty for failure to arrest by officers.

Repeal.

Sec 6. That all acts or parts of acts inconsistent with the provisions of this act be, and the same hereby are, repealed.

Approved, July 13, 1892.

# EXHIBIT 47

# THE ANNOTATED CODE

—OF THE—

# GENERAL STATUTE LAWS

—OF—

# THE STATE OF MISSISSIPPI,

—PREPARED BY—

R. H. THOMPSON, GEORGE G. DILLARD,
and R. B. CAMPBELL,

—AND—

Reported to and amended and adopted by the Legislature at its Regular Session in 1892.

PUBLISHED BY AUTHORITY OF THE LEGISLATURE.

NASHVILLE, TENN.:
MARSHALL & BRUCE, LAW PUBLISHERS.
1892.

**1025** (2766). **The same; opening graves for certain purposes.**—Every person who shall open a grave or other place of interment with intent to move the dead body of any human being for the purpose of selling the same, or for the purpose of dissection, or to steal the coffin or any parf thereof, or the vestments or other articles interred with the dead body, or any of them, shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding two years, or in the county jail not more than six months, or by fine of not more than three hundred dollars, or both.

**1026** (2985). **Deadly weapons; carrying of concealed.** (Laws 1888, p. 89).—Any person who carries concealed, in whole or in part any bowie-knife, dirk-knife, butcher-knife, pistol, brass or metallic knuckles, slung-shot, sword, or other deadly weapon of like kind or description, shall be guilty of a misdemeanor, and, on conviction, shall be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars, or be imprisoned in the county jail not less than one month nor more than three months, or both.

**1027. The same; not applicable to certain persons.**—Any person indicted or charged for a violation of the last section may show as a defense—

(*a*) That he was threatened, and had good and sufficient reason to apprehend a serious attack from an enemy, and that he did so apprehend; or

(*b*) That he was traveling and was not a tramp, or was setting out on a journey, and was not a tramp; or

(*c*) That he was a peace officer or deputy in the discharge of his duties; or

(*d*) That he was at the time in the discharge of his duties as a mail carrier; or

(*e*) That he was at the time engaged in transporting valuables for an express company or bank; or

(*f*) That he was in lawful pursuit of a felon.

And the burden of proving either of said defenses shall be on the accused.

The "traveling or setting out on a journey" in the statute means a travel of such distance as to take one beyond the circle of his friends and acquaintances. McGuirk v. State, 64 Miss., 209.

The pursuit of a fugitive daughter, begun without knowing where it will lead, is "traveling on a journey." Haywood v. State, 66 Miss., 402.

"Threatened with an attack" does not contemplate mere denunciation, but menace such as to cause a reasonable apprehension of an attack that might properly be resisted with the deadly weapon. Tipler v. State, 57 Miss., 685.

Even if the accused be "threatened" and entertain the "apprehension," it will be no defense if he carried the weapon for some other reason, and for some other purpose. McGuirk v. State, 64 Miss., 209.

The threats must not be too remote. McGuirk v. State, 64 Miss., 210.

The act of 1888, amendatory of the Code, 1880, on the subject of carrying weapons concealed, was ex post facto in its application to offenses previously committed. (1) It cut off a defense, and (2) it changed, but did not mitigate, the penalty. Lindsey v. State, 65 Miss., 542; Hodnett v. State, 66 Miss., 26.

The statute makes the fact of carrying a weapon concealed criminal, regardless of intent. Strahan v. State, 68 Miss., 347.

**1028** (2986). **The same; and cartridges not sold to infant or drunk person.**—It shall not be lawful for any person to sell, give, or lend to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any deadly weapon, or other weapon the carrying of which concealed is prohibited, or pistol cartridge; and, on conviction thereof, he shall be punished by a fine not less than twenty-five dollars nor more than two hundred dollars, or imprisoned in the county jail not exceeding three months, or both.

**1029** (2987). **The same; father not to suffer infant son to have or carry.**—Any father who shall knowingly suffer or permit any son under the age of sixteen

years to have or to own, or to carry concealed, in whole or in part, any weapon the carrying of which concealed is prohibited, shall be guilty of a misdemeanor, and, on conviction, shall be fined not less than twenty dollars nor more than two hundred dollars, or may be imprisoned not more than sixty days in the county jail, or both.

**1030** (2988). **The same; college students not to have, etc.**—A student of any university, college, or school, who shall carry, bring, receive, own, or have on the campus, college or school grounds, or within two miles thereof, any weapon the carrying of which concealed is prohibited, or a teacher, instructor, or professor who shall knowingly suffer or permit any such weapon to be carried, or so brought, received, owned, or had by a student or pupil, shall be guilty of a misdemeanor, and, on conviction, be fined not exceeding three hundred dollars or imprisoned in the county jail not exceeding three months, or both.

**1031** (2804). **The same; exhibiting in rude, angry, or threatening manner, etc.**—If any person, having or carrying any dirk, dirk-knife, sword, sword-cane, or any deadly weapon, or other weapon the carrying of which concealed is prohibited, shall, in the presence of three or more persons, exhibit the same in a rude, angry, or threatening manner, not in necessary self-defense, or shall in any manner unlawfully use the same in any fight or quarrel, the person so offending, upon conviction thereof, shall be fined in a sum not exceeding five hundred dollars or be imprisoned in the county jail not exceeding three months, or both. In prosecutions under this section it shall not be necessary for the affidavit or indictment to aver, nor for the state to prove on the trial, that any gun, pistol, or other fire-arm was charged, loaded, or in condition to be discharged.

The omission of the word "manner," after the words "rude, angry, and threatening," in an indictment, is a formal defect, and may be amended as such. In such indictment it is unnecessary to aver that the defendant was "carrying" the weapon. Gamblin v. State, 45 Miss., 658.

**1032** (2769). **Disturbance of family; noises and offensive conduct.**—A person who willfully disturbs the peace of any family or person by an explosion of gunpowder or other explosive substance, or by loud or unusual noise, or by any tumultuous or offensive conduct, shall be punished by fine and imprisonment, or either; the fine not to exceed one hundred dollars, and the imprisonment not to exceed six months in the county jail.

What constitutes the offensive conduct, or the nature or character of the offensive conduct, should be stated in the affidavit or indictment. Finch v. State, 64 Miss., 461.

This section and the next one are intended to protect the peace of families. An affidavit or indictment averring the disturbance merely of an individual, charges no offense under either section. Brooks v. State 67 Miss., 577.

**1033** (2770). **The same; using abusive, etc., language, etc.**—Any person who enters the dwelling-house of another, or the yard or curtilage thereof, or upon the public highway, or any other place near such premises, and in the presence or hearing of the family of the possessor or occupant thereof, or of any member thereof, or of any female, makes use of abusive, profane, vulgar, or indecent language, or is guilty of any indecent exposure of his person at such place, shall be punished for a misdemeanor.

Place is material. An indictment charging the use of abusive language in a yard, is not sustained by proof of its use near the yard. Quin v. State, 65 Miss., 479.

**1034** (2767). **Disturbance of worship; proceedings and penalty.**—If any person shall willfully disturb any congregation of persons lawfully assembled for reli-

# EXHIBIT 48

# PUBLIC LAWS AND RESOLUTIONS

OF THE

# STATE OF NORTH CAROLINA

PASSED BY THE

## GENERAL ASSEMBLY

AT ITS

## SESSION OF 1893,

BEGUN AND HELD IN THE CITY OF RALEIGH

ON WEDNESDAY, THE FOURTH DAY OF JANUARY, A. D. 1893.

TO WHICH ARE PREFIXED

A REGISTER OF STATE OFFICERS, JUDICIARY, A LIST OF COMMISSIONERS OF AFFIDAVITS, MEMBERS OF THE GENERAL ASSEMBLY, AND STATE CONSTITUTION.

**PUBLISHED BY AUTHORITY.**

RALEIGH:
JOSEPHUS DANIELS, STATE PRINTER AND BINDER.
1893.

CHAPTER 512.

**An act to amend section thirteen, chapter three hundred and twenty, acts eighteen hundred and ninety-one.**

*The General Assembly of North Carolina do enact:*

Chapter 320, laws 1891 (railroad commission act) amended. Telephone companies included.

SECTION 1. That chapter three hundred and twenty, section thirteen, laws eighteen hundred and ninety-one, be amended by adding after the word "telegraph" in line five, section thirteen, the words "and telephone."

To make rates for telephone lines.

SEC. 2. That section twenty-six be amended by inserting after the word "telegraph" in line seven the words "or telephone."

SEC. 3. That this act shall be in force from and after its ratification.

Ratified the 6th day of March, A. D. 1893.

---

CHAPTER 513.

**An act to amend chapter five hundred and thirty, laws of one thousand eight hundred and ninety-one.**

*The General Assembly of North Carolina do enact:*

Chapter 530, laws 1891, amended. Appropriation for colored orphan asylum at Oxford, N. C.

SECTION 1. That chapter five hundred and thirty of the laws of one thousand eight hundred and ninety-one be and the same is hereby amended by striking out all after the word "asylum" in line two section one of said chapter down to and including the word "orphanage" in line three of said section and inserting in lieu thereof the words "located at Oxford, North Carolina," and by striking out "one thousand dollars" and inserting the words "fifteen hundred dollars," the latter sum being the entire amount of the annual appropriation to said orphanage.

SEC. 2. That this act shall be in force from and after its ratification.

Ratified the 6th day of March, A. D. 1893.

---

CHAPTER 514.

**An act to prevent the sale of deadly weapons to minors.**

*The General Assembly of North Carolina do enact:*

Unlawful to knowingly sell, &c., to minor certain deadly weapons.

SECTION 1. That it shall be unlawful for any person, corporation or firm knowingly to sell or offer for sale, give or in any way dispose of to a minor any pistol or pistol cartridge, brass knucks, bowie-knife, dirk, loaded cane, or sling-shot.

Sec. 2. That any person, corporation or firm violating this act shall be guilty of a misdemeanor, and upon conviction for each and every offence shall be fined or imprisoned, one or both, in the discretion of the court.

Misdemeanor.

Sec. 3. That this act shall be in force from and after its ratification.

Ratified the 6th day of March, A. D. 1893.

---

## CHAPTER 515.

**An act to amend chapter sixty, section three, of the laws of eighteen hundred and eighty-nine.**

*The General Assembly of North Carolina do enact:*

Section 1. That section three, chapter sixty of the laws of one thousand eight hundred and eighty-nine be and the same is hereby repealed.

Section 3, chapter 60, laws 1889, (reducing school age of Croatan Indians to ten years) repealed.

Sec. 2. That persons of the Croatan race of either sex who are not under thirteen years of age may attend the normal school for the Croatans: *Provided*, that children not under eleven years of age may be admitted who can stand an approved examination in spelling, reading, writing, primary geography and the fundamental rules of arithmetic.

School age for Croatan Indian children.

Sec. 3. That this act shall be in force from and after its ratification.

Ratified the 6th day of March, A. D. 1893.

---

## CHAPTER 516.

**An act to provide for the working of convicts on the public roads of Wayne county.**

*The General Assembly of North Carolina do enact:*

Section 1. It shall be the duty of the county commissioners of Wayne county immediately after the passage of this act to provide means and make all necessary arrangements and rules for the working on the public roads of said county of the convicts which shall hereafter be sentenced to work thereon under the provisions of this act; and to that end it shall be lawful for the said county commis-

Commissioners of Wayne county to provide means, &c., for working convicts on roads.

# EXHIBIT 49

# ANNOTATED CODE

OF THE

# STATE OF IOWA

CONTAINING

ALL THE LAWS OF A GENERAL NATURE

ENACTED BY

## THE TWENTY-SIXTH GENERAL ASSEMBLY,

AT THE EXTRA SESSION, WHICH ADJOURNED JULY 2, 1897.

---

*PUBLISHED BY AUTHORITY OF THE STATE.*

---

DES MOINES, IOWA:
F. R. CONAWAY, STATE PRINTER.
1897.

Generated on 2024-02-17 00:54 GMT / https://hdl.handle.net/2027/mdp.35112105476867
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
UNIVERSITY OF MICHIGAN

person who resorts to such shop, house, room or other place for the purpose of smoking opium or its preparations and compounds, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not exceeding five hundred dollars, or imprisoned in the county jail not exceeding six months, or both. The state, upon the trial of any person indicted for keeping a place described in this section, may, for the purpose of establishing the character of the place so kept by the defendant, introduce evidence of the general reputation of such place so kept, and such evidence shall be competent for such purpose. [26 G. A., ch. 95.]

SEC. **5004. Selling firearms to minors.** No person shall knowingly sell, present or give any pistol, revolver or toy pistol to any minor. Any violation of this section shall be punished by a fine of not less than twenty-five nor more than one hundred dollars, or by imprisonment in the county jail not less than ten nor more than thirty days. [20 G. A., ch. 78.]

SEC. **5005. Sale of tobacco to minors.** No person shall directly or indirectly, by himself or agent, sell, barter or give to any minor under sixteen years of age any cigar or tobacco in any form whatever, except upon the written order of his parent or guardian. Any violation of this section shall be punished by a fine of not less than five nor more than one hundred dollars, and the offender shall stand committed until fine and costs of prosecution are paid. [25 G. A., ch. 61.]

SEC. **5006. Sale of cigarettes.** No one, by himself, clerk, servant, employe or agent, shall, for himself or any person else, directly or indirectly, or upon any pretense, or by any device, manufacture, sell, exchange, barter, dispense, give in the consideration of the purchase of any property, of any services, or in evasion hereof, or keep for sale, any cigarettes or cigarette paper or cigarette wrappers, or any paper made or prepared for the purpose of making cigarettes, or for the purpose of being filled with tobacco for smoking; or own or keep, or be in any way concerned, engaged or employed in owning or keeping, any such cigarettes or cigarette paper or wrappers, with intent to violate any provision of this section; or authorize or permit the same to be done. Whoever is found guilty of violating any of the provisions of this section, for the first offense shall pay a fine of not less than twenty-five dollars nor more than fifty dollars and costs of prosecution, and stand committed to the county jail until such fine and costs are paid; for the second and each subsequent offense, he shall pay, upon conviction thereof, a fine of not less than one hundred dollars nor more than five hundred dollars and the costs of prosecution, or be imprisoned in the county jail not to exceed six months: *provided* that the provisions hereof shall not apply to the sales of jobbers doing an interstate business with customers outside the state. [26 G. A., ch. 96.]

The former statute (26 G. A., ch. 96), from which this section differs in some respects, was held unconstitutional as applied to cigarettes brought into the state and sold in the original package: *State v. McRicker*, 76 Fed., 956.

SEC. **5007. Tax on sale.** There shall be assessed a tax of three hundred dollars per annum against every person, partnership or corporation, and upon the real property, and the owner thereof, within or whereon any cigarettes, cigarette paper or cigarette wrapper, or any paper made or prepared for use in making cigarettes or for the purpose of being filled with tobacco for smoking, are sold or given away, or kept with intent to be sold, bartered or given away, under any pretext whatever. Such tax shall be in addition to all other taxes and penalties, shall be assessed, collected and distributed in the same manner as the mulct liquor tax, and shall be a perpetual lien upon all property both personal and real used in connection with the business; and the payment of such tax shall not be a bar to prosecution under any law prohibiting the manufacturing of cigarettes or cigarette paper, or selling, bartering or giving away the same. But the provisions of this section shall not apply to the sales by jobbers and wholesalers in doing an interstate business with customers outside the state.

Digitized by Google Original from UNIVERSITY OF MICHIGAN

# EXHIBIT 50

yeas 86, nays 1; and passed the Senate by a two-thirds vote, yeas 21, nays 6.]

[NOTE.—The foregoing act was presented to the Governor of Texas for his approval, on Friday, the twenty-first day of May, A. D. 1897, but was not signed by him nor returned to the house in which it originated with his objections thereto within the time prescribed by the Constitution, and thereupon became a law without his signature.—JNO. H. CULLOM, Acting Secretary of State.]

---

H. B. No. 263.] CHAPTER 154.

An Act to prohibit persons, firms or corporations engaged in running pool or billiard tables in a public place, or for profit, knowingly permitting minors in their places of business without the written consent of their parents or guardians, and to provide a penalty therefor.

SECTION 1. *Be it enacted by the Legislature of the State of Texas:* That any person, firm, or corporation engaged in running any pool or billiard table or tables, in a public place, or for profit, or agent of such person, firm, or corporation, who shall knowingly permit any minor, without the written consent of such minor's parent or guardian, in such place of business, shall be fined not exceeding two hundred dollars.

[NOTE.—The foregoing act was presented to the Governor of Texas for his approval, on Friday, the fourteenth day of May, A. D. 1897, but was not signed by him nor returned to the house in which it originated with his objections thereto within the time prescribed by the Constitution, and thereupon became a law without his signature.—J. W. MADDEN, Secretary of State.]

Takes effect 90 days after adjournment.

---

H. B. No. 264.] CHAPTER 155.

An Act to prevent the barter, sale and gift of any pistol, dirk, dagger, slung shot, sword-cane, spear, or knuckles made of any metal or hard substance to any minor without the written consent of the parent or guardian of such minor, or of some one standing in lieu thereof, and providing a penalty for the violation.

SECTION 1. *Be it enacted by the Legislature of the State of Texas:* That if any person in this State shall knowingly sell, give or barter, or cause to be sold, given or bartered to any minor, any pistol, dirk, dagger, slung shot, sword-cane, spear, or knuckles made of any metal or hard substance, bowie knife or any other knife manufactured or sold for the purpose of offense or defense, without the written consent of the parent or guardian of such minor, or of some one standing in lieu thereof, he shall be punished by fine of not less than twenty-five dollars nor more than two hundred dollars, or by imprisonment in the county jail not less than ten nor more than thirty days, or by both such fine and imprisonment. And during the time of such imprisonment such offender may be put to

work upon any public work in the county in which such offense is committed.

[NOTE.—The foregoing act was presented to the Governor of Texas for his approval, on Friday, the fourteenth day of May, A. D. 1897, but was not signed by him nor returned to the house in which it originated with his objections thereto within the time prescribed by the Constitution, and thereupon became a law without his signature.—J. W. MADDEN, Secretary of State.]

Takes effect 90 days after adjournment.

---

H. B. No. 391.]          CHAPTER 156.

An Act to relinquish the title and confirm the patents to certain lands herein named.

SECTION 1. *Be it enacted by the Legislature of the State of Texas:* That the land patents numbered three hundred and eighty-eight (388), five hundred and eighty-three (583) and five hundred and eighty-four (584), Vol. No. Four (4) (of the records of the general land office of the State of Texas), and issued to Thomas M. Joseph and Henry M. Truehart on the 20th day of December, A. D. 1859, and the 23rd day of August, A. D. 1860, covering certain lands in Galveston County, State of Texas, be, and the same are hereby confirmed, and that all right and title of the State of Texas to the lands therein named, be, and the same are hereby relinquished to the parties to whom the said patents were issued, and sale made in accordance with an act approved on the 20th day of February, A. D. 1858, and an act amendatory of the same, approved on the 1st day of February, A. D. 1860, as also by a special act of the legislature of the State of Texas, approved July 29th, A. D. 1870.

[NOTE.—The foregoing act was presented to the Governor of Texas for his approval, on Wednesday, the twelfth day of May, A. D. 1897, but was not signed by him nor returned to the house in which it originated with his objections thereto within the time prescribed by the Constitution, and thereupon became a law without his signature.—J. W. MADDEN, Secretary of State.]

Takes effect 90 days after adjournment.

---

S. S. B. No. 320.]          CHAPTER 157.

An Act to amend Title XXIII, Chapter 4, of the Revised Civil Statutes of the State of Texas, relating to county lines, by adding thereto Article 808a.

SECTION 1. *Be it enacted by the Legislature of the State of Texas:* That Chapter 4, Title XXIII, of the Revised Civil Statutes of the State of Texas, be amended by adding thereto an Article to be known as 808a, which shall read as follows:

Article 808a. Notwithstanding the preceding articles of this chapter, any county in this State may bring suit against any adjoining coun-

# EXHIBIT 51

# LAWS

OF THE

# STATE OF NEW YORK,

PASSED AT THE

## ONE HUNDRED AND TWENTY-THIRD SESSION

OF THE

# LEGISLATURE,

BEGUN JANUARY THIRD, 1900, AND ENDED APRIL
SIXTH, 1900, IN THE CITY OF ALBANY.

## VOL. I.



ALBANY:
J. B. LYON COMPANY, PRINTERS,
1900.

## Chap. 221.

AN ACT to amend chapter two hundred of the laws of eighteen hundred and seventy-three, entitled "An act to amend the charter of the village of Addison, in the county of Steuben."

Became a law, March 23, 1900, with the approval of the Governor. Passed, three-fifths being present.

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

Village charter amended.

Section 1. Section three of title five of chapter two hundred of the laws of eighteen hundred and seventy-three, entitled "An act to amend the charter of the village of Addison in the county of Steuben," is hereby amended by adding at the end thereof a new subdivision, numbered forty-two, to read as follows:

Franchises and contract for electric lighting, etc.

42. The board of trustees of the village, shall have the power and are hereby authorized to grant franchises to any person or persons, corporation or corporations; to erect and maintain in the streets, highways and other places in said village, poles, wires and fixtures for electric lighting purposes; to lay and maintain gas pipes and fixtures for natural or artificial gas in the said streets, highways and other places in said village; to contract for the lighting of the streets and public buildings in said village with electricity, gas or other light; to regulate the use of said streets, so that the same shall not be unnecessarily obstructed by poles or pipes, and the sale and distribution of light to private consumers; also to regulate the erection and maintenance of telegraph and telephone poles in said streets, highways and other places in said village.

Use of streets and sale of light.

§ 2. This act shall take effect immediately.

## Chap. 222.

AN ACT to amend section four hundred and nine of the penal code, relative to dangerous weapons.

Became a law, March 23, 1900, with the approval of the Governor. Passed, three-fifths being present.

