John W. Dillon (Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Telephone: (760) 642-7150
Facsimile: (760) 642-7151
E-mail:  jdillon@dillonlawgp.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CHAVEZ, *et al.,* | ) Case No.: 3:19-cv-01226-L-AHG |
| Plaintiffs, | ) |
| | ) Hon. M. James Lorenz and Magistrate Judge |
| v. | ) Allison H. Goddard |
| | ) |
| ROB BONTA, in his official | ) **DECLARATION OF JOHN W. DILLON IN** |
| capacity as Attorney General of the | ) **SUPPORT OF PLAINTIFFS' OPPOSITION** |
| State of California, *et al.,*[1] | ) **TO DEFENDANTS' MOTION FOR** |
| | ) **SUMMARY JUDGMENT** |
| Defendants. | ) Date: May 13, 2024 |
| | ) Time: 10:30 a.m. |
| | ) Place: Courtroom 5B (Fifth Floor) |
| | ) |
| | ) Third Amended Complaint Filed: March. 22, |
| | ) 2024 |
| | ) |
| | ) No oral argument will be heard pursuant to local |
| | ) rules unless ordered by the Court |

---

[1]  Rob Bonta is automatically substituted for his predecessor, Xavier Becerra, as California Attorney General, and Allison Mendoza is automatically substituted for her predecessors, former Directors Louis Lopez and Martin Horan, and former Acting Directors Brent E. Orick and Blake Graham. Fed. R. Civ. P. 25(d).

1

# DECLARATION OF JOHN W. DILLON

2  I, John W. Dillon, declare as follows:

3       1.     I am licensed to practice law in the State of California. I am the counsel

4  of record for Plaintiffs in this action.

5       2.     I have personal knowledge of the facts stated herein and, if called as a

6  witness, could and would competently testify to such facts.

7       3.     I have personally verified the documents described below and used the

8  facts within each document to prepare the legal memorandum in support of Plaintiffs'

9  Opposition to Defendants' Motion for Summary Judgement.

10      4.     Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs'

11 Survey Responses, which provide a point-by-point response to the Defendants'

12 "survey of relevant laws, ordinances, and authorities categorized among five charts"

13 provided in the Declaration of Todd Grabarsky (ECF No. 133).

14      I declare under penalty of perjury under the laws of the United States that the

15 foregoing is true and correct and this declaration was executed on April 29, 2024 in

16 Carlsbad, California.

17

18                                              By: _____

19                                                       John W. Dillon

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A: PLAINTIFFS SURVEY RESPONSES**

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG

**PLAINTIFFS' SURVEY RESPONSES**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| **Laws of the States, Territories, and District of Columbia** | | | | | |
| **Early Republic (1791-1812)** | | | | | |
| 1 | 1812 | Delaware | Act of Feb. 4, 1812, 195 Del. Laws 529 (1812). An Act to prevent the discharging of fire-arms within the towns and villages, and other public places within this State, and for other purposes. | "Section 1. If any person or persons shall presume to fire or discharge any gun, ordnance, musket, fowling-piece, fusee or pistol, within any of the towns or villages of this State, or within the limits thereof; of where the limits cannot be ascertained, within one quarter of a mile of the center of such town or village, shall fire or discharge any gun, ordnance, musket, fowling piece, fusee or pistol, within or on any of the greens, streets, alleys or lanes of any of the towns and villages within this State, whereon any buildings are or shall be erected, or within one hundred yards of any mill-dam, over or across where any of the main public or State roads may go or pass; every person or persons so offending, shall be fined or punished as hereinafter directed." "Sect. 2. If any free white person or persons or the child or children of any such person or persons shall fire or discharge any gun, ordnance, musket, fowling-piece, fusee or pistol within any or at any | Restriction applies to all persons. This is a general restriction on discharging firearms. There is no age restriction of any kind. Under this Act, 18-to-20-year-olds would be free to purchase and acquire any firearm without restriction whether they were under or over the current age of majority. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
PLAINTIFFS' SURVEY RESPONSES
Historical Laws

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | of the places or limits aforesaid, every such person or persons or the child or children of every such person or persons shall forfeit and pay for every such offence any sum not exceeding five dollars to be recovered from the person or persons, or from the parent of such child or children before any Justice of the Peace of this State on his own view, or on the oath or affirmation of any one or more credible witnesses to be recovered as debts under forty shillings are recoverable by the laws of the State." | |
| **Antebellum and Reconstruction Periods (1813-1877)** | | | | | |
| 2 | 1856 | Alabama | 1856 Ala. Acts 17, To Amend the Criminal Law, §1 (1855 Ala. Laws 17). | Section 1. "That anyone who shall sell or give or lend, to any male minor, a bowie knife, or knife or instrument of the like kind or description, by whatever name called, or air gun or pistol, shall, on conviction be fined not less than three hundred, nor more than one thousand dollars." | Restriction applies to legal minors, not adults. Legal adults would be free to purchase any firearms or weapon without restriction under this act. Act also restricts Bowie Knives, air guns, and pistols. Individuals 18-to-20-years old would be free to purchase all long guns without restriction. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | | |
| --- | --- | --- | --- | --- | --- | --- |
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | | Plaintiffs' Response |
| 3 | 1856 | Tennessee | Seymour Dwight Thompson, A Compilation of the Statute Laws of the State of Tennessee, of a General and Permanent Nature, Compiled on the Basis of the Code of Tennessee, With Notes and References, Including Acts of Session of 1870-'71 Page 125, Image 794 (Vol. 2, 1873) available at The Making of Modern Law: Primary Sources.  1856.  Offences Against Public Policy and Economy. § 4864.  Tenn. 1856 ch. 81 p. 92 § 2. | "Sec. 2. Be it enacted, That, hereafter, it shall be unlawful for any person to sell, loan, or give, to any minor a pistol, bowie-knife, dirk, or Arkansas tooth-pick, hunter's knife; and whoever shall so sell, loan, or give to any minor any such weapon, on conviction thereof, upon indictment or presentment, shall be fined not less than twenty-five dollars, and be liable to imprisonment, at the discretion of the Court: Provided, that this act shall not be construed so as to prevent the sale, loan, or gift to any minor of a gun for hunting."  "Sec. 3. Be it enacted, That it shall be the duty of the Circuit Judges and the Judges of the Criminal Courts to give this act in charge to the Grand Juries: Provided, said minor be travelling on a journey, he shall be exempted." | | Restriction applies to legal minors, not adults. Legal adults would be free to purchase any firearms or weapon without restriction under this act.  Act also restricts the sale and loan of certain knives, and pistols.  Individuals 18-to-20-years old would be free to purchase all long guns without restriction.  Act explicitly provides that "this act shall not be construed so as to prevent the sale, loan, or gift to any minor of a gun for hunting." Thus, pistols and long guns could still be acquired by minors. |

6

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| 4 | 1858 | Tennessee | The Code of Tennessee Enacted by the General Assembly of 1857-8, 871 (Return J. Meigs & William F. Cooper eds. 1858). Chapter 9, Article II, Selling Liquors or Weapons to Minors or Slaves. Page 871. 1858. | "4864. Any person who sells, loans, or gives to any minor a pistol, bowie-knife, dirk, Arkansas tooth-pick, hunter's knife, or like dangerous weapon, except a gun for hunting or weapon for defence in travelling, is guilty of a misdemeanor, and shall be fined not less than twenty-five dollars, and be imprisoned in the county jail at the discretion of the court." | Restriction applies to legal minors, not adults. Legal adults would be free to purchase any firearms or weapon without restriction under this act.<br><br>Act also restricts the sale and loan of certain knives, and pistols.<br><br>Individuals 18-to-20-years old would be free to purchase all long guns without restriction.<br><br>Act explicitly exempts "gun[s] for hunting or weapon[s] for defence" Thus, pistols and long guns could still be acquired by minors. |

| 5 | 1859, 1860 | Kentucky | Act of Jan. 12, 1860, ch. 33, § 23, 1859 Ky. Acts 241, 245. | "§ 23. If any person, other than the parent or guardian, shall sell, give, or loan, any pistol, dirk, bowie-knife, brass-knucks, slung-shot, colt, cane-gun, or other deadly weapon, which is carried concealed, to any minor, or slave, or free negro, he shall be fined fifty dollars." | Restriction applies to legal minors, not adults. Legal adults would be free to purchase any firearms or weapon without restriction under this act.

Act also restricts the sale and loan of certain knives, and pistols. Individuals 18-to-20-years old would be free to purchase all long guns without restriction.

Act requires that the weapons identified in this provision be "carried concealed" in order to be a violation. Thus, minors were free to purchase, acquire, and even openly carry all arms identified therein. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | | |
| 6 | 1866 | Alabama | George Washington Stone, The Penal Code of Alabama, Montgomery, 1866 Page 63, Image 63 (1866) available at The Making of Modern Law: Primary Sources. 1866. Miscellaneous Offenses § 204.<br><br>1866 Ala. Laws 63. | "§ 204. Selling or giving fire-arms to minor. – Any person who sells, gives, or lends to any boy under eighteen years of age, any pistol, or bowie-knife, or other knife of like kind or description, must, on conviction, be fined not less than fifty, nor more than five hundred dollars." | Act only Restricts the selling or giving of firearms to those under 18 years old.<br><br>Legal adults or anyone 18 years or older were free to purchase the arms identified within this act without restriction.<br><br>Individuals 18-to-20-years old would be free to purchase all long guns without restriction. |

| 7 | 1868 | Oregon | 1868 Or. Laws 613, §§ 1-2. | "§ 1. Every white male citizen of this state above the age of sixteen years, shall be entitled to have, hold, and keep, for his own use and defence, the following firearms, to wit: either or any one of the following named guns, and one revolving pistol: a rifle, shotgun (double or single barrel), yager, or musket; the same to be exempt from execution, in all cases, under the laws of Oregon." "§ 2. No officer, civil or military, or other person, shall take from or demand of the owner any | This law (1868) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36. Law explicitly states that every white male citizen "above the age of sixteen years, shall be entitled to have, hold, and keep, for his own use and defence the following firearms…" Law explicitly permits anyone over 16 years old to acquire, purchase, own, and use firearms. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | firearms mentioned in this chapter, except where the services of the owner are also required to keep the peace or defend the state." | |
| **8** | 1871 | Connecticut | Henry Dutton, A Revision of Swift's Digest of the Laws of Connecticut. Also, Practice, Forms and Precedents, in Connecticut Page 564, Image 565 (Vol 1, 1871) available at The Making of Modern Law: Primary Sources. 1871. <br><br> 1871 Conn. Acts | "Of Trespass on the Case. A person, before he trusts a gun with an incautious person, is bound to render it perfectly innoxious. Where the defendant negligently and imprudently entrusted a loaded gun to a young mulatto girl, who discharged it against the son of the plaintiff, and severely wounded him by which the plaintiff lost his service and was put to great expense for his cure, the defendant was subjected to 100 pounds damages." | This law (1871) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36. <br><br> This discussion of law describes "incautious person[s]" and a "young mulatto girl." There is no |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | age restriction regarding firearms of any kind. |
| **9** | 1875 | Indiana | Edwin Augustine Davis, LL.B., The Statutes of the State of Indiana: Containing the Revised Statutes of 1852, with the Amendments Thereto, and the Subsequent Legislation, | "§ 1. Be it enacted by the General Assembly of the State of Indiana, That it shall be unlawful for any person to sell, barter, or give to any other person, under the age of twenty-one years, any pistol, dirk, or bowie-knife, slung-shot, knucks, or other deadly weapon that can be worn, or carried, concealed upon or about the person, or to sell, barter, or give to any person, under the age of twenty-one years, | This law (1875) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36. Law does not restriction the acquisition, sale or purchase of any kind of long gun to those under 21. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | A. FIREARMS AGE RESTRICTIONS | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | | Plaintiffs' Response |
| | | | with Notes and References to Judicial Decisions. Second Edition Vol. 2 Page 482, Image 493 (1877) available at The Making of Modern Law: Primary Sources. 1875. An Act to prohibit the sale, gift or bartering of deadly weapons or ammunition therefor, to minors.<br><br>Ind. 1875 ch. 40 p. 59. | any cartridges manufactured and designed for use in a pistol."<br><br>"§ 2. Be it further enacted, That any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than five dollars, nor more than fifty dollars." | | |
| 10 | 1876 | Alabama | Wade Keyes, The Code of Alabama, 1876: with References to the Decisions of the Supreme Court of the State upon the Construction of the Statutes; and in Which the General and Permenent Acts of the | "§ 4230 (3751). Selling, giving, or lending, pistol or bowie knife, or like knife, to boy under eighteen. – Any person who sells, gives, or lends, to any boy under eighteen years of age, any pistol, or bowie knife, or other knife of like kind or description, must on conviction, be fined not less than fifty, nor more than five hundred dollars." | | This law (1876) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36.<br><br>Law restricts only "boys under eighteen years of age"<br><br>Individuals both below and above the age of 18 years would be free to purchase any kind of long gun under this provision. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Session of 1876-7 have been Incorporated Page 901, Image 917 (1877) available at The Making of Modern Law: Primary Sources. 1877 Offenses Against Public Health, etc. § 4230 (3751). | | |
| 11 | 1876 | Georgia | 1876 Ga. Laws 112. | Section I. "That from and after the passage of this Act it shall not be lawful for any person or persons knowingly to sell, give, lend or furnish any minor or minors any pistol, dirk, bowie knife or sword cane. Any person found guilty of a violation of this Act shall be guilty of a misdemeanor, and punished as prescribed in section 4310 of the Code of 1873: Provided, that nothing herein contained shall be construed as forbidding the furnishing of such weapons under circumstances justifying their use in defending life, limb or property." | This law (1876) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Law only restricts legal minors. Restriction only applies to pistols and certain knives.<br><br>Provide explicit exception to acquire or sell such weapons to minors for "circumstances justifying their use in defending life, limb, or property."<br>Legal adults are free to purchase any kind of arm under this provision. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | |
|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |

| Late 19th Century (1878-1899) | | | | | |
|---|---|---|---|---|---|
| 12 | 1878 | Mississippi | 1878 Miss. Laws 175-76, An Act To Prevent The Carrying Of Concealed Weapons And For Other Purposes, ch. 46, §§ 2-3. | "Sec. 2. Be it further enacted, That it shall not be lawful for any person to sell to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any weapon of the kind or description in the first section of this Act described [pistols, various knives etc.], or any pistol cartridge, and on conviction shall be punished by a fine not exceeding two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor under the direction of the board of supervisors or of the court, not exceeding six months."<br><br>"Sec. 3. Be it father enacted, That any father, who shall knowingly suffer or permit any minor son under the age of sixteen years to carry concealed, in whole or in part, any weapon of the kind or description in the first section of this Act described [pistols, knives, etc.], shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than twenty dollars, nor more than two hundred dollars, and if the fine and costs are not paid, shall be condemned to hard labor under the direction of the board of supervisors or of the court." | This law (1878) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36.<br><br>Law restricts legal minors, not legal adults from purchasing pistols and certain knives.<br><br>Sec. 3 restricts minors under sixteen years old |

| | | | | | from carrying concealed.<br><br>Under this provision, legal minors 16 years and over, would be free to purchase, acquire, possess, and carry openly and concealed any pistol or long gun.<br><br>Sec. 4 college carry restriction only applies to students and faculty. There is not age restriction of any kind. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | "Sec. 4. Be it further enacted, That any student of any university, college or school who shall carry concealed, in whole or in part, any weapon of the kind or description in the first section of this Act described [pistols, knives, etc.], or any teacher, instructor, or professor who shall, knowingly, suffer or permit any such weapon to be carried by any student or pupil shall be deemed guilty of a misdemeanor, and, on conviction, be fined not exceeding three hundred dollars, and if the fine and costs are not paid, condemned to hard labor under the direction of the board of supervisors or of the court." | |
| 13 | 1878 | Wisconsin | Supplement to the Revised Statutes of the State of Wisconsin, 1878, Containing the General Laws from 1879 to 1883, with the Revisers' Notes to the Statutes of 1878 and Notes to Cases Construing and Applying These and | Section 4397a. "1. It shall be unlawful for any person to sell or use, or have in his possession, for the purpose of exposing for sale or use, any toy pistol, toy revolver, or other toy fire-arm. 2. Any person violating any of the provisions of this act, on conviction thereof, shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding one hundred dollars, or by both fine and imprisonment, in the discretion of the court." | This law (1878) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as |

| | | | | | much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36.<br><br>Section 4397a restricts the sale of "toy pistols" "toy revolvers" and "other toy fire-arm[s]."<br>This provision is not a restriction on any firearm. Nor does it apply any kind of age restriction of any kind.<br><br>Section 4397b restricts the act of going "armed with any pistol or revolver" by legal minors. It does not affect legal adults.<br><br>Section 2 restriction sales of pistols and revolvers to legal minors. These provisions do not affect legal adults. Long guns are not prohibited under this law. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | | |
| --- | --- | --- | --- | --- | --- |
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Similar Statutes by the Supreme Court of Wisconsin and the Courts of Other States Page 847, Image 889 (1883) available at The Making of Modern Law: Primary Sources. 1882. 1878 Wis. Sess. Laws §§ 4397a, 4397b. | Section 4397b. "1. It shall be unlawful for any minor, within this state, to go armed with any pistol or revolver, and it shall be the duty of all sheriffs, constables, or other public police officers, to take from any minor any pistol or revolver, found in his possession. 2. It shall be unlawful for any dealer in pistols or revolvers, or any other person, to sell, loan or give any pistol or revolver to any minor in this state." | |
| 14 | 1880 | Mississippi | Josiah A. Patterson Campbell, The Revised Code of the Statute Laws of the State of Mississippi: With References to Decisions of the High Court of Errors and Appeals, and of the Supreme Court, Applicable to the Statutes Page 776-777, Image 776-777 (1880) available at The Making of Modern Law: | "§ 2986. It shall not be lawful for any person to sell to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any weapons of the kind or description in the foregoing section described, or any pistol cartridge, and on conviction he shall be punished by a fine not exceeding two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor under the direction of the board of supervisors or of the court, not exceeding six months." "§ 2987. Any father who shall knowingly suffer or permit any minor son ==under the age of sixteen years== to carry concealed, in whole or in part, any weapon | This law (1880) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, |

| | | | | | 597 U.S. at 36. |
| | | | | | |
| | | | | | Law restricts legal minors, not legal adults from purchasing pistols and certain knives. |
| | | | | | Sec. 3 restricts minors under sixteen years old from carrying concealed. |
| | | | | | Under this provision, legal minors 16 years and over, would be free to purchase, acquire, possess, and carry openly and concealed any pistol or long gun. |
| | | | | | Sec. 4 college carry restriction only applies to students and faculty. There is not age restriction of any kind. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Primary Sources. 1880. Carrying Concealed Weapons. 1880 Miss. Laws §§ 2986, 2987, 2988. | of the kind or description in the forgoing section described, shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than twenty dollars, nor more than two hundred dollars, and if the fine and costs are not paid, shall be condemned to hard labor as provided in the proceeding section."<br><br>"§ 2988. Any student of any university, college, or school, who shall carry concealed, in whole or in part, any weapon of the kind or description in the foregoing section described, or any teacher, instructor or professor who shall knowingly, suffer or permit any such weapon to be carried by any student or pupil, shall be deemed guilty of a misdemeanor and on conviction be fined not exceeding three hundred dollars, and if the fine and costs are not paid, be condemned to hard labor as above provided." | |
| 15 | 1880 | Ohio | Ohio 1880 S.B. 80 p. 79. | "Section 6986a. That whoever sells, barters, or gives away to any minor under the age of fourteen years, any air-gun, musket, rifle-gun, shot-gun, revolver, pistol, or other fire-arm, of any kind or description whatever, or ammunition for the same, or whoever being the owner, or having charge or | This law (1880) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36.<br><br>Law only restricts those under the age of fourteen.<br><br>Law has no effect on legal adults or legal minors above the age of 14. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | control of any such air-gun, musket, rifle-gun, shot-gun, revolver, pistol or other fire-arm knowingly permits the same to be used by such minor, shall be deemed guilty of a misdemeanor and . . . be fined in any sum not exceeding one hundred dollars, or be imprisoned in jail not exceeding thirty days or both." | |
| 16 | 1881 | Delaware | Revised Statutes of the State of Delaware, of Eight Hundred and Fifty-Two. As They Have Since Been Amended, Together with the Additional Laws of a Public and General Nature, Which Have Been Enacted Since the Publication of the Revised Code of Eighteen Fifty-Two. To the Year of Our Lord One Thousand Eight Hundred and Ninety-Three; to Which are | "Section 1. That if any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, or shall knowingly sell a deadly weapon to a minor other than an ordinary pocket knife, such person shall, upon conviction thereof, be fined not less than twenty-five nor more than one hundred dollars or imprisoned in the county jail for not less than ten nor more than thirty days, or both at the discretion of the court: Provided, that the provisions of this section shall not apply to the carrying of the usual weapons by policemen and other peace officers." "Section 2. That if any person shall, except in lawful self-defence discharge any fire-arm in any public road in this State, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by fine not exceeding fifty dollars or by | This law (1881) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36. |

| | | | | | Restricts the sale of "a deadly weapon" to legal minors, not legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | A. FIREARMS AGE RESTRICTIONS | | |
|---|---|---|---|---|---|---|

| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | Added the Constitutions of the United States and of this State, the Declaration of Independence, and Appendix Page 987, Image 1048 (1893) available at The Making of Modern Law: Primary Sources. 1881.<br><br>An Act Providing for the Punishment of Persons Carrying Concealed Deadly Weapons. 16 Del. Laws 716 (1881). | imprisonment not exceeding one month, or both at the discretion of the court." | |
| 17 | 1881 | Florida | 1881 Fla. Laws 87, An Act to Prevent the Selling, Hiring, Bartering, Lending or Giving to.<br><br>Flor. 1881 ch. 3285 p. 87. | "Section 1. It shall be unlawful for any person or persons to sell, hire, barter, lend or give to any minor under sixteen years of age any pistol, dirk or other arm or weapon, other than an ordinary pocket-knife, or a gun or rifle used for hunting, without the permission of the parent of such minor, or the person having charge to such minor, and it shall be unlawful for any person or persons to sell, | This law (1881) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years |

| | | | | | after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36. |
| | | | | | Law restricts the sale of pistols to "minor[s] under sixteen years of age" |
| | | | | | Legal adults are not restricted by this provision in any way. |
| | | | | | Minors over the age of 16 could be sold the arms identified within said provision |

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | hire, barter, lend or give to any person or persons of unsound mind any dangerous weapon, other than an ordinary pocket-knife." "Sec. 2. Any person or persons so offending shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than twenty nor more than fifty dollars, or imprisoned in the county jail not more than three months." | |
| 18 | 1881 | Illinois | Act of Apr. 16, 1881, § 2, 1881 Ill. Laws 73, 73. Ill. 1881 "Criminal Code" § 2 p. 73. | "§ 2. Whoever, not being the father, guardian or employer or the minor herein named, by himself or agent, shall sell, give, loan, hire or barter, or shall offer to sell, give, loan, hire or barter to any minor within this state, any pistol, revolver, derringer, bowie knife, dirk or other deadly weapon of like character, capable of being secreted upon the person, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25) nor more than two hundred dollars ($200)." | This law (1881) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36. |

| | | | | | Law only effects legal minors, not legal adults.<br><br>Under this provision, legal minors would still be free to purchase and acquire all types of long guns without restriction. |
|---|---|---|---|---|---|
| 19 | 1881 | Indiana | The Revised Statutes of the State of Indiana, the Revision of 1881 and All General Laws | 1986. "It shall be unlawful for any person to sell, barter, or give to any person under the age of twenty-one years any pistol, dirk or bowie-knife, slung-shot, knucks or other deadly weapon that can | This law (1881) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36.<br><br>Law restricted the sale of pistols, dirks, Bowie knives, slug-shot, knucks or other deadly weapons that be concealed. |

| | | | | | Law does not limit anyone under 21 from purchasing or acquiring any type of long gun. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **A. FIREARMS AGE RESTRICTIONS** | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Enacted to that Revision (1888) Section 1986-87, Furnishing Deadly Weapon to Minor. 1881. 1881 Ind. Acts § 1986. | be worn or carried concealed upon or about the person; or to sell, barter, or give to any person under the age of twenty-one years any cartridges manufactured and designed to be used in a pistol." 1987. "Any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than five dollars nor more than fifty dollars." | |
| 20 | 1881 | Nevada | David E. Baily, The General Statutes of the State of Nevada. In Force. From 1861 to 1885, Inclusive. With Citations of the Decisions of the Supreme Court Relating Thereto Page 1077, Image 1085 (1885) available at The Making of Modern Law: Primary Sources. 1881. An Act to prohibit the | "Section 1. Every person under the age of twenty-one (21) years who shall wear or carry any dirk, pistol, sword in case, slung shot, or other dangerous or deadly weapon concealed upon his person, shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, be fined not less than twenty nor more than two hundred ($200) dollars, or by imprisonment in the county jail not less than thirty days nor more than six months or by both such fine and imprisonment." | This law (1881) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36. |

| | | | | | Law only restricted the act of concealed carrying of certain weapons. Law does not effect the ability for legal minors from purchasing any kind of firearm. Nor does it effect the ability of legal adults from purchasing or acquiring any kind of firearm. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **A. FIREARMS AGE RESTRICTIONS** | | | | | |
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | carrying of concealed weapons by minors. See also Nev. Rev. Stat. § 4864 (1885). | | |
| 21 | 1881 | Pennsylvania | Act of June 10, 1881, § 1. Penn. 1881 ch. 124, p. 111. | Section 1. "That any person, who shall knowingly and willfully sell or cause to be sold, to any person under sixteen years of age, any cannon, revolver, pistol or other such deadly weapon, or who shall knowingly and willfully cause to be sold to any such minor, any imitation or toy cannon, revolver or pistol so made, constructed or arranged as to be capable of being loaded with gunpowder or other explosive substance, cartridges, shot, slugs, or balls, and being exploded, fired off and discharged, and thereby become a dangerous or deadly weapon, or who shall knowingly and willfully sell or cause to be sold to any such minor any cartridge, gunpowder or other dangerous and explosive substance, shall, in every such case, be guilty of a misdemeanor, and upon conviction thereof shall be sentenced to pay a fine not exceeding three hundred dollars." | This law (1881) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because law restricts only minors under sixteen |

34

| | | | | | years of age. Minors over sixteen were freely able to purchase all firearms and ammunition under this Act. |
|---|---|---|---|---|---|
| **22** | 1882 | Illinois | Harvey Bostwick Hurd, | § 2., "Whoever, not being the father, guardian or | This law (1882) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Late Commissioner, The Revised Statutes of the State of Illinois. 1882. Comprising the "Revised Statutes of 1874," and All Amendments Thereto, Together with the General Acts of 1875, 1877, 1879, 1881 and 1882, Being All the General Statutes of the State, in Force on the First Day of December, 1882 Page 375, Image 392 (1882) available at The Making of Modern Law: Primary Sources. 1881. Deadly Weapons: Selling or Giving to Minor. § 54b.<br><br>1882 Ill. Law § 54b. | employer or the minor herein named, by himself or agent, shall sell, give, loan, hire or barter, or shall offer to sell, give, loan, hire or barter to any minor within this state, any pistol, revolver, derringer, bowie knife, dirk or other deadly weapon of like character, capable of being secreted upon the person, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25), nor more than two hundred ($200)." | Not "relevantly similar" to the challenged laws , Bruen, 597 U.S. at 29-30, because restriction only applies to pistols, revolvers, derringers, and certain knives that are "capable of being secreted upon the person."<br><br>Law does not effect the sale, purchase, acquisition, possession, or carrying of any long gun for minors or legal adults. |
| 23 | 1882 | Maryland | 1882 Md. Laws 656. | "Section 1. Be it enacted by the General Assembly of Maryland, That it shall be unlawful for any | This law (1882) comes too late to shed much |

| | | | | | light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Mary. 1882 ch. 424 p. 656. | person or persons within the State of Maryland to manufacture or sell, barter or give away the cartridge toy pistol to any one whomsoever." "Sec. 2. Be it enacted, That it shall be unlawful for any person, be he or she licensed dealer or not, to sell, barter or give away any firearm whatsoever or other deadly weapons, <mark>except shot gun, fowling pieces and rifles</mark>, to any person who is a minor under the age of twenty-one years. Any person or persons violating any of the provisions of this act shall, on conviction thereof, pay a fine of not less than fifty nor more than two hundred dollars, together with the cost of prosecution, and upon failure to pay said fine and cost, be committed to jail and confined therein until such fine and costs are paid, or for the period of sixty days, whichever shall first occur." | Law explicitly exempts "shotguns, fowling pieces, and rifles." Thus, there are no restrictions on the sale, purchase, acquisition, or possession of long guns for minor or legal adults under this provision. |
| 24 | 1882 | Massachusetts | Report of Commissioners on Revision of Ordinances Page 141, Image 146 (1882) available at The Making of Modern Law: | "§ 1. Whoever sells to a child <mark>under the age of sixteen years,</mark> without the written consent of its parent or guardian, any cartridge or fixed ammunition of which any fulminate is a component part, or a gun, pistol, or other mechanical contrivance arranged for the explosion of such cartridge or of any fulminate, shall be liable to a | This law (1882) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear |

<table>
<tr><td></td><td></td><td></td><td></td><td></td><td>arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because restriction only applies to legal minors "under the age of sixteen years."</td></tr>
</table>

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | | Plaintiffs' Response |
| | | | Primary Sources. 1882. Of Explosive Compounds. Penalty for selling guns, pistols, cartridges, etc., to children. § 1. | penalty of not less than five nor more than fifty dollars." | | |
| 25 | 1882 | West Virginia | 1882 W. Va. Acts 421–22. W.V. 1882 ch. 135 § 7 p. 421. | "7. If a person carry about his person any revolver or other pistol, dirk, bowie knife, razor, slung shot, billy, metalic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor, and fined not less that twenty-five nor more than two hundred dollars, and may, at the discretion of the court, be confined in jail not less than one, nor more than twelve months; and if any person shall sell or furnish any such weapon as is hereinbefore mentioned to a person whom he knows, or has reason, from his appearance or otherwise, to believe to be under the age of twenty-one years, he shall be punished as hereinbefore provided; but nothing herein contained shall be so construed as to prevent any person from keeping or carrying about his dwelling house or premises any such revolver or other pistol, or from carrying the same from the | | This law (1882) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." Bruen, 597 U.S. at 36. Not "relevantly similar" |

| | | | | | to the challenged laws, *Bruen*, 597 U.S. at 29-20, because the provision does not restrict the sale, purchase, acquisition or possession of any kind of long gun for minors or legal adults. |
|---|---|---|---|---|---|

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | place of purchase to his dwelling house, or from his dwelling house to any place where repairing is done, to have it repaired, and back again. And if upon the trial of an indictment for carrying any such pistol, dirk, razor or bowie knife, the defendant shall prove to the satisfaction of the jury that he is a quiet and peaceable citizen, of good character and standing in the community in which he lives, and at the time he was found with such pistol, dirk, razor or bowie knife, as charged in the indictment, he had good cause to believe and did believe that he was in danger of death or great bodily harm at the hands of another person, and that he was, in good faith, carrying such weapon for self defense and for no other purpose, the jury shall find him not guilty." | |
| 26 | 1883 | Arizona | Ariz. 1883 ch. 36, § 3, p. 66, "An Act Supplemental to and amendment of an Act entitled 'An Act to prevent the improper use of deadly weapons, and the indiscriminate use of | "Sec. 3. Any person in this Territory over the age of ten and under the age of seventeen years, having or carrying, concealed or unconcealed, any dirk, dirk-knife, bowie-knife, slung-shot, brass-knuckles, or pistol within any city, village or town in this Territory shall, upon conviction thereof…be fined in any sum not more than fifty dollars, or be imprisoned in the County Jail not more than one | This law (1883) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years |

| | | | | | after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |
|---|---|---|---|---|---|
| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because law applies to the act of concealed carrying certain knives and impact weapons. Law does not restrict the sale, purchase, acquisition, possession or carrying of any kind of long gun. Law also does not restrict the sale, purchase, acquisition, possession, or open carrying of pistols for minors in general. |
| | | | | | Minors over the age of 17 could also concealed carry the identified arms. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **A. FIREARMS AGE RESTRICTIONS** | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | firearms in the towns and villages of the Territory.'" | month, or be punished by both such fine and imprisonment, in the discretion of the Court trying the case." | |
| 27 | 1883 | Kansas | 1883 Kan. Sess. Laws 159, An Act to Prevent Selling, Trading or Giving Deadly Weapons or Toy Pistols to Minors, and to Provide Punishment Therefor, ch. 106, §§ 1-2.<br><br>Kan. 1883 ch. 105 p. 159. | "Section 1. Any person who shall sell, trade, give, loan or otherwise furnish any pistol, revolver or toy pistol, by which cartridges or caps may be exploded, or any dirk, bowie-knife, brass knuckles, slung shot, or other dangerous weapons to any minor, or to any person of notoriously unsound mind, shall be deemed guilty of a misdemeanor, and shall, upon conviction before any court of competent jurisdiction, be fined not less than five nor more than one hundred dollars."<br><br>"Sec. 2. Any minor who shall have in his possession any pistol, revolver or toy pistol, by which cartridges may be exploded, or any dirk, bowie-knife, brass knuckles, slung shot or other dangerous weapon, shall be deemed guilty of a misdemeanor, and upon conviction before any court of competent jurisdiction shall be fined not less than one nor more than ten dollars." | This law (1883) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the restriction applies only to minors, not legal adults. |

45

| 28 | 1883 | Michigan | 1883 Mich. Pub. Acts 144, An Act To Prevent | Section 1. "That no person shall sell, give, or furnish to any child ==under the age of thirteen years,== | Restriction also does not place any restrictions on long guns for minors or legal adults.<br><br>This law (1883) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* |
| --- | --- | --- | --- | --- | --- |

| | | | | | 597 U.S. at 36. |
| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the law restricts only those "under the age of thirteen years." Law also does not apply to long guns for minors or legal adults. |

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | The Sale And Use Of Toy Pistols, § 1. | any cartridge of any form or material, or any pistol, gun, or other mechanical contrivance, specially arranged or designated for the explosion of the same." "Sec. 3. It shall be unlawful for any person under the age of thirteen years, to have in possession, or use any of the articles named in section one of this act." | |
| 29 | 1879, 1883 | Missouri | Mo. Rev. Stat. § 1274 (1879), reprinted in 1 The Revised Statutes of the State of Missouri 1879 224 (John A. Hockaday et al. eds. 1879). 1883 Mo. Laws 76, An Act To Amend Section 1274, Article 2, Chapter 24 Of The Revised Statutes Of Missouri, Entitled "Of Crimes And Criminal Procedure," § 1. | "Section 1274. If any person shall carry concealed, upon or about his person, any deadly or dangerous weapon, or shall go into any church or place where people have assembled for religious worship, or into any school room or place where people are assembled for educational, literary or social purposes, or to any election precinct on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose other than for militia drill or meetings called under the militia law of this state, having upon or about his person any kind of fire arms, bowie knife, dirk, dagger, slung-shot, or other deadly weapon, or shall, in the presence of one or more persons shall exhibit any such weapon in a rude, angry or threatening | This law (1879, 1883) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because as it permits sale, purchase, acquisition, and possession of firearms by minors with parental consent. California's law applies regardless of parental consent. Law is also a restriction on minors, not legal adults. |
|---|---|---|---|---|---|

49

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | manner, or shall have or carry any such weapon upon or about his person when intoxicated or under the influence of intoxicating drinks, or shall directly or indirectly sell or deliver, loan or barter to any minor any such weapon, without the consent of the parent or guardian of such minor, he shall, upon conviction, be punished by a fine of not less than twenty-five nor more than two hundred dollars, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment." | |
| 30 | 1883 | New Hampshire | William Martin Chase, The Public Statutes of the State of New Hampshire, To which are Prefixed the Constitutions of the United States and State of New Hampshire with a Glossary and Digested Index Page 713, Image 732 (1891) available at The Making of Modern Law: Primary Sources. | "Sect. 4. If any person shall have in his possession a toy pistol, toy revolver, or other toy firearms, for the explosion of percussion caps or blank cartridges, with intent to sell the same, or shall sell, or offer to sell or to give away the same, he shall be fined not more than fifty dollars; and he shall be liable for all damages resulting from the use of the toy pistol, revolver, or other firearms by him sold or given away, to be recovered in an action on the case." | This law (1883) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as |

| | | | | | earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because there is no age restriction of any kind. Law does not restrict minors in any way or restrict the sale, purchase, acquisition, possession, or carrying of any firearm. |
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | 1883. Offenses Against Minors. § 4. | | |
| 31 | 1883 | Ohio | 1883 Ohio Laws 222, An Act to Prohibit the Sale of Toy Pistols in the State of Ohio, § 1. | "That it shall be unlawful for any firm, company or person in the state of Ohio, to sell or exhibit for sale any pistol manufactured out of any metallic or hard substance, commonly known as the 'toy pistol'; to a minor under the age of fourteen years; any firm company or person violating the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than ten nor more than fifty dollars, or be imprisoned not less than ten days nor more than twenty days, or both, and shall be liable to a civil action in damages to any person injured by such sale." | This law (1883) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it restricts "toy pistols" to "minor[s] |

52

| 32 | 1883 | Pennsylvania | John Purdon, A Digest of the Laws of Pennsylvania: From the Year One Thousand Seven Hundred to the Sixth Day of July, One Thousand Eight Hundred and Eighty- | "113. Any person who shall knowingly and willfully sell or cause to be sold to any person <mark>under sixteen years of age,</mark> any cannon, revolver, pistol or other such deadly weapon, or who shall knowingly and willfully sell, or cause to be sold, to any such minor, any imitation or toy cannon, revolver or pistol so made, constructed or arranged as to be capable of being loaded with gunpowder or | This law (1883) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |

The top-right continuation cell reads:

under the age of fourteen years." This is not a restriction on firearms of any kind.

The bottom-right cell continues:

Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the restriction applies to minors "under

| | | | | | sixteen years of age." |
|---|---|---|---|---|---|
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Three. 11th Edition Page 423-424, Image 472-473 (Vol. 1, 1885) available at The Making of Modern Law: Primary Sources. 1883. Crimes, Carrying and Sale of Explosives, § 113. | other explosive substance, cartridges, shot, slugs or balls and being exploded, fired off and discharged, and thereby become a dangerous or deadly weapon, or who shall knowingly and willfully sell, or cause to be sold to any such minor, any cartridge, gunpowder or other dangerous and explosive substance, shall in every such case, be guilty of a misdemeanor, and upon conviction thereof shall be sentenced to pay a fine not exceeding three hundred dollars." | |
| 33 | 1883 | Rhode Island | 1883 R.I. Pub. Laws 157, An Act In Amendment Of And in Addition To Chapter 92 Of The Public Statutes "Of Fire-arms and Fire-works", § 1. | "Section 1. No person shall sell to any child under the age of fifteen years, without the written consent of a parent or guardian of such child, any cartridge or fixed ammunition of which any fulminate is a component part, or any gun, pistol or other mechanical contrivance arranged for the explosion of such cartridge or of any fulminate." | This law (1883) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, |

| | | | | | 597 U.S. at 36. |
|---|---|---|---|---|---|
| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because |
| **34** | 1883 | Washington | Edward D. McLaughlin, The Revised Statutes and Codes of the State of Washington Page 1042, Image 1094 (1896) available at The | "6353.—Sale of Toy Pistols to Children. It shall be unlawful for any person or persons, to sell or offer for sale, any toy pistols within this state, and every person who shall sell, give, furnish, or cause to be furnished to any person ==under the age of sixteen years==, any pistol, toy pistol or other pocket weapon, | This law (1883) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because restriction only applies to minors "under the age of sixteen years" and does not restrict the sale, purchase, acquisition, possession, or carrying of any kind of |

| | | | | | long gun. |
|---|---|---|---|---|---|
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Making of Modern Law: Primary Sources. 1883. 1883 Wash. Sess. Laws 1042. | in which explosives may be used, shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined in any sum not less than five, nor more than twenty-five dollars." | |
| 35 | 1883 | Wisconsin | 1883 Wis. Sess. Laws 290. Wisc. 1883 ch. 329 p. 290. | "Section 1. It shall be unlawful for any minor, within this state, to go armed with any pistol or revolver, and it shall be the duty of all sheriffs, constables, or other public police officers, to take from any minor, any pistol or revolver, found in his possession." "Section 2. It shall be unlawful for any dealer in pistols or revolvers, or any other person, to sell, loan, or give any pistol or revolver to any minor in this state." "Section 3. It shall be unlawful for any person in a state of intoxication, to go armed with any pistol or revolver. Any person violating the provisions of this act, shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding one hundred dollars ($100)." | This law (1883) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it only restricts |

58

| 36 | 1884 | Iowa | 1884 Iowa Acts 86. | "Section 1. That it shall be unlawful for any person to knowingly sell, present or give any pistol, | the sale, loan, or giving of pistols. Law does not effect the sale, purchase, acquisition, possession or carrying of long guns for minors or legal adults. |
|---|---|---|---|---|---|
|  |  |  |  |  | This law (1884) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36.<br><br>Not "relevantly similar" |

| | | | | | to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the law effects minors, not legal adults. Law also does not restrict the sale, purchase, acquisition, possession, or carrying of any kind of long gun. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | revolver or toy pistol to any minor." "Sec. 2. Any violation of this act shall be punishable by a fine of not less than twenty-five nor more than one hundred dollars or by imprisonment in the county jail of not less than ten nor more than thirty days." | |
| 37 | 1884 | New York | George R. Donnan, Annotated Code of Criminal Procedure and Penal Code of the State of New York as Amended 1882-5 Page 172, Image 699 (1885) available at The Making of Modern Law: Primary Sources. 1884. Carrying, Using, Etc., Certain Weapons, § 410. | § 409. "A person who manufactures, or causes to be manufactured, or sells or keeps for sale, or offers, or gives, or disposes of, any instrument or weapon of the kind usually known as slung-shot, billy, sand club or metal knuckles, or who, in any city in this state, without the written consent of a police magistrate, sells or gives any pistol or other fire-arm to any person under the age of eighteen years, is guilty of a misdemeanor." § 410. "A person who attempts to use against another, or who, with intent so to use, carries, conceals or possesses any instrument or weapon of the kind commonly known as the slung-shot, billy, sand-club or metal knuckles, or a dagger, dirk, or dangerous knife, is guilty of a felony. Any person under the age of eighteen years who shall have, carry or have in his possession in any public street, | This law (1884) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" to the challenged laws, |

| | | | | | *Bruen*, 597 U.S. at 29-30, because it restricts sales to persons "under the age of eighteen." Law does not restrict the sale of pistols or any firearm to persons eighteen and over or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | highway or place in any city of this state, without a written license from a police magistrate of such city, any pistol or other fire-arm of any kind, shall be guilty of a misdemeanor. This section shall not apply to the regular and ordinary transportation of fire-arms as merchandise, or for use without the city limits." | |
| 38 | 1885 | Nevada | 1885 Nev. Stat. 51, § 1 (approved March 4, 1881). The General Statutes Of The State Of Nevada. In Force From 1861 To 1885, Inclusive. 1077 (David E. Baily and John D. Hammond, 1885). | "Section one. Every person under the age of twenty-one (21) years who shall wear or carry any dirk, pistol, sword in case, slung shot, or other dangerous or deadly weapon concealed upon his person, shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, be fined not less than twenty nor more than two hundred ($200) dollars, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment." | This law (1885) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" to the challenged laws, |

| | | | | | *Bruen*, 597 U.S. at 29-30, because law restricts the age of concealed carrying for those under 21. There is no restriction on the sale, purchase, acquisition, possession, or open carrying of any firearm by minors or legal adults. |
|---|---|---|---|---|---|
| **39** | 1885 | New Jersey | 1885 N.J. Laws 52, An Amendment to an Act to Prevent Vending, Using, or Exploding of Guns, Pistols, Toy Pistols, or Other Fire-Arms to or | 311. Sec. 1 "That is shall not be lawful for any person or persons to sell, barter or exchange, or to offer or exhibit for sale, barter or exchange, any gun, pistol, toy pistol or other firearm in this state to any person under the age of fifteen years." 334. Sec. 1. "That it shall not be lawful to sell, hire | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it restricts "person[s] under the age of fifteen years." Minors fifteen year and over and all legal adults are not |

64

| | | | | | restricted in any way. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | by Persons under the Age of Fifteen Years in this State, ch. 44, § 2. | or loan to any person under the age of fifteen years any gun, pistol, toy pistol or other firearms, or for any person under the age of fifteen years to purchase, barter or exchange any gun, pistol, toy pistol or other fire-arms, nor for any person under the age of fifteen years to carry, fire or use any gun, pistol, toy pistol or other firearms, except in the presence of his father or guardian, or for the purpose of military drill in accordance with the rules of a school." | |
| **40** | 1885 | New York | George R. Donnan, Annotated Code of Criminal Procedure and Penal Code of the State of New York as Amended 1882-5. Fourth Edition Page 298, Image 824 (1885) available at The Making of Modern Law: Primary Sources. 1885. An Act to Limit the Carrying and Sale of Pistols and other fire | "Section 1. No person under the age of eighteen years shall have, carry or have in his possession in any public street, highway or place in any of the cities of this state, any pistol or other fire-arms of any kind, and no person shall in such cities sell or give any pistol or other fire-arms to any person under such age." "§ 2. Any person violating any of the provisions of this act shall be guilty of a misdemeanor, and in all trials or examinations for said offense the appearance of the person so alleged or claimed to be under the age of eighteen years shall be evidence to the magistrate or jury as to the age of such | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it restricts carrying and sale of pistols and other firearms to those "under the age of eighteen years." Minor 18 years and up and legal adults are not restricted under this provision. |
|---|---|---|---|---|---|

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | arms in the cities of this state. Chap. 375, § 1. | person." <br><br> "§ 3. Nothing herein contained shall apply to the regular and ordinary transportation of pistols or fire-arms as articles of merchandise in said cities, or to the carrying of a gun or rifle through a street or highway of any city, with the intent to use the same outside the said city; nor to any person under such age carrying any pistol or fire-arms under a license given by the mayor of said cities; but no license so given shall be in force more than one year from its date, and all such licenses may be revoked at the pleasure of the mayor, and a full complete and public record shall be kept by the mayor of said cities of all such licenses and the terms and date thereof." | |
| 41 | 1890 | Louisiana | 1890 La. Acts 39, An Act Making it a Misdemeanor for Any Person to Sell, Give or Lease, to Any Minor, Any Pistol, Bowie-Knife, Dirk or Any Weapons, Intended to be Carried or Used as a | "Section 1. Be it enacted by the General Assembly of the State of Louisiana, That, hereafter, it shall be unlawful, for any person to sell, or lease or give through himself or any other person, any pistol, dirk, bowie-knife or any other dangerous weapon which may be carried concealed to any person under the age of twenty-one years." | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second |

| | | | | | Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it restricts weapons that may be carried concealed. Law does not restrict sales of long guns to minors or legal adults. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **A. Firearms Age Restrictions** | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Concealed Weapon, § 1. Lou. 1890 ch. 46 p. 39. | | |
| 42 | 1890 | Oklahoma [Territory] | 1890 Okla. Laws 495, 496, art. 47. | "§ 1. It shall be unlawful for any person in the Territory of Oklahoma to carry concealed on or about his person, saddle, or saddle bags, any pistol, revolver, bowie knife, dirk, dagger, slung-shot, sword cane, spear, metal knuckles, or any other kind of knife or instrument manufactured or sold for the purpose of defense except as in this article provided." "§ 2. It shall be unlawful for any person in the Territory of Oklahoma, to carry upon or about his person any pistol, revolver, bowie knife, dirk knife, loaded cane, billy, metal knuckles, or any other offensive or defensive weapon, except as in this article provided." "§ 3. It shall be unlawful for any person within this Territory, to sell or give to any minor any of the arms or weapons designated in sections one and two of this article." | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it restricts minors, not legal adults. Law also does not restrict long guns in any way. |

| 43 | 1890 | Virginia | Va. 1890 ch. 152 p. 118. | "1. Be it enacted by the general assembly of Virginia, That if any person sell, barter, give or | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | furnish or cause to be sold, bartered, given, or furnished to any minor <mark>under sixteen years of age</mark> cigarettes, or pistols, or dirks, or bowie-knives, having good cause to believe him or her to be a minor under sixteen years of age, said person shall be fined not less than ten nor more than one hundred dollars." | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it restricts minors "under sixteen years of age." Does not restrict minors 16 and over or any legal adult. The law also does not |

| | | | | | restrict minors' ability to purchase or acquire long guns. |
|---|---|---|---|---|---|
| **44** | 1890 | Wyoming [Territory] | 1890 Wyo. Terr. Sess. Laws 140. Josiah A. Van Orsdel, Attorney General, Revised Statutes of Wyoming, in Force December 1, 1899 Including the Magna Charta, Declaration of Independence, Articles of Confederation, Organic Act of Territory of Wyoming, Act of Admission of the State of Wyoming, Constitution of the United States and of Wyoming, and the Rules | "Sec. 97. It shall be unlawful for any person to sell, barter or give to any other person under the age of twenty-one years any pistol, dirk or bowie knife, slung-shot, knucks or other deadly weapon that can be worn or carried concealed upon or about the person, or to sell, barter or give to any person under the age of sixteen years any cartridges manufactured and designed for use in a pistol; and any person who shall violate any of the provisions of this section shall be fined in any sum not more than fifty dollars." | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it restricts minors, not legal adults. The law also does not restrict minors' ability to purchase or acquire long guns. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | of the Supreme Court Page 1253, Image 1253 (1899) available at The Making of Modern Law: Primary Sources. 1890. Wyo. 1890 ch. 73 § 97 p. 140. | | |
| 45 | 1891 | West Virginia | See *State v. Workman*, 14 L.R.A. 600 (1891): John Augustus Warth, The Code of West Virginia. Containing the Constitution and Naturalization of the United States – the Constitution of the State – the Code, as Amended by Legislation to and Including the Year 1891 and Marginal Notes to all Prior Laws and Applicable Decisions, with an Appendix, Containing all the | "7. If a person carry about his person any revolver or other pistol, dirk, bowie knife, razor, slung shot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor, and fined not less than twenty-five nor more than two hundred dollars, and may, at the discretion of the court, be confined in jail not less than one nor more than twelve months; and if any person shall sell or furnish any such weapon as is hereinbefore mentioned to a person whom he knows, or has reason, from his appearance or otherwise, to believe to be under the age of twenty-one years, he shall be punished as hereinbefore provided; but nothing herein contained shall be so construed as to prevent any person from keeping or carrying about his dwelling house or premises, any such revolver | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" to the challenged laws, |

74

| | | | | | |
|---|---|---|---|---|---|
| | | | | | *Bruen*, 597 U.S. at 29-30, because the law restricts minors, not legal adults. The law also does not place any restrictions on minors' ability to purchase or acquire long guns. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Statutes of the State in Force, of a General and Prospective Nature, not Enacted or Inserted in the Several Chapters of the Code Page 915-916, Image 920-921 (1891) available at The Making of Modern Law: Primary Sources. 1891. 1891 W. Va. 915. | or other pistol, or from carrying the same from the place of purchase to his dwelling house, or from his dwelling house to any place where repairing is done, to have it repaired and back again." | |
| 46 | 1892 | District of Columbia | Washington D.C. 27 Stat. 116 (1892). Ch. 159.–An Act to punish the carrying or selling of deadly or dangerous weapons within the District of Columbia, and for other purposes. | "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That it shall not be lawful for any person or persons within the District of Columbia, to have concealed about their person any deadly or dangerous weapons, such as daggers, air-guns, pistols, bowie-knives, dirk knives or dirks, blackjacks, razors, razor blades, sword canes, slung shot, brass or other metal knuckles." "Sec. 5. That any person or persons who shall, within the District of Columbia, sell, barter, hire, | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | *Bruen,* 597 U.S. at 36. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the law restricts minors, not legal adults. The law also does not place any restrictions on minors' ability to purchase or acquire long guns. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **A. FIREARMS AGE RESTRICTIONS** | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | lend or give to any minor under the age of twenty-one years any such weapon as hereinbefore described shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, pay a fine or penalty of not less than twenty dollars nor more than one hundred dollars, or be imprisoned in the jail of the District of Columbia not more than three months." | |
| **47** | 1892 | Mississippi | R.H. Thompson, The Annotated Code of the General Statute Laws of the State of Mississippi 327, § 1030 (1892). 1892 Miss. Laws 327. | 1028. "It shall not be lawful for any person to sell, give, or lend to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any deadly weapon, or other weapon the carrying of which concealed is prohibited, or pistol cartridge . . ." 1029. "Any father who shall knowingly suffer or permit any son ==under the age of sixteen years== to have or to own, or to carry concealed, in whole or in part, any weapon the carrying of which concealed is prohibited, shall be guilty of a misdemeanor, and, on conviction, shall be fined not less than twenty dollars nor more than two hundred dollars, or may be imprisoned not more than sixty days in the county jail, or both." | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" to the challenged laws, |

|  |  |  |  |  | *Bruen*, 597 U.S. at 29-30, because the law restricts concealed carry by minors, not legal adults. The law also does not place any restrictions on minors' ability to purchase or acquire long guns. |
|--|--|--|--|--|--|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | 1030. "A student of any university, college, or school, who shall carry, bring, receive, own, or have on the campus, college or school grounds, or within two miles thereof, any weapon the carrying of which concealed is prohibited, or a teacher, instructor, or professor who shall knowingly suffer or permit any such weapon to be carried, or so brought, received, owned, or had by a student or pupil, shall be guilty of a misdemeanor, and, on conviction, be fined not exceeding three hundred dollar or imprisoned in the county jail not exceeding three months, or both." | |
| 48 | 1893 | North Carolina | 1893 N.C. Sess. Laws 468–69. | "Section 1. That it shall be unlawful for any person, corporation or firm knowingly to sell or offer for sale, give or in any way dispose of to a minor any pistol or pistol cartridge, brass knucks, bowie-knife, dirk, loaded cane, or sling shot." "Sec. 2. That any person, corporation or firm violating this act shall be guilty of a misdemeanor, and upon conviction for each and every offense shall be fined or imprisoned, one or both, in the discretion of the court." | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" to the challenged laws, *Bruen,* 597 U.S. at 29-30, because the law restricts minors, not legal adults. The law also does not place any restrictions on minors' ability to purchase or acquire long guns. |
| 49 | 1897 | Iowa | Annotated Code of the | Sec. 5004. "No person shall knowingly sell, present | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" to the challenged laws, *Bruen,* 597 U.S. at 29-30, because the law restricts minors, not legal adults. The law also does not place any restrictions on minors' ability to purchase or |

| | | | | | acquire long guns. |
|---|---|---|---|---|---|

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | State of Iowa Containing All the Laws of a General Nature Enacted by The Twenty-Sixth General Assembly at the Extra Session, Which Adjourned July 2, 1897 Page 1955, Image 787 (Vol. 1, 1897) available at The Making of Modern Law: Primary Sources. 1897. § 5004.<br><br>1897 Iowa Acts 1955. | or give any pistol, revolver or toy pistol to any minor. Any violation of this section shall be punished by a fine of not less than twenty-five nor more than one hundred dollars, or by imprisonment in the county jail not less than ten nor more than thirty days." | |
| 50 | 1897 | Texas | 1897 Tex. Gen. Laws 221-22, An Act to Prevent the Barter, Sale and Gift of Any Pistol, Dirk, Dagger, Slung Shot, Sword Cane, Spear, or Knuckles Made of Any Metal or Hard Substance to Any Minor Without the | Section 1. "That if any person in this State shall knowingly sell, give or barter, or cause to be sold, given or bartered to any minor, any pistol, dirk, dagger, slung shot, sword-cane, spear or knuckles made of any metal or hard substance, bowie knife or any other knife manufactured or sold for the purpose of offense or defense, without the written consent of the parent or guardian of such minor, or of someone standing in lieu thereof, he shall be punished by fine of not less than twenty-five dollars | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not |

| | | | | | provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the law restricts minors, not legal adults. The law also does not place any restrictions on minors' ability to purchase or acquire long guns. Law also allows for the sale of the identified weapons to minors with parental consent. |

| | | | | **A. FIREARMS AGE RESTRICTIONS** | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Written Consent of the Parent or Guardian of Such Minor. . . , ch. 155, § 1.  Tex. 1897 ch. 154 p. 221. | nor more than two hundred dollars, or by imprisonment in the county jail not less than ten nor more than thirty days, or by both such fine and imprisonment. And during the time of such imprisonment such offender may be put to work upon any public work in the county in which such offense is committed." | |
| **Early 20th Century (1900-1930s)** | | | | | |
| **51** | 1900 | New York | 1900 N.Y. Laws 459, An Act to Amend Section Four Hundred and Nine of the Penal Code, Relative to Dangerous Weapons, ch. 222, § 1. | § 409. Making, et cetera, dangerous weapons. – A person who manufactures, or causes to be manufactured, or sells or keeps for sale, or offers, or gives, or disposes of any instrument or weapon of the kind usually known as slungshot, billy, sand-club or metal knuckles, or who, in any city or incorporated village in this state, without the written consent of the police magistrate, sells or gives any pistol or other firearm, to any person under the age of eighteen years or without a like consent sells or gives away any air-gun, or spring-gun, or other instrument or weapon in which the propelling force is a spring or air to any person under the age of twelve years, or who sells or gives away any instrument or weapon commonly known | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it |

| | | | | | contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is a applies to persons "under the age of eighteen years." Law does not apply to persons 18 years and over or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | as a toy pistol, in or upon which any loaded or blank cartridges are used or may be used, to any person under the age of sixteen years, is guilty of a misdemeanor." | |
| 52 | 1902 | Virginia | 1902-1904 Va. Acts 261, An Act to Prevent the Sale or Gift of Toy Firearms to Persons Under Twelve Years of Age, and to Provide a Penalty Therefor, ch. 186, §§ 1-2. 1903. | "1. Be it enacted by the general assembly of Virginia, That it shall be unlawful for any person, firm, corporation, or association, to sell, barter, exchange, furnish, or dispose of by purchase, gift, or in any other manner, any toy gun, pistol, rifle, or other toy firearm, if the same shall, by means of powder or other explosive discharge blank or ball charges, to any person under the age of twelve years. Any firm, corporation, or association violating the provisions of this act shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than fifty dollars nor more than one hundred dollars, or confined in jail for a period not less than thirty, nor more than ninety days, either or both." "2. Each sale of any of the articles hereinbefore specified to any person under the age mentioned shall constitute a separate offense, and any person over the age of twelve years who shall purchase, accept, or in any manner acquire any of the toy | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| | | | | | Not "relevantly similar" as it is a restricts persons under the age of twelve years. Minors 12 years and over and legal adults are not restricted. |
|---|---|---|---|---|---|

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | articles of the kind hereinbefore enumerated for any person under the age of twelve years, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than two hundred dollars, or confined in jail for a period not less than thirty days nor more than six months, either or both." | |
| 53 | 1903 | New Jersey | 1903 N.J. Laws 337-38, An Act to Amend an Act Entitled "An Act for the Punishment of Crimes," ch. 169, § 1. | "95. It shall not be lawful to sell, barter, exchange, hire or loan to any person under the age of fifteen years, any gun, pistol, toy pistol, or other firearms, or for any person under the age of fifteen years to purchase, barter or exchange any gun, pistol, toy pistol or other firearms, nor for any person under the age of fifteen years to carry, fire or use a gun, pistol, toy pistol or other firearms, except in the presence of his father or guardian, or for the purpose of military drill in accordance with the rules of a school; it shall be the duty of all persons selling, hiring, bartering or exchanging pistols, revolvers, guns or other firearms, to keep and maintain a book of registry of the same, in which said book of registry shall be entered the number of the article sold, if any, the name of the maker, together with such other means of identification as | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 |

| | | | | | U.S. at 66 n.28. |
| | | | | | |
| | | | | | Not "relevantly similar" as it is a restricts those under the age of fifteen years. Minors 15 years and over and legal adults are not restricted. |

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|  |  |  |  | may be obtainable concerning the same, and also the name and address of the person to whom such pistol, revolver, gun or other firearm is sold, bartered, exchanged or hired . . ." |  |
| 54 | 1903 | Oregon | 1903 Or. Laws 309-10, An Act to Regulate and Prohibit the Sale, Barter, Exchange, or Gift of Explosives, Firearms or Other Articles of a Like Kind, to Children Under the Age of Fourteen Years, and to Punish the Violation of the Provisions of this Act. §§ 1-2. | "Section 1. It shall be unlawful to sell, exchange, barter, or give to any child, under the age of fourteen years, any explosive article or substance, other than an ordinary firecracker, containing ten grains of gunpowder; or to sell, exchange, barter, or give to any such child any firearms, or other device of a like kind, ordinarily used or ordinarily capable of being used in discharging gunpowder in a greater quantity than ten grains; and it is hereby made unlawful in any event to sell, exchange, barter, or give to any child, under the age of fourteen years, any instrument or apparatus, the chief utility of which consists in the fact that it is used, or is ordinarily capable of being used, as an article or device to increase the force or intensity of such explosive, or to direct or control the discharge of any such explosive."<br><br>"Section 2. Any person violating the provisions of this act shall be guilty of a misdemeanor." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| | | | | | Not "relevantly similar" as it is a restricts those under the age of fourteen years. Law does not restrict those 14 years and over or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **55** | 1903 | South Dakota | 1903 S.D. Sess. Laws 168-69, Prohibiting the Use of Fire Arms by Persons under Fifteen Years of Age, ch. 144, §§ 1-3. | §1. "It shall be unlawful for any person under the age of fifteen years to carry, use or discharge any rifle, shot gun, revolver or other fire arms except with the consent and knowledge of their parents or guardians." <br><br> § 2. "It shall be unlawful for any parent or guardian, having the legal charge or control of any minor under the age of fifteen years, to allow or permit such minor to use or carry while loaded any of the arms mentioned in section one of this act within the platted portion or within the distance of one mile of the platted portion of any city, town or village." <br><br> "§ 3. Any person or persons violating the provisions of this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in a sum not exceeding Fifty Dollars." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. <br><br> Not "relevantly similar" as it is a restricts those under the age of fifteen years. Law does not restrict those 15 years and |

| | | | | | over or any legal adult based on age. |
|---|---|---|---|---|---|
| **56** | 1905 | Indiana | 1905 Ind. Acts 688, Weapon— Furnishing to Minor, § 450. | "Sec. 450. It shall be unlawful for any person to sell, barter or give to any other person under the age of twenty-one years any pistol, dirk or bowie-knife, slung-shot, knucks or other deadly weapon that can be worn or carried concealed upon or about the person, or to sell, barter or give to any person | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it |

| | | | | | contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is a restricts weapons that can be concealed. Law does not affect long guns. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **A. FIREARMS AGE RESTRICTIONS** | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | under the age of twenty-one years any cartridges manufactured and designed to be used in a pistol or revolver. Any person who shall violate any of the provisions of this section shall be deemed guilty of a misdemeanor, and, on conviction shall be fined not less than five dollars nor more than fifty dollars." | |
| **57** | 1905 | Utah | 1905 Utah Laws 60, An Act to Prohibit the Sale of Firearms to Minors and the Carrying of Firearms by Minors, and Prescribing Penalties for Violation Thereof, ch. 52, §§ 1-2. | "Section 1. Selling or giving firearms to ==minors under fourteen==. Any person who sells, gives or disposes of, or offers to sell, give or dispose of any pistol, gun, target gun or other firearm, to any person under the age of fourteen years, is guilty of a misdemeanor."<br><br>"Sec. 2. Minor under fourteen must not carry firearms. Any person under the age of fourteen years who shall carry, or have in his possession, any pistol, gun, target gun or other firearm, unless accompanied by a parent or guardian, shall be guilty of a misdemeanor." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 |

96

| | | | | | U.S. at 66 n.28. |
|---|---|---|---|---|---|
| | | | | | Not "relevantly similar" as it is a restriction on "minors under fourteen." Minors 14 years and older and legal adults are not restricted. |
| **58** | 1909 | Idaho | 1909 Id. Sess. Laws 6, An Act To Regulate the Use and Carrying of Concealed Deadly | "Section 1. If any person . . . shall carry concealed upon or about his person any dirk, dirk knife, bowie knife, dagger, slung shot, pistol, revolver, gun or any other deadly or dangerous weapon within the | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. Firearms Age Restrictions | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Weapons and to Regulate the Sale or Delivery of Deadly Weapons to Minors Under the Age of Sixteen Years to Provide a Penalty for the Violation of the Provisions of this Act, and to Exempt Certain Persons, § 1. | limits or confines of any city, town, or village, or in any public assembly, or in any mining, lumbering, logging, railroad, or other construction camp within the State of Idaho, or shall, in the presence of one or more persons, exhibit any deadly or dangerous weapon in a rude, angry, or threatening manner, or shall have or carry any such weapon upon or about his person when intoxicated, or under the influence of intoxicating drinks, or shall, directly or indirectly, sell or deliver, loan or barter to any minor under the age of sixteen (16) years any such weapon, without the consent of the parent or guardian of such minor, he shall upon conviction, be punished by a fine of not less than twenty-five dollars ($25.00) nor more than two hundred dollars ($200.00), or by imprisonment in the county jail for a period of not less than twenty (20) nor more than sixty (60) days, or by both such fine and imprisonment: Provided, however, that it shall be a good defense to the charge of carrying such concealed weapons if the defendant shall show that he has been threatened with great bodily harm or had good reason to carry the same in the necessary defense of his person, family home or property." | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | A. FIREARMS AGE RESTRICTIONS | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| **59** | 1909 | Massachusetts | 1909 Mass. Acts 148, An Act to Prohibit the Sale of Air Guns to Certain Minors. | "Section ninety-two of chapter one hundred and two of the Revised Laws is hereby amended by inserting after the word 'firearms', in the second line, the words: — air guns, — so as to read as follows: Section 92. Whoever sells or furnishes to a minor under the age of fifteen years any firearms, air guns or other dangerous weapon shall be punished by a fine of not less than ten nor more than fifty dollars for each offence; but instructors and teachers may furnish military weapons to pupils for instruction and drill." | |
| **60** | 1909 | Washington | 1909 Wash. Sess. Laws 984, An Act Relating to Crimes and Punishments and the Rights and Custody of Persons Accused or Convicted of Crime, and Repealing Certain Acts, ch. 249, ch. 8, § 308. | Sec. 308. "No minor under the age of fourteen years shall handle or have in his possession or under his control, except while accompanied by or under his control, except while accompanied by or under the immediate charge of his parent or guardian, any firearm of any kind for hunting or target practice or for other purposes. Every person violating any of the foregoing provisions, or aiding or knowingly permitting any such minor to violate the same, shall be guilty of a misdemeanor." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the |

| | | | | | Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |
|---|---|---|---|---|---|
| **61** | 1910 | Georgia | 1910 Ga. Laws 72. See *Spires v. Goldberg*, 26 | § 350. "Furnishing weapons to minors. If any person shall knowingly sell or furnish any minor | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **A. FIREARMS AGE RESTRICTIONS** | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Ga. App. 530 (1921). | with a pistol, dirk, bowie-knife, or sword-cane, he shall be guilty of a misdemeanor." | |
| **62** | 1911 | Delaware | Vol. 26 Del. Laws 28, 28- 29 (1911). Section 3. | "Section 3. It shall be unlawful for any person or persons, or a member of any firm, or the agents or officers of any corporation to sell to a minor, or any intoxicated person, any revolver, pistol, or revolver or pistol cartridges, stiletto, steel or brass knuckles, or other deadly weapons, made especially for the defense of one's person." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| 63 | 1911 | New York | 1911 N.Y. Laws 442-43, An Act to Amend the Penal Law, in Relation to the Sale and Carrying of Dangerous Weapons. ch. 195, §1. | "§ 1897. Carrying and use of dangerous weapons. A person who attempts to use against another, or who carries, or possesses, any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles or bludgeon, or who with intent to use the same unlawfully against another, carries or possesses a dagger, dirk, dangerous knife, razor, stiletto, or any other dangerous or deadly instrument or weapon, is guilty of a felony. Any person under the age of sixteen years, who shall have, carry, or have in his possession, any of the articles named or described in the last section, | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | which it is forbidden therein to offer, sell, loan, lease or give to him, shall be guilty of a misdemeanor. . . Any person over the age of sixteen years, who shall have or carry concealed upon his person in any city, village, or town of this state, any pistol, revolver, or other firearm without a written license therefor, theretofore issued to him by a police magistrate of such city or village, or by a justice of the peace of such town, or in such manner as may be prescribed by ordinance of such city, village or town, shall be guilty of a felony." | |
| 64 | 1912 | Vermont | 1912 Vt. Acts and Resolves 306, An Act . . . Relating to Firearms, §§ 1-2. | "A person, other than a parent or guardian, who sells or furnishes to a minor under the age of sixteen years a firearm or other dangerous weapon, shall be fined not more than fifty dollars nor less than ten dollars. This section shall not apply to an instructor or teacher who furnishes military weapons to pupils for instruction and drill."<br><br>"Sec. 2. A child under the age of sixteen years who, without the consent of his parent or guardian, has in his possession or control a pistol or revolver constructed or designed for the use of gunpowder or other explosive substance with leaden ball or | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the |

| | | | | | Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |
|---|---|---|---|---|---|
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | shot shall be fined not more than twenty dollars." | |
| 65 | 1913 | North Carolina | 1913 N.C. Sess. Laws 57, Pub. Laws, An Act to Prevent the Use of Firearms by Children, ch. 32 § 1. | "That any person being the parent or guardian of, or standing in loco parentis to, any child under the age of twelve years, who shall knowingly permit such child to have the possession or custody of, or use in any manner whatever, any gun, pistol, or other dangerous firearm, whether such firearm be loaded or unloaded, or any other person, who shall knowingly furnish such child any such firearm, shall be guilty of a misdemeanor, and upon conviction shall be fined not exceeding fifty dollars, or imprisoned not exceeding thirty days." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| 66 | 1913 | Ohio | 1913 Ohio Laws 906, An Act: A Bill to Amend and Supplement [Certain] Sections . . . and to Repeal [Certain] Sections of the General Code; Relating to Children and to Females under Twenty-One Years of Age and to Organizations which | "Sec. 12966. Whoever sells or exhibits for sale, to a minor under sixteen years of age, a pistol manufactured of a metallic or hard substance, commonly known as a 'toy pistol' or air gun, or any form of explosive gun, shall be fined not less than ten dollars nor more than fifty dollars or imprisoned not less than ten days nor more than twenty days, or both, and be liable in damages to any person injured by such sale."<br><br>"Sec. 12967. Whoever sells, barters, furnishes or gives to a ==minor under the age of seventeen years,== | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Include within Their Objects Matters Relating to Children, ch. 11, §§ 12966-67. | an air-gun, musket, rifle, shotgun, revolver, pistol, or other fire-arm, or ammunition therefor, or, being the owner or having charge or control thereof, knowingly permits it to be used by a minor under such age, shall be fined not more than one hundred dollars or imprisoned in jail not more than thirty days, or both." | |
| 67 | 1914 | New Jersey | 1914 N.J. Laws 65, Supplement to an Act Entitled "An Act to License Citizens of this State to Hunt and Pursue Wild Animals and Fowl," ch. 43, § 1. | "1. No license to hunt, pursue or kill with a gun or any fire-arm any of the game birds, wild animals or fowl of this State, shall be issued to any person under the age of fourteen years, and if any applicant for license shall misrepresent his age he shall be liable to a penalty of twenty dollars, to be sued for and recovered as other penalties under the fish and game laws." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

107

| 68 | 1917 | Oregon | 1917 Or. Sess. Laws 804-808, An Act Prohibiting the manufacture, sale, possession, carrying, or use of any blackjack, slungshot, billy, sandclub, sandbag, | "Section 10. It shall be unlawful for any person, firm or corporation to sell, offer for sale, give or dispose of any pistol, revolver or other firearm of a size which may be concealed upon the person, to any minor under the age of twenty-one years. A violation of this section is a misdemeanor and punishable by imprisonment in the county jail for a period not exceeding six months, or by a fine not | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | metal knuckles, dirk, dagger or stiletto, and regulating the carrying and sale of certain firearms, and defining the duties of certain executive officers, and providing penalties for violation of the provisions of this Act, § 10. | exceeding Five Hundred Dollars, or both such fine and imprisonment." | |
| 69 | 1918 | Delaware | 1918–1919 Del. Laws 484, Minors Under Fifteen Not to Use Gun Unless Accompanied by an Adult, § 2382 A. Sec. 25 A. 1918. | "It shall be unlawful for any minor under fifteen years of age to hunt game birds or game animals anywhere in this State with a rifle or shotgun of any kind unless accompanied by an adult lawfully hunting." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the |

| | | | | | meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |
|---|---|---|---|---|---|
| **70** | 1919 | Delaware | Vol. 30 Del. Laws 55, 55-56 (1919). Section 222. | "259, Section 222. It shall be unlawful for any person or persons, or a member of any firm, or the agents or officers of any corporation to sell to a minor or any intoxicated person, any revolver, pistol, or revolver or pistol cartridges, stiletto, steel or brass knuckles, or other deadly weapons made | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | for the defense of one's person." | |
| **71** | 1922 | Massachusetts | 1922 Mass. Acts 563, ch. 485, An Act Relative to the Sale and Carrying of Firearms, ch. 485, § 8 (amending § 130). | "Whoever sells or furnishes to a <mark>minor under the age of fifteen</mark>, or to an unnaturalized foreign born person who has who has not a permit to carry firearms under section one hundred and thirty-one, any firearm, air gun or other dangerous weapon or ammunition therefor shall be punished by a fine of not less than ten nor more than fifty dollars, but instructors and teachers may furnish military weapons to pupils for instruction and drill." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| 72 | 1923 | North Dakota | 1923 N.D. Laws 381, Pistols and Revolvers, ch. 266, § 9. | "Sec. 9. Selling to Minors. Any person or persons who shall sell, barter, hire, lend or give to any minor under the age of eighteen years any pistol or revolver shall be deemed guilty of a misdemeanor, and shall upon conviction thereof be fined not less than $100, nor more than $1,000, or be imprisoned not less than three months, nor more than one year, or both." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |
| 73 | 1923 | South | 1923 S.C. Acts 221. | "If any person shall knowingly sell, offer for sale, give, or in any way dispose of to a minor any pistol | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier |

| | | | | | evidence." *Bruen*, 597 U.S. at 66 n.28. |
|---|---|---|---|---|---|

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | Carolina | | or pistol cartridge, brass knucks, bowie knife, dirk, loaded cane or sling shot, he shall be guilty of a misdemeanor. Any person being the parent or guardian of, or attending in loco parentis to any child under the age of twelve years who shall knowingly permit such child to have the possession or custody of, or use in any manner whatever any gun, pistol, or other dangerous firearm, whether such firearm be loaded or unloaded, or any person who shall knowingly furnish such child any firearm, shall be guilty of a misdemeanor, and, upon conviction, shall be fined not exceeding Fifty Dollars or imprisoned not exceeding thirty days." | |
| 74 | 1925 | Indiana | 1925 Ind. Acts 496, ch. 207, An Act to Regulate and Control the Possession, Sale, and Use of Pistols and Revolvers in the State of Indiana. | "Sec 8. Any person or persons who shall, within the State of Indiana, sell, barter, hire, lend, or give to any minor under the age of twenty-one years, any pistol or revolver shall be deemed guilty of a misdemeanor and shall upon conviction thereof be fined not more than one hundred dollars ($100.00), or be imprisoned for not more than three months, or both, except for uses as hereinbefore provided." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents |

114

| 75 | 1925 | West Virginia | 1925 W.Va. Acts 25-30, 1st Extraordinary Sess., | "Section 7 (a). If any person, without a state license therefor, carry about his person any revolver or | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

*(continued from previous row)* and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | An Act to Amend and Re-Enact Section Seven . . . Relating to Offenses Against the Peace; Providing for the Granting and Revoking of Licenses and Permits Respecting the Use, Transportation and Possession of Weapons and Fire Arms. . . , ch. 3, § 7, pt. a. | other pistol, dirk, bowie-knife, slung shot, razor, billy, metallic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor and upon conviction thereof be confined in the county jail for a period of not less than six nor more than twelve months for the first offense; but upon conviction of the same person for the second offense in this state, he shall be guilty of a felony and be confined in the penitentiary not less than one or more than five years, and in either case fined not less than fifty nor more than two hundred dollars, in the discretion of the court; and it shall be the duty of the prosecuting attorney in all cases to ascertain whether or not the charge made by the grand jury is the first or second offense, and if it shall be the second offense, it shall be so stated in the indictment returned, and the prosecuting attorney shall introduce the record evidence before the trial court of said second offense, and shall not be permitted to use his discretion in charging said second offense nor in introducing evidence to prove the same on the trial; provided, that boys or girls under the age of eighteen years, upon the second conviction, may, at the discretion of the court, be | |

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | sent to the industrial homes for boys and girls, respectively, of the state. … Any person desiring to obtain a state license to carry any such weapon within one or more counties in this state shall first publish a notice in some newspaper, published in the county in which he resides, setting forth his name, residence and occupation, and that on a certain day he will apply to the circuit court of his county for such state license; and after the publication of such notice for at least ten days before said application is made and at the time stated in said notice upon application to said court, it may grant such person a license in the following manner, to-wit: The applicant shall file with said court his application in writing, duly verified, which said application shall show: First: That said applicant is a citizen of the United States of America. Second: That such applicant has been a bona fide resident of this state for at least one year next prior to the date of such application, and of the county sixty days next prior thereto. Third: That such applicant is over twenty-one years of age; that he is a person of good moral character, of temperate habits, not addicted to intoxication, and has not | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | been convicted of a felony nor of any offense involving the use on his part of such weapon in an unlawful manner." | |
| 76 | 1927 | Hawai'i [Territory] | 1927 Haw. Sess. Laws 209-217, An Act Regulating the Sale, Transfer and Possession of Certain Firearms and Ammunitions, and Amending Sections 2136, 2137, 2138, 2139, 2140, 2141, 2142, 2143, 2146 and 2147 of the Revised Laws of Hawaii 1925 (the "Small Arms Act"), § 8. | "Section 8. Selling to minors. No person shall sell, barter, hire, lend, or give any pistol or revolver to any person under the age of eighteen years." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| 77 | 1929 | Indiana | 1929 Ind. Acts 139, Criminal Offenses—Commission of or Attempt to Commit Crime While Armed with Deadly Weapon, ch.55, § 1. | "Section 1. Be it enacted by the general assembly of the State of Indiana, That any person who being over sixteen years of age, commits or attempts to commit either the crime of rape, robbery, bank robbery, petit larceny or grand larceny while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | weapon, or while any other person present and aiding or assisting in committing or attempting to commit either of said crimes is armed with any of said weapons, shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten years nor more than twenty years....... " | |
| 78 | 1932 | District of Columbia | Washington D.C. 47 Stat. 650, 651-652 (1932), Carrying Concealed Weapons. | "Sec. 4. No person shall within the District of Columbia carry concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon."<br><br>"Sec. 7. No person shall within the District of Columbia sell any pistol to a person who he has reasonable cause to believe is not of sound mind, or is a drug addict, or is a person who has been convicted in the District of Columbia or elsewhere of a crime of violence or, except when the relation of parent and child or guardian and ward exists, is under the age of eighteen years." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier |

120

| | | | | | evidence." *Bruen*, 597 U.S. at 66 n.28. |
|---|---|---|---|---|---|
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **79** | 1933 | Hawai'i [Territory] | 1933 Haw. Sess. Laws 37-38, An Act Regulating the Sale, Transfer, and Possession of Firearms and Ammunition, § 4. | "Section 4. No person residing or doing business or temporarily sojourning within the Territory shall take possession of any fire arm of any description, whether usable or unusable, serviceable or unserviceable, modern or antique, registered under prior Acts or unregistered, or of any ammunition of any kind or description, except shotgun ammunition, either through sale, gift, loan, bequest, or otherwise, whether procured in the Territory or imported by mail, express, freight, or otherwise, until he shall first have procured from the chief of police of the city and county of Honolulu or the sheriff of the county, other than the city and county of Honolulu, wherein is his place of business, or if there be no place of business, his residence, or if there be neither place of business nor residence, his place of sojourn, a permit to acquire as prescribed herein. The chief of police of the city and county of Honolulu or the sheriffs of the several counties, other than the city and county of Honolulu, are hereby authorized, within their discretion, to issue permits, within their respective jurisdictions, to acquire rifles, pistols, and revolvers to citizens of the United States, of the age of twenty years or more, and to duly accredited official representatives | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | of foreign nations. Permits to acquire ammunition for rifles, pistols and revolvers acquired prior to the effective date of this Act and registered in accordance with the provisions hereof, may be granted persons [sic] of the age of twenty years or more irrespective of citizenship. Permits to acquire shotguns may be granted to persons of the age of sixteen years or more, irrespective of citizenship." | |
| **City/Local Ordinances** | | | | | |
| **80** | 1763 | New York – City of New York | Laws, Statutes, Ordinances and Constitutions, Ordained, Made and Established, by the Mayor, Aldermen, and Commonalty, of the City of New York, Convened in Common-Council, for the Good Rule and Government of the Inhabitants and Residents of the Said City Page 11, Image 12 | "VI. And be it further ordained by the authority aforesaid, That if any Children, Youth, Apprentices, Servants, or other Persons, do fire and discharge any Gun, Pistol, Rockets, Crackers, Squibs, or other Fire-Works, in any Street, Lane or Alley, or within any Yard or Garden, or from any House, or in any Place where Persons frequent to walk; such Person so offending, shall forfeit for every such Offence, the Sum of Forty Shillings, current Money of New York; and on Refusal to pay the same, shall be committed to the House of Correction, at the Discretion of the Mayor, Recorder, or Alderman, or any one of them before whom such Offender shall be convicted, there to | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because this historical analogue targeted certain conduct with firearms, but did not ban anyone from selling or purchasing them.<br><br>It also did not single out individuals for restrictions based on age. Rather, by its terms it applies to all "persons." |

| | | | | | To the extend this law was a restriction on children and youth at the time it was enacted, it is irrelevant to the rights of adults today. It provides no justification for laws restriction the Second Amendment rights of individuals who are unquestionably legal adults today. |
|---|---|---|---|---|---|

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | (1763) available at The Making of Modern Law: Primary Sources. 1763. <br><br> New York, NY., Ordinance no. 4, § VI (1763). <br><br> Ordinances of the City of New York, § VI. | remain committed, not exceeding Twenty Days . . ." | |
| 81 | 1803 | New York – City of New York | Edward Livingston, Laws and Ordinances, Ordained and Established by the Mayor, Aldermen, and Commonalty of the City of New-York, in Common-Council Convened, for the Good Rule and Government of the Inhabitants and Residents of Said City Page 83-84, Image 84-85 (1803) available at The Making of Modern | "Sect. 1. Whereas the firing of guns and the practice of fowling in the public streets and in the roads or highways in the vicinity of this city, are frequently productive of accidents and dangerous consequences are always to be apprehended therefrom: Be it therefore ordained by the Mayor, Aldermen, and Commonalty of the City of New-York, in the Common Council convened, That no person shall hereafter be permitted to fire or discharge any gun, pistol, fowling piece, or fire-arm, at any place on the island of New York, within the distance of four miles from the City Hall, under the penalty of five dollars upon each offender, to be recovered with costs. And if the person so offending shall be a minor, apprentice, servant or | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because this historical analogue targeted certain conduct with firearms, but did not ban anyone from selling or purchasing them. <br><br> It also did not single out individuals for restrictions based on age. Rather, by its terms it applies to all "persons." <br><br> To the extend this law |

| | | | | | was a restriction on children and youth at the time it was enacted, it is irrelevant to the rights of adults today. It provides no justification for laws restriction the Second Amendment rights of individuals who are unquestionably legal adults today.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." Bruen, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |
|---|---|---|---|---|---|

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Law: Primary Sources. 1803. New York, NY., Ordinances ch. 23, § 1 (1803). Ordinances of the City of New York, To Prevent the Firing of guns in the City of New York, § 1. | slave, the said fine shall be recoverable form his father, mother, master or mistress, together with costs. Provided always, That nothing contained in this ordinance shall be constructed to extend to the reviews or exercises of any military company, or of the State Prison Guards." | |
| 82 | 1817 | South Carolina - Columbia | Ordinances, of the Town of Columbia, (S. C.) Passed Since the Incorporation of Said Town: To Which are Prefixed, the Acts of the General Assembly, for Incorporating the Said Town, and Others in Relation Thereto Page 61-61, Image 61-62 (1823) available at The Making of Modern Law: | "Whereas the practice of firing small arms within the town of Columbia, is extremely dangerous to the lives, as well as the property of the inhabitants thereof, and ought to be strictly prohibited: Be it ordained by the Intendent and Municipal Wardens of the towns aforesaid, in council assembled, and it is hereby ordained by the authority of the same, That hereafter it shall not be lawful for any person to fire or discharge any gun, pistol or other small arms within the limits bounded by Henderson, Blossom, Lincoln and Upper streets; and if any person shall wantonly, knowingly, and willfully fire or discharge any gun, pistol, or other small arms | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because this historical analogue targeted certain conduct with firearms, but did not ban anyone from selling or purchasing them. It also did not single out individuals for restrictions based on age. Rather, by its terms it |

| | | | | | applies to all "persons." |
| --- | --- | --- | --- | --- | --- |
| | | | | | To the extend this law was a restriction on children and youth at the time it was enacted, it is irrelevant to the rights of adults today. It provides no justification for laws restriction the Second Amendment rights of individuals who are unquestionably legal adults today. |
| | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." Bruen, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Primary Sources. 1817. [Ordinances of the Town of Columbia, An Ordinance for Prohibiting the Firing of Guns in the Town of Columbia (1817)]. Columbia, S.C., Ordinance 41 (1817). | within the said limits, such person shall forfeit and pay to the use of the town aforesaid, a sum not exceeding five dollars, for each and every such offence, to be sued for and recovered according to law. And whereas, offences of this kind may be committed by minors or other disorderly persons, who have no ostensible property whereof the said penalty can be levied: Be it therefore ordained by the authority aforesaid, That any gun, pistol or other small arms, fired or discharged by any such person in breach of this ordinance, shall be liable for the payment of the penalty or penalties aforesaid; and it shall be lawful for the Intendant, either of the Wardens or constables, who shall see such person offending against this ordinance, to seize and take into possession the gun or pistol, or other small arms so fired or discharged, and deposite the same with the Intendant or either of the Wardens; and if the person charged with the said offense, and convicted thereof, shall not within ten days after conviction pay the penalty incurred and the costs of prosecution, the same shall be sold to discharge the said penalty and costs." | |
| **83** | 1835 | Connecticut – | The By-Laws of the | "Be it ordained by the mayor, aldermen, and | This law comes decades after ratification of the |

|  |  |  |  |  | Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving post enactment history more weight than it can rightly bear." *Bruen*, 597 U.S. at 34-35.

Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because this historical analyogue targeted certain conduct with firearms, but did not ban minors from purchasing them.

It also did not single out individuals for restrictions based on age. Rather, by its terms it applies to all "persons."

To the extend this law was a restriction on children and youth at the time it was enacted, it is irrelevant to the rights of adults today. It provides no justification for laws |

| | | | | | restriction the Second Amendment rights of individuals who are unquestionably legal adults today.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | City of New London | City of New London, with the Statute Laws of the State of Connecticut Relative to Said City Page 47-48, Image 47-48 (1855) available at The Making of Modern Law: Primary Sources. 1835. New London, Conn., ch. 26, § 2 (Sept. 28, 1835). | common council and freemen of the city of New-London, That no gun or pistol shall be fired at any time within the limits of said city, unless on some public day of review, and then by order of the officers of the military companies of said city, or by permission of the mayor, or one of the aldermen of said city; and whosoever shall fire any gun or pistol, contrary to the form and effect of this by-law, shall for every such offence, forfeit and pay the sum of two dollars, to be recovered by due process in any court in said city, proper to try the same." "Sec. 2. And whereas the firing of guns and pistols, crackers, or other fire works is most frequently done by apprentices and minors under age, who are unable to pay the forfeiture incurred by the by-law of this city – be it also ordained that where any minor or apprentice shall be guilty of any breach of the by-laws relating to the firing of guns, pistols, crackers, or other fire-works, the parent, guardian, or master of such minor or apprentice, shall be liable to pay the forfeitures incurred by said by-law, and the same shall be recoverable of any parent, guardian or master, by action of debt brought on said by law, before any court in said city proper to | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS |||||| 
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | try the same. And it shall be the duty of the city attorney and lawful for any other person to prosecute for said penalty; and one-half of said penalty shall go to the informer, or the person prosecuting for the same, and the other half to the use of the city." | |
| 84 | 1853 | Kentucky – City of Louisville | Oliver H. Strattan, City Clerk A Collection of the State and Municipal Laws, in Force, and Applicable to the City of Louisville, Ky. Prepared and Digested, under an Order from the General Council of Said City by Oliver H. Strattan and John M. Vaughan, City Clerks, which Includes the State Constitution and City Charter, with Notes of Reference Page 175, Image 176 (1857) available at The Making of Modern Law: | "No person shall retail gunpowder to minors ==under fifteen years of age,== or free colored persons, without authority from his parent or guardian, or to slaves without authority from his master. Any person doing so in either case, shall be fined twenty dollars." | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136.<br><br>This law is disanalogous because it only applies to minors under 15-years-old |

133

| | | | | | | This law comes from the antebellum South and it would be "strange to rely on . . . southern laws restricting gun rights that were enacted before the Civil War given Congress's grave concerns about southern states disarming freed Blacks during this period." *Hirschfeld*, 5 F. 4th at 440; see also *McDonald*, 561 U.S. at 770–78.

This law is discriminatory in nature and should not inform the scope of a fundamental right today. It would be obviously unconstitutional if enacted today and to the extent it was accepted as constitutional at earlier periods that was only because of an inappropriately narrower conception of "the people" covered by the Second Amendment. See *Bruen*, 142 S. Ct. at 2150–51 (discussing *Dred Scott v. Sandford* and Chief Justice Tawney's concern that extending citizenship to blacks would entail extending them the right to |

| | | | | | keep and bear arms, as well). |
|---|---|---|---|---|---|
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Primary Sources. 1853. Louisville, Ky., Ordinance No. 78 (Oct. 17, 1853). | | |
| 85 | 1857 | Tennessee – City of Memphis | Digest of the Charter and Ordinances of The City of Memphis 50 (1857). Memphis, Tenn., Selling Liquors or Weapons to Minors, § 4864 (1857). | "4864.  Any person who sells, loans or gives to any minor a pistol, bowie-knife, dirk, Arkansas toothpick, hunter's knife, or like dangerous weapon, except a gun for hunting or weapon for defense in traveling, is guilty of a misdemeanor and shall be fined not less than twenty-five dollar, and imprisoned in the county jail at the discretion of the court." | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the restriction does not apply to long |

136

| 86 | 1859 | Kentucky – Town of Harrodsburg | 1859 Ky. Acts 245, An Act to Amend an Act Entitled "An Act to Reduce to One of the Several Acts in Relation to the Town of Harrodsburg," § 23. | "§ 23. If any person, other than the parent or guardian, shall sell, give, or loan, any pistol, dirk, bowie-knife, brass knucks, slung-shot, colt, cane-gun, or other deadly weapon, which is carried concealed, to any minor, or slave, or free negro, he shall be fined fifty dollars." | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly |

guns. Law also explicitly exempts from the restrictions on sales any "gun for hunting or weapon for defense in traveling." Law also only applies to minors, not legal adults.

This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." Bruen, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment.

| | | | | | bear." *Bruen*, 142 S. Ct. at 2136. |
|---|---|---|---|---|---|
| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the restriction does not apply to long guns. Law also only restricts the act of carrying the identified arms concealed. |
| | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |
| 87 | 1859 | New York – City of New York | D. T. Valentine, Ordinances of the Mayor, Aldermen and | "§ 6. No tavern-keeper, keeper of a public house, garden or place of resort, nor any other person, shall suffer or permit any person to practice with or | This law comes decades after ratification of the Second Amendment and thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly |

| | | | | | bear." *Bruen*, 142 S. Ct. at 2136. |
|---|---|---|---|---|---|
| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the restriction does not apply to the sale, purchase, acquisition, possession, or carrying of arms by minors. This is a restriction on the act of a shooting firearms in certain locations. |
| | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." Bruen, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Commonalty of the City of New York: Revised A. D. 1859 Adopted by the Common Council Page 235, Image 243 (1859) available at The Making of Modern Law: Primary Sources. 1859. Ordinances of the City of New York. Firing of Fire-Arms, Cannons and Fireworks. § 6. | fire off any pistol, gun, fowling-piece or other fire-arms, in or upon his or her premises, nor shall suffer or permit any pistol gallery, erected in his or her house, or upon his or her premises, to be used for the purpose of practicing with any pistol gun, fowling-piece or other fire-arms, upon the first day of the week, called Sunday, under the penalty of fifty dollars for each offense, to be sued for and recovered from the person keeping such public house, tavern, public garden, pistol gallery, place of resort or premises; and also the further penalty of fifty dollars for each offense, to be sued for and recovered from the person firing off or practicing with a pistol, gun, fowling-piece, or other fire-arms; and in case such person so offending shall be an apprentice, such penalty shall be sued for and recovered from the master of such apprentice, or in case such person so offending shall be a minor and not an apprentice, the same shall be sued for and recovered from the father of, or in case of the death of the father, then from the mother or guardian of such minor." | |
| 88 | 1863 | Tennessee – City of | William H. Bridges, Digest of the Charters | "Section 1. That no person or persons shall set up or use any pistol gallery, or place for the | This law comes decades after ratification of the Second Amendment and |

| | | | | | | thus provides only a "dim" view of the meaning of the right to keep and bear arms, as "state laws are less illuminating the further one moves from ratification." *Hirschfeld*, 5 F.4th at 420. The Supreme Court has cautioned "against giving postenactment history more weight than it can rightly bear." *Bruen*, 142 S. Ct. at 2136. |
| | | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the restriction only required parental consent for minors (not legal adults) to shoot in the galleries. |
| | | | | | | Nothing in this provision prevents minors or legal adults from purchasing or acquiring any kind of firearm. |
| | | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." Bruen, 597 U.S. at 66-69. It therefore, |

| | | | | | cannot shed much, if any, light on the scope of the Second Amendment. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **A. FIREARMS AGE RESTRICTIONS** | | | | | |
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | Memphis | and Ordinances of the City of Memphis, Together with the Acts of the Legislature Relating to the City, with an Appendix Page 148-149, Image 149-150 (1863) available at The Making of Modern Law: Primary Sources. 1863. [Ordinances of the City of Memphis, Shooting Galleries, § 1.] Memphis, Tenn., art. VI, § 1 (1863). | discharging of pistols, guns or other firearms in the first story of any building in this city; nor shall any gallery be used in any manner involving risk or danger to any person in the city; nor shall any person setting up or using such pistol gallery be exempt from the ordinance and penalties now in force, for discharging or shooting any pistol, gun or firearms within the city limits, until such person or persons have applied and paid for license to set up and use such pistol gallery, according to the provisions of this ordinance." "§ 2. That the person or persons applying for license to keep such pistol gallery, shall, at the time of obtaining such license, enter into bond with good security, to be approved by the City Register, in the sum of three thousand dollars, payable as other city bonds, conditioned that no gambling of any kind be permitted in such pistol gallery, or in the room used for such pistol gallery, or any room adjacent thereto, under the control and connected with said pistol gallery, or its proprietors or keepers; and that all shooting or discharging of firearms shall be done only with the perfect security against any harm to persons or property in the vicinity of such pistol gallery; such penalty to be recoverable for | |

143

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | every violation of this section of this ordinance, and of the conditions of said bond." "§ 3. That the proprietors or persons keeping such pistol gallery shall not permit any minors to shoot in such gallery without the written consent of the lawful guardian of such minor, unless such guardian be personally present, and consenting to such shooting; nor shall the proprietors or keepers of such gallery permit any shooting in the same after eleven o'clock at night, or on Sunday, nor shall such shooting gallery be allowed to be kept open for shooting after eleven o'clock at night or on Sunday. Any violation of this ordinance is hereby declared a misdemeanor, and each offender, on conviction, shall be fined a sum not less than five nor more than fifty dollars for any violation of this ordinance, recoverable as other fines." | |
| 89 | 1867 | Tennessee – City of Memphis | William H. Bridges, Digest of the Charters and Ordinances of the City of Memphis, from 1826 to 1867, Inclusive, Together with the Acts of the Legislature | "4864. Any person who sells, loans or gives to any minor a pistol, bowie-knife, dirk, Arkansas toothpick, hunter's knife, or like dangerous weapon, except a gun for hunting or weapon for defense in traveling, is guilty of a misdemeanor and shall be fined not less than twenty-five dollars, and imprisoned in the county jail at the discretion of the | This law (1867) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear |

| | | | | | arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.

Not "relevantly similar" to the challenged laws, *Bruen,* 597 U.S. at 29-30, because the restriction does not apply to long guns. Law also explicitly exempts from the restrictions on sales any "gun for hunting or weapon for defense in traveling." Law also only applies to minors, not legal adults.

This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." Bruen, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Relating to the City, with an Appendix Page 50, Image 50 (1867) available at The Making of Modern Law: Primary Sources. 1867. Police Regulations of the State. Selling Liquors or Weapons to Minors. § 4864. | court." | |
| 90 | 1869 | Virginia – Town of Lexington | The Charter and General Ordinances of the Town of Lexington, Virginia Page 87, Image 107 (1892) available at The Making of Modern Law: Primary Sources. 1869. Ordinances of the Town of Lexington. Of Concealed Weapons and Cigarettes. § 2. | "2. If any person sell, barter, give or furnish, or cause to be sold, bartered, given or furnished to any minor under sixteen years of age, cigarettes, or pistols, or dirks, or bowie knives, having good cause to believe him or her to be a minor under sixteen years of age, shall be fined not less than ten dollars nor more than one hundred dollars." | This law (1869) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* |

146

| | | | | | |
|---|---|---|---|---|---|
| | | | | | 597 U.S. at 36. |
| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the restriction does not apply to long guns. Law also only applies to minors "under sixteen years of age", not minors over sixteen or legal adults. |
| | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." Bruen, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |
| **91** | 1873 | Illinois – City | Proceedings of the Common Council of the | "Section 1. That no person within said city shall sell to or in any manner furnish any minor with any | This law (1873) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, |

| | | | | | they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
|---|---|---|---|---|---|
| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the law only applies to minors, not legal adults. |
| | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." Bruen, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | of Chicago | City of Chicago Page 140, Image 185 (Vol. 5, 1874) available at The Making of Modern Law: Primary Sources. 1873. Ordinances of Chicago: An Ordinance Prohibiting the Sale to or Furnishing Minors with Firearms. § 1. | gun, pistol, revolver, or other firearms; and any person offending against this ordinance shall on conviction be fined in a sum not less than twenty-five dollars nor more than one hundred dollars for each offense." | |
| 92 | 1881 | Connecticut – City of New Haven | Charter of the City of New Haven Page 142-143, Image 241-242 (1881) available at The Making of Modern Law: Primary Sources. 1881. New Haven, Conn., § 468 (1881). | "Sec. 468. No person shall sell to any child ==under the age of sixteen years==, without the written consent of the parent or guardian of such child, any cartridge or fixed ammunition of which any fulminate is a component part, or any gun, pistol or other mechanical contrivance arranged for the explosion of cartridge, or of any fulminate" | This law (1881) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* |

149

| | | | | | |
|---|---|---|---|---|---|
| | | | | | 597 U.S. at 36.<br><br>Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the law only applies to minors "under the age of sixteen years," not minors over sixteen or legal adults.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." Bruen, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |
| 93 | 1885 | Massachusetts – City of Boston | The Revised Ordinances of 1885, of the City of Boston, as Passed and Approved December 14, 1885. (With | "Section 1. Whoever sells to a child ==under the age of sixteen years==, without the written consent of its parent or guardian, any cartridge or fixed ammunition of which any fulminate is a component part, or a gun, pistol, or other mechanical | This law (1885) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its |

|  |  |  |  |  | original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
|  |  |  |  |  | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the law only applies to minors "under the age of sixteen years," not minors over sixteen or legal adults. |
|  |  |  |  |  | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." Bruen, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Amendments Thereto, Passed and Approved, to May 1, 1886): Being the Ninth Revision. To Which are Added the Revised Standing Regulations of the Board of Aldermen. 9th Rev. Page 172, Image 182 (1886) available at The Making of Modern Law: Primary Sources. 1884." Ordinances of the City of Boston. Of Fire-Arms, Bonfires, and Brick-Kilns. § 4. | contrivance arranged for the explosion of such cartridge or of any fulminate, shall be liable to a penalty of not less than five nor more than fifty dollars. But the provisions of this section shall not apply to paper-caps of which the only component parts are chlorate of potash and sulphide of antimony, nor to any appliance for exploding the same." | |
| 94 | 1887 | Iowa – City of Council Bluffs | Geoffrey Andrew Holmes, Compiled Ordinances of the City of Council Bluffs, and Containing the Statutes Applicable to Cities of the First-Class, | "§ 5. No person shall carry on or take part in carrying on any pistol gallery or shooting gallery without license therefor from said city, and the charge for such license shall be ten dollars per month, or fifty dollars per annum." "§6. No licensee or his employee, or any person in | This law (1881) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear |

| | | | | | arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the law requires a license from the City to establish a "pistol gallery or shooting gallery" |
| | | | | | Regulations restricted legal minors, not adults who have reached the age of majority. |
| | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." Bruen, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
| --- | --- | --- | --- | --- | --- |
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Organized under the Laws of Iowa Page 168-169, Image 171-172 (1887) available at The Making of Modern Law: Primary Sources. 1887.<br><br>Ordinances, City of Council Bluffs, Shooting Gallery, § 5-6. | charge of any pin alley, ball alley, pistol gallery or shooting gallery, shall at any time, without gain or profit, permit or allow any minor to be or remain in or about the same to play thereat, under penalty of the same fine and forfeiture as set forth in section 2 of this chapter." | |
| 95 | 1887 | Kansas – City of Manhattan | Sam Kimble Revised Ordinances of the City of Manhattan and Rules of the Council Page 49-50, Image 51-52 (1887) available at The Making of Modern Law: Primary Sources. 1887.<br><br>Ordinances of Manhattan, KS; Offenses Against the Public Peace, Health and Safety, Toy Pistols, §13. | "§ 13. Any person who shall give, trade, loan or otherwise furnish any pistol, revolver, or toy pistol by which cartridges or caps may be exploded, or any dirk, bowie-knife sling shot or toy known as 'rubber sling shot' or other dangerous weapon, to any minor or to any person of notoriously unsound mind, shall be deemed guilty of a misdemeanor, and shall upon conviction before the Police Judge be fined not less than five nor more than one hundred dollars."<br><br>"§ 14. Having Possession of the Same. Any minor who shall have in his possession any pistol, revolver, or toy pistol by which cartridges may be exploded or any dirk, bowie knife, brass knuckles, | This law (1887) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |

154

| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the law does not restrict the sale, purchase, acquisition, possession, or carrying of long guns. Regulations restricted legal minors, not adults who have reached the age of majority. This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | slung shot or toy known as 'rubber sling shot' or other dangerous weapons shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than one nor more than ten dollars." | |
| 96 | 1887 | Missouri – City of St. Louis | Chester H. Krum, Reviser, The Revised Ordinance City of St. Louis. No. 17188. Approved April 7, 1893 Page 885, Image 894 (1895) available at The Making of Modern Law: Primary Sources. 1887. Ordinances of the City of St. Louis. Minors – Conditions of Sale to, of Ammunition. | Sec. 1054. "No person shall sell to any child under the age of sixteen years, without the written consent of the parents or guardian of such child, any cartridge of fixed ammunition of which any fulminate is a component part, or any gun, pistol or other mechanical contrivance arranged for the explosion of such cartridge, or of any fulminate." | This law (1887) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the restricts "child[ren] under the age |

| 97 | 1892 | Maine – City of Portland | Seth L. Haarrabee, The Charter and Ordinances of the City of Portland, Me., page 136, Image 150 (1892) available at The Making of Modern | "Section 1. No person shall sell to any <mark>child under the age of sixteen years</mark>, without the written consent of a parent or guardian of such child, any blank cartridge, or any pistol, or mechanical contrivance specially arranged or designed for the explosion of the same." | This law (1887) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" to the challenged laws, |

Above this row (continuation cell in rightmost column):

of sixteen years." Also permits all firearms sales with parental consent.

Regulations did not restrict minors over 16 years or legal adults.

This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment.

| | | | | | | *Bruen*, 597 U.S. at 29-30, because the restricts "child[ren] under the age of sixteen years." Also permits all firearms sales with parental consent. |
| | | | | | | Regulations did not restrict minors over 16 years or legal adults. |
| | | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | | |
|---|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | | **Plaintiffs' Response** |
| | | | Law: Primary Sources. 1892. Nuisances. Sale of blank cartridges and pistols prohibited. § 4. | "Sec. 2. Any person violating the provisions of this ordinance shall be liable to a penalty of not less than fifty and not exceeding one hundred dollars, to be recovered on complaint to the use of the City of Portland." | | |
| 98 | 1893 | Louisiana – City of New Orleans | John Q. Flynn Flynn's Digest of the City Ordinances, Together with the Constitutional Provisions, Acts of the General Assembly, and Decisions of the Courts Relative to the Government of the City of New Orleans Page 545, Image 617 (1896) available at The Making of Modern Law: Primary Sources. 1893. Ordinances of the City of New Orleans. Offences, Misdemeanors and | "Art. 1342. It shall be unlawful for any one to sell, or lease, or give through himself or any other person, any pistol, dirk, bowieknife, toy pistol for which cartridges are used, or any other dangerous weapon which may be carried concealed, to any person under the age of eighteen years." "Art. 1343. That any person violating the provisions of this ordinance shall be deemed guilty of a misdemeanor and shall be liable to a fine not exceeding twenty-five dollars or imprisonment for a period not exceeding thirty days, or both, at the discretion of the Recorder having jurisdiction." | | This law (1893) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, |

| | | | | | because the restricts "persons under the age of eighteen years." Also does not effect long guns of any kind. |
| | | | | | Regulations did not restrict minors 18 years and over or legal adults. |
| | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| **A. FIREARMS AGE RESTRICTIONS** | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Nuisances. §§ 1342-1343. | | |
| 99 | 1895 | Nebraska – City of Lincoln | 1895 Neb. Laws 237-38, Laws of Nebraska Relating to the City of Lincoln, An Ordinance Regulating and Prohibiting the Use of Fire-arms, Fire-works and Cannon in the City of Lincoln . . . Prescribing Penalties for Violation of the Provisions of This Ordinance, and Repealing Ordinances in Conflict Herewith, Art. XXVI, §§ 2, 5. | "§ 2. No person shall sell, loan, or furnish, to any minor, any gun, fowling-piece, or other fire-arm, within the limits of the city, under penalty of a fine of fifty dollars for each offense." <br><br> "§ 5. It shall be unlawful for any parent, guardian, or other person having the care and custody of any minor, to purchase for or give to any such minor or knowingly to permit any such minor to have any toy pistol, toy gun, or other toy arm or arms, or sling shot, out of which any leaden or other dangerous missiles may be discharged. Any such person so offending shall, upon conviction thereof, be fined in any amount not exceeding twenty dollars, and stand committed until such fine and costs are paid and secured." | This law (1895) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. <br><br> Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the regulations restrict minors, not legal adults. |

161

| | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |
|---|---|---|---|---|---|
| **100** | 1896 | California – City of Fresno | L. W. Moultrie, City Attorney, Charter and Ordinances of the City of Fresno, 1896 Page 37, Image 35 (1896) | "Section 53. No junk-shop keeper or pawnbroker shall hire, loan or deliver to ==any minor under the age of eighteen years== any gun, pistol or other firearm, dirk, bowie-knife, powder, shot, bullets or any weapon, or any combustible or dangerous | This law (1896) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" |

<table>
<tr><td></td><td></td><td></td><td></td><td></td><td>to the challenged laws, <i>Bruen</i>, 597 U.S. at 29-30, because the restricts "any minor under the age of eighteen years" Also permits all firearms sales with parental consent.

This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." <i>Bruen</i>, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment.</td></tr>
</table>

| | | | | A. FIREARMS AGE RESTRICTIONS | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | | Plaintiffs' Response |
| | | | available at The Making of Modern Law: Primary Sources. 1896. Misdemeanors. Section 53. Fresno, Ca., § 52 (1896). | material, without the written consent of the parent or guardian of such minor." | | |
| 101 | 1904 | Maryland – Garrett County | 1904 Md. Laws 295, An Act to Prohibit all Persons Under Fifteen Years of Age from Carrying or Having in Their Possession Firearms of any Description Within the Limits of Garrett County, ch. 177, §§ 1-2. | "Section 1. Be it enacted by the General Assembly of Maryland, That it shall be unlawful for all persons under the age of fifteen years to carry or have in his or her possession any shot gun, rifle, revolver or other firearm of any description within the limits of Garrett County." "Sec. 2. And be it enacted, That any person convicted of violating this Act before any court of competent jurisdiction shall be fined not less than five dollars nor more than twenty dollars, or be imprisoned in the county jail for not less than ten nor more than thirty days for each and every offense." | | This law comes from a state which did not have a Second Amendment analog in its state constitution at the time the law was passed. See Eugene Volokh, *State Constitutional Rights to Keep and Bear Arms*, 11 TEX. REV. OF L. AND POLITICS 191, 193-204 (2006). Law comes too late to provide any insight into the meaning of the |

| | | | | | Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.

Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because the restricts persons "under the age of fifteen years." Does not effect sale, purchase, or acquisition, possession, or carrying of firearms by minor fifteen years and over or legal adults.

This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, |

| 102 | 1908 | Maryland – Catonsville, Baltimore | 1908 Md. Laws 397, § 31. | "31. It shall be unlawful for any person under the age of twenty-one years to fire a gun, cat rifle, pistol, or any explosive instrument of metal, within | cannot shed much, if any, light on the scope of the Second Amendment. |
|---|---|---|---|---|---|
|  |  |  |  |  | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |
|  |  |  |  |  | Not "relevantly similar" |

| | | | | | to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it restricts the act of firing weapons in the county. It does not restrict the sale, purchase, acquisition, possession, or carrying of any firearm by minors or legal adults.<br><br>This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | County | | one mile in any direction of the Library Hall in Catonsville, Baltimore county; and any person under said age of twenty-one years, violating this section, shall upon conviction before the Circuit Court, or any justice of the peace for said county, be fined a sum not less than one dollar nor more than ten dollars, or be imprisoned in the county jail for not less than five days nor more than thirty days, or be both fined and imprisoned, in the discretion of the court or the justice of the peace." | |
| **103** | 1911 | Illinois – Cook County | Cook County Ordinance, Chicago Code of 1911: Art. II, § 2814. | "2814. Weapons not to be sold to minors.] No person shall sell, give, loan, hire, barter, furnish, or offer to sell, give, loan, hire, barter or furnish, to any minor, within the city, any gun, pistol, revolver, fowling-piece, or other firearm, or any toy gun, toy pistol, toy fowling-piece, or other toy firearm, in which any explosive substance can be used, or any bowie knife, dirk, dagger, or other deadly weapon of a like character, under a penalty of not less than ten or more than one hundred dollars for each offense." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second |

168

| | | | | | Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |
|---|---|---|---|---|---|
| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it restricts minors, not legal adults. |
| | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |
| **104** | 1914 | Illinois – City of Chicago | Samuel A. Ettelson, Opinions of the | "§ 4a. It shall be unlawful for any person, firm or corporation to sell, barter or give away to any | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second |

| | | | | | Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |
| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it restricts minors, not legal adults. |
| | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| **A. FIREARMS AGE RESTRICTIONS** | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | Corporation Counsel and Assistants from May 1, 1915, to June 30, 1916 Page 458-459, Image 458-459 (Vol. 7, 1916) available at The Making of Modern Law: Primary Sources. 1914. Ordinance of May 25, 1914, § 4a. | person within the City of Chicago, any pistol, revolver, derringer, bowie knife, dirk or other weapon of like character which can be concealed on the person, except to licensed dealers and to persons who have secured a permit for the purchase of such articles from the general superintendent of police as hereinafter required; provided, this section shall not apply to sales made of such articles which are delivered or furnished outside the City of Chicago.: "§ 5. It shall be unlawful for any person to purchase any pistol, revolver, derringer, bowie knife, dirk or other weapon of like character, which can be concealed on the person, without first securing from the General Superintendent of Police a permit so to do. Before any such permit is granted, an application in writing shall be made therefor, setting forth in such application the name, address, age, height, weight, complexion, nationality and other elements of identification, of the person desiring such permit, and the applicant shall present such evidence of good character as the General Superintendent of Police in his discretion may require." | |

171

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| A. FIREARMS AGE RESTRICTIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | "§ 6. It shall be the duty of the General Superintendent of Police to refuse such permit to (a) All persons having been convicted of any crime. (b) all minors. 'Otherwise, in case he shall be satisfied that the applicant is a person of good moral character, it shall be the duty of the General Superintendent of Police to grant such permit, upon the payment of a fee of one dollar.'" | |
| **105** | 1917 | Illinois – City of Chicago | Samuel Irwin, Reports of Cases At Law And In Chancery 566 (vol. #278, Chicago, Ill, 1917). | "Sec. 6. It shall be the duty of the general superintendent of police to refuse such permit to (a) all persons having been convicted of any crime; (b) all minors. Otherwise, in case he shall be satisfied that the applicant is a person of good moral character, it shall be the duty of the general superintendent of police to grant such permit upon the payment of a fee of one dollar." | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier |

172

| | | | | | evidence." *Bruen*, 597 U.S. at 66 n.28. |
|---|---|---|---|---|---|
| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it restricts minors, not legal adults. |
| | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment |
| **106** | 1917 | Missouri – City of Joplin | Joplin Code of 1917, Art. 67, § 1201. Weapons; Deadly. 1917. | Sec. 1201. "If any person shall carry concealed upon or about his person a dangerous or deadly weapon of any kind or description, or shall go into any church or place where people have assembled for religious worship, or into any school room or place where people are assembled for educational, political, literary or social purposes, or to any | Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier |

| | | | | | evidence." *Bruen*, 597 U.S. at 66 n.28. |
| | | | | | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because it restricts minors, not legal adults. Also permits sale, purchase, acquisition, possession of firearms with parental consent. |
| | | | | | This is a local regulation which did not even apply statewide. It would have been "irrelevant to more than 99% of the American population." *Bruen*, 597 U.S. at 66-69. It therefore, cannot shed much, if any, light on the scope of the Second Amendment. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | A. FIREARMS AGE RESTRICTIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | election precinct on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose other than for militia drill, or meetings called under militia law of this state, having upon or about his person, concealed or exposed, any kind of firearms, bowie knife, spring-back knife, razor, knuckles, bill, sword cane, dirk, dagger, slung shot, or other similar deadly weapons, or shall, in the presence of one or more persons, exhibit any such weapon in a rude, angry or threatening manner, or shall have any such weapons in his possession when intoxicated, or directly or indirectly shall sell or deliver, loan or barter, to any minor any such weapon, without the consent of the parent or guardian of such minor, he shall be deemed guilty of a misdemeanor. Provided, that nothing contained in this section shall apply to legally qualified sheriffs, police officers, and other persons whose bona fide duty is to execute process, civil or criminal, make arrests, or aid in conserving the public peace, nor to persons traveling in a continuous journey peaceably through this state." | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS** | | | | | |
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **107** | 1655 | Massachusetts - Harvard | A Copy of the Laws of Harvard College, 1655, at 10. | ""noe students shall be suffered to have a gun in his or theire champers or studies, or keeping for theire use any where else in the town." | See Plaintiffs Motion for Summary Judgment (ECF No. 136-1, at 20-22 for detailed response. Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because At this time, neither the municipalities in Massachusetts, nor the State of Massachusetts imposed any restriction on the sale, purchase, acquisition or carrying of firearms of any kind based on age. As such, the laws of the time explicitly contradict this college policy. College policy did not apply to approximately 99% of the population at this time. College policy applied to |

| | | | | | "students." Such policy was not based on age. |
|---|---|---|---|---|---|
| **108** | Revolution Era | Massachusetts - Harvard | 31 Publications of The Colonial Society of Massachusetts: Collections 338, 358 (1935). | "XVI. No Undergraduate shall keep a Gun, Pistol or any Gunpowder in the College, without Leave of the President—nor shall he go a gunning, fishing, or seating over deep Waters, without Leave from the President, or one of the Tutors or Professors, under the Penalty of one shilling for either of the Offences aforesaid—and if any Scholar shall fire a Gun, or Pistol, within the College Walls, Yard or near the College, he shall be fined not exceeding two shillings & six pence, or be admonished, degraded, or rusticated according to the Aggravation of the Offence" | See response to Exhibit no. 107 above. |
| **109** | 1793 | Rhode Island – Rhode Island College | Laws of Rhode Island College (1793) at 13. | "3. No student shall keep any kind of fire-arms or gunpowder in his room, nor fire gun-powder in or near the College, in any manner whatever." | See response to Exhibit no. 107 above. |
| **110** | 1795 | Connecticut - | The Laws of Yale- | "XIV.  No Scholar is allowed to keep any | See response to Exhibit no. 107 above. |

177

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | **B. College and University Firearms Regulations** | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | Yale College | College, in New-Haven, in Connecticut, Enacted by the President and Fellows, the Sixth Day of October, A.D. 1795 p. 26 (1800). | kind of fire-arms, or gun-powder, upon penalty of seventeen cents: and if any Scholar shall fire any gun-powder in or near the College-yard, he shall be fiend fifty cents: and if it be done near the dwelling-house or the person of the President, a Professor or a Tutor, he shall be punished as for contempt." | |
| **111** | 1799 | North Carolina - University of North Carolina | University of North Carolina, Public Colleges and Universities, 1799, https://docsouth.unc.edu /unc/uncbk1018/uncbk1 018.html. | "8. No student shall keep a dog or fire-arms; nor shall he use fire-arms without permission from some one of the Faculty." | See response to Exhibit no. 107 above. |
| **112** | 1802 | New York – Union College | Wayne Somers, Encyclopedia of Union College History (Schenectady, NY: Union College Press, 2003), p. 533. | "Keeping guns or gunpowder has likewise been forbidden since 1802; other 'deadly weapons' have been proscribed since 1832." | See response to Exhibit no. 107 above. |
| **113** | 1803 | Rhode Island – Brown | Walter C. Bronson, The History of Brown University, 1714-1914 | "No student shall keep any kind of fire-arms or gunpowder in his room, nor fire gunpowder in or near the College, in any manner | See response to Exhibit no. 107 above. |

178

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | | Plaintiffs' Response |
| | | University | (Boston: D.B. Updike, The Merrymount Press, 1914), Student Laws of 1803. | whatever." | | |
| 114 | 1803 | Vermont – Middlebury College | The Laws of Middlebury-College, 1803 (Middlebury, VT: Huntington & Fitch, 1804), p. 16. https://www.jstor.org/stable/community.28479483?seq=16. | "10.  No Scholar is allowed to keep any kind of firearms or gunpowder in College, nor to fire a gun or pistol within the College-walls on penalty of twelve-cents for every such offense." | | See response to Exhibit no. 107 above. |
| 115 | 1805 | Virginia – Hampden-Sidney College | John L. Brinkley, On this Hill: A Narrative History of Hampden-Sidney College, 1774-1994 (Hampden-Sidney, VA: Hampden-Sidney, 1994), p. 115. | "The equally ineffectual outlawing of dogs and guns, both being the cause of 'great inconvenience,' would be repeated and expanded: in 1805 the reaffirmed rule on guns was supplemented with a prohibition on dueling or promoting a duel." | | See response to Exhibit no. 107 above. |
| 116 | 1807 | South Carolina – University of South | Edwin L. Green, *A History of the University of South Carolina* (Columbia, S.C: The | "No student may keep in his room any kind of firearms or gun powder; nor fire any in or near the College, in any manner whatever; and any student who shall violate this law, | | See response to Exhibit no. 107 above. |

179

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | Carolina | State Company, 1916), p. 220. | shall be liable to admonition, suspension or expulsion." | |
| 117 | 1810 | Georgia – University of Georgia | *The Minutes of the Senate Academicus* 1799–1842, University of Georgia Libraries (1976). https://dlg.usg.edu/recor d/guan_ua0148_ua0148 -002-004-001#text. | "no student shall be allowed to keep any gun, pistol, Dagger, Dirk[,] sword cane or any other offensive weapon in College or elsewhere, neither shall they or either of them be allowed to be possessed of the same out of the college in any case whatsoever." | See response to Exhibit no. 107 above. |
| 118 | 1813 | New York – Hamilton College | Documentary History of Hamilton College (Clinton, NY: Hamilton College, 1922), The Laws of Hamilton College, 1813, Chapter VIII, Of Crimes and Misdemeanors. XII. | "XII. If any student shall keep any kind of firearms or gun-powder, or shall fire any gun-powder in or near the college-yard, or near the dwellinghouse or the person of the president, a professor or a tutor, he shall be admonished, rusticated, or otherwise punished as the case may require." | See response to Exhibit no. 107 above. |
| 119 | 1814 | Ohio – Ohio University | Thomas N. Hoover, The History of Ohio University (Athens, OH: Ohio University Press, 1954), 57. | It will be deemed a transgression, "[t]o keep fire-arms, gun-powder, or any preparation thereof in the College, or to discharge any fire-arms in or near it." | See response to Exhibit no. 107 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | https://ohiomemory.org/digital/collection/p2674 01coll36/id/16772. | | |
| 120 | 1817 | Maine – Bowdoin College | Laws of Bowdoin College, 1817. Ernst Christian Helmreich, Religion at Bowdoin College: A History (Brunswick, ME: Bowdoin College, 1981), 39, https://digitalcommons.bowdoin.edu/cgi/viewcontent.cgi?article=1005&context=bowdoin-histories. | Describing college prohibitions against keeping "a gun or pistol in [a student's] room without permission of the president" and going "gunning or fishing without permission of some member of the faculty." Students also could "not fire a gun or pistol within or near a college building." | See response to Exhibit no. 107 above. |
| 121 | 1819 | New Jersey – College of New Jersey | 1819, Laws of the College of New Jersey, ch. 17, § 9; ch. 19, § 10. | "9. Any student convicted of sending or receiving a challenge to fight a duel, or who shall carry such challenge, or be a second in a duel, or in any wise aid or abet it, shall immediately be dismissed by the faculty, and as soon as practicable expelled by the trustees." | See response to Exhibit no. 107 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | "10. No student shall keep for his use or pleasure any horse or riding beast; nor shall any student keep a dog, or gun, or fire-arms and ammunition of any kind, nor any sword, dirk, sword-cane, or any deadly weapon whatever." | |
| **122** | 1824 | District of Columbia – Columbian College | 1824, Laws of the Columbian College, District of Columbia, ch. 5, § 2, no. 10. | "10th. No Student shall keep a servant, nor shall he keep fire arms, or any deadly weapon whatever.  He shall bring no gun-powder upon the College premises; nor shall horses or dogs be kept by students for their private use or pleasure." | See response to Exhibit no. 107 above. |
| **123** | 1824 | Massachusetts – Harvard College | 1824, Laws of Harvard College, ch. 6, § 1, no. 2. | Making punishable "keeping a gun or pistol, or gunpowder, or firing a gun or pistol." | See response to Exhibit no. 107 above. |
| **124** | 1824 | Virginia – University of Virginia | University of Virginia Board of Visitors Minutes (October 4–5, 1824) 1, 6–7 (1824), https://encyclopediavirginia.org/entries/university-of-virginia-board-of-visitors-minutes- | "No Student shall, within the precincts of the University, introduce, keep or use any spirituous or vinous liquors, keep or use weapons or arms of any kind, or gunpowder, keep a servant, horse or dog, appear in school with a stick, or any weapon, nor, while in school." | See response to Exhibit no. 107 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | B. College and University Firearms Regulations | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | october-4-5-1824/. | | |
| **125** | 1825 | Massachusetts – University of Cambridge | 1825, Statutes and Laws of the University in Cambridge, ch. 7, § 76, no. 3. CHAP. VII. | Making a high offense the "[k]eeping any gun, pistol, or gun-powder, or firing or using the same in the town of Cambridge." | See response to Exhibit no. 107 above. |
| **126** | 1826 | Connecticut – Trinity College | Laws of Washington College [renamed Trinity College in 1845], Ch. IV, p. 10. https://digitalrepository.trincoll.edu/cgi/viewcontent.cgi?article=1020&context=laws_and_standing_rules. | "Sec. 3. The following are deemed high offences: . . . Keeping any gun, pistol, gunpowder, or firing or using the same in the City of Hartford; or having in possession any dirk, sword-cane, or other offensive weapon, unless in case of military exercises being allowed by the Faculty." | See response to Exhibit no. 107 above. |
| **127** | 1826 | South Carolina – Furman University | W.J. McGlothlin, Baptist Beginnings in Education: A History of Furman University (Nashville, TN: Sunday School Board of the Southern Baptist Convention, 1926), p. | ". . . they were forbidden to use or possess intoxicating liquor or frequent bar rooms, to accept a challenge or in any way aid, abet, or promote a duel, to carry or have in their rooms firearms . . ." | See response to Exhibit no. 107 above. |

183

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS** | | | | | |
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | 115. | | |
| **128** | 1828 | Delaware – University of Delaware | Academy minutes, April 17, 1828; American Watchman, August 1, 1828. https://sites.udel.edu/uarm/the-university-of-delaware-chapter-2/ | "Students were not permitted to keep a horse or a dog or to have a gun or ammunition . . . or a sword, dirk, sword cane, or any deadly weapon." | See response to Exhibit no. 107 above. |
| **129** | 1828 | Illinois – McKendree College | Centennial, McKendree College With St. Clair County History, 1828-1928 (Lebanon, IL: McKendree College, 1928), p. 238. https://archive.org/details/centennialmckend00mcke/page/238/mode/2up?q=gambling. | "The Faculty are determined that the college shall not be infested, and the whole community embarrassed and perhaps corrupted by idle and dissolute members. There is an interesting list of requirements: . . . 'using profane or obscene language; visiting circuses or shows; keeping pistols, dirk knives or any unlawful weapons...... '" | See response to Exhibit no. 107 above. |
| **130** | 1830 | Louisiana – Centenary College | William Hamilton Nelson, A Burning Torch and a Flaming Fire: The Story of | "Soon after a student tried to stab a professor the trustees, the date was March 12, 1830, passed another Article for the By-Laws which would take care of the situation in the future. | See response to Exhibit no. 107 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | B. College and University Firearms Regulations | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Centenary College of Louisiana (Nashville, TN: Methodist Publishing House, 1931), p. 81. https://archive.org/details/burningtorchandf00nels/page/n7/mode/2up?q=gun | They also passed a rule that no student could keep a riding animal, or dog, or gun, or other firearms." | |
| 131 | 1830 | Pennsylvania – Dickinson College | The statutes of Dickinson College, as revised and adopted by the Board of Trustees, April 16, 1830, 22-23, Chapter VI. | "12.—If any student shall keep for his use or pleasure any riding beast, dog, gun, fire arms or ammunition, sword-dirk, sword-cane, or any deadly weapon whatever . . . he shall be publicly admonished, suspended or dismissed." | See response to Exhibit no. 107 above. |
| 132 | 1830 | Virginia – College of William and Mary | Laws and Regulations of the College of William and Mary, Volume 276 (1830), Regulations of the Society, 29. | "29. Students are strictly forbidden to keep, or to have about their person, any dirk, sword or pistol. Firing squibs or crackers in and about College or elsewhere is also strictly forbidden." | See response to Exhibit no. 107 above. |
| 133 | 1831 | Mississippi – Oakland | Constitution & Laws of the Institution of | " . . . wearing or carrying a dirk or other deadly weapon . . . are offences; and shall be | See response to Exhibit no. 107 above. |

| B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | College | Learning Under the Care of the Mississippi Presbytery, Oakland College (Miss.), at 10 (1831), Chapter XI. | punished as hereinafter directed." | |
| **134** | 1832 | Maine – Waterville College | Waterville College, Laws of Waterville College, Maine (Hallowell, ME: Glazier, Masters, & Co., 1832), 11. | "6. No student shall keep firearms, or any deadly weapon whatever. He shall bring no gunpowder upon the College premises; . . ." | See response to Exhibit no. 107 above. |
| **135** | 1834 | North Carolina – Wake Forest University | George Washington Paschal, History of Wake Forest College (Wake Forest, NC: Wake Forest College, 1935), p. 136. https://wakespace.lib.wfu.edu/bitstream/handle/10339/33244/wf_history_v1.pdf | Students were "not to keep any dirk, sword-case, fire arms or any other weapon of defense." | See response to Exhibit no. 107 above. |
| **136** | 1834 | Pennsylvania – Allegheny | Ernest Ashton Smith, Allegheny—A Century | Art. III, "Sect. 12. No student shall bring or cause to be brought gunpowder, firearms, or | See response to Exhibit no. 107 above. |

Case 3:19-cv-01226-L-AHG   Document 139-1  Filed 03/15/24   PageID.3678   Page 94 of 243
540

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |

| B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | College | of Education, 1815-1915 (Meadville, PA: The Allegheny College History Company, 1916), p. 401. Adopted 1834 (printed in the Annual Catalog starting in 1840). | any deadly weapon within the college premises; nor shall any one engage in any species of hunting during the college term without permission from the Faculty." | |
| 137 | 1837 | Alabama – La Grange College | "Circular Letter of the Faculty of La Grange College" (Tuscumbia), North Alabamian, May 5, 1837; https://www.newspapers.com/image/308403735/?terms=%22the%20faculty%22&match=1. | "No student shall bring or cause to be brought into College, or on any occasion, keep in his room, any spirituous or fermented liquors, nor any fire-arms, or ammunition of any kind; nor a sword, dirk, sword-cane, or any deadly weapon whatever; upon penalty of such censure or punishment as the Faculty may judge the offence to deserve." | See response to Exhibit no. 107 above. |
| 138 | 1837 | Pennsylvania – Lafayette College | David B. Skillman, The Biography of a College: Being the History of the First Century of the Life of Lafayette College (Easton, PA: Lafayette | "Section 14. No student shall wear about his person any pistol, dirk, stiletto, or other dangerous weapon." | See response to Exhibit no. 107 above. |

187

| B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | College, 1932), p. 130. | | |
| 139 | 1837 | Tennessee – University of Nashville | Law of the University of Nashville for the moral conduct of the students, in American Annals of Education and Instruction for the Year 1837, at 185 (1837). | "No student shall bring, or cause to be brought into College, or, on any occasion, keep in his room, any spirituous or fermented liquors; nor any fire-arms or ammunition of any kind; nor a sword, dirk, sword-cane or any deadly weapon whatever, upon penalty of such censure or punishment as the Faculty may judge the offence to deserve." | |
| 140 | 1838 | North Carolina – University of North Carolina | Acts of the General Assembly and Ordinances of the Trustees, for the Organization and Government of the University of North-Carolina 15 Chapter V, 13 (1838). | "13. No Student shall keep a dog, or fire arms, or gunpowder. He shall not carry, keep, or own at the College, a sword, dirk, sword-cane, or any deadly weapon; nor shall he use fire arms without permission from the President." | See response to Exhibit no. 107 above. |
| 141 | 1839 | Vermont – Middlebury College | 1839 Laws of Middlebury College, ch. 7, §§ 1, 11. Chapter VII of Crimes and | "1. If any student shall be guilty of . . . duelling, or any other crime for which an infamous punishment may be inflicted by the laws of the State, he shall be expelled." | See response to Exhibit no. 107 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Misdemeanors. | "11. No student is allowed to keep any kind of fire-arms or gunpowder in his room or in any part of the College buildings, nor to fire a gun or pistol within or near said buildings." | |
| 142 | 1840 | Missouri – Kemper College | The Laws of Kemper College, Near St. Louis, Missouri 9 (1840), Chapter VIII. Miscellaneous, 6. | "6. No Student shall keep arms of any sort, or keep or fire powder on the College premises." | See response to Exhibit no. 107 above. |
| 143 | 1843 | Ohio – Miami University | The Laws of Miami University, for The Government of the Faculty and Students (Rossville, OH: J.M. Christy, 1843), p. 15.<br><br>https://digital.lib.miami oh.edu/digital/collection /univdocs/id/3116/rec/3 | "12. No student shall bring into any of the buildings or on the College premises any cannon, musket, pistol, or other species of fire-arms, or powder in any mode of preparation, without the consent of Faculty." | See response to Exhibit no. 107 above. |
| 144 | 1845-46 | North Carolina – Davidson College | Cornelia Rebekah Shaw, Davidson College (NY: Fleming H. Revell Press, 1923), app'x IX, | "4. No student shall . . . keep a dirk, pistol, or any deadly weapon . . . under severe penalties." | See response to Exhibit no. 107 above. |

189

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **B. College and University Firearms Regulations** | | |
|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Old Rules, from the second catalog issued, that for 1845-46........4. | | |
| **145** | 1847 | Ohio – Denison University | Francis W. Shepherdson, Denison University: 1831-1931 (Granville, OH: Denison University, 1931), p. 55; https://babel.hathitrust.org/cgi/pt?id=mdp.39015058689640&seq=69&q1=fire | "6—No student shall . . . keep in his room fire-arms or other deadly weapons . . ." | See response to Exhibit no. 107 above. |
| **146** | 1848 | Iowa – University of Iowa | Merle Curti and Vernon Carstensen, The University of Wisconsin: A History, 1848-1925 (Madison, WI: University of Wisconsin Press, 1949), 196. | ". . . University of Iowa . . . prohibit[ed] students from carrying pistols and knives." | See response to Exhibit no. 107 above. |
| **147** | 1849 | New Hampshire – Dartmouth | Laws of Dartmouth College (Hanover, NH: Dartmouth Press, 1849), | "IV. No student shall . . . keep fire-arms or gun-powder in his room without permission, or fire gun-powder in or near the College | See response to Exhibit no. 107 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | College | p. 11; https://babel.hathitrust.org/cgi/pt?id=umn.31951002082852o&seq=7&q1=fire. | premises . . ." | |
| 148 | 1850 | Illinois – Illinois College | Laws of Illinois College, 1850, in Transactions of the Illinois State Historical Society for the Year 1906, at 252, 254, 1850, Chapter XII. | "Sec. 4. No gunpowder or other explosive materials, nor any firearms, shall be kept or used on the College premises, or brought upon them." "Sec. 5. No student shall carry deadly weapons upon his person, on penalty of admonition, dismission or expulsion, according to the aggravation of the offence." | See response to Exhibit no. 107 above. |
| 149 | 1850 | Wisconsin – Beloit College | 1850 Laws of Beloit College, ch. 4, § 2. | "[N]o student shall be allowed . . . to use or keep upon the College premises, fire-arms, or gunpowder . . ." | See response to Exhibit no. 107 above. |
| 150 | 1852 | Massachusetts – Tufts University | Russell E. Miller, Light on the Hill: A History of Tufts College 1852-1952 (Boston, MA: Beacon Press, 1966), p. 397. | "The first incident requiring faculty disciplinary action occurred shortly after the College opened, when a freshman allegedly attempted 'to use a pistol upon a room-mate.'" | See response to Exhibit no. 107 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | http://hdl.handle.net/104 27/14802 | | |
| 151 | 1852 | Missouri – Westminster College | M.M. Fisher, History of Westminster College, 1851-1903 (Columbia, MO: E.W. Stephens, 1903), p. 85; https://tile.loc.gov/stora ge-services/public/gdcmass bookdig/historyofwestm in00fish/historyofwestm in00fish.pdf | "q. No student is allowed to have or carry weapons, sword canes, pistols, and other than pen knives; and the sending or accepting of a challenge subjects to the highest penalty." | See response to Exhibit no. 107 above. |
| 152 | 1852 | Pennsylvania – Gettysburg College | Charles H. Glatfelter, A Salutary Influence: Gettysburg College, 1832-1985, 2 vols. (Gettysburg, PA: Gettysburg College, 1987), I, p. 153. https://gettysburg.conten tdm.oclc.org/digital/coll ection/GBNP01/id/6451 | "Any student was courting trouble by . . . keeping a pistol in his room (1852) . . ." | See response to Exhibit no. 107 above. |

| | | | | **B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS** | | |
|---|---|---|---|---|

| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | 3/rec/1 | | |
| **153** | 1853 | New Jersey – College of New Jersey | 1853 Laws of New Jersey, Ch. CXXVIII, 326. | "1. Be it enacted by the Senate and General Assembly of the State of New Jersey, That the opening or keeping of any room or place . . . for pistol shooting, either for money or without money, within three miles of the main building of the College of New Jersey, shall be and hereby are declared to be offences against this state." | See response to Exhibit no. 107 above. |
| **154** | 1853 | Pennsylvania – Franklin and Marshall College | Joseph Henry Dubbs, History of Franklin and Marshall College (Lancaster, PA: Franklin and Marshall College, 1903), p. 229. | "No student shall keep for his use or pleasure any horse, dog, gun, or fire-arms and ammunition of any description, or any dirk, sword, or any other deadly weapon." | See response to Exhibit no. 107 above. |
| **155** | 1854 | New Jersey – Rutgers College | 1854 Laws of New Jersey, Ch. XLIX, 109. | "1. Be it enacted by the Senate and General Assembly of the State of New Jersey, That the opening or keeping of any room or place . . . for pistol-shooting, either for money or without money, within three miles of the main building of 'Rutgers College,' in New Jersey, shall be and hereby are declared to be | See response to Exhibit no. 107 above. |

193

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | B. College and University Firearms Regulations | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | offences against this state." | |
| **156** | 1855 | Massachusetts – Amherst College | 1855, The Laws and Regulations of Amherst College, ch. 9, § 7. CHAPTER IX. | "VII. In no case shall a student bring into the College premises, any cannon, musket, pistol, or other species of fire-arms, or any gunpowder in any mode of preparation; and in no case, in term time, shall any student be concerned in the discharge of any fire-arms or fire-works in the town of Amherst." | See response to Exhibit no. 107 above. |
| **157** | 1859 | Ohio – Oberlin College | Oberlin College, Laws and Regulations of Oberlin College, 11th ed. (Oberlin, OH: Shankland and Harmon, 1859), 11. | "22. No student when in Town, shall use fire-arms, or burn gun-powder in any way, without permission from a member of the Faculty." | See response to Exhibit no. 107 above. |
| **158** | 1859 | Tennessee – La Grange Synodical College | 1859, Code of Laws for the Government of La Grange Synodical College, ch. 10, §§ 2-9. Chapter X. | "Sec. 3. Any student charged and proved guilty of carrying about his person, or keeping in his possession, fire-arms, or any deadly weapon, shall be suspended."<br><br>"Sec. 4. A student using, or threatening to use, a weapon in a quarrel, shall be expelled."<br><br>"Sec. 5. A student sending, or accepting, or bearing a challenge in a duel, shall be | See response to Exhibit no. 107 above.<br><br>Tennessee state law at the time restricting minors permitted long gun sale, purchase, acquisition, and possession. |

194

| | B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | expelled." | |
| | | | | "Sec. 7. No student shall be permitted to keep a pistol or gun, or other deadly weapon, at his room, under any circumstances." | |
| | | | | "Sec. 8. Students may not use a gun in hours of recreation, for hunting, without permission from the President." | |
| | | | | "Sec. 9. All guns owned by students (save those who reside with their parents) must be deposited with the President, and kept under his control." | |
| 159 | 1860 | Michigan – Albion Female College and Wesleyan Seminary | Eighteenth Annual Catalogue of the Officers and Students of the Albion Female College, and Wesleyan Seminary (Michigan) 32 (1860-1861), 1860. | Prohibiting "[g]unpowder, firearms, or deadly weapons of any kind on the premises." | See response to Exhibit no. 107 above. |
| 160 | 1861 | Kentucky – Centre College | Joseph Henry Dubbs, History of Franklin and Marshall College (Lancaster, PA: Franklin | "4. No student shall be guilty of insulting or striking a fellow student, nor of keeping in his possession any pistol, sword-cane, or other deadly weapon. And if he shall draw, or | See response to Exhibit no. 107 above. State law at the time restricting minors |

| | | | | | permitted long gun sale, purchase, acquisition, and possession. |
|---|---|---|---|---|---|
| | | | | | |

| B. College and University Firearms Regulations | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | and Marshall College, 1903), p. 229. https://sc.centre.edu/sc/digital/pdf/laws1861.pdf | attempt to use, such deadly weapon upon a fellow student, or wear it for this purpose, he shall be forthwith dismissed, and not restored without a vote of the Board of Trustees." | |
| 161 | 1865 | Iowa – Grinnell College (Founded as Iowa College) | John Scholte Nollen, Grinnell College (Cedar Rapids, IA: The State Historical Society of Iowa, 1953) [ca. 1865], p. 72. | "Of course dancing, cards, billiards, intoxicants, gambling, and tobacco were equally taboo at Grinnell, and these indulgences were linked with 'profanity, obscenity and lewdness' in the college rules, and with 'keeping of gunpowder, fire-arms and other dangerous weapons.'" | See response to Exhibit no. 107 above. |
| 162 | 1865 | Kentucky – University of Kentucky | James F. Hopkins, The University of Kentucky: Origins and Early Years (Lexington, KY: University of Kentucky Press, 1951), p. 176. | "156. Students are forbidden to have in their possession any description of firearms or other deadly weapons not issued to them by proper authority." | See response to Exhibit no. 107 above.

State law at the time restricting minors permitted long gun sale, purchase, acquisition, and possession. |

197

| 163 | 1870 | Alabama – Howard College | Mitchell B. Garrett, "Sixty Years of Howard College," 1842-1902, Howard College Bulletin, LXXXV (October 1927): 81. | Student dismissed from the college for "carrying firearms, drawing a pistol on one of the students, and using profane language." Dated Nov. 1, 1870. | See response to Exhibit no. 107 above.<br><br>State law at the time restricting minors permitted long gun sale, purchase, acquisition, and possession. It also only restricted minors under 18 years of age. |

198

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | https://archive.org/details/sixtyyearsofhowa00garr/page/n7/mode/2up | | |
| **164** | 1874 | Indiana – Purdue University | Robert W. Topping, A Century and Beyond: The History of Purdue University (West Lafayette, IN: Purdue University Press, 1988), p. 86. | "The carrying of firearms, especially to class, was banned. But, though it was discouraged, students then could spit on the floor without fear or faculty retribution." | See response to Exhibit no. 107 above. |
| **165** | 1874 | Tennessee – Vanderbilt University | Edwin Mims, History of Vanderbilt University (Nashville, TN: Vanderbilt University Press, 1946), p. 126. | 4. "No student, during his connection with the University shall carry about his person, anywhere, any pistol, dirk, bowie knife or other deadly weapons." | See response to Exhibit no. 107 above.<br><br>State law at the time restricting minors permitted long gun sale, purchase, acquisition, and possession. |

199

| 166 | 1877 | New Jersey | Mercer Beasley Revision of the Statutes of New Jersey: Published under the Authority of the Legislature; by Virtue of an Act Approved April 4 1871, page 236-237, | Prohibiting the "opening or keeping of any room or place . . . for pistol shooting, either for money or without money, within three miles of the main building of the College of New Jersey, or of 'Rutgers College,' or of Drew Seminary or University, in New Jersey, shall be and hereby are declared to be | See response to Exhibit no. 107 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS** | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | image 282-283 (Trenton, 1877) available at The Making of Modern Law: Primary Sources. 1871. | offenses against this state." | |
| **167** | 1878 | Massachusetts – Williams College | 1878 Laws of Williams College, ch. III Of Deportment and Discipline, 13. | "No student shall have or keep any gunpowder or fire-arms in his room, or in any building or other place on College grounds; nor shall he at any time use gunpowder or fire-arms within half a mile of the College grounds." | See response to Exhibit no. 107 above. |
| **168** | 1885 | Vermont – University of Vermont | 1885 Laws of the University of Vermont, ch. 4, § 4234; ch. 6, §§ 4, 9. Chapter IV. | "Sect. 4234. A person who between sunset and sunrise disturbs and breaks the public peace by firing guns, blowing horns, or by other unnecessary and offensive noise, shall be fined not more than fifty dollars." Sect. 4 "[T]he keeping of fire-arms or gunpowder except under direction of the Military Instructor" is prohibited. "Sect. 9. No student shall use gun powder or fire-arms in the buildings, or on the adjacent grounds of the University, except under | See response to Exhibit no. 107 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | B. COLLEGE AND UNIVERSITY FIREARMS REGULATIONS | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | direction of the Military Instructor." | |
| **169** | 1890-91 | Kentucky – Kentucky University | Kentucky University, Catalogue of Kentucky University, Lexington, Kentucky, 1890-1891, 23. | "7. That he shall neither keep nor use fire-arms, a dirk, a bowie-knife, or any other deadly weapon." | See response to Exhibit no. 107 above.<br><br>State law at the time restricting minors permitted long gun sale, purchase, acquisition, and possession. |
| **170** | 1918 | Texas – McKenzie College | Laws of McKenzie College," in Education in Texas: Source Materials, comp. Fredrick Eby, University of Texas Bulletin, Education Series No. 2 (April 25, 1918): 392-93. | Forbidding "[k]eeping gunpowder, firearms, or deadly weapons of any kind, about the person, or in the room." | See response to Exhibit no. 107 above.<br>State law at the time restricting minors permitted long gun sale, purchase, acquisition, and possession. |

/ /
/ /
/ /

/ /
/ /
/ /

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | C. Militia Laws | | |
|---|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** | |
| **171** | 1776 | New Hampshire | An Act For forming and regulating the Militia within the State of New Hampshire, in New-England, and for repealing all the Laws heretofore made for that Purpose, Acts & Laws of the Colony of N.H., 39 (1776). | "And be it further Enacted by the Authority aforesaid, That each and every Officer and private Soldier of said Militia, not under the control of Parents, Masters, or Guardians, and being of sufficient Ability therefore, in the Judgment of the Select-men of the Town wherein he has his usual place of Abode, shall equip himself and be constantly provided with a good Fire Arm ......." | Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. | |
| **172** | 1778 | New Jersey | 1778 N.J. Ch. 24. | "3. And be it Enacted by the Authority aforesaid, That the Colonel or Commanding Officer of each Regiment of Militia in this State shall, immediately after the Passing and Publication of this Act, issue Orders to the Captain or Commanding Officer of each Company in his Regiment, directing him to call a Meeting of the commissioned Officers of such Company, and with their Assistance to make out full, particular, and exact Lists or Returns of all Male Free Inhabitants of twenty-one Years old and upwards . . ." | Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | C. MILITIA LAWS | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **173** | 1780 | Pennsylvania | 1780 Penn. Ch. 902. | "That the said lieutenant or sub-lieutenants . . . shall issue her or their warrants to the captain or commanding officer . . . commanding him, in the name of the commonwealth, to deliver to him or them, . . . a true and exact list of the names and surnames of each and every male white person inhabiting or residing within his township, borough, ward or district, between the ages of eighteen and fifty-three ......." | Specifically includes 18-to-20-year-olds in the Militia.<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |
| **174** | 1785 | Delaware | An Act for establishing a Militia, § 7, 2 Military Obligation: The American Tradition 13 (1947). | "[E]very apprentice, or other person of the age of eighteen and under twenty-one years, who hath an estate of the value of eighty pounds, or whose parent shall pay six pounds annually towards the public taxes, shall by his parent or guardian respectively be provided with a musket or firelock ......." | Specifically includes 18-to-20-year-olds in the Militia<br><br>Provision provides arms to this age group.<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

| 175 | 1792 | Georgia | 1792 Ga. Ch. 468, reprinted in Robert Watkins, et al, eds., *Digest of the Laws of the State of Georgia* | "IX. And be it enacted, That the commanding officer of each company of militia shall enroll the names of all male inhabitants (slaves excepted) above the age of eighteen and under the age of forty-five years . . ." | Specifically includes 18-to-20-year-olds in the Militia<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| C. MILITIA LAWS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | (Philadelphia: R. Aitken, 1800), 458-467. | | |
| 176 | 1792 | New Hampshire | An Act for Forming and Regulating the Militia Within This State, and For Repealing All the Laws Heretofore Made for That Purpose N.H., 447 (1792). | "And be it further enacted, That such of the infantry as are under the care of parents, masters or guardians, shall be furnished by them with such arms and accoutrements." | Specifically includes 18-to-20-year-olds in the Militia<br><br>Requires that this age group be armed.<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |
| 177 | 1792 | United States | Uniform Militia Act of 1792, 1 U.S. Stat. 271. | "That each and every free able-bodied white male citizen of the respective states, resident therein, who is or shall be of the age of eighteen years, and under the age of forty five years . . . shall severally and respectively be enrolled in the militia . . ." | Specifically includes 18-to-20-year-olds in the Militia<br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

| 178 | 1793 | Massachusetts | An Act for regulating and governing the Militia of the Commonwealth of Massachusetts, Massachusetts Acts and Laws, May Session, ch. | "[A]ll parents, masters and guardians shall furnish those of the said Militia who shall be under their care and command, with the arms and equipment's aforementioned ......." | Necessarily includes 18-to-20-year-olds in the Militia.<br><br>Requires that this age group be armed.<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

| C. MILITIA LAWS | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | 1, § XIX (1793). | | |
| 179 | 1793 | Pennsylvania | Act of April 11, 1793, ch. 176, §§ 1–2, 1793 Pa. Laws 394, 394–95 (regulating the militia of Pennsylvania).<br><br>1793 Penn. Ch. 1619, "An Act for the regulation of the Militia of the Commonwealth of Pennsylvania," 455, § 2. | "I. Be it enacted. . . That each and every free, able-bodied, white, male citizen of this or any other of the United States, residing in this commonwealth, who is or shall be of the age of eighteen years and under the age of forty-five years, except as hereinafter excepted, shall severally and respectively be enrolled in the militia. . . .<br>II. And be it further enacted. . . [that certain categories of persons] shall be, and are hereby, excepted from military duty, notwithstanding their being above the age of eighteen and under the age of forty-five years. And also all young men under the age of twenty-one years, and all servants purchased bona fide and for a valuable consideration, shall be exempted from furnishing the necessary arms, ammunition and accoutrements, as are required by the fifth section thereof, and shall be excepted from militia duties and fines during such minority or servitude, except in cases of rebellion, or an actual or threatened invasion of this or any | Specifically includes 18-to-20-year-olds in the Militia.<br><br>Exempts this age group from furnishing arms and from militia duties unless in cases of rebellion or invasion.<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | C. MILITIA LAWS | | |
|---|---|---|---|---|---|
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | of the neighboring states." | |
| 180 | 1796 | Connecticut | Acts and Laws of the State of Connecticut, in America 298–314 (1796). | Section I. "Be it enacted . . . That each and every free able bodied white Male Citizen, of the respective states, resident therein, who is or shall be of the Age of eighteen years, and under the Age of forty-five Years . . . shall . . be enrolled in the Militia." | Specifically includes 18-to-20-year-olds in the Militia.<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |
| 181 | 1797 | Delaware | Laws of the State of Delaware from the Fourteenth Day of October, One Thousand Seven Hundred, to the Eighteenth Day of August, One Thousand Seven Hundred and Ninety-Seven 1134 (1797). | Section I. "That each and every free able bodied white male citizen of this state, who is or shall be of the age of eighteen years, and under the age of forty-five years, except as herein after excepted, shall . . . be enrolled in the militia....... " | Specifically includes 18-to-20-year-olds in the Militia.<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

| 182 | 1797 | New Hampshire | The Laws of the State of New Hampshire, the Constitution of the State of New Hampshire, and the Constitution of the United States 415-430 | "And be it further enacted, That each and every free able-bodied white male citizen of this State, resident therein, who is, or shall be of the age of eighteen years, and under the of forty years, except as herein after excepted, shall severally and respectively be enrolled in | Specifically includes 18-to-20-year-olds in the Militia. Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | C. MILITIA LAWS | | |
|---|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** | |
| | | | (1797). | the militia ....... " | | |
| **183** | 1797 | Vermont | An Act, for regulating and governing the militia of this State, ch. LXXXI, No. 1, § 15, 2 Laws Of The State Of Vermont Digested And Compiled 122, 131- 32 (1808). | "And all parents, masters or guardians, shall furnish those of the said militia who shall be under their care and command, with the arms and equipment's above mentioned ....... " | Includes 18-to-20-year-olds in the Militia.  Requires this age group to be furnished with arms.  Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. | |
| **184** | 1798 | Rhode Island | Public Laws of the State of Rhode-Island and Providence Plantations Passed since the Session of the General Assembly in January, A.D. 1798 (1798-1813).  1798 R.I. 438. | "And in case such delinquent or offender shall be within age, and live with his father, mother or guardian, or shall be an apprentice or indented servant, the said Town-Sergeant or Constable shall be required by said warrant to levy the same upon the goods and chattel of said father, mother, guardian, master, or mistress as the case may be." | Does not address militia in any way.  Does not address any kind of age restriction on the purchase or acquisition of firearms. | |

212

| 185 | 1799 | Massachusetts | The Perpetual Laws, of the Commonwealth of Massachusetts, from the Establishment of its Constitution to the | "And all parents, masters and guardians shall furnish those of the said Militia, who shall be under their care and command, with the arms and equipment aforementioned under the like penalties for any neglect." | Includes 18-to-20-year-olds in the Militia. Requires this age group to be furnished with arms. Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | C. MILITIA LAWS | | |
| --- | --- | --- | --- | --- | --- | --- |
| Exhibit No. | Year | Jurisdiction | Citation | Description of Regulation | | Plaintiffs' Response |
| | | | Second Session of the General Court, A.D. 1798 172-194, 181 (1799). | | | |
| 186 | 1799 | New Jersey | Laws of the State of New Jersey, Revised and Published Under the Authority of the Legislature of William Paterson 436-48 (1799). | 1. "That each and every free able bodied white male citizen of the respective States, resident therein, who is or shall be of the age of eighteen years, and under the age of forty-five years, (except as is herein after excepted) shall severally and respectively be enrolled in the militia." | | Specifically includes 18-to-20-year-olds in the Militia. Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |
| 187 | 1799 | Northwest Territory | Salmon P. Chase, *Statutes of Ohio and of the Northwestern Territory* (Cincinnati: Corey & Fairbank, 1833), "An act establishing and regulating the militia," 245-256. | Be it enacted "[t]hat each and every free, able bodied, white male citizen, of the territory, who is or shall be of the age of eighteen years, and under the age of forty-five years, except as is hereinafter excepted, shall severally and respectively be enrolled in the militia ......." | | Specifically includes 18-to-20-year-olds in the Militia. Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |
| 188 | 1803 | Georgia | 1803 Ga. 3 "Militia Law of the State of Georgia." | "Sec. 10. And it be further enacted, That the commanding officers of companies, shall enroll every able-bodied white male citizen, between the age of eighteen and forty-five | | Specifically includes 18-to-20-year-olds in the Militia. Does not place any limit on |

| | | | | | the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **C. MILITIA LAWS** | | | | | |
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | years . . ." | |
| **189** | 1803 | Ohio | Salmon P. Chase, *Statutes of Ohio and of the Northwestern Territory* (Cincinnati: Corey & Fairbank, 1833), "An act establishing and regulating the militia," 378-91. | Be it enacted "[t]hat each and every free, able-bodied white male citizen of the state, who is or shall be of the age of eighteen, and under the age of forty-five years, except as hereinafter excepted, shall severally and respectively be enrolled in the militia ......." | Specifically includes 18-to-20-year-olds in the Militia.<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |
| **190** | 1804 | North Carolina | James; Martin Iredell, Francois-Xavier. Public Acts of the General Assembly of North-Carolina (1804). | "And all parents, masters, or guardians, shall furnish those of the militia, who shall be under their care or command, with their arms and equipments above-mentioned, under the like penalties for any neglect." | Necessarily includes 18-to-20-year-olds in the Militia.<br><br>Requires this age group to be furnished with arms.<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

216

| 191 | 1806 | Delaware | Act of Aug. 13, 1807, ch. XLIX, §§ 1–2, 4, in 4 LAWS OF THE STATE, OF DELAWARE 123, 123–24, 125–26 (M. Bradford & R. Porter eds., 1816). | ". . . and all young men under the age of twenty-one years, enrolled agreeably to the second section of this act, shall be exempted from furnishing the necessary arms and accoutrements, and from all militia duties and fines during such minority." | Necessarily includes 18-to-20-year-olds in the Militia.<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | C. MILITIA LAWS | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **192** | 1806 | North Carolina | 2 William T. Dortch, John Manning, John S. Henderson, The Code Of North Carolina § 3168, at 346–47 (1883). | "And all parents and masters shall furnish those of the militia, who shall be under their care or command, with the arms and equipments above mentioned, under the like penalty for each neglect." | Necessarily includes 18-to-20-year-olds in the Militia. Requires this age group to be furnished with arms. Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |
| **193** | 1810 | Massachusetts | An Act for regulating, governing, and training the Militia of this Commonwealth, ch. CVII, § 28, in 1810 Mass. Laws 151, 176. | "[A]ll parents, masters or guardians, shall furnish all minors enrolled in the militia, who shall be under their care respectively with the arms and equipments, required by this act . . . ." | Necessarily includes 18-to-20-year-olds in the Militia. Requires this age group to be furnished with arms. Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

218

| 194 | 1820 | New Hampshire | An Act for the forming, arranging and regulating the militia, § 46, 2 New Hampshire Laws Enacted Since June 1, 1815, 80 (1824). | "[A]ll parents, masters, and guardians, shall furnish all minors enrolled in the militia, who shall be under their care respectively, with the arms and equipments required by this act . . ." | Necessarily includes 18-to-20-year-olds in the Militia. Requires this age group to be furnished with arms. Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |
| 195 | 1821 | Maine | An Act to organize, govern, and discipline the Militia of this State, ch. CLXIV, § 34, 1821 | "Sect. 34. Be it further enacted, That all parents, masters or guardians, shall furnish all minors enrolled in the militia, who shall be under their care respectively, with the arms, | Necessarily includes 18-to-20-year-olds in the Militia. Requires this age group to be furnished with arms. Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

| | | | | C. MILITIA LAWS | | |
|---|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Me. Laws 548, 570. | and equipments, required by this Act . . ." | |
| **196** | 1821 | New Jersey | An Act to exempt minors from Militia Duty in time of peace, in Josiah Harrison, Ed., *A Compilation Of The Public Laws Of The State Of New-Jersey Passed Since The Revision In The Year 1820* 266 (1833). | "[F]rom and after the passing of this act, all persons under the age of twenty-one years be, and they are hereby, exempt from militia duty in time of peace." | Necessarily includes 18-to-20-year-olds in the Militia. Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |
| **197** | 1822 | Pennsylvania | 1822 Penn. Ch. 274. | "VIII. Every free able bodied white male person who has resided within this commonwealth for one month, and is between the ages of eighteen and forty-five, except those hereinafter enumerated, shall be enrolled in the militia of this commonwealth . . ." | Specifically includes 18-to-20-year-olds in the Militia. Requires this age group to be furnished with arms. Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

220

| 198 | 1825 | Missouri | An Act to organize, govern and discipline the Militia, ch. I, § 24, in 1825 Mo. Laws 533, | "[A]ll parents, masters and guardians, shall furnish all minors, enrolled in the militia, who shall be under their care, respectively, with the arms and equipments required by this act." | Necessarily ncludes 18-to-20-year-olds in the Militia. Requires this age group to be furnished with arms. Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |
|---|---|---|---|---|---|

221

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | C. MILITIA LAWS | | |
|---|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** | |
| | | | 554. | | | |
| **199** | 1829 | New Jersey | Act of Nov. 6, 1829, 1829 N.J. Laws 3. | "That from and after the passing of this act, all persons under the age of twenty-one years be, and they are hereby, exempt from militia duty in time of peace." | Necessarily includes 18-to-20-year-olds in the Militia.<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. | |
| **200** | 1831 | Ohio | Salmon P. Chase, *Statutes of Ohio and of the Northwestern Territory* (Cincinnati: Corey & Fairbank, 1833), "An act establishing and regulating the militia," 1983-2005. | "§ 1 Be it enacted, That each and every able-bodied white male citizen of the United States, who now resides, or hereafter shall reside in this state, who now is, or hereafter shall be, of the age of eighteen years, and under forty-five years of age . . . shall severally and respectively be enrolled in the militia of this state ......." | Specifically includes 18-to-20-year-olds in the Militia.<br><br>Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. | |
| **201** | 1842 | Ohio | 1842 Ohio 99 "An Act to amend the act entitled 'An act to organize and discipline the Militia'," § 6. | "Sec. 6. That all persons, under the age of twenty one years, be and they are hereby exempt from the performance of militia duty in time of peace . . ." | Necessarily includes 18-to-20-year-olds in the Militia.<br><br>Does not place any limit on the ability of an 18-to-20- | |

222

| 202 | 1844 | Ohio | Act of Mar. 12, 1844, § 2, 1843 Ohio Laws 53, | "Sec. 2. That every able bodied white male inhabitant, resident within this state, who is or shall be of the age of twenty one years, and | year-old from purchasing or acquiring firearms. |
| --- | --- | --- | --- | --- | --- |
|  |  |  |  |  | Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | C. Militia Laws | | | |
|---|---|---|---|---|---|---|---|
| **Exhibit No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | 53.<br>1843 Ohio 53, "An Act to regulate the Militia," § 1. | under the age of forty five years . . . shall be enrolled in the militia." | |
| **203** | 1859 | Kansas | Kan. Const. of 1859, art. 8, § 1. | "Section 1. The militia shall be composed of all able-bodied white male citizens between the ages of twenty-one and forty-five years . . ." | Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |
| **204** | 1864 | Pennsylvania | Act of May 4, 1864, no. 211, § 1, 1864 Pa. Laws 221, 221–22. | "1. Every able-bodied white male citizen resident within this state, of the age of twenty-one years, and under the age of forty-five years . . . shall be enrolled in the militia." | Does not place any limit on the ability of an 18-to-20-year-old from purchasing or acquiring firearms. |

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **205** | 1383 | England | 7 Rich. 2, ch. 13 (1383). | Prohibited possession of launcegays. Punished by forfeiture of the weapon. | Not "relevantly similar" to the challenged laws, *Bruen*, 597 U.S. at 29-30, because there is no restriction on firearm sales, purchase, acquisition, possession or carrying of any firearms based on age.<br><br>This court has already found the firearms in question are not both dangerous and unusual. As such, any reference to such laws is entirely irrelevant. |
| **206** | 1396 | England | 20 Rich. 2, ch. 1 (1396). | Prohibited possession of launcegays. Punished by forfeiture of the weapon. | See Plaintiffs' response to Ex. No. 205 above. |
| **207** | 1541 | England | 33 Hen. 8, ch. 6 §§ 1, 18 (1541). | Prohibited possession of any crossbow, handgun, hagbutt, or demy hake. Exempted subjects living within 12 miles of the Scottish border. Punishable by forfeiture or payment of 10 pounds. | See Plaintiffs response to Ex. No. 205 above. |
| **208** | 1606 | England | 4 Jac. I, ch. 1 (1606). | Repealed exemption for subjects living with 12 miles of the Scottish border for the keeping of crossbows, handguns, and demy hakes. | See Plaintiffs' response to Ex. No. 205 above. |

225

| 209 | 1664 | New York | The Colonial Laws of New York from the Year 1664 to the Revolution . . ., at 687 (1894). | Prohibited a slave from possessing or using a gun, pistol, sword, club, or other kind of weapon unless in the presence and at the direction of their Master or Mistress. | See Plaintiffs' response to Ex. No. 205 above. |
| 210 | 1686 | New Jersey | The Grants, Concessions, and Original Constitutions of The Province of New | Prohibited the carrying "privately" of any pocket pistol, skeines, stilettoes, daggers or dirks, or other unusual or unlawful weapons. Punishable by fine of 5 pounds for first | See Plaintiffs' response to Ex. No. 205 above. |

---

[1] As explained in the declaration, *supra* paragraph 3, at this time Defendants do not provide exhibited copies of the historical laws referenced in categories (D) Dangerous Weapons Laws, and (E) Gunpowder Laws, but will do so if the Court so requests.

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Jersey 289-90 (1881) (1686). | conviction, and punishable by imprisonment for 6 months and a fine of 10 pounds. | |
| **211** | 1750 | Massachusetts | 1750 Mass. Acts 544, An Act for Preventing and Suppressing of Riots, Routs and Unlawful Assemblies, ch. 17, § 1. | Prohibited the carrying of a club or other weapon while unlawfully, riotously, or tumultuously assembling. Punishable by seizing the weapon and a hearing before the court. | See Plaintiffs' response to Ex. No. 205 above. |
| **212** | 1786 | Massachusetts | An Act to Prevent Routs, Riots, and Tumultuous assemblies, and the Evil Consequences Thereof, reprinted in Cumberland Gazette (Portland, MA), Nov. 17, 1786, at 1. | Prohibited being armed with a club or other weapon while rioting. | See Plaintiffs' response to Ex. No. 205 above. |
| **213** | 1788 | Ohio [Territory] | 1788-1801 Ohio Laws 20, A Law Respecting Crimes and Punishments . . ., ch. 6. | Prohibited the carrying of any "dangerous weapon" that indicates a violent intention while committing a burglary. Punishable by imprisonment for up to 40 years. | See Plaintiffs' response to Ex. No. 205 above. |
| **214** | 1792 | Virginia | Collection of All Such Acts of the General Assembly of Virginia, of a Public and | Prohibited any "negro or mulatto" from possessing or carrying a gun, powder, shot, club, or other weapon. | See Plaintiffs' response to Ex. No. 205 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|------|------|--------------|----------|---------------------------|---------------------|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Permanent Nature, as Are Now in Force ......., at 187 (1803), §§ 8-9. | | |
| **215** | 1797 | Delaware | Del. Laws 104, An Act for the Trial of Negroes, ch. 43, § 6. | Prohibited "any Negro or Mulatto slave" from carrying guns, swords, pistols, fowling pieces, clubs, or other arms and weapons without the master's special license. | See Plaintiffs' response to Ex. No. 205 above. |
| **216** | 1798 | Kentucky | 1798 Ky. Acts 106. | Prohibited "negro, mulatto, or Indian" from possessing or carrying a gun, powder, shot, club, or other weapon or ammunition. | See Plaintiffs' response to Ex. No. 205 above. |
| **217** | 1799 | Mississippi [Territory] | 1799 Miss. Laws 113, A Law for The Regulation of Slaves. | Prohibited any "Negro or mulatto" from carrying gun, powder, shot, club, or other weapon. Also prohibits a "negro or mulatto" from possessing a gun, weapon, or ammunition. | See Plaintiffs' response to Ex. No. 205 above. |
| **218** | 1799 | New Jersey | Charles Nettleton, Laws of the State of New-Jersey, at 474 (1821), [An Act to Describe, Apprehend and Punish | Prohibited the carrying of any pistol, hanger, cutlass, bludgeon, or other offensive weapon, with intent to assault any person. | See Plaintiffs' response to Ex. No. 205 above. |

228

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | Disorderly Persons (1799)], § 2. | | |
| 219 | 1801 | Tennessee | 1801 Tenn. Act 260-61. | Prohibited the private carrying of "any dirk, large knife, pistol, or any other dangerous weapon, to the fear or terror of any person," unless a surety is posted. Punishable as for "breach of the peace, or riot at common law." | See Plaintiffs' response to Ex. No. 205 above. |
| 220 | 1804 | Indiana [Territory] | 1804 Ind. Acts 108, A Law Entitled a Law Respecting Slaves, § 4. | Prohibited a "slave or mulatto" from carrying or possessing a gun, powder, shot, club or other weapon and ammunition. | See Plaintiffs' response to Ex. No. 205 above. |
| 221 | 1804 | Mississippi [Territory] | 1804 Miss. Laws 90, An Act Respecting Slaves, § 4. | Prohibited a "Slave" from keeping or carrying a gun, powder, shot, club, or other weapon. | See Plaintiffs' response to Ex. No. 205 above. |
| 222 | 1805 | Alabama | 1805 Negroes and Mulattoes, Bond and Free – 1805, Chapter I, An Act respecting Slaves. – Passed March 6, 1805: Sec. 4. | "And be it further enacted, that no slave shall keep or carry any gun, powder, shot, club, or other weapon whatsoever, offensive or defensive, except the tools given him to work with, or that he is ordered by his master, mistress, or overseer, to carry the said articles | See Plaintiffs' response to Ex. No. 205 above. |

229

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **D. DANGEROUS WEAPONS LAWS**[1] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | from one place to another, but all and every gun , weapon, or ammunition, found in the possession or custody of any slave, may be seized by any person, and upon due proof made thereof, before any justice of the peace of the county or corporation where such seizure shall be made, shall, by his order, be forfeited to the seizer, for his own use; and moreover, every such offender shall have and receive, by order of such justice, any number of lashes, not exceeding thirty-nine, on his bare back for every such offense : Provided nevertheless, That any justice of the peace may grant, in his proper county, permission in writing to any slave, on application of his master or overseer, to carry and use a gun and ammunition within the limits of his said master's or owner's plantation, for a term not exceeding one year, and revocable at any time within such term, at the discretion of the said justice, and to prevent the inconveniences arising from the meeting of slaves." | |
| **223** | 1811 | Maryland | The Laws of Maryland, with the Charter, the Bill Of Rights, the Constitution of the State, and Its Alterations, the | Prohibited the carrying of any pistol, hanger, cutlass, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by imprisonment for 3 months to 2 years. | See Plaintiffs' response to Ex. No. 205 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Declaration of Independence, and the Constitution of the United States, and Its Amendments, at 465 (1811). | | |
| 224 | 1813 | Louisiana | 1813 La. Acts 172, An Act Against Carrying Concealed Weapons, and Going Armed in Public Places in an Unnecessary Manner, § 1. | Prohibited the carrying of any concealed weapon, including a dirk, dagger, knife, pistol, or any other deadly weapon. | See Plaintiffs' response to Ex. No. 205 above. |
| 225 | 1816 | Georgia | Lucius Q.C. Lamar, A Compilation of the Laws of the State of Georgia, Passed by the Legislature since the Year 1810 to the Year 1819, Inclusive. Comprising all the Laws Passed within those Periods, Arranged under Appropriate Heads, with Notes of Reference to those Laws, or Parts of Laws, which are | Prohibited the carrying of any pistol, hanger, cutlass, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by imprisonment with hard labor for a period of time to be determined by a jury. | See Plaintiffs' response to Ex. No. 205 above. |

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Amended or Repealed to which are Added such Concurred and Approved Resolutions, as are Either of General, Local, or Private Moment. Concluding with a Copious Index to the Laws, a Separate one to the Resolutions, at 599 (1821), Offences Against the Public Peace, (1816) § 19. | | |
| **226** | 1818 | Missouri [Territory] | Organic Laws:-Laws of Missouri Territory, (Alphabetically Arranged):-Spanish Regulations for the Allotment of Lands:-Laws of the United States, for Adjusting Titles to Lands, &c. to Which are Added, a Variety of Forms, Useful to Magistrates, at 374 (1818), Slaves, § 3. | Prohibited "slave or mulatto" from carrying a gun, powder, shot, club or other weapon and from possessing a gun or ammunition. | See Plaintiffs' response to Ex. No. 205 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | **D.  DANGEROUS WEAPONS LAWS**[1] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **227** | 1835 | Arkansas [Territory] | Slaves, in Laws of the Arkansas Territory 521 (J. Steele & J. M'Campbell, Eds., 1835). | Prohibited any "slave or mulatto" from keeping or carrying a gun, powder, shot, club, or other weapon. | See Plaintiffs' response to Ex. No. 205 above. |
| **228** | 1836 | Massachusetts | Mass. Rev. Stat., ch. 134, § 16 (1836). | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault.  Punishable by finding sureties for keeping the peace for a term up to 6 months. | See Plaintiffs' response to Ex. No. 205 above. |
| **229** | 1837 | Alabama | 1837 Ala. Acts 7, §§ 1, 2. | Imposed tax of $100 on any person selling, giving, or disposing of any Bowie knife or Arkansas toothpick.  Failure to pay the tax was subject to penalty of perjury. | See Plaintiffs' response to Ex. No. 205 above. |
| **230** | 1837 | Arkansas | Josiah Gould, A Digest of the Statutes of Arkansas Embracing All Laws of a General and Permanent Character in Force the Close of the Session of the General Assembly of 1856 380 381–82 (1837). | Prohibited the concealed carrying of any pistol, dirk, butcher or large knife, sword cane, unless "upon a journey." | See Plaintiffs' response to Ex. No. 205 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|-----|------|--------------|----------|---------------------------|----------------------|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **231** | 1837 | Georgia | Acts of the General Assembly of the State of Georgia Passed in Milledgeville at an Annual Session in November and December 1837, at 90-91 (1838). | Prohibited any merchant, or "any other person or persons whatsoever," to sell, offer to sell, keep, or have on their person or elsewhere any Bowie knife or "any other kind of knives, manufactured and sold for the purpose of wearing, or carrying the same as arms of offence or defence," pistols, swords, sword canes, or spears. Exempted "such pistols as are known as horseman's pistols" from these restrictions. Punishable by a fine of up to $100-500 for the first offense and $500-1,000 for subsequent offenses. | See Plaintiffs' response to Ex. No. 205 above. |
| **232** | 1837 | Mississippi | 1837 Miss. L. 291-92. | Prohibited the use of any rifle, shotgun, sword cane, pistol, dirk, dirk knife, Bowie knife, or any other deadly weapon in a fight in which one of the combatants was killed, and the exhibition of any dirk, dirk knife, Bowie knife, sword, sword cane, or other deadly weapon in a rude or threatening manner that was not in necessary self-defense. Punishable by liability to decedent and a fine of up to $500 and imprisonment for up to 3 months. | See Plaintiffs' response to Ex. No. 205 above. |
| **233** | 1837 | Mississippi | 1837 Miss. Law 289-90, An Act To Prevent The Evil Practice Of Dueling In This State And For | That if any person or persons shall be guilty of fighting in any corporate city or town, or any other town or public place, in this state, and shall in such fight use any rifle, shot gun, | See Plaintiffs' response to Ex. No. 205 above. |

| | | | | **D. DANGEROUS WEAPONS LAWS**[1] | | |
|---|---|---|---|---|

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | Other Purposes, § 5. | sword, sword cane, pistol, dirk, bowie knife, dirk knife, or any other deadly weapon; or if any person shall be second or aid in such fight, the persons so offending shall be fined not less than three hundred dollars, and shall be imprisoned not less than three months; and if any person shall be killed in such fight, the person so killing the other may also be prosecuted and convicted as in other cases of murder. | |
| 234 | 1837 | Mississippi – Town of Sharon | 1837 Miss. L. 294. | Authorized the town of Sharon to enact "the total inhibition of the odious and savage practice" of carrying dirks, Bowie knives, or pistols. | See Plaintiffs' response to Ex. No. 205 above. |
| 235 | 1837 | Tennessee | 1837-38 Tenn. Pub. Acts 200-01, An Act to Suppress the Sale and Use of Bowie Knives and Arkansas Tooth Picks in this State, ch. 137, § 2. | Prohibited the carrying of a concealed Bowie knife, Arkansas tooth pick, or other knife or weapon. Punishable by fine of $200-500 and imprisonment for 3-6 months. | See Plaintiffs' response to Ex. No. 205 above. |
| 236 | 1837 | Tennessee | 1837-1838 Tenn. Pub. Acts 200, An Act to Suppress the Sale and Use of Bowie Knives and Arkansas Tooth | Prohibited any merchant from selling a Bowie knife or Arkansas tooth pick. Punishable by fine of $100-500 and imprisonment for $1-6 months. | See Plaintiffs' response to Ex. No. 205 above. |

235

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | Picks in this State, ch. 137, § 1. | | |
| 237 | 1837 | Tennessee | 1837-1838 Tenn. Pub. Acts 201, An Act to Suppress the Sale and Use of Bowie Knives and Arkansas Tooth Picks in the State, ch. 137, § 4. | Prohibited the stabbing or cutting of another person with any knife or weapon known as a "Bowie knife, Arkansas tooth pick, or any knife or weapon that shall in form, shape or size resemble a Bowie knife," regardless of whether the person dies. Punishable by imprisonment for 3-15 years. | See Plaintiffs' response to Ex. No. 205 above. |
| 238 | 1838 | Tennessee | Acts Passed at the First Session of the Twenty-Second General Assembly of the State of Tennessee: 1837-38, at 200-01, ch. 137. | Prohibited the sale or transfer of any Bowie knife or knives, Arkansas toothpicks, or "any knife or weapon that shall in form shape or size resemble a Bowie knife or any Arkansas toothpick." | See Plaintiffs' response to Ex. No. 205 above. |
| 239 | 1838 | Virginia | Acts of the General Assembly of Virginia, Passed at the Session of 1838, at 76-77, ch. 101 (1838). | Prohibited "habitually or generally" carrying any concealed pistol, dirk, Bowie knife, or any other weapon of like kind. | See Plaintiffs' response to Ex. No. 205 above. |
| 240 | 1839 | Alabama | 1839 Ala. Acts 67, § 1. | Prohibited the concealed carrying of "any species of fire arms, or any bowie knife, Arkansas tooth-pick, or any other knife of the like kind, dirk, or any other deadly weapon." Punished by fine of $50-100 and imprisonment | See Plaintiffs' response to Ex. No. 205 above. |

236

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
|  | **D. DANGEROUS WEAPONS LAWS[1]** | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | not to exceed 3 months. | |
| **241** | 1839 | Florida [Territory] | John P. Duval, Compilation of the Public Acts of the Legislative Council of the Territory of Florida, Passed Prior to 1840, at 423 (1839), An Act to Prevent any Person in this Territory from Carrying Arms Secretly. | Prohibited the concealed carrying of "any dirk, pistol, or other arm, or weapon, except a common pocket-knife." Punishable by fine of $50-500 or imprisonment for 1-6 months. | See Plaintiffs' response to Ex. No. 205 above. |
| **242** | 1839 | Mississippi – Town of Emery | 1839 Miss. L. 385, ch. 168. | Authorized the town of Emery to enact restrictions on the carrying of dirks, Bowie knives, or pistols. | See Plaintiffs' response to Ex. No. 205 above. |
| **243** | 1840 | Mississippi – Town of Hernando | 1840 Miss. L. 181, ch. 111. | Authorized the town of Hernando to enact restrictions on the carrying of dirks, Bowie knives, or pistols. | See Plaintiffs' response to Ex. No. 205 above. |
| **244** | 1841 | Alabama | 1841 Ala. Acts 148–49, Of Miscellaneous Offences, ch. 7, § 4. | Prohibited the concealed carrying of "a bowie knife, or knife or instrument of the like kind or description, by whatever name called, dirk or any other deadly weapon, pistol or any species of firearms, or air gun," unless the person is threatened with an attack or is traveling or "setting out on a journey." Punished by a fine of $50-100. | See Plaintiffs' response to Ex. No. 205 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | | D. DANGEROUS WEAPONS LAWS[1] |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **245** | 1841 | Maine | 1841 Me. Laws 709, ch. 169, § 16. | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault. Upon complaint of any person, the person intending to carry such weapons may be required to find sureties for keeping the peace for up to six months. | See Plaintiffs' response to Ex. No. 205 above. |
| **246** | 1841 | Mississippi | 1841 Miss. 52, ch. 1. | Imposed an annual property tax of $1 on each Bowie knife. | See Plaintiffs' response to Ex. No. 205 above. |
| **247** | 1842 | Louisiana | Henry A. Bullard & Thomas Curry, 1 A New Digest of the Statute Laws of the State of Louisiana, from the Change of Government to the Year 1841 at 252 (E. Johns & Co., New Orleans, 1842). | Prohibited the carrying of "any concealed weapon, such as a dirk, dagger, knife, pistol, or any other deadly weapon." Punishable by fine of $20-50. | See Plaintiffs' response to Ex. No. 205 above. |
| **248** | 1845 | Illinois | Mason Brayman, Revised Statutes of the State of Illinois: Adopted by the General Assembly of Said State, at Its Regular Session, Held in the Years A.D. | Prohibited the carrying of "any pistol, gun, knife, dirk, bludgeon or other offensive weapon, with intent to assault any person." Punishable by fine up to $100 or imprisonment up to 3 months. | See Plaintiffs' response to Ex. No. 205 above. |

| | | | **D. DANGEROUS WEAPONS LAWS**[1] | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | 1844-45: Together with an Appendix Containing Acts Passed at the Same and Previous Sessions, Not Incorporated in the Revised Statutes, but Which Remain in Force , at 176 (1845), Criminal Jurisprudence, § 139. | | |
| **249** | 1846 | North Carolina | 1846 N.C. L., ch. 42. | Prohibited "any slave" from receiving any sword, dirk, Bowie knife, gun, musket, firearms, or "any other deadly weapons of offense" without written permission. | See Plaintiffs' response to Ex. No. 205 above. |
| **250** | 1847 | Maine | The Revised Statutes of the State of Maine, Passed October 22, 1840; To Which are Prefixed the Constitutions of the United States and of the State of Maine, and to Which Are Subjoined the Other Public Laws | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault. Upon complaint of any person, the person intending to carry such weapons may be required to find sureties for keeping the peace for up to one year. | See Plaintiffs' response to Ex. No. 205 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **D. Dangerous Weapons Laws**[1] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | of 1840 and 1841, with an Appendix, at 709 (1847), Justices of the Peace, § 16. | | |
| 251 | 1849 | California – City of San Francisco | 1849 Cal. Stat. 245, An Act to Incorporate the City of San Francisco, § 127. | Prohibited the carrying, with intent to assault any person, any pistol, gun, knife, dirk, bludgeon, or other offensive weapon with the intent to assault another person. Punished by fine of up to $100 and imprisonment for up to 3 months. | See Plaintiffs' response to Ex. No. 205 above. |
| 252 | 1850 | Mississippi | 1850 Miss. 43, ch. 1. | Imposed an annual property tax of 50 cents on each Bowie knife. | See Plaintiffs' response to Ex. No. 205 above. |
| 253 | 1851 | Alabama | 1851-52 Ala. 3, ch. 1. | Tax of $2 on "every bowie knife or revolving pistol." | See Plaintiffs' response to Ex. No. 205 above. |
| 254 | 1851 | Pennsylvania – City of Philadelphia | 1851 Pa. Laws 382, An Act Authorizing Francis Patrick Kenrick, Bishop of Philadelphia, to Convey Certain Real Estate in the Borough of York, and a Supplement to the Charter of Said Borough, § 4. | Prohibited the willful and malicious carrying of any pistol, gun, dirk, knife, slungshot, or deadly weapon. Punishable by imprisonment for 6 months to 1 year and security for future good behavior. | See Plaintiffs' response to Ex. No. 205 above. |
| 255 | 1852 | Hawai'i | 1852 Haw. Sess. Laws | "§ 1. Any person not authorized by law, who | See Plaintiffs' response to |

| | | | | | Ex. No. 205 above. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D. Dangerous Weapons Laws[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | [Independent] | 19, Act to Prevent the Carrying of Deadly Weapons Dangerous or Unusual Weapons \| Hawaii \| 1852. | shall carry, or be found armed with, any bowie-knife, sword-cane, pistol, air-gun, slung-shot or other deadly weapon, shall be liable to a fine of no more than Thirty, and no less than Ten Dollars, or in default of payment of such fine, to imprisonment at hard labor, for a term not exceeding two months and no less than fifteen days, upon conviction of such offense before any District Magistrate, unless good cause be shown for having such dangerous weapons: and any such person may be immediately arrested without warrant by the Marshal or any Sheriff, Constable or other officer or person and be lodged in prison until he can be taken before such Magistrate." | |
| **256** | 1852 | New Mexico [Territory] | 1852 N.M. Laws 67, An Act Prohibiting the Carrying a Certain Class of Arms, within the Settlements and in Balls, § 1. | "That each and every person is prohibited from carrying short arms such as pistols, daggers, knives, and other deadly weapons, about their persons concealed, within the settlements, and any person who violates the provisions of this act shall be fined in a sum not exceeding ten dollars, nor less than two dollars, or shall be imprisoned for a term not exceeding fifteen days nor less than five days." | See Plaintiffs' response to Ex. No. 205 above. |
| **257** | 1853 | California | S. Garfielde, Compiled Laws of the State of California: Containing | Prohibited carrying of pistol, gun, knife, dirk, bludgeon, or other offensive weapon with intent to assault. Punishable by fine of up to | See Plaintiffs' response to Ex. No. 205 above. |

| | | | | **D. DANGEROUS WEAPONS LAWS**[1] | | |

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | All the Acts of the Legislature of a Public and General Nature, Now in Force, Passed at the Sessions of 1850-51-52-53, § 127. | $100 or imprisonment for up to 3 months. | |
| 258 | 1853 | New Mexico [Territory] | 1853 N.M. Laws 406, An Act Prohibiting the Carrying of Weapons Concealed or Otherwise, § 25. | Prohibited the carrying of a concealed pistol, Bowie knife, cuchillo de cinto (belt buckle knife), Arkansas toothpick, Spanish dagger, slungshot, or any other deadly weapon. | See Plaintiffs' response to Ex. No. 205 above. |
| 259 | 1854 | Mississippi | 1854 Miss. 50, ch. 1. | Imposed an annual property tax of $1 on each Bowie knife, Arkansas toothpick, sword cane, and dueling or pocket pistol. | See Plaintiffs' response to Ex. No. 205 above. |
| 260 | 1854 | Washington [Territory] | 1854 Wash. Sess. Law 80, An Act Relative to Crimes and Punishments, and Proceedings in Criminal Cases, ch. 2, § 30. | Prohibited exhibiting, in a rude, angry, or threatening manner, a pistol, Bowie knife, or other dangerous weapon. Punishable by imprisonment up to 1 year and a fine up to $500. | See Plaintiffs' response to Ex. No. 205 above. |
| 261 | 1855 | California | 1855 Cal. L. 152-53, ch. | Provided that a person who killed another in a | See Plaintiffs' response to |

| | | | | | Ex. No. 205 above. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | D. DANGEROUS WEAPONS LAWS[1] | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | 127. | duel with "a rifle, shot-gun, pistol, bowie-knife, dirk, small-sword, back-sword or other dangerous weapon" would pay the decedent's debts and be liable to the decedent's family for liquidated damages. | |
| 262 | 1855 | Indiana | 1855 Ind. Acts 153, An Act to Provide for the Punishment of Persons Interfering with Trains or Railroads, ch. 79, § 1. | Prohibited the carrying of any dirk, pistol, Bowie knife, dagger, sword in cane, or any other dangerous or deadly weapon with the intent of injuring another person. Exempted any person who was a "traveler." Punishable by fine up to $500. | See Plaintiffs' response to Ex. No. 205 above. |
| 263 | 1855 | Louisiana | 1855 La. L. 148, ch. 120. | Prohibited the concealed carrying of "pistols, bowie knife, dirk, or any other dangerous weapon." | See Plaintiffs' response to Ex. No. 205 above. |
| 264 | 1856 | Mississippi | 1856-1857 Miss. L. 36, ch. 1. | Imposed an annual property tax of $1 on each Bowie knife, dirk knife, or sword cane. | See Plaintiffs' response to Ex. No. 205 above. |
| 265 | 1856 | Tennessee | 1855-56 Tenn. L. 92, ch. 81. | Prohibited the sale or transfer of any pistol, Bowie knife, dirk, Arkansas toothpick, or hunter's knife to a minor. Excepted the transfer of a gun for hunting. | See Plaintiffs' response to Ex. No. 205 above. |

245

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | | | |
| **266** | 1856 | Texas | Tex. Penal Code arts. 611-12 (enacted Aug. 28, 1856). | Provided that the use of a Bowie knife or a dagger in manslaughter is to be deemed murder. | See Plaintiffs' response to Ex. No. 205 above. |
| **267** | 1858 | District of Columbia | 1 William B. Webb The Laws of the Corporation of the of Washington Digested and Arranged under Appropriate in Accordance with a Joint Resolution of the City 418 (1868), Act of Nov. 18, 1858. | "It shall not be lawful for any person or persons to carry or have concealed about their persons any deadly or dangerous weapons, such as dagger, pistol, bowie knife, dirk knife, or dirk, colt, slungshot, or brass or other metal knuckles within the City of Washington; and any person or persons who shall be duly convicted of so carrying or having concealed about their persons any such weapon shall forfeit and pay upon such conviction not less than twenty dollars nor more than fifty dollars; which fines shall be prosecuted and recovered in the same manner as other penalties and forfeitures accruing to the city are sued for and recovered: Provided, That the Police officers when on duty shall be exempt from such penalties and forfeitures." | See Plaintiffs' response to Ex. No. 205 above. |
| **268** | 1858 | Nebraska [Territory] | 1858 Neb. Laws 69, An Act to Adopt and Establish a Criminal code for the Territory of | Prohibited the carrying of a pistol, gun, knife, dirk, bludgeon or other offensive weapon with the intent to assault a person. Punishable by fine up to $100. | See Plaintiffs' response to Ex. No. 205 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | D. DANGEROUS WEAPONS LAWS[1] | | |
| | | | Nebraska, § 135. | | |
| **269** | 1859 | Indiana | 1859 Ind. Acts 129, An Act to Prevent Carrying Concealed or Dangerous Weapons, and to Provide Punishment Therefor. § 1. | "Be it enacted by the General Assembly of the State of Indiana, That every person not being a traveler, who shall wear or carry any dirk, pistol, bowie-knife, dagger, sword in cane, or any other dangerous or deadly weapon concealed, or who shall carry or wear any such weapon openly, with the intent or avowed purpose of injuring his fellow man, shall, upon conviction thereof, be fined in any sum not exceeding five hundred dollars." | See Plaintiffs' response to Ex. No. 205 above. |
| **270** | 1859 | Kentucky – Town of Harrodsburg | 1859 Ky. Acts 245, An Act to Amend An Act Entitled "An Act to Reduce to One the Several Acts in Relation to the Town of Harrodsburg, § 23. | Prohibited the selling, giving, or loaning of a concealed pistol, dirk, Bowie knife, brass knuckles, slungshot, colt, cane-gun, or other deadly weapon to a "minor, slave, or free negro." Punishable by fine of $50. | See Plaintiffs' response to Ex. No. 205 above. |
| **271** | 1859 | New Mexico [Territory] | 1859 N.M. Laws 94, § 1-2. | "That from and after the passage of this act, it shall be unlawful for any person to carry concealed weapons on their persons, of any class of pistols whatever, bowie knife (cuchillo de cinto), Arkansas toothpick, Spanish dagger, slung-shot, or any other deadly weapon, of whatever class or description they may be, no | See Plaintiffs' response to Ex. No. 205 above. |

247

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | **D. DANGEROUS WEAPONS LAWS**[1] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | matter by what name they may be known or called, under the penalities and punishment which shall hereinafter be described. § 2. Be it further enacted: That if any person shall carry about his person, either concealed or otherwise, any deadly weapon of the class and description mentioned in the preceeding section, the person or persons who shall so offend, on conviction, which shall be by indictment in the district court, shall be fined in any sum not less than fifty dollars, nor more than one hundred dollars, at the discretion of the court trying the cause, on the first conviction under this act; and for the second conviction, the party convicted shall be imprisoned in the county jail for a term of not less than three months, nor more than one year, also at the discretion of the court trying the cause." | |
| 272 | 1859 | Ohio | 1859 Ohio Laws 56, An Act to Prohibit the Carrying or Wearing of Concealed Weapons, § 1. | Prohibited the concealed carrying of any pistol, Bowie knife, or any other "dangerous weapon." Punishable by fine of up to $200 or imprisonment of up to 30 days for the first offense, and a fine of up to $500 or imprisonment for up to 3 months for the second offense. | See Plaintiffs' response to Ex. No. 205 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | D. DANGEROUS WEAPONS LAWS[1] | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **273** | 1859 | Washington [Territory] | 1859 Wash. Sess. Laws 109, An Act Relative to Crimes and Punishments, and Proceedings in Criminal Cases, ch. 2, § 30. | Prohibited exhibiting, in a rude, angry, or threatening manner, a pistol, Bowie knife, or other dangerous weapon. Punishable by imprisonment up to 1 year and a fine up to $500. | See Plaintiffs' response to Ex. No. 2025 above. |
| **274** | 1860 | Georgia | 1860 Ga. Laws 56, An Act to add an additional Section to the 13th Division of the Penal Code, making it penal to sell to or furnish slaves or free persons of color, with weapons of offence and defence; and for other purposes therein mentioned, § 1. | Prohibited the sale or furnishing of any gun, pistol, Bowie knife, slungshot, sword cane, or other weapon to a "slave or free person of color." Punishable by fine up to $500 and imprisonment up to 6 months. | See Plaintiffs' response to Ex. No. 205 above. |
| **275** | 1861 | California | William H. R. Wood, Digest of the Laws of California: Containing All Laws of a General Character Which were in Force on the First Day of January, 1858; Also, the Declaration of Independence, | Prohibited the display of any dirk, dirk-knife, Bowie knife, sword, sword cane, pistol, gun, or other deadly weapon in a threatening manner, or use of such weapon in a fight. Punishable by a fine of $100-500 or imprisonment for 1-6 months. | See Plaintiffs' response to Ex. No. 205 above. |

249

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | | |
|---|---|---|---|---|---|
| **D. Dangerous Weapons Laws[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Constitution of the United States, Articles of Confederation, Kentucky and Virginia Resolutions of 1798-99, Acts of Congress Relative to Public Lands and Pre-Emptions. Together with Judicial Decisions, Both of the Supreme Court of the United States and of California, to Which are Also Appended Numerous Forms for Obtaining Pre-Emption and Bounty Lands, Etc., at 334 (1861). | | |
| **276** | 1861 | Nevada [Territory] | 1861 Nev. L. 61. | Provided that the killing of another in a duel with a rifle, shotgun, pistol, Bowie knife, dirk, small-sword, back-sword, or other "dangerous weapon" in the killing of another in a duel is to be deemed murder. | See Plaintiffs' response to Ex. No. 205 above. |

***Chavez v. Bonta***, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| **277** | 1862 | Colorado [Territory] | 1862 Colo. Sess. Laws 56, § 1. | Prohibited the concealed carrying in any city, town, or village any pistol, Bowie knife, dagger, or other deadly weapon. Punished by fine of $5-35. | See Plaintiffs' response to Ex. No. 205 above. |
| **278** | 1863 | Kansas – City of Leavenworth | C. B. Pierce, Charter and Ordinances of the City of Leavenworth, with an Appendix, at 45 (1863), An Ordinance Relating to Misdemeanors, § 23. | Prohibited the carrying of any concealed "pistol, dirk, bowie knife, revolver, slung shot, billy, brass, lead or iron knuckles, or any other deadly weapon within this city." Punishable by a fine of $3-100. | See Plaintiffs' response to Ex. No. 205 above. |
| **279** | 1863 | Tennessee – City of Memphis | William H. Bridges, Digest of the Charters and Ordinances of the City of Memphis, Together with the Acts of the Legislature Relating to the City, with an Appendix, at 190 (1863), Offences Affecting Public Safety: Carrying Concealed Weapons, § 3. | Prohibited the carrying of a concealed pistol, Bowie knife, dirk, or any other deadly weapon. Punishable by fine of $10-50. | See Plaintiffs' response to Ex. No. 205 above. |

251

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **280** | 1864 | Arizona [Territory] | Coles Bashford, The Compiled Laws of the Territory of Arizona, Including the Howell Code and the Session Laws From 1864 to 1871, Inclusive: To Which is Prefixed the Constitution of the United States, the Mining Law of the United States, and the Organic Acts of the Territory of Arizona and New Mexico Page 96, Image 102 (1871) available at The Making of Modern Law: Primary Sources, 1867.<br><br>An Act to prevent the improper use of deadly weapons, and the indiscriminate use of fire arms in the towns and villages of the territory. § 1. | That any person in this Territory, having, carrying or procuring from another person, any dirk, dirk knife, bowie knife, pistol, gun or other deadly weapon, who shall, in the presence of two or more persons, draw or exhibit any of said deadly weapons in a rude, angry or threatening manner, not in necessary self defense, or who shall, in any manner, unlawfully use the same in any fight or quarrel, the person or persons so offending, upon conviction thereof in any criminal court in any county of this Territory, shall be fined in any sum not less than one hundred nor more than five hundred dollars, or imprisonment in the county jail not less than one nor more than six months, in the discretion of the court, or both such fine and imprisonment, together with the cost of prosecution. | See Plaintiffs' response to Ex. No. 205 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | D. Dangerous Weapons Laws[1] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **281** | 1864 | California | Theodore Henry Hittell, The General Laws of the State of California, from 1850 to 1864, Inclusive: Being a Compilation of All Acts of a General Nature Now in Force, with Full References to Repealed Acts, Special and Local Legislation, and Statutory Constructions of the Supreme Court. To Which are Prefixed the Declaration of Independence, Constitution of the United States, Treaty of Guadalupe Hidalgo, Proclamations to the People of California, Constitution of the State of California, Act of Admission, and United States Naturalization Laws, with Notes of California Decisions Thereon, at 261, § 1 | Prohibited the concealed carrying of any dirk, pistol, sword cane, slungshot, or "other dangerous or deadly weapon." Exempted any peace officer or officer acting under the law of the United States. Punishable by imprisonment for 30-90 days or fine of $20-200. | See Plaintiffs' response to Ex. No. 205 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| | | | (1868). | | |
| **282** | 1864 | Montana [Territory] | 1864 Mont. Laws 355, An Act to Prevent the Carrying of Concealed Deadly Weapons in the Cities and Towns of This Territory, § 1. | Prohibited the carrying of a concealed "any pistol, bowie-knife, dagger, or other deadly weapon" within any town or village in the territory. Punishable by fine of $25-100. | See Plaintiffs' response to Ex. No. 205 above. |
| **283** | 1866 | Kansas – City of Lawrence | Samuel Kimball, Charter, Other Powers, and Ordinances of the City of Lawrence Page 149, Image 157 (1866) available at The Making of Modern Law: Primary Sources, 1863. Nuisances, § 10. | "Any person who shall in this city have or carry concealed or partially concealed, upon his person, any pistol, bowie knife or other deadly weapon, shall, on conviction, be fined not less than one nor more than ten dollars; Provided, This section shall not apply to peace officers of the city or state. The carrying of a weapon in a holster, exposed to full view, shall not be deemed a concealed or partially concealed weapon under this section." | See Plaintiffs' response to Ex. No. 205 above. |
| **284** | 1866 | New York | Montgomery Hunt Throop, The Revised Statutes of the State of New York; As Altered by Subsequent Legislation; Together with the Other Statutory Provisions of a General and Permanent Nature | Prohibited using, attempting to use, concealing, or possessing a slungshot, billy, sandclub or metal knuckles, and any dirk or dagger, or sword cane or air-gun. Punishable by imprisonment for up to 1 year and/or a fine up to $500. | See Plaintiffs' response to Ex. No. 205 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| **D. Dangerous Weapons Laws[1]** | | | | | |
| | | | Now in Force, Passed from the Year 1778 to the Close of the Session of the Legislature of 1881, Arranged in Connection with the Same or kindred Subjects in the Revised Statutes; To Which are Added References to Judicial Decisions upon the Provisions Contained in the Text, Explanatory Notes, and a Full and Complete Index, at 2512 (Vol. 3, 1882), An Act to Prevent the Furtive Possession and use of slungshot and other dangerous weapons, ch. 716, § 1. | | |
| **285** | 1866 | North Carolina | 1866 N.C. L. ch. 21, at 33-34, § 11. | Imposed a $1 tax on every dirk, Bowie knife, pistol, sword cane, dirk cane, and rifle cane used or worn during the year. | See Plaintiffs' response to Ex. No. 205 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | | |
| **286** | 1867 | Alabama | 1867 Ala. Rev. Code 169. | Tax of $2 on pistols or revolvers in the possession of private persons, excluding dealers, and a tax of $3 on "all bowie knives, or knives of the like description." Non-payment was punishable by seizure and, unless payment was made within 10 days with a penalty of an additional 50%, subject to sale by public auction. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law (1867) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |

| 287 | 1867 | Alaska [Territory] | Fred F. Barker, Compilation of the Acts of Congress and Treaties Relating to Alaska: From March 30, 1867, to March 3, 1905 139 1906. | That it shall be unlawful for any person to carry concealed about his person, in any manner whatever, any revolver, pistol, or other firearm, or knife (other than an ordinary pocket knife), or any dirk or dagger, slung shot, metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property of any other person. | See Plaintiffs' response to Ex. No. 205 above. This law (1867) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |
| 288 | 1867 | Colorado [Territory] | 1867 Colo. Sess. Laws 229, § 149. | Prohibited the concealed carrying of any pistol, Bowie knife, dagger, or other deadly weapon within any city, town, or village in the territory. Punishable by fine of $5-35. Exempted sheriffs, constables, and police officers when performing their official duties. | See Plaintiffs' response to Ex. No. 205 above. This law (1867) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as |

| 289 | 1867 | Tennessee – City of | William H. Bridges, Digest of the Charters | Prohibited the carrying of a concealed Bowie knife, Arkansas tooth pick, dirk, sword cane, | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law (1867) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Law is also a local ordinance inapplicable to 99% of the population. |
| --- | --- | --- | --- | --- | --- |

earlier sources." *Bruen,* 597 U.S. at 36.

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **D. DANGEROUS WEAPONS LAWS**[1] | | | |
|---|---|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | Memphis | and Ordinances of the City of Memphis, from 1826 to 1867, Inclusive, Together with the Acts of the Legislature Relating to the City, with an Appendix, at 44 (1867), Police Regulations of the State, Offences Against Public Peace, §§ 4746, 4747, 4753, 4757. | Spanish stiletto, belt or pocket pistol, or other knife or weapon. Also prohibited selling such a weapon or using such a weapon to threaten people. | |
| **290** | 1867 | Tennessee – City of Memphis | William H. Bridges, Digest of the Charters and Ordinances of the City of Memphis, from 1826 to 1867, Inclusive, Together with the Acts of the Legislature Relating to the City, with an Appendix, at 50 (1867), Police Regulations of the State. Selling Liquors or Weapons to Minors, § 4864. | Prohibited selling, loaning, or giving to a minor a pistol, Bowie knife, dirk, Arkansas tooth-pick, hunter's knife, or like dangerous weapon, except a gun for hunting or self defense in traveling. Punishable by fine of minimum $25 and imprisonment. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law (1867) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its |

| | | | | | original meaning as earlier sources." *Bruen*, 597 U.S. at 36.

Law is also local and inapplicable to 99% of the population. |
| --- | --- | --- | --- | --- | --- |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **291** | 1867 | Virginia – Town of Lexington | Staunton, The Charter and General Ordinances of the Town of Lexington, Virginia Page 87, Image 107 (1892) available at The Making of Modern Law: Primary Sources, 1867. | "Ordinances of The Town of Lexington, VA, Of Concealed Weapons and Cigarettes, § 1. If any person carrying about his person, hid from common observation, any pistol, dirk, bowie-knife, razor, slung-shot, or any weapon of the like kind, he shall be fined not less than twenty dollars nor more than one hundred dollars; and any of such weapons mentioned shall be forfeited to the town. Nothing in this section shall apply to any officer of the town, county or state while in the discharge of his duty." | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law (1867) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36.<br><br>Law is also local and inapplicable to 99% of the population. |
| **292** | 1868 | Alabama | Wade Keyes, The Code of Alabama, 1876, ch. 3, § 4111 (Act of Aug. 5, 1868, at 1). | Prohibited the carrying of any rifle or "shot-gun walking cane." Punishable by fine of $500-1000 and imprisonment of no less than 2 years. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law (1868) comes too late to shed much light on the scope of the |

261

| | | | | | Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |
|---|---|---|---|---|---|
| **293** | 1868 | Florida | Fla. Act of Aug. 8, 1868, as codified in Fla. Rev. Stat., tit. 2, pt. 5 (1892), at 2425. | Prohibited the manufacture or sale of slungshots or metallic knuckles. Punishable by imprisonment for up to 6 months or a fine up to $100. | See Plaintiffs' response to Ex. No. 205 above. This law (1868) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |

| 294 | 1868 | Florida | 1868 Fla. Laws 2538, Persons Engaged in Criminal Offence, Having Weapons, ch. 7, § 10. | Prohibited the carrying of a slungshot, metallic knuckles, billies, firearms or other dangerous weapon if arrested for committing a criminal offence or disturbance of the peace. Punishable by imprisonment up to 3 months or a fine up to $100. | See Plaintiffs' response to Ex. No. 205 above. This law (1868) comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **295** | 1868 | Florida | James F McClellan, A Digest of the Laws of the State of Florida: From the Year One Thousand Eight Hundred and Twenty-Two, to the Eleventh Day of March, One Thousand Eight Hundred and Eighty-One, Inclusive, at 403 (1881), Offences Against Public Peace, § 13 (Fla. Act of Aug. 6, 1868, ch. 1637). | Prohibited the carrying "about or on their person" any dirk, pistol or other arm or weapon, except a "common pocket knife." Punishable by fine up to $100 or imprisonment up to 6 months. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

| 296 | 1868 | Kansas | The General Statutes of the State of Kansas, to Which the Constitutions of the United State of Kansas, Together with the Organic Act of the Territory of Kansas, the Treaty Ceding the Territory of Louisiana to the United States, and the Act Admitting Kansas into the Union | "Any person who is not engaged in any legitimate business, any person under the influence of intoxicating drink, and any person who has ever borne arms against the government of the United States, who shall be found within the limits of this state, carrying on his person a pistol, bowie-knife, dirk or other deadly weapon, shall be subject to arrest upon the charge of misdemeanor, and upon conviction shall be fined in a sum not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
|---|---|---|---|---|---|

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | are Prefixed Page 378, Image 387 (1868) available at The Making of Modern Law: Primary Sources, 1868. Crimes and Punishments, § 282. | three months, or both, at the discretion of the court." | |
| 297 | 1869 | Tennessee | 1869-70 Tenn. L. 23-24, ch. 22. | Prohibited the carrying of any "pistol, dirk, bowie-knife, Arkansas tooth-pick," any weapon resembling a bowie knife or Arkansas toothpick, "or other deadly or dangerous weapon" while "attending any election" or at "any fair, race course, or public assembly of the people." | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

| 298 | 1869 | Washington [Territory] | 1869 Wash. Sess. Laws 203-04, An Act Relative to Crimes and Punishments, and Proceedings in Criminal Cases, ch. 2, § 32. | Prohibited exhibiting, in a rude, angry, or threatening manner, a pistol, Bowie knife, or other dangerous weapon. Punishable by imprisonment up to 1 year and a fine up to $500. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
| 299 | 1870 | Georgia | 1870 Ga. L. 421, ch. 285. | Prohibited the open or concealed carry of "any dirk, bowie-knife, pistol or revolver, or any kind of deadly weapon" at "any court of justice, or any general election ground or precinct, or any other public gathering," except | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | D. DANGEROUS WEAPONS LAWS[1] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | for militia musters. | |
| **300** | 1870 | Louisiana | 1870 La. Acts 159–60, An Act to Regulate the Conduct and to Maintain the Freedom of Party Election . . ., § 73. | Prohibited the carrying of a concealed or open gun, pistol, Bowie knife or other dangerous weapon on an election day during the hours the polls are open or during registration. Punishable by fine of minimum $100 and imprisonment of minimum 1 month. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |
| **301** | 1870 | New York | "The Man Trap," The Buffalo Commercial, Nov. 1, 1870. | Referenced prohibition on the use of "infernal machines." | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to |

268

| | | | | | keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
|---|---|---|---|---|---|
| **302** | 1870 | West Virginia | 1870 W. Va. Code 692, Of Offenses against the Peace, ch. 148, § 7. | If any person, habitually, carry about his person, hid from common observation, any pistol, dirk, bowie knife, or weapon of the like kind, he shall be fined fifty dollars. The informers shall have one half of such fine. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
| **303** | 1871 | Arkansas – City of Little Rock | George Eugene Dodge, A Digest of the Laws and Ordinances of the City of Little Rock, with the Constitution of State of Arkansas, General Incorporation Laws, and All Acts of the General Assembly Relating to the City 230-31 (1871). | Prohibited carrying of a pistol, revolver, Bowie knife, dirk, rifle, shot gun, slungshot, colt, or metal knuckles while engaged in a breach of the peace. Punishable by a fine of $25-500. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the |

| | | | | | ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.

Law is also local and inapplicable to 99% of the population. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **304** | 1871 | District of Columbia | An Act to Prevent the Carrying of Concealed Weapons, Aug. 10, 1871, reprinted in Laws of the District of Columbia: 1871-1872, Part II, 33 (1872) (Dist. of Col., An Act to Prevent the Carrying of Concealed Weapons, 1871, ch. XXV). | Prohibited the carrying or having concealed "any deadly or dangerous weapons, such as daggers, air-guns, pistols, Bowie knives, dirk-knives, or dirks, razors, razor-blades, sword-canes, slungshots, or brass or other metal knuckles." Punishable by forfeiture of the weapon and a fine of $20-50. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |
| **305** | 1871 | Mississippi | 1871 Miss. L. 819-20, ch. 33. | Imposed property tax on pistols, dirks, Bowie knives, and sword canes. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the |

| | | | | | ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
|---|---|---|---|---|---|
| **306** | 1871 | Missouri – City of St. Louis | Everett Wilson Pattison, The Revised Ordinance of the City of St. Louis, Together with the Constitution of the United States, and of the State of Missouri; the Charter of the City; and a Digest of the Acts of the General Assembly, Relating to the City, at | Prohibited the carrying of a concealed pistol, or revolver, colt, billy, slungshot, cross knuckles, or knuckles of lead, brass or other metal, Bowie knife, razor, dirk knife, dirk, dagger, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon without written permission from the Mayor. Punishable by fine of $10-500. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

272

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | 491-92 (1871), Ordinances of the City of St. Louis, Misdemeanors, §§ 9-10. | | |
| **307** | 1871 | Tennessee | James H. Shankland Public Statutes of the State of Tennessee, since the Year 1858. Being in the Nature of a Supplement to the Code, at 108 (Nashville, 1871). | Prohibited the carrying of a pistol, dirk, Bowie knife, Arkansas tooth pick, or other weapon in the shape of those weapons, to an election site. Punishable by fine of minimum $50 and imprisonment at the discretion of the court. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |

| 308 | 1871 | Texas | 1871 Tex. Laws 25, An Act to Regulate the Keeping and Bearing of Deadly Weapons. § 1. | Prohibited the carrying of a concealed pistol, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife, or any other kind of knife used for offense or defense, unless carried openly for self-defense. Punishable by fine of $20-100, forfeiture of the weapon, and for subsequent offenses, imprisonment up to 60 days. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |
| 309 | 1871 | Texas | Tex. Act of Apr. 12, 1871, as codified in Tex. Penal Code (1879). | Prohibited the carrying of a concealed or open gun, pistol, Bowie knife, or other dangerous weapon within a half mile of a polling site on | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | D. DANGEROUS WEAPONS LAWS[1] | | |
|---|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Art. 163. | an election day. Also prohibited generally carrying a pistol, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife, or other kind of knife used for offense or defense. Punishable by fine and forfeiture of the weapon. | |
| **310** | 1872 | Maryland – City of Annapolis | 1872 Md. Laws 57, An Act to Add an Additional Section to Article Two of the Code of Public Local Laws, Entitled "Anne Arundel County," Sub-title "Annapolis," to Prevent the Carrying of Concealed Weapons in Said City, § 246. | Prohibited the carrying of a concealed pistol, dirk-knife, Bowie knife, slingshot, billy, razor, brass, iron or other metal knuckles, or any other deadly weapon. Punishable by a fine of $3-10. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources.'" *Bruen,* 597 U.S. at 36.<br><br>Law is also local and |

| | | | | | inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **311** | 1872 | Nebraska – City of Nebraska | Gilbert B. Colfield, Laws, Ordinances and Rules of Nebraska City, Otoe County, Nebraska, at 36 (1872), Ordinance No. 7, An Ordinance Prohibiting the Carrying of Fire Arms and | Prohibited the carrying openly or concealed of a musket, rifle, shot gun, pistol, sabre, sword, Bowie knife, dirk, sword cane, billy slungshot, brass or other metallic knuckles, or any other dangerous or deadly weapons. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Law is also local and inapplicable to 99% of the population. |

| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Concealed Weapons, § 1. | | |
| 312 | 1872 | Wisconsin | 1872 Wis. Sess. Laws 17, ch. 7, § 1, An Act to prohibit and prevent the carrying of concealed weapons. | "SECTION 1. If any person shall go armed with a concealed dirk, dagger, sword, pistol, or pistols, revolver, slung-shot, brass knuckles, or other offensive and dangerous weapon, he shall, on conviction thereof, be adjudged guilty of a misdemeanor, and shall be punished by imprisonment in the state prison for a term of not more than two years, or by imprisonment in the county jail of the proper county not more than twelve months, or by fine not exceeding five hundred dollars, together with the costs of prosecution, or by both said fine and costs and either of said imprisonments; and he may also be required to find sureties for keeping the peace and against the further violation of this act for a term not exceeding two years: provided, that so going armed shall not be deemed a violation of this act whenever it shall be made to appear that such person had reasonable cause to fear an assault or other injury or violence to his person, or to his family or property, or to any person under his | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| \multicolumn{6}{c|}{**D. DANGEROUS WEAPONS LAWS[1]**} | | | | | |

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | | immediate care or custody, or entitled to his protection or assistance, or if it be made to appear that his possession of such weapon was for a temporary purpose, and with harmless intent." | |
| **313** | 1873 | Alabama | Wade Keyes, The Code of Alabama, 1876, ch. 3, § 4110 (Act of Apr. 8, 1873, p. 130). | Prohibited the concealed carrying of any brass knuckles, slingshots, or "other weapon of like kind or description." Punishable by a fine of $20-200 and imprisonment or term of hard labor not to exceed 6 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

| 314 | 1873 | Georgia | R. H. Clark, The Code of the State of Georgia (1873) § 4528. | Prohibited the carrying of any dirk, Bowie knife, pistol, or other deadly weapon to a court, election site, precinct, place of worship, or other public gathering site. Punishable by fine of $20-50 or imprisonment for 10-20 days. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
| 315 | 1873 | Massachusetts | 1850 Mass. Gen. Law, ch. 194, §§ 1, 2, as codified in Mass. Gen. Stat., ch. 164 (1873) § 10. | Prohibited the carrying of a slungshot, metallic knuckles, bills, or other dangerous weapon if arrested pursuant to a warrant or while committing a crime. Punishable by fine. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

| 316 | 1873 | Massachusetts | 1850 Mass. Gen. Law, ch. 194, §§ 1, 2 as codified in Mass. Gen. Stat., ch. 164 (1873) § 11. | Prohibited manufacturing or selling a slungshot or metallic knuckles. Punishable by fine up to $50 or imprisonment up to 6 months. | See Plaintiffs' response to Ex. No. 2025 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|-----|------|--------------|----------|---------------------------|----------------------|
| **317** | 1873 | Nevada | Bonnifield, The Compiled Laws of the State of Nevada. Embracing Statutes of 1861 to 1873, Inclusive, at 563 (Vol. 1, 1873), Of Crimes and Punishments, §§ 35-36. | Prohibited dueling and killing a person with a rifle, shotgun, pistol, Bowie knife, dirk, small sword, backsword, or other dangerous weapon. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Nor is this law relevant as it prohibits dueling and killing other persons. |

**D. DANGEROUS WEAPONS LAWS**[1]

281

| 318 | 1873 | Tennessee | Seymour Dwight Thompson, A Compilation of the Statute Laws of the State of Tennessee, of a General and Permanent Nature, Compiled on the Basis of the Code of Tennessee, With Notes and References, Including Acts of Session of 1870-1871, at 125 (Vol. 2, 1873), Offences Against Public Policy and Economy, § 4864. | Prohibited selling, loaning, or giving to a minor a pistol, Bowie knife, dirk, Arkansas tooth-pick, hunter's knife, or like dangerous weapon, except a gun for hunting or self defense in traveling. Punishable by fine of minimum $25 and imprisonment for a term determined by the court. | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.

Not "relevantly similar" because it restricts minors, not legal adults. Law also permits sales, loans, and giving, of "gun[s] for hunting or self-defense in traveling." |
| 319 | 1874 | Alabama | 1874 Ala. L. 41, ch. 1. | Imposed $25 occupational tax on dealers of pistols, Bowie knives, and dirk knives. | See Plaintiffs' response to Ex. No. 205 above.

This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not |

| | | | | | provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.

Not "relevantly similar" as this places a tax on dealers. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | | |
| **320** | 1874 | Illinois | Harvey Bostwick Hurd, The Revised Statutes of the State of Illinois. A. D. 1874. Comprising the Revised Acts of 1871-72 and 1873-74, Together with All Other General Statutes of the State, in Force on the First Day of July, 1874, at 360 (1874), Disorderly Conduct: Disturbing the Peace, § 56. | Prohibited the carrying a concealed weapon, including a pistol, knife, slungshot, brass, steel, or iron knuckles, or other deadly weapon while disturbing the peace. Punishable by fine up to $100. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. |

| 321 | 1874 | New Jersey – City of Jersey City | Ordinances of Jersey City, Passed by the Board of Aldermen since May 1, 1871, under the Act Entitled "An Act to Re-organize the Local Government of Jersey City," Passed March 31, 1871, and the Supplements Thereto, at 41 (1874), An Ordinance to Prevent | Prohibited the carrying of a concealed slungshot, billy, sandclub or metal knuckles, and any dirk or dagger (not contained as a blade of a pocket-knife), and loaded pistol or other dangerous weapon, including a sword in a cane, or air-gun. punishable by confiscation of the weapon and a fine of up to $20. Exempted policemen of Jersey City. | See Plaintiffs' response to Ex. No. 205 above.

This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.

Law is also local and inapplicable to 99% of the population.

Not "relevantly similar" as it is a concealed carry restriction and has no age-restrictions of any kind. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **D. DANGEROUS WEAPONS LAWS**[1] | | |
|---|---|---|---|---|

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | the Carrying of Loaded or Concealed Weapons within the Limits of Jersey City. The Mayor and Aldermen of Jersey City do ordain as follows: §§ 1-2. | | |
| **322** | 1874 | Virginia | 1874 Va. L. 239, ch. 239. | Included the value of all "rifles, muskets, and other fire-arms, bowie-knives, dirks, and all weapons of a similar kind" in list of taxable personal property. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it imposes a tax on |

| | | | | | property and does not have an age restriction of any kind. |
|---|---|---|---|---|---|
| **323** | 1875 | Alabama | 1875-1876 Ala. L. 82, ch. 1. | Imposed $50 occupational tax on dealers of pistols, Bowie knives, and dirk knives. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it imposes a tax on property and does not have an age restriction of any kind. |
| **324** | 1875 | Alabama | 1875-1876 Ala. L. 46, ch. 2. | Imposed tax rate of 0.75% of the value of any pistols, guns, dirks, and Bowie knives. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War |

| | | | | | discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it imposes a tax on property and does not have an age restriction of any kind. |
|---|---|---|---|---|---|
| **325** | 1875 | Arkansas | Act of Feb. 16, 1875, 1874-75 Ark. Acts 156, § 1. | Prohibited the carrying in public of any "pistol, gun, knife, dirk, bludgeon, or other offensive weapon, with intent to assault any person." Punishable by a fine of $25-100. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a general carry restriction with the intent |

| | | | | | to assault a person and does not have an age restriction of any kind. |
|---|---|---|---|---|---|
| | | | | | |

| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **326** | 1875 | Idaho [Territory] | Crimes and Punishments, in Compiled and Revised Laws of the Territory of Idaho 354 (M. Kelly, Territorial Printer 1875), § 133. | Prohibited the carrying of "any pistol, gun, knife, dirk, bludgeon, or other offensive weapon, with intent to assault any person." Punishable by imprisonment for up to 3 months or a fine up to $100. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a general carry restriction with the intent to assault a person and does not have an age restriction of any kind. |

| 327 | 1875 | Indiana | 1875 Ind. Acts 62, An Act Defining Certain Misdemeanors, and Prescribing Penalties Therefore, § 1. | Prohibited the drawing or threatening to use a pistol, dirk, knife, slungshot, or any other deadly or dangerous weapon. Punishable by fine of $1-500, and potentially imprisonment up to 6 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a restriction on drawing or threatening certain arms and does not have an age restriction of any kind. |
| 328 | 1876 | Alabama | 1876-77 Ala. Code 882, § 4109. | Prohibited the carrying of a Bowie knife, pistol, or air gun, or any other weapon of "like kind or description," unless threatened with or having good cause to fear an attack or while traveling or setting out on a journey. Punishable by a fine of $50-300 and imprisonment or hard labor for no more than 6 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a carry restriction of certain weapons and does not have an age restriction of any kind. |
| **329** | 1876 | Colorado | 1876 Colo. Sess. Laws 304, § 154. | Prohibited the carrying with intent to assault another any pistol, gun, knife, dirk, bludgeon, | See Plaintiffs' response to Ex. No. 205 above.<br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a general carry restriction with the intent to assault a person and does not have an age restriction of any kind. |

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | | or other offensive weapon. | |
| **330** | 1876 | Georgia | 1876 Ga. L. 112, ch. 128. | Prohibited the transfer of any pistol, dirk, Bowie knife, or sword cane to a minor. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is restricts minors, not legal adults. Permits the sale, purchase, |

| | | | | | acquisition, possession and carrying of all long guns by minors and legal adults. |
|---|---|---|---|---|---|
| **331** | 1876 | Illinois – Village of Hyde Park | Consider H. Willett, Laws and Ordinances Governing the Village of Hyde Park [Illinois] Together with Its Charter and General Laws Affecting Municipal Corporations; Special Ordinances and Charters under Which Corporations Have Vested Rights in the Village. Also, Summary of Decisions of the Supreme Court Relating to Municipal Corporations, Taxation and Assessments, at 64 | Prohibited the carrying a concealed pistol, revolver, slungshot, knuckles, Bowie knife, dirk knife, dirk, dagger, or any other dangerous or deadly weapon without written permission from the Captain of Police. Exempted peace officers. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.  Not "relevantly similar" as it is a concealed carry and does not have an age restriction of any kind. It is also a local ordinance and not applicable to 99% of the population. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | (1876), Misdemeanors, § 39. | | |
| **332** | 1876 | Wyoming [Territory] | Wyo. Comp. Laws (1876) ch. 35, § 127, as codified in Wyo. Rev. Stat., Crimes (1887), Having possession of offensive weapons, § 1027. | Prohibited the carrying of a pistol, knife, dirk, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by fine up to $500 or imprisonment up to 6 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" as it is a general carry restriction with the intent to assault a person and does not have an age restriction of any kind. |

| 333 | 1877 | Alabama | Wade Keyes, The Code of Alabama, 1876, ch. 6, § 4230. | Prohibited the sale, giving, or lending of any pistol, Bowie knife, or "like knife" to any boy under the age of 18. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it restricts the sale of pistols and certain knives to "any boy under the age of 18." Law would not affect 18-20-year-old minors or legal adults. |

| 334 | 1877 | Alabama | Wade Keyes, The Code of Alabama, 1876, ch. 3, § 4109. | Prohibited the concealed carrying of any Bowie knife, or any other knife of like kind or description, pistol, air gun, slungshot, brass knuckles, or other deadly or dangerous weapon, unless the person was threatened with, or had good reason to apprehend, an attack, or "while traveling, or setting out on a journey." Punishable by fine of $50-300 and imprisonment of not more than 6 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of any kind. |
| 335 | 1877 | Colorado – Town of Georgetown | Edward O. Wolcott, The Ordinances of Georgetown [Colorado] Passed June 7th, A.D. | Prohibited the concealed carrying of any pistol, Bowie knife, dagger, or other deadly weapon. Punishable by a fine of $5-50. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not |

| | | | | | provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
| | | | | | Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of any kind. |
| | | | | | It is also a local ordinance inapplicable to 99% of the population. |

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | 1877, at 100, § 9. | | |
| **336** | 1877 | New Jersey | Mercer Beasley, Revision of the Statutes of New Jersey: Published under the Authority of the Legislature; by Virtue of an Act Approved April 4, 1871, at 304 (1877), An Act Concerning Disorderly Persons, § 2. | Prohibited The carrying of "any pistol, hanger, cutlass, bludgeon, or other offensive weapon, with intent to assault any person." Punishable as a "disorderly person." | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a general carry restriction with the intent to assault a person and does not have an age restriction of any kind. |

| 337 | 1877 | South Dakota [Territory] | S.D. Terr. Pen. Code (1877), § 457 as codified in S.D. Rev. Code, Penal Code (1903), §§ 470-471. | Prohibited the carrying, "whether concealed or not," of any slungshot, and prohibited the concealed carrying of any firearms or sharp or dangerous weapons. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a carry restriction and does not have an age restriction of any kind. |
| 338 | 1877 | Utah – City of Provo [Territory] | Chapter 5: Offenses Against the Person, undated, reprinted in The Revised Ordinances Of Provo City, Containing All The Ordinances In Force 105, 106-07 (1877) (Provo, Utah). | Prohibited carrying a pistol, or other firearm, slungshot, false knuckles, Bowie knife, dagger or any other "dangerous or deadly weapon." Punishable by fine up to $25. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not |

300

| | | | | | provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.

Not "relevantly similar" as it is a general carry restriction and does not have an age restriction of any kind. This is also a local ordinance inapplicable to 99% of the population. |
|---|---|---|---|---|---|

540

Case 3:19-cv-01226-L-AHG Document 139-11 Filed 03/24/24 PageID.14479 Page 53 of 248

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | § 182. | | |
| **339** | 1878 | Alabama – City of Uniontown | 1878 Ala. L. 437, ch. 314. | Authorized Uniontown to license dealers of pistols, Bowie knives, and dirk knives. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a licensing regulation and does not have an age restriction of any kind. |

|  |  |  |  |  | It is also a local ordinance inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **340** | 1878 | California – City of Los Angeles | William. M. Caswell, Revised Charter and Compiled Ordinances and Resolutions of the City of Los Angeles Page 85, Image 83 (1878) available at The Making of Modern Law: Primary Sources. 1878 Ordinances of the City of Los Angeles, § 36. | "In future, no persons, except peace officers, and persons actually traveling, and immediately passing through Los Angeles city, shall wear or carry any dirk, pistol, sword in a cane, slung-shot, or other dangerous or deadly weapon, concealed or otherwise, within the corporate limits of said city, under a penalty of not more than one hundred dollars fine, and imprisonment at the discretion of the Mayor, not to exceed ten days. It is hereby made the duty of each police officer of this city, when any stranger shall come within said corporate limits wearing or carrying weapons, to, as soon as possible, give them information and warning of this ordinance; and in case they refuse or decline to obey such warning by depositing their weapons in a place of safety, to complain of them immediately." | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a general carry restriction and does not have an age restriction of any kind. |
| **341** | 1878 | Mississippi | 1878 Miss. Laws 175, An Act to Prevent the Carrying of Concealed Weapons and for Other | Prohibited the carrying of a concealed Bowie knife, pistol, brass knuckles, slungshot or other deadly weapon. Excepted travels other than "a | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to |

| | | | | | keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of any kind. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| D. Dangerous Weapons Laws[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
|  |  |  | Purposes, § 1. | tramp." Punishable by fine of $5-100. |  |
| **342** | 1879 | Alabama – City of Montgomery | J. M. Falkner, The Code of Ordinances of the City Council of Montgomery [Alabama] (1879), § 428. | Prohibited carrying of a concealed Bowie knife, pistol, air gun, slungshot, brass knuckles, or other deadly or dangerous weapon. Punishable by a fine of $1-100. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of any kind. |

| 343 | 1879 | Idaho – City of Boise<br><br>[Territory] | Charter and Revised Ordinances of Boise City, Idaho. In Effect April 12, 1894, at 118-19 (1894), Carrying Concealed Weapons, § 36. | Prohibited the carrying a concealed Bowie knife, dirk knife, pistol or sword in cane, slungshot, metallic knuckles, or other dangerous or deadly weapon, unless traveling or setting out on a journey. Punishable by fine up to $25 and/or imprisonment up to 20 days. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of any kind.<br><br>It is also a local ordinance and inapplicable to 99% of the population. |

| 344 | 1879 | Kansas – City of Salina | Revised Ordinances of the City of Salina, Together with the Act Governing Cities of the Second Class: Also a Complete List of the Officers of Salina During its Organization as a Town and City of the Second and Third | "That it shall be unlawful for any person to carry on or about his person any pistol, bowie knife, dirk, or other deadly or dangerous weapon, anywhere within the limits of the city of Salina, save and except as hereinafter provided. § 2. This ordinance shall not apply to cases when any person carrying any weapon above mentioned is engaged in the pursuit of any lawful business, calling or employment and the circumstances in which such person is | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of any kind. It is also a local ordinance and inapplicable to 99% of the population. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | D. DANGEROUS WEAPONS LAWS[1] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Class Page 99, Image 100 (1879) available at The Making of Modern Law: Primary Sources. 1879 Ordinances of the City of Salina, An Ordinance Relating to the Carrying of Deadly Weapons, § 1. | placed at the time aforesaid, are such as to justify a prudent man in carrying such weapon, for the defense of his person, property or family, nor to cases where any person shall carry such weapon openly in his hands, for the purpose of sale, barter, or for repairing the same, or for use in any lawful occupation requiring the use of the same. § 3. Any person violating any of the provisions of this ordinance shall, upon 31 conviction thereof before the police court, be fined in any sum not less that twentyfive nor more than one hundred dollars." | |
| **345** | 1879 | Louisiana | La. Const. of 1879, art. III. | Provided the right to bear arms, but authorizes the passage of laws restricting the carrying of concealed weapons. | See Plaintiffs' response to Ex. No. 205 above.\n\nThis law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight |

| | | | | | into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
| | | | | | Not "relevantly similar" as it is a state constitutional provision permitting "laws restricting" concealed carry and does not have an age restriction of any kind. |
| 346 | 1879 | Montana [Territory] | 1879 Mont. Laws 359, Offences against the Lives and Persons of Individuals, ch. 4, § 23. | Prohibited dueling and killing a person involved with a rifle, shot-gun, pistol, Bowie knife, dirk, small-sword, back-sword, or other dangerous weapon. Punishable by death by hanging. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a law restricting dueling and killing of persons and does not have an age restriction of any kind. |

| 347 | 1879 | North | North Carolina: N.C. Sess. Laws (1879), ch. | Prohibited the concealed carrying of any pistol, Bowie knife, dirk, dagger, slungshot, | See Plaintiffs' response to Ex. No. 205 above. |
|-----|------|-------|---------------------------------|-----------------------------------------------------------------------------------|-----------------------------------------------|
| | | | | | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
| | | | | | Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of any kind. |

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | Carolina | 127, as codified in North Carolina Code, Crim. Code, ch. 25 (1883) § 1005, Concealed weapons, the carrying or unlawfully, a misdemeanor. | loaded case, metal knuckles, razor, or other deadly weapon. Exemption for carrying on the owner's premises. Punishable by fine or imprisonment at the discretion of the court. | |
| **348** | 1879 | Texas | 1879 Tex. Crim. Stat. tit. IX, Ch. 4. | "If any person in this state shall carry on or about his person, saddle, or in his saddle-bags, any pistol, dirk, dagger, slung-shot, sword-cane, spear, brass-knuckles, bowie-knife, or any other kind of knife manufactured or sold for the purposes of offense or defense, he shall be punished by fine of not less than twenty-five nor more than one hundred dollars; and, in addition thereto, shall forfeit to the county in which he is convicted, the weapon or weapons so carried." Exemptions for militia members. Also prohibited carrying in a church, religious assembly, schools, and other sensitive spaces. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a general carry |

311

| 349 | 1880 | Ohio | Michael Augustus Daugherty, The Revised Statutes and Other Acts of a General Nature of the State of Ohio: In Force January 1, 1880, at 1633 (Vol. 2, 1879), | Prohibited the concealed carrying of any pistol, Bowie knife, dirk, or other dangerous weapon. Punishable by a fine of up to $200 or imprisonment for up to 30 days for the first offense, and a fine of up to $500 or imprisonment for up to 3 months for the | restriction and does not have an age restriction of any kind.<br><br>See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of |

|  |  |  |  |  | any kind. |
|--|--|--|--|--|--|
|  |  |  |  |  |  |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | **D. Dangerous Weapons Laws[1]** | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Offences Against Public Peace, § 6892. | second offense. | |
| 350 | 1880 | South Carolina | 1880 S.C. Acts 448, § 1, as codified in S.C. Rev. Stat. (1894), § 129. | Prohibited the carrying of a concealed pistol, dirk, dagger, slungshot, metal knuckles, razor, or other deadly weapon. Punishable by fine up to $200 and/or imprisonment up to 1 year. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of any kind. |

314

| 351 | 1881 | Alabama | 1880-1881 Ala. L. 38-39, ch. 44. | Prohibited the concealed carrying of any Bowie knife, or any other knife of like kind or description, pistol, or firearm of "any other kind or description," or air gun. Punishable by fine of $50-300 and imprisonment of not more than 6 months. Further provided that fines collected under the statute would be monetary and not in-kind payments. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of any kind. |
| 352 | 1881 | Arkansas | 1881 Ark. Acts 191, ch. 96, § 1-2. | Prohibited the carrying of any dirk, Bowie knife, sword, spear cane, metal knuckles, razor, or any pistol (except pistols that are used in the Army or Navy if carried openly in the hand). | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not |

| | | | | | provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a general carry restriction and does not have an age restriction of any kind. |
|---|---|---|---|---|---|
| **353** | 1881 | Colorado | Colo. Rev. Stat 1774, § | Prohibited the concealed carrying of any | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of any kind. |

| | | | | **D. DANGEROUS WEAPONS LAWS[1]** | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | 248 (1881). | firearms, any pistol, revolver, Bowie knife, dagger, slingshot, brass knuckles, or other deadly weapon, unless authorized by chief of police. | |
| **354** | 1881 | Delaware | 1881 Del. Laws 987, An Act Providing for the Punishment of Persons Carrying Concealed Deadly Weapons, ch. 548, § 1. | Prohibited the carrying of concealed deadly weapons or selling deadly weapons other than an ordinary pocket knife to minors. Punishable by a fine of $25-200 or imprisonment for 10-30 days. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry |

317

| | | | | | restriction and does not have an age restriction of any kind. |
|---|---|---|---|---|---|
| **355** | 1881 | Illinois | Ill. Act of Apr. 16, 1881, as codified in Ill. Stat. Ann., Crim. Code 73 (1885), ch. 38, Possession or sale forbidden, § 1. | Prohibited the possession, selling, loaning, or hiring for barter of a slungshot or metallic knuckles or other deadly weapon. Punishable as a misdemeanor. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a restriction on slugshots, and metallic knuckles and does not have an age restriction of any kind. |

| 356 | 1881 | Illinois | Harvey Bostwick Hurd, Late Commissioner, The Revised Statutes of the State of Illinois. 1882. Comprising the "Revised Statutes of 1874," and All Amendments Thereto, | Prohibited selling, giving, loaning, hiring for barter any minor a pistol, revolver, derringer, Bowie knife, dirk or other deadly weapon. Punishable by fine of $25-200. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a restriction on minors, not legal adults. Also permits the selling, giving, and loaning of long guns to minors and legal adults. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Together with the General Acts of 1875, 1877, 1879, 1881 and 1882, Being All the General Statutes of the State, in Force on the First Day of December, 1882, at 375 (1882), Deadly Weapons: Selling or Giving to Minor, § 54b. | | |
| **357** | 1881 | Indiana | The Revised Statutes of Indiana: Containing, Also, the United States and Indiana Constitutions and an Appendix of Historical Documents. Vol. 1, at 366 (1881), Crimes, § 1957. | Prohibited maliciously or mischievously shooting a gun, rifle, pistol, or other missile or weapon, or throwing a stone, stick, club, or other substance at a vehicle. Punishable by imprisonment for 30 days to 1 year and a fine of $10-100. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." |

| | | | | | *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a restriction on shooting guns at vehicles. |
|---|---|---|---|---|---|
| **358** | 1881 | Nevada | David E. Baily, The General Statutes of the State of Nevada. In Force. From 1861 to 1885, Inclusive. With Citations of the Decisions of the | Prohibited a minor from carrying a concealed dirk, pistol, sword in case, slungshot, or other dangerous or deadly weapon. Punishable by fine of $20-200 and/or imprisonment of 30 days to 6 months. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction for minors, not legal adults. Law also permits the sale, purchase, acquisition, possession, and open carrying of all firearms for minors. |

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Supreme Court Relating Thereto, at 1077 (1885), An Act to prohibit the carrying of concealed weapons by minors, § 1. | | |
| **359** | 1881 | New York | George S. Diossy, The Statute Law of the State of New York: Comprising the Revised Statutes and All Other Laws of General Interest, in Force January 1, 1881, Arranged Alphabetically According to Subjects, at 321 (Vol. 1, 1881), Offenses Against Public Decency; Malicious Mischief, and Other Crimes not Before Enumerated, Concealed Weapons, § 9. | Prohibited using, attempting to use, or concealing a slungshot, billy, sandclub or metal knuckles, and any dirk. Punishable by imprisonment for up to 1 year and/or a fine up to $500. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a restriction on using or concealing certain |

322

| | | | | | impact weapons and does not have an age restriction of any kind. Nor does this law restrict firearms in any way. |
|---|---|---|---|---|---|
| **360** | 1881 | Tennessee – City of Nashville | William King McAlister Jr., Ordinances of the City of Nashville, to Which are Prefixed the State Laws Chartering | Prohibited the carrying of pistol, Bowie knife, dirk, slungshot, brass knuckles, or other deadly weapon. Punishable by fine of $10-50 for a first offense and $50 for subsequent offenses. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

|  |  |  |  |  | Not "relevantly similar" as it is a general carry restriction of certain knives and impact weapons and does not have an age restriction of any kind. Law also does not restrict firearms in any way.<br><br>It is also a local ordinance and inapplicable to 99% of the population. |
|--|--|--|--|--|--|

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | and Relating to the City, with an Appendix, at 340-41 (1881), Ordinances of the City of Nashville, Carrying Pistols, Bowie-Knives, Etc., § 1. | | |
| 361 | 1881 | Washington [Territory] | 1881 Wash. Code 181, Criminal Procedure, Offenses Against Public Policy, ch. 73, § 929. | Prohibited the carrying of "any concealed weapon." Punishable by fine up to $100 or imprisonment up to 30 days. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry |

**D. DANGEROUS WEAPONS LAWS[1]**

| | | | | | restriction and does not have an age restriction of any kind. |
|---|---|---|---|---|---|
| **362** | 1881 | Washington – City of New Tacoma [Territory] | 1881 Wash. Sess. Laws 76, An Act to Confer a City Govt. on New Tacoma, ch. 6, § 34, pt. 15. | Authorized New Tacoma to regulate transporting, storing, or selling gunpowder, giant powder, dynamite, nitroglycerine, or other combustibles without a license, as well as the carrying concealed deadly weapons, and the use of guns, pistols, firearms, firecrackers. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a explosive storage regulation and concealed carry restriction and does not have an age restriction of any kind. It is also a local ordinance and inapplicable to 99% of the population. |

326

| 363 | 1881 | Washington [Territory] | William Lair Hill, Ballinger's Annotated Codes and Statutes of | Prohibited exhibiting a dangerous weapon in a manner likely to cause terror. Punishable by fine up to $25. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a c restriction on exhibiting a dangerous weapon likely to cause terror and does not have an age restriction of any kind. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | D. DANGEROUS WEAPONS LAWS[1] | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Washington, Showing All Statutes in Force, Including the Session Laws of 1897, at 1956 (Vol. 2, 1897). | | |
| **364** | 1882 | Georgia | 1882-83 Gal. L. 48-49, ch. 94. | Prohibited the concealed carrying of any "pistol, dirk, sword in a cane, spear, Bowie-knife, or any other kind of knives manufactured and sold for the purpose of offense and defense." | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of |

| | | | | | any kind. Law also does not restrict long guns in any way. |
|---|---|---|---|---|---|
| **365** | 1882 | Georgia | 1882-83 Ga. L. 37, ch. 18. | Imposed $25 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it imposes a tax on dealers of handguns and Bowie knives and does not have an age restriction of any kind. The law also does not restrict long guns in any way. |

| 366 | 1882 | Iowa – City of Sioux City | S. J. Quincy, Revised Ordinances of the City of Sioux City, Iowa, at 62 (1882), Ordinances of the City of Sioux City, Iowa, § 4. | Prohibited the carrying a concealed pistol, revolver, slungshot, cross-knuckles, knuckles of lead, brass or other metal, or any Bowie knife, razor, billy, dirk, dirk knife or Bowie knife, or other dangerous weapon. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of any kind. The law also does not restrict long guns in any way.<br><br>It is also a local ordinance and inapplicable to 99% of the population. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **367** | 1882 | West Virginia | 1882 W. Va. Acts 421-22; W. Va. Code, ch. 148, § 7. | Prohibited the carrying of a pistol, dirk, Bowie knife, razor, slungshot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon. Also prohibited selling any such weapon to a minor. Punishable by fine of $25-200 and imprisonment of 1-12 months. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is restricts selling pistols, certain knives, and impact weapons to minor, not legal adults. Law also does not restrict long guns in any way. |

| 368 | 1883 | Illinois – City of Danville | Revised Ordinances of the City of Danville [Illinois], at 66 (1883), Ordinances of the City of Danville. Concealed Weapons, § 22. | Prohibited the carrying of a concealed pistol, revolver, derringer, Bowie knife, dirk, slungshot, metallic knuckles, or a razor, as a weapon, or any other deadly weapon. Also prohibited displaying the weapon in a threatening or boisterous manner. Punishable by fine of $1-100 and forfeiting the weapon, if ordered by the magistrate. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not have an age restriction of any kind. The law also does not restrict long guns in any way. It is also a local ordinance and inapplicable to 99% of the population. |

| 369 | 1883 | Kansas | 1883 Kan. Sess. Laws 159, An Act to Prevent Selling, Trading Or Giving Deadly Weapons or Toy Pistols to Minors, and to Provide Punishment Therefor, §§ 1-2. | Prohibited the selling, trading, giving, or loaning of a pistol, revolver, or toy pistol, dirk, Bowie knife, brass knuckles, slungshot, or other dangerous weapons to any minor, or to any person of notoriously unsound mind. Also prohibited the possession of such weapons by any minor. Punishable by fine of $5-100. Also prohibited a minor from possessing a pistol, | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a restriction minors, not legal adults. The law does not restrict minors or legal adults from selling, purchasing, acquiring, possessing, or carrying long guns in any way. |

333

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | D.  DANGEROUS WEAPONS LAWS[1] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | revolver, toy pistol by which cartridges may be exploded, dirk, Bowie knife, brass knuckles, slungshot, or other dangerous weapon. Punishable by fine of $1-10. | |
| 370 | 1883 | Missouri | 1883 Mo. Laws 76, An Act to Amend Section 1274, Article 2, Chapter 24 of the Revised Statutes of Missouri, Entitled "Of Crimes And Criminal Procedure" § 1274. | Prohibited the carrying of a concealed fire arms, Bowie knife, dirk, dagger, slungshot, or other deadly weapon to a church, school, election site, or other public setting or carrying in a threatening manner or while intoxicated. Punishable by fine of $25-200 and/or by imprisonment up to 6 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. The law also does not |

334

| | | | | | restrict long guns. |
|---|---|---|---|---|---|
| **371** | 1883 | Washington – City of Snohomish [Territory] | 1883 Wash. Sess. Laws 302, An Act to Incorporate the City of Snohomish, ch. 6, § 29, pt. 15. | Authorized City of Snohomish to regulate and prohibit carrying concealed deadly weapons and to prohibit using guns, pistols, firearms, firecrackers, bombs, and explosives. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. This is also a local ordinance and thus inapplicable to 99% of the |

| 372 | 1883 | Wisconsin – City of Oshkosh | 1883 Wis. Sess. Laws 713, An Act to Revise, consolidate And Amend The Charter Of The City Of Oshkosh, The Act Incorporating The City, And The Several Acts Amendatory Thereof, | Prohibited the carrying of a concealed pistol or colt, or slungshot, or cross knuckles or knuckles of lead, brass or other metal or Bowie knife, dirk knife, or dirk or dagger, or any other dangerous or deadly weapon. Punishable by confiscation of the weapon. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. The law also does not restrict long guns. This is also a local ordinance and thus inapplicable to 99% of the population. |

(continued) population.

336

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | ch. 6, § 3, pt. 56. | | |
| 373 | 1884 | Georgia | 1884-85 Ga. L. 23, ch. 52. | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a tax imposed on dealers of handguns and Bowie knives and does not restrict any arms |

**D. DANGEROUS WEAPONS LAWS[1]**

337

| | | | | | based on age. |
|---|---|---|---|---|---|
| **374** | 1884 | Maine | The Revised Statutes of the State of Maine, Passed August 29, 1883, and Taking Effect January 1, 1884, at 928, (1884), Prevention of Crimes, § 10. | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

338

| 375 | 1884 | Minnesota – City of Saint Paul | W. P. Murray, The Municipal Code of Saint Paul: Comprising the Laws of the State of Minnesota Relating to the City of Saint Paul, and the Ordinances of the Common Council; Revised to December 1, 1884, at 289 (1884), Concealed Weapons – | Prohibited the carrying of a concealed pistol or pistols, dirk, dagger, sword, slungshot, cross-knuckles, or knuckles of lead, brass or other metal, Bowie knife, dirk knife or razor, or any other dangerous or deadly weapon. Punishable by seizure of the weapon. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. This is also a local ordinance and thus inapplicable to 99% of the population. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | License, § 1. | | |
| **376** | 1884 | Tennessee | Tenn. Pub. Acts (1879), ch. 186, as codified in Tenn. Code (1884). | Prohibited the carrying, "publicly or privately," of any dirk, razor, sword cane, loaded cane, slungshot, brass knuckles, Spanish stiletto, belt or pocket pistol, revolver, or any kind of pistol. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by |

| 377 | 1884 | Vermont | 1884 Vt. Acts & Resolves 74, An Act Relating To Traps, § 1. | Prohibited the setting of any spring gun trap. Punishable by a fine of $50-500 and liability for twice the amount of any damage resulting from the trap. | minors or legal adults. |
|---|---|---|---|---|---|
| | | | | | See Plaintiffs' response to Ex. No. 205 above. |
| | | | | | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
| | | | | | Not "relevantly similar" as it is a restriction on setting "spring gun traps" and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of |

| | | | | | firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **378** | 1884 | Wyoming [Territory] | 1884 Wyo. Sess. Laws, ch. 67, § 1, as codified in Wyo. Rev. Stat., Crimes (1887): Exhibiting deadly weapon in angry manner. § 983. | Prohibited exhibiting in a threatening manner a fire-arm, Bowie knife, dirk, dagger, slungshot or other deadly weapon. Punishable by fine of $10-100 or imprisonment up to 6 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a restriction exhibiting in a threatening manner and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

| 379 | 1885 | Montana [Territory] | 1885 Mont. Laws 74, Deadly Weapons, An Act to Amend § 62 of Chapter IV of the Fourth | Prohibited possessing, carrying, or purchasing a dirk, dirk-knife, sword, sword cane, pistol, gun, or other deadly weapon, and from using the weapon in a threatening manner or in a | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a restriction on pistols and certain knives and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Division of the Revised Statutes, § 62-63. | fight. Punishable by fine of $10-100 and/or imprisonment for 1-3 months. | |
| **380** | 1885 | New York | George R. Donnan, Annotated Code of Criminal Procedure and Penal Code of the State of New York as Amended 1882-85, at 172 (1885), Carrying, Using, Etc., Certain Weapons, § 410. | Prohibited using or attempting to use, carrying, concealing, or possessing a slungshot, billy, sandclub or metal knuckles, or a dagger, dirk or dangerous knife. Punishable as a felony, and as a misdemeanor if a minor. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a restriction using certain knives and impact weapons and does not restrict any arms based on age. There is no restriction on the sale, |

| 381 | 1885 | New York – City of Syracuse | Charter and Ordinances of the City of Syracuse: Together with the Rules of the Common Council, the Rules and Regulations of the Police and Fire Departments, and the Civil Service Regulations, at 215 (1885), [Offenses Against the Public Peace and Quiet,] § 7. | Prohibited the carrying or using with the intent to do bodily harm a dirk, Bowie knife, sword or spear cane, pistol, revolver, slungshot, jimmy, brass knuckles, or other deadly or unlawful weapon. Punishable by a fine of $25-100 and/or imprisonment for 30 days to 3 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or |

*(continued from previous page, top right cell):* purchase, acquisition, possession of firearms by minors or legal adults.

| | | | | | legal adults. |
| | | | | | |
| | | | | | This is also a local ordinance and thus inapplicable to 99% of the population. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **D. DANGEROUS WEAPONS LAWS[1]** | |
| --- | --- | --- | --- | --- | --- |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **382** | 1885 | Oregon | 1885 Or. Laws 33, An Act to Prevent Persons from Carrying Concealed Weapons and to Provide for the Punishment of the Same, §§ 1-2. | Prohibited the concealed carrying of any revolver, pistol, or other firearm, or any knife (other than an "ordinary pocket knife"), or any dirk, dagger, slungshot, metal knuckles, or any instrument that could cause injury. Punishable by a fine of $10-200 or imprisonment for 5-100 days. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

347

| 383 | 1886 | Colorado – City of Denver | Isham White, The Laws and Ordinances of the City of Denver, Colorado, at 369, § 10 (1886). | Prohibited the carrying of any slungshot, colt, or metal knuckles while engaged in any breach of the peace. Punishable by a fine of $25-300. | See Plaintiffs' response to Ex. No. 205 above.

This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.

Not "relevantly similar" as it is a general carry restriction while in the act of any breach of peace and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.

This is also a local ordinance and thus inapplicable to 99% of the population. |

| 384 | 1886 | Georgia | 1886 Ga. L. 17, ch. 54. | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, Bowie knives, and "pistol or revolver cartridges." | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a tax imposed on dealers of handguns and Bowie knives and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
| 385 | 1886 | Maryland – County of Calvert | 1886 Md. Laws 315, An Act to Prevent the Carrying of Guns, Pistols, Dirk-knives, Razors, Billies or Bludgeons by any | Prohibited the carrying of a gun, pistol, dirk, dirk-knife, razor, billy or bludgeon on an election day. Punishable by a fine of $10-50. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War |

| | | | | | discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a "sensitive places" carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
| --- | --- | --- | --- | --- | --- |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **D. Dangerous Weapons Laws[1]** | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Person in Calvert County, on the Days of Election in said County, Within One Mile of the Polls § 1. | | |
| **386** | 1886 | Maryland – County of Calvert | John Prentiss Poe, The Maryland Code. Public Local Laws, Adopted by the General Assembly of Maryland March 14, 1888. Including also the Acts of the Session of 1888 Incorporated Therein, and Prefaced with the Constitution of the State, at 468-69 (Vol. 1, 1888), Concealed Weapons, § 30. | Prohibited the carrying of a concealed pistol, dirk knife, Bowie knife, slungshot, billy, sandclub, metal knuckles, razor, or any other dangerous or deadly weapon. Punishable by fine of up to $500 or imprisonment of up to 6 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on |

| | | | | | age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **387** | 1886 | Maryland | John Prentiss Poe, The Maryland Code. Public Local Laws, Adopted by the General Assembly of Maryland March 14, 1888. Including also the Acts of the Session of 1888 Incorporated | "Every person, not being a conservator of the peace entitled or required to carry such weapon as a part of his official equipment, who shall wear or carry any pistol, dirk-knife, bowie- knife, slung-shot, billy, sand-club, metal knuckles, razor, or any other dangerous or deadly weapon of any kind whatsoever, (penknives excepted,) concealed upon or about | See Plaintiffs' response to Ex. No. 205 above.<br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not |

| | | | | | restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Therein, and Prefaced with the Constitution of the State Page 468-469, Image 568-569 (Vol. 1, 1888) available at The Making of Modern Law: Primary Sources.<br><br>Carrying Weapons \| Maryland \| 1886.<br><br>Concealed Weapons, § 30. | his person; and every person who shall carry or wear any such weapon openly, with the intent or purpose of injuring any person, shall, upon conviction thereof, be fined not more than five hundred dollars, or be imprisoned not more than six months in jail or in the house of correction." | |
| **388** | 1887 | Alabama | 1886 Ala. L. 36, ch. 4. | Imposed $300 occupational tax on dealers of pistols, pistol cartridges, Bowie knives, and dirk knives. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." |

354

| | | | | | *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a tax imposed on dealers of handguns and certain knives and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **389** | 1887 | Iowa – City of Council Bluffs | Geoffrey Andrew Holmes, Compiled Ordinances of the City of Council Bluffs, and Containing the Statutes Applicable to Cities of the First-Class, Organized under the Laws of Iowa, at 206-07 (1887), Carrying Concealed Weapons | Prohibited the carrying of a concealed pistol or firearms, slungshot, brass knuckles, or knuckles of lead, brass or other metal or material, or any sandbag, air guns of any description, dagger, Bowie knife, or instrument for cutting, stabbing or striking, or other dangerous or deadly weapon, instrument or device. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, |

| | | | | | purchase, acquisition, possession of firearms by minors or legal adults. This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Prohibited, § 105. | | |
| **390** | 1887 | Kansas – City of Independence | O. P. Ergenbright, Revised Ordinances of the City of Independence, Kansas: Together with the Amended Laws Governing Cities of the Second Class and Standing Rules of the City Council, at 162 (1887), Weapons, § 27. | Prohibited using a pistol or other weapon in a hostile or threatening manner. Also prohibited carrying a concealed pistol, dirk, Bowie knife, revolver, slungshot, billy, brass, lead, or iron knuckles, or any deadly weapon. Punishable by fine of $5-100. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by |

| 391 | 1887 | Michigan | 1887 Mich. Pub. Acts 144, An Act to Prevent The Carrying Of Concealed Weapons, And To Provide Punishment Therefore, § 1. | Prohibited the carrying of a concealed dirk, dagger, sword, pistol, air gun, stiletto, metallic knuckles, pocket-billy, sandbag, skull cracker, slungshot, razor or other offensive and dangerous weapon or instrument. | minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population.<br><br>See Plaintiffs' response to Ex. No. 205 above.<br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources.'" *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, |

| | | | | | purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | | | |
| **392** | 1887 | Montana [Territory] | 1887 Mont. Laws 549, Criminal Laws, § 174. | Prohibited the carrying of any pistol, gun, knife, dirk-knife, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by fine up to $100 or imprisonment up to 3 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a carry restriction if one carries with the intent to assault a person and does not restrict any arms based on age. There is no restriction on the sale, purchase, |

| | | | | |
|---|---|---|---|---|
| | | | | acquisition, possession of firearms by minors or legal adults. |
| **393** | 1887 | New Mexico [Territory] | An Act to Prohibit the Unlawful Carrying and Use of Deadly Weapons, Feb. 18, 1887, reprinted in Acts of the Legislative Assembly of the Territory of New Mexico, Twenty-Seventh Session 55, 58 (1887) . | Defined "deadly weapons" as including pistols, whether the same be a revolved, repeater, derringer, or any kind or class of pistol or gun; any and all kinds of daggers, Bowie knives, poniards, butcher knives, dirk knives, and all such weapons with which dangerous cuts can be given, or with which dangerous thrusts can be inflicted, including sword canes, and any kind of sharp pointed canes; as also slungshots, bludgeons or any other deadly weapons. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a provision defining "deadly weapons." The law does not include long guns in this definition and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

| 394 | 1887 | Virginia | The Code of Virginia: With the Declaration of Independence and the Constitution of the United States; and the Constitution of Virginia, at 897 (1887), Offences Against the Peace, § | Prohibited the carrying of a concealed pistol, dirk, Bowie knife, razor, slingshot, or any weapon of the like kind. Punishable by fine of $20-100 and forfeiture of the weapon. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | **D.  DANGEROUS WEAPONS LAWS**[1] | | |
|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | 3780. | | |
| **395** | 1888 | Maryland – County of Kent | John Prentiss Poe, The Maryland Code: Public Local Laws, Adopted by the General Assembly of Maryland March 14, 1888. Including also the Public Local Acts of the Session of 1888 incorporated therein, at 1457 (Vol. 2, 1888), Election Districts–Fences, § 99. | Prohibited carrying, on days of an election, any gun, pistol, dirk, dirk-knife, razor, billy or bludgeon. Punishable by a fine of $5-20. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a carry restriction on "election days" and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, |

| | | | | | possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| | | | | | This is also a local ordinance and thus inapplicable to 99% of the population. |
| **396** | 1888 | Florida | Fla. Act of Aug. 6, 1888, ch. 1637, subch. 7, § 10, as codified in Fla. Rev. State., tit. 2, pt. 5 (1892). | Prohibited the concealed carrying of slungshot, metallic knuckles, billies, firearms, or other dangerous weapons if arrested for committing a criminal offense or disturbance of the peace. Punishable by imprisonment up to 1 year and a fine up to $50. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction while committing a crime and does not restrict any arms |

| | | | | | based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **397** | 1888 | Georgia | 1888 Ga. L. 22, ch. 123. | Imposed $25 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a imposed a tax on handgun and knife dealers and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of |

| | | | | | firearms by minors or legal adults. |
|---|---|---|---|---|---|
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **398** | 1888 | Maryland – City of Baltimore | John Prentiss Poe, The Maryland Code. Public Local Laws, Adopted by the General Assembly of Maryland March 14, 1888. Including also the Public Local Acts of the Session of 1888 Incorporated Therein, at 522-23 (Vol. 1, 1888), City of Baltimore, § 742. | Prohibited the carrying of a pistol, dirk knife, Bowie knife, slingshot, billy, brass, iron or any other metal knuckles, razor, or any other deadly weapon if arrested for being drunk and disorderly. Punishable by fine of $5-25, and confiscation of the weapon. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a general carry restriction while "being drunk and disorderly" and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by |

| | | | | | minors or legal adults. |
|---|---|---|---|---|---|
| | | | | | This is also a local ordinance and thus inapplicable to 99% of the population. |
| **399** | 1888 | Minnesota | George Brooks Young. General Statutes of the State of Minnesota in Force January 1, 1889, at 1006 (Vol. 2, 1888), Making, Selling, etc., Dangerous Weapons, §§ 333-34. | Prohibited manufacturing, selling, giving, or disposing of a slungshot, sandclub, or metal knuckles, or selling or giving a pistol or firearm to a minor without magistrate consent. Also prohibited carrying a concealed slungshot, sandclub, or metal knuckles, or a dagger, dirk, knife, pistol or other fire-arm, or any dangerous weapon. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is restricts minors, not legal adults from purchasing certain arms without magistrate |

| | | | | | consent.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **400** | 1888 | Utah – City of Salt Lake City<br><br>[Territory] | Dangerous and Concealed Weapon, Feb. 14, 1888, reprinted in The Revised Ordinances Of Salt Lake City, Utah 283 (1893) | Prohibited carrying a slingshot or any concealed deadly weapon without permission of the mayor. Punishable by fine up to $50. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

| | | | | | This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|

| | | | D. Dangerous Weapons Laws[1] | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | (Salt Lake City, Utah). § 14. | | |
| **401** | 1889 | Arizona [Territory] | 1889 Ariz. Sess. Laws 16, § 1. | Prohibited carrying of any pistol, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife, or any knife manufactured to offensive or defensive purposes. Punishable by a fine of $25-100 and forfeiture of the weapon. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, |

| 402 | 1889 | Idaho [Territory] | The Act of the Territory of Idaho approved February 4, 1889 (Sess. Laws 1889, p. 27). | Prohibited private persons from carrying "deadly weapons" within any city, town or village. | purchase, acquisition, possession of firearms by minors or legal adults. |
| | | | | | See Plaintiffs' response to Ex. No. 205 above. |
| | | | | | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
| | | | | | Not "relevantly similar" as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, |

| | | | | | possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **403** | 1889 | Pennsylvania – City of Johnstown | Laws of the City of Johnstown, Pa., Embracing City Charter, Act of Assembly of May 23, 1889, for the Government of Cities of the Third Class, General and Special Ordinances, Rules of Select and | Prohibited the concealed carrying of any pistol, razor, dirk, Bowie knife, blackjack, handy billy, or other deadly weapon. Punishable by fine of $5-50. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.

Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.

This is also a local ordinance and thus |

| | | | | | inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | Common Councils and Joint Sessions, at 86 (1897), An Ordinance for the Security of Persons and Property of the Inhabitants of the City of Johnstown; The preservation of the Public Peace and Good Order of the City, and Prescribing Penalties for Offenses Against the Same, § 12. | | |
| **404** | 1890 | Connecticut – City of New Haven | Charles Stoers Hamilton, Charter and Ordinances of the City of New Haven, Together with Legislative Acts Affecting Said City, at 164, § 192 (1890). | Prohibited the concealed carrying of any metal knuckles, pistol, slungshot, stiletto, or similar weapons, absent written permission of the mayor or superintendent of police. Punishable by a fine of $5-50. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight |

**D. DANGEROUS WEAPONS LAWS**[1]

| | | | | | |
|---|---|---|---|---|---|
| | | | | | into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
| **405** | 1890 | Georgia | 1890 Ga. L. 38, ch. 131. | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | See Plaintiffs' response to Ex. No. 205 above.<br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

| | | | | | Not "relevantly similar" as it is a tax imposed on dealers of handguns and certain knives and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **406** | 1890 | Louisiana | 890 La. L. 39, ch. 46. | Prohibiting the transfer of any pistol, dirk, Bowie knife, or "any other dangerous weapon, which may be carried concealed on a person to any person under the age of 21. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a restricts the sale and transfer of arms that "may be carried concealed" to persons under 21. There is no restriction on the sale, purchase, acquisition, possession of long guns |

| | | | | | by minors or legal adults. |
|---|---|---|---|---|---|
| **407** | 1890 | Maryland – City of Baltimore | John Prentiss Poe, The Baltimore City Code, Containing the Public Local Laws of Maryland Relating to the City of Baltimore, and the Ordinances of the Mayor and City Council, in Force on the First Day of November, 1891, with a Supplement, Containing the Public Local Laws Relating to the City of Baltimore, Passed at the Session of 1892 of the General Assembly, and also the Ordinances of the Mayor and City Council, Passed at the Session of 1891-92, and of 1892-1893, up to the Summer Recess of | Prohibited the carrying of a concealed pistol, dirk-knife, Bowie knife, slingshot, billy, sandclub, metal knuckles, razor or any other dangerous or deadly weapon, or who openly carries with the intent to injure a person. Punishable by fine of up to $500 and imprisonment up to 6 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. This is also a local ordinance and thus inapplicable to 99% of the |

379

| | | | | | population. |
|---|---|---|---|---|---|
| | | | | | |

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | 1893, at 297-98 (1893), Ordinances of Baltimore, § 742A. | | |
| **408** | 1890 | Nebraska – City of Omaha | W. J. Connell, The Revised Ordinances of the City of Omaha, Nebraska, Embracing All Ordinances of a General Nature in Force April 1, 1890, Together with the Charter for Metropolitan Cities, the Constitution of the United States and the Constitution of the State of Nebraska, at 344 (1890), Ordinances of Omaha, Concealed Weapons, § 10. | Prohibited the carrying of a concealed pistol or revolver, colt, billy, slungshot, brass knuckles or knuckles of lead, dirk, dagger, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon. Punishable by fine up to $100. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources.'" *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, |

| | | | | | purchase, acquisition, possession of firearms by minors or legal adults.

This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **409** | 1890 | Nebraska – City of Omaha | W. J. Connell, The Revised Ordinances of the City of Omaha, Nebraska, Embracing All Ordinances of a General Nature in Force April 1, 1890, Together with the Charter for | Prohibited the carrying of a concealed pistol or revolver, colt, billy, slungshot, brass knuckles or knuckles of lead, dirk, dagger, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon. Punishable by fine up to $100. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.

Not "relevantly similar" |

| | | | | | as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|

| | | | | **D. DANGEROUS WEAPONS LAWS[1]** | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Metropolitan Cities, the Constitution of the United States and the Constitution of the State of Nebraska, at 344 (1890), Ordinances of Omaha, Concealed Weapons, § 10. | | |
| 410 | 1890 | Oklahoma [Territory] | 1890 Okla. Laws 495, art. 47, §§ 1, 2, 10; Leander G. Pitman, The Statutes of Oklahoma, 1890. (From the Laws Passed by the First Legislative Assembly of the Territory), at 495-96 (1891). | Prohibited the concealed carrying of any pistol, revolver, Bowie knife, dirk, dagger, slungshot, sword cane, spear, metal knuckles, or any other knife or instrument manufactured or sold solely for defense. Also prohibited the carrying of any pistol, revolver, Bowie knife, dirk knife, loaded cane, billy, metal knuckles, or "any other offensive or defense weapon." Punishable by a fine of $50-500 and imprisonment for 3-12 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" |

| 411 | 1890 | Oklahoma [Territory] | 1890 Okla. Sess. Laws 475, Crimes Against The Public Health And Safety, §§ 18-19. | Prohibited the manufacture, sale, giving, or disposing of any instrument or weapon usually known as a slungshot, and prohibited the carrying any slungshot or similar weapon. | as it is a carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| | | | | | See Plaintiffs' response to Ex. No. 205 above. |
| | | | | | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
| | | | | | Not "relevantly similar" as it is a restriction on slungshot or similar |

| | | | | | impact weapons and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **412** | 1890 | Oklahoma – Town of Checotah [Territory] | General Laws Relating to Incorporated Towns of Indian Territory, at 37 (1890), Revised Ordinances of the Town of Checotah, Ordinance No. 11, § 3. | Prohibited the carrying of any pistol; dirk; butcher knife; Bowie knife; sword; spear-cane, metal knuckles, razor, slungshot, sandbag, or a switchblade. | |
| **413** | 1891 | Michigan | 1891 Mich. Pub. Acts 409, Police Department, pt 15. | Prohibited the carrying of a concealed pistol, revolver, Bowie knife, dirk, slungshot, billie, sandbag, false knuckles, or other dangerous weapon. Also prohibited lurking or being concealed with the intent to injure a person or property, or threatening to beat or kill a person or property. Punishable by fine up to $100 and the costs of prosecution, and in default of payment, imprisonment. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

| | | | | | Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **414** | 1891 | West Virginia | 1891 W. Va. Code 915, Of Offences Against the Peace, ch. 148, § 7. | Prohibited the carrying of a pistol, dirk, Bowie knife, razor, slungshot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon. Also prohibited selling such a weapon to a minor. Punishable by fine of $25-200 and imprisonment for 1-12 months. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a general carry restriction and only restrict the sale to minors, not legal adults. The law also does not restrict the sale of long guns to minors or legal adults. |

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | | |
| **415** | 1892 | Alabama | 1892 Ala. L. 183, ch. 95. | Imposed $300 occupational tax on dealers of pistols, pistol cartridges, Bowie knives, and dirk knives, and clarified that cartridges that can be used in a pistol shall be deemed pistol cartridges. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a tax imposed on dealers of handguns and certain knives and does not restrict any arms based on age. There is no restriction on the sale, |

| | | | | | purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **416** | 1892 | District of Columbia | Washington D.C. 27 Stat. 116 (1892) CHAP. 159.– An Act to punish the carrying or selling of deadly or dangerous weapons within the District of Columbia, and for other purposes. | "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That it shall not be lawful for any person or persons within the District of Columbia, to have concealed about their person any deadly or dangerous weapons, such as daggers, air-guns, pistols, bowie-knives, dirk knives or dirks, blackjacks, razors, razor blades, sword canes, slung shot, brass or other metal knuckles." | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

| 417 | 1892 | Georgia | 1892 Ga. L. 25, ch. 133. | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, Bowie knives, and metal knuckles. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a tax imposed on dealers of handguns and certain knives and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | D. DANGEROUS WEAPONS LAWS[1] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | | |
| **418** | 1892 | Vermont | No. 85.—An Act Against Carrying Concealed Weapons, Ch. 85, p. 95. 1892. | "Section 1. A person who shall carry a dangerous or deadly weapon, openly or concealed, with the intent or avowed purpose of injuring a fellow man, shall, upon conviction thereof, be punished by a fine not exceeding two hundred dollars, or by imprisonment not exceeding two years, or both, in the discretion of the court.<br><br>Sec. 2. A person who shall carry or have in his possession while a member of and in attendance upon any school, any firearms, dirk knife, bowie knife, dagger or other dangerous or deadly" | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by |

| | | | | | minors or legal adults. |
|---|---|---|---|---|---|
| **419** | 1892 | Washington – City of Tacoma | Albert R. Heilig, Ordinances of the City of Tacoma, Washington, at 333-34 (1892). | Prohibited the carrying of a concealed a revolver, pistol or other fire arms or any knife (other than an ordinary pocket knife) or any dirk or dagger, slingshot or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on |

| | | | | | age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **420** | 1893 | Arizona [Territory] | 1893 Ariz. Sess. Laws 3, § 1. | Prohibited the concealed carrying of any pistol or other firearm, dirk, dagger, slungshot, sword | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by |

| | | | | | minors or legal adults. |
|---|---|---|---|---|---|
| | | | | | |

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | | cane, spear, brass knuckles, Bowie knife (or any kind of knife, except a pocket knife not manufactured for offensive or defensive use). | |
| **421** | 1893 | Delaware | Revised Statutes of the State of Delaware, of Eight Hundred and Fifty-Two. As They Have Since Been Amended, Together with the Additional Laws of a Public and General Nature, Which Have Been Enacted Since the Publication of the Revised Code of Eighteen Fifty-Two. To the Year of Our Lord One Thousand Eight Hundred and Ninety-Three; to Which are Added the Constitutions of the United States and | Prohibited the concealed carrying of deadly weapons or selling deadly weapons other than an ordinary pocket knife, and prohibited discharging any firearm in any public road. Punishable by fine of $25-100 or by imprisonment for 10-30 days. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources.'" *Bruen,* 597 U.S. at 36. |

<p>D. D<small>ANGEROUS</small> W<small>EAPONS</small> L<small>AWS</small>[1]</p>

| | | | | | Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | of this State, the Declaration of Independence, and Appendix, at 987 (1893), An Act Providing for the Punishment of Persons Carrying Concealed Deadly Weapons, § 1. | | |
| **422** | 1893 | North Carolina | 1893 N.C. L. 468-69, ch. 514. | Prohibiting the transfer of any pistol, pistol cartridge, brass knucks, Bowie knife, dirk, loaded cane, or slingshot to a minor. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

| | | | | | Not "relevantly similar" as it is a on selling and transfers to minors, not legal adults. The law also does not restrict the sale, purchase, acquisition, possession of long guns by minors or legal adults. |
|---|---|---|---|---|---|
| **423** | 1893 | Rhode Island | 1893 R.I. Pub. Laws 231, An Act Prohibiting The Carrying Of Concealed Weapons, chap. 1180, § 1. | Prohibited the carrying of any dirk, Bowie knife, butcher knife, dagger, razor, sword cane, air-gun, billy, metal knuckles, slungshot, pistol, or firearm of any description. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the response to the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | D. DANGEROUS WEAPONS LAWS[1] | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | | |
| **424** | 1893 | Tennessee – City of Nashville | Claude Waller, Digest of the Ordinances of the City of Nashville, to Which are Prefixed the State Laws Incorporating, and Relating to, the City, with an Appendix Containing Various Grants and Franchises, at 364-65 (1893), Ordinances of the City of Nashville, § 738. | Prohibited the carrying of a pistol, Bowie knife, dirk knife, slungshot, brass knucks, or other deadly weapon. Punishable by fine of $10-50 for a first offense and $50 for subsequent offenses. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
| **425** | 1893 | Wyoming – City of Rawlins | A. McMicken, City Attorney, The Revised Ordinances of the City of Rawlins, Carbon County, Wyoming, at 131-32 (1893), Revised Ordinances of the City of Rawlins, Article VII, Carrying Firearms and Lethal Weapons, § 1. | Prohibited a person from possessing or carrying a pistol, revolver, knife, slungshot, bludgeon or other lethal weapon. Punishable by fine up to $100 or imprisonment up to 30 days. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a possession and carry restriction on pistols, knives, and impact |

| | | | | | weapons and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. Prohibition also does not apply to long guns.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **426** | 1895 | North Dakota | 1895 N.D. Rev. Codes 1293, Penal Code, | Prohibited the carrying of any slungshot or similar weapon, and the concealed carrying of | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on |

| | | | | | age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | D. DANGEROUS WEAPONS LAWS[1] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Crimes Against the Public Health and Safety, ch. 40, §§ 7312-13. | any firearm or any "sharp or dangerous weapon." | |
| **427** | 1895 | North Dakota | The Revised Codes of the State of North Dakota 1895 Together with the Constitution of the United States and of the State of North Dakota with the Amendments Thereto, at 1259 (1895). | Prohibited the setting of any spring or trap gun. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36.  Not "relevantly similar" as it is a restriction on setting "spring or trap gun[s]" and does not |

404

| | | | | | restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **428** | 1895 | Vermont – City of Barre | Ordinances of the City of Barre, Vermont, ch. 16, § 18 (1895). | Prohibited discharging a gun, pistol, or other loaded firearm, firecracker, serpent, or other explosive, unless on a person's own property or with the permission of the property owner. Also prohibited making a bonfire in the street except with city council permission and the carrying of concealed steel or brass knuckles, a pistol, slungshot, stiletto, or weapon of similar character. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a restriction on discharging a gun and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by |

| | | | | | minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **429** | 1896 | California – City of Fresno | L. W. Moultrie, City Attorney, Charter and Ordinances of the City | Prohibited the transfer to any minor under the age of 18 any gun, pistol or other firearm, dirk, Bowie knife, powder, shot, bullets, or any | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a restriction on "minors under the age of 18" There is no restriction on the sale, purchase, acquisition, possession of firearms by minors 18- |

406

| | | | | | years and over or legal adults. Additionally, unlike the challenged provision, this allows for sales to minors under 18 with parental consent.

This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|

| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
|  |  |  | of Fresno, 1896, at 37, § 53 (1896). | combustible or dangerous material, absent written consent of parent or guardian. |  |
| **430** | 1896 | California – City of Fresno | L. W. Moultrie, Charter and Ordinances of the City of Fresno, at 30, § 8 (1896). | Prohibited the concealed carrying of any pistol or firearm, slungshot, dirk, Bowie knife, or other deadly weapon, absent written permission. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no |

| | | | | | restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **431** | 1896 | Mississippi | 1896 Miss. L. 109-10, ch. 104. | Prohibited the carrying of a concealed Bowie knife, dirk, butcher knife, pistol, brass or metallic knuckles, slingshot, sword, or other deadly weapon "of like kind or description." | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

| 432 | 1896 | Rhode Island | General Laws of the State of Rhode Island and Providence Plantations to Which are Prefixed the Constitutions of the United States and of the | Prohibited the carrying of any dirk, Bowie knife, butcher knife, dagger, razor, sword cane, air-gun, billy, metal knuckles, slungshot, pistol, or firearm of any description. Exempted officers or watchmen whose duties required them to make arrests or guard prisoners or | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|------|------|------|------|------|------|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | State, at 1010-11 (1896), Offences Against Public Policy, §§ 23, 24, 26. | property. | |
| **433** | 1896 | Washington – City of Spokane | Rose M. Denny, The Municipal Code of the City of Spokane, Washington. Comprising the Ordinances of the City (Excepting Ordinances Establishing Street Grades) Revised to October 22, 1896, at 309-10 (1896), Ordinances of Spokane, An Ordinance to Punish the Carrying of Concealed Weapons within the City of Spokane, § 1. | Prohibited the carrying of a concealed revolver, pistol or other fire-arms, or any knife (other than an ordinary pocket knife) or any dirk or dagger, sling-shot or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property. punishable by fine of $25-100, cost of prosecution, and imprisonment until fines/costs are paid. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on |

| | | | | | age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| | | | | | This is also a local ordinance and thus inapplicable to 99% of the population. |
| **434** | 1897 | Alabama | William Logan Martin, Commissioner, The Code of Alabama, Adopted by Act of the General Assembly of | Tax of $300 on the sale of pistols, pistol cartridges, Bowie knives, and dirk knives. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |

| | | | | | Not "relevantly similar" as it is a tax imposed on the sale of handguns and certain knives and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

| D. Dangerous Weapons Laws[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | the State of Alabama, Approved February 16, 1897, § 27 (1897). | | |
| **435** | 1897 | Missouri – City of Saint Joseph | William K. Amick, The General Ordinances of the City of Saint Joseph (A City of the Second Class) Embracing all Ordinances of General Interest in Force July 15, 1897, together with the Laws of the State of Missouri of a General Nature Applicable to the City of St. Joseph. Compiled and Arranged, at 508 (1897), Concealed Weapons – Carrying of, § 7. | Prohibited the carrying of a concealed pistol or revolver, colt, billy, slungshot, cross knuckles or knuckles of lead, brass or other metal, dirk, dagger, razor, Bowie knife, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36.  Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, |

| | | | | | purchase, acquisition, possession of firearms by minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **436** | 1897 | Texas | 1897 Tex. Gen. Laws 221, An Act to Prevent the Barter, Sale And Gift of Any Pistol, Dirk, Dagger, Slung Shot, Sword Cane, Spear, or Knuckles Made of Any Metal Or Hard | Prohibited the selling or giving to a minor a pistol, dirk, dagger, slungshot, sword cane, spear or knuckles made of any metal or hard substance, Bowie knife or any other knife manufactured or sold for the purpose of offense or defense without the consent of their parent or guardian. Punishable by fine of $25- | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36.<br><br>Not "relevantly similar" |

| | | | | | as it is a restriction on minors and not legal adults. Law also does not restrict any long guns based on age. There is no restriction on the sale, purchase, acquisition, possession of long guns by minors or legal adults. Minors could also purchase pistols and other identified weapons with parental consent. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | D. DANGEROUS WEAPONS LAWS[1] | | |
| --- | --- | --- | --- | --- | --- |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Substance to Any Minor Without the Written Consent of the Parent or Guardian of Such Minor. . ., ch. 155. | 200 and/or imprisonment for 10-30 days. | |
| **437** | 1897 | Washington | Richard Achilles Ballinger, Ballinger's Annotated Codes and Statutes of Washington: Showing All Statutes in Force, Including the Session Laws of 1897, at 1956-57 (Vol. 2, 1897), Carrying Concealed Weapons, § 7084. | Prohibited the carrying of a concealed revolver, pistol, or other fire-arms, or any knife, (other than an ordinary pocket knife), or any dirk or dagger, sling-shot, or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property of any other person. Punishable by fine of $25-100 and/or imprisonment for 30 days. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on |

417

| 438 | 1898 | Georgia | 1898 Ga. L. 60, ch. 103. | Prohibited the concealed carry of any pistol, dirk, sword cane, spear, Bowie knife, other kind of knife "manufactured and sold for purpose of offense and defense," and any "kind of metal knucks." | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, |

*(continued from previous page, top cell, rightmost column):* age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.

| | | | | | purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D.  DANGEROUS WEAPONS LAWS[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **439** | 1898 | Oregon – City of Oregon City | The Charter of Oregon City, Oregon, Together with the Ordinances and Rules of Order, 259 (1898), An Ordinance Providing for the Punishment of Disorderly Persons, and Keepers and Owners of Disorderly Houses, § 2. | Prohibited the carrying of any slingshot, billy, dirk, pistol, or "any concealed deadly weapon," and the discharge of any firearm, air gun, sparrow gun, flipper, or bean shooter, unless in self-defense. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

| | | | | | This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **440** | 1899 | Alaska | Fred F. Barker, Compilation of the Acts of Congress and Treaties Relating to Alaska: From March 30, 1867, to March 3, 1905, at App. A, p. 139 (30 Stat. L. 1253 (1899)); 1896-99 Alaska Sess. Laws 1270, ch. 6, § 117. | Prohibited concealed carrying in any manner any revolver, pistol, other firearm, knife (other than an "ordinary pocket knife"), dirk, dagger, slungshot, metal knuckles, or any instrument that could cause injury to a person or property. | See Plaintiffs' response to Ex. No. 205 above. This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen*, 597 U.S. at 36. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, |

| 441 | 1899 | Nebraska – City of Fairfield | Compiled Ordinances of the City of Fairfield, Clay County, Nebraska, at 34 (1899), Ordinance No. 20, An Ordinance to | Prohibited the carrying of a concealed pistol, revolver, dirk, Bowie knife, billy, slingshot, metal knuckles, or other dangerous or deadly weapons.  Punishable by forfeiture and "shall be so adjudged." | purchase, acquisition, possession of firearms by minors or legal adults. |
| --- | --- | --- | --- | --- | --- |
| | | | | | See Plaintiffs' response to Ex. No. 205 above. |
| | | | | | This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36. |
| | | | | | Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, |

| | | | | | possession of firearms by minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
| --- | --- | --- | --- | --- | --- |

| | | | | D. DANGEROUS WEAPONS LAWS[1] | |
| --- | --- | --- | --- | --- | --- |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Prohibit the Carrying of Concealed Weapons and Fixing a Penalty for the violations of the same. Be it ordained by the Mayor and Council of the City of Fairfield, Nebraska: § 1. | | |
| **442** | 1899 | Texas – City of San Antonio | Theodore Harris, Charter and Ordinances of the City of San Antonio. Comprising All Ordinances of a General Character in Force August 7th, at 220 (1899), Ordinances of the City of San Antonio, Ordinances, ch. 22, § 4. | Prohibited drawing in a threatening manner a pistol, gun, knife, sword cane, club or any other instrument or weapon that may cause death. | See Plaintiffs' response to Ex. No. 205 above.<br><br>This law comes too late to shed much light on the scope of the Second Amendment "[B]ecause post-Civil War discussions of the right to keep and bear arms 'took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." *Bruen,* 597 U.S. at 36.<br><br>Not "relevantly similar" |

| | | | | | as it is a restriction on drawing handguns or knives in a threatening manner and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **443** | 1900 | Iowa – City of Des Moines | William H. Baily, The Revised Ordinances of Nineteen Hundred of the City of Des Moines, Iowa, at 89-90, (1900), Ordinances City of Des Moines, Weapons, Concealed, § 209. | Prohibited the carrying of a concealed pistol or other firearms, slungshot, brass knuckles, or knuckles of lead, brass or other metal or material, or any sandbag, air guns of any description, dagger, Bowie knife, dirk knife, or other knife or instrument for cutting, stabbing or striking, or other dangerous or deadly weapon. | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| | | | | | Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| \multicolumn... | | | | | |

| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
|---|---|---|---|---|---|
| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| | | | | | |
| **444** | 1900 | New York | 1900 N.Y. Laws 459, An Act to Amend Section Four Hundred and Nine of the Penal Code, Relative to Dangerous Weapons, ch. 222, § 1. | Prohibited manufacturing or selling a slungshot, billy, sandclub or metal knuckles, and prohibited selling a firearm to a minor in any city or incorporated village without written consent of police magistrate. Exempted any officer of the United States or peace officer when necessary and proper to discharge official duties. | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is a selling a firearm |

| | | | | | to a minor, not a legal adult. |
|---|---|---|---|---|---|
| **445** | 1901 | Arizona [Territory] | 1901 Ariz. 1251-53, §§ 381, 385, 390. | Prohibited the concealed carrying of any pistol or other firearm, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife (or any kind of knife, except a pocket knife not manufactured for offensive or defensive use). Exempted peace officers in discharge of official duties. Punishable by a fine of $25-100 and forfeiture of the weapon. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no |

| | | | | | restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| 446 | 1901 | Utah | 1901 Utah Laws 97-98, An Act Defining an Infernal Machine, and Prescribing Penalties for the Construction or | Prohibited the construction and possession of any "infernal machine," defined as a device with a loaded firearm that is capable of igniting when moved, handled, or opened. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is a restriction on |

| | | | | | "infernal machines" and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Contrivance of the Same, or Having Such Machine in Possession, or Delivering Such Machine to Any Person . . . , ch. 96, §§ 1-3. | | |
| **447** | 1903 | Oklahoma [Territory] | Wilson's Rev. & Ann. St. Okla.(1903) § 583, c. 25. | Prohibited the concealed carrying of any pistol, revolver, Bowie knife, dirk, dagger, slungshot, sword cane, spear, metal knuckles, or other kind of knife manufactured for defense. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| | | | | | Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **448** | 1903 | South Dakota | S.D. Rev. Code, Penal Code 1150 (1903) §§ 470, 471. | Prohibited the carrying of a concealed slungshot, firearm, or sharp or dangerous weapon. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is a concealed carry restriction and does not |

| | | | | | restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **449** | 1905 | Indiana | 1905 Ind. Acts 677, Public Conveyance—Attacking, § 410. | Prohibited maliciously or mischievously shooting a gun, rifle, pistol or other weapon, or throwing a stone, stick, club or any other substance at a vehicle. Punishable by imprisonment for 30 days to 1 year and a fine | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is a restriction on "mischievously shooting a gun" and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of |

| | | | | | firearms by minors or legal adults. |
|---|---|---|---|---|---|
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | of $10-100. | |
| **450** | 1905 | New Jersey | 1905 N.J. Laws 324-25, A Supplement to an Act Entitled "An Act for the Punishment of Crimes," ch. 172, § 1. | Prohibited the carrying of a concealed revolver, pistol or other deadly, offensive or dangerous weapon or firearm or any stiletto, dagger or razor. Punishable by fine up to $200 and/or imprisonment with hard labor up to 2 years. | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not |

| | | | | | restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| 451 | 1908 | Rhode Island | 1908 (January Session) R.I. Pub. Laws 145, An Act in Amendment of section 23 of chapter 283 of the General Laws, § 23. | Prohibited the carrying of any dirk, dagger, razor, sword cane, Bowie knife, butcher knife, air-gun, billy, metal knuckles, slungshot, pistol, other firearm. Exempted officers or watchmen. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | purchase, acquisition, possession of firearms by minors or legal adults. |
| **452** | 1909 | Idaho | 1909 Id. Sess. Laws 6, An Act To Regulate the Use and Carrying of Concealed Deadly Weapons and to Regulate the Sale or | Prohibited the carrying a concealed dirk, Bowie knife, dagger, slingshot, pistol, revolver, gun, or any other deadly or dangerous weapon in any public setting. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" |

| | | | | | as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | Delivery of Deadly Weapons to Minors Under the Age of Sixteen Years to Provide a Penalty for the Violation of the Provisions of this Act, and to Exempt Certain Persons, § 1. | | |
| 453 | 1909 | South Dakota | 1909 S.D. Sess. Laws 450, An Act for the Preservation, Propagation, Protection, Taking, Use and Transportation of Game and Fish and Establishing the Office of State Game Warden and Defining His Duties, ch. 240, §§ 21-22. | Prohibited the setting or possession of any "set gun." | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is a restriction on setting trap guns and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
| **454** | 1909 | Washington | 1909 Wash. Sess. Laws 973, An Act Relating to Crimes and Punishments and the Rights and Custody of Persons Accused or Convicted | Prohibited the setting of any trap, spring pistol, rifle, or other deadly weapon.  Punishable by imprisonment for up to 1 year or a fine of up to $1,000.  Further punishable by imprisonment for up to 20 years for non-fatal or fatal injuries | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

|  |  |  |  |  | Not "relevantly similar" as it is a restriction on selling and setting trap guns and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|--|--|--|--|--|--|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | of Crime, and Repealing Certain Acts, ch. 249, ch. 7, §266, pts. 1-3. | resulting from the trap. | |
| **455** | 1911 | New York | 1911 N.Y. Laws 442, An Act to Amend the Penal Law, in Relation to the Sale and Carrying of Dangerous Weapons, ch. 195, § 1. | Prohibited the manufacture, sale, giving, or disposing of any weapon of the kind usually known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, or metal knuckles, and the offering, sale, loaning, leasing, or giving of any gun, revolver, pistol, air gun, or spring-gun to a person under the age of 16. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" |

| | | | | | as it is a restrict sales to "persons under the age of 16." There is no restriction on the sale, purchase, acquisition, possession of firearms by minors 16 and over or legal adults. |
|---|---|---|---|---|---|
| **456** | 1911 | New York | 1911 N.Y. Laws 442-43, An Act to Amend the Penal Law, in Relation to the Sale and Carrying of Dangerous Weapons. ch. 195, § 1. | Prohibited the carrying or possession of any weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, or bludgeon, and the carrying or possession of any dagger, dirk, dangerous knife, razor, stiletto, or other "dangerous or deadly instrument or weapon" with intent to use the weapon unlawfully against another. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" |

| | | | | | as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|-----|------|-------------|----------|--------------------------|---------------------|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| | | | | | |
| **457** | 1912 | Vermont | 1912 Vt. Acts and Resolves 261. | Prohibited the setting of any spring gun. Punishable by a fine of $50-500 and liability for twice the amount of damage resulting from the trap. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is a restriction on |

| | | | | | setting "spring guns" and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **458** | 1913 | Florida | 1913 Fla. 117, An Act to Regulate the Hunting of Wild Deer etc., § 8. | Prohibited hunting wild game with automatic guns. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is a prohibits hunting with an automatic gun. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or |

| | | | | | legal adults. |
|---|---|---|---|---|---|
| **459** | 1913 | Hawaii [Territory] | 1913 Haw. Rev. Laws ch. 209, § 3089, Carrying Deadly Weapons, § 3089. | Prohibited the carrying a Bowie knife, sword cane, pistol, air-gun, slungshot, or other deadly weapon. Punishable by fine of $10-250 or imprisonment for 3-12 months, unless good cause can be shown for carrying the weapon. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is a carry restriction on handguns and certain knives and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

| 460 | 1913 | Iowa | 1913 Iowa Acts 307, ch. 297, §§ 1, 2. | Prohibited the carrying of a concealed dirk, dagger, sword, pistol, revolver, stiletto, metallic knuckles, picket billy, sandbag, skull cracker, slungshot, or other offensive and dangerous weapons or instruments. Also prohibited the selling, keeping for sale, offering for sale, loaning, or giving away any dirk, dagger, stiletto, metallic knuckles, sandbag, or "skull cracker." Exempted the selling or keeping for sale of "hunting and | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | fishing knives." | |
| **461** | 1913 | New York | 1913 N.Y. Laws 1627-30, vol. III, ch. 608, § 1, Carrying and Use of Dangerous Weapons Carrying Weapons, Dangerous or Unusual Weapons, § 1. | Prohibited the carrying or possession of any weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bludgeon, bomb, or bombshell, and the carrying or possession of any dagger, dirk, dangerous knife, razor, stiletto, or other "dangerous or deadly instruments or weapon." | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| | | | | | Not "relevantly similar" as it is a possession and carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **462** | 1915 | New Hampshire | 1915 N.H. Laws 180-81, An Act to Revise and Amend the Fish and Game Laws, ch. 133, pt. 2, § 18. | Prohibited the setting of a spring gun. Punished by a fine of $50-500. | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier |

| | | | | | evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is a restriction on setting "spring gun[s]" and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|-----|------|--------------|----------|---------------------------|----------------------|
| **463** | 1915 | North Dakota | 1915 N.D. Laws 96, An Act to Provide for the Punishment of Any Person Carrying Concealed Any Dangerous Weapons or Explosives, or Who Has the Same in His Possession, Custody or Control, unless Such Weapon or Explosive Is Carried in the Prosecution of a Legitimate and Lawful Purpose, ch. 83, §§ 1-3, 5. | Prohibited the concealed carrying of any instrument or weapon usually known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, or any sharp or dangerous weapon, any gun, revolver, pistol, or "other dangerous fire arm," nitroglycerin, dynamite, or any other dangerous or violent explosive. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. <br><br> Not "relevantly similar" as it is a concealed carry restriction and does not restrict any arms based on age. There is no |

| | | | | | restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **464** | 1917 | California | 1917 Cal. Stat. 221, § 1. | Prohibited the manufacture, leasing, keeping for sale, offering, giving, or disposing of any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, dirk, or dagger. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier |

| | | | | | evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is a restriction impact weapons and certain knives and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **465** | 1917 | California | 1917 Cal. Stat. 221, § 2. | Prohibited the possession of any instrument or | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| | | | | | Not "relevantly similar" as it is a possession and carry restriction impact weapons and knives and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, bomb, or bombshells, and the carrying of any dirk or dagger. | |
| **466** | 1917 | California | 1917 Cal. Stat. 221, § 5. | Prohibited the use, or carrying or possession with the intent to use, any dagger, dirk, dangerous knife, razor, stiletto, loaded pistol, revolver, or other firearm, blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bomb, bombshell, or other "dangerous or deadly instrument or weapon." | See Plaintiffs' response to Ex. No. 205 above. <br><br> Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second |

| | | | | | Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |
| | | | | | Not "relevantly similar" as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| | | | | | |
| **467** | 1917 | Missouri – City of Joplin | Joplin Code of 1917, Art. 67, § 1201. | Prohibited the carrying of a concealed firearm, Bowie knife, spring-back knife, razor, knuckles, bill, sword cane, dirk, dagger, slungshot, or other similar deadly weapons in a church, school, election site, court, or other public setting. Also prohibits using the weapon in a threatening manner, using while intoxicated, or selling to a minor. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is a restriction on selling to minors, not |

| | | | | | legal adults. |
|---|---|---|---|---|---|
| | | | | | This is also a local ordinance and thus inapplicable to 99% of the population. |
| **468** | 1917 | North Carolina – Harnett County | 1917 N.C. Sess. Laws 309, Pub. Local Laws, An Act to Regulate the Hunting of Quail in Harnett County, ch. 209, § 1. | Prohibited killing quail with a gun that shoots over two times before reloading. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is a hunting |

| | | | | | regulation and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.<br><br>This is also a local ordinance and thus inapplicable to 99% of the population. |
|---|---|---|---|---|---|
| **469** | 1917 | Oregon | 1917 Or. Sess. Laws 804-08, An Act Prohibiting the manufacture, sale, possession, carrying, or use of any blackjack, slungshot, billy, sandclub, sandbag, | Prohibited the attempted use, or the carry and possession with the intent to use, any dagger, dirk, dangerous knife, razor, stiletto, loaded pistol, revolver, or other firearm, or any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bomb, bombshell, or any other "dangerous or deadly | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" |

| | | | | | as it is a possession and carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | metal knuckles, dirk, dagger or stiletto, and regulating the carrying and sale of certain firearms, and defining the duties of certain executive officers, and providing penalties for violation of the provisions of this Act, § 7. | weapon." Punishable by a fine of $50-500 or imprisonment for 1-6 months. | |
| **470** | 1923 | California | 1923 Cal. Stat. 695, § 1. | Prohibited the manufacture, importation, keeping for sale, offering or exposing for sale, giving, lending, or possession of any instrument or weapon commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, and the concealed carrying of any dirk or dagger. Punishable by imprisonment for 1-5 years. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |
| | | | | | Not "relevantly similar" as it is a restriction impact weapons and a concealed carry restriction on certain knives and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
| **471** | 1923 | Missouri | 1923 Mo. Laws 241-42, An Act to Provide the Exercise of the Police Powers of the State by and through Prohibiting the Manufacture, Possession, Transportation, Sale and | Prohibited the carrying, while a passenger or operating a moving vehicle, of a revolver, gun or other firearm, or explosive, any Bowie knife, or other knife having a blade of more than two and one-half inches in length, any slingshot, brass knucks, billy, club or other dangerous weapon. Punishable by | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it |

| | | | | | contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.

Not "relevantly similar" as it is a general carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Disposition of Intoxicating Liquors. . .§ 17. | imprisonment of minimum 2 years. | |
| **472** | 1923 | South Carolina | 1923 S.C. Acts 221. | Prohibited the selling or giving to a minor a pistol or pistol cartridge, brass knucks, Bowie knife, dirk, loaded cane or slingshot. Also prohibited a parent from giving such a weapon to their child under 12 years old. Punishable by fine up to $50 or imprisonment up to 30 days. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| | | | | | Not "relevantly similar" as it is a restriction sales to minors, not legal adults. Law also does not restrict sales or giving of long guns to a minor. |
|---|---|---|---|---|---|
| **473** | 1923 | Vermont | 1923 Vt. Acts and Resolves 127, An Act to Prohibit the Use of Machine Guns and Automatic Rifles in Hunting, § 1. | Prohibited using, carrying, or possessing a machine gun or automatic rifle while hunting. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is a hunting/machine gun restriction and does not restrict any arms based on age. There is no restriction on the sale, |

| 474 | 1925 | Oregon | 1925 Or. Laws 42, An Act Prohibiting the Placing of Spring-Guns or Set-Guns; and Providing a Penalty Therefor, ch. 31, §§ 1-2. | Prohibited the setting of any loaded spring gun. Punishable by a fine of $100-500 or imprisonment for 30 days to 6 months. Exception for setting of trap gun to destroy burrowing rodents. | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is a restriction on "spring guns" and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, |

(continued from previous row) purchase, acquisition, possession of firearms by minors or legal adults.

| | | | | | possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **475** | 1925 | West Virginia | 1925 W.Va. Acts 25-30, 1st Extraordinary Sess., | Prohibited unlicensed carrying of a pistol, dirk, Bowie knife, slungshot, razor, billy, metallic or | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is a carry restriction and does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of |

| | | | | | firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | An Act to Amend and Re-Enact Section Seven . . . Relating to Offenses Against the Peace; Providing for the Granting and Revoking of Licenses and Permits Respecting the Use, Transportation and Possession of Weapons and Fire Arms. . . , ch. 3, § 7(a). | other false knuckles, or any other dangerous or deadly weapon. Punishable by imprisonment for 6-12 months for the first offense, and for 1-5 years for subsequent offenses, and in either case, a fine of $50-200. | |
| 476 | 1925 | West Virginia | 1925 W.Va. Acts 31-32, 1st Extraordinary Sess., An Act to Amend and Re-Enact Section Seven . . . Relating to Offenses Against the Peace . . . , ch. 3, § 7, pt. b. | Prohibited publicly displaying for rent or sale any revolver, pistol, dirk, Bowie knife, slungshot, other dangerous weapon, machine gun, submachine gun, or high powered rifle. Requires dealers to keep a register. Prohibited selling, renting, giving, or lending any of these weapons to an unnaturalized person. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not |

**D. DANGEROUS WEAPONS LAWS**[1]

470

| | | | | | provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
| **477** | 1925 | West Virginia | 1925 W.Va. Acts 30-31, 1st Extraordinary Sess., An Act to Amend and Re-Enact Section Seven . . . Relating to Offenses Against the Peace; | Prohibited carrying, transporting, or possessing a machine gun, submachine gun, or high powered rifle except on their own premises and with a permit. Also provides guidelines for such a permit. | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 |

| | | | | | U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Providing for the Granting and Revoking of Licenses and Permits Respecting the Use, Transportation and Possession of Weapons and Fire Arms . . . , ch. 3, § 7, pt. b. | | |
| **478** | 1927 | California | 1927 Cal. Stat. 938, An Act to Prohibit the Possession of Machine Rifles, Machine Guns and Submachine Guns Capable of Automatically and Continuously Discharging Loaded Ammunition of any Caliber in which the Ammunition is Fed to Such Guns from or by Means of Clips, Disks, Drums, Belts or other Seperable Mechanical Device, and Providing a Penalty for Violation Thereof, ch. 552, §§ 1, | Prohibited a person, firm, or corporation possessing a machine gun. Punishable by imprisonment up to 3 years and/or fine up to $5,000. | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier |

| | | | | | evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | 2. | | |
| **479** | 1927 | Indiana | 1927 Ind. Acts 469, Public Offenses— Ownership, Possession or Control of Machine Guns or Bombs— Penalty, ch. 156, § 1. | Prohibited owning or possessing a machine gun or bomb in an automobile. Punishable by imprisonment for 1-5 years. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. |

| | | | | | There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **480** | 1927 | Indiana | 1927 Ind. Acts 469, Operation of Machine Guns, Discharge of Bombs—Offense and Penalty:, ch. 156, § 2. | Prohibited discharging a machine gun or bomb. Punishable by imprisonment for 2-10 years. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of |

| | | | | | firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **481** | 1927 | Iowa | 927 Iowa Acts 201, An Act to prohibit the Possession or Control of Machine Guns. ..... , §§ 1 2. | Prohibited possession of a machine gun. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

| 482 | 1927 | Maryland | 1927 Md. Laws 156, § 388-B. | Prohibited possession of liquor in an automobile that also carries a gun, pistol, revolver, rifle machine gun, or other dangerous or deadly weapon. | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
| --- | --- | --- | --- | --- | --- |
| 483 | 1927 | Massachusetts | 1927 Mass. Acts 416, | Prohibited the carrying of a pistol, revolver, | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. |

| | | | | | *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.

Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | An Act Relative to Machine Guns and Other Firearms, ch. 326, § 5. | machine gun, stiletto, dagger, dirk knife, slungshot, metallic knuckles, or sawed off shotgun, billy, or dangerous weapon if arrested upon a warrant for an alleged crime. Punishable by imprisonment of 6 months to 2.5 years. | |
| **484** | 1927 | Massachusetts | 1927 Mass. Acts 413, An Act Relative to Machine Guns and Other Firearms, ch. 326, §§ 1-2 (amending §§ 121, 123). | Prohibited selling, renting, or leasing a pistol, revolver, or machine gun to a person without a license to possess the same. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second |

480

| | | | | | Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| 485 | 1927 | Michigan | 1927 Mich. Pub. Acts 888-89, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Firearms, § 3. | Prohibited manufacturing, selling, or possessing a machine gun, silencer, bomb, bombshell, blackjack, slungshot, billy, metallic knuckles, sandclub, bludgeon. Punishable by fineup to $1,000 or imprisonment. | See Plaintiffs' response to Ex. No. 205 above.<br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| | | | | | Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| **D. DANGEROUS WEAPONS LAWS**[1] |
| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| **486** | 1927 | Michigan | 1927 Mich. Pub. Acts 888-89, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Firearms, § 3. | Prohibited manufacturing, selling, or possessing a machine gun or firearm that can be fired more than 16 times without reloading. Also Prohibited the same for a muffler or silencer. Punishable by fine of $1,000 and/or imprisonment up to 5 years. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, |

| | | | | | acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **487** | 1927 | New Jersey | 1927 N.J. Laws 742, A Further Supplement to an Act Entitled, "An Act for the Punishment of Crimes," ch. 321, § 1. | Prohibited a pawnbroker from selling or possessing for sale, loan, or to give away a machine gun, automatic rifle, revolver, pistol, or other firearm, or other instrument of any kind known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, dagger, dirk, dangerous knife, stiletto, bomb or other high explosive. Punishable as a high misdemeanor. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

484

| 488 | 1927 | New Jersey | 1927 N.J. Laws 180-81, A Supplement to an Act Entitled "An Act for the | Prohibited selling, giving, loaning, delivering or furnishing, or possessing a machine gun or automatic rifle to another person without a | See Plaintiffs' response to Ex. No. 205 above.

Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.

Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | | | **D. DANGEROUS WEAPONS LAWS[1]** |
| | | | Punishment of Crimes," ch. 95, §§ 1-2. | license. | |
| **489** | 1927 | Rhode Island | 1927 (January Session) R.I. Pub. Laws 256, An Act to Regulate the Possession of Firearms: §§ 1, 4, 5, 6. | Prohibited carrying a concealed pistol and prohibited manufacturing, selling, purchasing, or possessing a machine gun. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict |

| 490 | 1927 | Rhode Island | 1927 R. I. Pub. Laws 256, An Act to Regulate the Possession of Firearms: §§ 1, 4, 7, 8. | Prohibited carrying a concealed pistol and Prohibited manufacturing, selling, purchasing, or possessing a machine gun or silencer. | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or |

The row above (continued from previous page):

any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.

| 491 | 1927 | Rhode Island | 1927 R.I. Pub. Laws 256, An Act to Regulate the Possession of Firearms, §§1, 3. | Prohibited a person who has previously been convicted of a violent crime from owning, carrying, or possessing any firearm (including machine gun or pistol). | legal adults. |
|---|---|---|---|---|---|
| | | | | | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

| 492 | 1929 | Indiana | 1929 Ind. Acts 139, Criminal Offenses—Commission of or Attempt to Commit Crime While Armed with Deadly Weapon, ch. 55, § 1. | Prohibited being armed with a pistol, revolver, rifle shotgun, machine gun, or any other firearm or dangerous weapon while committing or attempting to commit a crime of rape, robbery, bank robbery, or larceny. Punishable by imprisonment for 10-20 years, in addition to the punishment for the original crime. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
| 493 | 1929 | Michigan | 1929 Mich. Pub. Acts | Prohibited manufacturing, selling, or | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. |

| | | | | | *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | 529, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Firearms, § 3. | possessing a machine gun, silencer, bomb, bombshell, blackjack, slungshot, billy, metallic knuckles, sandclub, sandbag, bludgeon, or any gas ejecting device. | |
| 494 | 1929 | Michigan | 1929 Mich. Pub. Acts 529, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Firearms, § 3. | Prohibited manufacturing, selling, or possessing a machine gun or firearm that can be fired more than 16 times without reloading. Also Prohibited the same for a muffler or silencer. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the |

**D. DANGEROUS WEAPONS LAWS**[1]

491

| | | | | | meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.

Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
| --- | --- | --- | --- | --- | --- |
| **495** | 1929 | Missouri | 1929 Mo. Laws 170, Crimes and Punishment, Prohibiting the Sale, Delivery, Transportation, Possession, or Control of Machine Rifles, Machine Guns and Sub-machine Guns, and Providing Penalty for | Prohibited selling, delivering, transporting, and possessing a machine gun. Punishable by imprisonment of 2-30 years and/or fine up to $5,000. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

492

| | | | | | Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Violation of Law, §§ 1-2. | | |
| **496** | 1929 | Nebraska | 1929 Neb. Laws 674, An Act Prohibiting the Sale, Possession and Transportation of Machine Guns within the State of Nebraska; and Prescribing Penalties for the Violation of the Provisions Hereof, ch. 190, §§ 1-2. | Prohibited selling or otherwise disposing of a machine gun. Punishable by fine of $1,000-$10,000. Also Prohibited transporting or possessing a machine gun. Punishable by imprisonment for 1-10 years. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any |

| | | | | | arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **497** | 1929 | Pennsylvania | 1929 Pa. Laws 777, An Act prohibiting the sale, giving away, transfer, purchasing, owning, possession and use of machine guns: §§ 1, 4 | Prohibited selling, giving, transferring, or possessing a machine gun. Punishable by fine up to $1,000 and imprisonment by separate or solitary confinement at labor up to 5 years. Also Prohibited using a machine gun during an attempted crime. Punishable by separate and solitary confinement at labor for up to 10 years. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as |

| | | | | | it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **498** | 1929 | Pennsylvania | 1929 Pa. Laws 777, An Act prohibiting the sale, giving away, transfer, purchasing, owning, possession and use of | Prohibited being armed with a machine gun while committing a crime. Punishable by imprisonment with solitary confinement up to 10 years. | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, |

| | | | | | purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | machine guns, § 3. | | |
| **499** | 1929 | Wisconsin | 1928-1929 Wis. Sess. Laws 157, An Act to Create . . . the Statutes, Relating to Machine Guns and Providing a Penalty, ch. 132, § 1. | Prohibited owning, using, or possession a machine gun. Punishable by imprisonment of 1-15 years. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any arms based on age. There is |

| | | | | | no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **500** | 1931 | Delaware | 1931 Del. Laws 813, An Act Making it Unlawful for any Person or Persons Other than the State Military Forces or Duly Authorized Police Departments to have a Machine Gun in his or their Possession, and Prescribing a Penalty for Same, ch. 249, § 1. | Prohibited a person from possessing a machine gun. Punishable by fine and/or imprisonment. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by |

| | | | | | minors or legal adults. |
|---|---|---|---|---|---|
| **501** | 1931 | Illinois | 1931 Ill. Laws 452-53, An Act to Regulate the Sale, Possession and Transportation of Machine Guns, §§ 1-2. | Prohibited selling, loaning, or giving away, purchasing, possessing, carrying, or transporting any machine gun. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as |

| | | | | | it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **502** | 1931 | Illinois | 1931 Ill. Laws 454, An Act to Regulate the | Prohibited being armed with a machine gun while committing arson, assault, burglary, | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS**[1] | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Sale, Possession and Transportation of Machine Guns, § 7. | kidnapping, larceny, rioting, or robbery. Punishable by imprisonment for 5 years to life. | |
| **503** | 1931 | Michigan | 1931 Mich. Pub. Acts 671, The Michigan Penal Code, ch. 37, § 236. | Prohibited the setting of any spring or trap gun. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" |

| 504 | 1931 | New York | 1931 N.Y. Laws 1033, An Act to Amend the Penal Law in Relation to Carrying and Use of Glass Pistols, ch. 435, § 1. | Prohibited using an imitation pistol and carrying or possessing a black-jack, slungshot, billy, sandclub, sandbag, metal knuckles, bludgeon, dagger, dirk, dangerous knife, razor, stiletto, imitation pistol, machine gun, sawed off shot-gun, or any other dangerous or deadly weapon. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

(top partial cell, first row, last column:)
as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.

| 505 | 1931 | North Dakota | 1931 N.D. Laws 305-06, An Act to Prohibit the Possession, Sale and Use of Machine Guns, Sub-Machine Guns, or | Prohibited selling, giving, loaning, furnishing, or delivering a machine gun, submachine gun, automatic rifle, or bomb (without a license). Punishable by imprisonment up to 10 years | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Automatic Rifles and Defining the Same . . . , ch. 178, §§ 1-2. | and/or fine up to $3,000. | |
| **506** | 1932 | District of Columbia | District of Columbia 1932: 1932, Public-No. 275-72D Congress, ch. 465. | Prohibited being armed with or having readily available any pistol or other firearm while committing a violent crime. In addition to being punished for the crime, will also be punished with imprisonment (various terms depending on the number of previous convictions). Additionally, prohibited people convicted of violent crimes from owning or possessing a pistol. Prohibited carrying a concealed deadly or dangerous weapon. Regulates the sale and transfer of pistols. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as |

| | | | | | it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **507** | 1932 | Louisiana | 1932 La. Acts 337-38, An Act to Regulate the Sale, Possession and Transportation of Machine Guns, and Providing a Penalty for a Violation Hereof . . . , §§ 1-2. | Prohibited selling, loaning, giving, purchasing, possession, carrying, or transporting a machine gun. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as |

| | | | | | it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **508** | 1933 | California | 1933 Cal. Stat. 1169. | Prohibited a person, firm, or corporation from selling, possessing or transporting a machine gun. Punishable by imprisonment up to 3 years | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, |

| | | | | | purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

| | | | | **D. Dangerous Weapons Laws**[1] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | and/or fine up to $5,000. | |
| **509** | 1933 | Florida | 1933 Fla. Laws 623, An Act to Prevent Throwing of Bombs and the Discharge of Machine Guns Upon, or Across Any Public Road in the State of Florida . . ., ch. 16111, § 1. | Prohibited throwing a bomb or shooting a machine gun across or along a street or highway, any public park or place where people assemble with the intent to do bodily harm. Punishable by death. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any arms based on age. |

| | | | | | There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **510** | 1933 | Hawaii | 1933 Haw. Special Sess. Laws 117, An Act . . . Regulating The Sale, Transfer And Possession Of Certain Firearms, Tear Gas And Ammunition: § 2. | Prohibited a person, firm, or corporation from owning, possessing, selling, or transporting a machine gun, shell cartridge, or bomb containing or capable of emitting tear gas or other noxious gas. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on |

| | | | | | the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **511** | 1933 | Kansas | 1933 Kan. Sess. Laws 76, An Act Relating to Machine Guns and Other Firearms Making the Transportation or Possession Thereof Unlawful in Certain Cases, Providing for Search, Seizure and Confiscation Thereof in | Prohibited possession of a machine rifle, machine gun, or submachine gun. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.  Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, |

| | | | | | possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Certain Cases, Relating to the Ownership and Registration of Certain Firearms, and Providing Penalties for the Violation of this Act, ch. 62, §§ 1-3. | | |
| 512 | 1933 | Minnesota | 1933 Minn. Laws 231-33, An Act Making It Unlawful to Use, Own, Possess, Sell, Control or Transport a "Machine Gun", as Hereinafter Defined, and Providing a Penalty for the Violation Thereof, ch. 190, §§ 1-3. | Prohibited owning, controlling, using, possessing, selling, or transporting a machine gun. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 |

| | | | | | U.S. at 66 n.28. |
|---|---|---|---|---|---|
| | | | | | Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
| **513** | 1933 | New York | 1933 N.Y. Laws 1639, An Act to Amend the Penal Law, in Relation to the Sale, Possession and Use of Sub-Machine Guns, ch. 805, §§ 1, 3. | Prohibited selling, giving, disposing of, transporting, or possessing a machine gun or submachine gun to a person guilty of a felony. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any |

| | | | | | arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **514** | 1933 | Ohio | 1933 Ohio Laws 189-90, Reg. Sess., An Act. . | Prohibited owning, possessing, and transporting a machine gun, light machine gun, | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, |

| | | | | | acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | . Relative to the Sale and Possession of Machine Guns, § 1. | or submachine gun without a permit. Punishable by imprisonment of 1-10 years. | |
| 515 | 1933 | Oregon | 1933 Or. Laws 489, An Act to Amend Sections 72-201, 72-202, 72-207, Oregon Code 1930, ch. 315, §§ 3-4. | Prohibited possession of a machine gun. Also Prohibited carrying a concealed machine gun, pistol, revolver, or other firearm. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" |

| | | | | | as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **516** | 1933 | Oregon | 1933 Or. Laws 488, An Act to Amend Sections 72-201, 72-202, 72-207, Oregon Code 1930, § 2. | Prohibited a unnaturalized person and person convicted of a felony against another person or the government from owning or possessing a pistol, revolver, other firearm, or machine gun. Punishable by imprisonment for 1-5 years. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.

Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of |

| 517 | 1933 | South Dakota | 1933 S.D. Sess. Laws 245-47, An Act Relating to Machine Guns, and to Make Uniform the Law with Reference Thereto, ch. 206, §§ 1-8. | Prohibited possession of a machine gun during a violent crime. Punishable by imprisonment up to 15 years. Prohibited using a machine gun offensively or aggressively; punishable by imprisonment up to 15 years. Requires manufacturers to keep a register of machine guns and for owners to converted their machine guns to pistols to register the weapon. | See Plaintiffs' response to Ex. No. 205 above. |
|---|---|---|---|---|---|

Continuing in the rightmost column:

firearms by minors or legal adults.

See Plaintiffs' response to Ex. No. 205 above.

Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.

Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.

| 518 | 1933 | Texas | 1933 Tex. Gen. Laws 219-20, 1st Called Sess., An Act Defining "Machine Gun" and | Prohibited possession of a machine gun; punishable by imprisonment up to 10 years. Prohibited selling, leasing, giving, bartering, exchanging, or trading a machine gun; | See Plaintiffs' response to Ex. No. 205 above.<br><br>Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28.<br><br>Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **D. DANGEROUS WEAPONS LAWS[1]** | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | "Person"; Making It an Offense to Possess or Use Machine Guns. . . , ch. 82, §§ 1-4, 6. | punishable by imprisonment for 2 months to 10 years. | |
| **519** | 1933 | Washington | 1933 Wash. Sess. Laws 335-36, An Act Relating to Machine Guns, Regulating the Manufacture, Possession, Sale of Machine Guns and Parts, and Providing Penalty for the Violation Thereof, and Declaring an Emergency, ch. 64, §§ 1-5. | Prohibited manufacturing, owning, buying, selling, loaning, furnishing, transporting, or possessing a machine gun. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| | | | | | Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **520** | 1934 | New Jersey | 1934 N.J. Laws 394-95, A Further Supplement to an Act Entitled "An Act for the Punishment of Crimes," ch. 155, §§ 1-5. | Declares a person who possesses a machine gun or submachine gun a "gangster" and therefore, enemy of the state. Also declares a person who carries a deadly weapon without a permit a "gangster." If convicted a "gangster," punishable by fine up to $10,000 and/or imprisonment up to 20 years. | See Plaintiffs' response to Ex. No. 205 above.\n\nLaw comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. |

| | | | | | Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **521** | 1934 | South Carolina | 1934 S.C. Acts 1288, An Act regulating the use and possession of | Prohibited transporting, possessing, selling, renting, or giving a firearm or machine gun. Punishable by fine up to $1,000 and | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, |

| | | | | | acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|

| | | | | D. DANGEROUS WEAPONS LAWS[1] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Machine Guns: §§ 1-6. | imprisonment with solitary confinement up to 20 years. | |
| **522** | 1934 | Virginia | 1934 Va. Acts 137-39, An Act to define the term "machine gun"; to declare the use and possession of a machine gun for certain purposes a crime and to prescribe the punishment therefor, ch. 96, §§ 1-7. | Prohibited possession or use of a machine gun during a violent crime; punishable by death or imprisonment for a minimum of 20 years. Prohibited unlawful possession or use of a machine gun for offensive or aggressive purposes; punishable by imprisonment for a minimum of 10 years. Requires manufacturers to keep a register of machine guns. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any |

| | | | | | arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **523** | 1931-1933 | Wisconsin | 1931-1933 Wis. Sess. Laws 245-47, An Act . . .Relating to Machine Guns and to Make Uniform the Law with Reference Thereto, ch. 76, § 1, pt. 164.01-164.06. | Prohibited using or possessing a machine gun during an attempted violent crime; punishable by imprisonment of minimum 20 years. Prohibited use of a machine gun for offensive or aggressive purposes; punishable by imprisonment of minimum 10 years. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any arms based on age. There is |

| | | | | | no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| **524** | 1931-1933 | Wisconsin | 1931-1933 Wis. Sess. Laws 778, An Act . . . Relating to the Sale, Possession, Transportation and Use of Machine Guns and Other Weapons in | Prohibited selling, possessing, using, or transporting a machine gun, automatic firearm, bomb, hand grenade, projectile, shell, or other container that can contain tear or other gas. Punishable by imprisonment for 1-3 years. | See Plaintiffs' response to Ex. No. 205 above. Law comes too late to provide any insight into the meaning of the Second Amendment. *Bruen* entirely disregarded laws from the 20th century, noting that, "[a]s with…late-19th century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 597 U.S. at 66 n.28. Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, |

| | | | | | possession of firearms by minors or legal adults. |
|---|---|---|---|---|---|
| | | | | | |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| D. DANGEROUS WEAPONS LAWS[1] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | Certain Cases, and Providing a Penalty, ch. 359, § 1. | | |

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| E.  GUNPOWDER LAWS[2] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **525** | 1757-68 | Maryland | Md. Acts 53, An Act Prohibiting All Trade With The Indians, For The Time Therein Mentioned, § 3. | That it shall not be lawful for any person or persons within this Province, to sell or give to any Indian Woman or Child, any gunpowder, shot, or lead, whatsoever, nor to any Indian Man within this province, more than the quantity of one pound of gunpowder and six pounds of shot or lead, at any one time, and not those, or lesser quantities of powder or lead oftener than once in Six months, under the Penalty of Five Pounds Current Money for every pound of gunpowder. | Not "relevantly similar" as it is does not restrict any arms based on age. There is no restriction on the sale, purchase, acquisition, possession of firearms by minors or legal adults.<br><br>Inspection and licensing requirements imposed on the manufacture and/or sale of gunpowder provides no justification for an age-based firearms ban or age-based "licensing" or "training" requirement for the purchaser.<br><br>Gunpowder storage regulations are more akin to fire codes and land use/zoning ordinances. |

530

| 526 | 1775 | New Hampshire | 8 Documents and Records Relating to the State of New Hampshire During the Period of the American Revolution from 1776-1783 at 15-16 (Nathaniel Bouton ed. 1874), Jan. 12, 1775. | Requiring each firearm sold in the colony to possess certain specifications and pass inspection involving the safe firing of the gun. | See Plaintiffs responses to Ex. No. 525 above. |
| 527 | 1775 | Maryland | Resolution of the Maryland Council of Safety, August 19, 1775. | Approving purchase of muskets with detailed manufacturing specifications and requiring that they be proved before purchase. | See Plaintiffs responses to Ex. No. 525 above. |

[2] As explained in the declaration, *supra* paragraph 3, at this time Defendants do not provide exhibited copies of the laws referenced in categories (D) Dangerous Weapons Laws, and (E) Gunpowder Laws, but will do so if the Court so requests.

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | | |
|---|---|---|---|---|---|
| **E. GUNPOWDER LAWS** [2] | | | | | |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **528** | 1775 | Pennsylvania | Resolution of the Pennsylvania Committee on Safety, Oct. 27, 1775, Col. Rec. Penn. 10:383 | Requiring that all muskets be "proved" prior to purchase. | See Plaintiffs responses to Ex. No. 525 above. |
| **529** | 1776 | New Jersey | "Act for the Inspection of Gunpowder", 1776-1777, N.J. Laws 6, ch. 6. | Required the inspection of gunpowder prior to sale, and appointed state inspectors to "mark" lots that passed inspection. | See Plaintiffs responses to Ex. No. 525 above. |
| **530** | 1776 | Rhode Island | "An Act for the Inspection of Gunpowder Manufactured Within This State" 1776 R.I. Public Laws 25 (Oct. Session). | Requiring that before gunpowder could be sold it needed to pass inspection or adhere to certain safety standards. | See Plaintiffs responses to Ex. No. 525 above. |
| **531** | 1776 | Continental Army | E. Wayne Carp's To Starve The Army At Pleasure: Continental Army Administration And American Political Culture, 1775-1783 (1984) at 66-67. | George Washington ordered all Continental Army firearms stamped with an insignia: "U.S.XIII." in order to make it easier to identify cases where arms were being illegally sold in a secondary market to private individuals. | See Plaintiffs responses to Ex. No. 525 above. |
| **532** | 1780 | Continental | Letter from George Washington to Henry | "I think it will be best for you to give orders to the Officer superintending the Laboratory to | See Plaintiffs responses to Ex. No. 525 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | E. GUNPOWDER LAWS [2] | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | Army | Knox (Nov. 30, 1780), in The Writings of George Washington from the Original Manuscript Sources 1745-1799 (John C. Fitzpatrick, ed.). | have the Barrels sufficiently proved before they are delivered to Mr. Buel, as I suspect that they are most of them of the trash kind which Mr. .... Lee charges Mr. Deane[']s Agent with purchasing." | |
| **533** | 1783 | Massachusetts – City of Boston | 1783 Mass. Acts 37, § 2. | Prohibited the possession of any "fire arms," and among other devices, loaded with any gun powder. Punishable by forfeiture and sale at public auction. | See Plaintiffs responses to Ex. No. 525 above. |
| **534** | 1784 | New York – City of New York City | 1784 Laws of N.Y. 627, ch. 28. | Prohibited any person to keep any quantity of gun powder exceeding 28 pounds and required storage in separate containers. Punishable by forfeiture and fine. | See Plaintiffs responses to Ex. No. 525 above. |
| **535** | 1794 | Pennsylvania | Pa. Laws 764, An Act Providing For The Inspection Of Gunpowder chap. 337. | "Whereas gun-powder imported from abroad, and manufactured within this state, have frequently been found to vary much in its strength, and sometimes of inferior qualities, and its defects not discovered until brought into actual use : and whereas the modes herefore rules to prove the force thereof have been found uncertain and variable; and whereas Joseph Leacock, of the city of Philadelphia, hath invented an engine, called a pendulum powder proof, with a graduated arch | See Plaintiffs responses to Ex. No. 525 above. |

533

| E. GUNPOWDER LAWS[2] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | and catch pall, by which it is conceived that the force of gunpowder may be proved by experiment, and the article reduced to certain and uniform standards of strength, whereby the manufacture may be advanced towards ultimate perfection, and the purchaser and consumer protected against fraud and imposition." | |
| **536** | 1805 | Massachusetts | 1804 Mass. Acts. 111, ch. 81, An Act to Provide for the Proof of Fire Arms Manufactured Within this Commonwealth. | To prevent harm to residents from the sale of unsafe firearms. The law required the appointment of inspectors, up to two per county, who would "prove," i.e. test and inspect, all musket barrels and pistol barrels. The law detailed the manner in which these inspections were to be conducted, which included testing the firearm to ensure it would not fail and that it could carry a shot over a certain distance. If the firearm passed inspection, then the inspector would stamp it with the inspector's initials and the year onto the barrel so that the stamp could not be erased or disfigured. | See Plaintiffs responses to Ex. No. 525 above. |
| **537** | 1811 | New Hampshire | N.H. Laws 74, An Act To Regulate The Keeping And Selling, And Transporting Of Gunpowder, chap. 61, § | "That if any person or persons shall sell or offer for sale by retail any gunpowder in any highway, or in any street, lane, or alley, or on any wharf, or on parade or common, such person so offending shall forfeit and pay for | See Plaintiffs responses to Ex. No. 525 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| | | | | E. GUNPOWDER LAWS [2] | | |
|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | 5. | each and every offense a sum not more than five dollars nor less than one dollar, to be recovered and applied as aforesaid." | |
| **538** | 1811 | New Jersey | N.J. Laws 300, An Act To Regulate Gun Powder Manufactures And Magazines Within This State. | "No person or persons whatsoever shall be permitted within this state to erect or establish or cause to be erected or established any manufactory which shall be actually employed in manufacturing gun powder either by himself or any other person, either on his own land or another, within the distance of a quarter of a mile from any dwelling house, barn or out house, without the consent under hand and seal of all and every the owner or owners of such dwelling house." | See Plaintiffs responses to Ex. No. 525 above. |
| **539** | 1814 | Massachusetts | 1814 Mass. Acts 464, An Act In Addition To An Act, Entitled "An Act To Provide For The Proof Of Fire Arms, Manufactured Within This Commonwealth," ch. 192. | § 1 ("All musket barrels and pistol barrels, manufactured within this Commonwealth, shall, before the same shall be sold, and before the same shall be stocked, be proved by the person appointed according to the provisions of an act .........."); § 2 ("That if any person of persons, from and after the passing of this act, shall manufacture, within this Commonwealth, any musket or pistol, or shall sell and deliver, or shall knowingly purchase any musket or pistol, without having the barrels first proved according to the provisions of the first section of this act, marked and stamped according the | See Plaintiffs responses to Ex. No. 525 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | E. GUNPOWDER LAWS [2] | | | |
|---|---|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | | provisions of the first section of the act.") | |
| **540** | 1820 | New Hampshire | N.H. Laws 274, An Act To Provide For The Appointment Of Inspectors And Regulating The Manufacture Of Gunpowder, chap XXV, §§ 1-9. | The Governor is hereby authorized to appoint an inspector of gunpowder for every public powder magazine, and at every manufactory of gunpowder in this state. § 2. And be it further enacted that from and after the first day of July next, all gunpowder which shall be manufactured within this estate shall be composed of the following proportions and quality of materials. . . § 3. It shall be the duty of each of said inspectors to inspect examine and prove all gunpowder which after the first day of July shall not be deposited at any public powder magazine, or manufactory of this state. . . § 4: No gunpowder within this state shall be considered to be of proof unless one ounce thereof, placed in a chamber of a four inch howitzer and elevated so as to form an angle of forty five degrees with the horizon, will, upon being fired throw a twelve pound shot seventy five yards at the lease. § 5: When ever any of said inspectors shall discover any gunpowder, deposited at any public powder magazine, or any other place within this state, which is not well manufactured or which is composed of impure materials . . . the inspector in such case, shall mark each cask containing such impure ill manufactured or deficient | See Plaintiffs responses to Ex. No. 525 above. |

| | | | | E. GUNPOWDER LAWS [2] | | |
| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Response |
| --- | --- | --- | --- | --- | --- |
| | | | | gunpowder. § 6. If any person shall knowingly sell any condemned gunpowder . . . every such person, so offending , shall forfeit and pay not less than two hundred dollars nor more than five hundred dollars. . . § 7. Each inspector . . . be shown to the faithful and impartial discharge of the duties of his office, and each inspector one cent for each pound gunpowder, by him examined inspected and proved § 8. That if any manufacturer of gunpowder meant to be sold inspected . . . shall forfeit . . . not less than two dollars . . . § That if any person with within this state . . shall knowingly . . . shall forfeit not less than 5 dollars nor more than 500 dollars." | |
| 541 | 1821 | Maine | 1821 Laws of the State of Maine 685-86, vol. 2, § 3, An Act to Provide for the Proof of Fire Arms. | Required the governor to appoint inspectors of firearms who would then ensure that firearms met certain safety standards and stamped prior to their sale. | See Plaintiffs responses to Ex. No. 525 above. |
| 542 | 1825 | New Hampshire | An Act To Regulate The Keeping And Selling, And Transporting Of Gunpowder, 1825 N.H. Laws 74, chap. 61, § 5 | Penalizing the selling or offer for sale of gunpowder in any highway, street, lane, alley, wharf, parade, or common | See Plaintiffs responses to Ex. No. 525 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | E. GUNPOWDER LAWS [2] | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| **543** | 1836 | Connecticut – Cities of Hartford, New Haven, New London, Norwich, and Middletown | Acts 105 (Reg. Sess.) An Act Incorporating The Cities of Hartford, New Haven, New London, Norwich and Middletown, chap. 1, § 20. | Relative to prohibiting and regulating the bringing in, and conveying out, or storing of gunpowder in said cities. | |
| **544** | 1845 | Iowa | Iowa Laws 119, An Act to Incorporate and Establish the City of Dubuque, chap 123, § 12. | They shall have power from time to time to make and publish all such laws and ordinances as to them shall seem necessary to provide for the safety, preserve health, promote the prosperity and improve the morals, order, comfort and convenience of said city, and the inhabitants thereof, to impose fines, forfeitures and penalties on all persons offending against the laws and ordinances of said city, and provide for the prosecution, recovery and collection thereof, and shall have power to regulate by ordinance the keeping and sale of gunpowder within the city. | See Plaintiffs responses to Ex. No. 525 above. |
| **545** | 1847 | Indiana | Ind. Acts 93, An Act To Reduce the Law Incorporating the City of Madison, and the Several Acts | To regulate and license, or provide by ordinance for regulating and licensing for the keepers of gunpowder and other explosive compounds. | See Plaintiffs responses to Ex. No. 525 above. |

538

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
**Grabarsky Declaration**
**Historical Laws**

| | | | | E.  GUNPOWDER LAWS [2] | | |
| --- | --- | --- | --- | --- | --- | --- |
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | | **Plaintiffs' Response** |
| | | | Amendatory thereto Into One Act, And To Amend the Same, chap 61, § 8,  pt. 4. | | | |
| **546** | 1849 | Ohio | Ohio Laws 408, An Act To Incorporate The Town Of Ripley In The County Of Brown, § 4 | That the said town council of Ripley shall have power to ordain and establish laws and ordinances . . . to regulate the sale of gunpowder therein. | | See Plaintiffs responses to Ex. No. 525 above. |
| **547** | 1851 | Illinois – City of Chicago | Ordinances of the City of Chicago, Ill., ch. 16, § 1. | Prohibiting the keeping, sale, or giving away of gun powder or gun cotton "in any quantity" absent written permission of the authorities. Punishable by a fine of $25 per offense. | | See Plaintiffs responses to Ex. No. 525 above. |
| **548** | 1858 | Minnesota – City of St. Paul | Ordinances of the City of St. Paul, Minn., ch. 21, § 1. | Prohibited the keeping, sale, or giving away of gun powder or gun cotton "in any quantity" absent payment of $5 to the City Treasurer and written permission of the authorities. Authorized any person to "keep for his own use" no more than 1 pound of gun powder or gun cotton at any one time.  Punishable by a fine not to exceed $50 per offense. | | See Plaintiffs responses to Ex. No. 525 above. |
| **549** | 1859 | Massachusetts | 1 The General Statutes of the Commonwealth of Massachusetts: Enacted December 28, 1859, to Take Effect | Renewing and updating firearm proving and gunpowder safety inspection laws. | | See Plaintiffs responses to Ex. No. 525 above. |

*Chavez v. Bonta*, No. 3:19-cv-01226-L-AHG
Grabarsky Declaration
Historical Laws

| E. GUNPOWDER LAWS [2] | | | | | |
|---|---|---|---|---|---|
| **No.** | **Year** | **Jurisdiction** | **Citation** | **Description of Regulation** | **Plaintiffs' Response** |
| | | | June 1, 1860 (2d ed., William A. Richardson & George P. Sanger, eds.) 255 (1873). | | |
| **550** | 1865 | Vermont | Vt. Acts & Resolves 213, An Act To Amend An Act Entitled "An Act To Incorporate The Village Of Rutland,:" Approved November 15, 1847, § 10. | "…and said fire wardens may inspect the manner of manufacturing and keeping gunpowder, lime, ashes, matches, lights, fireworks of all kinds, and other combustibles, . . . and said fire-wardens may, if they deem the same to be dangerous, order the persons manufacturing and keeping such gun powder . . . in what manner to manufacture and keep the same." | See Plaintiffs responses to Ex. No. 525 above. |
| **551** | 1867-68 | Tennessee | Tenn. Pub. Acts 26, An Act To Amend The Charter Of The City Of Memphis, And For Other Purposes, pt. 20. | To provide for the prevention and extinguishment of fires . . . to regulate and prevent carrying on manufactures dangerous in causing or producing fire . . . | See Plaintiffs responses to Ex. No. 525 above.. |