ROB BONTA
Attorney General of California
ANYA M. BINSACCA
Supervising Deputy Attorney General
TODD GRABARSKY
STEPHANIE ALBRECHT
CAROLYN DOWNS
Deputy Attorneys General
JENNIFER E. ROSENBERG
Deputy Attorney General
State Bar No. 275496
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6617
  Fax:  (916) 731-2124
  E-mail:  Jennifer.Rosenberg@doj.ca.gov
*Attorneys for Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, and Allison Mendoza, in her official capacity as Director of the Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE CHAVEZ, *et al.*,**<br><br>                              Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California, *et al.*,**<br><br>                              Defendants. | 3:19-cv-01226-L-AHG<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     May 13, 2024<br>Time:    10:30 a.m.<br>Dept:     5B<br>Judge:   The Honorable  M. James Lorenz and Magistrate Judge Allison H. Goddard<br><br>Action Filed:     July 1, 2019<br><br>Third Amended Complaint Filed: March 22, 2023<br><br>***NO ORAL ARGUMENT PURSUANT TO LOCAL RULE UNLESS ORDERED BY THE COURT*** |

1

Defendant Rob Bonta, in his official capacity as Attorney General of the State of California, and Defendant Allison Mendoza, in her official capacity as the Director of the Department of Justice Bureau of Firearms, submit the following objections to evidence submitted by Plaintiffs in support of their motion for summary judgment. The objections are organized in this order: (1) objections to Plaintiffs' references to their pleadings and supporting documents, including expert declarations that Plaintiffs submitted in support of their motion for preliminary injunction; (2) objections to legal argument in Plaintiffs' summary charts of laws; and (3) objections to Plaintiffs' mischaracterization and annotation of Defendants' expert materials.

**I.    OBJECTIONS TO REFERENCES TO PLEADINGS AND EXPERT DECLARATIONS**

In support of their motion for summary judgment, Plaintiffs purport to rely on "the matters on file with this Court (including the evidence submitted by Plaintiffs in support of its previously filed motions for preliminary injunction, (ECF Nos. 21-2 through 21-22 and ECF Nos. 103 and 118)." (ECF No. 136.)

As an initial matter, Plaintiffs cannot rely on their pleadings as substantive evidence in support of their summary judgment motion. *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1099 (9th Cir. 2010) ("[P]leadings are not considered evidence."); *Acasio v. Lucy*, No. 14-cv-04689-JSC, 2017 WL 1316537, at *13 (N.D. Cal. Apr. 10, 2017) (sustaining objection to considering pleading allegations, noting, "Plaintiff is free to reference the pleadings and the Court's orders settling the pleadings, but neither the pleading allegations nor the Court's orders is evidence that Plaintiff can use to sustain her burden of proof on summary judgment or at trial").

Moreover, evidence that Plaintiffs submitted in support of their motions for preliminary injunction included declarations from experts who purported to opine on key issues in this case, which may not now be considered. Specifically,

2

Defs.' Objections to Evidence ISO Pls.' Motion for Summary Judgment (3:19-cv-01226-L-AHG)

