John W. Dillon (Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Telephone: (760) 642-7150
Facsimile: (760) 642-7151
E-mail:  jdillon@dillonlawgp.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JOSE CHAVEZ, *et al.,*

           Plaintiffs,

v.

ROB BONTA, in his official capacity as Attorney General of the State of California, *et al.,*[1]

Defendants.

Case No.: 3:19-cv-01226-L-AHG

Hon. M. James Lorenz and Magistrate Judge Allison H. Goddard

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Action Filed: July 1, 2019

Third Amended Complaint Filed March 22, 2023

No oral argument will be heard pursuant to local rules unless ordered by the Court

---

[1] Rob Bonta is automatically substituted for his predecessor, Xavier Becerra, as California Attorney General, and Allison Mendoza is automatically substituted for her predecessors, former Directors Louis Lopez and Martin Horan, and former Acting Directors Brent E. Orick and Blake Graham. Fed.R. Civ.P. 25(d).

Plaintiffs Jose Chavez, *et al*. submit this response to Defendants' objections to Plaintiffs' evidence in support of their summary judgment motion. Defendants' objections are without merit, and in any case, do not result in harm or prejudice to Defendants for the reasons stated below.

## A.    Objections To Plaintiffs' Evidence Are Without Merit.

Plaintiffs rightly referenced the evidence "on file with this Court," including "the evidence submitted by Plaintiffs in support of their previously filed motions for preliminary injunction," citing ECF Nos. 21-2 through 21-22 and 103 and 118. To dispense with Defendants' first objection, Plaintiff did not rely on, and is not relying on, "*pleadings* as substantive evidence." ECF No. 140-4 at 2 (emphasis added). There are no "pleadings" cited in ECF Nos. 21-2 through 21-22 and 103 and 118.

Further, virtually all the evidence cited in this Court's files are not expert declarations but rather declarations from percipient witnesses. As such, there is no merit to Defendants' objections to those declarations. *See e.g*., ECF Nos. 21-2, -3, -4, -20 (Plaintiff Declarations); ECF 21-5 (Phillips Decl./PWG/Plaintiff); ECF 21-6 (Prince Decl./NCSC/Plaintiff); ECF Nos. 8, -9 (Combs Decl./FPC/Plaintiff); ECF 21-10 (Gottlieb Decl./SAF/Plaintiff); and ECF 21-22 Dillon Decl. (counsel/Exhibits).[2] In sum, this Court was asked to consider and can consider such evidence in its own files; and in fact, this Court already considered such evidence in response Plaintiffs' two prior preliminary injunction motions.

Plaintiffs' cited evidence also included previously filed expert declarations, namely Mr. Hardy (ECF Nos. 21-11, -12, -14 [declaration/exhibits]), Mr. Marvell (ECF Nos. 21-15, -16 [declaration/exhibits]), Mr. Lott (ECF No. 21-17), and Mr. Bogan (ECF Nos. 21-18, -19 [declaration/exhibits]). Plaintiffs no longer rely on Mr.

---

[2]  By Order (ECF 122), the Court allowed substitute declarations, *et al*., of Brandon Combs/FPC/Plaintiff and Alan Gottlieb/SAF/Plaintiff.

1

*PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(3:19-CV-01226-L-AHG)*

Lott, Mr. Bogan, or Marvell because their declarations and exhibits were offered in response to Defendants' means/end interest balancing test thoroughly repudiated in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 17-19, 22-24.

The Hardy *exhibits* remain useful because they consist of true and correct copies of militia and other historical laws proving that 18-to-20-year-olds were part of the militia and were *required* to "provide … a good musket or firelock … or … a good rifle." *See Fraser*, 2023 WL 3355339, at *17 (E.D. Va. 2023) (quoting Second Milita Act of 1792, Sec. 1). The Hardy declaration authenticates the exhibits, but an "expert" is not needed for that.

And in any case, the Hardy historical evidence close in time to ratification in 1791 confirms that 18-to-20-year-olds have the right to keep and bear arms and are protected as part of "the people" under the Second Amendment. *See also Brown v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 2023 WL 8361745 *12-14 (N.D. Va. 2023), *appeal pending*. In *Brown*, the district court considered the government's evidence attempting to prove that the current bans are consistent with the Nation's historical tradition of firearm regulation in the context of current federal statutes prohibiting 18-to-20-year-olds from purchasing handguns and handgun ammunition. The court rejected all such evidence, stating:

> The core issue the Court must answer under *Bruen* remains whether our Nation's history and tradition contains "analogous" restrictions on the ability of 18-to-20-year-olds to purchase firearms. *Bruen*, [597 U.S. at 29-30]. *Defendants have not presented any evidence of age-based restrictions on the purchase or sale of firearms from before or at the Founding or during the Early Republic. Defendants have likewise failed to offer evidence of similar regulation between then and 1791 or in a relevant timeframe thereafter*. For that reason alone, Defendants have failed to meet the burden imposed by *Bruen*.

