John W. Dillon (Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Telephone: (760) 642-7150
Facsimile: (760) 642-7151
E-mail: jdillon@dillonlawgp.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CHAVEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of the State of California, *et al.*,[1] <br><br> Defendants. | Case No.: 3:19-cv-01226-L-AHG <br><br> Hon. M. James Lorenz and Magistrate Judge Allison H. Goddard <br><br> **PLAINTIFFS' AND DEFENDANTS' JOINT STATEMENT OF UNDISPUTED FACTS** <br><br> Action Filed: July 1, 2019 <br><br> Third Amended Complaint Filed March 22, 2023 <br><br> No oral argument will be heard pursuant to local rules unless ordered by the Court |

---

[1] Rob Bonta is automatically substituted for his predecessor, Xavier Becerra, as California Attorney General, and Allison Mendoza is automatically substituted for her predecessors, former Directors Louis Lopez and Martin Horan, and former Acting Directors Brent E. Orick and Blake Graham. Fed.R. Civ.P. 25(d).

---

*PLAINTIFFS' AND DEFENDANTS' JOINT STATEMENT OF UNDISPUTED FACTS (3:19-CV-01226-L-AHG)*

Plaintiffs, Jose Chavez, *et al.*, and Defendants, Rob Bonta, in his official capacity as Attorney General of the State of California, *et al.*, respectfully submit this Joint Statement of Undisputed Facts pursuant to the Honorable M. James Lorenz's Standing Order for Civil Cases.

## INTRODUCTION

The Court's Standing Order requires that when parties file cross-motions for summary judgment, they must meet and confer in person to arrive at a joint statement of undisputed facts, which shall be filed no later than the reply brief. Accordingly, the parties have met and conferred *via* electronic mail on numerous occasions, and once in person through Teams on May 10, 2024. This joint submission reflects the result of such discussions.

| NO. | UNDISPUTED FACTS | SUPPORTING EVIDENCE |
| --- | --- | --- |
| 1 | Plaintiff Andrew Morris, an individual, is currently a 20-year-old resident of Poway, California. | ECF No. 103-3 (Morris Decl.) |
| 2 | Plaintiff Morris will turn 21 years old on December 29, 2024. | Morris Dep. 19:21-23. |
| 3 | Plaintiff Andrew Morris does not have any criminal history, nor is he a member of the armed services or law enforcement. | Morris Dep. 31:4-11; 53:3-23; 157:3-8.<br><br>ECF No. 103-3 (Morris Decl. ¶ 2). |
| 4 | Mr. Morris does not have a California hunter's license issued by the California Department of Fish and Wildlife. | Morris Dep. 149:10-12.<br><br>ECF No. 103-3 (Morris Decl. ¶10). |
| 5 | Plaintiff Morris has no interest in obtaining a firearm for hunting purposes. | Morris Dep. 106:19; 149:10-12.<br><br>ECF No. 103-3 (Morris Decl. ¶10). |
| 6 | Mr. Morris does not currently own any firearms but wishes to | Morris Dep. 54:15-16; 81:5-13. |

1

| | | |
|---|---|---|
| | purchase one, such as a shotgun or rifle (including a centerfire semiautomatic rifle) for self-defense and other lawful purposes. | ECF No. 103-3 (Morris Decl. ¶5). |
| 7 | Plaintiff Morris has received loans of firearms from his parents. | Morris Dep. 60:25-61:3, 71:6-10; 72:24-73:2. |
| 8 | Plaintiff Morris is a member of all of the Organizational Plaintiffs named in this complaint. Specifically, he is a member of Firearms Policy Coalition, FPC Action Foundation, California Gun Rights Foundation, and the Second Amendment Foundation. | ECF No. 103-3 (Morris Decl. ¶4). |
| 9 | Plaintiff Chavez is 21 years old. | Chavez Dep. 20:11-13; JC002. |
| 10 | Plaintiff PWGG, L.P. is both a California limited partnership, doing business as Poway Weapons & Gear and PWG Range (PWG), and a federal and state licensed firearms retailer and range in Poway, California. | John Phillips Dep. 18:24-19:15; 20:3-4. ECF No. 21-5 (Phillips Decl. ¶¶2-3). |
| 11 | As part of its range activities, PWG provides firearms for rental use. PWG also provides firearms training. | John Phillips Dep. 23:25-26:21. ECF No. 21-5 (Phillips Decl. ¶3). |
| 12 | PWG has stopped firearms sales to adults under the age of 21 unless they meet a statutory exemption under Penal Code section 27510. | John Phillips Dep. 32:21-33:5. ECF No. 21-5 (Phillips Decl. ¶5). |
| 13 | Plaintiff North County Shooting Center Inc. (NCSC) is both an S-Corp and a federal and state licensed firearms retailer and range in San Marcos, California | Darin Prince Dep. 16:25-17:24. ECF No. 21-6 (Prince Decl. ¶3). |

