Rob Bonta
Attorney General of California
Mark Beckington
Supervising Deputy Attorney General
Jennifer E. Rosenberg
Stephanie Albrecht
Carolyn Downs
Deputy Attorneys General
Todd Grabarsky
Deputy Attorney General
State Bar No. 286999
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6044
  Fax:  (916) 731-2124
  E-mail:  Todd.Grabarsky@doj.ca.gov
*Attorneys for Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, and Allison Mendoza, in her official capacity as Director of the Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE CHAVEZ; et al.,**<br><br>                              Plaintiffs,<br><br>       v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California; et al.,**<br><br>                              Defendants. | 3:19-cv-01226-L-AHG<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:       The Honorable M. James Lorenz<br>Action Filed:       July 1, 2019 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, and Allison Mendoza, in her official capacity as Director of the Department of Justice Bureau of Firearms, submit the following notice of supplemental authority in support of Defendants' pending motion for summary judgment and in opposition to Plaintiffs' pending motion for summary judgment: *United States v. Rahimi*, 602 U.S. ___, 2024 WL 3074728 (June 21, 2024).

In *Rahimi*, by an 8-1 vote the Supreme Court rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(8)(C)(i), which prohibits individuals subject to certain domestic violence restraining orders from possessing a firearm. *Id.* *Rahimi* reiterated that "'the right secured by the Second Amendment is not unlimited'" and does not "sweep indiscriminately." *Id.* at *5. The Court recognized that "some courts have misunderstood the methodology of" *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *District of Columbia v. Heller*, 554 U.S. 570 (2008), which "were not meant to suggest a law trapped in amber." *Rahimi*, 2024 WL 3074728, at *6. It criticized the Fifth Circuit (and the dissenting Justice) for committing the "error[]" of "read[ing] *Bruen* to require a 'historical twin' rather than a 'historical analogue.'" *Id.* at 11; *see also id.* at *30 (Barrett, J., concurring) ("[I]mposing a test that demands overly specific analogues has serious problems.").

The Court also explained that "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Id.* at *6 (majority op.); *see also id.* at *30 (Barrett, J., concurring) ("'Analogical reasoning' under *Bruen* demands a wider lens: Historical regulations reveal a principle, not a mold."). In ascertaining those principles, moreover, it is appropriate to consider post-ratification laws and practices. *See, e.g., id.* at *8-9 (majority op.); *id.* at *22 (Kavanaugh, J., concurring) ("post-

1

ratification history" can "be important for interpreting vague constitutional text and determining exceptions to individual constitutional rights"). Applying the appropriate methodology, the *Rahimi* Court had "no trouble concluding" that the historical analogues invoked by the government were sufficient to justify the challenged law, *id.* at *10 (majority op.), even though those analogues were "by no means identical" to section 922(g)(8)(C)(i), *id.* at *9; *see also id.* at 7 ("[T]he Second Amendment permits more than just those regulations identical to ones that could be found in 1791.").

Under this test, California Penal Code section 27510, which imposes limited restrictions on the sale and transfer of certain types of firearms to individuals under age 21, is consistent with the Second Amendment. As Defendants' briefs in support of their motion for summary judgment explain, historical laws, rules, customs, and other sources demonstrate the historical understanding that access to firearms by underage individuals—including under-21-year-olds—poses a special danger to public safety that government can seek to mitigate through various measures. *See* Defs.' Mem. ISO MSJ 13-25 (ECF No. 132-1); Defs.' Opp'n to Pls.' MSJ 15-25 (ECF No. 140); Defs.' MSJ Reply 5-10 (ECF No. 146). Among other examples, numerous nineteenth century legislatures restricted the sale, transfer, possession, and use of firearms among under-21-year-olds—laws that contemporary courts consistently declined to render unconstitutional. *Id.*; *see Rahimi*, 2024 WL 3074728, at *22-24 (Kavanaugh, J., concurring) (observing that the Supreme Court has identified "post-ratification history as a proper tool to discern constitutional meaning" and citing dozens of examples). Because section 27510 imposes "similar restrictions for similar reasons," it readily passes constitutional muster. *Id.* at *6 (majority op.).

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: July 2, 2024 | Respectfully submitted, |
| 3 | | ROB BONTA<br>Attorney General of California<br>MARK BECKINGTON<br>Supervising Deputy Attorney General<br>JENNIFER E. ROSENBERG<br>STEPHANIE ALBRECHT<br>CAROLYN DOWNS<br>Deputy Attorneys General |

/s/ *Todd Grabarsky*
TODD GRABARSKY
Deputy Attorney General
*Attorneys for Defendants Rob Bonta, in his official capacity as Attorney General of the State of California, and Allison Mendoza, in her official capacity as Director of the Department of Justice Bureau of Firearms*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2024, I electronically filed the foregoing document and any attachments thereto with the Clerk of the Court by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated:  July 2, 2024            /s/ Todd Grabarsky
                                TODD GRABARSKY