# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Office of the Clerk

## After Opening Your Appeal:
## What You Need to Know

You have received this guide because you asked the U.S. Court of Appeals for the Ninth Circuit to review the final decision of a U.S. District Court or the Bankruptcy Appellate Panel or Tax Court. It provides information you need to know if you decide to handle your case without a lawyer.

**Read this guide carefully. If you don't follow instructions, the court may dismiss your case.**

---

**For Habeas Appeals**

If you are appealing the denial of a habeas corpus petition under 28 U.S. Code Section 2254 or 2255, you are receiving this guide because the district court or court of appeals has granted a certificate of appealability (COA) on one or more of the specific issues in your case.

---

Before you go further, you should be familiar with these terms:

- **Pro se** is the legal term for representing yourself. It is Latin for "on one's own behalf."

- You are the **appellant** in your case—that is, the person who filed the appeal. The other side in your case is the **appellee**.

- A **notice of appeal** is the document you filed seeking review of the lower court's decision.

You will see these terms on some of the papers you receive from the court.

---

**This Guide Is Not Legal Advice**

Court employees are legally required to remain neutral; that means they can't give you advice about how to win your case. However, if you have a question about procedure—for example, which forms to send to the court or when a form is due—this packet should provide the answer. If it doesn't, you may contact the clerk's office for more information.

---

# WHAT'S IN THIS GUIDE?

HOW AN APPEAL WORKS ........................................................................................................................ 3

YOUR CASE NUMBER ............................................................................................................................. 4

IMPORTANT RULES FOR ALL CASES ........................................................................................................ 4

    Meet Your Deadlines ......................................................................................................................... 4

    Complete Your Forms Properly .......................................................................................................... 4

    Deliver Papers the Right Way ............................................................................................................ 5

    Keep Copies of Your Documents ........................................................................................................ 6

    Pay Your Filing Fee or Request a Waiver ........................................................................................... 6

    If You Move, Tell the Court ............................................................................................................... 6

HANDLING YOUR OWN CASE: THREE STAGES ........................................................................................ 8

    Stage One: Opening Your Case ......................................................................................................... 8

    Stage Two: Preparing and Filing Briefs ........................................................................................... 12

    Stage Three: The Court's Final Decision .......................................................................................... 15

HOW TO WRITE AND FILE MOTIONS .................................................................................................... 16

    How to Write a Motion ................................................................................................................... 16

    How to File a Motion ....................................................................................................................... 16

    What Happens After You File ........................................................................................................... 16

    How to Respond to a Motion from Opposing Counsel ..................................................................... 17

    Emergency Motions ........................................................................................................................ 18

IF YOU DON'T AGREE WITH A COURT DECISION ................................................................................... 19

    During Your Case: Motion for Reconsideration ............................................................................... 19

    After Your Case: Petitions for Rehearing ........................................................................................ 19

HOW TO GET HELP .............................................................................................................................. 20

    Asking Questions About Court Procedures ...................................................................................... 21

    Finding Legal Help .......................................................................................................................... 21

    If You Need English Language Assistance ........................................................................................ 21

HOW TO CONTACT THE COURT ............................................................................................................ 22

APPENDIX OF COURT FORMS* ............................................................................................................. 23

# HOW AN APPEAL WORKS

The chart below shows the path of an appeal from the lowest federal court to the highest. Review these steps to make sure you understand where you are in the process.

**U.S. District Court, Tax Court, or Bankruptcy Appellate Panel.** Your case in the U.S. Court of Appeals must come from a lower federal court, which may be a U.S. District Court, the Tax Court, or the Bankruptcy Appellate panel. In a very small number of cases, if the court of appeals gives you permission, you can appeal directly from the bankruptcy court to the court of appeals. (See 28 U.S. Code, Section 158(d) if you want more information about appealing directly from a bankruptcy court.)

**U.S. Court of Appeals.** When reviewing the lower court's decision in your case, the court of appeals (usually a panel of three judges) will carefully consider everything that has happened so far. The court will also read all the papers that you and the other side file during your case. The court will look to see whether a lower court or agency has made a constitutional, legal, or factual mistake. You are not allowed to present new evidence or testimony in the court of appeals.