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

Section 1. Section four hundred and nine of the penal code is hereby amended so as to read as follows:

§ 409. Making, et cetera, dangerous weapons.—A person who manufactures, or causes to be manufactured, or sells or keeps for sale, or offers, or gives, or disposes of any instrument or weapon of the kind usually known as slungshot, billy, sand-club or metal knuckles, or who, in any city or incorporated village in this state, without the written consent of the police magistrate, sells or gives any pistol, or other firearm, to any person under the age of eighteen years or without a like consent sells or gives away any air-gun, or spring-gun, or other instrument or weapon in which the propelling force is a spring or air to any person under the age of twelve years, or who sells or gives away any instrument or weapon commonly known as a toy pistol, in or upon which any loaded or blank cartridges are used or may be used, to any person under the age of sixteen years, is guilty of a misdemeanor.

§ 2. This act shall take effect September first, nineteen hundred.

## Chap. 223.

AN ACT to authorize, and to entitle the purchaser to, the delivery of affidavits in foreclosure of mortgages by advertisement, and the certified copies thereof, which have been or shall be filed and recorded pursuant to the provisions of title nine of chapter seventeen of the code of civil procedure.

Became a law, March 23, 1900, with the approval of the Governor. Passed, three-fifths being present.

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

Section 1. Each county clerk and register in this state, in whose office, affidavits in foreclosure of mortgages by advertisement, or the certified copies thereof, have been or shall be filed and recorded pursuant to the provisions of title nine of chapter seventeen of the code of civil procedure, entitled "Proceedings to foreclose a mortgage by advertisement," is hereby authorized to deliver the same to the purchaser of the mortgaged property on the foreclosure sale, and such purchaser shall be entitled to such delivery.

§ 2. This act shall take effect September first, nineteen hundred.

# EXHIBIT 52

Virginia. Laws, statutes, etc.

# ACTS

AND

# JOINT RESOLUTIONS

PASSED BY THE

# GENERAL ASSEMBLY

OF THE

# STATE OF VIRGINIA,

DURING THE

## EXTRA SESSION OF 1902–3–4.

---

RICHMOND:
J. H. O'BANNON, SUPERINTENDENT OF PUBLIC PRINTING.
1902.

Generated on 2024-02-21 17:49 GMT / https://hdl.handle.net/2027/njp.32101073363465
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
PRINCETON UNIVERSITY

Case 3:19-cv-01226-L-AHG Document 133-1 Filed 03/15/24 PageID.11678 Page 160 of 280



affairs of the city, and in the execution of the powers hereinafter conferred upon it, and prescribe their duties and term of office; and any office which the council has the power to create it may, at any time for good cause, abolish, whether the term of office of the incumbent has expired or not.

2. Be it further enacted, That the office of auditor of the city of Roanoke be, and the same is hereby, abolished, and the duties prescribed for the auditor as set forth in sections seventy, seventy-one, seventy-two, seventy-three, seventy-four, seventy-five, seventy-six, and seventy-seven of the charter of the city of Roanoke, granted by an act approved February twenty-eight, eighteen hundred and ninety-six, entitled "an act to provide a new charter for the city of Roanoke," are hereby made to devolve upon the city clerk; and wherever the auditor of the city of Roanoke is required to perform any duty under the provisions of the charter aforesaid, or any ordinance or resolution of the council of said city, that duty shall be performed by the city clerk, except, however, that the clerk shall not countersign the warrants of the city to be issued under the direction of the council, such countersigning to be done by such officer as the council shall designate by ordinance.

3. The council shall, by ordinance, define the duties of the city clerk, fix his salary, and prescribe the amount of bond to be given by him.

4. This act shall be in force from its passage.

---

CHAP. 186.—An ACT to prevent the sale or gift of toy firearms to persons under twelve years of age, and to provide a penalty therefor.

Approved April 30, 1903.

1. Be it enacted by the general assembly of Virginia, That it shall be unlawful for any person, firm, corporation, or association, to sell, barter, exchange, furnish, or dispose of by purchase, gift, or in any other manner, any toy gun, pistol, rifle, or other toy firearm, if the same shall, by means of powder or other explosives discharge blank or ball charges, to any person under the age of twelve years. Any firm, corporation, or association violating the provisions of this act shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than fifty dollars nor more than one hundred dollars, or confined in jail for a period not less than thirty nor more than ninety days, either or both.

2. Each sale of any of the articles hereinbefore specified to any person under the age mentioned shall constitute a separate offense, and any person over the age of twelve years who shall purchase, accept, or in any manner acquire any of the toy articles of the kind hereinbefore enumerated for any person under the age of twelve years, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than two hundred dollars, or confined in jail for a period not less than thirty days nor more than six months, either or both.

2. This act shall be in force from its passage.

Generated on 2024-02-21 17:44 GMT / https://hdl.handle.net/2027/njp.32101073363465
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google Original from PRINCETON UNIVERSITY

# EXHIBIT 53

# ACTS

OF THE

# ONE HUNDRED AND TWENTY-SEVENTH LEGISLATURE

OF THE

## STATE OF NEW JERSEY

AND

## Fifty-Ninth Under the New Constitution.

TRENTON, N. J.:
MACCRELLISH & QUIGLEY, STATE PRINTERS.

1903.

Generated on 2024-02-21 18:44 GMT / https://hdl.handle.net/2027/uc1.b3683752
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
UNIVERSITY OF CALIFORNIA

Case 3:19-cv-01226-L-AHG Document 133-1 Filed 03/15/24 PageID.11681 Page 163 of 280

and ninety-eight, or any supplement thereto or amendment thereof; *provided, however,* that before the election, for which provision is made in this section, shall be held, if any territory included within the boundaries of such city is not or shall not be included within the boundary lines of existing wards therein, then such territory shall constitute a new additional ward or shall be divided into additional wards or divided between and annexed to existing wards as the city council or other legislative body of such city may determine; and it shall be the duty of such city council or other legislative body forthwith, by resolution, to designate the boundary line or lines of such ward or wards and to appoint therein and therefor all necessary election officers, and to divide the territory within such new ward or wards or additional territory into proper election districts and to fix and designate the polling places therein.

Proviso.

New wards.

Approved April 8, 1903.

---

## CHAPTER 169.

An Act to amend an act entitled "An act for the punishment of crimes" (Revision of one thousand eight hundred and ninety-eight), approved June fourteenth, one thousand eight hundred and ninety-eight.

BE IT ENACTED *by the Senate and General Assembly of the State of New Jersey:*

1. Section ninety-five of the act entitled "An act for the punishment of crimes" (Revision of one thousand eight hundred and ninety-eight), approved June fourteenth, one thousand eight hundred and ninety-eight, is hereby amended so that the same shall read as follows:

Section amended.

95. It shall not be lawful to sell, barter, exchange, hire or loan to any person under the age of fifteen years, any gun, pistol, toy pistol, or other firearms, or for any per-

Unlawful to sell firearms to children.

Generated on 2024-02-21 18:43 GMT / https://hdl.handle.net/2027/uc1.b3683752
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from UNIVERSITY OF CALIFORNIA

Case 3:19-cv-01226-L-AHG Document 133-1 Filed 03/15/24 PageID.11682 Page 164 of 280

son under the age of fifteen years to purchase, barter or exchange any gun, pistol, toy pistol or other firearms, nor for any person under the age of fifteen years to carry, fire or use a gun, pistol, toy pistol or other firearms, except in the presence of his father or guardian, or for the purpose of military drill in accordance with the rules of a school; it shall be the duty of all persons selling, hiring, bartering or exchanging pistols, revolvers, guns or other firearms, to keep and maintain a book of registry of the same, in which said book of registry shall be entered the number of the article sold, if any, the name of the maker, together with such other means of identification as may be obtainable concerning the same, and also the name and address of the person to whom such pistol, revolver, gun or other firearm is sold, bartered, exchanged or hired, which said book of registry shall be at all times open to inspection by or upon the written order of the judges of the several courts of oyer and terminer and quarter sessions, the attorney-general, and the several prosecutors of the pleas of this state; any person violating this section or failing to comply with the several provisions of the same, or giving a fictitious name or address, or knowing, receiving or registering such name and address, shall be guilty of a misdemeanor.

Record of sales of firearms.

Book open to inspection.

Violation a misdemeanor.

Repealer.

2. All acts and parts of acts inconsistent herewith are hereby repealed, and this act shall take effect immediately.

Approved April 8, 1903.

Generated on 2024-02-21 18:43 GMT / https://hdl.handle.net/2027/uc1.b3683752
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from UNIVERSITY OF CALIFORNIA

# EXHIBIT 54

## STATE OF OREGON

# THE GENERAL LAWS

AND

## JOINT RESOLUTIONS AND MEMORIALS

ENACTED AND ADOPTED BY

## THE TWENTY-SECOND REGULAR SESSION

OF THE

## LEGISLATIVE ASSEMBLY

## 1903

BEGUN ON THE TWELFTH DAY OF JANUARY AND ENDED ON THE TWENTIETH DAY OF FEBRUARY, 1903

SALEM, OREGON
J. R. WHITNEY, STATE PRINTER
1903

Digitized by Google

Section 4. All school lands within sections 16 and 36, hereafter surveyed, shall be offered for sale by the State Land Board, to the highest bidder, for three months after the map shall have been filed in the United States Land Office, and at the expiration of said period shall be sold to the highest bidder: *Provided*, no bid for a less sum than $2.50 per acre shall be accepted. All lands so offered, which shall remain unsold after the expiration of said period of three months, shall then and thereafter be subject to sale to the first legal applicant at $2.50 per acre. All school lands now surveyed and owned by the state, except those acquired by deed or foreclosure of mortgage, shall be sold by the State Land Board to the first legal applicant at $2.50 per acre.

Section 5. The qualifications of applicants for the purchase of lands under the provisions of this act, and the terms of payment, shall be the same as are now required by law.

Passed the senate February 6, 1903.

Passed the house February 20, 1903.

Approved February 24, 1903.

Filed in the office of the Secretary of State February 26, 1903.

---

## AN ACT

[S. B. 193]

To regulate and prohibit the sale, barter, exchange, or gift of explosives, firearms, or other articles of a like kind, to children under the age of fourteen years, and to punish the violation of the provisions of this act.

*Be it enacted by the Legislative Assembly of the State of Oregon;*
*Be it enacted by the People of the State of Oregon:*

Section 1. It shall be unlawful to sell, exchange, barter, or give to any child, under the age of fourteen years, any explosive article or substance, other than an ordinary firecracker, containing ten grains of gunpowder; or to sell, exchange, barter, or give to any such child any firearms, or other device of a like kind, ordinarily used or ordinarily capable of being used in discharging gunpowder in a greater quantity than ten grains; and it is hereby made unlawful in any event to sell, exchange, barter, or give to any child, under the age of fourteen years, any instrument or apparatus, the chief utility of which consists in the fact that it is used, or is ordinarily capable of being used, as an article or device to increase the force or intensity of any explosive, or to direct or control the discharge of any such explosive.

Digitized by Google

Section 2. Any person violating the provisions of this act shall be guilty of a misdemeanor.

Passed the senate February 12, 1903.

Passed the house February 19, 1903.

Approved February 25, 1903.

Filed in the office of the Secretary of State February 26, 1903.

---

## AN ACT

[H. B. 55]

Relating to commitments to the State Reform School; fixing the authority to examine and commit to such school with the county judges of the counties; and fixing the responsibility on counties from which commitments are made to the state for the maintenance of the persons committed therefrom; providing for the manner of payment thereof, and fixing the responsibility of the parents or guardians to the counties from which their children or wards are committed, and to amend sections 3639, 3640, 3641, 3642, 3643, and 3649 of title XXXIV, chapter VII of Bellinger and Cotton's Annotated Codes and Statutes of Oregon, relating to the State Reform School.

*Be it enacted by the People of the State of Oregon; and, also,*
*Be it enacted by the Legislative Assembly of the State of Oregon:*

Section 1. All commitments of minors to the State Reform School must be made by the county judges in their respective counties.

Section 2. That section 3639 of title XXXIV, chapter VII, Bellinger and Cotton's Annotated Codes and Statutes of Oregon, be amended so as to read as follows:

Sec. 3639. Whenever any boy or girl, between the ages of ten and sixteen years, shall be convicted before any court of competent jurisdiction of any crime which, committed by any adult, would be punishable by imprisonment in the county jail or penitentiary, the judge of such court shall forthwith cause a certificate of such conviction to be prepared, under the seal of the said court, if it have a seal, or under the name of the judge, if it have none, and cause the same to be forthwith transmitted to the county judge of the county in which such conviction is had. The county judge shall thereupon commit, by order, such juvenile offender to the State Reform School: *Provided*, that when the crime for which such conviction is had is punishable by imprisonment in the county jail, the court may, in the exercise of its discretion, commit said offender to the county jail for the time authorized by law for the punishment of the offense for which the offender is convicted:

Digitized by Google

# EXHIBIT 55

# ENABLING ACT AND CONSTITUTION

AND

# THE LAWS

PASSED AT THE

# EIGHTH SESSION

OF THE

# LEGISLATURE

OF THE

# STATE OF SOUTH DAKOTA.

**Begun and Held at Pierre, the Capital of Said State, on Tuesday, the Sixth Day of January, 1903, and Concluded March 6th, A. D. 1903.**

STANFORD LIBRARY

## OFFICIAL EDITION.

1903
STATE PUBLISHING CO.
PIERRE, S. D.

Digitized by Google

porated city, town or village for operating and maintaining a ferry or ferries within this state who shall neglect or fail during the period of one month at any one time after the passage of this or any prior act, to keep his or their ferry or ferries in operation or his or their ferry or ferries in a safe condition for the safe transportation of persons and property, according to law shall forfeit all the ferry rights franchises and privileges, and all right title or claim to same, granted under this act or any former act as aforesaid and upon due proof being made before the board of county commissioners, mayor and city council or trustees of any city, town or village of such failure and neglect as aforesaid, the said commissioners, mayor and city council or trustees are authorized, empowered and directed to make and declare such forfeiture absolute and thereupon and thereafter all rights, franchises and privileges, granted by or under this act, or any previous act as aforesaid shall cease to be of force and effect in law or in equity.

Section 1785. Nothing in this chapter shall prevent any person or persons from ferrying persons or property across any stream in this state in time of high water.

Section 1786. If any person shall operate a ferry in this state, without a lease being first obtained as aforesaid, the owners or persons so offending shall forfeit and pay a sum not less than fifty dollars for each month or fractional part thereof in which he shall unlawfully operate such ferry, which sum shall be recovered by action by the county, city, town or village having jurisdiction.

§ 2. REPEAL.] All acts and parts of acts in conflict herewith are hereby repealed.

Approved March 12, 1903.

# FIREARMS.

## CHAPTER 144.

(H. B. 167.)

PROHIBITING THE USE OF FIRE ARMS BY PERSONS UNDER FIFTEEN YEARS OF AGE.

**AN ACT to prohibit the use of fire arms by persons under fifteen years of age.**

*Be it Enacted by the Legislature of the State of South Dakota:*

§ 1. UNLAWFUL TO USE ARMS BY CERTAIN PERSONS.] It shall be unlawful for any person under the age of fifteen years to carry, use or

Digitized by Google

discharge any rifle, shot gun, revolver or other fire arms except with the consent and knowledge of their parents or guardians.

§ 2. DUTY OF PARENT OR GUARDIAN.] It shall be unlawful for any parent or guardian, having the legal charge or control of any minor under the age of fifteen years, to allow or permit such minor to use or carry while loaded any of the arms mentioned in section one of this act within the platted portion or within the distance of one mile of the platted portion of any city, town or village.

§ 3. PENALTY FOR VIOLATION.] Any person or persons violating the provisions of this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in a sum not exceeding Fifty Dollars.

Approved March 10, 1903.

---

# FISH.

---

Chap 145
Ch 112 - '05

## CHAPTER 145.

(H. B. 104.)

RELATING TO FISH.

**AN ACT entitled an act amending section 3103 of the revised political code of South Dakota, of 1903, relating to time when it shall be unlawful to catch, sell or transport fish.**

*Be it Enacted by the Legislature of the State of South Dakota:*

§ 1. AMENDMENT.] That section 3103 of the revised political code of South Dakota of 1903, be and the same is hereby amended so as to read as follows:

Section 3103. It shall be unlawful to kill, take or have in possession any trout, bass, carp, shad or croppies taken or killed in any of the waters of this state during the months of October, November, December, January, February and April, or either of said months in any year and the possession of said bass, trout, carp, shad or croppies, by any person during the above mentioned months shall be prima facie evidence of the violation of the provisions of this section, and the burden shall be upon the defendant to establish that such fish so in his possession were taken without the state. It shall be unlawful to sell or offer for sale at any time, any trout or other food fish, taken or killed in any of the waters of this state, or to ship or transport them out of the state. It shall be unlawful for any Express company or other carrier to receive, ship or transport any trout or other food fish taken or killed in any of the public waters of this state. It shall be unlawful to kill or destroy, or have in possession for

Digitized by Google

# EXHIBIT 56

# LAWS

OF THE

# STATE OF INDIANA

PASSED AT THE

SIXTY-FOURTH REGULAR SESSION

OF THE

GENERAL ASSEMBLY

BEGUN ON THE FIFTH DAY OF JANUARY, A. D. 1905

---

By Authority
DANIEL E. STORMS
Secretary of State

---

INDIANAPOLIS
WM. B. BURFORD, CONTRACTOR FOR STATE PRINTING AND BINDING
1905

without additional help, he shall at once notify the governor and ask the aid of the state. Thereupon the governor shall be authorized to furnish such military force as may be necessary to preserve order and protect such prisoner; and the auditor of state shall draw a warrant upon the treasurer of state for payment of the expenses thereby incurred: *Provided, however,* That such sheriff shall not make such demand upon the governor until he shall first have exhausted all other means at his command for the protection of such prisoner.

**Rout.**

SEC. 446. If three or more persons shall meet together to do an unlawful act upon a common cause, and shall make advances toward the commission thereof, they shall be deemed guilty of a riot [rout], and, on conviction, shall be fined not exceeding one hundred dollars each, or they may each be imprisoned in the county jail not exceeding sixty days.

**Provocation.**

SEC. 447. Whoever, by words, signs or gestures, provokes or attempts to provoke another to commit an assault or an assault and battery upon him, such other person having then and there the ability to commit such assault or assault and battery, is guilty of criminal provocation, and, on conviction, shall be fined not exceeding twenty dollars.

**Weapon—Drawing Dangerous.**

SEC. 448. Whoever draws, or threatens to use, any pistol, dirk, knife, slung-shot or other deadly or dangerous weapon, already drawn upon any other person, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined not less than one dollar nor more than five hundred dollars, to which may be added imprisonment in the county jail not exceeding six months: *Provided,* That the provisions of this section shall not apply to a person drawing or threatening to use such dangerous or deadly weapon in defense of his person or property, or in defense of those entitled to his protection by law.

**Weapon—Carrying Dangerous.**

SEC. 449. Every person, not being a traveler, who shall wear or carry any dirk, pistol, bowie-knife, dagger, sword in cane or any other dangerous or deadly weapon concealed, or who shall carry or wear any such weapon openly, with the intent or avowed purpose of injuring his fellowman, shall, on conviction, be fined not exceeding five hundred dollars. Any such weapon which upon arrest upon this charge shall be found upon the person of such arrested

person shall be taken by the officer making such arrest and, unless such officer be the sheriff, such weapon shall be deposited with such sheriff, and in every instance such weapon shall be held by the sheriff subject to the final order of the court thereupon. In case the arrested person be found guilty of violating this statute by wearing or carrying such concealed weapon there shall be entered as part of the judgment of conviction of said crime an order to the sheriff directing the destruction of such weapon by the justice, mayor, city judge or judge of the criminal or circuit court before whom or in whose court such cause is pending, and the sheriff shall execute the same in the manner and at the time fixed by such order. Any person three times convicted within any period of two years of committing any of the offenses defined in this section shall upon such third conviction be imprisoned in the state prison not more than one year.

**Weapon—Furnishing to Minor.**

SEC. 450. It shall be unlawful for any person to sell, barter or give to any other person under the age of twenty-one years any pistol, dirk or bowie-knife, slung-shot, knucks or other deadly weapon that can be worn or carried concealed upon or about the person, or to sell, barter or give to any person under the age of twenty-one years any cartridges manufactured and designed to be used in a pistol or revolver. Any person who shall violate any of the provisions of this section shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined not less than five dollars nor more than fifty dollars.

**Toy Pistols.**

SEC. 451. It shall be unlawful for any person, firm, company or corporation to manufacture, sell or expose for sale, or give away as a prize or reward, any toy pistol or other device for the purpose of exploding caps or wafers containing fulminates or other explosive compounds; and any person, firm, company or corporation so manufacturing, selling or offering to sell or give away any such toy pistol or other devices, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined not less than ten dollars nor more than fifty dollars, or be imprisoned in the county jail not less than ten days nor more than twenty days.

**Weapon—Aiming.**

SEC. 452. It shall be unlawful for any person over the age of ten years, with or without malice, purposely to point or aim any pistol, gun, revolver or other firearm, either loaded or empty, at or toward any other person; and any person so offending shall be deemed guilty of an unlawful act, and, on conviction, shall be fined not less than one dollar nor more than five hundred dollars.

# EXHIBIT 57

# LAWS

OF THE

# STATE OF UTAH,

PASSED AT THE

## SIXTH REGULAR SESSION

OF THE

## Legislature of the State of Utah,

HELD AT

SALT LAKE CITY, THE STATE CAPITAL, IN JANUARY, FEBRUARY AND MARCH, 1905.

OHIO STATE UNIVERSITY
LAW LIBRARY.

PUBLISHED BY AUTHORITY.

Provo, Utah,
The Skelton Pub. Co.,
1905.

Digitized by Google

## CHAPTER 51.

RECORDING INSTRUMENTS IN OFFICE OF COUNTY RECORDER.

**An Act to provide for recording instruments in the office of county recorders.**

*Be it enacted by the Legislature of the State of Utah:*

SECTION 1. **Certain instruments to be recorded.** All papers, notices and instruments of writing required, by the Revised Statutes of Utah, 1898, and the laws of Utah subsequent thereto, to be filed in the office of county recorders, shall hereafter be recorded.

Approved this 8th day of March, 1905.

---

## CHAPTER 52.

TO PROHIBIT SALE TO AND CARRYING OF FIREARMS BY MINORS.

**An Act to prohibit the sale of firearms to minors and the carrying of firearms by minors, and prescribing penalties for violation thereof.**

*Be it enacted by the Legislature of the State of Utah:*

SECTION. 1. **Selling or giving firearms to minors under fourteen.** Any person who sells, gives, or disposes of, or offers to sell, give or dispose of, any pistol, gun, target gun or other firearm, to any person under the age of fourteen years, is guilty of a misdemeanor.