| | |
|---|---|
| 1 | Plaintiffs included the Declaration of David T. Hardy (ECF Nos. 21-11 - 21-14), |
| 2 | who opined on 18-to-20 year olds' protections under the Second Amendment; the |
| 3 | Declaration of Thomas Marvell (ECF Nos. 21-15 and 21-16), who opined that there |
| 4 | is no evidence that minimum age laws reduce crime; the Declaration of John Lott |
| 5 | (ECF No. 21-17), who opined that minimum age laws do not help reduce mass |
| 6 | shootings; and the Declaration of David Bogan (ECF Nos. 21-18 and 21-19), who |
| 7 | opined on the requirements for hunter education training courses.  Because |
| 8 | Plaintiffs failed to timely designate these experts as experts on whose testimony |
| 9 | Plaintiffs intend to rely at trial and make the required disclosures by the Court- |
| 10 | mandated deadline, they are precluded from offering these experts' opinions in |
| 11 | support of their motion for summary judgment. |
| 12 | Pursuant to the Federal Rules of Civil Procedure, parties must disclose the |
| 13 | identity of experts who may be used at trial and furnish copies of their reports |
| 14 | showing the basis, reasons, and data for their opinions.  Fed. R. Civ. P. 26(a)(2). |
| 15 | These disclosures must be made "at the times and in the sequence that the court |
| 16 | orders."  Fed. R. Civ. P. 26(a)(2)(D).  If a party fails to "provide information or |
| 17 | identify a witness as required by Rule 26(a)," "the party is not allowed to use that |
| 18 | information or witness to supply evidence on a motion, at a hearing, or at a trial, |
| 19 | unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. |
| 20 | 37(c)(1). |
| 21 | On January 18, 2023, the Court issued a Scheduling Order Regulating |
| 22 | Discovery and Other Pre-Trial Proceedings.  (ECF No. 105.)  The Scheduling |
| 23 | Order set firm deadlines for the exchange of expert and non-expert discovery, and |
| 24 | stated, "No later than **September 15, 2023**, the parties shall designate their |
| 25 | respective experts in writing."  (*Id.*, ¶ 4, emphasis in original.)  The Scheduling |
| 26 | Order further provided:  "No later than **September 15, 2023**, each party shall |
| 27 | comply with Rule 26(a)(2)(A) and (B) disclosure provisions. . . . **[A]ny party that** |
| 28 | **fails to make these disclosures shall not, absent substantial justification, be** |

**permitted to use the undisclosed evidence or testimony at any hearing or at trial**." (*Id.*, ¶ 5, emphasis in original.) The Scheduling Order also set the deadline for the exchange of rebuttal expert disclosures as October 16, 2023.

On September 15, 2023, Defendants served Plaintiffs with their expert witness disclosures. (Supplemental Declaration of Deputy Attorney General Stephanie Albrecht in Support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment ("Albrecht Decl."), ¶ 3.) Also on September 15, 2023, Plaintiffs served Defendants with their expert witness disclosures, which stated, "Plaintiffs do not designate any expert witnesses at this time." (*Id.*, ¶ 4, Ex. 1.) After Plaintiffs did not designate any rebuttal expert witnesses by the October 16, 2023 deadline, counsel for Plaintiffs confirmed in an email to counsel for Defendants on October 17, 2023 that Plaintiffs did not designate any rebuttal experts. (*Id.*, ¶ 6, Ex. 2.) Plaintiffs did not then or at any time thereafter designate any expert witnesses for use at trial or serve expert witness disclosures. (*Id.*, ¶ 7.) Relying on Plaintiffs' representation that they would not designate any expert witnesses for use at trial, Defendants did not depose the experts who submitted declarations in support of Plaintiffs' motion for preliminary injunction, and have not otherwise had the opportunity to test the veracity of the statements in their declarations. (*Id.*, ¶ 8.) Thus, Plaintiffs cannot now rely on these experts' declarations in support of their motion for summary judgment. *Magna v. Laboratory Corp. of Amer.*, No. CV 20-11583 PA (PLAx), 2021 WL 4233901, at *3 (C.D. Cal. Aug. 16, 2021) (striking expert declaration submitted in summary judgment opposition to the extent it contained expert testimony where Plaintiffs did not make any expert disclosures by the deadline set by the court); *In re ConAgra Foods, Inc.*, 90 F.Supp.3d 919, 957-58 (C.D. Cal. 2015) (striking declaration of expert who was not designated as such because "[t]he purpose of the disclosure requirements of Rule 26 is to avoid surprise and allow each party to prepare to cross-examine those experts the opponent has indicated will be called at trial").