*Id*. 2023 WL 8361745 *14 (emphasis added).

2

The district court also relied on Judge Payne's "highly persuasive" reasoning in *Fraser*, 2023 WL 3355339, at *21, also in the context of current federal statutes prohibiting legal adults (18-20-year-olds) from purchasing handguns and handgun ammunition:

> Finally, the lack of analogous evidence of Founding-era regulations demonstrates that the statutes and regulations at issue are inconsistent with the Second Amendment. Since time immemorial, teenagers have been, well, teenagers. The "general societal problem" of teenage impetuousness and rashness far proceeded the Founding. *Bruen*, [597 U.S. at 26]. Yet, that fact notwithstanding, the Government has not demonstrated that the Founders dealt with this problem in a "distinctly similar" way to the statutes and regulations at issue. *Id*. The lack of analogous regulations permits a finding that the Founders considered age-based regulations on the purchase of firearms to circumscribe the right to keep and bear arms confirmed by the Second Amendment.

*Id*. 2023 WL 8361745 *14 (quoting *Fraser*, 2023 WL 3355339 at 21) (emphasis added).

In short, these cases prove that under *Heller* and *Bruen*, "expert" evidence is not needed or of limited relevance; and the exhibits to the Hardy declaration are admissible as stand-alone documentary evidence; and such evidence are copies of relevant and admissible historical laws—without the need for "expert" opinion.

**B.    Objections To So-Called "Legal Argument" Are Wrong.**

Defendants object to **Exhibit E** and **Exhibit F** to Plaintiffs' Appendix. **Exhibit E** is a table of pre-ratification colony militia laws and **Exhibit F** is a table of post-ratification militia laws. The two exhibits are *patterned after* the two militia law appendix tables that the Ninth Circuit used in this case, *Jones v. Bonta*, 34 F.4th 704, 734-40 (9th Cir. 2022), *vacated on other grounds*.

For example, the Ninth Circuit explains that their **Appendix 1** table (like **Exhibit E**) reflects colony militia laws and their age limits, with every colony passing

3

*PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT*
*(3:19-CV-01226-L-AHG)*

such laws identifying 18-year-olds as persons *required* to possess arms. *Id*. at 718, 734-37. Plaintiffs' Exhibit E merely provides a brief explanation of the purpose of offering the exhibit. It's not "impermissible legal argument."

Additionally, the Plaintiffs' **Exhibit F** is patterned after the Ninth Circuit's **Appendix 2** table. They reflect post-ratification militia laws at the state level. *See Jones*, 34 F.4th at 738-739. The Ninth Circuit explained the purpose of this appendix, stating: "Several states adopted the exact language from the Federal Militia Act— obligating male persons 18 years old or older to acquire and provide their own firearms." *Id.* at 719 (and further explaining that "[e]ither at the same time or right after the [Federal Militia] Act's passage, every state's militia law obligated young adults [18-20-year-olds] to acquire and possess firearms" and any argument to the contrary is "'inconceivable'") (citing *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 714 F.3d 334, 342 (5th Cir. 2013) (Jones, J., dissenting from denial of rehearing *en banc*)). Plaintiffs' **Exhibit F** merely provides a concise explanation of the purpose of offering the exhibit. It's not inadmissible "legal argument."

### C.   Objections to Defendants' Own Evidence Lack Merit.

Plaintiffs' Appendix and associated Index includes Plaintiffs' **Exhibit G** through **Exhibit J**. Defendants make much of whether the exhibits are offered in opposition to Plaintiffs' prior preliminary injunction motions or in support of Defendants' summary judgment motion. It is a distinction without a difference, the evidence is the same.

The point is that Plaintiffs anticipated that Defendants would use their tables when attempting to meet their heavy burden in this case under *Bruen's* historical analysis. Defendants' tables do not show that the current bans in Section 27510 are historically analogous to this Nation's historical tradition of firearms regulation

applicable to 18-to-20-year-olds. *See* **Exhibits G through J**; *See also* ECF 134-5, **Ex. I**, p. 268-307; **Ex. J**, p. 308-312.

And, in any case, if Defendants are no longer using these tables, then they'll have a devil of a time attempting to meet their heavy burden in this case under *Bruen*. Further, Plaintiffs offered limited explanations to provide context and to facilitate understanding the exhibits. The explanations are not excludable "legal argument."

May 20, 2024                          Respectfully submitted,

DILLON LAW GROUP APC

Attorneys for Plaintiffs

By:   */s/ John W. Dillon*
              John W. Dillon

5