PLAINTIFFS' AND DEFENDANTS' JOINT STATEMENT OF UNDISPUTED FACTS (3:19-CV-01226-L-AHG)

| | | | |
|---|---|---|---|
| | | owned by Darin Prince and Stanley Tuma. | |
| | 14 | NCSC is a full-service shooting range and gun store. NCSC sells firearms, ammunition, and other firearms accessories as part of its retail store. As part of its range activities, NCSC provides firearms for rental use in its indoor shooting range. | Darin Prince Dep. 24:1-25:14.<br><br>ECF No. 21-6 (Prince Decl. ¶3). |
| | 15 | NCSC has stopped firearms sales to adults under the age of 21 unless they meet a statutory exemption under Penal Code section 27510. | Darin Prince Dep. 40:12; 47:1-48:3.<br><br>ECF No. 21-6 (Prince Decl. ¶¶5-8). |
| | 16 | NCSC brings this action on behalf of itself and its members. | ECF No. 21-6 (Prince Decl. ¶10). |
| | 17 | Plaintiff Firearms Policy Coalition, Inc. (FPC) is a non-profit organization incorporated under the laws of Delaware with its principal place of business in Clark County, Nevada. | ECF No. 121-1(Combs Decl. ¶3). |
| | 18 | FPC's members and supporters reside both within and outside the State of California, including San Diego County, California. | ECF No. 121-1(Combs Decl. ¶3). |
| | 19 | FPC serves its members, supporters, and the public through direct legislative advocacy, grassroots advocacy, legal efforts, research, education, outreach, and other programs. | ECF No. 121-1 (Combs Decl. ¶4). |
| | 20 | The purpose of FPC is to create a world of maximal human liberty and freedom; to promote and protect individual liberty, private property, and economic freedoms; and, to conduct all | ECF No. 121-1 (Combs Decl. ¶4). |

| | | | |
|---|---|---|---|
| | | other activities as permissible under law. FPC seeks to protect, defend, and advance the People's rights, especially but not limited to the right to keep and bear arms. | |
| | 21 | FPC represents its members and supporters, who include licensed California firearm retailers and gun owners, and brings this action on behalf of itself, its members, and supporters who possess all the indicia of membership. | ECF No. 121-1 (Combs Decl. ¶¶5-9). |
| | 22 | Plaintiff FPC Action Foundation (formally Firearms Policy Foundation) is a membership organization. | Plaintiff FPC Action Foundation's (Formally Firearms Policy Foundation) Supplemental Response to Defendants' First Set of Interrogatories, Response to Interrogatory No. 20. |
| | 23 | FPC Action Foundation brings this action on behalf of itself, its members, and supporters who possess all the indicia of membership. | Plaintiff FPC Action Foundation's (Formally Firearms Policy Foundation) Supplemental Response to Defendants' First Set of Interrogatories, Response to Interrogatory No. 20. |
| | 24 | Plaintiff California Gun Rights Foundation (CGF) (formally, The Calguns Foundation) is a membership organization | Plaintiff California Gun Rights Foundation's Supplemental Response to Defendants' First Set of Interrogatories, Response to Interrogatory No. 20. |
| | 25 | CGF brings this action on behalf of itself, its members, and supporters who possess all the indicia of membership. | Plaintiff California Gun Rights Foundation's Supplemental Response to Defendants' First Set of Interrogatories, Response to Interrogatory No. 20. |
| | 26 | Plaintiff Second Amendment Foundation (SAF) is a non-profit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. | ECF No. 121-2 (Gottlieb Decl. ¶3). |