**U.S. Supreme Court.** If you do not agree with the decision of the court of appeals, you can ask the United States Supreme Court to review your case. The Supreme Court chooses which cases it wants to hear. It reviews only a small number of cases each year.



Your case may not go through all of the stages shown above. For example, if the U.S. Court of Appeals resolves your case the way that you want, you won't need to file a petition in the U.S. Supreme Court.

# YOUR CASE NUMBER

We have assigned your case a court of appeals case number, also called a "docket number." You can find the number at the top of the letter you received with this guide. Include your court of appeals case number on all papers you send to the court or to the opposing party. (When the opposing party is represented by a lawyer, you will send papers to the lawyer rather than directly to the party. This guide generally refers to opposing counsel rather than party.)

You may want to jot down your case number here to keep it handy:

**MY CASE NUMBER IS** _____.

# IMPORTANT RULES FOR ALL CASES

The rules in this section apply to everyone who files a case in the court of appeals. You must understand and follow each one.

## Meet Your Deadlines

Read all documents you get from the court. They will contain important instructions and deadlines for filing your court papers. Write down deadlines on your calendar. **If you miss a deadline or fail to respond to the court as directed, the court may dismiss your case.**

## Complete Your Forms Properly

Everything you send to the court must be clear and easy to read. If we can't read your papers, we may send them back to you.

Follow these guidelines:

- ✓ Use white 8.5 x 11-inch (letter size) paper.

- ✓ Use blue or black pen or type your papers. If you write by hand, please write clearly.

- ✓ Number your pages and put them in order.

- ✓ Use only one paper clip or a single staple to keep your documents organized. The clerk's office must scan your documents and extra binding makes that job difficult.

## Deliver Papers the Right Way

✓ When you deliver papers to the court or to the opposing party, you must take certain steps to show you sent them to the right place on time. When you properly deliver papers to the opposing party, it's called "serving" a document

✓ **Use the correct address.** Before you put anything in the mail, make sure the address is current and correct.

- To find current addresses for the court, see "How to Contact the Court," at the end of this guide. All documents must be delivered to the San Francisco addresses. It's okay to deliver a document to the court in person, but you must hand it to someone designated to receive documents in the clerk's office.

- To find the correct address for the opposing party, see opposing counsel's "notice of appearance," filed either in the district court or after you filed your notice of appeal. The notice of appearance states the name and address of the attorney who represents the other side in your case.

✓ **Attach a certificate of service.** You must attach a signed "certificate of service" to each document you send to the court or to opposing counsel. You can find a blank certificate of service at the end of this guide and on our website at www.ca9.uscourts.gov/forms.  Make copies of the blank document and fill them out as needed.

✓ **Send a copy of *all* documents to opposing counsel.** When you send a document to the court, you must also send a copy (including any attachments) to opposing counsel.

### Filing Documents Electronically

The court allows self-represented appellants who are not currently in prison to file documents in their appeals electronically if they have access to the internet. To learn about or apply for electronic filing, review the materials on the court's website at www.ca9.uscourts.gov/cmecf. If you do not want to register for and use the electronic filing system, you can still submit pleadings electronically using EDSS, see https://www.ca9.uscourts.gov/forms/pro-se-litigants/ for more information.

## Keep Copies of Your Documents

Make copies of all documents you send to the court and to opposing counsel and keep all papers sent to you. Put everything in a folder that you keep in a safe place.

## Pay Your Filing Fee or Request a Waiver

The filing fee for your case is $505.00.

Your fee is due when you file your notice of appeal. If you don't pay the fee, you will receive a notice informing you that you have **21 days** to either pay the fee or request a waiver if you can't afford to pay.

- **If you can afford the fee.** Send a check or money order to the district court or tax court. **Do not send your payment to the court of appeals** unless you are appealing a Bankruptcy Appellate Panel decision (see the note just below). Please note that after you pay your fee, the court generally cannot refund it, no matter how your case turns out.