SEC. 2. **Minor under fourteen must not carry firearms.** Any person under the age of fourteen years who shall carry, or have in his possession, any pistol, gun, target gun or other firearm, unless accompanied by a parent or guardian, shall be guilty of a misdemeanor.

Approved this 9th day of March, 1905.

Digitized by Google

# EXHIBIT 58

# GENERAL LAWS

OF THE

# STATE OF IDAHO

PASSED AT THE TENTH SESSION

OF THE

STATE LEGISLATURE

---

PUBLISHED BY AUTHORITY OF THE
SECRETARY OF STATE

---

BOISE, IDAHO
SYMS-YORK COMPANY
PRINTERS & BINDERS
1909

Section 351. At the general election, A. D. 1912, and every fourth year thereafter, there shall be elected such a number of Electors of President and Vice President of the United States as the State may be entitled to in the Electoral College.

Approved on the 17th day of February, 1909.

---

HOUSE BILL NO. 62.

## AN ACT

TO REGULATE THE USE AND CARRYING OF CONCEALED DEADLY WEAPONS AND TO REGULATE THE SALE OR DELIVERY OF DEADLY WEAPONS TO MINORS UNDER THE AGE OF SIXTEEN YEARS, TO PROVIDE A PENALTY FOR THE VIOLATION OF THE PROVISIONS OF THIS ACT, AND TO EXEMPT CERTAIN PERSONS.

*Be It Enacted by the Legislature of the State of Idaho*:

SECTION 1. If any person, (excepting officials of a county, officials of the State of Idaho, officials of the United States, peace officers, guards of any jail, any officer of any express company on duty), shall carry concealed upon or about his person any dirk, dirk knife, bowie knife, dagger, slung shot, pistol, revolver, gun or any other deadly or dangerous weapon within the limits or confines of any city, town, or village, or in any public assembly, or in any mining, lumbering, logging, railroad, or other construction camp within the State of Idaho, or shall, in the presence of one or more persons, exhibit any deadly or dangerous weapon in a rude, angry, or threatening manner, or shall have or carry any such weapon upon or about his person when intoxicated, or under the influence of intoxicating drinks, or shall, directly or indirectly, sell or deliver, loan or barter to any minor under the age of sixteen (16) years any such weapon, without the consent of the parent or guardian of such minor, he shall upon conviction, be punished by a fine of not less than twenty-five dollars ($25.00) nor more than two hundred dollars ($200.00), or by imprisonment in the county jail for a period of not less than twenty (20) nor more than sixty (60) days, or by both such fine and imprisonment: *Provided, however*, that it shall be a good defense to the charge of carrying such concealed weapons if the defendant shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defense of his person, family, home or property.

Approved on the 17th day of February, 1909.

# EXHIBIT 59

*Chap.*198 AN ACT RELATIVE TO THE CONSTRUCTION OF SPECIFIC DEVISES OF REAL ESTATE AND TO THE SALE OF SUCH REAL ESTATE BY EXECUTORS AND ADMINISTRATORS.

*Be it enacted, etc., as follows:*

Specific devises of real estate construed, etc.

SECTION 1. A specific devise of real estate subject to a mortgage given by the testator, unless the contrary shall plainly appear by his will, shall be deemed to be the devise of the interest only which the testator had at the time of his decease in such real estate over and above such mortgage, and if the note or obligation of the testator secured by such mortgage be paid out of his other property after his decease, the executor of his will or the administrator with the will annexed of his estate shall, at the request of any person interested and by leave of the probate court, sell such real estate specifically devised for the purpose of satisfying the estate of the testator for the amount so paid, together with the costs and expenses of such sale.

Repeal.

SECTION 2. All acts and parts of acts inconsistent herewith are hereby repealed.

When to take effect.

SECTION 3. This act shall take effect on the first day of January in the year nineteen hundred and ten, but it shall apply only to wills made after that date.

*Approved March 19, 1909.*

---

*Chap.*199 AN ACT TO PROHIBIT THE SALE OF AIR GUNS TO CERTAIN MINORS.

*Be it enacted, etc., as follows:*

R. L. 102, § 92, amended.

Penalty for sale, etc., of firearms, etc., to minors.

Section ninety-two of chapter one hundred and two of the Revised Laws is hereby amended by inserting after the word "firearms", in the second line, the words: — air guns, — so as to read as follows: — *Section 92.* Whoever sells or furnishes to a minor under the age of fifteen years any firearms, air guns or other dangerous weapon shall be punished by a fine of not less than ten nor more than fifty dollars for each offence; but instructors and teachers may furnish military weapons to pupils for instruction and drill. *Approved March 19, 1909.*

# EXHIBIT 60

## CHAPTER 249.

[S. B. 300.]

[The Criminal Code was taken largely from New York and Minnesota.]

CRIMINAL CODE.

AN ACT relating to crimes and punishments and the rights and custody of persons accused or convicted of crime, and repealing certain acts.

*Be it enacted by the Legislature of the State of Washington:*

### CHAPTER 1.

GENERAL PROVISIONS.

SECTION 1. *Classification of Crimes.*

Classification of crimes.

A crime is an act or omission forbidden by law and punishable upon conviction by death, imprisonment, fine or other penal discipline. Every crime which may be punished by death or by imprisonment in the state penitentiary is a felony. Every crime punishable by a fine of not more than two hundred and fifty dollars, or by imprisonment in a county jail for not more than ninety days, is a misdemeanor. Every other crime is a gross misdemeanor.

SEC. 2. *Persons Punishable.*

Persons punishable.

The following persons are liable to punishment:

1. A person who commits in the state any crime, in whole or in part.

2. A person who commits out of the state any act which, if committed within it, would be larceny, and is afterward found in the state with any of the stolen property.

3. A person who, being out of the state, counsels, causes, procures, aids or abets another to commit a crime in this state.

4. A person who, being out of the state, abducts or kidnaps, by force or fraud, any person, contrary to the laws of the place where the act is committed, and brings, sends or conveys such person into this state.

5. A person who commits an act without the state which affects persons or property within the state, or the public health, morals or decency of the state, which, if committed within the state, would be a crime.

SEC. 307. *Aiming or Discharging Firearms.*

Discharging firearms.

Every person who shall aim any gun, pistol, revolver or other firearm, whether loaded or not, at or towards any human being, or who shall wilfully discharge any firearm, air gun or other weapon, or throw any deadly missile in a public place, or in any place where any person might be endangered thereby, although no injury result, shall be guilty of a misdemeanor.

SEC. 308. *Use of Firearms by Minor.*

Use of firearms by minor.

No minor under the age of fourteen years shall handle or have in his possession or under his control, except while accompanied by or under the immediate charge of his parent or guardian, any firearm of any kind for hunting or target practice or for other purposes. Every person violating any of the foregoing provisions, or aiding or knowingly permitting any such minor to violate the same, shall be guilty of a misdemeanor.

SEC. 309. *Offenses in Public Conveyances.*

Offenses in public conveyances.

Every person who shall wilfully use profane, offensive, or indecent language or engage in any quarrel in any public conveyance, or interfere with or annoy any passenger therein, or, having refused to pay the proper fare, shall fail to leave any such conveyance upon demand, or, with intent to avoid the payment of fare shall ride upon any car or engine not commonly used for the carriage of passengers, shall be guilty of a misdemeanor.

SEC. 310. *Criminal Anarchy Defined.*

Criminal anarchy.

Criminal anarchy is the doctrine that organized government should be overthrown by force or violence, or by assassination of the executive head or of any of the executive officials of government, or by any unlawful means. The advocating of such doctrine either by word of mouth or writing is a felony.

SEC. 313. [311.] *Advocacy of Criminal Anarchy.*

Advocacy of criminal anarchy.

Every person who—

1. By word of mouth or writing shall advocate, advise or teach the duty, necessity or propriety of overthrowing or overturning organized government by force or violence,

# EXHIBIT 61

# THE CODE

OF THE

# STATE OF GEORGIA

---

ADOPTED AUGUST 15
1910

---

PREPARED BY
JOHN L. HOPKINS

---

## VOL. II

---

ATLANTA, GEORGIA
FOOTE & DAVIES COMPANY
PRINTERS AND BINDERS
1911

self-defense, or in defense of habitation, property, or person, or other instances standing upon like footing of reason and justice, shall be guilty of a misdemeanor.

Acts 1876, p. 112.

§350. (§344.) **Furnishing weapons to minors.** If any person shall knowingly sell or furnish any minor with a pistol, dirk, bowie-knife, or sword-cane, he shall be guilty of a misdemeanor. Nothing herein contained shall be construed as forbidding the furnishing of such weapons under circumstances justifying their use in defending life, limb, or property.

---

ARTICLE 4.

## Preservation of Order at Parades.

Acts 1878-9, p. 110. 1895, p. 63.

§351. (§345.) **Commanding officer may arrest disturbers.** The officer commanding any detachment, company, or battalion at any parade, or during the performance of any other duty ordered by proper authority, shall have authority to arrest and place under confinement, during the continuance of such duty, any person who shall in any way willfully disturb or interrupt the peaceable and orderly proceedings of such detachment, company, or battalion, and such person shall, moreover, be guilty of a misdemeanor.

Cobb. 743. Acts 1895, p. 63.

§352. (§346.) **Interfering with officer or soldier on duty.** If a bystander, or person not connected with the military, shall molest, interrupt, or insult any officer or soldier, while on duty, at any muster or parade, he shall be guilty of a misdemeanor, and the commanding officer, where such offense may happen, shall have power to confine such person under guard until the close of such parade or muster.

Acts 1895, p. 63.

§353. (§347.) **Commander may confine person disturbing military.** The commanders of companies, battalions, regiments, brigades, or divisions, when on duty with their respective commands or parts thereof, shall have power, in their discretion, to arrest and confine, not exceeding the period for which they were on duty, any person who shall, upon or near any parade ground, field, public highway, or any other place occupied by any portion of the military force under arms, by means of ludicrous disguise, dress, arms, and instruments, noise, or other means, disturb the peaceable and orderly proceedings of those under arms, and such offender shall be guilty of a misdemeanor.

26 Ga.App. 530
Court of Appeals of Georgia, Division No. 2.

SPIRES
v.
GOLDBERG ET AL.

No. 12052.
|
March 16, 1921.

*Syllabus by the Court.*

Where one has violated a penal statute of this state which forbids the sale of a pistol to a minor, and injury results therefrom, he should be held liable for the injury, if it be a natural and probable consequence of the violation of the statute and should reasonably have been anticipated by the offender as a natural and probable result of his unlawful act.

If, subsequently to the original wrongful act, a new cause intervened, sufficient of itself to stand as the cause of the injury, the former will be considered as too remote. But if the intervening cause and its probable consequences should reasonably have been anticipated by the original wrongdoer as a natural and probable result of the wrongful act, the causal connection between the wrongful act and the consequent injury is not broken, and an action for resulting damages will lie against the original tort-feasor.

***586** A tortious act may have several consequences, concurrent or successive, for all of which the first tort-feasor is responsible; and a consequence of an original wrong may in turn become the cause of succeeding consequences, and should not be regarded as an efficient intervening cause, which will excuse the original cause, so long as it appears that the injury is attributable to the original wrong as a result which reasonably might or ought to have been anticipated and foreseen.

The allegations of the petition show that the defendant sold to a minor loaded cartridges and a pistol in violation of the criminal statute of the state, and that this minor, some days afterwards, lent the pistol to another minor, and the latter shot, injured, and damaged a third minor, who brought suit against the defendant as the original wrongdoer. *Held*, that these allegations, with others in the petition, presented issuable facts relating to the cause of action and the liability of the defendant, which should have been submitted to the jury, and the court erred in sustaining the demurrer and dismissing the petition.

**Synopsis**
Error from Superior Court, Richmond County; H. C. Hammond, Judge.

Action by Phocian Spires, by next friend, against Sam Goldberg and others. Judgment for defendants, and plaintiff brings error. Reversed.

The petition, briefly stated, makes the following allegations: In November, 1919, the defendants sold to a named minor, about 14 years of age, a pistol and loaded cartridges to be used in it, and the following January this minor loaned the pistol to a minor of about the same age, for the purpose of using it in target practicing. Two days later this second minor took the pistol to school, for the purpose of returning it, and while he was playing with it and demonstrating it to another minor it was discharged, and the bullet entered the petitioner's right shoulder, inflicting a dangerous and painful wound. The petition alleges that the defendants were negligent in selling the pistol to a minor in violation of the statute of the state of Georgia; that they were criminally negligent in so selling it, and were guilty of negligence per se; that they knew, or by the exercise of ordinary care and forethought should have known, that by reason of the immature age and lack of experience and understanding of the minor to whom they sold the pistol the public was endangered, and some one was liable to be killed or injured by the weapon.

The defendants demurred generally on the ground that no cause of action was set forth; that the sale of the pistol to a minor, and the lending of the pistol, nearly 60 days thereafter, by that minor to another minor, by whom it was accidentally discharged while he was playing with it, did not constitute the immediate cause of the injury received by the plaintiff, and the injury could not have been reasonably expected by the defendants; that the proximate cause of the injury was the act of the minor who negligently discharged the pistol; that it was not such a probable result as could have been foreseen by the defendants, so as to make them liable therefor; that the mere sale of the pistol to a minor, even though in violation of the statute, there being no reason to anticipate that he would, after an interval of 60 days or more, lend it to another minor, who might inadvertently, by demonstrating it, injure a third

minor, was not, in legal contemplation, to be anticipated by the defendants in the sale of the pistol.

The demurrer was sustained, and the petition dismissed, and the plaintiff excepted.

**Attorneys and Law Firms**

P. H. Rowe, Jas. S. Bussey, Jr., and Henry G. Howard, all of Augusta, for plaintiff in error.

C. Henry & R. S. Cohen, of Augusta, for defendants in error.

**Opinion**

HILL, J. (after stating the facts as above).

Section 350 of the Penal Code of this state (1910) forbids the sale of pistols to minors and makes the violation of the statute a misdemeanor. It has been uniformly held in this state that a violation of a penal statute resulting in injury is negligence per se, and authorizes a recovery by the party injured, without other negligence. Platt v. Southern Photo Material Co., 4 Ga. App. 159, 60 S. E. 1068; Elk Cotton Mills v. Grant, 140 Ga. 729, 79 S. E. 836, 48 L. R. A. (N. S.) 656. There is no doubt as to this legal proposition, and if the minor who bought the pistol from the defendants had intentionally or negligently discharged it, causing injury to another, in the absence of negligence on the part of the injured person, the right to recover damages would result, without proof of any other act of negligence on the part of the defendants. 1 Thompson on Negligence, § 10.

Did the fact that the injury was not inflicted by the minor to whom the defendants sold the pistol, and did not "follow immediately upon" the violation of the statute, but was inflicted by another minor, to whom the pistol was loaned by the first minor, prevent a recovery of consequential damages? The solution of this question depends upon the application of the facts, admitted to be true by the demurrer, to the well-settled principles of law relating to proximate and remote cause. As tersely stated in section 4509 of Civil Code (1910):

> ***587** "If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrongdoer."

And the next section of the Code (§ 4510) states the rule for ascertaining when damages can be recovered:

> "Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. But damages traceable to the act, but not its legal or material consequence, are too remote and contingent."

These definitions are in substantial harmony with the decisions of the courts and the dicta of text-writers. The divergent and conflicting views are due to the difficulty of application of the principle to the particular facts of the case. Nothing new can be added to the many exhaustive discussions on the subject by the courts and learned writers, and we will content ourselves with a statement of the accepted general rule, and endeavor to make such application of the facts of this case as will correctly indicate the proper legal conclusion. The general rule of law is that--
"Whoever does an illegal or wrongful act is answerable for all the consequences that ensue in the ordinary and natural course of events, though those consequences be immediately and directly brought about by the intervening agency of others, provided these acts causing the damage were the necessary or legal and natural consequences of the original wrongful act." Addison on Torts (Wood's Ed.) § 12; Southern Ry. Co. v. Webb, 116 Ga. 152, 42 S. E. 395, 59 L. R. A. 109; Valdosta Street Ry. Co. v. Fenn, 11 Ga. App. 587, 75 S. E. 984.

In further elucidation of the subject it may be stated, in the apt language of the attorney of the plaintiff in error in his excellent brief:
"A tortious act may have several consequences, concurrent or successive, for all of which the first tort-feasor is responsible, and a consequence of an original wrong may in turn become the cause of succeeding consequences and should not manifestly be regarded as an intervening cause which will relieve the original cause, so long as it affirmatively appears that the mischief is attributable to the original wrong as a

result which reasonably might have been, or ought to have been, foreseen as probable." Southern Ry. Co. v. Webb, supra; Valdosta Street Ry. Co. v. Fenn, supra.

The earliest illustration of the above-stated legal rule is found in the celebrated "squib" case, frequently referred to and approved by subsequent learned authorities. In that case the defendant threw a lighted squib into a large concourse of people in a market.

> "The squib fell upon the standing of one Yates, who sold gingerbread; * * * one Willis instantly, and to prevent injury to himself and the said wares of the said Yates, took up the lighted squib from off the said standing, and then threw it across the * * * market house, when it fell upon another standing there of one Ryal, who sold the same sort of wares, who instantly, and to save his own goods from being injured, took up the said lighted squib from off the said standing, and then threw it to another part of the market house, and in so throwing it, struck the plaintiff * * * in the face therewith, and the combustible matter then bursting put out one of the plaintiff's eyes."

The judges unanimously held that the action was maintainable against the wrongdoer who first threw the lighted squib. The language of the judges in that case is strongly applicable to the facts of the instant case. Nares, J., said:

> "Wherever an act is unlawful at first, trespass will lie for the consequences of it. He [the defendant] is the person who * * * gave the mischievous faculty to the squib. That mischievous faculty remained in it till the explosion. No new power of doing mischief was communicated to it by Willis or Ryal. It is like the case of a mad ox turned loose in a crowd. The person who turns him loose is answerable for whatever mischief he may do. The intermediate acts of Willis and Ryal will not purge the original tort in the defendant. But he who does the first wrong is answerable for all the consequential damage."

Gould, J., was of the same opinion with Nares, J.:

> "I agree with Brother Nares that, whenever a man does an unlawful act, he is answerable for all the consequences. * * * I think the defendant may be considered in the same view as if he himself had personally thrown the squib in the plaintiff's face."

De Grey, C. J., said:
"The true question is whether the injury is the direct and immediate act of the defendant; and I am of opinion that in this case it is. * * * I look upon all that was done subsequent to the original throwing as a continuation of the first force and first act." Scott v. Shepherd, 2 Wm. Blackstone, 892.

This case is quoted from at length because it has been substantially followed ever since, and Mr. Thompson calls it--"the best illustration of the doctrine of proximate and remote cause and of the interposition of causes deemed to have been set in motion by the original wrongdoer." 1 Thompson on Negligence, § 53.

Let us briefly apply to the facts of the instant case the law as announced by these learned judges. Here the defendants were the original wrongdoers. They gave the "mischievous faculty" to the pistol with the loaded cartridges when they sold it to the ***588** minor in violation of the penal statute. That "mischievous faculty" remained in the pistol while the first minor had it in his possession and until it exploded in the hands of the second minor. The intermediate act of the second minor did not purge the original criminal act of the defendant. The fact that the first minor had possession of the pistol for some time is not material. The illegal act of placing it in his possession made the defendants responsible for any damages resulting as a legal and reasonable consequence until protected by the statute of limitations.

There are many other cases illustrating the point now under consideration and supporting the view we take of this case, but we will cite only two, which come nearest to analogy. In Fowell v. Grafton, 22 Ontario Law Reports, 550, the defendants sold an airgun to a boy who used it to shoot birds. While engaged in that pastime one of the bullets injured the plaintiff, who sued the defendants for damages, alleging negligence. A verdict was found for the plaintiff, and on appeal the judgment was affirmed. The selling of the airgun to a minor was a violation of the statute. Clute, J., in his opinion, used the following language appropriate to the instant case:

> "Was the sale the causing cause of the accident, or was it too remote to be so regarded? The prohibition against selling an airgun to an infant under 16 years of age was, no doubt, to protect the child and the public as well, from the danger which would arise from an instrument of that kind being placed in the hands of such a person. The sale of the instrument makes the danger possible, and in that sense the defendants have created a dangerous condition of affairs which in effect resulted in the injury complained of. * * * The prohibition must mean that, if a child of tender age had a gun, he would probably use it, and, if he used it, he would probably hurt either himself or somebody else. * * * During all the time the infant had possession of the gun, that possession was unlawful, and made unlawful by the defendants. He was unlawfully possessed of it by their act; the natural result following--having become possessed of the weapon, he used it, and in using it caused the injury. His final act in the using is so connected with the prohibition that I do not think * * * it is so remote as to have entitled the defendants to have the case withdrawn from the jury."

In Binford v. Johnston, 82 Ind. 426, 42 Am. Rep. 508, the facts are as follows: Two boys, one aged 10 and the other 12 years, purchased of a dealer cartridges for use in a toy pistol. * * * It was against the statute to sell pistol cartridges to minors. * * * Shortly after the purchase the toy pistol, loaded with one of the cartridges, was picked up by another minor, who discharged it, killing one of the minors first mentioned. It was held that the dealer was liable for the death of the boy killed. The judge who spoke for the court used the following language strongly applicable to the facts of the case now under discussion: "A man who places in the hands of a child an article of a dangerous character, and one likely to cause injury to the child * * * or to others, is guilty of an actionable wrong. * * * The more difficult question is whether the result is so remote from the original wrong as to bring the case within the operation of the maxim 'causa proxima, et non remota, spectatur.' * * * The fact that some agency intervenes between the original wrong and the injury does not necessarily bring the case within the rule; on the contrary, it is firmly settled that the intervention of a third person or of other and new direct causes does not preclude a recovery if the injury was the natural or probable result of the original wrong. Billman v. Indianapolis, etc., R. R. Co., 76 Ind. 166, 40 Am. R. 230. This doctrine remounts to the famous case of Scott v. Shepherd, 2 W. Black, 892, commonly known as the 'squib case.' The rule goes so far as to hold that the original wrongdoer is responsible, even though the agency of a second wrongdoer intervened. This doctrine is enforced with great power by Cockburn, C. J., in Clark v. Chambers, 7 Cent. L. J. 11, and is approved by the text-writers. * * * It is a probable consequence of such a sale as that charged against appellant that the explosives may be so used by children, among whom it is natural to expect that they will be taken, as to injure the buyers or their associates. * * * One who deals with children must anticipate the ordinary behavior of children. The appellant was bound to take notice of the natural conduct of lads like those to whom he sold the cartridges, and it cannot be justly said that the act of the lads in carrying the pistol with them to their home, and leaving it upon the floor within reach of their brother and playmate, was an unnatural or improbable one."