4

Defs.' Objections to Evidence ISO Pls.' Motion for Summary Judgment (3:19-cv-01226-L-AHG)

1    Plaintiffs' failure to designate these experts is not harmless—the only way for
2 Defendants to obtain discovery to effectively oppose the opinions in their
3 declarations is for the Court to reopen discovery, and "[d]isruption to the schedule
4 of the court and other parties in that manner is not harmless." *Wong v. Regents of*
5 *Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).  Accordingly, Plaintiffs
6 will not be able to admit these experts' opinions at trial and cannot rely on them on
7 summary judgment. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th
8 Cir. 2006) ("Only admissible evidence may be considered in deciding a motion for
9 summary judgment."); *Ahn by and Through Hong v. Bank of America, N.A.,* No.
10 8:21-cv-01092-MEMF-ADS, 2023 WL 4763991, at *3 (C.D. Cal. July 25, 2023)
11 (plaintiff could not rely on expert's declaration in opposing motion for summary
12 judgment where he had not disclosed the expert's report until more than a month
13 after the close of discovery and after defendant had already moved for summary
14 judgment, in violation of the court's scheduling order and Rule 26's provisions
15 regarding disclosure of expert witnesses).

16   **II.   OBJECTIONS TO LEGAL ARGUMENT IN SUMMARY CHARTS OF LAWS**

17    Plaintiffs include in their Appendix a table of pre-ratification colony militia
18 laws (Exhibit E) and a table of post-ratification militia state laws (Exhibit F).  (ECF
19 No. 136-2 at pp. 22-30.)  Both of these tables include a "Summary" that consists of
20 legal argument.  For example, the summary in the pre-ratification colony militia
21 laws table states, "*Heller* confirmed that the 'militia' in colonial America consisted
22 of a 'subset of 'the people'—those who were male, able-bodied, and within a
23 certain age range.'" (*Id.* at p. 22.)  The summary in the post-ratification militia state
24 laws table also includes various legal arguments, including, "Accordingly, history
25 and tradition prove that 18-to-20-year-olds had full Second Amendment rights."
26 (*Id.* at p. 27.)
27    Inclusion of legal argument in the summary charts improperly circumvents the
28 page limit for motions for summary judgment set forth by the Local Rules.

Pursuant to Local Civil Rule 7.1(h), memoranda in support of any motion "must not exceed a total of twenty-five (25) pages in length," without leave of court. Plaintiffs' memorandum of points and authorities in support of their motion for summary judgment is a full 25 pages long. (ECF No. 136-1.) Thus, portions of the summary charts in Exhibits E and F contain argument in excess of the page limit set forth by the Local Rules and should therefore be stricken. *Jonna Corp. v. City of Sunnyvale, CA*, No. 17-CV-00956-LHK, 2017 WL 2617983, at *2 n.4 (N.D. Cal. June 16, 2017) (striking appendix of defined terms that contained references to case law and was "akin to legal argument"); *Redwind v. Western Union, LLC*, No. 3:14-cv-01699-AC, 2016 WL 1732871 (D. Or. May 2, 2016), at *14-15 (excluding table in declaration in support of motion for summary judgment that "portrays arguments and opinions as fact").

### III. OBJECTIONS TO MISCHARACTERIZATION AND ANNOTATION OF DEFENDANTS' EXPERT MATERIALS

Plaintiffs' Appendix Index lists as exhibits G through J certain exhibits that Defendants purportedly submitted "in Support of Defendants Opposition to Plaintiffs Motion for Summary Judgment" with "Plaintiffs' Reply" and "Plaintiffs' Highlights." (ECF No. 136-2 at pp. 1-2.)