| | | |
|---|---|---|
| | SAF has members in California. | ECF No. 121-2 (Gottlieb Decl. ¶3). |
| 27 | The purpose of SAF includes education, research, publishing, and legal action focusing on the constitutional right to privately own and possess firearms under the Second Amendment, and the consequences of gun control. | ECF No. 121-2 (Gottlieb Decl. ¶3). |
| 28 | SAF brings this action on behalf of itself, its members, and supporters who possess all the indicia of membership. | ECF No. 121-2 (Gottlieb Decl. ¶¶5-9). |
| 29 | Plaintiffs FPC, FPC Action Foundation, CGF, and SAF bring this case as public interest entities and organizations who have California members between ages 18-to-20. | ECF No. 121-1, (Combs Decl. ¶5-9); 121-2 (Gottlieb Decl. ¶¶5-9). |
| 30 | The Second Amendment to the United States Constitution provides, "[a] well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." | U.S. Const. amend. II. |
| 31 | This Second Amendment right applies to the State of California through the Fourteenth Amendment to the U.S. Constitution. | U.S. Const. amend. XIV. |
| 32 | Male citizens over 18 years of age are designated members of the militia pursuant to federal statute, and may be selected and inducted for training and service into the United States armed forces. | 10 U.S.C. § 246(a), 50 U.S.C. § 3803(a). |
| 33 | California Military and Veterans Code Section 121 states, "The unorganized militia consists of | Cal. Military and Veterans Code Section 121. |

| | | | |
|---|---|---|---|
| | | all persons liable to service in the militia, but not members of the National Guard, the State Guard, or the Naval Militia." | |
| | 34 | During the Founding Era, colonial militias included 18-to-20-year-olds. | ECF No. 21-11, p. 32-168; ECF No. 21-12 through ECF 21-14. |
| | 35 | In 2018, the California Legislature enacted Senate Bill 1100 (SB 1100) to raise the minimum age for sale or transfer of long guns through federal firearms licensees from 18 to 21, bringing the age limit in line with the existing age limit for sales and transfers of handguns. | Decl. of Stephanie Albrecht in Support of Defs.' MSJ, Ex. 28 at DX 203; Albrecht Decl., Exs. 21-27. |
| | 36 | SB 1100 was passed in the wake of the mass shooting at Marjory Stoneman Douglas High School in Parkland, Florida as well as other mass shootings perpetrated by individuals between the ages of 18 and 20 years old. | Albrecht Decl. Exs. 21-27. |
| | 37 | SB 1100 amended California Penal Code Section 27510 to prohibit federal firearms licensees from selling or otherwise transferring any firearm to any person under the age of 21, subject to certain exemptions. | California Penal Code section 27510. |
| | 38 | In 2019, the California Legislature enacted Senate Bill 61 (SB 61), which amended section 27510 to prohibit federal firearms licensees from selling or transferring semiautomatic centerfire rifles to any person | Cal. Penal Code § 27510(b)(3); Albrecht Decl., Exs. 35-36, at DX 243, 247. |

| | | | |
|---|---|---|---|
| | | under the age of 21, unless that person is an active duty member of law enforcement, or an active or reserve member of the military. | |
| | 39 | Subsection (a) of California Penal Code section 27510 states: "A person licensed under Sections 26700 to 26915, inclusive, shall not sell, supply, deliver, or give possession or control of a firearm to any person who is under 21 years of age." | California Penal Code section 27510(a). |
| | 40 | Subsection (b)(1) of California Penal Code section 27510 states: "Subdivision (a) does not apply to or affect the sale, supplying, delivery, or giving possession or control of a firearm that is not a handgun, semiautomatic centerfire rifle, completed frame or receiver, or firearm precursor part to a person 18 years of age or older who possesses a valid, unexpired hunting license issued by the Department of Fish and Wildlife." | California Penal Code section 27510 (b)(1). |
| | 41 | To obtain a hunting license, applicants must complete an official hunter education course, which can be available for free. | Albrecht Decl., Exs., 1, 6, 11, 12, 19, 17. |
| | 42 | Free hunter education courses were available close to Plaintiffs' residences. | Chavez Dep. 117:4-124:14, 133:4-23, 134:10-20, 160:17-161:18; Morris Dep. 98:9-105:16, 106:25-107:4, 112:20-113:15, 114:7-16 (Albrecht Decl., Exs. 56 & 57). |
| | 43 | Subdivision (b)(2) of California Penal Code section 27510 states: "Subdivision (a) does not apply | California Penal Code section 27510(b)(2). |