> **For Bankruptcy Appellate Panel Cases**
>
> Send your fee to the court of appeals. Make your check out to "Clerk, U.S. Courts" and send it to the court using the address at the end of this guide.

- **If you can't afford to pay.** You may ask the court to waive your fee by completing a form called a "motion to proceed in forma pauperis." (See "Filing Motions," below.)

**If you do not pay the fee or submit a waiver request by the deadline, the court will dismiss your case.**

## If You Move, Tell the Court

If your mailing address changes, immediately notify the court in writing, using the change of address form at the end of this guide. (You can also find Form 22 on the court's website at www.ca9.uscourts.gov/forms.) If you don't promptly inform the court, you might not receive court notices or decisions, and you could miss court deadlines. Missing a deadline may cause the court to dismiss your case.

**Additional Rules**

This guide describes the key rules that you **absolutely must follow** during your case.

You can find the complete set of court rules in the Federal Rules of Appellate Procedure (Fed. R. App. P.) and the Ninth Circuit Rules (9th Cir. R.), available at www.ca9.uscourts.gov/rules. If you would like the court to mail you a free copy of the rules, use the form "Request for Docket Sheet, Document, or Rules," at the end of this guide.

Because you don't have a lawyer, the court will do its best to work with you, but it is your job to do your best to follow the rules.

# HANDLING YOUR OWN CASE: THREE STAGES

This section will help you understand and manage the different parts of your case. You'll learn about the documents you must file with the court and the timing of each step.

To begin, review the chart below. It introduces the three stages of a case.



- You file a notice of appeal.
- The court sends you a case schedule.
- You pay filing fees or get a waiver.
- You order transcripts from the district court if you need them.
- You and opposing counsel may file motions.
- You respond to any court orders or motions from opposing counsel.



- You submit an opening brief.
- Opposing counsel submits an answering brief.
- You may submit a reply to opposing counsel's brief.



- The court decides your case.
- If you don't like the result, you decide whether to take further action.

## Stage One: Opening Your Case

By the time you receive this guide, you have already opened your case by filing a notice of appeal in the lower court. In response, the clerk's office created your case record and gave you a case number and a schedule.

If you haven't already paid your filing fee, you must do so now unless you were permitted to proceed in forma pauperis in the district court and that has not been revoked. (See "Pay Your Filing Fee or Request a Waiver," above.) This is also the time to think

about ordering transcripts from the district court and filing motions in your case. This section covers both topics.

 **The court may dismiss your case at any time.** Even if you pay your fees and get a schedule, the court may decide not to keep your case for a variety of legal reasons. If the court dismisses your case and you think the court was wrong, see "If You Don't Agree with a Court Decision," below.

### *Ordering Transcripts*

If your appeal will refer to matters discussed during district court oral hearings, you'll need to submit a transcript of those hearings to the court of appeals. To order them, you must use a "transcript designation form" provided by the district court. Send your completed form to the district court, the court reporter, and opposing counsel.

Usually, you must pay the court reporter to prepare your transcripts. However, you may not have to pay if you have in forma pauperis (IFP) status and file a motion requesting transcripts at government expense. (See "Filing Motions," below.)

---

**For Bankruptcy Appeals**

If you are appealing a Bankruptcy Appellate Panel decision or a district court decision that began in bankruptcy court, your transcript designation form must also include any court orders or written pleadings—for example, motions and briefs filed earlier in your case—that you want the court of appeals to see.

---

**For Habeas Appeals**

If you bring a habeas appeal under Section 2254 or 2241 and you have IFP status, you are entitled to free transcripts. If you bring a habeas appeal under Section 2255, you may get free transcripts if you have IFP status and also file a motion for transcripts at government expense. (See "Filing Motions," just below.)

---

### *Filing Motions*

Now is the time for you and opposing counsel to file motions with the court, if you have any. A "motion" is a legal document that asks the court to do or decide something—for instance, to waive your filing fee or give you more time to submit a document. This section describes several motions that you might make at the beginning of your case.