So, in the instant case, were not the defendants, when they sold the pistol to the minor, legally bound to take knowledge of the habits of boys to lend their pistols to their playmates, and that minors are in the habit of great negligence in handling these weapons while playing with and exhibiting them to other playmates? The purpose of the Legislature, in the act making it a misdemeanor to sell a pistol to a minor, was twofold--to protect that class and to prevent injuries resulting from negligence in the handling of these dangerous weapons by irresponsible persons. Knowledge of this purpose in a legal sense was chargeable to the defendants when they violated the

law by selling the pistol to the minor. With such knowledge, is it not reasonable to assume that they were also chargeable with notice that a violation of the statute would result in the evil which its enactment was intended to prevent?

We conclude that under the allegations of the petition, admitted to be true by the demurrer, ***589** the question whether the violation of the statute by the defendant was the proximate cause of the plaintiff's injury, and the injury a result which he might in the exercise of prudence have reasonably anticipated as a natural result of his unlawful act, or whether the act of the minor who actually shot the plaintiff was such an intervening efficient cause as would prevent the unlawful act of the defendant from being the proximate cause, was a question properly determinable by the jury. 22 R. C. L., § 31; Mills v. Central of Ga. Ry. Co., 140 Ga. 181, 78 S. E. 816, Ann. Cas. 1914C, 1098; Mayor and Council of Unadilla v. Felder, 145 Ga. 440, 89 S. E. 423; Bonner v. Standard Oil Co., 22 Ga. App. 535, 96 S. E. 573; Sparta Oil Mill v. Russell, 6 Ga. App. 296, 65 S. E. 37.

Judgment reversed.

JENKINS, P. J., and STEPHENS, J., concur.

**All Citations**

26 Ga.App. 530, 106 S.E. 585

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 62

# LAWS

OF THE

# STATE OF DELAWARE

PASSED

AT A SESSION OF THE GENERAL ASSEMBLY

COMMENCED AND HELD AT DOVER

## On Tuesday, January 3rd, A. D. 1911

AND

IN THE YEAR OF THE INDEPENDENCE OF THE UNITED STATES THE ONE HUNDRED AND THIRTY-FIFTH

---

VOLUME XXVI

---

THE STAR PRINTING CO.
WILMINGTON, DEL.
1911

## CHAPTER 15.

### OF THE REVENUES OF THE STATE.

**AN ACT regulating the sale of deadly Weapons and providing a Special License therefor.**

*Be it enacted by the Senate and House of Representatives of the State of Delaware in General Assembly met:*

Dealers in deadly weapons must obtain a special license to sell.

Section 1. That from and after the first day of June, in the year of our Lord, one thousand nine hundred and eleven, it shall be unlawful for any person or persons, firm, company or corporation, to sell, or expose to sale, any pistol or revolver, or revolver or pistol cartridges, stiletto, steel or brass knuckles, or other deadly weapons made especially for the defense of one's person, without first having obtained a license therefor, which license shall be known as "Special License to Sell Deadly Weapons;" provided, however, that this provision shall not relate to toy pistols, pocket knives, or knives used in the domestic household, or surgical instruments or tools of any kind.

Not to relate to certain implements.

Shall pay $25 for said license.

Section 2. Any person or persons, firm, company or corporation, desiring to engage in the business of selling revolvers, pistols, or revolver or pistol cartridges, stilettos, steel or brass knuckles, or other weapons made for the defense of one's person, shall, after the above mentioned date, apply to the Clerk of the Peace of the County in which it is desired to conduct such business and shall obtain a license therefor, for which he, they, or it shall pay the sum of twenty-five dollars, which said license shall entitle the holder thereof to conduct said business for the term of one year from its date.

License to continue for one year.

Shall not sell to a minor, or intoxicated person.

Section 3. It shall be unlawful for any person or persons, or a member of any firm, or the agents or officers of any corporation to sell to a minor, or any intoxicated person,

any revolver, pistol, or revolver or pistol cartridges, stiletto, steel or brass knuckles, or other deadly weapons, made especially for the defense of one's person.

Shall keep a book to be furnished by the Clerk of the Peace.

Section 4. It shall be the duty of any person or persons, firm, company or corporation, desiring to engage in the business aforesaid, to keep and maintain in his place of business at all times, a book which shall be furnished him by the Clerk of the Peace of the County wherein he does business in which said book he shall enter the date of the sale, the name and address of the person purchasing any such deadly weapon, the number and kind of deadly weapon so purchased, the color of the person so purchasing the same, and the apparent age of the purchaser; and no sale shall be made until the purchaser has been positively identified. This book shall at all times be open for inspection by any Judge, Justice of the Peace, Police Officer, Constable, or other Peace Officer of this State.

Shall enter date of sale, name and address of person purchasing, kind of weapon, etc.

Book shall be open for inspection.

Penalty for violating the provisions of the Act.

Section 5. Any person, firm, company or corporation, or any member of any firm, or the agents or officers of any corporation, violating the provisions of this Act shall be deemed guilty of a misdemeanor and upon conviction shall be fined not exceeding the sum of one hundred dollars, or a term of imprisonment not exceeding six months or both, within the discretion of the Court.

Provisions of Chap. 117, Vol. 13, to apply.

Section 6. All of the provisions of Chapter 117, Volume 13, Laws of Delaware, relative to the issuance of licenses and the duties and powers of the several officials therein mentioned and all penalties therein imposed, shall extend to and be applied to licenses issued under authority of this Act.

Approved March 16, A. D. 1911.

# EXHIBIT 63

# LAWS

OF THE

# STATE OF NEW YORK,

PASSED AT THE

## ONE HUNDRED AND THIRTY-FOURTH SESSION

OF THE

# LEGISLATURE,

BEGUN JANUARY FOURTH, 1911, AND ENDED OCTOBER SIXTH, 1911,

AT THE CITY OF ALBANY,

AND ALSO OTHER MATTERS REQUIRED BY LAW TO BE PUBLISHED WITH THE SESSION LAWS.

## VOL. I.

ALBANY
J. B. LYON COMPANY, STATE PRINTERS
1911

# Chap. 195.

AN ACT to amend the penal law, in relation to the sale and carrying of dangerous weapons.

Became a law May 25, 1911, with the approval of the Governor. Passed, three-fifths being present.

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

L. 1909, ch. 88, §§ 1896, 1897, 1899 amended.

Section 1. Sections eighteen hundred and ninety-six, eighteen hundred and ninety-seven and eighteen hundred and ninety-nine of chapter eighty-eight of the laws of nineteen hundred and nine, entitled "An act providing for the punishment of crime, constituting chapter forty of the consolidated laws," are hereby amended to read as follows:

§ 1896. **Making and disposing of dangerous weapons.** A person who manufactures, or causes to be manufactured, or sells or keeps for sale, or offers, or gives, or disposes of any instrument or weapon of the kind usually known as a blackjack,[1] slungshot, billy, sandclub, sandbag, bludgeon,[2] or metal knuckles, to any person; or a person who offers, sells, loans, leases, or gives any gun, revolver, pistol or other firearm or any airgun, spring-gun or other instrument or weapon in which the propelling force is a spring or air or any instrument or weapon commonly known as a toy pistol or in or upon which any loaded or blank cartridges are used, or may be used, or any loaded or blank cartridges or ammunition therefor, to any person under the age of sixteen years, is guilty of a misdemeanor.

§ 1897. **Carrying and use of dangerous weapons.** A person who attempts to use against another, or who carries, or possesses, any instrument or weapon of the kind commonly known as a blackjack,[1] slungshot, billy, sandclub, sandbag,[2] metal knuckles or bludgeon,[2] or who, with intent to use the same unlawfully[3] against another, carries or possesses a dagger, dirk, dangerous knife, razor, stiletto, or any other dangerous or deadly instrument or weapon,[4] is guilty of a felony.

---

1 Word "blackjack" new.
2 Words "sandbag, bludgeon" new.
3 Word "unlawfully" new.
4 Words "razor, stiletto, or any other dangerous or deadly instrument or weapon," new.

Any person under the age of sixteen years, who shall have, carry, or have in his possession,[5] any of the articles named or described in the last section, which it is forbidden therein to offer, sell, loan, lease or give to him, shall be guilty of a misdemeanor.

[6]Any person over the age of sixteen years, who shall have in his possession in any city, village or town of this state, any pistol, revolver or other firearm of a size which may be concealed upon the person, without a written license therefor, issued to him by a police magistrate of such city or village, or by a justice of the peace of such town, or in such manner as may be *prescribel by ordinance in such city, village or town, shall be guilty of a misdemeanor.

Any person over the age of sixteen years, who shall have or carry concealed upon his person in any city, village, or town of this state, any pistol, revolver, or other firearm without a written license therefor, theretofore issued to him by a police magistrate of such city or village, or by a justice of the peace of such town, or in such manner as may be prescribed by ordinance of such city, village or town, shall be guilty of a felony.[7]

[8]Any person not a citizen of the United States, who shall have or carry firearms, or any dangerous or deadly weapons in any public place, at any time, shall be guilty of a felony. This section shall not apply to the regular and ordinary transportation of firearms as merchandise, nor to sheriffs, policemen, or to other duly appointed peace officers, nor to duly authorized military or civil organizations, when parading, nor to the members thereof when going to and from the places of meeting of their respective organizations.

§ 1899. **Destruction of dangerous weapons.** The unlawful[9] carrying of a pistol, revolver, or other firearm[10] or of an instrument or weapon of the kind usually known as blackjack, bludgeon,[11] slungshot, billy, sandclub, sandbag,[12] metal knuckles, or of a dagger,

* So in original.
5 Words "in any public place" omitted.
6 Following sentence new.
7 Formerly "misdemeanor."
8 Following sentence formerly read: "No person not a citizen of the United States, shall have or carry firearms or dangerous weapons in any public place at any time."
9 Word "unlawful" new.
10 Words "or other firearm" new.
11 Words "blackjack, bludgeon" new.
12 Word "sandbag" new.

dirk, dangerous knife, or any other dangerous or deadly weapon,[13] by any person save a peace officer, is a nuisance, and such weapons are hereby declared to be nuisances, and when any one or more of the above described instruments or weapons shall be taken from the possession of any person the same shall be surrendered to the sheriff of the county wherein the same shall be taken, except that in cities of the first class the same shall be surrendered to the head of the police force or department of said city. The officer to whom the same may be so surrendered shall, except upon certificate of a judge of a court of record, or of the district attorney, that the nondestruction thereof is necessary or proper in the ends of justice, proceed at such time or times as he deems proper, and at least once in each year, to destroy or cause to be destroyed any and all such weapons or instruments, in such manner and to such extent that the same shall be and become wholly and entirely ineffective and useless for the purpose for which destined and harmless to human life or limb.

§ 1914 added.

§ 2. Such chapter is hereby amended by adding at the end of article one hundred and seventy-two thereof a new section to be section nineteen hundred and fourteen and to read as follows:

§ 1914. **Sale of pistols, revolvers and other firearms.** Every person selling a pistol, revolver or other firearm of a size which may be concealed upon the person whether such seller is a retail dealer, pawnbroker or otherwise, shall keep a register in which shall be entered at the time of sale, the date of sale, name, age, occupation and residence of every purchaser of such a pistol, revolver or other firearm, together with the calibre, make, model, manufacturer's number or other mark of identification on such pistol, revolver or other firearm. Such person shall also, before delivering the same to the purchaser, require such purchaser to produce a permit for possessing or carrying the same as required by law, and shall also enter in such register the date of such permit, the number thereon, if any, and the name of the magistrate or other officer by whom the same was issued. Every person who shall fail to keep a register and to enter therein the facts required by this section, or who shall fail to exact the production of a permit to possess or carry such pistol, revolver or other firearm, if such permit is required by law, shall be guilty of a misdemeanor. Such register shall be open at all reasonable hours for

[13] Words "or any other dangerous or deadly weapon," new. Words "without lawful permission, license or authority so to do," omitted.

the inspection of any peace officer. Every person becoming the lawful possessor of such a pistol, revolver or other firearm, who shall sell, give or transfer the same to another person without first notifying the police authorities, shall be guilty of a misdemeanor. This section shall not apply to wholesale dealers.

§ 3. This act shall take effect September first, nineteen hundred and eleven.

In effect Sept. 1, 1911.

## Chap. 196.

AN ACT to amend chapter fifty-two, laws of nineteen hundred and nine, entitled "An act relating to real property, constituting chapter fifty of the consolidated laws," in relation to officers taking acknowledgments.

Became a law May 20, 1911, with the approval of the Governor. Passed, three-fifths being present.

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

Section 1. Section three hundred and ten of chapter fifty-two of the laws of nineteen hundred and nine, entitled "An act relating to real property, constituting chapter fifty of the consolidated laws," is hereby amended so as to read as follows:

L. 1909 ch. 52, § 310 amended.

§ 310.[1] A certificate of acknowledgment or proof, made within the state, by a commissioner of deeds, justice of the peace, or, except as otherwise provided by law, by a notary public, does not entitle the conveyance to be read in evidence or recorded, except within the county in which the officer making the same is authorized to act[2] at the time of making such certificate, unless authenticated by a certificate of the clerk of the same county; provided, however, that all certificates of acknowledgments or proof, made by or before a commissioner of deeds of the city of New York residing in any part therein, shall be authenticated by the[3] clerk of any county within said city, in whose office such commissioner of deeds shall have filed a certificate under the hand and seal of the city clerk of said city, showing the appointment and

When county clerk's authentication necessary.

1 Section heading amended out.

2 Words "making the same is authorized to act" substituted for word "resides."

3 Words "city clerk of said city, that the said commissioner of deeds was duly appointed and qualified as such," omitted.

# EXHIBIT 64

STATE LIBRARY

# ACTS and RESOLVES

Passed by the

## GENERAL ASSEMBLY

of the

## STATE OF VERMONT

at the

## Twenty-second Biennial Session

## 1912

Session Commenced Oct. 2, 1912, Adjourned February 22, 1913

PUBLISHED BY AUTHORITY

---

MONTPELIER
CAPITAL CITY PRESS
PRINTERS
1913

Digitized by Google

when this act takes effect, and said section, as so amended, is hereby continued in full force and effect as to all such proceedings, prosecutions, penalties and murders.

Approved January 27, 1913.

---

No. 229.—AN ACT TO AMEND SECTIONS 5738 AND 5739 OF THE PUBLIC STATUTES, RELATING TO FIRE-ARMS.

*It is hereby enacted by the General Assembly of the State of Vermont:*

SECTION 1. Section 5738 of the Public Statutes is hereby amended so as to read as follows:

Sec. 5738. A person, other than a parent or guardian, who sells or furnishes to a minor under the age of sixteen years a firearm or other dangerous weapon, shall be fined not more than fifty dollars nor less than ten dollars. This section shall not apply to an instructor or teacher who furnishes military weapons to pupils for instruction and drill.

SEC. 2. Section 5739 of the Public Statutes is hereby amended so as to read as follows:

Sec. 5739. A child under the age of sixteen years who, without the consent of his parent or guardian, has in his possession or control a pistol or revolver constructed or designed for the use of gunpowder or other explosive substance with leaden ball or shot, shall be fined not more than twenty dollars.

SEC. 3. This act shall take effect from its passage.

Approved December 4, 1912.

---

No. 230.—AN ACT TO AMEND SECTION 5756 OF THE PUBLIC STATUTES BY INCREASING THE SENTENCE ON CONVICTION FOR LARCENY IN CERTAIN CASES.

*It is hereby enacted by the General Assembly of the State of Vermont:*

SECTION 1. Section 5756 of the Public Statutes is hereby amended so as to read as follows:

Sec. 5756. The county court, municipal courts and justices of the county shall have concurrent jurisdiction of the offenses mentioned in the preceding section where

Digitized by Google

# EXHIBIT 65

# GREGORY'S SUPPLEMENT

TO

# PELL'S REVISAL

## OF NORTH CAROLINA

CONTAINING AMENDMENTS AND ANNOTATIONS TO THE REVISAL OF 1905 AND ALL LAWS OF A GENERAL AND PERMANENT NATURE, PASSED BY THE GENERAL ASSEMBLY AT THE SESSIONS OF 1909, 1911, 1913 AND EXTRA SESSION 1913

## ANNOTATED

ALSO

## ANNOTATIONS

TO THE

## CONSTITUTION AND THE

## REVENUE AND MACHINERY ACTS

---

EDITED BY

EDWIN C. GREGORY, A. B., B. L.

OF THE SALISBURY BAR

---

PUBLISHED AND FOR SALE BY

LOUIS C. PHILLIPS

NORGE, VA.

1914

**3364a. Permitting children to use firearms.**

Any person being the parent or guardian of, or standing *in loco parentis* to, any child under the age of twelve years, who shall knowingly permit such child to have the possession or custody of, or use in any manner whatever, any gun, pistol, or other dangerous firearm, whether such firearm be loaded or unloaded, or any other person, who shall knowingly furnish such child any such firearm, shall be guilty of a misdemeanor, and upon conviction shall be fined not exceeding fifty dollars, or imprisoned not exceeding thirty days. (1913, c. 32.)

**3365.**

In order to constitute the offense prescribed by this section, it must be something more than the mere employment of a servant, who is under contract to serve another. It must be shown that defendant enticed, persuaded or procured the servant to leave his master. State v. Holly, 152 N. C. 839.

**3365a. Influencing agents, employees and servants.**

(1) Whoever gives, offers or promises to an agent, employee, or servant any gift or gratuity whatever with intent to influence his action in relation to his principal's, employer's or master's business; any agent, employee or servant who requests or accepts a gift or gratuity or a promise to make a gift or to do an act beneficial to himself, under an agreement or with an understanding that he shall act in any particular manner in relation to his principal's, employer's or master's business; any agent, employee or servant who, being authorized to procure materials, supplies or other articles either by purchase or contract for his principal, employer or master, or to employ service or labor for his principal, employer or master, receives, directly or indirectly, for himself or for another, a commission, discount or bonus from the person who makes such sale or contract, or furnishes such materials, supplies or other articles, or from a person who renders such service or labor; and any person who gives or offers such an agent, employee or servant such commission, discount or bonus shall be punished in the discretion of the court.

(2) No person shall be excused from attending, testifying or producing books, papers, contracts, agreements and documents before any court or in obedience to the subpœna of any court having jurisdiction of the crime herein denounced on the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to incriminate him or to subject him to a penalty or to a forfeiture; but no person shall be liable to any suit or prosecution, civil or criminal, for or on account of any transaction, matter or thing concerning which he may testify or produce evidence, documentary or otherwise, before said court or in obedience to its subpœna or in any such case or proceeding: *Provided,* that no person so testifying or pro-

# EXHIBIT 66

THE STATE OF OHIO

# LEGISLATIVE ACTS

PASSED

AND

# JOINT RESOLUTIONS

Adopted

BY THE

EIGHTIETH GENERAL ASSEMBLY

At Its Regular Session

WHICH BEGAN JANUARY 6, 1913.

---

VOLUME CIII

---

Springfield, Ohio:
The Springfield Publishing Company,
State Printers.
1913.

Digitized by Google

## CHAPTER 11.

### OFFENSES AGAINST MINORS AND FEMALES BETWEEN EIGHTEEN AND TWENTY-ONE.

Unlawful for minor to enter saloon, etc.

Sec. 12957. Whoever, being a minor, enters a saloon, beer garden or other place where intoxicating liquor is sold or offered for sale except when accompanied by a parent or guardian, shall be fined not less than one dollar nor more than five dollars, and for each subsequent offense shall be fined not less than five dollars nor more than twenty-five dollars or imprisoned not more than ten days, or both.

Enticing minor to play for money, etc.

Sec. 12964. Whoever entices a minor to engage in a game for money or other valuable thing, or makes a wager with a minor upon the result of a game, or permits a minor to play a slot machine or other gambling device for wares or merchandise or any other thing of value, shall be fined not less than fifty dollars nor more than two hundred dollars or imprisoned not less than three months nor more than one year.

Unlawful to sell toy pistols to minors under sixteen years.

Sec. 12966. Whoever sells or exhibits for sale, to a minor under sixteen years of age, a pistol manufactured of a metallic or hard substance, commonly known as a "toy pistol" or air gun, or any form of explosive gun, shall be fined not less than ten dollars nor more than fifty dollars or imprisoned not less than ten days nor more than twenty days, or both, and be liable in damages to any person injured by such sale.

Selling firearms or air-guns to minors under seventeen years.

Sec. 12967. Whoever sells, barters, furnishes or gives to a minor under the age of seventeen years, an air-gun, musket, rifle, shotgun, revolver, pistol or other fire-arm, or ammunition therefor, or, being the owner or having charge or control thereof, knowingly permits it to be used by a minor under such age, shall be fined not more than one hundred dollars or imprisoned in jail not more than thirty days, or both.

Employing children under fourteen years in shows, etc.

Sec. 12968. Whoever takes, receives, hires, employs, uses, exhibits, sells, apprentices, gives away, lets out or otherwise disposes of a child, under the age of fourteen years for or in the vocation, occupation, service or purpose of singing, playing on musical instruments, rope or wire walking, dancing, taking any part in, or appearing in connection with a moving picture exhibiton or performance given in a theatre or place of public amusement, begging or peddling or as a gymnast, contortionist, rider or acrobat, or for an obscene, indecent or immoral purpose, exhibition or practice, or for or in a business exhibition or vocation injurious to the health or dangerous to the life or limb of such child or causes, procures or encourages such child to engage therein, or causes or permits such child to suffer or inflicts upon it unjustifiable physical pain or mental suffering, or has such child in custody for any of such purposes, shall be fined not more than two hundred dollars or imprisoned not more than six months, or both.