First, Plaintiffs mischaracterize these exhibits, which were expert witness materials that Defendants included with their opposition to Plaintiffs' motion for preliminary injunction, not in opposition to Plaintiffs' summary judgment motion. Specifically, Exhibit G in Plaintiffs' Appendix Index, which is described as "Defendants' Exhibit J in Support of Defendants Opposition to Plaintiffs Motion for Summary Judgment: Robert Spitzer 'Table of State Laws Restricting Weapons to Minors,' With Plaintiffs' Reply," was actually Exhibit J to the Declaration of Robert J. Spitzer filed in opposition to Plaintiffs' motion for preliminary injunction (ECF No. 111-3); Exhibit H, which is described as "Defendants' Exhibit K in Support of Defendants Opposition to Plaintiffs Motion for Summary Judgment:

Robert Spitzer, 'College Campus Weapons Restrictions' with Plaintiffs' highlights," was actually Exhibit K to the Declaration of Robert J. Spitzer filed in opposition to Plaintiffs' motion for preliminary Injunction (ECF No. 111-3); Exhibit I, which is described as "Defendants' Exhibit I in Support of Defendants Opposition to Plaintiffs Motion for Summary Judgment: Robert Spitzer, 'Gun/Weapons Restrictions For Minors,' with Plaintiffs' Highlights," was actually Exhibit I to the Declaration of Robert J. Spitzer filed in opposition to Plaintiffs' motion for preliminary injunction (ECF No. 111-3); and Exhibit J, which is described as "Defendants' Exhibit I in Support of Defendants Opposition to Plaintiffs Motion for Summary Judgment: Saul Cornell 'Gun/Weapons Restrictions For Minors' with Plaintiffs' Highlights," was actually Exhibit *B* to the Declaration of Professor Saul Cornell filed in opposition to Plaintiffs' motion for preliminary injunction (ECF No. 111-5).

Defendants included formal reports of their designated expert witnesses with their motion for summary judgment. Defendants rely on *those* reports on summary judgment, not the materials that Plaintiffs incorrectly cite as evidence in opposition to their motion for summary judgment—which actually were preliminary expert materials included in opposition to Plaintiffs' motion for preliminary injunction. Accordingly, these incorrect references in Plaintiffs' Appendix should be stricken or corrected.

Second, Plaintiffs' "reply" and "highlights" constitute improper legal argument. For example, Exhibit G (which was Exhibit J to the Declaration of Robert J. Spitzer filed in opposition to Plaintiffs' motion for preliminary injunction (ECF No. 111-3)), contains a table of state laws restricting weapons to minors. Plaintiffs added to this table a column titled "Plaintiffs' reply" that includes argument as to why these laws are "not applicable," such as "20th Century laws, rejected by *Heller* and *Bruen*." (ECF No. 136-2 at pp. 33-40.) In Exhibit H (which was Exhibit K to the Declaration of Robert J. Spitzer filed in opposition to

7

Defs.' Objections to Evidence ISO Pls.' Motion for Summary Judgment (3:19-cv-01226-L-AHG)

Plaintiffs' motion for preliminary Injunction (ECF No. 111-3)), which contains a list of colleges that had weapons restrictions, Plaintiff highlighted the names of the colleges, the terms "student," "undergraduate," and "scholar" (ECF No. 136-2 at pp. 41-47) to, presumably, emphasize their argument that these restrictions were "imposed on *all students*—regardless of age." (*See* ECF No. 136-1 at 21:6-7.)  As discussed in Section II *supra*, these responses to, and annotations of, Defendants' expert materials amount to legal argument in contravention of the page limit for motions for summary judgment set forth by the Local Rules and should therefore be stricken.

Dated:  April 29, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
ANYA BINSACCA
Supervising Deputy Attorney General
TODD GRABARSKY
STEPHANIE ALBRECHT
CAROLYN DOWNS
Deputy Attorneys General

*/s/ Jennifer E. Rosenberg*
JENNIFER E. ROSENBERG
Deputy Attorney General
*Attorneys for Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, and Allison Mendoza, in her official capacity as Director of the Department of Justice Bureau of Firearms*

8

Defs.' Objections to Evidence ISO Pls.' Motion for Summary Judgment (3:19-cv-01226-L-AHG)