7

| | | | |
|---|---|---|---|
| | | to or affect the sale, supplying, delivery, or giving possession or control of a firearm that is not a handgun or a semiautomatic centerfire rifle to a person who is 18 years of age or older and provides proper identification of being an honorably discharged member of the United States Armed Forces, the National Guard, the Air National Guard, or the active reserve components of the United States. For purposes of this subparagraph, proper identification includes an Armed Forces Identification Card or other written documentation certifying that the individual is an honorably discharged member." | |
| | 44 | California law requires that all commercial sales and most transfers of firearms be conducted through a federally licensed firearms dealer. | See Penal Code §§ 26500, 26800-26850; See also 27 C.F.R. 478.124(a). |
| | 45 | Section 27510 prohibits federal firearms licensees from selling or transferring semiautomatic centerfire rifles to any person under the age of 21, unless that person is an active duty member of law enforcement, or an active or reserve member of the military. | . Cal. Penal Code § 27510(b)(3). |
| | 46 | Under the exemption in the Penal Code, federal firearms licensees may sell or transfer long guns that are not semiautomatic centerfire rifles to qualifying 18-20-year-olds. | Cal. Penal Code § 27510(b). |

| | | |
|---|---|---|
| | 18-20-year-olds may receive gifts, bequests, transfers, and loans of firearms. | Cal. Penal Code §§ 16960(g), 16990(g) & (h). § 27875(a), 27880, 27885, 27910, 27920(a), 27950. |
| 47 | 18-20-year-olds may rent a firearm "for the purposes of shooting at targets" at a target facility, or rent a firearm other than a handgun for purposes of hunting if they have a hunting license. | Cal. Penal Code §§ 27910, 27950. |
| 48 | In 2021 and 2022, 18-20-year-olds acquired more than 5,000 firearms per year through federal firearms licensees using Section 27510's hunting license, military, and law enforcement exemptions. | Albrecht Decl., Ex. 54 at DX 592-93; Ex. 55 at DX 603-04. |
| 49 | In 2023, 18-20-year-olds received nearly 350 firearms through intrafamilial and operation-of-law transfers in California. | Decl. of A. Griffin, ¶ 10. |
| 50 | Each individual Plaintiff attempted to purchase a firearm in California, and each was denied the ability to purchase a firearm based on their age and the fact that they did not satisfy any of the exceptions and/or exemptions under Penal Code section 27510. | See ECF 21-2, 21-3, 21-4, and 21-7. |
| 51 | As an adult, Plaintiff Andrew Morris can vote, enter into contracts, get married, enter the military voluntarily, be selected for and inducted for service into the military. | See ECF 103-2, 103-3. |
| 52 | Plaintiffs Poway Weapons and Gear (PWG) and North County | ECF 21-5, 21-6. |

9

| | | |
|---|---|---|
| | Shooting Center (NCSC) stopped all sales and firearm transfers to 18-to-20-year-old adults unless the individual meets one of the exceptions listed in California Penal Code 27510. | |
| 53 | Plaintiffs PWG and NCSC deny 18-to-20-year-old adults the ability to rent, use, and train for proficiency and safety with firearms at their ranges, unless they meet an exemption under section 27510. | ECF 21-5, 21-6. |
| 54 | Even if an 18-to-20-year-old is accompanied by an individual over 21, PWG, NCSC, and other gun ranges do not rent or provide firearms to them for fear of violating Penal Code section 27510. | ECF 21-5, 21-6. |
| 55 | Plaintiffs Firearms Policy Coalition (FPC), FPC Action Foundation (FPCAF), California Gun Rights Foundation (CGF), and Second Amendment Foundation (SAF) represent their members, including Jose Chavez, Andrew Morris, Oleksandra Reva, and Destiny Garcia. | See ECF 21-8, 21-10, 103-2, 103-3, Pl.11-19. |

May 20, 2023

Respectfully submitted,

DILLON LAW GROUP APC

Attorneys for Plaintiffs

By:  */s/ John W. Dillon*
       John W. Dillon

| | | |
|---|---|---|
| 1 | May 20, 2023 | Rob Bonta |
| 2 | | Attorney General of California |
| 3 | | _/s/ Stephanie Albrecht_ |
| 4 | | Stephanie Albrecht |
| | | Deputy Attorney General |
| 5 | | *Attorneys for Defendants Rob Bonta,* |
| 6 | | *in his official capacity as Attorney* |
| | | *General of the State of California,* |
| 7 | | *and Allison Mendoza, in her official* |
| 8 | | *capacity as Acting Director of the* |
| | | *Department of Justice Bureau of* |
| 9 | | *Firearms* |