**Motion to Proceed in Forma Pauperis (IFP)**

This motion asks the court to waive your filing fee. "In forma pauperis" is Latin for "in the form of a pauper," which simply means that you don't have enough money to pay. The motion form includes information about your finances and a sworn statement that you can't afford the fee.

The court will grant your IFP motion only if it finds that:

- you have financial need, and
- your appeal is not frivolous.

If the court denies your motion, you must then pay your fees or the court will dismiss your case. (See Ninth Circuit Rule 42-1.) You can find a blank copy of the form, called "Motion and Affidavit for Permission to Proceed in Forma Pauperis (Form 4)," on our website, and the Court will mail the form to you with any order directing you to pay your fees or file a motion to waive them. In addition, be sure to follow the instructions in "How to Write and File Motions," below.

---

**If You Already Have IFP Status**

If a district court gave you permission to proceed in forma pauperis and no one has revoked that status, you don't have to file again now. (See Federal Rule of Appellate Procedure 24(a).)

---

**For Prisoners Filing Civil, Non-Habeas Appeals**

Even if the court grants your IFP motion, you will eventually have to pay your full filing fee. (See 28 U.S. Code, Section 1915(b).) If this applies to you, we will notify you that you must complete and return a form that authorizes prison officials to collect payments on a monthly basis from your prison trust account whenever funds are available.

---

 **You may face additional costs.** Even if the court gives you IFP status and waives your filing fees, you must pay any other expenses related to your appeal. These expenses may include copying, mailing, and costs you owe to your opponent if you lose your appeal. (See Federal Rule of Appellate Procedure 39.)

**Motion for Transcripts at Government Expense**

As discussed above, if you have IFP status and need to order transcripts from a district court, you may want to file a motion for transcripts at government expense. You should first file this motion

in the district court. If the district court denies your motion, you may file the same motion in the court of appeals. (See 28 U.S. Code, Section 753(f).)

You may request transcripts at government expense only for district court hearings directly related to your appeal. The court will not authorize payment for transcripts of hearings held in other courts or on other matters.

The court will grant your motion only if it finds that:

- your appeal is not frivolous, and
- the court needs your transcripts to decide an issue related to your appeal.

At the end of this guide, you'll find a generic motion form to help you get started. Be sure to follow the instructions in "How to Write and File Motions," below.

### Motion for Appointment of Counsel

You may ask the court to appoint a volunteer lawyer to represent you for free, which is called "pro bono," or at government expense in criminal and habeas cases.  Pro Bono appointments are rare in civil cases, however. You will be given a lawyer only if the court decides that a lawyer is needed to help explain the issues in the case or if there are other unusual circumstances.

To ask for a lawyer, you must file a motion for appointment of counsel, and you may use the motion for appointment of counsel form at the end of this guide. In addition, be sure to follow the instructions in "How to Write and File Motions," below.

### Motion for Injunction Pending Appeal

This motion, sometimes called a "motion for injunctive relief," asks the court to order someone to do something or to stop doing something while your case is in progress. For example, your motion might ask the court to stop the other side from collecting money from you until it decides your appeal. To prepare your motion, start with the generic motion form at the end of this guide and follow the instructions in "How to Write and File Motions," below.

## Stage Two: Preparing and Filing Briefs

During the second stage of your case, you and opposing counsel will prepare and file written arguments. These written arguments are called briefs.

**Opening brief.** It is your job to write and file the first brief in your case. In the opening brief, you will:

- state the facts of your case
- tell the court what you want it to do, and
- give the legal reasons that support your appeal.

You must file your opening brief by the deadline in the schedule the clerk sent to you. (The schedule is called a "time schedule order" or a "briefing schedule," because it tells you when your briefs are due.) In some cases, briefing may be expedited, giving you and your opponent very short deadlines. (See Ninth Circuit Rule 3-3.) **If you do not file your brief on time or request an extension, the court will dismiss your case.**

**Answering brief.** To respond to your arguments, opposing counsel may file an answering brief. The time schedule order sets the deadline for the answering brief. If opposing counsel files an answer, they must send a copy to you.