Digitized by Google

# EXHIBIT 67

KFN 1835 .F25 1914

75 √

# ACTS

OF THE

# One Hundred and Thirty-Eighth Legislature

OF THE

## STATE OF NEW JERSEY

AND

## Seventieth Under the New Constitution

UNION HILL, N. J.
DISPATCH PRINTING COMPANY,
1914

Digitized by Google

## CHAPTER 43.

Supplement to an act entitled "An act to license citizens of this State to hunt and pursue wild animals and fowl," approved April twenty-first, one thousand nine hundred and nine.

BE IT ENACTED *by the Senate and General Assembly of the State of New Jersey:*

Minimum age.

1. No license to hunt, pursue or kill with a gun or any fire-arm any of the game birds, wild animals or fowls of this State, shall be issued to any person under the age of fourteen years, and if any applicant for license shall misrepresent his age he shall be liable to a penalty of twenty dollars, to be sued for and recovered as other penalties under the fish and game laws.

Penalty for false representation.

2. This act shall take effect immediately.

Approved March 18, 1914.

## CHAPTER 44.

An Act to amend an act entitled "An act for the establishment of farms for the propagation of game and fish," approved May first, nineteen hundred and eleven.

BE IT ENACTED *by the Senate and General Assembly of the State of New Jersey:*

Section 1 amended.

1. Section one of the act of which this act is amendatory be amended to read as follows:

Digitized by Google

# EXHIBIT 68

STATE OF OREGON

CONSTITUTIONAL AMENDMENTS ADOPTED AND LAWS ENACTED BY THE PEOPLE AT THE GENERAL ELECTION NOVEMBER 7, 1916

TOGETHER WITH THE

# GENERAL LAWS

AND

## Joint Resolutions and Memorials

ADOPTED BY THE

TWENTY-NINTH REGULAR SESSION OF THE LEGISLATIVE ASSEMBLY

Beginning January 8 and
Ending February 19
1917

Compiled by
BEN W. OLCOTT
Secretary of State

SALEM, OREGON:
STATE PRINTING DEPARTMENT
1917

## CHAPTER 377

## AN ACT

[H. B. 402]

Prohibiting the manufacture, sale, possession, carrying, or use of any blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, dirk, dagger or stiletto, and regulating the carrying and sale of certain firearms, and defining the duties of certain executive officers, and providing penalties for violation of the provisions of this Act.

*Be It Enacted by the People of the State of Oregon:*

Section 1. No person shall carry in any city, town or municipal corporation of this State any pistol, revolver or other firearm concealed upon his or her person, or of a size which may be concealed upon his or her person, without a license or permit therefor, issued to him or her by a chief of police or sheriff of such city, town or municipal corporation, or in such manner as may be prescribed by ordinance of such city, town or municipal corporation. This section, however, shall not apply to sheriffs and their deputies, constables, marshals, police officers or any other duly appointed peace officers, nor to any person or persons summoned by such officers to assist in making arrest or preserving the peace while said person or persons are engaged in assisting such officers; nor to duly authorized military organizations when parading, nor to members thereof when going to and from places of meeting of their respective organizations.

Section 2. Any person who carries or possesses an instrument or weapon commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, or who carries a dirk or a dagger, or stiletto is guilty of a misdemeanor.

Section 3. Any person who manufactures, or causes to be manufactured, or sells or keeps for sale, or offers or gives or disposes of any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag or metal knuckles, to any person, is guilty of a misdemeanor.

Section 3-A. Any person who violates the provisions of Section 1, Section 2 or Section 3 of this Act, shall be fined in a sum no greater than $100.00, or be imprisoned in the county jail for a term no longer than three months, or by both such fine and imprisonment.

Section 4. Any person who violates the provisions of Section 1, Section 2 or Section 3 of this Act, who theretofore has once been convicted of a violation of any of said sections, is guilty of a misdemeanor, and upon conviction thereof shall be imprisoned in a county jail or reformatory for not less than thirty days nor for more than one year.

Section 4-A. Any person who violates the provisions of Section 1, Section 2 or Section 3 of this Act, who theretofore has more than once been convicted of a violation of any of said sections, is guilty of a felony, and shall be punished by imprisonment in the State prison for a term not exceeding three years.

Section 4-B. Any person who violates any of the provisions of Section 1, Section 2 or Section 3 of this Act, who theretofore has been convicted of a felony, upon conviction thereof shall be imprisoned in the penitentiary of this State for a period not exceeding five years.

Section 4-C. For the purposes of this Act any pistol, revolver or other firearm of a size which may be concealed upon his or her person shall be deemed a dangerous weapon.

Section 4-D. For the purpose of this Act any blackjack, slungshot, billy, sandbag, metal knuckles, dirk, dagger, stiletto, or knife of a blade longer than three and one-half inches when carried concealed upon the person, shall be deemed a dangerous weapon.

Section 5. Every person in the business of selling, leasing or otherwise transferring a pistol, revolver or other firearm of a size which may be concealed upon the person, whether such seller is a retail dealer, pawnbroker or otherwise, shall obtain a legal register (as per Section 6) from the State Printer, at a cost of $3.00 per 100 leaves in duplicate, in which shall be entered at the time of sale the date of sale, name of maker, number (if any), caliber, name of purchaser, permanent resident, temporary residence, age, occupation, height, color of skin, color of eyes, color of hair and signature of purchaser. (The purchaser is required to sign his name in the aforesaid register in the space provided for the same.) Any person signing a fictitious name or address shall be guilty of a misdemeanor. Any person who shall fail to keep a register and to enter therein the facts required by this section shall be guilty of a misdemeanor. Such register shall be open at all reasonable hours for the inspection of any peace officer. This section shall not apply to wholesale dealers in their business intercourse with the retail dealer, nor to the wholesale or retail dealer in the regular or ordinary transportation of firearms as a merchandise by mail, express or other mode of shipment, to points outside of the city, town or municipal corporation wherein they are situated. Any person who violates the provisions of this section is guilty of a misdemeanor, and upon conviction thereof shall pay a fine of not less than $100.00 nor more than $500.00 or shall be imprisoned in the county jail or reformatory for not less than thirty days nor

for more than one year, or be punished by both fine and imprisonment.

Section 6. *Form of Dealer's Record of Sale.*

..........................................................................................

Series No. ................

Sheet No. ................

ORIGINAL

DEALER'S RECORD OF SALE OF REVOLVER OR PISTOL

STATE OF OREGON, U. S. A.

NOTICE TO DEALERS: This Original is for your files. If spoiled in making out, do not destroy. Keep in book.

CARBON DUPLICATE must be mailed on the evening of the day of sale to chief of police, or sheriff, according to your county law. Violation of this law is a misdemeanor. Use carbon paper for duplicate. Use indelible pencil.

Sold by.................................... Salesman..................................

City, town or township..................................................................

Description of arm (state whether revolver or pistol) ................

Maker.......................................... Number............ Caliber............

Name of purchaser...................................... Age........ Year........

Permanent resident (state name of city, town or municipality)

........................ (Street and number of dwelling) ........................

Height............feet............inches. Occupation..................................

Color.................. skin.................. eyes.................. hair..................

If traveling or in locality temporarily, give local address..........

Signature of purchaser..................................................................

(Signing a fictitious name or address is a misdemeanor)

Witness..................................................,

Salesman.

..........................................................................................

Section 6-A. *Form of Duplicate Dealer's Record of Sale of Revolver or Pistol.*

..........................................................................................

Series ......................

Sheet No. ................

DUPLICATE

DEALER'S RECORD OF SALE OF REVOLVER OR PISTOL

STATE OF OREGON, U. S. A.

NOTICE TO DEALERS: This carbon duplicate must be mailed on the evening of the day of sale to chief of police, or sheriff, or according to your county law. Violation of this law is a misdemeanor.

Sold by.................................... Salesman..................................

City, town or township..................................................................

Description of arm (state whether revolver or pistol) ................

Maker................................................ Number............ Caliber............
Name of purchaser........................................... Age........ Year........
Permanent address (state name of city, town or municipality)
......................... (Street and number of dwelling)........................
Height............feet............inches. Occupation..................................
Color.................. skin.................. eyes.................. hair..................
If traveling or in locality temporarily, give local address..........
Signature of purchaser......................................................................
(Signing a fictitious name or address is a misdemeanor)
Witness....................................................
Salesman.

..........................................................................................................

Section 7. Any person who attempts to use, or who with intent to use the same unlawfully against another, carries or possesses a dagger, dirk, dangerous knife, razor, stiletto, or any loaded pistol, revolver or other firearm, or any instrument or weapon of the kind commonly known as a blackjack, slung-shot, billy, sandclub, sandbag, metal knuckles, bomb or bomb-shell, or any other dangerous or deadly weapon or instrument, is guilty of a felony. The carrying or possession of any of the weapons specified in this section by any person while committing, or attempting or threatening to commit a felony, or a breach of the peace, or any act of violence against the person or property of another, shall be presumptive evidence of carrying or possessing such weapon with intent to use the same in violation of this section.

Any person who violates the provisions of this section shall be deemed guilty of a felony, and upon conviction thereof shall be punished by a fine of not less than $50.00 nor more than $500.00, or by imprisonment in the county jail for not less than one month nor more than six months, or by imprisonment in the penitentiary for not exceeding five years.

Section 8. Whenever any person shall be arrested and it shall be discovered that such person possesses or carries or has possessed or carried upon his person any loaded pistol, revolver or other firearm, or any weapon named or enumerated in Section 7 of this Act, in violation of any of the sections of this Act, it shall be the duty of the person making the arrest to forthwith lay an information for a violation of said section or sections against the person arrested before the nearest or most accessible magistrate having jurisdiction of the offense, and such magistrate must entertain and examine such information and act thereon in the manner prescribed by law.

Section 8-A. A justice court has concurrent jurisdiction with the circuit court of any offense defined herein where the penalty does not exceed a fine of $500.00 or imprisonment in

the county jail for not more than six months, or both such fine and imprisonment.

Section 9. It shall be lawful for the sheriff of any county, chief of police, city or town marshal, or other head of the police department of any city, town or other municipal corporation of this State, upon proof before him that the person applying therefor is of good moral character, and that proper cause exists for the issuance thereof, to issue to such person a license for one year, to have and carry concealed a pistol, revolver or other firearm; *provided, however*, that no such license shall be issued to any person under the age of twenty-one years.

The person obtaining a permit to carry a concealed pistol or revolver shall pay to the officer issuing such permit the sum of One Dollar. Said license for carrying a concealed pistol or revolver is revocable at any time and must be immediately surrendered on demand. The license while in force entitles the holder to carry the said arm in any county in the State of Oregon.

Section 10. It shall be unlawful for any person, firm or corporation to sell, offer for sale, give or dispose of any pistol, revolver or other firearm of a size which may be concealed upon the person, to any minor under the age of twenty-one years. A violation of this section is a misdemeanor and punishable by imprisonment in the county jail for a period not exceeding six months, or by a fine not exceeding Five Hundred Dollars, or both such fine and imprisonment.

Section 11. Any person not a citizen of the United States of America, who shall be convicted of carrying a deadly weapon, as described in Sections 1, 2 and 7 of this Act, shall be guilty of a felony and on conviction thereof shall be punished by imprisonment in the State prison for a period not exceeding five years.

Approved by the Governor February 21, 1917.
Filed in the office of the Secretary of State February 21, 1917.

# EXHIBIT 69

# LAWS

OF THE

# STATE OF DELAWARE

PASSED AT A

## SPECIAL SESSION

OF THE

## NINETY-SIXTH GENERAL ASSEMBLY

COMMENCED AND HELD AT DOVER

On Monday, March 11th, A. D. 1918

AND

In the Year of the Independence of the United States the One Hundred and Forty-Second

AND

## NINETY-SEVENTH SESSION

OF THE

## GENERAL ASSEMBLY

COMMENCED AND HELD AT DOVER

On Tuesday, January 7th, A. D. 1919

AND

In the Year of the Independence of the United States the One Hundred and Forty-Third

## VOLUME XXX

---

THE STAR PUBLISHING CO.
Star Building
309 Shipley Street
Wilmington, Delaware
1919

after 2417. Sec. 60 of said Chapter the following section to be styled 2417 A. Sec. 60 A:

"2417 A. Sec. 60 A. GAME REFUGES:—All State lands, and State, County, and Municipal Parks in Delaware shall be State Game Refuges and it shall hereafter be unlawful for any person to hunt upon said lands and parks or kill or injure any game therein at any time of the year."

Section 6. That Chapter 74 of the Revised Code of Delaware, be and the same is hereby amended by repealing 2538. Sec. 181 of said Chapter and substituting in lieu thereof the following Section to be styled "2538. Sec. 181.

"2538. Sec. 181. BOARD MAY TAKE GAME AND FISH FOR PROPAGATING, ETC.:—It shall be lawful for the Board of Game and Fish Commissioners of this State to take any game birds, animals, or fish in or out of season in any way for strictly propagating and restocking purposes."

Section 7. That Chapter 74 of the Revised Code of Delaware, be and the same is hereby amended by inserting immediately after 2382. Sec. 25 thereof, the following Section to be styled 2382 A. Sec. 25 A.

"2382 A. Sec. 25 A. MINORS UNDER FIFTEEN NOT TO USE GUNS UNLESS ACCOMPANIED BY AN ADULT:—It shall be unlawful for any minor under fifteen years of age to hunt game birds or game animals anywhere in this State with a rifle or a shotgun of any kind unless accompanied by an adult lawfully hunting."

Section 8. That Chapter 74 of the Revised Code of Delaware, be and the same is hereby amended by repealing 2529. Sec. 172 of said Chapter and substituting in lieu thereof the following Section to be styled 2529. Sec. 172.

"2529. Sec. 172. HOOK AND LINE FISHING PERMITTED, NETS PROHIBITED:—It shall be unlawful to take or catch any game fish in any of the waters of this State at any time except with

# EXHIBIT 70

# LAWS

OF THE

# STATE OF DELAWARE

PASSED AT A

## SPECIAL SESSION

OF THE

## NINETY-SIXTH GENERAL ASSEMBLY

COMMENCED AND HELD AT DOVER

On Monday, March 11th, A. D. 1918

AND

In the Year of the Independence of the United States the One Hundred and Forty-Second

AND

## NINETY-SEVENTH SESSION

OF THE

## GENERAL ASSEMBLY

COMMENCED AND HELD AT DOVER

On Tuesday, January 7th, A. D. 1919

AND

In the Year of the Independence of the United States the One Hundred and Forty-Third

## VOLUME XXX

---

THE STAR PUBLISHING CO.
Star Building
309 Shipley Street
Wilmington, Delaware
1919

## CHAPTER 28.

### STATE REVENUE.

### DEADLY WEAPONS.

**AN ACT to amend Chapter 6 of the Revised Code of the State of Delaware in relation to the sale of deadly weapons.**

*Be it enacted by the Senate and House of Representatives of the State of Delaware in General Assembly met:*

Section 1. That Chapter 6 of the Revised Code of the State of Delaware be and the same is hereby amended by repealing 259, Section 222, and inserting in lieu thereof the following, to be known as 259, Section 222.

259, Section 222. It shall be unlawful for any person or persons, or a member of any firm, or the agents or officers of any corporation to sell to a minor or any intoxicated person, any revolver, pistol, or revolver or pistol cartridges, stiletto, steel or brass knuckles, or other deadly weapons made for the defense of one's person.

It shall be the duty of any person or persons, firm, company or corporation desiring to engage in the business aforesaid, to keep and maintain in his place of business at all times a book which shall be furnished him by the Clerk of the Peace of the County wherein he does business, in which said book he shall enter the date of the sale, the name and address of the person purchasing any such deadly weapon, the number and kind of deadly weapon so purchased, the color of the person so purchasing the same, and the apparent age of the purchaser, and the names and addresses of at least two freeholders resident in the County wherein the sale is made, who shall positively identify the purchaser before the sale can be made; *Provided,* that no

DEADLY WEAPONS.

clerk, employee or other person associated with the seller shall act as one of the identifying freeholders. This book shall at all times be open for inspection by any Judge, Justice of the Peace, Police Officer, Constable, or other Peace Officer of this State.

Approved April 10, A. D. 1919.

# EXHIBIT 71

the real estate in, along or by the Quequechan river under the provisions of chapter eighty of the General Laws.

Repayment to Watuppa Reservoir Company of certain expense, etc., apportionment of expense, etc.

The expense of maintaining and operating said dam and pumping station shall be annually repaid to the Watuppa Reservoir Company by the city of Fall River and the amount so paid, not in excess of the special benefit arising therefrom, shall be apportioned by the assessment commission on the real estate in, along or by the Quequechan river. Such apportionment shall remain in force until changed as hereinafter provided, and shall be assessed annually upon the designated real estate. The provisions of chapter eighty of the General Laws with relation to the collection and abatement of betterment assessments and to interest thereon shall apply to such assessments.

Appointment of new assessment commission.

After five years from the date of such apportionment the mayor of Fall River shall, on the petition of any party in interest, appoint a new assessment commission, which shall be appointed and act and shall make a new apportionment in the manner and form hereinbefore provided; and such apportionment shall remain in force until changed in like manner.

Repeals, etc.

SECTION 5. All provisions of chapter three hundred and eleven of the Special Acts of nineteen hundred and sixteen, as amended by chapter five hundred and forty-four of the acts of nineteen hundred and twenty, which are inconsistent with the provisions of this act are hereby repealed, but no action taken under the authority of said statute is hereby made invalid, and the improvement therein authorized is to proceed without interruption.

Assessment commissioners not obliged to comply with certain requirements of law.

In the assessment of betterments under this act the assessment commissioners shall not be obliged to include in the order of taking or to prepare or file the description, plan and estimate required by the provisions of section two of chapter eighty of the General Laws.

SECTION 6. This act shall take effect upon its passage.

*Approved May 29, 1922.*

---

*Chap.*485 AN ACT RELATIVE TO THE SALE AND CARRYING OF FIRE-ARMS.

*Be it enacted, etc., as follows:*

G. L. 140, § 121, amended.

SECTION 1. Section one hundred and twenty-one of chapter one hundred and forty of the General Laws is hereby amended by striking out all after the word "inches" in the

sixth line down to and including the word "towns" in the seventh line, so as to read as follows: — *Section 121.* In sections one hundred and twenty-two to one hundred and twenty-nine, inclusive, "firearms" includes a pistol, revolver or other weapon of any description, loaded or unloaded, from which a shot or bullet can be discharged and of which the length of barrel, not including any revolving, detachable or magazine breech, does not exceed twelve inches. Said sections shall not apply to antique firearms incapable of use as firearms nor to sales of firearms at wholesale.

Sale of firearms. Definition of word "firearms."

Sections not applicable to certain firearms.

SECTION 2. Said chapter one hundred and forty is hereby amended by striking out section one hundred and twenty-two and inserting in place thereof the following: — *Section 122.* The licensing authorities in any town may, in their discretion, grant licenses to persons to sell, rent or lease firearms and may fix a fee for such license. Every such license shall specify the street and number, if any, of the building where the business is to be carried on and the license shall not protect a licensee who carries on his business in any other place.

G. L. 140, § 122, amended.

Licenses to sell, rent, etc., firearms.

SECTION 3. Said chapter one hundred and forty is hereby further amended by inserting after section one hundred and twenty-two the following new section: — *Section 122A.* The licensing authorities shall record all licenses issued under the preceding section in books kept for the purpose, shall furnish the licensee with a sales record book to be kept by him as provided in section one hundred and twenty-three and shall, upon the granting of any license, send notice thereof to the commissioner of public safety. The said books shall be supplied by the commissioner, upon application of the licensing authorities, at a price not in excess of the cost thereof.

G. L. 140, new section after § 122.

Record of licenses issued, etc.

Notice to commissioner of public safety, etc.

SECTION 4. Said chapter one hundred and forty is hereby further amended by striking out section one hundred and twenty-three and inserting in place thereof the following: — *Section 123.* The license shall be expressed to be and shall be subject to the following conditions: First, That the provisions in regard to the nature of the license and the building in which the business may be carried on under it shall be strictly adhered to. Second, That every licensee shall before delivery of a firearm make or cause to be made a true entry in a sales record book to be furnished by the licensing authorities and to be kept for that purpose, specifying the description of the firearm, the make, number, whether single barrel, magazine, revolver, pin, rim or central fire, whether sold, rented or leased, the date and hour of such delivery, and the full

G. L. 140, § 123, amended.

Conditions of licenses.

Conditions of licenses.

name, sex, residence and occupation of the purchaser, exchanger or hirer. The said book shall be open at all times to the inspection of the licensing authorities and of the police. Third, That the license or a copy thereof, certified by the recording officer of the licensing authorities or by the clerk of the town by which it is issued, shall be displayed on the premises in a position where it can easily be read. Fourth, That no firearms shall be displayed in any outer window of said premises or in any other place where they can readily be seen from the outside. Fifth, That the licensee shall, once a week, send a copy of the record of sales made by him for the preceding seven days to the licensing authorities and to the commissioner of public safety. Sixth, That every firearm shall be delivered securely wrapped and fastened and shall be unloaded when delivered. Seventh, That no delivery of a firearm shall be made on the day of the application for the purchase, rent or lease thereof, except to a person having a permit to carry a firearm issued under section one hundred and thirty-one. Eighth, That the license shall be subject to forfeiture as herein provided for breach of any of its conditions, and that, if the licensee is convicted of a violation of any such condition, his license shall thereupon become void.

G. L. 140, § 125, amended.

SECTION 5. Section one hundred and twenty-five of said chapter one hundred and forty is hereby amended by striking out, in the first line, the word "board" and inserting in place thereof the word: — authorities, — and by striking out all after the word "heard" in the second line down to and including the word "council" in the third line, so as to read as follows: — *Section 125.* The licensing authorities, after notice to the licensee and reasonable opportunity for him to be heard, may declare his license forfeited, or may suspend his license for such period of time as they may deem proper, upon satisfactory proof that he has violated or permitted a violation of any condition thereof or has violated any law. The pendency of proceedings before a court shall not suspend or interfere with the power to declare a forfeiture. If the license is declared forfeited, the licensee shall be disqualified to receive a license for one year after the expiration of the term of the license so forfeited.

Forfeiture or suspension of licenses.