Occasionally, an appeal does not have an opponent. This may happen, for example, if the district court dismissed your case before officially notifying defendants about the proceedings. In such cases, there is no opponent unless the court orders otherwise.

**Reply brief.** You are invited to reply to opposing counsel's answering brief, but you are not required to do so.

### *How to Write Your Opening Brief*

Because you are representing yourself, you may use the informal brief form at the end of this guide. If you use the informal brief, you do not have to follow the rules that apply to regular briefs. The court will give your informal brief the same consideration as any other brief.

To prepare your brief, answer **all** the questions on the informal brief form as clearly and accurately as possible. Be sure to sign your brief on the blank line at the end.

You may include additional pages with the informal brief form, up to a total of **50 double-spaced pages**, including the form itself. If your brief is longer than 50 pages, think about whether you can make it shorter. If you need more than 50 pages to make your case, you must file a motion with your brief requesting permission for the extra pages and explaining why you need them. The court may deny permission and may require you to file a shorter brief.

---

**For Habeas Appeals**

Remember, you are allowed to bring your appeal only because a court gave you a certificate of appealability (COA) on one or more specific issues in your case. Before you write your opening brief, look closely at the court order granting your COA. It should list the specific issues on which you may appeal. You may discuss only those issues (called the "certified issues") unless you make changes to your informal brief. If you want to ask the court to consider other issues, you must do both of the following:

✓ Add a heading titled "Certified Issues" and then discuss the issues your COA covers.

✓ Add a heading titled "Uncertified Issues" and then discuss any issues your COA does not cover.

If you use these two headings, the court will read your "Uncertified Issues" section as a motion to expand the COA. For more information, read Ninth Circuit Rule 22-1(e).

---

 **Standard opening briefs must comply with additional rules.** If you choose not to use the informal brief provided by the court, and you instead draft a brief using your own format, your brief must meet all the requirements of the federal rules and it must include a certificate of compliance. (You can view the certificate of compliance on the court's website at www.ca9.uscourts.gov/forms.) If your brief does not meet all the rules, we may return it to you for correction, which will delay your case. You can find the detailed rules and requirements in Federal Rules of Appellate Procedure 28 and 32 and Ninth Circuit Rules 28-1, 28-2, 32-1, and 32-3.

### *How to Write a Reply Brief*

If opposing counsel files an answer to your opening brief, you may submit a reply brief telling the court why you think opposing counsel's arguments are incorrect. As with the opening brief, you may use the informal reply brief form at the end of this guide. If you do write a reply brief, do not simply restate the arguments in your opening brief or make new arguments. Instead use the reply brief to directly address the arguments in opposing counsel's answering brief.

You must file your reply brief within **21 days** of the date the opposing counsel serves you with its answering brief.



> ## Tips for Writing Your Briefs
>
> Keep these points in mind to write a better brief:
>
> **Avoid unnecessary words.** Don't use 20 words to say something you can say in ten.
>
> **Write clearly.** If you write by hand, make sure we can read your writing. Print using blue or black ink and don't crowd too many words into a small space.
>
> **Think things through.** Do your best to make logical arguments and back them up with legal rules.
>
> **Be respectful.** You can disagree without being disagreeable. Focus on the strengths of your case, not the character of others.
>
> **Tell the truth.** Don't misstate or exaggerate the facts or the law.
>
> **Proofread.** Before you file, carefully check for misspellings, grammatical mistakes, and other errors.

### *How to File a Brief*

You must follow these special rules for filing briefs:

- ✓ Send the original document and **six copies** of your brief to the court.

- ✓ Send **two copies** to opposing counsel unless you are proceeding in forma pauperis, in which case you may send just one copy.

- ✓ Attach a signed certificate of service to the original and to each copy for opposing counsel.

- ✓ Keep a copy for yourself.