G. L. 140, § 127, amended.

SECTION 6. Section one hundred and twenty-seven of said chapter one hundred and forty is hereby amended by striking out, in the first line, the word "boards" and inserting in place thereof the word: — authorities, — so as to read as follows: — *Section 127.* Licensing authorities may trans-

Transfer of licenses.

fer licenses from one location to another within the town in which the licenses are in force, but such transfer shall be granted only to the original licensee and upon the same terms and conditions upon which the license was originally granted.

G. L. 140, new section after § 129.

SECTION 7. Said chapter one hundred and forty is hereby further amended by inserting after section one hundred and twenty-nine the following new section: — *Section 129A*. No unnaturalized foreign born person shall, within the commonwealth, own or have in his possession or under his control a firearm as defined in section one hundred and twenty-one, unless such person has a permit under section one hundred and thirty-one to carry such firearm. Any violation of this section shall be punished by a fine of not less than one hundred dollars or by imprisonment for not more than three months, or both.

Permit required for possession, etc., of firearms by aliens.

Penalty.

G. L. 140, § 130, amended.

SECTION 8. Section one hundred and thirty of said chapter one hundred and forty is hereby amended by inserting after the word "fifteen" in the second line the words: — , or to an unnaturalized foreign born person who has not a permit to carry firearms under section one hundred and thirty-one, — so as to read as follows: — *Section 130*. Whoever sells or furnishes to a minor under the age of fifteen, or to an unnaturalized foreign born person who has not a permit to carry firearms under section one hundred and thirty-one, any firearm, air gun or other dangerous weapon or ammunition therefor shall be punished by a fine of not less than ten nor more than fifty dollars, but instructors and teachers may furnish military weapons to pupils for instruction and drill.

Penalty for selling firearms, etc., to certain minors and to certain aliens.

G. L. 140, § 131, amended.

SECTION 9. Said chapter one hundred and forty is hereby further amended by striking out section one hundred and thirty-one and inserting in place thereof the following: — *Section 131*. The justice of a court or a trial justice, the board of police or mayor of a city, the selectmen of a town, or the commissioner of public safety, or persons authorized by them may, upon the application of any person residing or having a place of business within the jurisdiction of the person issuing the license, issue a license to such person to carry a pistol or revolver in the commonwealth if it appears that the applicant has good reason to fear an injury to his person or property or for any other proper purpose, and that he is a suitable person to be so licensed. Such license shall be issued for a term not to exceed one year, but may be for a less period, and all such licenses shall be revocable at the will of the person or body issuing the same. Said licenses shall be issued

Licenses to carry pistols or revolvers, issuance, duration, etc.

on forms furnished by the commissioner of public safety and a copy of every license so issued shall within one week after the granting thereof be sent to the said commissioner.

G. L. 269, § 12, amended.

SECTION 10. Section twelve of chapter two hundred and sixty-nine of the General Laws is hereby amended by inserting after the word "shot" in the third line the words: — , sword cane, pistol cane, bludgeon, blackjack, — so as to read as follows: — *Section 12.* Whoever manufactures or causes to be manufactured, or sells or exposes for sale, an instrument or weapon of the kind usually known as slung shot, sword cane, pistol cane, bludgeon, blackjack, or metallic knuckles, shall be punished by a fine of not less than fifty nor more than two hundred dollars or by imprisonment for not more than six months.

Penalty for manufacture, sale, etc., of slung shots, sword canes, etc.

Expiration of licenses heretofore issued.

SECTION 11. All licenses heretofore issued under section one hundred and thirty-one of chapter one hundred and forty of the General Laws or the corresponding provisions of earlier laws shall expire on January first, nineteen hundred and twenty-three. *Approved May 29, 1922.*

*Chap.*486 AN ACT MAKING UNIFORM THE LAWS RELATIVE TO PARTNERSHIPS.

*Be it enacted, etc., as follows:*

G. L. new chapter after chapter 108.

SECTION 1. The General Laws is hereby amended by inserting after chapter one hundred and eight the following new chapter, to be numbered one hundred and eight A, and to be entitled, "Partnerships."

## CHAPTER 108A.

### PARTNERSHIPS.

Uniform Partnership Act.

*Section 1.* This chapter may be cited as the Uniform Partnership Act.

Definition of terms.

*Section 2.* In this chapter, "court" includes every court and judge having jurisdiction in the case.

"Business" includes every trade, occupation, or profession.

"Bankrupt" includes bankrupt under the Federal Bankruptcy Act or insolvent under any state insolvent law.

"Conveyance" includes every assignment, lease, mortgage or encumbrance.

"Real property" includes land and any interest or estate in land.

Interpretation of knowledge and notice.

*Section 3.* (1) A person has "knowledge" of a fact within the meaning of this chapter, not only when he has actual

# EXHIBIT 72

# PERJURY

## CHAPTER 265.

(S. B. No. 232—Stevens.)

### OATH.

An Act to Amend and Re-enact Section 9367 of the Compiled Laws of North Dakota for the year 1913, Relating to the Prescribing of an Oath.

*Be It Enacted by the Legislative Assembly of the State of North Dakota:*

Sec. 1. AMENDMENT.) That Section 9367 of the Compiled Laws of North Dakota for the year 1913 be amended and re-enacted to read as follows:

Sec. 9367. OATH DEFINED.) The term oath as used in Section 9366 of the Compiled Laws of 1913, includes an affirmation and every other mode of attesting the truth of that which is stated, which is authorized by law, and the signing of any writing purporting to be made under oath, in the presence of an officer authorized to administer oaths, or the acknowledgment of the signing thereof, to or before any such officer, or the presentation thereof to such officer by the person signing or by his direction to be authenticated as an oath, shall be deemed to be the taking of an oath within the meaning of said section and the certificate of the officer purporting to take such oath shall be prima facie evidence of the taking thereof.

Approved March 1st, 1923.

# PISTOLS AND REVOLVERS

## CHAPTER 266.

(S. B. No. 256—McLachlin.)

### PISTOLS AND REVOLVERS.

An Act To Control the Possession, sale, and use of pistols and revolvers, to provide penalties, and for other purposes.

*Be It Enacted by the Legislative Assembly of the State of North Dakota:*

Sec. 1. DEFINITION.) "Pistol or revolver," as used in tnis Act, shall be contrued as meaning any firearm with barrel less than twelve inches in length.

Sec. 2. COMMITTING CRIME WHEN ARMED.) If any person shall commit or attempt to commit a crime when armed with a pistol or revolver, and having no permit to carry the same, he shall be in addition to the punishment provided for the crime, be punished by imprisonment for not less than ten years.

Sec. 3. PUNISHMENT.) The judge shall have the power to sentence any person who may be convicted for a second or third offense under section 2 of this Act, to double and triple the penalty imposed thereby, and for a fourth offense the person so convicted may be sentenced to life imprisonment.

Sec. 4. BEING ARMED PRIMA FACIE EVIDENCE OF INTENTION.) In the trial of a person for the commission of a felony or of an attempt to commit a felony against the person of another, the fact that he was armed with a pistol or revolver and having no permit to carry the same shall be prima facie evidence of his intention to commit said felony.

Sec. 5. ALIENS AND CRIMINALS MUST NOT POSSESS ARMS.) No unnaturalized foreign-born person and no person who has been convicted of a felony against the person or property of another or against the Government of the United States or of any State or subdivision thereof, shall own or have in his possession or under his control, a pistol or revolver. Violations of this section shall be punished by imprisonment for not to exceed five years.

Sec. 6. CARRYING PISTOL CONCEALED.) No person shall carry a pistol or revolver concealed in any vehicle or in any package, satchel, grip, suit case or carry in any way or upon his person, except in his dwelling house or place of business, without a license therefor as hereinafter provided. Violations of this section shall be punished by imprisonment for not less than one year, and upon conviction the pistol or revolver shall be confiscated and destroyed.

Sec. 7. EXCEPTIONS.) The provisions of the preceding section shall not apply to marshals, sheriffs, policemen, or other duly appointed peace officers, nor to the regular and ordinary transportation of pistols or revolvers as merchandise, nor to members of the Army, Navy or Marine Corps of the United States, or the National Guard, when on duty, or organizations by law authorized to purchase or receive such weapons from the United States, or this State, nor to duly authorized military or civil organizations when parading, nor to the members thereof when at or going to or from their customary places of assembly.

Sec. 8. ISSUE OF LICENSES TO CARRY.) The justice of a court of record, the chief of police of a city or town and the sheriff of a county, or persons authorized by any of them

Case 3:19-cv-01226-L-AHG Document 133-1 Filed 03/15/24 PageID.11759 Page 241 of 280

shall upon the application of any persons having a bona fide residence or place of business within the jurisdiction ot said licensing authority, or of any person having a bona fide residence or place of business within the United States and a license to carry a fire arm concealed upon his person issued by the authorities of any State or sub-division of the United States, issue a license to such person to carry a pistol or revolver within this State for not more than one year from date of issue, if it appears that the applicant has good reason to fear an injury to his person or property or for any other proper purpose, and that he is a suitable person to be so licensed. The license shall be in triplicate, in form to be prescribed by the Secretary of State, and shall bear the name, address, description, and signature of the licensee and the reason given for desiring a license. The original thereof shall be delivered to the licensee, the duplicate shall within seven days be sent by registered mail to the Secretary of State, and the triplicate shall be preserved for six years by the authority issuing said license.

Sec. 9. SELLING TO MINORS.) Any person or persons who shall sell, barter, hire, lend or give to any minor under the age of eighteen years any pistol or revolver shall be deemed guilty of a misdemeanor, and shall upon conviction thereof be fined not less than $100, nor more than $1,000, or be imprisoned not less than three months, nor more than one year, or both.

Sec. 10. SALES REGULATED.) No person shall sell, deliver, or otherwise transfer a pistol or revolver to a person who he has reasonable cause to believe either is an unnaturalized foreign born person or has been convicted of a felony against the person or property of another, or against the Government of the United States or any State or subdivision thereof, nor in any event shall he deliver a pistol or revolver on the day of the application for the purchase thereof, and when delivered, said pistol or revolver shall be securely wrapped and shall be unloaded. Before a delivery be made the purchaser shall sign in triplicate and deliver to the seller a statement containing his full name, address, occupation, and nationality, the date of sale, the caliber, make, model, and manufacturer's number of the weapon. The seller shall, within seven days, sign and forward by registered mail one copy thereof to the Secretary of State, and one copy thereof to the chief of police of the city or town, or the sheriff of the county of which the seller is a resident, and shall retain the other copy for six years. This section shall not apply to sales at wholesale. Where neither party to the transaction holds a dealer's license, no person shall sell or otherwise transfer a pistol or revolver to any person not personally known to him. Violations of this section shall be punished by a fine of not less than $100 or by

imprisonment for not less than one year, or by both such fine and imprisonment.

Sec. 11. DEALERS TO BE LICENSED.)   Whoever, without being licensed as hereinafter provided, sells, or otherwise transfers, advertises, or exposes for sale, or transfers or has in his possession with intent to sell, or otherwise transfer, pistols or revolvers, shall be punished by imprisonment for not less than two years.

Sec. 12. DEALERS' LICENSES: BY WHOM GRANTED, AND CONDITIONS THEREOF.)   The duly constituted licensing authorities of any city, town or subdivision of this state, may grant licenses in form prescribed by the Secretary of State, effective for not more than one year from date of issue, permitting the licensee to sell at retail within the said city or town or political subdivision, pistols and revolvers, subject to the following conditions, for breach of any of which the license shall be subject to forfeiture:

1.   The business shall be carried on only in the building designated in the license.

2.   The license or a copy thereof, certified by the issuing authority, shall be displayed on the premises where it can easily be read.

3.   No pistol or revolver shall be delivered—

    (a)   On the day of the application for the purchase, and when delivered shall be unloaded and securely wrapped; nor

    (b)   Unless the purchaser either is personally known to the seller or shall present clear evidence of his identity; nor

    (c)   If the seller has reasonable cause to believe that the purchaser either is an unnaturalized foreign born person or has been convicted of a felony against the person or property of another, or against the Government of the United States or any State or subdivision thereof.

4.   A true record, in triplicate, shall be made of every pistol or revolver sold, said record to be made in a book kept for the purpose, the form of which may be prescribed by the Secretary of State, and shall be personally signed by the purchaser and by the person affecting the sale, each in the presence of the other, and shall include the date of sale, the caliber, make, model, and manufacturer's number of the weapon, the name, address, occupation, and nationality of the purchaser.   One copy of said record shall, within seven days, be forwarded by registered mail to the Secretary of State and one copy thereof to the chief of police of the city or town or the sheriff of the county of which the seller is a resident, and the other copy retained for six years.

# EXHIBIT 73

# Acts and Joint Resolutions

OF THE

# GENERAL ASSEMBLY

OF THE

# State of South Carolina

PASSED AT THE REGULAR SESSION OF 1923

---

PRINTED BY ORDER OF THE GENERAL ASSEMBLY AND DESIGNED TO FORM A PART OF THE THIRTY-THIRD VOLUME OF THE STATUTES AT LARGE, COMMENCING WITH THE ACTS OF THE REGULAR SESSION OF 1923

---

Columbia, S. C.
Gonzales and Bryan, State Printers
1923

If any person shall aid or assist any minor child under eighteen years old in obtaining the possession of cigarettes, or tobacco in any form used as cigarettes, by whatever name it may be called, he shall be guilty of a misdemeanor, and, upon conviction, shall be fined or imprisoned in the discretion of the Court.

It shall be the duty of every police officer, upon knowledge or information that any minor under eighteen years is or has been smoking any cigarettes, to inquire of any such minor the name of the person who sold or gave him such cigarettes or the substitute from which it was made, or who aided and abetted in effecting such gift or sale. Upon receiving this information from any such minor the officer shall forthwith cause a warrant to be issued for the person giving or selling or aiding and abetting in the giving and selling of such cigarettes or the substance out of which they were made, and have such person dealt with as the law directs. Any such minor who shall fail or refuse to give to any officer upon inquiry the name of the person selling or giving him such cigarette or the substance out of which it was made, shall be guilty of a misdemeanor.

If any person shall knowingly sell, offer for sale, give, or in any way dispose of to a minor any pistol or pistol cartridge, brass knucks, bowie knife, dirk, loaded cane or sling shot, he shall be guilty of a misdemeanor. Any person being the parent or guardian of, or attending in *loco parentis* to any child under the age of twelve years who shall knowingly permit such child to have the possession or custody of, or use in any manner whatever any gun, pistol, or other dangerous firearm, whether such firearm be loaded or unloaded, or any person who shall knowingly furnish such child any firearm, shall be guilty of a misdemeanor, and, upon conviction, shall be fined not exceeding Fifty Dollars or imprisoned not exceeding thirty days. If any person shall leave any child of the age of seven years or less locked or otherwise confined in any dwelling, building or enclosure, and go away from such dwelling, building or enclosure, without leaving some person of the age of discretion in charge of the same, so as to expose the child to danger by fire, the person so offending shall be guilty of a misdemeanor, and shall be punished at the discretion of the Court.

Whenever any person, having a contract with any corporation, company, or person, for the manufacture or change of any raw material by the piece or pound, shall employ any minor to assist in the work upon the faith of and by color of such contract, with in-

# EXHIBIT 74

# LAWS

OF THE

# STATE OF INDIANA

Passed at the Seventy-Fourth Regular Session
of the General Assembly

Begun on the Eighth Day of January, A. D. 1925

1925

*BY AUTHORITY*
FREDERICK E. SCHORTEMEIER, Secretary of State

INDIANAPOLIS:
WM. B. BURFORD, CONTRACTOR FOR STATE PRINTING AND BINDING
1925

Digitized by Google

to carry a firearm concealed upon his person issued by the authorities of any other state or subdivision of the United States, issue a permit to such citizen to carry a pistol or revolver within the State of Indiana, during the period of one year or until revoked, as herein provided. Such application for permit shall be signed by two resident householders and freeholders of the county in which the applicant lives, and it shall appear from such application that the applicant is a suitable person to be granted a permit under the law. The permit shall be in duplicate, in form to be prescribed by the adjutant general of the State of Indiana, and shall bear the name, address, description and signature of the applicant and reason given for desiring a permit. The original thereof shall be delivered to the applicant, the duplicate shall be preserved for six years by the clerk of the circuit court issuing the same. For each permit so issued, the applicant shall pay the sum of one dollar ($1.00).

**Minors—Sale of Pistols or Revolvers to Prohibited.**

SEC. 8. Any person or persons who shall, within the State of Indiana, sell, barter, hire, lend, or give to any minor under the age of twenty-one years, any pistol or revolver shall be deemed guilty of a misdemeanor and shall upon conviction thereof be fined not more than one hundred dollars ($100.00), or be imprisoned for not more than three months, or both, except for uses as hereinbefore provided.

**Sale of Pistols and Revolvers—Record—Penalty.**

SEC. 9. No person shall within the State of Indiana sell, deliver or otherwise transfer a pistol or revolver to a person who he has reasonable cause to believe either is not a citizen or has been convicted of a felony against the person or property of another, nor in any event shall he deliver a pistol or revolver on the day of the application for the purchase thereof, and when delivered said pistol or revolver shall be securely wrapped and shall be unloaded. Before a delivery be made, the purchaser or his duly authorized agent and the seller or his duly authorized agent shall in the presence of each other sign in duplicate a statement containing the purchaser's full name, age, ad-

Digitized by Google

# EXHIBIT 75

# ACTS

*of the*

# LEGISLATURE

*of*

# WEST VIRGINIA

REGULAR AND FIRST EXTRAORDINARY SESSIONS

1925

TRIBUNE PRINTING CO., CHARLESTON, W. VA.

# CHAPTER 3

**(House Bill No. 7—By Mr. Robinson from the Select Committee)**

AN ACT to amend and re-enact section seven of chapter one hundred and forty-eight of the code of West Virginia, as amended and re-enacted by chapter fifty-one of the acts of the legislature of West Virginia, one thousand nine hundred and nine, regular session, and as further amended and re-enacted by an act of the legislature of West Virginia, regular session, one thousand nine hundred and twenty-five, relating to offenses against the peace; providing for the granting and revoking of licenses and permits respecting the use, transportation and possession of weapons and fire arms; restricting the manner of the sale and display of weapons and fire arms; imposing liability upon certain persons for the accidental or improper, negligent or illegal discharges of weapons and fire arms; defining the powers and duties of certain officers in the granting and revocation of said licenses and permits, and providing penalties for the violation of this act and any part thereof.

[Passed June 5, 1925; in effect 90 days from passage. Approved by the Governor.]

Sec.
7. (*a*) Penalty for carrying dangerous or deadly weapon without license; second offense; duties of prosecuting attorneys; application for license; what to show; publication; issuance; fee; bond; term of license; territory covered; deputy sheriffs and railway police licenses co-extensive with state; accounting for fees; forms by tax commissioner; certified copy of license to superintendent of department of public safety; list of all licenses to the same; lawful to carry arms on own premises, or from place of purchase and repair, not applicable to employee; permits to express company employees and railway police; bonds; emergency permits; reports of violations, and penalty for failure so to do; certain officers permitted to carry arms; bond; unlawful to carry or use weapon in a manner likely to cause breach of peace; penalty; revocation of license; notice; reinstatement.
7. (*b*) Permits for possession of machine gun and high-powered rifle; regulations; exception of rifle club members and licensed hunters; granting of permit; fee; revocation; confiscation of arms; alien prohibited from owning or possessing arms; display of arms for sale or rent prohibited; report of sales by dealers to superintendent of department of public safety; unlawful to arm alien; penalty for violations of this sub-section; inconsistent acts repealed.

*Be it enacted by the Legislature of West Virginia:*

That section seven of chapter one hundred and forty-eight of the code of West Virginia, as amended and re-enacted by chapter fifty-one of the acts of the legislature of West Virginia of one thousand nine hundred and nine, regular session, and as further amended and re-enacted by the legislature of West Virginia, one thousand nine hundred and twenty-five, regular session, in House Bill number four hundred six, be amended and re-enacted so as to read as follows:

Section 7 (*a*). If any person, without a state license therefor, carry about his person any revolver or other pistol, dirk, bowie-knife, slung shot, razor, billy, metallic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor and upon conviction thereof be confined in the county jail for a period of not less than six nor more than twelve months for the first offense; but upon conviction of the same person for the second offense in this state, he shall be guilty of a felony and be confined in the penitentiary not less than one or more than five years, and in either case fined not less than fifty nor more than two hundred dollars, in the discretion of the court; and it shall be the duty of the prosecuting attorney in all cases to ascertain whether or not the charge made by the grand jury is the first or second offense, and if it shall be the second offense, it shall be so stated in the indictment returned, and the prosecuting attorney shall introduce the record evidence before the trial court of said second offense, and shall not be permitted to use his discretion in charging said second offense nor in introducing evidence to prove the same on the trial; *provided,* that boys or girls under the age of eighteen years, upon the second conviction, may, at the discretion of the court, be sent to the industrial homes for boys and girls, respectively, of the state. Any person desiring to obtain a state license to carry any such weapon within one or more counties in this state shall first publish a notice in some newspaper, published in the county in which he resides, setting forth his name, residence and occupation, and that on a certain day he will apply to the circuit court of his county for such state license; and after the publication of such notice for at least ten days before said application is made and at the time stated in said notice upon application to said court, it may grant such person a license in the following manner, to-wit:

The applicant shall file with said court his application in writing, duly verified, which said application shall show:

*First:* That said applicant is a citizen of the United States of America.

*Second:* That such applicant has been a *bona fide* resident of this state for at least one year next prior to the date of such application, and of the county sixty days next prior thereto.

*Third:* That such applicant is over twenty-one years of age; that he is a person of good moral character, of temperate habits, not addicted to intoxication, and has not been convicted of a felony nor of any offense involving the use on his part of such weapon in an unlawful manner.

*Fourth:* The purpose or purposes for which the applicant desires to carry such weapon and the necessity therefor and the county or counties in which said license is desired to be effective.