### *If You Need More Time to File*

You may ask for one extension of up to 30 days for each brief by filing a "Streamlined Request for Extension of Time to File a Brief" (Form 13), available at the end of this guide. You must file Form 13 on or before your brief's existing due date.

If you need more than 30 days, or if the court has already given you an extension, you must submit a motion asking for more time. You must file your request at least seven days before your brief is due. The motion must meet the requirements of Ninth Circuit Rule 31-2.2(b). To file your motion, use the "Motion for Extension of Time" (Form 14) at the end of this guide.

If you followed the correct procedures to ask for more time but the court doesn't respond by the date your brief is due, act as though the court has granted your request and take the time you asked for, but not more than what you asked for.

### *What Happens After You File*

After you and opposing counsel have filed your briefs, a panel of three judges will evaluate the case. Sometimes the court decides a case before briefing is complete; if that happens, we will let you know.

Judges often decide appeals without hearing oral (in-person) arguments. To make a decision, they use the information included in the briefs and the case record. But if the court decides that oral argument would be helpful in resolving your case, we will schedule a hearing and may also appoint a lawyer to help you.

## Stage Three: The Court's Final Decision

After the judges decide your case, you will receive a memorandum disposition, opinion, or court order stating the result. (A memorandum disposition is a short, unpublished decision.) If you are happy with the outcome, congratulations.

If you didn't get the final results you wanted, you may take the case further. We explain your options below; see "If You Don't Agree With a Court Decision."



# HOW TO WRITE AND FILE MOTIONS

This section provides general guidelines for writing and filing motions, including motions discussed elsewhere in this guide. The motion you want to make may have special rules—for example, a different page limit or deadline—so be sure that you also read its description, as noted below.

## How to Write a Motion

To write a motion for the court, we ask that you:

✓ Use the correct motion form at the end of this guide.

✓ Clearly state **what** you want the court to do.

✓ Give the legal reasons **why** the court should do what you are asking.

✓ Tell the court **when** you would like it done.

✓ Don't write a motion that is more than 20 pages long unless you get permission from the court.

## How to File a Motion

To file your motion, you must follow the rules described in "Deliver Papers the Right Way," at the beginning of this guide. In particular, remember to:

✓ Send the original document to the court.

✓ Send a copy to opposing counsel.

✓ Attach a signed certificate of service to the original and to each copy.

✓ Keep a copy for yourself,

## What Happens After You File

The path of a motion depends on the details of your case, but the following steps are common.

**Opposing counsel may respond to your motion.** After you file a motion with the court, opposing counsel usually has ten days to file a response. In the response, opposing counsel will tell the court why it disagrees with the arguments in your motion.

**You may reply to opposing counsel's response.** If opposing counsel responds, you may tell the court why you think opposing counsel's view is incorrect. If you file a reply, don't just repeat the arguments in your original motion or make new arguments. Instead, directly address the arguments in opposing counsel's response. You usually have **seven days** to file a reply with the court, starting on the day opposing counsel serves you with their response. Usually, a reply may not be longer than ten pages.

**The court decides your motion.** After you and opposing counsel file all papers related to the motion, a panel of judges will decide the issue and will send you an order.

## How to Respond to a Motion from Opposing Counsel

Opposing counsel may submit its own motions to the court. For example, opposing counsel may file a motion to dismiss your case or to ask the court to review your case more quickly than usual. If opposing counsel files a motion, you are allowed to respond with your arguments against it. Your response may not be longer than 20 pages.

Usually, you must file your response with the court no more than **ten days** from the day opposing counsel delivers a copy of its motion to you. To get started, you may use the generic motion response form at the end of this guide.



### Read More About These Motions

If you are making one of the following motions, read the section noted here:

**Motion to proceed in forma pauperis** in "Filing Motions," above.

**Motion for transcripts at government expense** in "Filing Motions," above.

**Motion for appointment of counsel** in "Filing Motions," above.

**Motion for injunctive relief pending appeal** in "Filing Motions," above.

**Motion for extension of time to file a brief** in "If You Need More Time to File," above.

**Motion for reconsideration** in "If You Don't Agree With a Court Decision," below.



## Emergency Motions

An emergency motion is a motion that asks the court to act within 21 days in order to prevent "irreparable harm"—that is, serious damage that can't be fixed after it happens. If you need emergency relief, call the Motions Unit of the court at 415-355-8020 or email them at emergency@ca9.uscourts.gov. The attorney on duty will help you figure out the best way to file the motion. Please note that a request for more time to file a document with the court will *not* qualify as an emergency motion.