Upon the hearing of such application the court shall hear evidence upon all matters stated in such application and upon any other matter deemed pertinent by the court, and if such court be satisfied from the proof that there is good reason and cause for such person to carry such weapon, and all of the other conditions of this act be complied with, said circuit court or the judge thereof in vacation, may grant said license for such purposes, and no other, as said circuit court may set out in the said license (and the word "court" as used in this act shall include the circuit judge thereof, acting in vacation); but before the said license shall be effective such person shall pay to the sheriff, and the court shall so certify in its order granting the license, the sum of twenty dollars, and shall also file a bond with the clerk of said court, in the penalty of three thousand five hundred dollars, with good security, signed by a responsible person or persons, or by some surety company, authorized to do business in this state, conditioned that such applicant will not carry such weapon except in accordance with his said application and as authorized by the court, and that he will pay all costs and damages accruing to any person by the accidental discharge or improper, negligent or illegal use of said weapon or weapons. Any such license granted after this act becomes effective shall be good for one year, unless sooner revoked, as hereinafter provided, and be co-extensive with the county in which granted, and such other county or counties as the court shall designate in the order granting such license; except that regularly appointed deputy sheriffs having license shall be permitted to carry such revolver or other weapons at any place, within the state, while in the performance of their duties as such deputy sheriffs and except that any such license granted to regularly appointed railway police

shall be co-extensive with the state, and all license fees collected hereunder shall be paid by the sheriff and accounted for to the auditor as other license taxes are collected and paid, and the state tax commissioner shall prepare all suitable forms for licenses and bonds and certificates showing that such license has been granted and to do anything else in the premises to protect the state and see to the enforcement of this act.

The clerk of the court shall immediately after license is granted as aforesaid, furnish the superintendent of the department of public safety a certified copy of the order of the court granting such license, for which service the clerk shall be paid a fee of two dollars which shall be taxed as cost in the proceeding; within thirty days after this act becomes effective it shall be the duty of the clerks of each court in this state having jurisdiction to issue pistol licenses to certify to the superintendent of the department of public safety a list of all such licenses issued in his county.

*Provided,* that nothing herein shall prevent any person from carrying any such weapon, in good faith and not for a felonious purpose, upon his own premises, nor shall anything herein prevent a person from carrying any such weapon (unloaded) from the place of purchase to his home or place of residence, or to a place of repair and back to his home or residence; but nothing herein shall be construed to authorize any employee of any person, firm or corporation doing business in this state to carry on or about the premises of such employer any such pistol, or other weapon mentioned in this act for which a license is herein required, without having first obtained the license and given the bond as herein provided; and, *provided, further,* that nothing herein shall prevent agents, messengers and other employees of express companies doing business as common carriers, whose duties require such agents, messengers and other employees to have the care, custody or protection of money, valuables and other property for such express companies, from carrying any such weapon while actually engaged in such duties, or in doing anything reasonably incident to such duties; *provided,* such express company shall execute a continuing bond in the penalty of thirty thousand dollars, payable unto the state of West Virginia, and with security to be approved by the secretary of state of the state

of West Virginia, conditioned that said express company will pay all damages, accruing to anyone by the accidental discharge or improper, negligent or illegal discharge or use of such weapon or weapons by such agent, messenger or other employee while actually engaged in such duties for such express company, in doing anything that is reasonably incident to such duties; but the amount which may be recovered for breach of such condition shall not exceed the sum of three thousand five hundred dollars in any one case, and such bond shall be filed with and held by the said secretary of state, for the purpose aforesaid, but upon the trial of any cause for the recovery of damages upon said bond, the burden of proof shall be upon such express company to establish that such agent, messenger or other employee was not actually employed in such duties for such express company nor in doing anything that was reasonably incident to such duties at the time such damages were sustained; and, *provided further,* that nothing herein shall prevent railroad police officers duly appointed and qualified under authority of section thirty-one of chapter one hundred forty-five of Barnes' code or duly qualified under the laws of any other state, from carrying any such weapon while actually engaged in their duties or in doing anything reasonably incident to such duties; *provided,* such railroad company shall execute a continuing bond in the penalty of ten thousand dollars payable unto the state of West Virginia and with security to be approved by the secretary of state of the state of West Virginia conditioned that said railroad company will pay all damages accruing to anyone by the accidental discharge or improper, negligent or illegal discharge or use of such weapon or weapons by such railroad special police officer whether appointed in this or some other state while actually engaged in such duties for such railroad company, in doing anything that is reasonably incident to such duties, but the amount which may be recovered for breach of such condition shall not exceed the sum of three thousand five hundred dollars in any one case, and such bond shall be filed with and held by the said secretary of state for the purpose aforesaid but upon the trial of any cause for the recovery of damages upon said bond, the burden of proof shall be upon such railroad company to establish that such railroad police officer was not actually em-

ployed in such duties for such railroad company nor in doing anything that was reasonably incident to such duties at the time such damages were sustained; and *provided, further,* that in case of riot, public danger and emergency, a justice of the peace, or other person issuing a warrant, may authorize a special constable and his posse whose names shall be set forth in said warrant, to carry weapons for the purpose of executing a process, and a sheriff in such cases may authorize a deputy or posse to carry weapons, but the justice shall write in his docket the cause and reasons for such authority and the name of the person, or persons, so authorized, and index the same, and the sheriff or other officer shall write out and file with the clerk of the county court the reasons and causes for such authority and the name, or names of the persons so authorized, and the same shall always be open to public inspection, and such authority shall authorize such special constable, deputies and posses to carry weapons in good faith only for the specific purposes and times named in such authority, and upon the trial of every indictment the jury shall inquire into the good faith of the person attempting to defend such indictment under the authority granted by any such justice, sheriff or other officer, and any such person or persons so authorized shall be personally liable for the injury caused to any person by the negligent or unlawful use of any such weapon or weapons. It shall be the duty of all ministerial officers, consisting of the justices of the peace, notaries public and other conservators of the peace of this state, to report to the prosecuting attorney of the county the names of all persons guilty of violating this section, and any person wilfully failing so to do, shall be guilty of a misdemeanor and shall be fined not exceeding two hundred dollars, and shall, moreover, be liable to removal from office for such wilful failure; and it shall likewise be the duty of every person having knowledge of the violation of this act, to report the same to the prosecuting attorney, and to freely and fully give evidence concerning the same, and any one failing so to do, shall be guilty of a misdemeanor and upon conviction thereof shall be fined not exceeding one hundred dollars; *provided, further,* that nothing herein contained shall be so construed as to prohibit sheriffs, their regularly appointed deputies, who actually collect

taxes in each county, and all constables in their respective counties and districts, and all regularly appointed police officers of their respective cities, towns or villages, all jailors and game protectors who have been duly appointed as such, and members of the department of public safety of this state, from carrying such weapons as they are now authorized by law to carry, who shall have given bond in the penalty of not less than three thousand five hundred dollars, conditioned for the faithful performance of their respective duties, which said officers shall be liable upon their said official bond, for the damages done by the unlawful or careless use of any such weapon or weapons, whether such bond is so conditioned or not.

It shall be unlawful for any person armed with a pistol, gun, or other dangerous or deadly weapon, whether licensed to carry same or not, to carry, expose, brandish, or use, such weapon in a way or manner to cause, or threaten, a breach of the peace. Any person violating this provision of this act shall be guilty of a misdemeanor, and upon conviction, shall be fined not less than fifty nor more than three hundred dollars or imprisoned in the county jail not less than thirty nor more than ninety days, or be punished by both fine and imprisonment in the discretion of the court.

Any circuit court granting any such license to carry any of the weapons mentioned in this act, the governor, or the superintendent of the department of public safety, with the consent of the governor, may, for any cause deemed sufficient by said court, or by the governor or by the superintendent of the department of public safety with the approval of the governor aforesaid, as the case may be, revoke any such license to carry a pistol or other weapon mentioned in this act for which a license is required, and immediate notice of such revocation shall be given such licensee in person, by registered mail or in the same manner as provided by law for the service of other notices, and no person whose license has been so revoked shall be re-licensed within one year thereafter; *provided*, that the authority so revoking such license may, after a hearing, sooner reinstate such licensee.

(*b*) It shall be unlawful for any person to carry, transport, or to have in his possession any machine gun, sub-machine gun, and what is commonly known as a high powered rifle, or any

gun of similar kind or character, or any ammunition therefor, except on his own premises or premises leased to him for a fixed term, until such person shall have first obtained a permit from the superintendent of the department of public safety of this state, and approved by the governor, or until a license therefor shall have been obtained from the circuit court as in the case of pistols and all such licenses together with the numbers identifying such rifle shall be certified to the superintendent of the department of public safety. *Provided, further,* that nothing herein shall prevent the use of rifles by *bona fide* rifle club members who are freeholders or tenants for a fixed term in this state at their usual or customary place of practice, or licensed hunters in the actual hunting of game animals. No such permit shall be granted by such superintendent except in cases of riot, public danger, and emergency, until such applicant shall have filed his written application with said superintendent of the department of public safety, in accordance with such rules and regulations as may from time to time be prescribed by said department of public safety relative thereto, which application shall be accompanied by a fee of two dollars to be used in defraying the expense of issuing such permit, and said application shall contain the same provisions as are required to be shown under the provisions of this act by applicants for pistol license, and shall be duly verified by such applicant, and at least one other reputable citizen of this state. Any such permit as granted under the provisions of this act may be revoked by the governor at his pleasure and upon the revocation of any such permit the department of public safety shall immediately seize and take possession of any such machine gun, sub-machine gun, high powered rifle, or gun of similar kind and character, held by reason of said permit, and any and all ammunition therefor, and the said department of public safety shall also confiscate any such machine gun, sub-machine gun, and what is commonly known as a high powered rifle, or any gun of similar kind and character and any and all ammunition therefor so owned, carried, transported or possessed contrary to the provisions of this act, and shall safely store and keep the same, subject to the order of the governor. No alien shall own, keep or possess any firearm of any kind or character. It shall be unlawful for any person, firm or corporation to place or keep

on public display to passersby on the streets, for rent or sale, any revolver, pistol, dirk, bowie knife, slung shot or other dangerous weapon of like kind or character or any machine gun, sub-machine gun or high powered rifle or any gun of similar kind or character, or any ammunition for the same.

All dealers licensed to sell any of the foregoing arms or weapons shall take the name, address, age and general appearance of the purchaser, as well as the maker of the gun, manufacturer's serial number and caliber, and report the same at once in writing to the superintendent of the department of public safety.

It shall be unlawful for any person to sell, rent, give or lend any of the above mentioned arms to an unnaturalized person.

Any person violating the provisions of sub-section (*b*) of this act shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than fifty dollars, nor more than three hundred dollars, or confined in the county jail not less than thirty days nor more than six months, or both such fine and imprisonment, in the discretion of the court.

All acts and parts of acts inconsistent herewith are hereby repealed.

---

# CHAPTER 4

**(Senate Bill No. 4—By Joint Special Committee)**

AN ACT making appropriations of public moneys to pay general charges upon the treasury.

[Passed June 6, 1925; in effect from passage. Approved by the Governor.]

Sec.
1. Appropriations made from the treasury.
2. Fiscal years of 1926 and 1927.
3. Appropriations under sub-sections "A," "B" and "C" payable out of the general revenue of the state.

*Sub-Section "A"*

4. Construction and equipment of second unit of office building of new capitol; Governor to sell all state property on Capitol and Summers streets in Charleston; proceeds to be paid into the treasury as a special capitol building fund; Governor may continue capitol building commission, by re-appointment; limit of total cost of new capitol; authorizing construction and limiting cost of second office building.
5. Appropriations for maintenance and repair of roads; in "state fund general revenue" not otherwise appropriated to be used for road maintenance.
5-*a*. Recodification commission; salary and expenses of the commission, assistants and stenographers; expenses of the legislative committee; this an additional appropriation.

*Sub-Section "B"*

6. Appropriations appearing under sub-section "B" payable only on requisition and approval of the state board of control.

# EXHIBIT 76



# LAWS

OF THE

# TERRITORY OF HAWAII

PASSED BY THE

# FOURTEENTH LEGISLATURE

---

## REGULAR SESSION 1927

---

COMMENCED ON WEDNESDAY, THE SIXTEENTH DAY OF FEBRUARY, AND ENDED ON TUESDAY, THE THIRD DAY OF MAY.

---

PUBLISHED BY AUTHORITY

---

HONOLULU, HAWAII
ADVERTISER PUBLISHING CO., LTD.
1927

B

LLMC DIGITAL



# ACT 206

[H. B. No. 322]

AN ACT REGULATING THE SALE, TRANSFER AND POSSESSION OF CERTAIN FIREARMS AND AMMUNITIONS, AND AMENDING SECTIONS 2136, 2137, 2138, 2139, 2140, 2141, 2142, 2143, 2146 AND 2147 OF THE REVISED LAWS OF HAWAII 1925.

*Be it Enacted by the Legislature of the Territory of Hawaii:*

SECTION 1. Definitions. "Pistol" or "revolver" as used in this Act, means any firearm with barrel less than twelve inches in length.

"Crime of Violence", as used in this Act means any of the following crimes, namely, murder, manslaughter, rape, mayhem, assault to do great bodily harm, robbery, larceny, burglary and housebreaking.

SECTION 2. Committing crime when armed. If any person, when armed with a pistol or revolver, shall commit or attempt to commit an act constituting a crime of violence, he may in addition to the punishment otherwise provided for the crime, be punished by imprisonment for not more than one year or by a fine of not more than one thousand dollars ($1,000.00) or by both; provided, that the act aforesaid be one which is capable of being committed or facilitated by means of a pistol or revolver.

SECTION 3. Being armed prima facie evidence of intent. In the trial of a person for committing or attempting to commit a crime of violence, the fact that he was armed with a pistol or revolver and had no license to carry the same, shall be prima facie evidence of his intention to commit said crime of violence; provided, that the criminal act committed or attempted be one which is capable of being committed or facilitated by means of a pistol or revolver.

SECTION 4. Persons forbidden to possess small arms. No person who has been convicted in this territory, or elsewhere, of having committed or attempted a crime of violence, shall own or have in his possession or under his control, a pistol or revolver.

SECTION 5. Carrying or keeping small arms by unlicensed persons. Except as otherwise provided in Sections 7 and 11 hereof in respect of certain licensees, no person shall carry, keep, possess or have under his control a pistol or revolver; provided, how-

LLMC DIGITAL

ever, that any person who shall have lawfully acquired the ownership or possession of a pistol or revolver may, for purposes of protection and with or without a license, keep the same in the dwelling house or business office personally occupied by him, and, in case of an unlawful attack upon any person or property in said house or office, said pistol or revolver may be carried in any lawful, hot pursuit of the assailant.

SECTION 6. Exceptions. The provisions of the preceding section shall not apply to marshals, sheriffs, prison or jail wardens or their deputies, policemen, mail carriers, or other duly appointed law enforcement officers, or to members of the Army, Navy, or Marine Corps of the United States, or of the National Guard, when on duty, or of organizations by law authorized to purchase or receive such weapons from the United States or this territory, or to officers or employees of the United States authorized by law to carry a concealed pistol or revolver, or to duly authorized military organizations when on duty, or to the members thereof when at or going to or from their customary places of assembly, or to the regular and ordinary transportation of pistols or revolvers as merchandise, or to any person while carrying a pistol or revolver unloaded in a wrapper from the place of purchase to his home or place of business, or to a place of repair or back to his home or place of business or in moving goods from one place of abode or business to another.

SECTION 7. Issuse of licenses to carry. The judge ot a court of record or the sheriff of a county, or city and county, shall, upon the application of any person having a bona fide residence or place of business within the jurisdiction of said licensing authority, or of any person having a bona fide residence or place of business within the United States and a license to carry a pistol or revolver concealed upon his person or to carry one elsewhere than in his home or office, said license being issued by the authorities of any state or political subdivision of the United States, issue a license to such person to carry a pistol or revolver within this territory elsewhere than in his home or office, for not more than one year from date of issue, if it appears that the applicant has good reason to fear an injury to his person or property, or has any other proper reason for carrying a pistol or revolver, and that he is a suitable person to be so licensed. The license shall be in triplicate, in form to be prescribed by the treasurer of the territory, and shall bear the name, address, description and signature of the licensee and the reason given for desiring a license. The original thereof shall be delivered to the licensee; the duplicate shall, within seven days, be sent by registered mail, to the treasurer of the territory and the

LLMC DIGITAL

triplicate shall be preserved for six years by the authority issuing said license.

SECTION 8.  Selling to minors.  No person shall sell, barter, hire, lend, or give any pistol or revolver to any person under the age of eighteen years.

SECTION 9.  Transfers regulated.  No person shall transfer by way of sale, gift, loan or otherwise, a pistol or revolver unless the prospective transferee, when he applies for the transfer, presents a permit duly granted under Section 2141 of the Revised Laws of Hawaii 1925; nor shall he make such transfer unless the transferee be a person in respect of whom there is no reasonable cause, known to the transferor, for believing that such transferee has committed or attempted, or has been convicted of committing or attempting, a crime of violence.  No seller shall in any event deliver a pistol or revolver on the day when the application to purchase and the statement hereinafter mentioned shall be made.  When delivered, said pistol or revolver shall be securely wrapped and shall be unloaded.  Before a delivery be made the purchaser shall sign in triplicate and deliver to the seller a statement containing his full name, address, occupation, race, nationality, color, and place of birth, the date of sale, the caliber, make, model, and manufacturer's number of the weapon, and stating that he has never been convicted of a crime of violence.  The seller shall promptly sign and forward by registered mail one copy thereof to the treasurer of the territory, and one copy thereof to the sheriff of the county or city and county of which the seller is a resident, and shall retain the other copy for six years.    A statement shall be deemed promptly forwarded if it is forwarded within seven days, unless a shorter time is provided therefor in regulations established by the Governor.

SECTION 10.  Dealers to be licensed.  No retail dealer or selling agent shall sell or otherwise transfer, or expose for sale or transfer, or have in his possession with intent to sell, or otherwise transfer, any pistol or revolver without being licensed as hereinafter provided.

SECTION 11.  Dealers' Licenses; by whom granted, and conditions thereof.  The duly constituted licensing authorities of any political subdivision of this territory may grant licenses in form prescribed by the treasurer of the territory, effective for not more than one year from date of issue, permitting the licensee to sell at retail within the said city or town or political subdivision, pistols and revolvers, subject to the following conditions, for breach of any of which the license shall be subject to forfeiture:

 LLMC DIGITAL

# EXHIBIT 77

# LAWS

OF THE

# STATE OF INDIANA

Passed at the Seventy-Sixth Regular Session
of the General Assembly

Begun on the Tenth Day of January, A. D. 1929

1929

*BY AUTHORITY*
OTTO G. FIFIELD, Secretary of State

INDIANAPOLIS:
WM. B. BURFORD PRINTING ' ., CONTRACTOR FOR STATE PRINTING AND BINDING
1929

## CHAPTER 55.

AN ACT making it a separate felony for any person over the age of sixteen years to commit or attempt to commit either the crime of rape, larceny, robbery or bank robbery while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon or while any other person present and aiding or assisting in committing or attempting to commit said crime is so armed, providing the punishment therefor and repealing all laws or parts of laws in conflict therewith.

[S. 106. Approved March 8, 1929.]

**Criminal Offenses—Commission of or Attempt to Commit Crime While Armed with Deadly Weapon.**

SECTION 1. *Be it enacted by the general assembly of the State of Indiana,* That any person who being over sixteen years of age, commits or attempts to commit either the crime of rape, robbery, bank robbery, petit larceny or grand larceny while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon, or while any other person present and aiding or assisting in committing or attempting to commit either of said crimes is armed with any of said weapons, shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten years nor more than twenty years, to be fixed by the court: *Provided,* That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for either of the crimes first above enumerated but that such term of imprisonment shall be served beginning at the expiration of the imprisonment adjudged for either of said first named crimes.

**Repeal.**

SEC. 2. All laws and parts of laws in conflict herewith are hereby repealed.

# EXHIBIT 78

States, for the purpose of having such communication delivered by the post-office establishment of such foreign country to the post-office establishment of the United States and by it delivered to such addressee in the United States, and as a result thereof such communication is delivered by the post-office establishment of such foreign country to the post-office establishment of the United States and by it delivered to the address to which it is directed in the United States, then such person shall be punished in the same manner and to the same extent as provided in section 1 of this Act: *Provided*, That any person violating this section may be prosecuted either in the district into which such letter or other communication was carried by the United States mail for delivery according to the direction thereon, or in which it was caused to be delivered by the United States mail to the person to whom it was addressed.

Punishment for.

*Proviso.* Jurisdiction.

Approved, July 8, 1932.

---

[CHAPTER 465.]

July 8, 1932. [H. R. 8754.] [Public, No. 275.]

AN ACT

To control the possession, sale, transfer, and use of pistols and other dangerous weapons in the District of Columbia, to provide penalties, to prescribe rules of evidence, and for other purposes.

Unauthorized use, etc., of pistols and other dangerous weapons in District of Columbia.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Definitions.

DEFINITIONS

"Pistol."

SECTION 1. "Pistol," as used in this Act, means any firearm with a barrel less than twelve inches in length.

"Sawed-off shotgun."

"Sawed-off shotgun," as used in this Act, means any shotgun with a barrel less than twenty inches in length.

"Machine gun."

"Machine gun," as used in this Act, means any firearm which shoots automatically or semiautomatically more than twelve shots without reloading.

"Person."

"Person," as used in this Act, includes, individual, firm, association, or corporation.

"Sell" and "purchase," etc.

"Sell" and "purchase" and the various derivatives of such words, as used in this Act, shall be construed to include letting on hire, giving, lending, borrowing, and otherwise transferring.

"Crime of violence."

"Crime of violence" as used in this Act, means any of the following crimes, or an attempt to commit any of the same, namely: Murder, manslaughter, rape, mayhem, maliciously disfiguring another, abduction, kidnaping, burglary, housebreaking, larceny, any assault with intent to kill, commit rape, or robbery, assault with a dangerous weapon, or assault with intent to commit any offense punishable by imprisonment in the penitentiary.

COMMITTING CRIME WHEN ARMED

Committing crime of violence when armed. Punishment for.

SEC. 2. If any person shall commit a crime of violence in the District of Columbia when armed with or having readily available any pistol or other firearm, he may, in addition to the punishment provided for the crime, be punished by imprisonment for a term of not more than five years; upon a second conviction for a crime of violence so committed he may, in addition to the punishment provided for the crime, be punished by imprisonment for a term of not more than ten years; upon a third conviction for a crime of violence so committed he may, in addition to the punishment provided for the

crime, be punished by imprisonment for a term of not more than fifteen years; upon a fourth or subsequent conviction for a crime of violence so committed he may, in addition to the punishment provided for the crime, be punished by imprisonment for an additional period of not more than thirty years.