---

**Learn More About Motions**

This guide covers the basics of preparing, filing, and responding to motions. You can find the detailed court rules governing motions in Federal Rules of Appellate Procedure 8 and 27, and Ninth Circuit Rule 27-1.

---

# IF YOU DON'T AGREE WITH A COURT DECISION

If you think the court of appeals made an incorrect decision about important issues in your case, you can ask the court to take a second look. You may do this during your case—for example, if you disagree with the court's ruling on a motion. Or you may ask the court to review its final decision at the end of your case.

## During Your Case: Motion for Reconsideration

If you disagree with a court order or ruling during your case, you may prepare a document stating the reasons why you think the court's ruling was wrong. This document is called a "motion for reconsideration." A motion for reconsideration may not be longer than 15 pages.

A motion for reconsideration of any court order that does not end your case is due **within 14 days** of the date stamped on the court order. In addition to these rules, please follow the general guidelines in "How to Write and File Motions," above.

## After Your Case: Petitions for Rehearing

If you think the court's final decision in your case was wrong and you want to take further action, you have two options:

- File a motion for reconsideration or petition for rehearing in this court.

  - ➢ If the court decided your case in an order, then you would file a motion for reconsideration, as discussed just above. The one difference is that if your case is a civil case involving a federal official or agency as a party, you have **45 days** (instead of 14) to file the motion.

  - ➢ If the court decided your case in a memorandum disposition or opinion, then you would file a petition for rehearing, discussed below.

- File a petition for writ of certiorari with the U.S. Supreme Court.

It is most common to do these things one after the other—that is, to file a petition for rehearing or motion for reconsideration in this court and then, if that doesn't succeed, petition the Supreme Court. It is technically possible to file both petitions at the same time but that is not the typical approach. Our discussion focuses on the common path.

### *Court of Appeals: Petition for Rehearing*

To ask the court of appeals to review its final decision in your case, you must file a petition for rehearing. Before starting a petition, remember that you must have a legal reason for believing that this court's decision was incorrect; it is not enough to simply dislike the outcome. You will not be allowed to present any new facts or legal arguments in your petition for rehearing. Your document should focus on how you think the court overlooked existing arguments or misunderstood the facts of your case.

A petition for rehearing may not be longer than 15 pages. Your petition is due **within 14 days** of the date stamped on the court's opinion or memorandum disposition. (If it is a civil case with a federal party, the deadline is **45 days**.) To learn more about petitions for rehearing, read Federal Rules of Appellate Procedure 40 and 40-1.

Petitions for panel rehearing generally go to the same three judges who heard and decided your appeal. It is also possible to file a petition called a "petition for rehearing en banc." This type of petition asks 11 randomly selected judges to review your case instead of the original three judge panel. The court grants petitions for rehearing en banc only in rare, exceptional cases. If you want to find out more about petitions for rehearing en banc, see Federal Rule of Appellate Procedure 35.

### *U.S. Supreme Court: Petition for Writ of Certiorari*

If the court of appeals denies your petition for rehearing—or if it rehears your case and issues a new judgment you don't agree with—you have 90 days from that denial order or new decision to petition the U.S. Supreme Court to hear your case. You do this by asking the Supreme Court to grant a "writ of certiorari" (pronounced "sersh-oh-**ra**-ree"). You must file your petition directly with the Supreme Court. A writ of certiorari directs the appellate court to send the record of your case to the Supreme Court for review.