PERSONS FORBIDDEN TO POSSESS CERTAIN FIREARMS

Persons forbidden to possess certain firearms.

Convicted of a crime.

SEC. 3. No person who has been convicted in the District of Columbia or elsewhere of a crime of violence shall own or have in his possession a pistol, within the District of Columbia.

CARRYING CONCEALED WEAPONS

Illegally carrying, etc., dangerous weapon.

SEC. 4. No person shall within the District of Columbia carry concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon.

EXCEPTIONS

Exceptions.

Law enforcement officers.

Army, Navy, or Marine Corps.

National Guard, etc., on duty.

Other organizations.

Carrying to places of assembly, etc.

SEC. 5. The provisions of the preceding section shall not apply to marshals, sheriffs, prison or jail wardens, or their deputies, policemen or other duly appointed law-enforcement officers, or to members of the Army, Navy, or Marine Corps of the United States or of the National Guard or Organized Reserves when on duty, or to the regularly enrolled members of any organization duly authorized to purchase or receive such weapons from the United States, provided such members are at or are going to or from their places of assembly or target practice, or to officers or employees of the United States duly authorized to carry a concealed pistol, or to any person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person having in his possession, using, or carrying a pistol in the usual or ordinary course of such business or to any person while carrying a pistol unloaded and in a secure wrapper from the place of purchase to his home or place of business or to a place of repair or back to his home or place of business or in moving goods from one place of abode or business to another.

Manufacturer, etc.

ISSUE OF LICENSES TO CARRY

Licenses.

SEC. 6. The superintendent of police of the District of Columbia may, upon the application of any person having a bona fide residence or place of business within the District of Columbia or of any person having a bona fide residence or place of business within the United States and a license to carry a pistol concealed upon his person issued by the lawful authorities of any State or subdivision of the United States, issue a license to such person to carry a pistol within the District of Columbia for not more than one year from date of issue, if it appears that the applicant has good reason to fear injury to his person or property or has any other proper reason for carrying a pistol and that he is a suitable person to be so licensed. The license shall be in duplicate, in form to be prescribed by the Commissioners of the District of Columbia and shall bear the name, address, description, photograph, and signature of the licensee and the reason given for desiring a license. The original thereof shall be delivered to the licensee, and the duplicate shall be retained by the superintendent of police of the District of Columbia and preserved in his office for six years.

SELLING TO MINORS AND OTHERS

*Selling to minors or others.*

SEC. 7. No person shall within the District of Columbia sell any pistol to a person who he has reasonable cause to believe is not of sound mind, or is a drug addict, or is a person who has been convicted in the District of Columbia or elsewhere of a crime of violence or, except when the relation of parent and child or guardian and ward exists, is under the age of eighteen years.

TRANSFERS REGULATED

Time, etc., provisions.

SEC. 8. No seller shall within the District of Columbia deliver a pistol to the purchaser thereof until forty-eight hours shall have elapsed from the time of the application for the purchase thereof, except in the case of sales to marshals, sheriffs, prison or jail wardens or their deputies, policemen, or other duly appointed law-enforcement officers, and, when delivered, said pistol shall be securely wrapped and shall be unloaded. At the time of applying for the purchase of a pistol the purchaser shall sign in duplicate and deliver to the seller a statement containing his full name, address, occupation, color, place of birth, the date and hour of application, the caliber, make, model, and manufacturer's number of the pistol to be purchased and a statement that he has never been convicted in the District of Columbia or elsewhere of a crime of violence. The seller shall, within six hours after such application, sign and attach his address and deliver one copy to such person or persons as the superintendent of police of the District of Columbia may designate, and shall retain the other copy for six years. No machine gun, sawed-off shotgun, or blackjack shall be sold to any person other than the persons designated in section 14 hereof as entitled to possess the same, and then only after permission to make such sale has been obtained from the superintendent of police of the District of Columbia. This section shall not apply to sales at wholesale to licensed dealers.

Register to be kept.

Limitation.

Wholesale trade.

DEALERS TO BE LICENSED

Dealers to be licensed.

SEC. 9. No retail dealer shall within the District of Columbia sell or expose for sale or have in his possession with intent to sell, any pistol, machine gun, sawed-off shotgun, or blackjack without being licensed as hereinafter provided. No wholesale dealer shall, within the District of Columbia, sell, or have in his possession with intent to sell, to any person other than a licensed dealer, any pistol, machine gun, sawed-off shotgun, or blackjack.

DEALERS' LICENSES, BY WHOM GRANTED AND CONDITIONS THEREOF

Conditions, etc., for issuing dealers' licenses. *Ante*, p. 558.

SEC. 10. The Commissioners of the District of Columbia may, in their discretion, grant licenses and may prescribe the form thereof, effective for not more than one year from date of issue, permitting the licensee to sell pistols, machine guns, sawed-off shotguns, and blackjacks at retail within the District of Columbia subject to the following conditions in addition to those specified in section 9 hereof, for breach of any of which the license shall be subject to forfeiture and the licensee subject to punishment as provided in this Act.

1. The business shall be carried on only in the building designated in the license.

2. The license or a copy thereof, certified by the issuing authority, shall be displayed on the premises where it can be easily read.

3. No pistol shall be sold (a) if the seller has reasonable cause to believe that the purchaser is not of sound mind or is a drug addict or has been convicted in the District of Columbia or elsewhere of a crime of violence or is under the age of eighteen years, and (b) unless the purchaser is personally known to the seller or shall present clear evidence of his identity. No machine gun, sawed-off shotgun, or blackjack shall be sold to any person other than the persons designated in section 14 hereof as entitled to possess the same, and then only after permission to make such sale has been obtained from the superintendent of police of the District of Columbia.

Records.

4. A true record shall be made in a book kept for the purpose, the form of which may be prescribed by the Commissioners, of all pistols, machine guns, and sawed-off shotguns in the possession of the licensee, which said record shall contain the date of purchase, the caliber, make, model, and manufacturer's number of the weapon, to which shall be added, when sold, the date of sale.

5. A true record in duplicate shall be made of every pistol, machine gun, sawed-off shotgun, and blackjack sold, said record to be made in a book kept for the purpose, the form of which may be prescribed by the Commissioners of the District of Columbia and shall be personally signed by the purchaser and by the person effecting the sale, each in the presence of the other and shall contain the date of sale, the name, address, occupation, color, and place of birth of the purchaser, and, so far as applicable, the caliber, make, model, and manufacturer's number of the weapon, and a statement signed by the purchaser that he has never been convicted in the District of Columbia or elsewhere of a crime of violence. One copy of said record shall, within seven days, be forwarded by mail to the superintendent of police of the District of Columbia and the other copy retained by the seller for six years.

Display, etc., forbidden.

6. No pistol or imitation thereof or placard advertising the sale thereof shall be displayed in any part of said premises where it can readily be seen from the outside. No license to sell at retail shall be granted to anyone except as provided in this section.

FALSE INFORMATION FORBIDDEN

False information or evidence forbidden.

SEC. 11. No person, shall, in purchasing a pistol or in applying for a license to carry the same, or in purchasing a machine gun, sawed-off shotgun, or blackjack within the District of Columbia, give false information or offer false evidence of his identity.

ALTERATION OF IDENTIFYING MARKS PROHIBITED

Alteration, etc., of identification marks, prohibited.

SEC. 12. No person shall within the District of Columbia change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark or identification on any pistol, machine gun, or sawed-off shotgun. Possession of any pistol, machine gun, or sawed-off shotgun upon which any such mark shall have been changed, altered, removed, or obliterated shall be prima facie evidence that the possessor has changed, altered, removed, or obliterated the same within the District of Columbia: *Provided, however*, That nothing contained in this section shall apply to any officer or agent of any of the departments of the United States or the District of Columbia engaged in experimental work.

*Proviso.* Experimental work.

EXCEPTIONS

Toys, etc., excepted.

SEC. 13. This Act shall not apply to toy or antique pistols unsuitable for use as firearms.

POSSESSION OF CERTAIN DANGEROUS WEAPONS

Possession of certain dangerous weapons forbidden.

SEC. 14. No person shall within the District of Columbia possess any machine gun, sawed-off shotgun, or any instrument or weapon of the kind commonly known as a blackjack, slung shot, sand club, sandbag, or metal knuckles, nor any instrument, attachment, or appliance for causing the firing of any firearm to be silent or intended to lessen or muffle the noise of the firing of any firearms: *Provided, however,* That machine guns, or sawed-off shotguns, and blackjacks may be possessed by the members of the Army, Navy, or Marine Corps of the United States, the National Guard, or Organized Reserves when on duty, the Post Office Department or its employees when on duty, marshals, sheriffs, prison or jail wardens, or their deputies, policemen, or other duly appointed law-enforcement officers, officers or employees of the United States duly authorized to carry such weapons, banking institutions, public carriers who are engaged in the business of transporting mail, money, securities, or other valuables, wholesale dealers and retail dealers licensed under section 10 of this Act.

*Proviso.* Exceptions.

PENALTIES

Punishment for violations.

SEC. 15. Any violation of any provision of this Act for which no penalty is specifically provided shall be punished by a fine of not more than $1,000 or imprisonment for not more than one year, or both.

CONSTITUTIONALITY

Invalidity of any provision not to affect remainder.

SEC. 16. If any part of this Act is for any reason declared void, such invalidity shall not affect the validity of the remaining portions of this Act.

CERTAIN ACTS REPEALED

Vol. 31, p. 1328, repealed.

SEC. 17. The following sections of the Code of Law for the District of Columbia, 1919, namely, sections 855, 856, and 857, and all other Acts or parts of Acts inconsistent herewith, are hereby repealed.

Approved, July 8, 1932.

---

[CHAPTER 466.]

JOINT RESOLUTION

July 8, 1932. [H. J. Res. 462.] [Pub. Res., No. 35.]

Making an appropriation to provide transportation to their homes for veterans of the World War temporarily quartered in the District of Columbia.

World War veterans. Appropriation for, to provide transportation from District of Columbia to their homes. *Post,* p. 701.

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That to enable the Administrator of Veterans' Affairs, upon the request of any honorably discharged veteran of the World War, temporarily quartered in the District of Columbia, who is desirous of returning to his home, to provide such veteran with railroad transportation thereto prior to July 15, 1932, together with travel subsistence at the rate of 75 cents per day, there is hereby appropriated, out of any money in the Treasury not otherwise appropriated, the sum of $100,000: *Provided,* That all amounts expended under this appropriation in behalf of any veteran shall constitute a loan without interest which, if not repaid to the United States, shall be deducted from any amounts payable to such veteran on his adjusted-service certificate.

*Proviso.* Credited as a loan.

Approved, July 8, 1932.

# EXHIBIT 79

## ACT 25

[H. B. No. 100]

AN ACT TO AMEND SECTION 3487 OF THE REVISED LAWS OF HAWAII 1925, RELATING TO TRUST COMPANIES.

*Be it Enacted by the Legislature of the Territory of Hawaii:*

SECTION 1. Section 3487 of the Revised Laws of Hawaii 1925, is hereby amended by adding thereto at the end thereof the following:

"Provided that the treasurer may, whether before or after making such application, permit such company to continue or resume business upon its effecting appropriate remedies within such time and upon such terms and in such manner as he shall approve, as by making good the impairment of its capital, or by reducing its capital to the extent of the impairment but not below the amount required by law or by selling all or any of its assets or capital stock to or merging with any trust company, whose capital has not been impaired, which will take over and assume its liabilities, or by making satisfactory arrangements with its creditors, or by reorganization or otherwise."

SECTION 2. This Act shall take effect upon its approval.

Approved this 2nd day of January, A. D. 1934.

LAWRENCE M. JUDD,
Governor of the Territory of Hawaii.

---

## ACT 26

[H. B. No. 70]

AN ACT REGULATING THE SALE, TRANSFER AND POSSESSION OF FIREARMS AND AMMUNITION AND REPEALING SECTIONS 2136, 2137, 2138, 2139, 2140, 2141, 2142, 2143, 2144, 2145, 2146 AND 2147, REVISED LAWS OF HAWAII 1925, ACT 206, SESSION LAWS OF HAWAII 1927, AND ACT 120, SESSION LAWS OF HAWAII 1933.

*Be it Enacted by the Legislature of the Territory of Hawaii:*

SECTION 1. Sections 2136, 2137, 2138, 2139, 2140, 2141, 2142, 2143, 2144, 2145, 2146 and 2147 of the Revised Laws of Hawaii 1925, Act 206, Session Laws of Hawaii 1927, and Act 120, Session

Laws of Hawaii 1933, and all other laws or parts of laws in conflict with the provisions of this Act, are hereby repealed.

SECTION 2. Definitions. "Firearm" as used in this Act means any weapon, the operating force of which is an explosive. This definition includes pistols, revolvers, rifles, shotguns, machine guns, automatic rifles, noxious gas projectors, mortars, bombs, cannon and sub-machine guns. The specific mention herein of certain weapons does not exclude from the definition other weapons operated by explosives.

"Crime of violence" as used in this Act means any of the following crimes, namely: murder, manslaughter, rape, kidnapping, robbery, burglary, and those certain crimes set forth in Sections 4130 and 4131 of said Revised Laws.

"Pistol" or "revolver" as used in this Act, means and includes any firearm of any shape whatsoever with barrel less than twelve inches in length and capable of discharging loaded ammunition or any noxious gas.

"Person" as used in this Act includes individuals, firms, corporations and copartnerships, and includes wholesale and retail dealers.

SECTION 3. Every person residing or doing business or temporarily sojourning within the Territory on the effective date of this Act who possesses a firearm of any description, whether usable or unusable, serviceable or unserviceable, modern or antique, not already registered in the name of the present possessor, or who possesses ammunition of any kind or description, except shotgun ammunition, shall, within ten days of said effective date, register the same with the chief of police of the city and county of Honolulu or the sheriff of the county, other than the city and county of Honolulu, wherein is his place of business, or if there be no place of business, his residence, or if there be neither place of business nor residence, his place of sojourn.

Every person arriving in the Territory after the effective date of this Act, who brings with him firearms or ammunition of the type and description set out in this section, shall register the same in similar manner within forty-eight hours after arrival.

The registration shall be on such forms as may be designated by the bureau of crime statistics and shall include a description of the class of firearm or firearms and ammunition owned by him, or in his possession, together with the name of the maker and the factory number, if known or ascertainable, and the source from which possession was obtained.

Within sixty days after the effective date of this Act, the chief of police of the city and county of Honolulu and the sheriffs of the several counties, other than the city and county of Honolulu,

shall furnish the bureau of crime statistics a record of all registrations now on file in their respective offices. Within ten days after the end of each month the chief of police of the city and county of Honolulu and the sheriffs of the several counties, other than the city and county of Honolulu, shall furnish to the bureau of crime statistics duplicate copies of all registrations made during the preceding month.

No fee shall be charged for such registration.

Any person who fails to comply with the provisions of this section shall be punished by a fine of not more than two hundred and fifty dollars ($250.00).

SECTION 4. No person residing or doing business or temporarily sojourning within the Territory shall take possession of any firearm of any description, whether usable or unusable, serviceable or unserviceable, modern or antique, registered under prior Acts or unregistered, or of any ammunition of any kind or description, except shotgun ammunition, either through sale, gift, loan, bequest, or otherwise, whether procured in the Territory or imported by mail, express, freight, or otherwise, until he shall first have procured from the chief of police of the city and county of Honolulu or the sheriff of the county, other than the city and county of Honolulu, wherein is his place of business, or if there be no place of business, his residence, or if there be neither place of business nor residence, his place of sojourn, a permit to acquire as prescribed herein. The chief of police of the city and county of Honolulu or the sheriffs of the several counties, other than the city and county of Honolulu, are hereby authorized, within their discretion, to issue permits, within their respective jurisdictions, to acquire rifles, pistols, and revolvers to citizens of the United States, of the age of twenty years or more, and to duly accredited official representatives of foreign nations. Permits to acquire ammunition for rifles, pistols and revolvers acquired prior to the effective date of this Act and registered in accordance with the provisions hereof, may be granted persons of the age of twenty years or more irrespective of citizenship. Permits to acquire shotguns may be granted to persons of the age of sixteen years or more, irrespective of citizenship. Applications for such permits shall be signed by the applicant upon forms to be specified by the bureau of crime statistics, and shall be signed by the issuing authority. One copy of such permit shall be retained by the issuing authority, as a permanent official record. Such permit shall be void unless used within ten days after the date of issue. In all cases where possession is acquired from another person in the Territory the permit shall be signed in ink by the holder thereof and shall thereupon be delivered to and taken up by the person selling, loaning, giving or delivering the firearm or ammunition, who shall make entry thereon setting

forth in the space provided therefor the name of the person to whom the firearm or ammunition was delivered, and the make, style, caliber, and number, as applicable. He shall then sign it in ink and cause it to be delivered or sent by registered mail to the issuing authority within forty-eight hours. In case receipt of such firearms or ammunition is had by mail, express, freight, or otherwise, from sources outside the Territory, the person to whom such permit has been issued, shall make the prescribed entries thereon, sign in ink, and cause it to be delivered or sent by registered mail to the issuing authority within forty-eight hours after taking possession of the firearms or ammunition. No person shall sell, give, loan, or deliver into the possession of another any firearm or ammunition except in accordance with the provisions of this section.

Any person acquiring a firearm or ammunition under the provisions of this section shall, within five days of acquisition, register same in the manner prescribed by Section 3 of this Act.

No fee shall be charged for permits under this section.

Any person who violates any provision of this section shall be punished by a fine of not more than five hundred dollars ($500.00) or imprisonment for not more than one year, or by both.

SECTION 5.  Any person who has procured a hunting license under the provisions of Sections 2028-2032, inclusive, of the Revised Laws of Hawaii 1925, as amended, shall, while actually engaged in hunting or while going to or from the place of hunting, be authorized to carry and use any lawfully acquired rifle or shotgun and suitable ammunition therefor.

SECTION 6.  The possession of all firearms and ammunition shall be confined to the possessor's place of business, residence, or sojourn, or to carriage as merchandise in a wrapper from the place of purchase to the purchaser's home, place of business or place of sojourn, or between these places and a place of repair, or upon change of place of business, abode, or sojourn, except as provided in Sections 5 and 8; provided, however, that no person who has been convicted in this Territory or elsewhere, of having committed or attempted a crime of violence, shall own or have in his possession or under his control a pistol or revolver or ammunition therefor. Any person violating any provision of this section shall be punished by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment for not more than one year, or by both.

SECTION 7.  The manufacture, possession, sale, barter, trade, gift, transfer, or acquisition of any machine guns, sub-machine guns, automatic rifles, cannon, mufflers, silencers or devices for deadening or muffling the sound of discharged firearms, or any bomb or bombshell is prohibited. Any person convicted of a viola-

tion of this section shall be punished by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment for not more than one year, or by both.

SECTION 8.  In an exceptional case, when the applicant shows good reason to fear injury to his person or property, the chief of police of the city and county of Honolulu or the sheriff of a county, other than the city and county of Honolulu, may grant a license to a citizen of the United States or a duly accredited official representative of a foreign nation, of the age of twenty years or more, to carry concealed on his person within the city and county or the county in which such license is granted, a pistol or revolver and ammunition therefor.  Unless renewed, such license shall automatically become void at the expiration of one year from date of issue.  No such license shall issue unless it appears that the applicant is a suitable person to be so licensed, and in no event to a person who has been convicted of a felony, or adjudged insane, in the Territory or elsewhere.  All licenses to carry concealed weapons heretofore issued shall expire at midnight on the effective date of this Act.  No person shall carry concealed on his person a pistol or revolver or ammunition therefor without being licensed so to do under the provisions of this section.

For each such license there shall be charged a fee of ten dollars ($10.00), which shall be covered into the treasury of the city and county or the county in which such license is granted.

Any person violating this section shall be punished by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment for not more than one year, or by both.

SECTION 9.  No person shall wilfully alter, remove, or obliterate the name of the make, model, manufacturer's number or other mark of identity of any firearm or ammunition.  Possession of such firearm or ammunition upon which any mark of identity shall have been altered, removed, or obliterated shall be presumptive evidence that such possessor has altered, removed or obliterated the same.  Any person who violates the provisions of this section shall be punished by a fine of not more than five hundred dollars ($500.00) or by imprisonment for not more than one year, or by both.

SECTION 10.  In the trial of a person for committing or attempting to commit a crime of violence, the fact that he was unlawfully armed with a firearm shall be prima facie evidence of his intent to commit said crime of violence.

SECTION 11.  The provisions of Sections 6, 7 and 8 of this Act shall not apply to members of police departments, sheriffs, marshals, members of military and naval forces of the Territory and

of the United States, mail carriers, law enforcement officers, or persons employed by the Territory or subdivisions thereof or the United States whose duties require them to be armed, while such persons are in the performance of their respective duties, or while going to and from their respective places of duty, nor shall the provisions of Sections 3 and 4 of this Act apply to such firearms or ammunition as are a part of the official equipment of any Federal agency.

SECTION 12. All firearms or ammunition carried or possessed contrary to this Act shall be forfeited to the Territory, and shall be destroyed by the chief of police of the city and county of Honolulu or the sheriff of the county, other than the city and county of Honolulu, in whose jurisdiction they are forfeited.

SECTION 13. All permits and licenses provided for under this Act may be revoked, for good cause, by the issuing authority or by the judge of any court.

SECTION 14. Within ten days after the last day of each month each of the authorities herein authorized to issue or revoke permits and licenses shall make a report to the bureau of crime statistics as of the last day of the preceding month of all permits and licenses issued or revoked by him. Said report shall be in such manner and in such form as the bureau of crime statistics shall prescribe.

SECTION 15. If any person, in complying with any of the requirements of this Act, shall give false information, or offer false evidence of his identity, he shall be punished by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment for not more than one year, or by both.

SECTION 16 If any section, subsection, sentence, clause or phrase of this Act is, for any reason, held to be unconstitutional or invalid, such decision shall not affect the validity of the remaining portions of this Act. The Legislature hereby declares that it would have approved this Act and each section, subsection, sentence, clause and phrase thereof, irrespective of the fact that any one or more other sections, subsections, sentences, clauses or phrases be declared unconstitutional.

SECTION 17. This Act shall take effect upon its approval.

Approved this 9th day of January, A. D. 1934.

LAWRENCE M. JUDD,
Governor of the Territory of Hawaii.