The Supreme Court is under no obligation to hear your case. It usually reviews only cases that have clear legal or national significance—a tiny fraction of the cases people ask it to hear each year. Learn the Supreme Court's Rules before starting a petition for writ of certiorari and file your petition with that Court, not in the court of appeals. (You can find the rules and more information about the Supreme Court at www.supremecourt.gov.)

# HOW TO GET HELP

We understand that it isn't easy to handle your own appeal. In this section, you'll find resources that may provide support if you need legal help or English-language assistance.

## Asking Questions About Court Procedures

As the beginning of this guide makes clear, court employees can't give you legal advice. However, if you have a question about court procedures or rules, the clerk's office may be able to help. Here are some examples of questions you could ask the court clerk:

- Which form should I use?

- When is my form due?

- How many copies of the form should I send to the court?

- Did the court receive the form I sent?

Begin by reviewing this guide to see if it answers your question. If you don't find the answer you need, you may call the clerk's office at (415) 355-8000 or send an email to questions@ca9.uscourts.gov.

## Finding Legal Help

If you need legal advice but can't afford a lawyer, you may want to consider the following options.

**Court appointed lawyers.** You can ask the court to appoint a volunteer lawyer to represent you for free. These appointments are rare, however. To ask for a lawyer, you must file a "motion for appointment of counsel." (See "Filing Motions," above.)

**Low-cost legal services.** Another possibility is to seek help from a legal aid organization in your area. You may want to begin with www.lawhelp.org, a searchable network of national nonprofit agencies that provide free or low-cost legal help to people in a variety of circumstances.

## If You Need English Language Assistance

All papers you file with the U.S. Court of Appeals must be in English. At this time, the court is not able to accept, translate, or process paperwork in other languages. We realize this may present a barrier to non-native speakers of English. If you need help understanding and completing your court papers in English, we recommend that you seek legal aid as described above or find someone with strong English language skills who is available and willing to support you during your case.

# HOW TO CONTACT THE COURT



**IN PERSON**

95 Seventh Street
San Francisco, CA 94103
Hours: 8:30 a.m. - 5:00 p.m.
Open Monday through Friday, except
federal holidays



**BY PHONE or EMAIL**

**questions@ca9.uscourts.gov**

(415) 355-8000



**BY MAIL**

**U.S. Postal Service**
Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

**FedEx, UPS, or Similar
Delivery Services**
Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1526



**ONLINE**

www.ca9.uscourts.gov

# APPENDIX OF COURT FORMS*

**Motion and Affidavit for Permission to Proceed in Forma Pauperis (Form 4).** Use this form to ask the court to waive your filing fees.

**CJA 23 Financial Affidavit (Form 23).** Use this form when asking for a fee waiver in criminal and habeas corpus appeals.

**Motion for Appointment of Counsel (Form 24).** Use this form to ask the court to appoint a lawyer for you.

**Streamlined Request for Extension of Time to File Brief (Form 13).** Complete and submit this form to receive one extension of up to 30 days to file your brief. For other requests or to ask for more time, use the Motion for Extension of Time (Form 14).

**Motion for Extension of Time (Form 14).** Use this form to:

- request an extension of time to file a document other than a brief
- request a first extension of time to file a brief if you need more than 30 days
- request an additional extension of time to file a brief after filing Form 13.

**Generic Motion (Form 27).** Use this form to request something from the court that is not covered by any of the other motion forms in this guide.

**Response to Motion or Court Order (Form 28).** Use this form to respond to a motion filed by the other side or a court order that directs you to respond.

**Informal Brief Forms.** Use these forms to write the opening and reply briefs in your case. If you use these forms, you are not required to comply with the technical requirements for Ninth Circuit briefs.

**Certificate of Service (Form 25).** Include a completed copy of this form with every document you send to the court and opposing counsel.

**Notice of Change of Address (Form 22).** Use this form if your mailing address changes.

**Request for Docket Sheet, Document, or Rules (Form 29).** Use this form to request a copy of the Federal Rules of Appellate Procedure, the Ninth Circuit Rules, the docket sheet, or documents for a case to which you are a party.

*For Access to All Court Forms, visit our website at www.ca9.uscourts.gov/forms